1  JASON D. RUSSELL (SBN 169219)
   jason.russell@skadden.com
2  PETER B. MORRISON (SBN 230148)
   peter.morrison@skadden.com
3  HILLARY A. HAMILTON (SBN 218233)
   hillary.hamilton@skadden.com
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5  Los Angeles, California 90071-3144
   Telephone:  (213) 687-5000
6  Facsimile:   (213) 687-5600

7  Attorneys for Specially Appearing Defendants
   Fenix International Limited and Fenix Internet LLC

9  UNITED STATES DISTRICT COURT

10  CENTRAL DISTRICT OF CALIFORNIA

11  SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**Motion 2 of 3**<br><br>**(1) SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO PROCEED IN THEIR REAL NAMES;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; and**<br><br>**(3) [PROPOSED] ORDER (separate cover).**<br><br>Judge:       Hon. Fred W. Slaughter<br>Courtroom: 10D<br>Date:         December 19, 2024<br>Time:        10:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 19, 2024 at 10 a.m., in Courtroom 10D of the Ronald Reagan Federal Building and United States Courthouse, located at 411 West 4th Street, Santa Ana, California 92701, Specially Appearing Defendants Fenix International Limited and Fenix Internet LLC (collectively, "Fenix") will, and hereby do, present for hearing by the Court, the Honorable Fred W. Slaughter presiding, this motion to compel Plaintiffs N.Z., R.M. B.L., S.M., and A.L. (collectively, "Plaintiffs") to proceed under their real names in their complaint and throughout this litigation. The grounds for this motion are that civil "action[s] must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), and a plaintiff's "complaint must name all the parties." Fed. R. Civ. P. 10(a). Only in an "unusual case, where there is a need for the cloak of anonymity" will the Ninth Circuit permit a litigant to violate these rules. *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008). Plaintiffs did not seek prior approval to proceed anonymously, and cannot satisfy their heavy burden to show that this is an "unusual case" where anonymity would be appropriate. In addition, Plaintiffs' purported privacy concerns are dramatically outweighed by the public's right to know the identity of the litigants and the prejudice to Fenix from proceeding anonymously.

This motion is made pursuant to Federal Rules of Civil Procedure 10(a) and 17(a)(1). It is based on this Notice, the Memorandum of Points and Authorities that follows, the files and records in this action, the arguments of counsel, and any other matters the Court may properly consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 18, 2024.

DATED: October 25, 2024

                               SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                               By: */s/ Jason D. Russell*
                                       JASON D. RUSSELL
                               *Attorneys for Specially Appearing Defendants*
                               Fenix International Limited and Fenix Internet LLC

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

LEGAL STANDARD ...................................................................................................4

ARGUMENT .................................................................................................................5

    I.    Plaintiffs Have No Valid Interest in Hiding Their Names .......................5

    II.   Plaintiffs' Asserted Privacy Interests Do Not Outweigh the Prejudice That Proceeding Anonymously Will Cause Fenix and the Public ...........8

CONCLUSION ............................................................................................................10

CERTIFICATE OF COMPLIANCE ...........................................................................11

# TABLE OF AUTHORITIES

**Page(s):**

## CASES

*4 Exotic Dancers v. Spearmint Rhino*,
  No. CV 08-4038-ABC-SSx,
  2009 WL 250054 (C.D. Cal. Jan. 29, 2009) ........................................................ 2, 6, 9

*Courthouse News Service v. Planet*,
  947 F.3d 581 (9th Cir. 2020) .......................................................................................... 2, 4

*De Angelis v. National Entertainment Group LLC*,
  2:17-cv-00924,
  2019 WL 1071575 (S.D. Ohio Mar. 7, 2019) ........................................................ 3, 9

*Doe v. Lake Oswego School District*,
  No. 3:15-cv-00385-ST,
  2015 WL 5023093 (D. Or. Aug. 25, 2015) ................................................................... 8

*Doe v. Loyola University Chicago*,
  100 F.4th 910 (7th Cir. 2024) ....................................................................................... 10

*Doe v. NFL Enterprises, LLC*,
  No. C 17-00496 WHA,
  2017 WL 697420 (N.D. Cal. Feb. 22, 2017) ......................................................... 4, 10

*Does I Thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058 (9th Cir. 2000) ................................................................................ passim

*Jane Roes 1-2 v. SFBSC Management, LLC*,
  77 F. Supp. 3d 990 (N.D. Cal. 2015) ............................................................................ 7

*Jessica K. ex. rel. Brianna K. v. Eureka City School District*,
  No. C 13-05854 WHA,
  2014 WL 689029 (N.D. Cal. Feb. 21, 2014) ............................................................... 8

*Liberty Media Holdings, LLC v. Swarm Sharing Hash File*,
  821 F. Supp. 2d 444 (D. Mass. 2011) ........................................................................... 6

*Malibu Media, LLC v. Doe*,
  No. 1:13-cv-00669-WTL-MJD,
  2013 WL 5321598 (S.D. Ind. Sept. 20, 2013) ............................................................ 6

*Roe v. San Jose Unified School District Board*,
   No. 20-CV-02798-LHK,
   2021 WL 292035 (N.D. Cal. Jan. 28, 2021) ...................................................... 3, 9

*Roe v. Skillz, Inc.*,
   858 F. App'x 240 (9th Cir. 2021) ................................................................. passim

*Smith v. Patel*,
   No. CV 09-04947 DDP (CWx),
   2009 WL 3046022 (C.D. Cal. Sept. 18, 2009) ....................................................... 5

*Strike 3 Holdings, LLC v. Doe*,
   No. CV 21-5178,
   2022 WL 2276352 (E.D. Pa. June 22, 2022) ..................................................... 3, 6

*United States v. Stoterau*,
   524 F.3d 988 (9th Cir. 2008) ....................................................................... passim

**RULES**

Fed. R. Civ. P. 10(a) ............................................................................... i, 2, 4, 5

Fed. R. Civ. P. 17(a)(1) ........................................................................... i, 2, 4, 5

**OTHER AUTHORITIES**

Class Action Complaint, *McFadden v. Fenix Internet, LLC*,
   No. 1:23-cv-6151, (N.D. Ill. Aug. 25, 2023), ECF No. 1 ................................... 3, 8

Ingrid Solano, Nicholas R. Eaton & K. Daniel O'Leary, *Pornography Consumption,
   Modality and Function in a Large Internet Sample*, 57 J. Sex Res. 92-103
   (Oct. 25, 2018) ...................................................................................................... 7

Daniel A. Cox, Beatrice Lee & Dana Popky, *Politics, Sex, and Sexuality: The Growing
   Gender Divide in American Life*, Survey Center on American Life
   (Apr. 27, 2022) ...................................................................................................... 7

# PRELIMINARY STATEMENT[1]

OnlyFans.com is an online subscription-based video social media, content sharing, and video sharing platform ("OnlyFans") that allows users ("Creators") to create, share, and monetize entertainment content offered to other users ("Fans"). (Compl. ¶¶8-9.) All Creators and Fans must be at least 18 years old, complete OnlyFans' onboarding requirements, and agree to adhere to OnlyFans' Terms of Service before using the platform. OnlyFans' Terms of Service and Acceptable Use Policy set out in detail what content can, and cannot, be shared by Creators on OnlyFans. An OnlyFans Creator may elect to share explicit content with Fans as long as that content is in keeping with the OnlyFans Terms of Service and Acceptable Use Policy. (*Id.* ¶10.)

Plaintiffs are five alleged Fans who purportedly used OnlyFans to purchase explicit content from Creators, including individualized chats. (*Id.* ¶¶27-36, 241-314.) In this lawsuit, Plaintiffs claim that Fenix International Ltd. (the London-based company that owns and operates OnlyFans), its subsidiary Fenix Internet LLC (collectively, "Fenix"), an unspecified number of Creators, and certain talent agencies that Creators can hire to manage their OnlyFans accounts (the "Agency Defendants"), all engaged in a nationwide conspiracy to mislead Fans into thinking that they were exchanging explicit messages directly with certain Creators, when in fact they were interacting with persons hired by the Agency Defendants. (*Id.* ¶378.)

As Fenix's accompanying motions to dismiss explain, Plaintiffs' claims suffer from numerous dispositive, threshold defects including: (1) the forum-selection clause in OnlyFans' Terms of Service ("Terms") requires Plaintiffs to bring their claims in England; (2) Fenix have no meaningful contacts with California, and thus the Court lacks personal jurisdiction over them; and (3) Plaintiffs' complaint fails to plead a plausible, legally viable claim against Fenix. Those defects should prevent Plaintiffs' claims from going forward at all, much less in this Court. But even putting those problems with Plaintiffs' claims aside,

---

[1] Unless otherwise noted, all emphasis is added, and all citations, brackets, and internal quotation marks are omitted from quoted material for ease of reading.

1

Plaintiffs' Complaint is also invalid because it does not include Plaintiffs' names, and they never obtained leave from the Court to use pseudonyms.

The public has a constitutional and common law right of access to the federal courts, which includes the right to know who is using them. *See, e.g.*, *Courthouse News Service v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020) (analyzing public's right of access); *Doe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (mem.) (noting the "presumption that parties' identities are public information," and denying a gambling addict's request to use a pseudonym). Recognizing this right, the Federal Rules of Civil Procedure require transparency from litigants who invoke the federal court system. In general, civil "action[s] must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), and a plaintiff's "complaint must name all the parties," Fed. R. Civ. P. 10(a). Only in an "unusual case, where there is a need for the cloak of anonymity" will the Ninth Circuit permit a litigant to violate these rules. *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008).

In their Complaint, Plaintiffs allege that they should be allowed to accuse Fenix of fraud and represent two classes of OnlyFans users while hiding behind pseudonyms because they are embarrassed that they used OnlyFans to view and send "images of a private, emotional, and/or sexual nature." (Compl. ¶¶25-26, 243, 256, 271, 284, 302.) For two reasons, however, Plaintiffs' mere embarrassment at having sent and received adult content on the Internet is insufficient to justify their violations of the Rules of the Civil Procedure.

*First*, Plaintiffs do not fall into any of the narrow exceptions to the Ninth Circuit's ban on pseudonyms. Plaintiffs claim that they need to conceal their names "to preserve privacy in a matter of sensitive and highly personal nature." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). But courts are clear that a plaintiff's mere embarrassment about being associated with ordinary adult erotic activities is not sufficient to justify proceeding anonymously. *See 4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, at *3 (C.D. Cal. Jan. 29, 2009). If the law were otherwise, pseudonyms

would hardly be restricted to "unusual case[s]," *Stoterau*, 524 F.3d at 1012, because millions of American adults send and view explicit images over the Internet. Were mere embarrassment about those activities enough to permit the use of pseudonyms, plaintiffs could proceed under fake names in every case involving (for example) pornography, which is not the law. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2022 WL 2276352, at *3 (E.D. Pa. June 22, 2022) ("while there may be some social stigma attached to viewing pornography, the potential embarrassment does not constitute an exceptional circumstance that would warrant allowing the movant to proceed anonymously").

Plaintiffs' embarrassment is a particularly poor justification to proceed anonymously on these facts. Plaintiffs' claims are largely copied from a putative class action based on the same core allegations in the Northern District of Illinois. *See* Class Action Complaint, *McFadden v. Fenix Internet, LLC*, No. 1:23-cv-6151, (N.D. Ill. Aug. 25, 2023), ECF No. 1. The two alleged OnlyFans users who brought that case did so in their real names. There is no good reason why these Plaintiffs cannot do so as well.

***Second***, Plaintiffs' interest in proceeding anonymously does not "outweigh[]" the "prejudice to [Fenix] and the public's interest in knowing [their] identit[ies]." *Skillz*, 858 F. App'x at 241. Fenix have already been harmed by Plaintiffs' failure to reveal their names in their Complaint, since it hampered Fenix in collecting individualized information showing that each Plaintiff agreed to OnlyFans' Terms of Service for purposes of Fenix's forum non conveniens motion. *See Roe v. San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *9 (N.D. Cal. Jan. 28, 2021) (denying permission to use pseudonym where use had already prejudiced defendant's ability to gather facts needed for motion to dismiss). That prejudice will only continue as the case goes forward, since Fenix will need to be able to use Plaintiffs' names to serve third-party discovery relevant to Plaintiffs' fraud claims. *See De Angelis v. Nat'l Ent. Grp. LLC*, 2019 WL 1071575, at *4 (S.D. Ohio Mar. 7, 2019) (denying use of pseudonyms where it would prejudice defendants by hampering their ability to obtain third-party discovery into plaintiffs' claims). The Court should not permit Plaintiffs to continue using pseudonyms to prejudice Fenix's defenses without a valid

justification.

The harm to the public's interest is just as acute. Plaintiffs seek to represent multiple classes of OnlyFans users. (Compl. ¶¶316-17.) Setting aside for a moment the numerous substantive reasons why class certification would be inappropriate for these claims, if Plaintiffs seek to represent numerous other OnlyFans users, they cannot continue to hide their names. "Not only will the public have an interest in understanding the… issues in question, but class members will also have a right to know the identity of their representative in this litigation (if the case goes that far)." *Doe v. NFL Enters., LLC*, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017). If Plaintiffs are too embarrassed about their conduct to prosecute claims in their own name, they certainly should not be permitted to act as advocates for absent putative class members.

For these reasons, and those explained below, the Court should compel Plaintiffs to prosecute this lawsuit in their own names, if it allows the case to proceed at all.

## LEGAL STANDARD

Both the First Amendment and centuries of American legal tradition give the public a presumptive right of access to court records and proceedings. *See, e.g.*, *Courthouse News Service*, 947 F.3d at 589 (collecting authorities). Recognizing this strong norm in favor of transparency, the Federal Rules of Civil Procedure provide that all "action[s] must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), and a plaintiff's "complaint must name all the parties." Fed. R. Civ. P. 10(a). These principles create "a presumption that parties' identities are public information." *Skillz*, 858 F. App'x at 241.

"[U]se of fictitious names runs afoul of the public's common law right of access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint include the names of all the parties." *Advanced Textile*, 214 F.3d at 1067. Accordingly, as "a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *Stoterau*, 524 F.3d at 1012. The Ninth Circuit permits a plaintiff to proceed under a

4

pseudonym only: "(1) when identification creates a risk of retaliatory physical or mental harm"; "(2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; or "(3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Advanced Textile*, 214 F.3d at 1068. A plaintiff seeking to violate the public's presumptive right of access bears the burden to show that his case fits into one of these three exceptions, *Stoterau*, 524 F.3d at 1013, and that his "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Skillz*, 858 F. App'x at 241.

## ARGUMENT

"A party that wishes to depart from the default requirement of full disclosure [of his name] must first seek leave to do so." *Smith v. Patel*, 2009 WL 3046022, at *2 (C.D. Cal. Sept. 18, 2009). Here, however, Plaintiffs did not bother to seek the Court's leave before filing their Complaint under their initials. Instead, they included two paragraphs in their complaint arguing that they should be allowed to proceed anonymously because they would be: (1) exposed to "social stigma" if others learned that they used OnlyFans to view and send "explicitly sexual (NSFW) content"; and (2) "hesitant to maintain this action if their names were" revealed. (Compl. ¶¶25-26.)

As explained below, Plaintiffs' justifications for proceeding anonymously are insufficient. OnlyFans has over 300 million users worldwide. Their mere embarrassment at having used OnlyFans to view and send explicit content—common behavior for adults in the Internet age—is not a valid reason to depart from the "presumption that parties' identities are public information." *Skillz*, 858 F. App'x at 241. Moreover, Plaintiffs' efforts to conceal their identities have already prejudiced Fenix and the public, and will continue to do so unless the Court compels Plaintiffs to comply with Rules 10(a) and 17(a)(1).

### I. Plaintiffs Have No Valid Interest in Hiding Their Names

Plaintiffs do not claim that they would suffer retaliation or be compelled to admit their intention to violate the law if they had to proceed under their real names. Instead,

Plaintiffs invoke the Ninth Circuit's second exception to the general ban on pseudonyms, claiming that they need to conceal their names "to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. For three reasons, however, Plaintiffs' mere embarrassment at having used OnlyFans to view and send "images of a private, emotional, and/or sexual nature" (Compl. ¶¶243, 256, 271, 284, 302) does not create the kind of privacy interest that justifies proceeding under false names.

***First***, Plaintiffs would not suffer any meaningful prejudice if their names were revealed. In general, a plaintiff's "mere embarrassment" over their sexual conduct "is not sufficient to override the strong public interest in disclosure." *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011). Courts permit plaintiffs to withhold their names only where necessary to avoid disclosing extremely intimate personal details that could expose the plaintiff to harassment or harm, like having had an abortion or the plaintiff's sexual orientation. *See 4 Exotic Dancers*, 2009 WL 250054, at *3 (collecting examples). Merely displaying or viewing explicit material—what Plaintiffs allege they did here—is "different in nature" from the kinds of privacy interests courts protect, and is thus insufficient to justify use of pseudonyms. *See, e.g.*, *id.* (exotic dancers' "privacy concerns" about revealing their explicit occupation "insufficient" to justify pseudonyms); *Liberty Media*, 821 F. Supp. 2d at 453 ("The potential embarrassment to Does 1–38 of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously."); *Strike 3 Holdings*, 2022 WL 2276352, at *3 ("while there may be some social stigma attached to viewing pornography, the potential embarrassment does not constitute an exceptional circumstance that would warrant allowing the movant to proceed anonymously"); *Malibu Media, LLC v. Doe*, 2013 WL 5321598, at *2 (S.D. Ind. Sept. 20, 2013) (same).

The cases Plaintiffs cite as justification to proceed anonymously involved much more severe threatened harms, and thus highlight the weakness of Plaintiffs' asserted privacy interests in comparison. In *Advanced Textile*, the court allowed the plaintiffs to

remain anonymous based on evidence that they would be "fired, blacklisted, [] deported," and "burdened with debts" if their names were revealed. 214 F.3d at 1071. In *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 995, 997 (N.D. Cal. 2015), the court allowed exotic dancers to remain anonymous based on evidence "that disclosing their identities would threaten them with both career and possibly physical harm." By contrast, Plaintiffs' interest in avoiding social embarrassment is nowhere near as grave as the *Advanced Textile* plaintiffs' interest in avoiding severe financial retaliation, or the *SFBSC* plaintiffs' interest in avoiding physical harm.

*Second*, Plaintiffs' embarrassment over sending and viewing intimate material is not the kind of unusual privacy concern that would justify dispensing with the Rules of Civil Procedure. To make sure that pseudonyms are reserved for "unusual case[s]," the Ninth Circuit permits them only to protect privacy interests that do not apply to every other "similarly situated" litigant. *See Stoterau*, 524 F.3d at 1013. Here, Plaintiffs do not assert that sort of unusual privacy interest. Large majorities of American adults report viewing explicit content on the Internet. *See, e.g.*, Ingrid Solano, Nicholas R. Eaton & K. Daniel O'Leary, *Pornography Consumption, Modality and Function in a Large Internet Sample*, 57 J. Sex Res. 92-103 (Oct. 25, 2018), *abstract available at* https://pubmed.ncbi.nlm.nih.gov/30358432/#full-view-affiliation-1 (survey results reporting that roughly 90% of men, and 60% of women report viewing sexually explicit material on the Internet); Daniel A. Cox, Beatrice Lee & Dana Popky, *Politics, Sex, and Sexuality: The Growing Gender Divide in American Life*, Survey Center on American Life (Apr. 27, 2022), https://www.americansurveycenter.org/research/march-2022-aps/ (reporting that roughly 60% of adults surveyed had viewed sexually explicit material on the Internet). As noted above, OnlyFans has over 300 million users worldwide. Many, surely, would prefer that activity remain undisclosed. But if that preference was enough, then any plaintiff could proceed anonymously in any case involving explicit conduct, even if that conduct is widespread among the public. Granting anonymity so freely would be "contrary to" the Ninth Circuit's "requirement that pseudonymity be limited to the unusual

7

case." *Stoterau*, 524 F.3d at 1013.

***Third***, that Plaintiffs apparently would be "hesitant to maintain this action if their names were" revealed is irrelevant. (Compl. ¶25.) Courts have repeatedly rejected these kinds of representations as too "wishy-washy and speculative" to overcome the public's presumptive right to know who is using their court system. *See, e.g.*, *Jessica K. ex. rel. Brianna K. v. Eureka City Sch. Dist.*, 2014 WL 689029, at *2 (N.D. Cal. Feb. 21, 2014) ("That plaintiffs 'may be' unwilling to proceed with this matter is insufficient. 'May be' is too wishy-washy and speculative."); *Doe v. Lake Oswego Sch. Dist.*, 2015 WL 5023093, at *4 (D. Or. Aug. 20, 2015) ("Plaintiffs' assertion that requiring them to reveal their identities "'could' deter them from litigating is not sufficiently absolute to sway this factor in their favor.").

Plaintiffs' "hesitation" to continue in their own names is particularly unpersuasive here. Before Plaintiffs filed this case, two other purported OnlyFans users—Philip McFadden and John P. DeFranza—brought an almost identical action against Fenix in the Northern District of Illinois, asserting (like this case) that OnlyFans allows Creators to mislead users about who they are communicating with when using the site's messaging function. *See* Class Action Complaint, *McFadden v. Fenix Internet, LLC*, No. 1:23-cv-6151, (N.D. Ill. Aug. 25, 2023), ECF No. 1. There is no indication that those plaintiffs were prejudiced or deterred by proceeding in their own names. If these Plaintiffs are so easily daunted, they are plainly not adequate representatives fit to litigate on behalf of the classes they wish to represent.

## II. Plaintiffs' Asserted Privacy Interests Do Not Outweigh the Prejudice That Proceeding Anonymously Will Cause Fenix and the Public

Even if Plaintiffs had a valid reason to proceed anonymously (and as explained above, they do not), they cannot show that their "need for anonymity outweighs prejudice to [Fenix] and the public's interest in knowing [their] identit[ies]." *Skillz*, 858 F. App'x at 241.

***First***, Plaintiffs' decision to file anonymously without the Court's leave has already

8

prejudiced—and will continue to prejudice—Fenix. Concurrently with this motion, Fenix have filed a motion to enforce the forum selection clause in OnlyFans' Terms of Service, which requires Plaintiffs' claims to be litigated in England. In that motion, Fenix demonstrate that Plaintiffs would have expressly acknowledged and agreed to OnlyFans' Terms of Service when they signed up for and used the site. But if Fenix knew Plaintiffs' names, they could locate their specific account records to prove that these five users repeatedly accepted and agreed to OnlyFans' Terms of Service. Alternatively, Fenix's records could show that they were never OnlyFans subscribers, which would supply not only a basis to dismiss this lawsuit, but potentially grounds to seek Rule 11 sanctions. Plaintiffs' failure to proceed in their own names thus prevented Fenix from locating potentially relevant evidence they could have submitted with a dispositive motion. *See 4 Exotic Dancers*, 2009 WL 250054, at *3 (denying use of pseudonyms where defendants explained how doing so "prejudiced" them "in mounting a defense"); *San Jose Unified*, 2021 WL 292035, at *9 (denying permission to use pseudonym where use had already prejudiced defendant's ability to gather facts needed for motion to dismiss).

That prejudice will only continue going forward. To test Plaintiffs' claims that they were unaware that some Creators were using third-party agents to manage their interactions with OnlyFans users, Fenix will likely need to contact or depose third parties to determine if Plaintiffs made statements contradicting the claims that they have asserted in this lawsuit. That will require revealing Plaintiffs' names and the fact that Plaintiffs are OnlyFans users—another reason why Plaintiffs' request to prosecute this action in secrecy is impractical and prejudicial. *See De Angelis*, 2019 WL 1071575, at *4 (denying use of pseudonyms where it would prejudice defendants by hampering their ability to obtain third party discovery into plaintiffs' claims).

***Second***, allowing Plaintiffs to proceed anonymously will prejudice the public's right of access. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Stoterau*, 524 F.3d at 1013. That is particularly true in a putative class action like this one, alleging (falsely)

9

that Fenix engaged in widespread fraud and racketeering using a popular public Internet platform. "Not only will the public have an interest in understanding the… issues in question, but class members will also have a right to know the identity of their representative in this litigation (if the case goes that far)." *NFL Enters.*, 2017 WL 697420, at *2. Plaintiffs cannot use the public's courts while hiding from the public, or effectively represent a class while hiding themselves from its members. *See id.*

## CONCLUSION

The Court should compel Plaintiffs to either proceed in their real names, or dismiss their complaint. *See, e.g.*, *Doe v. Loyola Univ. Chi.*, 100 F.4th 910, 914 (7th Cir. 2024) (reasoning that giving a plaintiff this choice is the appropriate remedy for improper use of a pseudonym).

DATED: October 25, 2024

                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                         By: */s/ Jason D. Russell*
                                               JASON D. RUSSELL
                             *Attorneys for Specially Appearing Defendants*
                             Fenix International Limited and Fenix Internet LLC

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Fenix International Limited and Fenix Internet LLC, certifies that this brief contains 3,343 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: October 25, 2024

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jason D. Russell*
     JASON D. RUSSELL
*Attorneys for Specially Appearing Defendants*
Fenix International Limited and Fenix Internet LLC