JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
HILLARY A. HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

Attorneys for Specially Appearing Defendants
Fenix International Limited and Fenix Internet LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Specially Appearing Defendants Fenix International Limited and Fenix Internet LLC (collectively, "Fenix") hereby respectfully request that the Court take judicial notice of Exhibits A to C to the concurrently-filed Declaration of Lee Taylor ("Taylor Declaration" or "Taylor Decl.") and Exhibit 1 to the concurrently-filed Supplemental Declaration of Lee Taylor ("Supplemental Taylor Declaration" or "Supp. Taylor Decl."):

Exhibit A: A true and correct copy of the OnlyFans Terms of Service in effect on July 21, 2024, downloaded from the Internet Archive's Wayback Machine at https://web.archive.org/web/20240721211044/https://onlyfans.com/terms.

Exhibit B: A true and correct copy of the OnlyFans Terms of Service as they were on March 23, 2018, downloaded from the Internet Archive's Wayback Machine at https://web.archive.org/web/20180323195358/https://onlyfans.com/terms/.

Exhibit C: A true and correct copy of a screenshot of the OnlyFans Sign-Up Page, currently available to the public at https://onlyfans.com/.

Exhibit 1: A true and correct copy of the OnlyFans Privacy Policy on August 2, 2024, downloaded from the Internet Archive's Wayback Machine at https://web.archive.org/web/20240802040839/https://onlyfans.com/privacy.

These Exhibits may be properly considered by the Court in connection with Fenix's concurrently-filed Motion to Dismiss for Forum Non Conveniens and concurrently-filed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim because each Exhibit is subject to judicial notice under Federal Rule of Evidence 201. The Court may also consider the Exhibits under the doctrine of incorporation by reference. Plaintiffs refer to and directly quote the OnlyFans Terms of Service and Sign-Up Page to support allegations in their Complaint, but omit the portions of those documents establishing that Plaintiffs agreed to the forum-selection clause in the Terms of Service mandating this action be brought "in the courts of England and Wales." (Taylor Decl. Ex. A at 13.) Plaintiffs also refer to and directly quote the Privacy Policy, but omit the portions

evidencing their consent to OnlyFans' data collection practices. The Court may thus consider these Exhibits under the doctrine of incorporation by reference as well.

DATED: October 25, 2024

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *Jason D. Russell*
JASON D. RUSSELL
*Attorneys for Specially Appearing Defendants*
Fenix International Limited and Fenix Internet LLC

# THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is not subject to reasonable dispute, in that it is either (1) "generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be question." Fed. R. Evid. 201(b).[1] "[F]acts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). When supplied with the necessary information to demonstrate accuracy, judicial notice is mandatory. *See* Fed. R. Evid. 201(c) ("The court… must take judicial notice if a party requests it and the court is supplied with the necessary information."); *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010) (same).

Exhibits A through C attached to the Taylor Declaration and Exhibit 1 to the Supplemental Taylor Declaration are the proper subject of judicial notice because the contents of each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE WEBSITE PAGES IN EXHIBITS A THROUGH C AND EXHIBIT 1

Exhibits A through C to the Taylor Declaration and Exhibit 1 to the Supplemental Taylor Declaration are captures of website pages on www.onlyfans.com, www.onlyfans.com/terms, and www.onlyfans.com/privacy as they either currently appear or as retrieved from the Internet Archive's Wayback Machine. All these website pages are the proper subject of judicial notice.

The Ninth Circuit regularly holds that it is "appropriate to take judicial notice" of information currently "displayed publicly on… web sites" when "it was made publicly available… and neither party disputes the authenticity of the web sites or the accuracy of

---

[1] Unless otherwise noted, all emphases are added, and all citations, footnotes, original alterations, and internal quotation marks are omitted from all quoted material.

the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *see also Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1164 n.11 (9th Cir. 2022) (granting request for judicial notice of "several photographs available on [defendant's] website").

Courts have regularly taken judicial notice of contracts and other documents containing forum-selection clauses when considering motions to dismiss for forum non conveniens. *See, e.g.*, *Krystal, Inc. v. China United Transp., Inc.*, No. 16-02406, 2017 WL 6940544, at *2-3 (C.D. Cal. Apr. 12, 2017) (taking judicial notice of bill of lading containing forum-selection clause); *see also Imemco Inc. v. Lumenis Inc.*, No. SA CV 14-1877, 2015 WL 4537778, at *1 n.1 (C.D. Cal. July 27, 2015) (taking judicial notice of contract containing forum-selection clause).

Courts have also repeatedly recognized that "[i]n this district, the contents of web pages available through the Wayback Machine are generally proper subjects of judicial notice as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]" *Valenzuela v. Kroger Co.*, No. CV 22-6382, 2024 WL 1336959, at *3 n.7 (C.D. Cal. Mar. 28, 2024) (granting request to take judicial notice of captures of defendant's Privacy Policy). *See also McGucken v. Triton Elec. Vehicle LLC*, No. CV 21-3624, 2022 WL 2101725, at *3 (C.D. Cal. Mar. 21, 2022) (same) (taking judicial notice of archived pages of defendant's website); *UL LLC v. Space Chariot Inc.*, 250 F.Supp.3d 596, 604 n.2 (C.D. Cal. 2017) (collecting cases).

Exhibits A through C to the Taylor Declaration are copies of the OnlyFans Terms of Service and Sign-Up Page as publicly available on certain dates at https://www.onlyfans.com/terms or as currently available at https://www.onlyfans.com. Exhibit 1 to the Supplemental Declaration is a copy of the OnlyFans Privacy Policy as publicly available at the time of the filing of the Complaint at www.onlyfans.com/privacy. They have been authenticated by Fenix's employee Lee Taylor and were archived on the Internet Archive's Wayback Machine or are current copies of publicly available websites. (*See* Taylor Decl. ¶¶14, 19, 26; Supp. Taylor Decl. ¶18.) They are thus proper subjects of

4

judicial notice.

## II. THE COURT SHOULD CONSIDER EXHIBITS A THROUGH C UNDER THE DOCTRINE OF INCORPORATION BY REFERENCE

Under the "incorporation by reference" doctrine in the Ninth Circuit, courts "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also SEC v. Tellone Mgmt. Grp., Inc.*, No. 8:21-cv-01413, 2022 WL 18582314, at *6 (C.D. Cal. Dec. 19, 2022) (Slaughter, J.) (finding incorporation by reference proper because documents were "referenced in the Complaint").

"A court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160-61 (9th Cir. 2012) (holding district court properly incorporated website disclosures by reference over plaintiff's objection, because "having based his allegations on the contents and appearance of the Important Terms & Disclosure Statement, [plaintiff] can hardly complain when [d]efendants refer to the same information in their defense"). The doctrine prevents "plaintiffs from surviving a [motion to dismiss] by deliberately omitting… documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).[2]

Courts routinely consider records of websites as incorporated by reference, particularly where the website representations are referenced in the operative complaint. *See, e.g.*, *Knievel*, 393 F.3d at 1076-77 (considering copies of "the surrounding pages on the EXPN.com website… attached to ESPN's motion to dismiss under the 'incorporation by reference' doctrine" where plaintiffs "attached to their complaint only the [web page] that they argue was defamatory, and they do not allege or describe the contents of the

---

[2] "Courts may consider facts outside of the pleadings in deciding whether to enforce a forum[-]selection clause" in a motion to dismiss on forum non conveniens grounds. *Sandler v. iStockphoto LP*, 2016 WL 871626, at *2 (C.D. Cal. Feb. 5, 2016).

surrounding pages in their complaint"); *Daniels-Hall*, 629 F.3d at 998 (considering "information posted on certain… web pages that [p]laintiffs referenced in the [c]omplaint" on motion to dismiss because "[p]laintiffs directly quoted the material posted on these web pages, thereby incorporating them into the [c]omplaint"); *Garcia v. Hanjin Int'l Corp.*, No. CV 20-11582, 2021 WL 4260408, at *2 (C.D. Cal. June 16, 2021) (considering "hotel website screenshot and the website's contents" because they were "explicitly alleged in the complaint" and were therefore incorporated by reference); *Playboy Enterprises Int'l, Inc. v. Fashion Nova, Inc.*, No. CV 20-9846, 2021 WL 3557835, at *4 (C.D. Cal. Apr. 13, 2021) (considering "advertising and marketing" from defendant's website as incorporated by reference because "[defendant's] website [was] referenced extensively in [plaintiff's] complaint").

Here, as shown in Fenix's concurrently-filed Motion to Dismiss for Forum Non Conveniens, every Plaintiff who registered for a user account on OnlyFans.com since July 2018 affirmatively agreed to the OnlyFans Terms of Service ("Terms"), and, separately, the Privacy Policy, when they signed up. And regardless of when they signed up, every Plaintiff actively re-affirmed that consent when the Terms were updated in 2021. As a result, every Plaintiff agreed to the forum-selection clause in the Terms stating "any claim which you have or which we have arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales." ("Forum-Selection Clause") (Taylor Decl. ¶¶16-36.) This Forum-Selection Clause applies to Plaintiffs' claims and is the basis for Fenix's Motion to Dismiss for Forum Non Conveniens.

This Court may consider Exhibits A and B to the Taylor Declaration—copies of the Terms as they stood during periods relevant to this lawsuit—as incorporated by reference because Plaintiffs extensively refer to the Terms in their allegations. Plaintiffs refer to the subscription policies in the Terms (Compl. ¶68), allege violations of the Terms (*id.* ¶¶120, 127 & n.47, 483), and allege the Terms omitted material facts. (*Id.* ¶149.) Indeed, Plaintiffs quote the Terms at length, alleging the Terms "require[] Fans and Creators to… protect

6

personal and confidential information," prohibit "misleading or deceptive conduct" or "anything that violates… someone else's rights," and give Fenix "powers to prevent the use of" third parties by Creators and "rectify the violations of its [T]erms." (*Id*. ¶¶151-55.) However, Plaintiffs did not attach copies of the Terms, including the Forum-Selection Clause to which they agreed.

The Court may also consider Exhibit C to the Taylor Declaration—a copy of the OnlyFans Sign-Up Page—because Plaintiffs specifically allege the contents of other items on the OnlyFans Sign-Up Page, even including a screenshot similar to Exhibit C, but do not acknowledge the language next to the "Sign Up" button stating that "By signing up, you agree to our Terms of Service and Privacy Policy." (*Id*. ¶¶95, 96, Figure 5.)

As shown in as shown in Fenix's concurrently-filed Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, Plaintiffs allege that the Privacy Policy disclosed that Fenix would process "customer data" like "comments… from your Fan account" and "chat messages between you and other users," including Creators. (*Id*. ¶¶130, 406 (quoting Privacy Policy).) Exhibit 1 to the Supplemental Taylor Declaration—a copy of the Privacy Policy—can therefore be considered as incorporated by reference. But Plaintiffs did not attach a copy of the Privacy Policy, which also disclosed that Fenix may: "[m]oderat[e]… text and content uploaded to the Website" and "content sent in chat messages"; "share personal data" with "third-party service providers," including "content and text moderation… providers"; and disclose "personal data" to "third parties for various business purposes." (Supp. Taylor Decl. Ex. 1 at 13, 15, 23.) Because Plaintiffs expressly "***consent[ed]*** to… the processing of [their] personal data as more fully detailed in [OnlyFans'] Privacy Policy," (Taylor Decl. Ex. A at 4), they cannot state a claim under the California Invasion of Privacy Act ("CIPA"). *See* Motion to Dismiss §II.D.

Because Plaintiffs "deliberately omitt[ed]" sections of the Terms and information about the OnlyFans sign-up process establishing that Plaintiffs agreed to the Forum-Selection Clause, mandating dismissal of this action for forum non conveniens, as well as the sections of the Privacy Policy disclosing OnlyFans' data collection practices, obviating

7

their CIPA claim, consideration of Exhibits A through C and Exhibit 1 under the doctrine of incorporation by reference is appropriate. *See Swartz,* 476 F.3d at 763.

## **CONCLUSION**

Exhibits A through C to the Taylor Declaration and Exhibit 1 to the Supplemental Taylor Declaration are properly the subject of judicial notice. These exhibits should also be considered as incorporated by reference for the Court's evaluation of Fenix's Motion to Dismiss for Forum Non Conveniens and Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim.

DATED: October 25, 2024

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *Jason D. Russell*
JASON D. RUSSELL
*Attorneys for Specially Appearing Defendants*
Fenix International Limited and Fenix Internet LLC

8