Allen Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
3420 Bristol Street, 6th Floor
Costa Mesa, California 92626
Tel.: 949.743.3979
Fax: 949.743.3934
asattler@constangy.com
jlee@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Filed Concurrently [Proposed] Order<br><br>Date: December 28, 2024<br>Time: 10:00 a.m.<br>Crtrm.: 10D<br><br>Assigned to Hon. Fred W. Slaughter |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 30, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, before the Honorable Fred W. Slaughter, United States District Judge of the Central District of California, Southern Division, in Courtroom 10D, Defendant Verge Agency, Inc. ("Verge") will

1

1  move for an order dismissing the Class Action Complaint (the "Complaint") against it
2  under Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

3      1.    Plaintiffs fail to state a RICO or RICO conspiracy claim because they have
4  failed to allege the existence of a racketeering enterprise, do not plead that Verge
5  engaged in any conduct in furtherance of any enterprise, or that Plaintiffs suffered
6  recoverable damages.

7      2.    Plaintiffs fail to allege facts establishing that Verge is a video tap service
8  provider under the Video Privacy Protection Act.

9      3.    Plaintiffs fail to state claims under the California Invasion of Privacy Act
10 and Electronic Communications Privacy Act because the Class Action Complaint
11 ("Complaint") lacks allegations that Verge, or any other defendant "tapped" or
12 "intercepted" any communication. Even if that did occur, Plaintiffs and all other
13 relevant individuals consented to any such interception.

14 This Motion is based upon this Notice of Motion, the Memorandum of Points
15 and Authorities filed contemporaneously, the reply papers, the pleadings on file, and
16 such other evidence and argument as the Court may receive. In accordance with Local
17 Rule 7-3, on October 18, 2024, counsel for Verge met and conferred with counsel for
18 Plaintiffs to discuss the grounds for this Motion.

19                 Respectfully submitted,

20 DATED: October 25, 2024        **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

21
22                 By: */s/ Younjin (Jennifer) Lee*
23                     Allen Sattler
                    Younjin (Jennifer) Lee
24
25                 *Counsel for Defendant Verge Agency, Inc.*
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Verge is a premiere talent agency formed in 2021 that manages creators on the social media platform known as OnlyFans. Compl. ¶¶ 229, 236-37. Plaintiffs allege that they are five individuals who wanted to experience the fantasy of having an intimate relationship with Creators by exchanging direct messages. *Id.* ¶¶ 27-36, 241-314. Although conceding that Creators (including those managed by Verge) have "subscriber bases so large" it would be "physically impossible for a single individual" to interact with Fans "on a direct personal basis[,]" Plaintiffs allege they were "duped" into thinking they were talking directly to Creators when they allegedly were instead talking to "chatters" engaged by Verge and the other defendant agencies (collectively, the "Agency Defendants") to impersonate the Creators in direct message conversations with Fans. *Id.* ¶¶ 181, 248-250. Each of Plaintiffs' claims against the Agency Defendants suffer from fatal deficiencies.

Given the number of defendants filing responsive pleadings to Plaintiffs' Class Action Complaint, this Memorandum is limited to those allegations alleged against Verge specifically—for additional context, Verge reincorporates by reference the allegations in the briefing of co-Defendants.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The determination of whether a complaint satisfies the plausibility standard is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id*. at 664. Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## III. ARGUMENTS AND AUTHORITIES

### *RICO and RICO Conspiracy*[1]

The indispensable core of a civil RICO claim is the existence of an enterprise formed by the defendants who coordinate to pursue a common purpose. RICO enterprises are "a group of persons associated together for a common purpose of engaging in a course of conduct" that violates the RICO statute. *United States v. Turkette*, 452 U.S. 576, 583 (1981). Plaintiffs must plead (1) "a common purpose," (2) "a structure or organization," and (3) "longevity necessary to accomplish the purpose." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Plaintiffs fail to allege facts showing any Agency Defendant knew any other Agency Defendant existed, that any supposed member of the enterprise shared as much as a single communication coordinating their alleged RICO activities, or that they shared a common purpose. Plaintiffs' allegations amount to nothing more than that the various defendants were acting independently of each other in pursuit of their own economic interests—activity that is not actionable under RICO. *See In re Jamster Mktg. Litig.*,

---

[1] Given the failure to plead a RICO claim against Verge, Plaintiffs' conspiracy claim under 18 U.S.C. § 1962(c) fails as a matter of law.

4

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009) (dismissing RICO claim because "[w]ithout the adjectives, the allegations allege conduct consistent with ordinary business conduct and an ordinary business purpose").

Plaintiffs generally allege that OnlyFans knew content creators could use agencies such as the Agency Defendants. Compl. ¶¶ 126, 136. But the sole factual allegation to support Plaintiffs' conclusory assertion that OnlyFans was aware of Agency Defendants is an allegation that in July 2023 one of the Agency Defendants collaborated with OnlyFans. *Id.* ¶ 6 (event with Creators, Inc.). This allegation says nothing about whether OnlyFans knew that *Verge*—or any other Agency Defendant— existed at any time. *Wimo Labs LLC v. eBay Inc.*, 2016 WL 11507382 at *4 (C.D. Cal. Jan. 28, 2016) (RICO claim failed where there were no allegations that the alleged enterprise members "were even aware of one another's existence as participants in a scheme to defraud"). Plaintiffs' Complaint is likewise silent as to the Agency Defendants—no facts are alleged that any Agency Defendant knew any other Agency Defendant existed. Without such factual allegations, Plaintiffs have failed to meet their burden to avoid dismissal. *See, e.g.*, *Shaw v. Nissan North America*, 220 F.Supp.3d 1046, 1057 (C.D. Cal. 2016) (RICO claim dismissed where plaintiff failed to allege facts supporting coordination); *Wimo Labs LLC v. eBay Inc.*, 2016 WL 11507382 at *4 (absence of allegations of coordination between alleged enterprise members meant "Plaintiff fail[ed] to allege any facts suggesting that they combined as an enterprise in furtherance of a fraudulent or unlawful purpose").

Likewise, Plaintiffs fail to allege sufficient facts showing a common purpose. Instead, Plaintiffs merely allege that OnlyFans "overlooked or permitted" or "willfully ignored" (id. ¶ 147) chatters—not that there was any action amongst the Defendants to facilitate the use of chatters. Compl. ¶¶ 98, 147. Such allegations fail to demonstrate a "common purpose" among the participants of an alleged RICO enterprise. *See, e.g.*, *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices and Products Liability*

*Litigation*, 295 F.Supp.3d 927, 983 (N.D. Cal. 2018) (merely "failing to stop illegal activity[ ] is not sufficient" to show a common purpose). Plaintiffs do not allege sufficient facts to support that Verge (or chatters it engaged) ever "falsely represent[ed] they were Creators, to convince Plaintiffs and Class Members to pay Premium Content Fees" as the Complaint broadly alleges. *Id.* ¶ 378.

Finally, Plaintiffs fail to allege plausible facts showing they suffered financial harm based on the purported scheme by the Agency Defendants and Only Fans. *See Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 785 (9th Cir.1992) (en banc). Although the Complaint alleges that Plaintiffs suffered harm based on money spent on "Premium Content Fees," by paying more than they would have spent if they knew about Verge's alleged use of chatters, and their "lost expectation" of speaking directly with Creators, the mere "lost expectation" of talking to Creators rather than a chatter is not a compensable harm under the RICO statute. Compl. ¶¶ 390-394. *See Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083, 1087 (9th Cir. 2002).

### *Video Privacy Protection Act ("VPPA")*

Plaintiffs fail to allege plausible facts establishing that Verge is a video tape provider under the VPPA, that it ever possessed any personally identifying information ("PII"), or that any disclosure it may have made outside of the ordinary course of its business. The VPPA is only applicable to a "video tape service provider." 18 U.S.C. § 2710(b). Under the VPPA, a "video tape service provider" is defined as "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

Plaintiffs' Complaint fails to state a claim against Verge under the VPPA because it lacks well-pleaded allegations establishing video content is a significant part of its business or that it even provided any audiovisual materials to Plaintiff (outside of generalized allegations). *See Hernandez v. Chewy, Inc.*, 2023 WL 9319236, at *3

(C.D. Cal. Dec. 13, 2023) ("[C]ourts in the Ninth Circuit have recognized consistently that delivering video content must be central to the defendant's business or product for the VPPA to apply"); *Martin v. Meredith Corp.*, 657 F.Supp. 3d 277, 285 (S.D.N.Y. 2023) (dismissing VPPA claim because the "handful of generalized allegations saying [defendant] shares video titles" with third parties were unsupported by "specific allegations").

### *California Invasion of Privacy Act ("CIPA") And Electronic Communications Privacy Act ("Wiretap Act")[2]*

Plaintiffs' claims fail because the Complaint lacks plausible allegations that any Defendant tapped any wire or "intercepted" any communications. Plaintiffs do not allege any facts that any Agency Defendants tapped their communications using telegraph or telephone wires—thus they fail to plead a claim under Section 631(a)'s wiretapping clause. *See Heiting v. Taro Pharms. USA, Inc.*, 2024 WL 1626114, at *7 n.8 (C.D. Cal. Apr. 2, 2024) ("[T]he first clause of Section 631(a) does not apply to internet communications."). In addition, Plaintiffs' generalized allegation that the Agency Defendants' "interception included the real-time acquisition of messages, images, and other electronic communications by chatters," is insufficient to save their claims absent any supporting facts. Compl. ¶ 437. *See Licea v. American Eagle Outfitters*, 659 F.Supp.3d 1072, 1085 (C.D. Cal. 2023) (CIPA claim dismissed where Plaintiff failed to allege sufficient facts as to how and when third party received communications beyond conclusory allegations "that messages were intercepted 'during transmission and in real time'"). Moreover, merely impersonating an individual is not a violation of the Wiretap Act or (impliedly) CIPA. *See, e.g.*, *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 144 (3d Cir. 2015) (noting that in passing the Wiretap Act, "Congress strongly intimated that one who

---

[2] Courts generally apply the same analysis for claims under CIPA and the Wiretap Act. *See Swarts v. Home Depot, Inc.*, 689 F.Supp.3d 732, 747 (N.D. Cal. 2023) ("The analysis for a violation of CIPA is the same as that under the federal Wiretap Act.").

7

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

impersonates the intended receiver of a communication may still be a party to that communication for the purposes of the federal wiretap statute and that such conduct is not proscribed by the statute"). Plaintiffs' failure to state a claim against the Agency Defendants under the wiretapping and interception clauses precludes a claim under Section 631(a)'s third clause. *See Heiting*, 2024 WL 1626114, at *7 ("[a] violation under the third clause of § 631(a) is contingent upon a finding of a violation of the first or second clause of § 631(a).").

But even if this activity were actionable, Plaintiffs cannot bring a claim for conduct which they consented. 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful . . . for a person not acting under color of law to intercept a wire, oral, or electronic communication . . . where one of the parties to the communication has given prior consent to such interception."). *See* Compl. ¶ 102 (""[w]orking in partnership with their Creators—and always with full permission and authority from those Creators, as their agents—. . . contract with chatters to conduct most, if not all, of the communications between the Creators and the Fans").

## IV. CONCLUSION

For those reasons, Plaintiff's Complaint against Verge should be dismissed.

Respectfully submitted,

DATED: October 25, 2024          **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: */s/ Younjin (Jennifer) Lee*
Allen Sattler
Younjin (Jennifer) Lee

*Counsel for Defendant Verge Agency, Inc*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Verge Agency, Inc., certifies that this brief contains 2,411 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

By: */s/ Younjin (Jennifer) Lee*
Allen Sattler
Younjin (Jennifer) Lee

*Attorneys for Defendant Verge Agency, Inc.*