BETY JAVIDZAD (SBN 240598)
bety.javidzad@dentons.com
SAMANTHA FAHR (SBN 299409)
samantha.fahr@dentons.com
POOJA L. SHAH (SBN 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213 623 9300 / Fax: 213 623 9924

MICHAEL GEHRET (SBN 247869)
mike.gehret@dentons.com
TRINITY JORDAN (*Pro Hac Vice* forthcoming)
trinity.jordan@dentons.com
JORDAN WESTGATE (*Pro Hac Vice* forthcoming)
jordan.westgate@dentons.com
DENTONS DURHAM JONES & PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111-2184
Tel: 801 415 3000

Attorneys for Defendant
ELITE CREATORS LLC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>        Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANT ELITE CREATORS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:    January 30, 2025<br>Time:    10 am<br>Judge:   Hon. Fred W. Slaughter<br>Crtrm:   10D |

1

## **TABLE OF CONTENTS**

2   I. INTRODUCTION ................................................................................................ 7

3   II. STANDARD OF REVIEW .............................................................................. 7

4   III. ARGUMENT .................................................................................................... 8

5       A.    Plaintiffs Have Failed to Plausibly Plead a Civil RICO
            Violation ...................................................................................................... 8

6
7             1.   The Complaint Does Not Allege Any Facts to
                   Establish that Creators Inc. Participated in "the
                   Conduct" of the Alleged Enterprise .......................................... 9

8
9             2.   The Complaint Fails to Allege Facts that Establish
                   the Existence of an Enterprise ................................................. 10

10      B.    Plaintiffs Have Failed to Plead a Common Purpose Among the
            Participants in the RICO Enterprise .................................................... 11

11
12      C.    The Complaint Fails to Plead that the Defendants Had Any
            Structure or Organization ...................................................................... 12

13      D.    Since the Complaint Does Not Describe Any Structure, It Is
            Impossible to Evaluate the Longevity .................................................. 14

14
15      E.    The Complaint Fails to Allege a Pattern of Racketeering
            Activity ...................................................................................................... 14

16      F.    The Complaint Fails to Attribute Any Acts to Creators Inc. with
            Particularity as Required by Rule 9 ...................................................... 15

17      G.    Creator's Inc. Did Not Violate Section 1962(D) .............................. 18

18      H.    Plaintiffs Have Failed to Plausibly Plead a Violation of the
19          Federal Video Privacy Protection Act ................................................. 19

20            1.   The Complaint Fails to Plausibly Allege that
                   Creators Inc. Is a Video Tape Service Provider ...................... 19

21
22            2.   The Complaint Fails to Plausibly Allege that
                   Creator's Inc. Disclosed Personally Identifiable
                   Information ................................................................................. 20

23
24            3.   The Complaint Fails to Plausibly Allege that
                   Creator's Inc. Unlawfully Disclosed Plaintiffs'
                   Personally Identifiable Information .......................................... 21

25      I.    Creators Inc. Did Not Violate CIPA or the Federal Wiretap Act ....... 22

26
27            1.   CIPA First Clause – Wiretapping ............................................ 23

28            2.   CIPA Second Clause – Intercepting ........................................ 24

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

128200937\V-3

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

3.    Plaintiffs Have Failed to Plausibly Plead a
Violation of the Federal Wiretap Act........................................... 26

4.    Creator's Inc. Had Consent from One Party which
Excludes Its Conduct from the Wiretap Act .............................. 27

IV. CONCLUSION ................................................................................................ 27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

128200937\V-3

1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

2

**Cases**

3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................... 7, 8

4

5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................. 7, 25

6

*Bitton v. Gencor Nutrientes, Inc.*,
    654 F.App'x 358 (9th Cir. 2016)........................................................ 14

7

8

*Blue Oak Med. Grp. v. State Comp. Ins. Fund*,
    809 F.App'x 344 (9th Cir. 2020)........................................................ 16

9

*Boyle v. United States*,
    556 U.S. 938, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009) ...................... 9, 13, 14

10

11

*Bredberg v. Middaugh*,
    No. 21-35156, 2022 WL 2662878 (9th Cir. July 11, 2022)............................. 11

12

*Coronavirus Rep. v. Apple, Inc.*,
    85 F.4th 948 (9th Cir. 2023)........................................................... 15

13

14

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
    No. 2:11-CV-07166-MRP, 2012 WL 10731957 (C.D. Cal. June 29, 2012) ..... 12

15

*Cousins v. Lockyer*,
    568 F.3d 1063 (9th Cir. 2009) .......................................................... 7

16

17

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014)..................................................... 8, 9, 11, 14

18

*Eichenberger v. ESPN, Inc.*,
    876 F.3d 979 (2017) ................................................................. 20, 21

19

20

*In re Facebook*,
    956 F.3d 589 (9th Cir. 2020).......................................................... 22, 26

21

*In re Google Assistant Priv. Litig.*,
    457 F.Supp.3d 797 (N.D. Cal. 2020)..................................................... 23

22

23

*Heiting v. Taro Pharms. USA, Inc.*,
    No. 2:23-CV-08002-SPG-E, 2023 WL 9319049 (C.D. Cal. Dec. 26, 2023)..... 23

24

*Hemi Grp., LLC v. City of New York, N.Y.*,
    559 U.S. 1 (2010) .................................................................... 8

25

26

*Hernandez v. Chewy, Inc.*,
    No. 223CV05620HDVRAO, 2023 WL 9319236 (C.D. Cal. Dec. 13, 2023).... 20

27

*India Price v. Carnival Corp.*,
    No. 23-CV-236-GPC-MSB, 2024 WL 221437 (S.D. Cal. Jan. 19, 2024)......... 26

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

- 4 -

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002)................................................................24

*Licea v. Cinmar, LLC*,
659 F.Supp.3d 1096 (C.D. Cal. 2023)..........................................23, 25

*Mollett v. Netflix, Inc.*,
795 F.3d 1062 (9th Cir. 2015)..............................................................19

*Moore v. Kayport Package Exp., Inc.*,
885 F.2d 531 (9th Cir. 1989)................................................................16

*Moss v. United States Secret Serv.*,
572 F.3d 962 (9th Cir. 2009)..................................................................8

*Nayab v. Cap. One Bank (USA), N.A.*,
942 F.3d 480 (9th Cir. 2019)..........................................................16, 17

*Odom v. Microsoft Corp.*,
486 F.3d 541 (9th Cir. 2007)................................................................14

*Pena v. GameStop, Inc.*,
670 F.Supp. 3d 1112 (S.D. Cal. 2023)................................................22

*Reves v. Ernst & Young*,
507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993).......................9

*Rodriguez v. Sony Computer Ent. Am., LLC*,
801 F.3d 1045 (9th Cir. 2015)..............................................................22

*Sterk v. Redbox Automated Retail, LLC*,
770 F.3d 618 (7th Cir. 2014)................................................................22

*Swarts v. The Home Depot, Inc.*,
No. 23-cv-0995-JST, —— F.Supp.3d ——, ——, 2023 WL
5615453 (N.D. Cal. Aug. 30, 2023)................................................23, 24

*Tatung Co., Ltd. v. Shu Tze Hsu*,
217 F.Supp.3d 1138 (C.D. Cal. 2016)....................................................9

*Tavernetti v. Superior Ct.*,
22 Cal.3d 187, 148 Cal.Rptr. 883, 583 P.2d 737 (1978)....................23

*Turner v. City & Cnty. of S.F.*,
788 F.3d 1206 (9th Cir. 2015)................................................................7

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F.Supp.3d 751 (N.D. Cal. 2023)..............................................24, 25

*Valenzuela v. Nationwide Mut. Ins. Co.*,
686 F.Supp.3d 969 (C.D. Cal. 2023)....................................................25

*Walter v. Drayson*,
538 F.3d 1244 (9th Cir. 2008)................................................................9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

128200937\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

**Statutes**

18 U.S.C. § 1343 ................................................................................................ 14

18 U.S.C. § 1961(1) ............................................................................................ 8

18 U.S.C. § 1961(4) ............................................................................................ 11

18 U.S.C. § 1962(c) ........................................................................................ 8, 18

18 U.S.C. § 1964(b) ............................................................................................ 8

18 U.S.C. §§ 2510–2523 .................................................................................... 26

18 U.S.C. § 2511(2)(d) ...................................................................................... 27

18 U.S.C. § 2710(a)(3) ...................................................................................... 20

18 U.S.C. § 2710(a)(4) ...................................................................................... 19

18 U.S.C. § 2710(b)(1) ...................................................................................... 19

18 U.S.C. § 2710(b)(2) .................................................................................. 19, 21

18 U.S.C. § 2710(c) (2013) ................................................................................ 19

Cal. Penal Code § 631(a) ........................................................................ 23, 24, 26

Electronic Communications Act .......................................................................... 26

Federal Video Privacy Protection Act ................................................................ 19

Federal Wiretap Act .................................................................................. 22, 26, 27

RICO ...................................................................... 7, 8, 9, 10, 11, 12, 14, 17

RICO Section 1962(d) ........................................................................................ 18

RICO Subsections 1962(c) and (d) ...................................................................... 8

Video Privacy Protection Act .................................................... 7, 19, 20, 21, 22

**Other Authorities**

Federal Rule of Civil Procedure 9(b) .................................................... 14, 15, 16

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 7

Federal Rules of Civil Procedure Rules 9 and 12(b)(6) .................................. 8, 17

S. REP. 100-599, 14 (1988) ................................................................................ 21

128200937\V-3

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

## I.    **INTRODUCTION**

OnlyFans is an online subscription-based social media, content-sharing, and video-sharing platform that allows creators to create, share, and monetize entertainment content offered to fans. (Compl. ¶¶8-9.) Plaintiffs are five alleged fans who purportedly used OnlyFans to purchase content from creators. Elite Creators ("Creators Inc.") is social media management agency, whose clients include creators who post content on OnlyFans. (*Id*. ¶162.) The crux of Plaintiffs' Complaint is that the creators on OnlyFans did not provide the "authentic" relationships they paid for, outsourcing their chats to third parties, such as Creators Inc., who managed the exchange of private messages and images with Plaintiffs.

Plaintiffs' claims against Creators Inc. should be dismissed in their entirety. Plaintiffs have failed to plead the elements of a RICO violation, a RICO conspiracy, or a predicate scheme to defraud necessary to sustain their RICO claims. As for Plaintiffs remaining claims, the California Invasion of Privacy Act claims and the federal wiretap claims are both fatally flawed because Plaintiffs have not alleged any credible facts that Creators Inc. intercepted messages. The Plaintiffs' own allegations under the Video Privacy Protection Act establish that exceptions to the Act apply. In short, Plaintiffs have again not alleged a viable violation of any law or basis for liability.

## II.    **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1  The court then determines whether the complaint "allows the court to draw the

2  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

3  556 U.S. at 678. However, a cause of action's elements that are "supported by mere

4  conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive

5  a motion to dismiss, the non-conclusory factual content, and reasonable inferences

6  from that content, must be plausibly suggestive of a claim entitling the plaintiff to

7  relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal

8  quotations omitted).

9  ### III.    ARGUMENT

10  The Court should dismiss the Complaint against Creators Inc. pursuant to

11  Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure.

12  ### A.    Plaintiffs Have Failed to Plausibly Plead a Civil RICO Violation

13  RICO provides a private cause of action for "[a]ny person injured in his [or

14  her] business or property by reason of a violation of section 1962." 18 U.S.C.

15  § 1964(b); *see also Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 6 (2010).

16  In the Complaint, Plaintiffs invoke Subsections 1962(c) and (d) of RICO to assert

17  claims against Creator's Inc. Complaint ¶¶ 347–95 (Count I) & 396–403 (Count II).

18  Section 1962(c) makes it "unlawful for any person employed by or associated

19  with any enterprise engaged in, or the activities of which affect, interstate or foreign

20  commerce, to conduct or participate, directly or indirectly, in the conduct of such

21  enterprise's affairs through a pattern of racketeering activity or collection of unlawful

22  debt." 18 U.S.C. § 1962(c). "[R]acketeering activity" includes a variety of predicate

23  acts, including wire fraud. 18 U.S.C. § 1961(1) (citing 18 U.S.C. § 1343).

24  To state a claim for a civil RICO violation, a plaintiff must plausibly allege

25  that the defendant participated in "(1) the conduct of (2) an enterprise that affects

26  interstate commerce (3) through a pattern (4) of racketeering activity or collection of

27  unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990,

28  997 (9th Cir. 2014). And "the conduct must be (5) the proximate cause of harm to

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

the victim." *Id*. To show the existence of an enterprise under the second element, plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose. *Boyle v. United States*, 556 U.S. 938, 946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009).

Plaintiffs have failed to state a claim for a civil RICO violation against Creator's Inc.

### 1. The Complaint Does Not Allege Any Facts to Establish that Creators Inc. Participated in "the Conduct" of the Alleged Enterprise

The first element of a RICO claims is that, "the defendant 'must have some part in directing [the] affairs' of the enterprise." *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F.Supp.3d 1138, 1152 (C.D. Cal. 2016) (quoting *United States v. Fernandez*, 388 F.3d 1199, 1228 (9th Cir. 2004). RICO liability requires that "the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993) (emphasis in original). In evaluating whether a defendant had some part in directing the affairs of the enterprise, the Ninth Circuit has considered whether that defendant (1) gave or took directions; (2) occupied a position in the "chain of command" through which the affairs of the enterprise are conducted; (3) knowingly implemented decisions of upper management; or (4) was indispensable to the achievement of the enterprise's goal. *See Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008).

Plaintiffs have not alleged any facts that Creators Inc. conducted the affairs of the Enterprise instead of merely its own affairs. For example, the Complaint alleges in Paragraphs 358-361 that each of the Agency Defendants:

- "manages the OnlyFans accounts of its Represented Creators,"

- "use chatters to post and communicate as the Represented Creator on that Creator's account,"

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

- "use deception to maximize the Premium Content Fees paid to the Creators [they manage]."

Even assuming these allegations are true, as the Court must at this stage, this describes the agencies managing only *their own affairs*, not the affairs of the Enterprise. The only allegation that connects the Agency Defendants with anyone outside their own agency is the claim that they operate their businesses "knowing that OnlyFans Defendants was monitoring the platform but would not enforce its anti-fraud policies." (Complaint at ¶ 361). However, Plaintiffs do not allege that the Agency Defendants had an agreement, assurance, or arrangement with Only Fans that it would not enforce its policies. Rather the Plaintiffs simply claim that the Agency Defendants apparently guessed Only Fans would not stop them from using chatters. This is insufficient to establish that Creators Inc. participated in the conduct of an Enterprise. Plaintiffs have not alleged, and cannot allege, that Creators Inc.: (1) gave or took directions; (2) was in a chain of command; (3) followed directions from some entity further up the chain of command in the Enterprise, or was (4) indispensable to the operation of the Enterprise.

Perhaps the clearest indication the Creators Inc. had no role beyond managing its own affairs is that the Content Fraud Enterprise had been operating for six years ("The Content Fraud Enterprise has been ongoing since approximately 2016," Complaint at ¶ 369) before Creators Inc. was created in 2022 (Complaint at ¶ 52). The Complaint does not allege a single thing about the Enterprise that changed in 2022 or any step taken by Creators Inc. to supposedly join the enterprise. Rather, Plaintiffs allege that merely by using chatters in its internal operations Creators Inc. became part of the Enterprise. The law requires more.

### 2.    The Complaint Fails to Allege Facts that Establish the Existence of an Enterprise

Plaintiffs have not alleged a RICO enterprise. The RICO statute defines "enterprise" as "any individual, partnership, corporation, association, or other legal

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Complaint alleges that the Content Fraud Enterprise is a "group of individuals associated in fact." *See* Complaint ¶¶ 348, 353. To plausibly plead an associated-in-fact enterprise, a plaintiff must allege that the enterprise has (1) "a common purpose," (2) "a structure or organization," and (3) "longevity necessary to accomplish the purpose." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing *Boyle v. United States*, 556 U.S. 938, 946 (2009)). Importantly "[t]he 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *Bredberg v. Middaugh*, No. 21-35156, 2022 WL 2662878, at *1 (9th Cir. July 11, 2022) (alteration in original) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)).

### B.    Plaintiffs Have Failed to Plead a Common Purpose Among the Participants in the RICO Enterprise

The Plaintiffs have failed to identify a purpose of the Enterprise that is common to all the participants. As an initial matter it is worth noting that the Complaint does not allege that Creators Inc. even knew that any of the other Agency Defendants existed or knew any other Agency Defendant used chatters, much less that Creators Inc. communicated with or cooperated with the other Agency Defendants. According to the Complaint, "Only Fans Defendants and Agency Defendants play different roles, but all cooperate on a common purpose: using chatters to extract Premium Content Fees from Plaintiffs and Class Members." Complaint ¶ 354. Plaintiffs have not described any cooperation among the Agency Defendants or between the Agency Defendants and Only Fans. Nor have Plaintiffs explained how other agencies' use of chatters benefits Creators Inc.

The Complaint describes the "Content Fraud Enterprise" in paragraphs 353-368. The allegations related to Only Fans are: that Only Fans advertises that consumers can direct message with creators to create genuine and authentic

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

connections (¶¶ 355-57); that Only Fans is aware of the existence of agencies (¶ 362); that Only Fans has received complaints about chatters responding on behalf of creators but does not stop creators or agencies from using chatters (¶ 364) and that the reason Only Fans does not stop creators on its platform from using chatters is because Only Fans makes money off the use of chatters. (¶¶ 365-66).

As for the Agency Defendants, among whom no distinctions are made, the Complaint alleges that they manage the Only Fans accounts of their own clients using chatters to respond to direct messages on behalf of the creators because doing so makes the creators and the agencies more money (¶¶ 358-360).

While the Complaint alleges that each of the actors has the purpose of making money for itself, and that each of the Agencies independently benefits from using chatters, that is not the same as alleging that the Agencies had any common purpose. Instead of a common purpose, the Complaint's allegations describe Creators Inc. and the other Agency Defendants engaging in bilateral business dealings with Only Fans in "competition with each other" forming a "rimless hub-and-spoke structure" rather than a RICO Enterprise. *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, No. 2:11-CV-07166-MRP, 2012 WL 10731957, at *11 (C.D. Cal. June 29, 2012) (citing In re Ins. Brokerage Antitrust Litig., 618 F.3d 300 (3d Cir.2010) ("unless a plaintiff must allege something more than the fact that individuals were all engaged in the same type of illicit conduct during the same time period the RICO statute's allowance for association-in-fact enterprises becomes an open gateway to the imposition of potentially massive costs on numerous defendants, regardless of whether there is even a hint of the collaboration necessary to trigger liability." (citation omitted)).

## C. The Complaint Fails to Plead that the Defendants Had Any Structure or Organization

The Complaint does not allege that the Content Fraud Enterprise had any structure or organization. Indeed, there is only one paragraph in the Complaint that

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

128200937\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

even alleges any of the Defendants had actual knowledge of and contact with any other Defendant.[1]

The Complaint does allege that Only Fans cannot be "ignorant of the fact that Creators hire agencies to manage their accounts," (¶ 135) and that "[e]vidence of Only Fans' actual knowledge of the Chatter Scams is bolstered by evidence that if nothing else, OnlyFans should know about the scams from monitoring its platform." (¶ 129). Even accepting that Only Fans knew or "should have known" that creators used chatters and that management agencies existed in the abstract, (¶ 146, 129-39) the Complaint does not allege any facts to establish that Only Fans knew or was aware of the existence of the specific agencies named in the Complaint or that Only Fans knew that any of the Agency Defendants used chatters.[2]

The lack of structure or organization is evident because Plaintiffs claim the Enterprise had been ongoing before any of the parties other than Only Fans even existed. The Complaint alleges that, "Content Fraud Enterprise has been ongoing since approximately 2016." None of the Agency Defendants even existed until 2020. (¶¶ 46-52). The Complaint does not describe the structure of the Enterprise prior to the existence of the Agency Defendants. Nor does the Complaint explain how any of the Agency Defendants came to be part of the Enterprise or fit into any Enterprise structure. Rather the Complaint alleges that the Agency Defendants used chatters, and from that detail alone claims they were part of an enterprise. In short, the Complaint does not describe an enterprise that is independent of the alleged pattern of racketeering activity. *Boyle v. United States*, 556 U.S. 938, 947, 129 S. Ct. 2237, 2245, 173 L. Ed. 2d 1265 (2009) ("the existence of an enterprise is an element distinct

---

[1] That is a single paragraph about a runway fashion show at which Creators Inc. promoted Only Fans merchandise (¶ 6), which has nothing to do with the supposed Content Fraud Enterprise and which Plaintiffs do not bother even claiming has anything to do with their allegations of fraud.

[2] The Complaint does allege that, "Only Fans Defendants, who claim to monitor everything that happens on the Only Fans platform, are aware of Agency Defendants and encourage the use of such agencies." (Complaint at ¶ 362). However, this conclusory allegation finds no factual support in any allegation in the Complaint.

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

from the pattern of racketeering activity and proof of one does not necessarily establish the other."). At most it describes unrelated actors that independently and without any coordination used chatters and a platform that could have but did not – again independently and without any coordination – stop the agencies from using chatters.

### D.    Since the Complaint Does Not Describe Any Structure, It Is Impossible to Evaluate the Longevity

Since the Complaint does not identify any evidence of structure, joint decision-making, coordination or cooperation, it is impossible to evaluate whether the enterprise would have had the longevity necessary for the accomplishment of the purposes had it existed. *Boyle v. United States*, 556 U.S. 938, 946, 129 S.Ct. 2237, 2244, 173 L.Ed.2d 1265 (2009).

### E.    The Complaint Fails to Allege a Pattern of Racketeering Activity

Racketeering activity,[3] the fourth element of a civil RICO claim, requires a predicate act, which in this case, is alleged to be wire fraud under 18 U.S.C. § 1343. Section 1343, in relevant part, provides,

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Fraud must also be pleaded with particularity under Federal Rule of Civil Procedure 9(b). *Blue Oak Med. Grp. v. State Comp. Ins. Fund*, 809 F.App'x 344, 345 (9th Cir. 2020) (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 553–54 (9th Cir. 2007) (*en banc*)); *see also Bitton v. Gencor Nutrientes, Inc.*, 654 F.App'x 358, 363 (9th Cir. 2016); *Eclectic Props.*, 751 F.3d at 997. Particularity requires a plaintiff to plead the

---

[3] "'Enterprise' and 'pattern of racketeering activity' are separate elements that require separate proof." *Odom v. Microsoft Corp.*, 486 F.3d 541, 549 (9th Cir. 2007).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

- 14 -

128200937\V-3

"who, what, when, where, and how of the misconduct charged." *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023).

### F.    The Complaint Fails to Attribute Any Acts to Creators Inc. with Particularity as Required by Rule 9

The Complaint does not attribute any specific fraudulent acts to Creators Inc. At its essence the Complaint's claim of wire fraud is that any content creator who uses a third party to respond to fans on the Only Fans platform is committing fraud, regardless of the content of those communications.[4] Employing "chatters" to respond to fans' direct messages is, according to the Complaint, fraud. While the Complaint does discuss that "an agency" might facilitate custom content (Complaint at ¶¶ 109-110) and that subscribers sometimes ask for their anatomy to be rated (Complaint at ¶ 111) the Complaint does not limit its claims to those communications. The Complaint also does not provide a factual basis to believe Creators Inc. engaged in that or similar conduct with regard to any Plaintiff (or anyone else for that matter). Moreover, the Complaint's general allegations, allegations made on "information and belief," and lack of specificity is insufficient to sustain its claims, which are subject to Rule 9.

The first fatal weakness in Plaintiffs' claim is that their allegations about whether the creators identified in the Complaint were even managed by Creators Inc. are made only on information and belief. Specifically, the Complaint alleges that, "*On information and belief* Creators Inc. currently manages *or at some point has managed*" seven specific content creators: Stephanie Landor, Romey Marie, Jostacy Nick, Nala the Ninja, Elseana Panzer, McKinley Richardson, and Summer Soderstrom. (Complaint at ¶ 165 (emphasis added)). Because the Complaint does not

---

[4] The Definitions of the Class and the Subclass both include anyone with whom an Agency Defendant used chatters to communicate. Complaint at ¶¶ 316, 317. Neither definition makes any distinction based on the contents of the communications. Thus, Plaintiffs' position is necessarily that any communication on behalf of a creator that was written by anyone other than the creator is fraud.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

128200937\V-3

1   contain any indication of when Creators Inc. supposedly began managing or stopped

2   managing these creators, it is impossible to say whether Creators Inc. managed any

3   of the named creators when the conduct complained of in the Complaint took place.

4       For example, the Complaint alleges that "Plaintiff S.M. subscribed to Steph

5   Landor (Creators Inc.) from 2021- 2023 to both her free page and her VIP page at

6   approximately $20.00 per month." (Complaint at ¶ 378(l)). However, the Complaint

7   also acknowledges that Creators Inc. was not created until mid-2022 (Complaint at

8   ¶ 52). Because Creators Inc. did not exist for half of the time S.M. was subscribed to

9   Steph Landor, the Complaint establishes with certainty that Creators Inc. did not

10  manage Ms. Landor for at least half of the time Plaintiff S.M. subscribed to her Only

11  Fans. Whether Creators Inc. managed Ms. Landor at any point when the supposedly

12  fraudulent practices were ongoing is not knowable from the Complaint.

13      Second, the statements on which the Plaintiffs base their claims were made on

14  behalf of specific creators. They are tied to Creators Inc. (and any of the other Agency

15  Defendants) only by the fact that Creators Inc. supposedly managed the specific

16  creator at the time the statement was made. But the Complaint's allegation that

17  Creators Inc. ever managed any of the specific creators is made only "on information

18  and belief" and the Complaint fails to state the basis for that belief. The Ninth Circuit

19  has held that, "allegations of fraud based on information and belief usually do not

20  satisfy the particularity requirements under rule 9(b)." *Moore v. Kayport Package

21  Exp., Inc*., 885 F.2d 531, 540 (9th Cir. 1989), *see also Nayab v. Cap. One Bank

22  (USA), N.A*., 942 F.3d 480, 493–94 (9th Cir. 2019) ("allegations based on information

23  and belief may suffice, so long as the allegations are accompanied by a statement of

24  facts upon which the belief is founded.") (citation and quotation omitted). Here, the

25  Complaint fails to allege the facts which form the basis for the belief that Creators

26  Inc. ever managed any of the specific creators, much less that it did so at the time of

27  the supposedly fraudulent acts in the Complaint.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

128200937\V-3

Finally, the Complaint fails to allege any specifics about any communication that purportedly forms the basis for liability to the Plaintiffs. The Complaint only alleges even a summary of the content of one communication between any Plaintiff and any content creator that was allegedly ever managed by Creators inc. (Complaint at ¶ 378(l)). That communication – which Plaintiffs did not include the date or other details of – explicitly told the Plaintiff, S.M., that the creator's "management team handles her OnlyFans account and they would be in touch with him." *Id*. This is the only communication between a Plaintiff and someone supposedly managed by Creators Inc. that is even generally described in the Complaint and it was an explicit disclosure that the creator's Only Fans account was managed by a team and not by the creator. At best this contradicts the claim that Creators Inc. was attempting to hide from subscribers that it was responding to fan messages on behalf of creators. This statement cannot be the basis for a claim that Creators Inc. was in any way engaged in fraud.

Plaintiffs fail to state the date, time, or content of any other message that they claim forms the basis for their fraud-based RICO claims against Creators Inc. Indeed, in their RICO claim Plaintiffs only identify one other Plaintiff, B.L., and one other creator, Summer Soderstrom, whom that Plaintiff subscribed to on Only Fans. The contents of the communications between Plaintiff B.L. and all creators B.L. subscribed to is alleged generally as follows:

> Plaintiff B.L. communicated via direct message with each of the accounts listed above. Those communications included direct messages that contained personal and sensitive information, including personal photos and videos of himself, and information about his personal interests, hobbies, professional occupation, sexual interests and preferences, and location.

Complaint at ¶ 273. At no place does the Complaint identify the time, date, or the specific content of any message Plaintiff B.L. sent or received. Since the Complaint fails to plead with the required specificity, it does not meet the must be dismissed under Rule 9(b) and 12(b)(6).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

### G. Creator's Inc. Did Not Violate Section 1962(d)

Plaintiffs bring Count II pursuant to Section 1962(d) of RICO, alleging that Creator's Inc. conspired to violate subsection (c). Complaint ¶ 396. Section 1962(d) proclaims that it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

Plaintiffs' description of the enterprise is merely that Only Fans could have detected the use of chatters, could have stopped the use of chatters, and knew or should have known that agencies existed, and that Creators Inc. and the other Agencies in fact used chatters. Accepting all of that as true, there is no allegation that any of the parties formed an agreement sufficient to establish a conspiracy. In fact, Plaintiffs don't bother to allege any evidence of an actual agreement and instead simply allege that the Defendants participated in a pattern of racketeering activity and that participation in that pattern is sufficient to establish the existence of an agreement sufficient to support a conspiracy claim. (Complaint at ¶ 396) ("Defendants OnlyFans Defendants and Agency Defendants, along with the Agency Defendants' co-conspirators, knowingly agreed and conspired to violate 18 U.S.C. § 1962(c) *by engaging in the pattern of racketeering activity described above*.") (emphasis added).

As noted above, every allegation related to Creators Inc. relates specifically to Creators Inc. running its own internal business. The Complaint does not allege any agreement other than in a conclusory fashion. As for the other Agency Defendants the Complaint does not even plausibly allege that any agency even knew the other agencies existed, much less that they had an agreement that encompassed the other Agency Defendants. For the same reason the Plaintiffs Complaint fails to state a claim under Section 1962(c), it fails to state a claim under subsection d.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

128200937\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

**H.    Plaintiffs Have Failed to Plausibly Plead a Violation of the Federal Video Privacy Protection Act**

Plaintiffs bring Count III pursuant to the federal Video Privacy Protection Act (the "**VPPA**"), which provides a private right of action to "aggrieved" individuals. *See* 18 U.S.C. § 2710(c) (2013). The VPPA prohibits "video tape service providers" from knowingly disclosing "personally identifiable information concerning any consumer of such provider." 18 U.S.C. § 2710(b)(1). To plead a plausible claim under the VPPA, a plaintiff must allege (1) "a defendant is 'a video tape service provider'"; (2) "the defendant disclosed 'personally identifiable information concerning any consumer' to 'any person'"; (3) "the disclosure was made knowingly"; and (4) "the disclosure was not authorized by section 2710(b)(2)." *Mollett v. Netflix, Inc*., 795 F.3d 1062, 1066 (9th Cir. 2015) (quoting 18 U.S.C. § 2710). Plaintiffs have failed to plausibly plead a claim under the VPPA for the reasons set forth below.

**1.    The Complaint Fails to Plausibly Allege that Creators Inc. Is a Video Tape Service Provider**

Creator's Inc. does not qualify as a "video tape service provider" under the VPPA. The VPPA defines a "video tape service provider" as "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials…" 18 U.S.C. § 2710(a)(4).

The Complaint does not allege a single fact that establishes that Creators Inc. is engaged in the business of rental, sale or delivery of prerecorded videos. Indeed, in the entire "Agency-Specific Facts" section of the Complaint describing Creators Inc. the sale or rental of videos is not mentioned a single time. Complaint at ¶¶ 162-169. Rather, the Complaint alleges that Creator's Inc. provides "management services" to content creators. *See* Complaint ¶ 52.

The Complaint contains allegations that make clear that all the video sales transactions were conducted exclusively through the Only Fans platform. (Complaint

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

at ¶¶ 371, 379, 410). There is not a single allegation that any sale took place other than through the Only Fans platform. The Complaint does not allege that Creators Inc. had anything to do with delivering audiovisual materials on the Only Fans platform. "[C]ourts in the Ninth Circuit have recognized consistently that delivering video content must be central to the defendant's business or product for the VPPA to apply." *Hernandez v. Chewy, Inc.*, No. 223CV05620HDVRAO, 2023 WL 9319236, at *3 (C.D. Cal. Dec. 13, 2023). Since delivering video forms no part of Creators Inc.'s business, it is not a video tape service provider.

### 2.    The Complaint Fails to Plausibly Allege that Creator's Inc. Disclosed Personally Identifiable Information

The information the Complaint alleges was shared with chatters is not actionable personal identifying information under the VPPA. "Personally identifiable information" includes "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). To constitute personally identifiable information, the Ninth Circuit has held that the information must "readily permit an ordinary person to identify a specific individual's video-watching behavior." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (2017) (citation omitted).

The Complaint does not include any factual allegations that Creators Inc. shared any information that would identify the individual's video-watching behavior with anyone. In the section of the Complaint titled "Anatomy of the Chatter Scams" the Complaint alleges that at times subscribers or fans send requests for a specific custom video and that at other times they send in pictures of their own sexual anatomy and ask creators to respond to those pictures. (Complaint at ¶¶ 109-11). Even assuming this section of the Complaint described Creators Inc.'s conduct – and Plaintiffs do not provide a factual basis to conclude that it does – none of these communications would allow the chatters with whom these messages were allegedly shared to identify the fan's video watching behavior.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

128200937\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

The Complaint does contain one conclusory allegation of information sharing: "the Chatter Scams only function effectively through the nonconsensual disclosure of Fan PII: by creating a communication history viewable by chatters so that they can convincingly impersonate a specific Creator." (Complaint at ¶ 408). However, this paragraph lacks any factual allegations to support it, and even it falls short of alleging a violation. The Complaint does not allege that the shared communication history contains information from which a chatter could "identify a specific individual's video-watching behavior." *Eichenberger*, 876 F.3d at 985 (citation omitted). Simply put, the Complaint has failed to allege that whatever information was shared constitutes a violation under the VPPA.

### 3. The Complaint Fails to Plausibly Allege that Creator's Inc. Unlawfully Disclosed Plaintiffs' Personally Identifiable Information

Even if the Complaint had alleged facts to establish that Creator Inc. is a video tape service provider and that the information shared with chatters was actionable Personal Identifying Information, Plaintiffs have still not alleged an actionable violation of the VPPA because the alleged disclosure of Plaintiffs' personally identifiable information to "chatters" was done pursuant to at least one of the VPPA's six exceptions. See 18 U.S.C. § 2710(b)(2) (outlining the exceptions); *see also id*. § 2710(c)(4) ("No liability shall result from lawful disclosure permitted by this section."). Relevant here, "[a] video tape service provider may disclose personally identifiable information concerning any consumer… to any person if the disclosure is incident to the ordinary course of business of the video tape service provider." *Id*. § 2710(b)(2)(E). The term "ordinary course of business" includes "debt collection activities, order fulfillment, request processing, and the transfer of ownership." *Id*. § 2710(a)(2). The legislative history of the VPPA explains that video tape service providers may use "mailing houses, warehouses, computer services, and similar companies for marketing to their customers" to assist with "order fulfillment" and "request processing." S. REP. 100-599, 14 (1988).

- 21 -

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

According to the Complaint, the Defendant Agencies used chatters for the specific purpose of marketing additional video content to Only Fans subscribers and making more money. (Complaint at ¶¶ 353-361). Because of the allegations in the Complaint, there can be no question that chatters were agents of the Agencies, who were agents of creators, who were seeking to market content sold by Only Fans. (*see*, *e.g.*, Complaint at ¶ 102. "Working in partnership with their Creators-and always with full permission and authority from those Creators, as their agents-agencies contract with chatters to conduct most, if not all, of the communications between the Creators and the Fans"). As such, if Creators Inc. were a video tape service provider, disclosure to chatters falls within the scope of disclosures authorized by the VPPA. *See*, *e.g*., *Rodriguez v. Sony Computer Ent. Am., LLC*, 801 F.3d 1045, 1054 (9th Cir. 2015) (disclosure is authorized under the VPPA); *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 625–26 (7th Cir. 2014) (intra-corporate disclosures and disclosures to third parties providing service in support of business operations falls within the "order fulfillment" or "request processing" exemptions).

## I.    Creators Inc. Did Not Violate CIPA or the Federal Wiretap Act

Plaintiffs' Fourth and Fifth causes of action, while arising under separate statutes, are sufficiently related that Courts apply the same analysis to each claim. Specifically, in their Fourth Cause of Action Plaintiffs allege violations of the California Invasion of Privacy Act ("**CIPA**"). In the Fifth Cause of Action, Plaintiffs allege violations of the Federal Wiretap Act. "The analysis for a violation of CIPA is the same as that under the federal Wiretap Act." *Pena v. GameStop, Inc*., 670 F.Supp. 3d 1112, 1117 (S.D. Cal. 2023) (quoting *Brodsky v. Apple Inc*., 445 F.Supp.3d 110, 127 (N.D. Cal. 2020)).

"The Wiretap Act prohibits the unauthorized 'interception' of an 'electronic communication,'" as well as the intentional disclosure or use of such intercepted communications. *In re Facebook*, 956 F.3d 589, 606–07 (9th Cir. 2020) (quoting 18 U.S.C. §§ 2511(1)(a)–(e)). Likewise, CIPA makes the following three acts illegal:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

"(i) 'intentional wiretapping,' (ii) 'willfully attempting to learn the contents or meaning of a communication in transit over a wire,' and (iii) 'attempting to use or communicate information obtained as a result of engaging in either of the two previous activities.'" *In re Google Assistant Priv. Litig.*, 457 F.Supp.3d 797, 825 (N.D. Cal. 2020).

Plaintiffs have failed to identify which of the clauses of Section 631 they allege Defendant Creators Inc. violated. California courts interpret section 631(a) as several different clauses covering "three distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct*., 22 Cal.3d 187, 192, 148 Cal.Rptr. 883, 583 P.2d 737 (1978). Cal. Penal Code § 631(a).

### 1.    CIPA First Clause – Wiretapping

The first clause of CIPA creates a violation if a person "by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps or makes any unauthorized connection with any telegraph or telephone wire, line, cable, or instrument…" *Swarts v. The Home Depot, Inc.*, No. 23-cv-0995-JST, —— F.Supp.3d ——, ——, 2023 WL 5615453, at *5 (N.D. Cal. Aug. 30, 2023) (quoting Cal. Penal Code § 631(a)). Because the first clause is the only clause in section 631(a) to expressly reference unauthorized connections "with any telegraph or telephone wire," courts have repeatedly found that this clause applies only to eavesdropping on "telegraph and telephone" wires, lines, cables, or instruments, and not to any eavesdropping that is alleged to have occurred as to communications over the internet. *See*, *e.g.*, *Licea v. Cinmar, LLC*, 659 F.Supp.3d 1096, 1104–1105 (C.D. Cal. 2023) (finding clause one applies only to communications over telephones and not through the internet); *In re Google Assist. Priv. Litig.*, 457 F.Supp.3d 797, 825–26 (N.D. Cal. 2020) (finding the first clause "expressly requires that the unauthorized connection be made with any telegraph or telephone wire, line, cable, or instrument") (internal citation omitted); *Heiting v. Taro Pharms. USA, Inc.*, No. 2:23-CV-08002-SPG-E, 2023 WL 9319049, at *2 (C.D. Cal. Dec. 26, 2023). Here the Plaintiffs do

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

not allege that any of the relevant communications took place by telegraph or telephone, so there can be no violation of the first clause of CIPA.

### 2.    CIPA Second Clause – Intercepting

CIPA's second clause creates a violation where a person "willfully and without consent of all parties to the communication, or in any unauthorized manner reads or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit." *Swarts v. The Home Depot, Inc*., No. 23-cv-0995-JST, —— F.Supp.3d ——, ——, 2023 WL 5615453, at *5 (N.D. Cal. Aug. 30, 2023) (quoting Cal. Penal Code § 631(a)). The second clause of section 631(a) does not contain the same limiting language and therefore may apply to communications made over the internet. However, to be liable, the eavesdropper must listen to a communication "while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state." *Valenzuela v. Keurig Green Mountain, Inc*., 674 F.Supp.3d 751, 758–59 (N.D. Cal. 2023)(quoting Cal. Penal Code § 631(a). "'While' implies the interception must occur contemporaneous with the sending or receipt of the message." *Valenzuela v. Keurig Green Mountain, Inc*., 674 F.Supp.3d 751, 759 (N.D. Cal. 2023). The Plaintiff cannot avoid the simultaneity requirement merely because Plaintiff sends or receives a message in California. *Id*. To demonstrate interception, Plaintiffs must allege that their communications were "acquired during transmission, not while [they were] in electronic storage." *Konop v. Hawaiian Airlines, Inc*., 302 F.3d 868, 878 (9th Cir. 2002).

Plaintiffs allege that Creator's Inc. "engaged in unauthorized interception… by monitoring and capturing Plaintiffs' communications *on the OnlyFans platform*." Complaint ¶ 437 (emphasis added); *see also* ¶ 168(e) (alleging that Creators Inc. contracted with its content creators clients to "respond to direct messages *on the OnlyFans platform*" (emphasis added)). Because the electronic communications

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

were being electronically stored on the OnlyFans' platform, they where no longer in transit.

It is Plaintiffs' obligation to make allegations that raise their "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plaintiffs' obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (cleaned up). Here the Complaint provides no description of how any Defendant, much less Creators Inc., could have intercepted the messages while they were in transit. The complaint claims that the Agency Defendants intercepted messages using "the computer code and programs Only Fans Defendants used", "the programs the Agency Defendants used," the Plaintiffs' own "browsers and mobile applications" and "computing and mobile devices." Complaint ¶ 426. This laundry list does nothing to explain how Creators Inc. could or did intercept messages while they were in transit. The complaint does not contain "detail on how [real-time interception] occurs." *Valenzuela v. Nationwide Mut. Ins. Co*., 686 F.Supp.3d 969, 978 (C.D. Cal. 2023) ("Valenzuela did not simply recite that there was real time interception, she added detail on how it occurs (through the code Nationwide paid Akamai to embed) and pointed to statements from Akamai regarding 'real-time insights' and data from every use event collected as it happens.") (Cleaned Up). "The allegations here do not explain—even at a high level—how such [interception] might plausibly work." *Valenzuela v. Keurig Green Mountain, Inc*., 674 F.Supp.3d 751, 758 (N.D. Cal. 2023); *see also*, *Licea v. Cinmar, LLC*, No. CV 22-6454-MWF (JEM), 659 F.Supp.3d 1096, 1109 (C.D. Cal. Mar. 7, 2023) (Plaintiffs' allegations that "the third party… secretly intercept[s] in real time, eavesdrop[s] upon, and store[s] transcripts" is conclusory and does not allege specific facts as to how or when the interception takes place).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

128200937\V-3

While the Complaint does contain one conclusory allegation that the supposed "interception included the real-time acquisition of messages, images, and other electronic communications by chatters," (Complaint at ¶ 427) that allegation is not plausible because it is not supported by any non-conclusory allegations, nor does it explain any mechanism by which Creators Inc. could have intercepted messages.

The Complaint repeatedly alleges that all activity took place on Only Fans platform and that Only Fans could monitor the activity of the agencies because the Agency Defendants and their employees and agents must log in to Only Fans' website to view the messages, (Complaint at ¶ 129) Plaintiffs cannot now plausibly claim, as they must to sustain their claims in Count IV, that the Agency Defendants somehow circumvented the Only Fans logins and intercepted messages while they were in transit. More to the point, Plaintiffs do not allege that.

Plaintiffs have also failed to state a claim that Creator's Inc. violated the third clause of CIPA. The third clause of Section 631 prohibits using, or attempting to use, information gained in violation of the first or second clause "in any manner, or for any purpose." Cal. Penal Code § 631(a). Having failed to identify any violation of the first or second clause, there can be no violation of the third clause, either.

### 3. Plaintiffs Have Failed to Plausibly Plead a Violation of the Federal Wiretap Act

Plaintiffs bring Count V pursuant to the Electronic Communications Act (the "Wiretap Act"). *See* 18 U.S.C. §§ 2510–2523. "The Wiretap Act prohibits the unauthorized 'interception' of an 'electronic communication,'" subject to several exemptions. *In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 606 (9th Cir. 2020) (quoting 18 U.S.C. § 2511(a)-(e)). To plead a claim under the Wiretap Act, Plaintiffs must demonstrate that Creator's Inc. "(1) without consent (2) intentionally intercepted the (3) contents of a communication (4) using a device." *India Price v. Carnival Corp*., No. 23-CV-236-GPC-MSB, 2024 WL 221437, at *2 (S.D. Cal. Jan. 19, 2024) (citing 18 U.S.C. § 2511).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

For the same reasons identified in Count IV above, the Plaintiffs have failed to plead facts sufficient to constitute an interception under the federal wiretap law and their claim fails. However, even if they could allege an interception, other exceptions apply.

### 4.    Creator's Inc. Had Consent from One Party which Excludes Its Conduct from the Wiretap Act

Relevant here, the Wiretap Act states:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication *where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception* unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d) (emphasis added). Even if there was an interception, the Complaint specifically alleges that the Agency Defendants were acting as agents of the content creators and that the contracts between Creators Inc. and its creators specifically contemplated using the creators passwords to assist in responding to direct messages. (Complaint at ¶ 102.) Thus, one of the parties to the communication – its client – consented to Creators Inc. reading the messages.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss all claims asserted by the Plaintiffs against Creators Inc. in the Complaint.

Dated: October 25, 2024

Respectfully submitted,

DENTONS US LLP

By: */s/ Michael Gehret*
        Michael Gehret
        Bety Javidzad
        Trinity Jordan
        Jordan Westgate
        Samantha Fahr
        Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

128200937\V-3

1

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Elite Creators, LLC, certifies that this brief contains 6,933 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 25, 2024

Respectfully submitted,

DENTONS US LLP

By: */s/ Michael Gehret*
_____
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

128200937\V-3