Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile:  (213) 330-7152
Email:  christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard Aragon (*pro hac* vice)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile:  (602) 840-3012
Email:  rob@hbsslaw.com
        leonarda@hbsslaw.com
        michellak@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>**PLAINTIFFS' (1) EX PARTE APPLICATION TO VACATE CURRENT BRIEFING SCHEDULE ON FENIX DEFENDANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS ("FNC MOTION"); (2) MOTION FOR LEAVE TO SERVE LIMITED DISCOVERY IN SUPPORT OF RESPONSE TO FNC MOTION ("DISCOVERY MOTION"); AND (3) REQUEST TO EXPEDITE BRIEFING ON PLAINTIFFS' DISCOVERY MOTION**<br><br>Hon. Fred W. Slaughter |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 3

I.    INTRODUCTION ..................................................................................... 3

II.   FACTS ...................................................................................................... 4

    A.    Procedural Background ................................................................. 4

    B.    Fenix Defendants' FNC Motion and Supporting
           Declarations ................................................................................... 5

    C.    Plaintiffs' Request for Limited Discovery ................................... 7

III.  ARGUMENT ......................................................................................... 10

    A.    Plaintiffs are entitled to limited discovery in order to
           adequately respond to the factual assertions contained in
           the White and Taylor Declarations, and will be actually
           and substantially prejudiced without such discovery. ................ 11

         1.    The enforceability of the FSC is a threshold question
             which must be decided *prior* to deciding whether to
             weigh the private interest factors in the FNC analysis. ........... 12

         2.    The White Declaration goes directly to the question of
             the FSC's enforceability, and at the very least Plaintiffs
             are entitled to depose Mr. White. ............................................. 12

         3.    In the event the FSC is found to be unenforceable, the
             discovery Plaintiffs seek will be relevant to the private
             interest factors ......................................................................... 14

    B.    There is good cause to modify the schedule. ............................. 15

    C.    Fenix Defendants will not be prejudiced. .................................. 16

IV.   CONCLUSION ...................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carijano v. Occidental Petroleum Corp.*,
  643 F.3d 1216, 1229 (9th Cir. 2011) ............................................................... 15

*Cheng v. Boeing Co.*,
  708 F.2d 1406 (9th Cir. 1983) ......................................................................... 10

*Depuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*,
  28 F.4th 956 (9th Cir. 2022) ........................................................................... 14

*Depuy Synthes Sales, Inc. v. Stryker Corp.*,
  No. ED CV 18-1557 FMO, 2019 U.S. Dist. LEXIS 67403 (C.D.
  Cal. Feb. 5, 2019) ........................................................................................... 13

*Depuy Synthes Sales, Inc. v. Stryker Corp.*,
  No. ED CV 18-1557 FMO, 2020 U.S. Dist. LEXIS 199271 (C.D.
  Cal. Sep. 29, 2020) ......................................................................................... 12

*Devore v. H&R Block Tax Servs., LLC*,
  No. CV 16-946 DSF, 2016 U.S. Dist. LEXIS 197718 (C.D. Cal.
  Mar. 10, 2016) ................................................................................................ 12

*Escobar v. Nat'l Maint. Contrs., LLC*,
  2022 U.S. App. LEXIS 35276 (9th Cir. 2022) ................................................ 14

*Friedman v. Glob. Payments, Inc.*,
  No. CV 18-3038 FMO, 2019 U.S. Dist. LEXIS 67414 (C.D. Cal.
  Feb. 5, 2019) ................................................................................................... 13

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma,*
  *S.A.*, 972 F.3d 1101 (9th Cir. 2020) ................................................................. 3

*Gould v. Motel 6, Inc.*,
  No. CV 09-8157 CAS, 2011 U.S. Dist. LEXIS 25293 (C.D. Cal.
  Feb. 22, 2011) ................................................................................................. 15

*Kooiman v. Siwell, Inc.*,
  No. 8:20-cv-00565-JLS-DFM, 2021 U.S. Dist. LEXIS 59098 (C.D.
  Cal. Jan. 4, 2021) ............................................................................................ 12

-ii-

*Laub v. United States DOI*,
  342 F.3d 1080 (9th Cir. 2003) ............................................................... 11

*Lueck v. Sundstrand Corp.*,
  236 F.3d 1137 (9th Cir. 2001) ............................................................... 15

*Macedonia Distrib. v. S-L Distrib. Co., LLC*,
  No. SACV 17-1692 ............................................................................... 13

*McFadden v. Fenix Internet and Fenix Int'l Ltd.*,
  No. 1:22-cv-00125 (N.D. Ill. filed August 25, 2023) ......................... 7, 8, 11, 16

*Muto v. Fenix Int'l Ltd.*,
  No. 5:22-cv-02164-SSS-DTBx, 2024 U.S. Dist. LEXIS 83275
  (C.D. Cal. May 2, 2024) ................................................................... 13, 14

*Union Asset Mgmt. Holding AG v. SanDisk LLC*,
  227 F. Supp. 3d 1098 (N.D. Cal. 2017) .......................................... 10, 13

*Weber v. Saladworks, LLC*,
  No. SA CV 13-01049-MWF, 2014 U.S. Dist. LEXIS 195654 (C.D.
  Cal. Jan. 27, 2014) ............................................................................... 13

**Other Authorities**

Fed. R. Civ. P. 16(b)(4) ........................................................................ 15

Fed. R. Civ. P. 12 ................................................................................. 3, 5

Fed. R. Civ. P. 16(b) ............................................................................ 15

Local Rule 7-19 ...................................................................................... 1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs N.Z., R.M., B.L., S.M., and A.L. ("Plaintiffs") hereby request *ex parte* relief, pursuant to Local Rule 7-19, to:

1.    VACATE the currently pending briefing deadlines:

    a. Plaintiffs' Response to Motion to Dismiss for Forum Non Conveniens filed by Defendants Fenix International Limited and Fenix Internet LLC ("Fenix Defendants") Dkt. 60 ("FNC Motion") (**set for November 22, 2024**);

    b. Plaintiffs' Response to Fenix Defendants' Request for Judicial Notice, Dkt. 63 ("RFJN") (**set for November 22, 2024**);

    c. Fenix Defendants' Reply in Support of FNC Motion (**set for December 20, 2024**);

    d. Fenix Defendants' Reply in Support of RFJN (**set for December 20, 2024**); and

2.    SET AN EXPEDITED BRIEFING SCHEDULE for Plaintiffs' Discovery Motion, requiring that:

    a. Fenix Defendants file any oppositions to Plaintiffs' Discovery Motion by no later than Monday, December 2, 2024; and

    b. Plaintiffs file a reply, if any, by no later than Wednesday, December 4, 2024.

3.    OR, in the alternative, if the Court declines to vacate the deadlines identified above, EXTEND THE DEADLINE for Plaintiffs to file their Response to the FNC Motion to Monday, December 2, 2024.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, and Declaration of Robert Carey.

In accordance with Local Rule 7-19.1, Plaintiffs contacted counsel for Fenix Defendants, Jason Russell ("Defense Counsel") via email and telephone multiple times between November 7, 2024 and November 20, 2024, to meet and confer and to provide notice of Plaintiffs' intent to seek *ex parte* relief.

Defense Counsel's contact information is as follows:

1          Jason D. Russell
           Skadden, Arps, Slate, Meagher & Flom LLP
2          300 South Grand Avenue, Suite 3400
3          Los Angeles, CA 90071-3144
           Telephone: 213) 687-5000
4          Email: jason.russell@skadden.com
5

6       A copy of this Notice and accompanying attachments have been sent to

7   Defense Counsel via email.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Parties agreed to defer the deadline for all Defendants to file most Rule 12 motions to dismiss in order to allow the Fenix Defendants to file a motion to dismiss for forum non conveniens. Along with the agreed FNC Motion, however, Defendants also filed a Request for Judicial Notice ("RFJN") and two declarations: one from the Fenix Defendants' Chief Financial Officer, and another from an expert on English law ("Declarations").

In their FNC Motion, Defendants assert that dismissal for forum non conveniens is required because of a forum selection clause ("FSC") found in OnlyFans' Terms of Service. Defendants rely on the Declarations, which contain a number of factual assertions that are relevant to the forum non conveniens analysis—including 25 pages of expert opinion on the applicability and scope of English law to Plaintiffs' claims. Yet despite having voluntarily offered the Declarations and their accompanying exhibits in support of their Motion, Defendants rejected Plaintiffs' request that they be allowed to conduct limited discovery in support of their opposition to the Motion.

Plaintiffs require this limited discovery in order to test the accuracy and completeness of the factual assertions made by Defendants' declarants; to present contrary evidence; and to develop a complete record on an issue that might effectively put an end to their case. Defendants, however, asserted they "do not believe [Plaintiffs] need, or are entitled to conduct, discovery to oppose [the] FNC Motion." But Defendants' "belief" is irrelevant—especially in light of the fact that they chose to support their FNC Motion with voluminous factual declarations and exhibits.

Neither Plaintiffs nor the Court are required to credit the Fenix Defendants' assertions of fact—especially in light of the fact that Defendants bear the burden of showing dismissal is appropriate. *See Glob. Commodities Trading Grp., Inc. v.*

*Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1110-12 (9th Cir. 2020) ("defendant bears the burden" of demonstrating the applicability of the forum non conveniens doctrine, which is "an exceptional tool to be employed sparingly," requiring a defendant to make "a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience.") (quoting *Ranza v. Nike, Inc*., 793 F.3d 1059, 1076 (9th Cir. 2015); *Ravelo Monegro v. Rosa*, 211 F.3d 509 (9th Cir. 2000)).[1]

Although Plaintiffs initially reached out to Defendants to discuss their need for additional discovery on November 7th, Defendants did not formally reject Plaintiffs' proposal until November 19th. Plaintiffs file this *ex parte* motion for good cause, requesting that the Court allow them to conduct limited discovery in order to prevent Defendants from presenting the Court with a one-sided interpretation of the facts relevant to the Court's consideration of the FNC Motion.

## II.    FACTS

### A.    Procedural Background

Plaintiffs filed their Class Action Complaint against Defendants Fenix International Limited ("FIL"), the owner and operator of the OnlyFans website; its U.S. subsidiary Fenix Internet LLC ("Fenix Internet") (together, "Fenix Defendants"); and nine agencies engaged in representing creators on the OnlyFans website ("Agency Defendants"). Dkt. 1 ("Compl."). The Complaint alleges that Defendants are collectively engaged in widespread fraud and privacy violations against OnlyFans users, primarily through the use of professional "chatters" to fool users into believing that OnlyFans is fulfilling its promise of "authentic" and "direct" connection with the creators they follow on the site. The Complaint alleges that each of the Agency Defendants is domiciled, registered, or has a principal place of business in California, Compl. ¶ 44–52; that a substantial part of the events

---

[1]    All internal citations and marks omitted unless otherwise noted.

giving rise to Plaintiff's claims occurred in California, *id*. ¶¶ 22-23; that Defendants violated California statutory and common law; and that a substantial number of OnlyFans users (both Fans and Creators) are located in California, *id*. ¶ 41.

The parties have agreed to a number of modifications to the standard case deadlines since the inception of the case, and most recently, the Court's October 28, 2024 Order set a briefing schedule for Defendants' dispositive motions according to the parties' stipulation, Dkt. 68 ("Scheduling Order"), providing for the following deadlines:

1. October 25, 2024 – Fenix Defendants to file their motion to dismiss for forum non conveniens ("FNC Motion"), along with their motion to compel Plaintiffs to proceed without pseudonyms (together, "Stipulated Motions");

2. November 22, 2024 – Plaintiffs to file their opposition to the Stipulated Motions ("Response Deadline");

3. December 20, 2024 – Fenix Defendants to file their replies in support of the Stipulated Motions.

Dkt. 68 ¶¶ 1–4.

In addition, the Scheduling Order deferred the deadline for certain Defendants (including Fenix Defendants) to file Rule 12 motions or otherwise respond to the Complaint until after the Court's decision on the Stipulated Motions. *Id*. ¶ 5.

**B.  Fenix Defendants' FNC Motion and Supporting Declarations**

On October 25, 2024, in addition to the Stipulated Motions, Fenix Defendants filed a RFJN, Dkt. 63, and two declarations: one from Lee Taylor—the CFO (and a director) of OnlyFans, Dkt. 60-1 ("Taylor Decl.")—and another from Antony White KC—an expert in the law of the UK, where Defendant FIL is located. Dkt. 60-2 ("White Decl.").[2]

---

[2]  Together, the FNC Motion, the RFJN, and the Declarations will be referred to as the "FNC Briefing."

PLTFS' EX PARTE APPLICATION TO VACATE DEADLINES AND FOR DISCOVERY
011194-11/2686242 V1                                                    Case No: 8:24-cv-01655-FWS-SSC

The Taylor Declaration is seven pages long and purports to establish a number of facts relied on by the Fenix Defendants in their FNC Motion, including the specific process by which users sign up for OnlyFans accounts; the specific form of the forum-selection clause that forms the basis of the FNC Motion; and the fact that both the signup process and the FSC have been the same (or "substantially similar" both in form and content) during the time periods relevant to the Complaint, *see* Mot. at 3-6. Fenix Defendants also rely on the Taylor Declaration for the fact that "Defendant Fenix Internet LLC . . . does *not* own or operate the Website," but only "provides payment-processing assistance to FIL in the U.S." Mot. at 11; that Fenix Defendants "have agreed to personal jurisdiction and service in England and Wales," Mot. at 11; that "the employees, officers, and records of Fenix are located in the United Kingdom, not California," Mot. at 19.[3]

The White Declaration contains 25 pages purporting to establish:

> a. Whether the English courts would accept jurisdiction over the Plaintiffs' claims if proceedings advancing similar claims were to be brought against the Fenix Defendants in England ("Equivalent English Proceedings");

> b. Whether, under English law, the exclusive jurisdiction clauses agreed to by the Plaintiffs are valid and enforceable;

> c. Whether English law would provide a remedy in respect of the claims advanced by the Plaintiffs; and

> d. Whether the English courts would provide a convenient forum for the efficient, just, and expeditious resolution of such claims.

---

[3]    The actual language of the Taylor Declaration says something slightly different: that "FIL's employees, officers, and records are *primarily* located in the United Kingdom," and that "Neither FIL nor Fenix Internet *has* any offices, employees, or other physical presence in California." Taylor Decl. ¶¶ 9-10 (emphasis added).

White Decl. ¶ 6. Fenix Defendants specifically rely on White's opinions in the FNC
Motion for facts including that "'where...fraudulent misrepresentations involve a
number of parties acting in concert, the tort of conspiracy to injure by unlawful
means can be used to claim damages' under English law," Mot. at 12; that "English
courts also offer Plaintiffs a remedy for their CIPA and VPPA claims, Mot. at 12;
English law provides an "equivalent to the FAL, UCL, and fraud claims asserted by
Plaintiffs here," *id*.; that "English courts offer 'various procedures analogous to a
class action which the Plaintiffs could seek to deploy,'" *id*.; and that English courts
"have procedures to handle small-dollar claims on an efficient basis," *id*. at 17.

**C.    Plaintiffs' Request for Limited Discovery**

On November 7, 2024, Plaintiffs' counsel sent an email to Defense Counsel
seeking to meet and confer about "adjusting the schedule on your motion to
accommodate some jurisdictional discovery." Declaration of Robert B. Carey
("Carey Decl.") ¶ 3. On November 8, 2024, Defense Counsel responded that his
first available time to discuss would be November 14, 2024, and asked what
discovery was contemplated "given that our 12(b)(2) motion was withdrawn
pending a ruling on the FNC Motion." *Id*. ¶ 4.

The parties met and conferred via videoconference on November 14, 2024,
during which time Defense Counsel again expressed skepticism that any discovery
was necessary in order to resolve the FNC Motion. Carey Decl. ¶ 5. Plaintiffs'
counsel pointed out that the Fenix Defendants had voluntarily agreed to
jurisdictional discovery in a related case in Illinois federal court ("*McFadden*"), and
that it might be less burdensome and/or more efficient for Fenix Defendants to
agree to allow Plaintiffs to use information produced in that case (to the extent
relevant) in support of their response to the FNC Motion here. *Id*.[4] Defense counsel

---

[4]    *McFadden v. Fenix Internet and Fenix Int'l Ltd.*, No. 1:22-cv-00125 (N.D.
Ill. filed August 25, 2023) is another consumer class action involving fraud- and

did not reject the idea but asked for additional details about the nature of the discovery sought by Plaintiffs. *Id*.

The following day, Plaintiffs' counsel sent an email detailing the topics on which Plaintiffs intended to seek limited discovery, as well as their relevance specifically to the resolution of the FNC Motion. *Id*. ¶ 6. The email also reiterated that many of the topics "result from the Declarations filed in support of the MTD," which Plaintiffs noted "purport to establish facts supporting dismissal, but contain significant ambiguities with respect to key facts." *Id*.

The email went on to explain some of those ambiguities in outlining specific "FNC Discovery Topics." *Id*. For example, Plaintiffs' first proposed topic comprised "specific details relating to Fenix Defendants' interactions with / presence in California, which relate to the enforceability of the forum selection clause (FSC), as well as the private and public interest factors . . . specifically California's interest in and/or connection to the underlying facts." *Id*. Plaintiffs went on to describe some of those specific details—and to explain why discovery of those details was necessary to resolve specific ambiguities in Defendants' Declarations. *Id*. (*e.g.*, "the number and identities of Fenix-related officers, employees, non-creator independent contractors, and vendors in California— specifically over the course of the relevant time period," which is necessary since "the Taylor Decl. talks about the lack of such affiliations only in the present

---

consumer-protection-based claims. There, the Fenix Defendants made substantially similar arguments in favor of dismissal on both jurisdictional and FNC grounds, and filed declarations by the same two witnesses (Taylor and White) in support of their motions to dismiss—which are still pending. In *McFadden*, however, the Fenix Defendants **voluntarily agreed to allow the plaintiffs limited discovery**, and it is Plaintiffs' Counsel's understanding that the information requested in discovery went beyond information for the state of Illinois. Carey Decl. ¶ 7.

tense"). Plaintiffs went on to provide similar detail for additional categories of discovery necessary to address Defendants' Declarations.[5]

Acknowledging that "discovery on *purely* jurisdictional matters is less relevant in light of the fact that the court is only deciding the FNC motion," Plaintiffs reiterated that "to the extent jurisdictional discovery overlaps with FNC-related discovery, that overlap doesn't make the discovery irrelevant to the FNC analysis, and clarified that Plaintiffs are entitled to discover information that resolves the ambiguities in Defendants' declarations." Carey Decl. ¶ 6.

Finally, noting that "discovery on these topics will likely entail document requests, interrogatories, and deposition testimony," and noting the impending holiday season, Plaintiffs proposed to modify the case schedule in order to accommodate discovery relevant to the FNC Motion, setting the deadline for Plaintiffs' Opposition to the pending motions for January 30, 2025; setting the deadline for the Fenix Defendants' Replies for February 27, 2025, and resetting the hearing on the motions to April 3, 2025. *Id.*

On November 19, 2024, Defense Counsel responded by email that "[h]aving carefully considered your request and having discussed it with our client, unfortunately, we cannot agree to your request for 'limited discovery' at this stage, nor to a modification of the briefing schedule." Carey Decl. ¶ 8. Defendants asserted that Plaintiffs' requests "misunderstand the relevant points of the motion to dismiss for forum non conveniens," primarily because "any discovery targeted at

---

[5]    Additional categories include: details regarding the "inconvenience" and cost-management issues Fenix Defendants would suffer if the FSC was not enforced (only generally referenced by Taylor); confirmation that all versions of the FSC were materially identical (in terms of both formatting and language) during the relevant time period; and information relating to the Fenix Defendants' relationships with California-based entities, including the Agency Defendants— which were not addressed in the declarations "despite the fact that they are at the heart of Plaintiff's Complaint, and that they are clearly relevant to California's connection to / interest in resolving the claims here." Carey Decl. ¶ 6.

1    the 'private interest factors' is irrelevant" to the FNC analysis, since "the existence

2    of a forum selection clause means the private interest factors are already decided as

3    a matter of law in favor of the Fenix Defendants." *Id.*

4         Insisting "there is no 'overlap' of jurisdictional discovery with FNC-related

5    discovery," Defendants argued that Plaintiffs' "proposed discovery topics all relate

6    to either private interest factors or to a personal jurisdiction analysis, none of which

7    are relevant here." *Id.* (*e.g.*, "Defendants' interactions with and/or presence in

8    California might, at best, be relevant to a personal jurisdiction analysis . . . ."; the

9    "location of evidence" is an irrelevant private interest factor; and "Defendants'

10   relationships with other California-based entities remains, again, only conceivably

11   relevant to the personal jurisdiction analysis at best, which is separate from forum

12   non conveniens."). *Id.*

13        Finally, the response stated that "the Fenix Defendants will not consent to

14   releasing McFadden discovery in this case," since "the discovery in McFadden is

15   relevant (if at all) only to personal jurisdiction, which is not relevant here, . . . and is

16   subject to a protective order in that suit." *Id.*

17        Defendants did not discuss the validity or enforceability of the FSC.

18   ### III.   ARGUMENT

19        Trial courts have substantial discretion in deciding whether to grant requests

20   for discovery, but the Ninth Circuit has explicitly noted that "forum non conveniens

21   questions are often an appropriate subject for directed discovery, that a plaintiff

22   ordinarily should not be required to rely on a movant's affidavits on a motion to

23   dismiss, and that a plaintiff should be able to conduct directed discovery on the

24   issues raised by the motion." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir.

25   1983). *Cf. Union Asset Mgmt. Holding AG v. SanDisk LLC*, 227 F. Supp. 3d 1098,

26   1099-100 (N.D. Cal. 2017) (granting plaintiffs' motion to strike declaration

27   submitted by defendants in support of motion to dismiss, and noting that "[b]efore

28   the Court could credit the declaration and rely on it . . . , it would obviously need to

-10-

1 give the plaintiffs an opportunity to test the declaration's accuracy through

2 discovery, an evidentiary hearing, or both."). Moreover, the Ninth Circuit will

3 reverse a denial of discovery where it "results in actual and substantial prejudice" to

4 the party requesting it. *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir.

5 2003) (quoting *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002).

6       Here, Defendants have opened the door to discovery by offering and relying

7 on factual assertions outside the allegations of the Complaint—and by submitting

8 extrinsic evidence to support those assertions in the form of the two Declarations.

9 Plaintiffs are entitled to conduct sufficient discovery to counter Defendants' factual

10 assertions. The Fenix Defendants will not be unduly prejudiced by either the

11 discovery itself—at least some of which they might be able to provide by simply

12 allowing Plaintiffs to use the *McFadden* discovery here—or by the proposed

13 schedule modifications, which represent a relatively short delay in order to decide a

14 critical, if not dispositive, issue in a case in its infancy where only one side has

15 access to certain material facts.

16 **A.**   **Plaintiffs are entitled to limited discovery in order to adequately respond
to the factual assertions contained in the White and Taylor Declarations,
17 and will be actually and substantially prejudiced without such discovery.**

18       "Prejudice is established if there is a reasonable probability that the outcome

19 would have been different had discovery been allowed." *Laub v. United States DOI*,

20 342 F.3d 1080, 1093 (9th Cir. 2003) (citing *Martel v. County of Los Angeles*, 56

21 F.3d 993, 995 (9th Cir. 1995) (*en banc*)). In *Laub*, the Ninth Circuit found that the

22 plaintiffs were unfairly prejudiced where they had offered documents in support of

23 their discovery request that "suggest[ed] that there [was] at least an arguable claim"

24 with respect to the contested facts, yet the district court dismissed their claims

25 without allowing the requested discovery. *Laub v. United States DOI*, 342 F.3d

26 1080, 1093 (9th Cir. 2003).

27      As described above, the Declarations filed by the Fenix Defendants contain a

28 number of assertions that are (1) factual in nature, and (2) relied on by Defendants

-11-

and (3) relevant to the Court's ability to make an informed decision on the FNC

Motion. *See* supra, Section II.B. Plaintiffs are entitled to probe the accuracy of these

assertions and provide the Court with a factual record sufficient to decide the FNC

Motion.

        **1.**    **The enforceability of the FSC is a threshold question which must be decided *prior* to deciding whether to weigh the private interest factors in the FNC analysis.**

In rejecting Plaintiffs' request for discovery, Defendants incorrectly asserted

that the private interest factors considered by courts in deciding motions to dismiss

for forum non conveniens are categorically "irrelevant" to deciding the FNC

Motion. In fact, whether the Court considers the private interest factors depends on

the *threshold* question of whether the Court finds the FSC to be valid and

enforceable. *See e.g.*, *Kooiman v. Siwell, Inc*., No. 8:20-cv-00565-JLS-DFM, 2021

U.S. Dist. LEXIS 59098 (C.D. Cal. Jan. 4, 2021) (describing the "two-step process"

required to decide a forum non conveniens motion that is based on a forum

selection clause, which requires that as "an *initial matter*, the court must determine

that there exists a valid and enforceable forum selection and that it encompasses the

claims at issue.") (emphasis added). And whether the FSC is valid and enforceable

requires additional discovery to test the factual assertions made by the declarants.

        **2.**    **The White Declaration goes directly to the question of the FSC's enforceability, and at the very least Plaintiffs are entitled to depose Mr. White.**

"[T]he Ninth Circuit has held that a forum selection clause is unenforceable

'if enforcement would contravene a strong public policy of the forum in which suit

is brought, whether declared by statute or by judicial decision.'" *Id*. at *6 (quoting

*Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009)).[6] Moreover, earlier this

---

    [6]   Courts in the Ninth Circuit routinely decline to enforce forum-selection clauses on the basis of state public policy. *See, e.g.*, *Devore v. H&R Block Tax Servs., LLC*, No. CV 16-946 DSF (AFMx), 2016 U.S. Dist. LEXIS 197718, at *4 (C.D. Cal. Mar. 10, 2016); *Depuy Synthes Sales, Inc. v. Stryker Corp*., No. ED CV

---

year, this Court found *the same FSC at issue here* unenforceable due to its "finding that California's strong state policy regarding consumer class actions is implicated by this case and that this policy would be wholly undermined if Plaintiffs were required to litigate in Defendants' proposed forum." *Muto v. Fenix Int'l Ltd.*, No. 5:22-cv-02164-SSS-DTBx, 2024 U.S. Dist. LEXIS 83275 (C.D. Cal. May 2, 2024) ("the fact that transfer the defendant's chosen forum would render class action relief unavailable is 'sufficient in and by itself to preclude enforcement of [a] forum selection clause.'") (quoting *Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 712 (2001).

Defendants rely on the White Declaration specifically to refute *Muto* court's *factual* holdings regarding English law. Defendants cite White's opinion to argue that "*Muto* was wrong to claim that small-dollar plaintiffs are effectively denied relief in England," and since White opines that "English courts offer 'various procedures analogous to a class action which the Plaintiffs could seek to deploy,'" Mot. at 12.; and that English courts "have procedures to handle small-dollar claims on an efficient basis" *id*. at 17.

Before deciding that issue, however, the Court should allow Plaintiffs to depose Mr. White in order to probe the accuracy of his assertions. *Cf*., *Union Asset Mgmt. Holding AG v. SanDisk LLC*, 227 F. Supp. 3d 1098, 1099-100 (N.D. Cal. 2017) (finding it "inappropriate for the Court to simply treat the [defendants']

---

18-1557 FMO (KKx), 2020 U.S. Dist. LEXIS 199271, at *25 (C.D. Cal. Sep. 29, 2020); *Depuy Synthes Sales, Inc. v. Stryker Corp.,* No. ED CV 18-1557 FMO (KKx), 2019 U.S. Dist. LEXIS 67403, at *10 (C.D. Cal. Feb. 5, 2019); *Friedman v. Glob. Payments, Inc.,* No. CV 18-3038 FMO (FFMx), 2019 U.S. Dist. LEXIS 67414, at *8 (C.D. Cal. Feb. 5, 2019); *Weber v. Saladworks, LLC*, No. SA CV 13-01049-MWF (PJWx), 2014 U.S. Dist. LEXIS 195654, at *10 (C.D. Cal. Jan. 27, 2014); *Macedonia Distrib. v. S-L Distrib. Co., LLC*, No. SACV 17-1692 JVS (KESx), 2018 U.S. Dist. LEXIS 227914, at *24 (C.D. Cal. Aug. 7, 2018).

PLTFS' EX PARTE APPLICATION TO VACATE DEADLINES AND FOR DISCOVERY
011194-11/2686242 V1                                    Case No: 8:24-cv-01655-FWS-SSC

declaration as true," since the testimony "might be true" or it "might be false," or "it might be partially true and partially false.").

The court should also allow Plaintiffs to depose Taylor for the same reasons. There is no basis to simply accept Taylor's declarations as true; Plaintiffs are entitled to challenge the veracity of factual assertions relied on by the Fenix Defendants in attempting to dismiss their claims and force them to litigate in England.

### 3.    In the event the FSC is found to be unenforceable, the discovery Plaintiffs seek will be relevant to the private interest factors.

Where an FSC is found to be unenforceable, the courts proceed with the FNC analysis as usual, balancing both private- and public-interest factors. *See e.g. Escobar v. Nat'l Maint. Contrs., LLC*, 2022 U.S. App. LEXIS 35276, *4-5 (9th Cir. 2022) (approving district court's consideration of private-interest factors where FSC was unconscionable because of the "geography and respective financial situations" of the parties, and rejecting defendants' contention that such considerations were prohibited by *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 63-64 (2013)); *see also Depuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022) (same, and also reaffirming that *Atlantic Marine* made clear that 'courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum,' applying the same balancing of interests standard for both § 1404(a) and forum non conveniens") (citing *Atl. Marine*, 571 U.S. at 61).

Given that this Court in *Muto* already found the FSC here unenforceable, it would be particularly prejudicial to prevent Plaintiffs from conducting discovery related to the private interest factors on the basis of Defendants' flawed assertion that such factors are categorically irrelevant to the Court's analysis of the FNC Motion. The private interest factors to be considered include: the residence of the

-14-

parties and the witnesses; the forum's convenience to litigants; access to physical evidence and other sources of proof; whether unwilling witnesses can be compelled to testify; the cost of bringing witnesses to trial; the enforceability of the judgment; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229 (9th Cir. 2011); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1445 (9th Cir. 2001).

*Lueck*, 236 F.3d at 1145. Plaintiffs' requested discovery is relevant to multiple factors since it will assist the Court in determining the true scope of the Fenix Defendants' connections to California, as well as the extent of any inconvenience they claim they will suffer by litigating this case in California.

**B.     There is good cause to modify the schedule.**

Federal Rule of Civil Procedure 16(b)(4) provides that the scheduling order may be modified "for good cause and with the judge's consent." While prejudice to the opposing party is a consideration, "[ . . . ] Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Gould v. Motel 6, Inc.*, No. CV 09-8157 CAS (FMOx), 2011 U.S. Dist. LEXIS 25293, at *4 (C.D. Cal. Feb. 22, 2011) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 2000) (internal quotations omitted)).

Here, Plaintiffs initially reached out to Defendants to discuss the need for discovery on November 7, 2024. Despite Defense Counsel's clear skepticism that Plaintiffs were entitled to any discovery, and the fact that most of the reasons provided by Defendants for their ultimate rejection of Plaintiffs' proposal arguably did not actually hinge on the specifics of Plaintiffs' requests, Defendants neither rejected the idea out of hand nor provided any specific concerns until two days ago. Carey Decl. ¶ 3-8.

Plaintiffs are prepared to serve the limited discovery they seek within days of the Court's authorization to proceed. And while given the scheduling difficulties often encountered during the holiday season, scheduling depositions may take

-15-

longer than it otherwise would, Plaintiffs are prepared to move forward with the scheduling process immediately. Extending the deadlines and continuing the hearing as proposed by Plaintiffs, see above, Section II.C, will allow sufficient time for Plaintiffs to serve the Limited Discovery, review written responses, take the necessary depositions, and prepare their Responses to Defendants' pending motions.

**C.    Fenix Defendants will not be prejudiced.**

Fenix Defendants can hardly claim prejudice given that, as noted above, they opened the door to discovery by submitting factual and expert Declarations in support of their FNC Motion. Fenix Defendants already voluntarily provided at least some of the information Plaintiffs seek in the *McFadden* case, which potentially reduces any burden from producing the requested discovery. Thus, Defendants are capable of alleviating some of the prejudice they might otherwise suffer from Plaintiffs' limited discovery requests.

To the extent additional discovery is required, Plaintiffs do not anticipate it being particularly burdensome: it will be limited to narrow issues, primarily required to resolve the ambiguities in Defendants' own declarations; and depositions can be conducted by videoconference where needed. Nor will the delay itself prejudice the Fenix Defendants, since there are no ongoing case costs at this early stage in the litigation.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1.    VACATE the currently pending briefing deadlines:

    a. Plaintiffs' Response to Motion to Dismiss for Forum Non Conveniens filed by Defendants Fenix International Limited and Fenix Internet LLC ("Fenix Defendants") Dkt. 60 ("FNC Motion") (set for November 22, 2024);

    b. Plaintiffs' Response to Fenix Defendants' Request for Judicial Notice, Dkt. 63 ("RFJN") (set for November 22, 2024);

-16-

     c.  Fenix Defendants' Reply in Support of FNC Motion (set for December 20, 2024); and

     d.  Fenix Defendants' Reply in Support of RFJN (set for December 20, 2024);

2.    SET AN EXPEDITED BRIEFING SCHEDULE for Plaintiffs' Discovery Motion, requiring that:

     a.  Fenix Defendants file any oppositions to Plaintiffs' Discovery Motion by no later than Monday, December 2, 2024; and

     b.  Plaintiffs file a reply, if any, by no later than Wednesday, December 4, 2024.

3.    OR, in the alternative, if the Court declines to vacate the deadlines identified above, EXTEND THE DEADLINE for Plaintiffs to file their Response to the FNC Motion to Monday, December 2, 2024.

DATED:  November 21, 2024.     Respectfully submitted,

     HAGENS BERMAN SOBOL SHAPIRO LLP

     By /s/ *Robert B Carey*
     Robert B. Carey (*pro hac vice*)
     Leonard Aragon (*pro hac* vice)
     Michella A. Kras (*pro hac vice*)
     HAGENS BERMAN SOBOL SHAPIRO LLP
     11 West Jefferson, Suite 1000
     Phoenix, Arizona 85003
     Telephone: (602) 840-5900
     Facsimile:  (602) 840-3012
     Email:    rob@hbsslaw.com
     leonarda@hbsslaw.com
     michellak@hbsslaw.com

     Christopher R. Pitoun (SBN 290235)
     301 N. Lake Avenue, Suite 920
     Pasadena, California 91101
     Telephone: (213) 330-7150
     Facsimile:  (213) 330-7152
     Email: christopherp@hbsslaw.com
     *Attorneys for Plaintiffs*

1

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 4,906 words which complies with the word limit of L.R. 11.6.1.

Dated: November 21, 2024

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ Robert B. Carey
Attorneys for Plaintiffs

1    **<u>CERTIFICATE OF SERVICE</u>**

2           I hereby certify that this document filed through the CM/ECF system and

3    will be sent electronically to the registered participants.

4

5    Dated:          November 21, 2024          */s/ Robert B. Carey*
                                                Robert B. Carey
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28