Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile:  (213) 330-7152
Email:  christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile:  (602) 840-3012
Email:  rob@hbsslaw.com
            leonarda@hbsslaw.com
            michellak@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>                    Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>**DECLARATION OF ROBERT B. CAREY IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND FOR LEAVE TO SERVE LIMITED DISCOVERY IN SUPPORT OF RESPONSE**<br><br>Hon. Fred W. Slaughter |

I, Robert B. Carey, hereby declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of Arizona, and I have been admitted pro hac vice in this Court. I am a partner at Hagens Berman Sobol Shapiro LLP, and have appeared in this case as one of the counsel of record for Plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      I submit this declaration on behalf of Plaintiffs in support of Plaintiffs' (1) Ex Parte Application to Vacate Current Briefing Schedule on Fenix Defendants' Motion to Dismiss for Forum Non Conveniens ("FNC Motion"); (2) Motion for Leave to Serve Limited Discovery in Support of Response to FNC Motion ("Discovery Motion"); and (3) Request to Expedite Briefing on Plaintiffs' Discovery Motion.

3.      On November 7, 2024, I sent an email to Defense Counsel seeking to meet and confer about "adjusting the schedule on your motion to accommodate some jurisdictional discovery."

4.      On November 8, 2024, Defense Counsel responded that his first available time to discuss would be November 14, 2024, and asked what discovery was contemplated "given that our 12(b)(2) motion was withdrawn pending a ruling on the FNC Motion."

5.      I met and conferred with Defense Counsel via videoconference on November 14, 2024, during which time Defense Counsel again expressed skepticism that any discovery was necessary in order to resolve the FNC Motion. I pointed out that the Fenix Defendants had voluntarily agreed to jurisdictional discovery in a related case in Illinois federal court ("*McFadden*"), and that it might be less burdensome and/or more efficient for Fenix Defendants to agree to allow Plaintiffs to use information produced in that case (to the extent relevant) in support of their response to the FNC Motion here. Defense counsel did not reject the idea,

DECL. OF ROBERT B. CAREY ISO PLTFS' MOT. TO VACATE AND FOR DISCOVERY
Case No: 8:24-cv-01655-FWS-SSC

1    but asked for additional details about the nature of the discovery sought by

2    Plaintiffs.

3        6.    The following day, I sent an email detailing the topics on which

4    Plaintiffs intended to seek limited discovery, as well as their relevance specifically

5    to the resolution of the FNC Motion. For the Court's convenience, the entirety of

6    that email is reproduced verbatim below:

7                    _____

8        From: Robert Carey <rob@hbsslaw.com>
         Date: Friday, November 15, 2024 at 2:31 PM
9        To: Jason D. Russell - Skadden, Arps, Slate, Meagher & Flom
         LLP (jason.russell@skadden.com)
10       <jason.russell@skadden.com>
         Subject: Fenix CD Cal
11
         Jason,
12
         Thanks for the call yesterday. As we discussed, Plaintiffs intend
13       to seek limited discovery on topics specifically related to the
         Fenix Defendants' motion to dismiss on forum non conveniens
14       grounds (MTD). The topics are outlined below, and as we
         mentioned, many of them result from the Declarations filed in
15       support of the MTD. The declarations purport to establish facts
         supporting dismissal but contain significant ambiguities with
16       respect to key facts—some (although not all) of which are
         explained below.
17
18       **FNC Discovery Topics:**

19       1. Specific details relating to Fenix Defendants' interactions
         with / presence in California, which relate to the enforceability
20       of the forum selection clause (FSC), as well as the private and
         public interest factors the court will need to consider
21       (specifically California's interest in and/or connection to the
         underlying facts.. These include:
22
         1.a. The number and identities of Fenix-related officers,
23       employees, non-creator independent contractors, and vendors in
         California—specifically over the course of the relevant time
24       period (the Taylor Decl. talks about the lack of such affiliations
25       only in the present tense, e.g., ¶ 9).

26       1.b. Locations other than the UK where employees, officers,
         and records are located (the Taylor Decl. only refers to being
27       located "primarily" in the UK (¶ 8).

28

1.c. The specific role(s) of Fenix Internet (a non-UK entity) in OnlyFans' US- and/or California-based activities.

2. Details re: the "inconvenience" and cost-management issues Fenix Defendants would suffer if the FSC was not enforced. Among other things, locations of employees and officers are also relevant to this topic, since Taylor only generally refers to "the inconvenience to OnlyFans' personnel of litigating claims all over the world.

3. Confirmation that all versions of the FSC were materially identical during the relevant time period—especially in light of the Taylor declaration's ambiguous testimony that "all versions" from 2018 to the present were "substantially similar" both in language and relevant formatting (both of which are relevant to the FSC's enforceability).

**4. Fenix Defendants' Relationships with any other California-based entities, including:**

**4.a. Agency Defendants**—many of whose headquarters are in California. The declarations don't address these relationships— even though they are at the heart of Plaintiff's Complaint, and that they are clearly relevant to California's connection to / interest in resolving the claims here.

**4.b. Counsel.** For example, Plaintiffs are aware that Fenix Defendants have relationships with counsel in California related to intellectual property disputes, but the declarations do not establish that those relationships (or others that might exist) are irrelevant to the FNC analysis.

**4.c. Vendors.** For example, although Plaintiffs are aware that Fenix Defendants have a US subsidiary that contracts with vendors who deal with OnlyFans merchandise sales; to the extent those or other vendors used by Defendants are located in and/or do business with California, this again relates to multiple aspects of the FNC analysis having to do with the California interests / public policies relevant to the FNC analysis.

As you pointed out, discovery on *purely* jurisdictional matters is less relevant in light of the fact that the court is only deciding the FNC motion; that said, to the extent jurisdictional discovery overlaps with FNC-related discovery, that overlap doesn't make the discovery irrelevant to the FNC analysis, and Plaintiffs are entitled to discover information that resolves the ambiguities in Defendants' declarations. Moreover, we have some additional information relating to Fenix's California connections that we wish validate.

DECL. OF ROBERT B. CAREY ISO PLTFS' MOT. TO VACATE AND FOR DISCOVERY

**<u>Proposed Schedule:</u>**

Because discovery on these topics will likely entail document requests, interrogatories, and deposition testimony—and the timing, which will require working around holiday schedules—Plaintiffs also propose the following modifications to the briefing schedule recently approved by the court:

Hearing on FNC Motion and Motion re: use of pseudonyms (Initial Motions): From 1/30/25 to 4/3/25.

Plaintiffs' Opposition to Initial Motions: From 11/22/24 to 1/30/25.

Fenix Defendants' Replies: From 12/20/24 to 2/27/25.

Let me know how this works on our end.  Last, can you let me know if your client is interested in permitting the McFadden discovery to be released to us in this case to see if it lessens the load, though the IL specific stuff will not be of help and I really don't know what else there is, so saying this somewhat in the dark.

Rob

Robert Carey | Partner
Hagens Berman Sobol Shapiro LLP
Phoenix, AZ 85253
(602) 840-5900
rob@hbsslaw.com

_____

7.    It is my understanding that in the *McFadden* case, the Fenix Defendants voluntarily agreed to allow the plaintiffs limited discovery, and that the information requested in discovery went beyond information for the state of Illinois.

8.    On November 19, 2024, Defense Counsel responded by email that "[h]aving carefully considered your request and having discussed it with our client, unfortunately, we cannot agree to your request for 'limited discovery' at this stage, nor to a modification of the briefing schedule." For the Court's convenience, the entirety of that email is reproduced verbatim below:

DECL. OF ROBERT B. CAREY ISO PLTFS' MOT. TO VACATE AND FOR DISCOVERY
Case No: 8:24-cv-01655-FWS-SSC

From: Russell, Jason D <Jason.Russell@skadden.com>
Date: Tuesday, November 19, 2024 at 7:56 AM
To: 'Robert Carey' <rob@hbsslaw.com>
Subject: RE: Fenix CD Cal

Rob,

Thank you for your email. Because we only received the proposed discovery Friday night, I was not able to discuss it with my client until yesterday.  Having carefully considered your request and having discussed it with our client, unfortunately, we cannot agree to your request for "limited discovery" at this stage, nor to a modification of the briefing schedule. As set out below, we believe your requests misunderstand the relevant points of the motion to dismiss for forum non conveniens pending before the Court. So that our position is clear, let me set out a few points.

First, any discovery targeted at the "private interest factors" is irrelevant to the analysis the Court will have to conduct. This is not a motion to dismiss for forum non conveniens without a contract. Your clients agreed to a forum selection clause. As our motion explained, the existence of a forum selection clause means the private interest factors are already decided as a matter of law in favor of the Fenix Defendants. There are no grounds for a fact-finding expedition into these factors.

 Second, your proposed discovery topics all relate to either private interest factors or to a personal jurisdiction analysis, none of which are relevant here. The Fenix Defendants' interactions with and/or presence in California might, at best, be relevant to a personal jurisdiction analysis, but that motion has been withdrawn. That information might also, at best, be relevant to the availability of compulsory process based on jurisdiction, but that is a private interest factor and therefore irrelevant. The location of evidence is likewise a private interest factor, and Fenix Internet's activities in OnlyFans' US activities is only conceivably relevant to personal jurisdiction, and not forum non conveniens.

 Your other proposed discovery topics are similarly focused on private interest factors. The burden on the Fenix Defendants of litigating in California is a private interest factor, which is already decided in the Fenix Defendants' favor. Prior versions of the forum selection clause were already provided in the Taylor Declaration, do not require discovery, and the declaration covers the relevant time period. In any event, the information sought is publicly available via the Internet. The Fenix Defendants' relationships with other California-based entities remains, again, only conceivably relevant to the

personal jurisdiction analysis at best, which is separate from forum non conveniens. And while not relevant, some of that information has also already been provided by Agency Defendants themselves.

Third, I am sure you are not seeking information related to attorney-client privilege. Nevertheless, your discovery topic 4.b. regarding Fenix Defendants' relationships with counsel in California conceivably can be construed as seeking information covered by attorney-client privilege. In addition to being irrelevant for the reasons described above, the Fenix Defendants will not provide information that seeks to invade the privilege nor will the Fenix Defendants waive that privilege.

Fourth, there is no "overlap" of jurisdictional discovery with FNC-related discovery, because our Rule 12 motion has been withdrawn and is not pending. If our FNC motion is granted, there will never be even a theoretical argument for jurisdictional discovery.

Fifth, the Fenix Defendants will not consent to releasing McFadden discovery in this case. At the outset, as we discussed in general terms before I saw your specific requests, the discovery in McFadden is relevant (if at all) only to personal jurisdiction, which is not relevant here with no personal jurisdiction motion pending, and is subject to a protective order in that suit. In addition, as you noted, that discovery concerned issues unique to Illinois law and has little to no relevance in this case under California or Ninth Circuit law.

We do not believe that you need, or are entitled to conduct, discovery to oppose our FNC motion. You have had our motion to dismiss for forum non conveniens since October, stipulated to the current briefing schedule both before you had the motion and once again after it was filed, and did not raise discovery as an issue during either of those negotiations on the briefing schedule.

I appreciate you reaching out with your request and look forward to amicably working through issues going forward.

Best,

Jason

---

9.    I declare under penalty of perjury that the foregoing is true and correct.

DECL. OF ROBERT B. CAREY ISO PLTFS' MOT. TO VACATE AND FOR DISCOVERY

Executed this 21st day of November, 2024, in Phoenix, Arizona.

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Robert B. Carey*
Robert B. Carey

DECL. OF ROBERT B. CAREY ISO PLTFS' MOT. TO VACATE AND FOR DISCOVERY
Case No: 8:24-cv-01655-FWS-SSC