UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                              Date: November 22, 2024

Title: N.Z. *et al.* v. Fenix International Limited. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFFS'** *EX PARTE* **APPLICATION [81]**

Before the court is Plaintiffs N.Z., R.M., B.L., S.M., and A.L.'s (collectively, "Plaintiffs") *Ex Parte* Application ("Application"). (Dkt. 81.) As of 12:00 p.m. PST on November 22, 2024, no party has opposed the Application. (*See generally* Dkt.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, the Application is **DENIED**.

I.   **Legal Standard**

*Ex parte* applications are "rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93. In *Horne v. Wells Fargo Bank, N.A.*, the district court discussed the legal standard for *ex parte* applications:

> The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *see also Mission Power Engineering Co. v. Continental*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC   Date: November 22, 2024
Title: N.Z. *et al.* v. Fenix International Limited. *et al.*

---

> *Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").
>
> . . .
>
> The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

969 F. Supp. 2d 1203, 1205 (C.D. Cal 2013).  The *Horne* court also reiterated the dangers of *ex parte* applications:

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court.  Both contemplate that noticed motions should be the rule and not the exception.  Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved.  In effect, they put the applicant 'ahead of the pack,' without cause or justification.

*Id.* (citation omitted).

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: November 22, 2024 |
| Title: N.Z. *et al.* v. Fenix International Limited. *et al.* | |

## II.  Discussion

In the Application, Plaintiffs request three forms of *ex parte* relief, including that the court: (1) vacate the current briefing schedule on Defendant Fenix International Limited and Defendant Fenix Internet LLC's (collectively, the "Fenix Defendants") pending Motion to Dismiss for Forum Non Conveniens ("Motion to Dismiss"); (2) authorize Plaintiffs to serve limited expedited discovery in response to the Motion to Dismiss; and (3) set an expedited briefing on Plaintiffs' request for limited expedited discovery.  (Dkt. 81 at 5.)  In the alternative, if the court declines to vacate the briefing deadlines, Plaintiffs request that the court continue the deadline for Plaintiffs to oppose the Motion to Dismiss and Motion for Order to Compel Plaintiffs to Proceed in Their Real Names from November 22, 2024, to December 2, 2024. (*Id.*)

The court finds Plaintiffs have not met either prong of the *ex parte* standard.  First, and most importantly, Plaintiffs have not demonstrated that they are without fault in creating the crisis necessitating *ex parte* relief.  The court notes that the Fenix Defendants filed the Motion to Dismiss, (Dkt. 60), along with a Motion for Order to Compel Plaintiffs to Proceed in Their Real Names, (Dkt. 61), and a Motion to Dismiss for Lack of Personal Jurisdiction or Failure to State a Claim, (Dkt. 62), on October 25, 2024.  The parties stipulated to "sequence" the Fenix Defendants' motions "in a way calculated to promote the efficient allocation of the [c]ourt's time and the [p]arties' resources" and agreed "to a briefing schedule that provides all parties with sufficient time to consider and respond to Defendants' forthcoming dispositive motions." (Dkt. 56 at 2.)  The court granted the parties' stipulation and ordered: (1) the Fenix Defendants to notice the Motion to Dismiss and Motion for Order to Compel Plaintiffs to Proceed in Their Real Names for a hearing on January 30, 2025; (2) Plaintiffs to file their opposing briefs on November 22, 2024; and (3) the Fenix Defendants to file their reply briefs on December 20, 2024.  (Dkts. 68, 71.)

Given the record before the court, the court finds that Plaintiffs knew or should have known of the need for *ex parte* relief at the latest by October 25, 2024, when the Fenix

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                              Date: November 22, 2024
Title: N.Z. *et al.* v. Fenix International Limited. *et al.*

Defendants filed the Motion to Dismiss.[1] At that time, Plaintiffs knew of the grounds for the Motion to Dismiss and the contents of the declarations at issue. Further, Plaintiffs had already stipulated to file their opposing briefs by November 22, 2024, and knew or should have known that a request for limited expedited discovery could not be heard through regular notice motion procedures. *See* L.R. 6-1. Nonetheless, Plaintiffs did not seek *ex parte* relief until 4:34 p.m. PST on November 21, 2024, the day before their opposing briefs were due. (*See* Dkt. 81.) Because Plaintiffs were aware of the grounds for *ex parte* relief for at least one month before the Application was filed, and stipulated to the briefing schedule they now seek to vacate, the court concludes Plaintiffs are not without fault in creating the crisis necessitating *ex parte* relief. *See In re Intermagnetics America, Inc.,* 101 B.R. at 193 ("*Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have.").

Second, even if Plaintiffs had timely filed their request for limited expedited discovery, Plaintiffs have not sufficiently demonstrated irreparable prejudice. "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. As relevant here, Plaintiffs argue limited discovery is necessary to "test the accuracy and completeness of the factual assertions" made in the two declarations the Fenix Defendants submitted in support of the Motion to Dismiss and to address the private interest factors relevant to a motion to dismiss for forum non conveniens.[2] (Dkt. 81 at 7, 10-14.)

The court finds Plaintiffs have failed to demonstrate sufficient good cause for expedited discovery. *See* Fed. R. Civ. P. 26(d)(1); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 768 F. Supp. 2d

---

[1] The parties also state that they conducted a pre-motion meet and confer, prior to filing the Stipulation, (Dkt. 56 at 2), suggesting Plaintiffs may have known of the need for *ex parte* relief as early as October 18, 2024.

[2] The private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                                    Date: November 22, 2024
Title: N.Z. *et al.* v. Fenix International Limited. *et al.*

1040, 1044 (N.D. Cal. 2011) ("Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference."). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Apple Inc.*, 768 F. Supp. 2d at 1044 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In considering whether good cause justifies expedited discovery, courts consider: (1) "whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on defendants to comply with the request; and (5) how far in advance of typical discovery process the request is made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

The court finds these factors weigh against authorizing expedited discovery here. First, there is no motion for a preliminary injunction pending. Second, Plaintiffs indicate that the scope of the discovery requested is quite broad in that it will "likely entail document requests, interrogatories, and deposition testimony" and require significant modifications to the parties' stipulated briefing schedule. (Dkt. 81-1 at 5.) Third, Plaintiffs have not adequately demonstrated that this discovery is necessary to oppose the Motion to Dismiss, including by failing to specify which, if any, factual assertions in the declarations they dispute or what particular discovery is needed to address the private interest factors. Fourth, Plaintiffs' discovery request would impose a significant burden on the Fenix Defendants given its broad scope and the fact that the Fenix Defendants' potentially dispositive motions would be continued by several months. Fifth, Plaintiffs seek discovery just under three months before the typical discovery process would commence. Although this timeframe is not substantial, the court finds the fifth factor weighs against granting discovery because Plaintiffs stipulated to the briefing schedule at issue and stated this schedule would "provide[] all parties with sufficient time to consider and respond to Defendants' forthcoming dispositive motions." (Dkt. 56 at 2.) On balance, all five factors weigh against granting expedited discovery, and thus the court concludes Plaintiffs have failed to demonstrate sufficient good cause for their request. Because Plaintiffs' request for expedited discovery would be denied regardless, the court's "failure to hear it [on an expedited basis] cannot be prejudicial." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Therefore, Plaintiffs have also failed to demonstrate irreparable prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                              Date: November 22, 2024
Title: N.Z. *et al.* v. Fenix International Limited. *et al.*

In short, Plaintiffs have failed to demonstrate that *ex parte* relief is warranted in this matter. Accordingly, the Application is **DENIED**. The court notes Plaintiffs request that the court continue the deadline for Plaintiffs to oppose the Motion to Dismiss from November 22, 2024, to December 2, 2024, in the event that Plaintiffs' other requests are denied. (Dkt. 81 at 5.) Although Plaintiffs identify no independent good cause supporting this request, the court, on its own motion, and in its discretion, **GRANTS** Plaintiffs a modest continuance to allow Plaintiffs to oppose the Fenix Defendants' Motion to Dismiss and Motion for Order to Compel Plaintiffs to Proceed in Their Real Names, as well as a commensurate continuance for the Fenix Defendants' reply briefs. *See Morris v. Slappy*, 461 U.S. 1, 11 (1983) (noting trial courts have "broad discretion" in "matters of continuances"); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."). The court **ORDERS** Plaintiffs to file their opposing briefs to the Fenix Defendants' Motion to Dismiss and Motion for Order to Compel Plaintiffs to Proceed in Their Real Names by **November 27, 2024**, and the Fenix Defendants to file their reply briefs no later than **December 27, 2024**.

### III. Disposition

For the reasons stated above, the Application is **DENIED**. The court **ORDERS** Plaintiffs to file their opposing briefs to the Fenix Defendants' Motion to Dismiss and Motion for Order to Compel Plaintiffs to Proceed in Their Real Names by **November 27, 2024**, and the Fenix Defendants to file their reply briefs no later than **December 27, 2024**. All other prior orders, including those relating to dates and deadlines, remain unchanged and in full effect.

**IT IS SO ORDERED**.