Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
        leonarda@hbsslaw.com
        michellak@hbsslaw.com

*Attorneys for Plaintiffs*

*(Additional Counsel on Signature Page)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S MOTION TO COMPEL PLAINTIFFS TO PROCEED IN THEIR REAL NAMES**<br><br>Judge:      Hon. Fred W. Slaughter<br>Courtroom: 10D<br>Date:       January 30, 2025<br>Time:       10:00 a.m. |

011194-11/2686242 V1

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   FACTUAL BACKGROUND ........................................................................... 2

    A.    OnlyFans misrepresents that interactions are with Creators when interactions are with professional chatters engaging in impersonation. ................................................... 2

    B.    Interactions on OnlyFans are premised on confidentiality and widespread use of pseudonyms. ..................................... 3

III.  ARGUMENT ................................................................................................... 5

    A.    Plaintiffs satisfy the standard for proceeding under pseudonyms. ...................................................................... 5

    B.    Defendants fail to show they will be prejudiced by Plaintiffs' use of pseudonyms. .............................................. 8

    C.    The public interest does not compel disclosure of Plaintiffs' identities. ...................................................... 11

IV.   CONCLUSION .............................................................................................. 13

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*4 Exotic Dancers v. Spearmint Rhino*,
  2009 WL 250054 (C.D. Cal. Jan. 29, 2009).................................................. 6, 11

*A.B. v. Hilton Worldwide Holdings Inc.*,
  484 F. Supp. 3d 921 (D. Or. 2020)............................................................. 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 12

*Colony Cove Props., LLC v. City of Carson*,
  640 F.3d 948 (9th Cir. 2011) ..................................................................... 2

*Courthouse News Service v. Planet*,
  947 F.3d 581 (9th Cir. 2020) ..................................................................... 6

*De Angelis v. National Entertainment Group LLC*,
  2019 WL 1071575 (S.D. Ohio Mar. 7, 2019) ............................................. 10

*Doe 1 v. Nat'l Collegiate Athletic Ass'n*,
  No. 22-CV-01559-LB, 2022 WL 3974098 (N.D. Cal. Aug. 30,
  2022)...................................................................................................... 10

*Doe v. Lake Oswego School Dist.*,
  2015 WL 5023093 (D. Or. Aug. 25, 2015) .................................................. 7

*Doe v. Mundy*,
  514 F.2d 1179 (7th Cir. 1975) ................................................................... 11

*Doe v. NFL Enters.*,
  LLC, 2017 WL 697420 (N.D. Cal. Feb. 22, 2017). Dkt. 61 ........................... 12

*Does 1 v. United States*,
  2021 WL 4459662 (C.D. Cal. Sept. 25, 2021).............................................. 4

*Does I thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058 (9th Cir. 2000) .............................................................*passim*

*Dominguez v. Better Mortgage Corp.*,
  88 F.4th 782 (9th Cir. 2023)...................................................................... 9

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

*DZ Reserve v. Meta Platforms, Inc.*,
   96 F.4th 1223 (9th Cir. 2024) ................................................................... 13

*E.E.O.C. v. ABM Industries Inc.*,
   249 F.R.D. 588 (E.D. Cal. 2008) .............................................................. 11

*Jessica K. by and through Brianna K. v. Eureka City Sch. Dist.*,
   2014 WL 689029 (N.D. Cal. Feb. 21, 2014) ................................................ 7

*Liberty Media Holdings, LLC v. Swarm Sharing Hash File*,
   821 F. Supp. 2d 444 (D. Mass. 2011) .......................................................... 7

*Malibu Media, LLC v. Doe*,
   2013 WL 5321598 (S.D. Ind. Sept. 20, 2013) .............................................. 8

*Manuel v. City of Joliet*,
   580 U.S. 357 (2017) ..................................................................................... 2

*McFadden v. Fenix Internet, LLC*,
   No. 1:23-cv-6151 (N.D. Ill. Aug. 25, 2023) ................................................ 4

*Poe v. Ullman*,
   367 U.S. 497 (1961) ..................................................................................... 5

*Roe v. San Jose Unified Sch. Dist. Board*,
   2021 WL 292035 (N.D. Cal. Jan. 28, 2021) .............................................. 10

*Roe v. Skillz, Inc.*,
   858 Fed. App'x. 240 (9th Cir. 2021) ........................................................... 7

*Roe v. Wade*,
   410 U.S. 113 (1973) ..................................................................................... 5

*Rollins v. Dignity Health*,
   336 F.R.D. 456 (N.D. Cal. 2020) ................................................................ 4

*Smith v. Patel*,
   2009 WL 3046022 (C.D. Cal. Sept. 18, 2009) ............................................ 7

*Strike 3 Holdings, LLC v. Doe*,
   2022 WL 2276352 (E.D. Pa. June 22, 2022) ............................................... 6

*United States v. Doe*,
   655 F.2d 920 (9th Cir. 1981) ....................................................................... 5

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

011194-11/2686242 V1

*United States v. Stoterau,*
   524 F.3d 988 (9th Cir. 2008) ........................................................................ 7, 12

**Statutes**

4 U.S.C. § 20901 *et seq.* ....................................................................................... 12

**Other Authorities**

Fed. R. Civ. P. 10(a) ............................................................................................... 11

Fed. R. Civ. P. 23 ................................................................................................ 9, 11

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

011194-11/2686242 V1

# I.    PRELIMINARY STATEMENT

Defendants' motion is another variant of a familiar defense tactic in class actions: make every effort to intimidate or embarrass the plaintiff. Because Plaintiffs satisfy the Ninth Circuit criteria for proceeding under pseudonyms, Defendants' motion should be denied.

Defendants Fenix International Limited and Fenix Internet LLC (collectively "Fenix Defendants") try to reframe Plaintiffs' allegations as simply about pornography and, because "everyone does it," the exception for pseudonyms should be disallowed. This ignores what the case is about and Plaintiffs' rationale for proceeding anonymously. A pseudonym may be used "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature."[1] *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (citation omitted). If Defendants took the facts alleged as true, they could not dispute that Plaintiffs' allegations fall within this category. Romantic and sexual interactions are sensitive and highly personal in the best of circumstances, but particularly here where Defendants themselves promised these interactions would be private. By seeking to strip away the very confidentiality they promised, Defendants aim to deter Plaintiffs from pursuing their claims and vindicating their rights.

This case concerns, in particular, a subset of consumers who pursued those private connections on OnlyFans. The essence of this online platform is anonymity. It would be unjust to force Plaintiffs into an untenable choice: forfeit their promised confidentiality and anonymity or abandon their claims against the fraud perpetrated against them. Decisions involving various forms of discrimination and school bullying—the lion's share of case law cited by Defendants—do not apply to these circumstances. This case is about protecting—keeping "confidential," "secure" and

---

[1] While *Advanced Textile* mentions three circumstances where a pseudonym is appropriate, Plaintiffs' focus is primarily on this circumstance.

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

not disclosing to "anyone else"—matters of a sensitive and highly personal nature because that is what Defendants promised in exchange for monies paid by Plaintiffs.

Defendants' assertions of prejudice are speculative and, at any rate, cannot defeat pseudonyms at this early phase of litigation. Contrary to Defendants' description, Plaintiffs' identities will not be literally unknown or anonymous to Defendants. Instead, although prepared to disclose their identities to Defendants for litigation purposes, Plaintiffs seek to proceed in their ***public filings*** under pseudonyms. As discussed below, Ninth Circuit law and other relevant considerations allow Plaintiffs to do so.

## II.    FACTUAL BACKGROUND

Defendants' motion overlooks that at the pleading stage, the Court will "accept as true all the factual allegations"—not just some, selectively characterized to achieve Defendants' preferred end. *Manuel v. City of Joliet*, 580 U.S. 357, 360 n.1 (2017). Especially when the complaint is considered "in the light most favorable" to Plaintiffs, pseudonyms are appropriate in this case. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

**A.    OnlyFans misrepresents that interactions are with Creators when interactions are with professional chatters engaging in impersonation.**

OnlyFans.com is an online social media, content sharing, and video sharing platform promoting interaction between Creators, who create online content, and Fans, who purchase or otherwise pay for it as subscribing members. Dkt. 1 ¶¶ 8–9. Each Plaintiff subscribed to at least one OnlyFans account managed by an Agency Defendant. *Id.* ¶¶ 28–36.

To distinguish itself from other online platforms in a competitive marketplace—and at the heart of its business model—OnlyFans claims to offer a more personal and direct connection to Creators. *Id.* ¶ 12. OnlyFans' marketing heavily promotes the authenticity of personal interaction between Fans and

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

Creators. *Id.* ¶ 13. OnlyFans offers Fans a list of "subscription benefits" that include the ability to "direct message" with specific Creators, which is a private interaction between the Fan and the Creator outside of the public view. *Id.* ¶ 14.

This, however, is not what happens. Instead, Agency Defendants employ professional chatters who impersonate the Creators. *Id.* ¶ 15. Using manipulative tactics that prey on psychological biases and vulnerabilities, chatters are trained to exploit emotional connections by pretending to be personal friends or close acquaintances. *Id.* ¶ 16. They never reveal they are not the Creators; and, if questioned, they lie to conceal the impersonation. *Id.*

Plaintiffs bring this action because OnlyFans' business model is really a fraud and they did not know. Plaintiffs were unaware that Defendants engaged in a scheme to deceive Fans into believing that Fans were communicating "directly" with the Creators, when, in Plaintiffs' case, they were actually interacting with professional chatters pretending to be the Creators. *Id.* ¶¶ 248, 263, 277, 292, 308.

**B.    Interactions on OnlyFans are premised on confidentiality and widespread use of pseudonyms.**

Just as OnlyFans emphasizes a direct and personal connection with Creators, to facilitate those interactions, OnlyFans emphasizes confidentiality.

In fact, OnlyFans mandates confidentiality to join. OnlyFans' Terms of Use for All Users requires Fans and Creators to make a series of "commitments." *Id.* ¶152. These include the following assurance to protect personal and confidential information when using OnlyFans:

> You will keep your account/login details confidential and secure, including your user details, passwords and any other piece of information that forms part of our security procedures, and you will not disclose these to anyone else.

*Id.* And OnlyFans promises that it is protecting Fans' privacy by monitoring its Creators, but it does not. *Id.* ¶¶ 153–161. Fenix Defendants' profits are driven by Fans' ability to remain anonymous. *Id.* ¶ 26. Were it otherwise, OnlyFans would

-3-

not have, Fenix Defendants assert, "over 300 million users worldwide"—generating massive ill-gotten gains. Dkt. 61 at 5.

But the harm is not just to the pocketbook. Plaintiffs expected and believed that any information or communication—but particularly any personal or sensitive information, including thoughts, feelings, and/or images of a private, emotional, and/or sexual nature—exchanged with Creators on OnlyFans would be kept entirely private, confidential, and strictly between Plaintiffs and the Creators. Dkt. 1 ¶¶ 243, 256, 271, 284, 302. This was a lie. *See generally id.* ¶¶ 99–161 (describing the chatter scams and Fenix Defendants' involvement).

Plaintiffs brought their complaint under pseudonyms to preserve the privacy they were led to expect using OnlyFans. *Id.* ¶ 25. There is also a social stigma attached to using OnlyFans due to its association with explicitly sexual content. *Id.* Privacy, and its practical necessity in this online context, drives the widespread use of Fan pseudonyms on the platform. *Id.* Given these concerns, Plaintiffs would be hesitant to maintain this action if their names were publicly (and thus permanently) associated with Defendants. *Id.* By using pseudonyms themselves on the platform, Plaintiffs are similarly situated as other Fans and representative of the proposed classes here. *Id.* ¶¶ 316–17.

Defendants compare this case to the complaint in *McFadden v. Fenix Internet, LLC*, No. 1:23-cv-6151 (N.D. Ill. Aug. 25, 2023), where pseudonyms were not at issue. Dkt. 61 at 3, 8. Defendants do not explain why the ***absence*** of pseudonyms—not raised in *McFadden*, under the law of a different circuit—bears on this motion. Whether to permit a pseudonym presents "a fact-specific inquiry," not broad generalizations. *Does 1 v. United States*, 2021 WL 4459662, at *4 (C.D. Cal. Sept. 25, 2021). Because "a case is not precedent for an issue which the court did not consider," *McFadden* sheds no light here and, in any event, it cannot displace Ninth Circuit law. *Rollins v. Dignity Health*, 336 F.R.D. 456, 467 (N.D. Cal. 2020).

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

### III.   ARGUMENT

The Supreme Court has long approved "fictitious names" in complaints when necessary to protect a privacy interest or guard against social stigma. *Poe v. Ullman*, 367 U.S. 497, 498 n.1 (1961) (restrictions on birth control). One of the most famous cases in American law was litigated anonymously. *Roe v. Wade*, 410 U.S. 113 (1973). "A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Considering these three factors—the need for anonymity, prejudice, and the public interest—Plaintiffs' complaint is also properly litigated under pseudonyms.

**A.    Plaintiffs satisfy the standard for proceeding under pseudonyms.**

This case qualifies for pseudonyms under the seminal Ninth Circuit decision. A pseudonym may be used "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (citation omitted). The Ninth Circuit has long allowed pseudonyms "to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).

Plaintiffs have shown why privacy is necessary in this case. This case is not just about whether the Plaintiffs used pornography as Defendants argue—it is about the intimate information they were defrauded into disclosing to chatters to the benefit of Fenix Defendants. For example, Plaintiff N.Z. shared photos and videos of himself, information about his personal and sexual interests, occupation, and location. Dkt. 1 ¶ 245. Plaintiff R.M. shared his full legal name, social media accounts, personal and sexual interests, and location. *Id.* ¶ 258. Plaintiff B.L. shared personal photos and videos of himself, information about his personal interests, hobbies, occupation, his sexual interests and preferences, and location. *Id.* ¶ 273.

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

Plaintiff S.M. shared personal photos of himself, information about his personal and sexual interests, occupation, and location. *Id.* ¶ 286. Plaintiff A.L. shared personal information and photos. *Id.* ¶ 304. Plaintiffs have already suffered humiliation and a violation of their privacy because of Defendants' actions, yet Defendants seek to exacerbate that here. Fenix Defendants' suggestion that this private information should be public frustrates the very purpose of this lawsuit—to keep Plaintiffs' private activities private. Additionally, having this information made public will likely affect their personal relationships, family relationships, and careers. Courts of course are open and public institutions, but Defendants mischaracterize the issue. Plaintiffs' complaint does not undermine the "constitutional and common law right of access to the federal courts." Dkt. 61 at 2. Rather, "once documents have been filed in judicial proceedings, a presumption arises that the public has the right to know ***the information they contain***." *Courthouse News Service v. Planet*, 947 F.3d 581, 592 (9th Cir. 2020) (emphasis added). Plaintiffs' complaint is public, as are the pseudonyms, just without Plaintiffs' real names. As a result, the "qualified First Amendment right of access to newly filed nonconfidential civil complaints" is not infringed by pseudonyms here. *Id.* at 594–95.

Defendants' cited authorities are off-point. Among the distinctions, none involved the three categories where the Ninth Circuit allows pseudonyms. *See Advanced Textile Corp.*, 214 F.3d at 1068. To the extent relevant to Plaintiffs' claims and the nature of this case, Defendants' cited decisions support the use of pseudonyms.

A number of cases involve exotic dancers. One court rejected pseudonyms not because the suit involved adult activities, but because the dancers pointed only to possible "economic retaliation" impacting employment. *4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, at *2 (C.D. Cal. Jan. 29, 2009). In other cases cited by Defendants, the unsuccessful request was made by the ***defense***—a basic fact material to denying anonymity. *Strike 3 Holdings, LLC v. Doe*, 2022 WL

-6-

2276352, at *4 (E.D. Pa. June 22, 2022); *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011). And, in other cases, the request to proceed anonymously was grounded on different facts not remotely resembling this case. *See Roe v. Skillz, Inc*., 858 Fed. App'x. 240, 241 (9th Cir. 2021) (pseudonym denied where plaintiff failed to "present[] medical evidence" showing "she will suffer substantial additional mental injury if her identity is disclosed"); *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (conviction for transporting child pornography was "matter of public record").

Defendants also rely on two decisions arising out of school bullying. Dkt. 61 at 8. The school setting is not comparable, however. The distinctions identified in those cases illustrate why pseudonyms are proper here, even if not in other cases.

As in many discrimination actions denying the use of a pseudonym, the events giving rise to suits were themselves public or the parties or witnesses already knew each other. One court explained: "[P]laintiffs will have to prove up the harassment—which will mean naming names and testifying at depositions (and trial) to the 'who, what, when, where, and how' of the alleged harassment." *Jessica K. by and through Brianna K. v. Eureka City Sch. Dist*., 2014 WL 689029, at *1 (N.D. Cal. Feb. 21, 2014). As stated in the other decision cited by Defendants, "proceeding under a pseudonym would not prevent the threatened harm because the people who made the threat, namely defendants, already know plaintiffs' identities." *Doe v. Lake Oswego School Dist*., 2015 WL 5023093, at *3 (D. Or. Aug. 25, 2015). It is not the law that "every plaintiff alleging race, gender or some other form of invidious discrimination has the right to litigate his or her claim pseudonymously." *Smith v. Patel*, 2009 WL 3046022, at *2 (C.D. Cal. Sept. 18, 2009).

This is not a discrimination case where those involved are already acquainted or the pertinent events took place in the open. It is a consumer fraud case where anonymity is central to Fans' participation and Defendants' ability to fleece them.

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

Here there was a contractual right to privacy, which Defendants breached once and now seek to breach again.

One of Defendants' cited decisions gets to the heart of the matter. The court specifically distinguished circumstances, as here, involving "disclosure of information of the utmost intimacy" as grounds for allowing a pseudonym. *Malibu Media, LLC v. Doe*, 2013 WL 5321598, at *2 (S.D. Ind. Sept. 20, 2013). This tracks Ninth Circuit law permitting exceptions to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068. Plaintiffs accordingly satisfy the first factor for allowing them to proceed by pseudonyms.

**B.    Defendants fail to show they will be prejudiced by Plaintiffs' use of pseudonyms.**

The second factor, prejudice, calls for balancing. A "party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party." *Advanced Textile*, 214 F.3d at 1068. As represented in their complaint, Plaintiffs are willing to disclose their identities privately to Defendants in the course of litigation, thereby enabling Defendants to exercise their due process rights in preparing a defense. Dkt. 1 ¶ 26. This obviates Defendants' speculative concerns about prejudice. Dkt. 61 at 3, 9.

To foreclose a pseudonym, the Court is required to find "specific prejudice" to Defendants. *Advanced Textile*, 214 F.3d at 1069. Courts, moreover, "determine the precise prejudice at each stage of the proceedings," not prematurely or with a broad brush as Defendants urge. *Id.* at 1068. At this nascent phase, there is no particularized or specific prejudice. The only prejudice Defendants identify at this stage is being unable to verify whether Plaintiffs agreed to OnlyFans Terms of Service for their forum non conveniens motion. Dkt. 61 at 3. But that motion alleges that since July 2018, all Fans have agreed to the Terms of Service when

they signed up. Dkt. 60 at 4, 15. Four of the five Plaintiffs allege they signed up after that date, which defeats Defendants' claim of prejudice. Dkt. 1 at ¶¶ 241, 254, 270, 299. Plaintiff S.M. alleges he used OnlyFans from 2018 to 2024. *Id.* ¶ 282. But Defendants also allege that all Users had to accept the updated Terms of Service in 2021 (Dkt. 60 at 5, 15), including Plaintiff S.M., again defeating any prejudice. And Defendants could have asked for limited discovery on that issue to resolve any prejudice, which Plaintiffs would have agreed to, given their request for discovery on this very issue (that Defendants denied). Dkt. 81.

To the extent any prejudice adheres in subsequent proceedings, the solution is not barring pseudonyms altogether, but "whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile*, 214 F.3d at 1068. As the Ninth Circuit emphasized, "the district court should use its powers to manage pretrial proceedings, and to issue protective orders limiting disclosure of the party's name, to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Id.* at 1069 (citations to Rules of Civil Procedure omitted). The only prejudice going forward Defendants could argue was a speculative claim that they will not be able to issue "third-party discovery." Dkt. 61 at 3. But they fail to articulate why this would not be possible with a protective order in place.

Especially in a class action, where the Court takes an active role managing the proceedings, there are procedural devices to adjust the balance as necessary. The Court is authorized to "determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument," and "deal with similar procedural matters." Fed. R. Civ. P. 23(d)(1)(A), (E). Rule 23 gives district courts "broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Dominguez v. Better Mortgage Corp.*, 88 F.4th 782, 791 (9th Cir. 2023) (citation omitted).

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

On prejudice, Defendants again retreat to cases involving unlawful discrimination and, unlike this case, plaintiffs who refused to identify themselves by any means. Dkt. 61 at 3. In *Roe v. San Jose Unified Sch. Dist. Board*, 2021 WL 292035, at *8 (N.D. Cal. Jan. 28, 2021), the court rejected pseudonyms because the plaintiff students "fail[ed] to show that this is an unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at *9 (cleaned up). Insufficient for a pseudonym, the students "instead cite[d] alleged harassment at their high school that ended when Doe and Roe graduated in June 2020, if not sooner." *Id.* The court found prejudice because, nearly nine months after suit was filed, "Plaintiffs have still not revealed their identities to Defendants, causing Defendants to have to guess in their motion to dismiss as to Plaintiffs' identities." *Id.*

Likewise, in *De Angelis v. National Entertainment Group LLC*, 2019 WL 1071575 (S.D. Ohio Mar. 7, 2019), an exotic dancer argued that "requiring her to proceed without a pseudonym would subject her to economic harm, as no other club would likely hire her." *Id.* at *4 (citing *4 Exotic Dancers*, 2009 WL 250054, at *2). The defendant offered *bona fide* reasons for finding prejudice flowing from the plaintiff's refusal to disclose her identity at all. *Id.*

Here again, by contrast, the five Plaintiffs bringing this action are willing to disclose their identities to Defendants privately on terms to be determined. Dkt. 1 ¶ 26. This will remove any guesswork from preparing their defense. "[W]here the defendants know the plaintiffs' names, 'anonymity need not, and should not, impede either party's ability to develop its case.'" *Doe 1 v. Nat'l Collegiate Athletic Ass'n*, No. 22-CV-01559-LB, 2022 WL 3974098, at *3 (N.D. Cal. Aug. 30, 2022) (quoting *Jane Roes 1–2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015)).

Citing Fed. R. Civ. P. 10(a), Defendants object that Plaintiffs filed under pseudonyms without seeking leave of court. Dkt. 61 at 2, 4–5. But "[t]he Ninth

-10-

Circuit does not require a plaintiff to obtain leave to proceed anonymously before filing an anonymous pleading." *A.B. v. Hilton Worldwide Holdings Inc*., 484 F. Supp. 3d 921, 945 (D. Or. 2020); *see also E.E.O.C. v. ABM Industries Inc*., 249 F.R.D. 588, 592 (E.D. Cal. 2008) (same). Even if a motion was required before Plaintiffs filed under pseudonyms, the proper remedy is "leave to file an amended complaint using pseudonyms together with a concurrently filed motion for leave to proceed under those pseudonyms." *4 Exotic Dancers*, 2009 WL 250054, at *1. This is fully consistent with Rule 10(a). *See Advanced Textile*, 214 F.3d at 1067 ("many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy").

## C.    The public interest does not compel disclosure of Plaintiffs' identities.

Plaintiffs also satisfy the third factor for using pseudonyms. A "party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs . . . the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068. On the public interest component of the analysis, Defendants make just one discernable argument—and it boomerangs to illustrate the propriety of pseudonyms in this case.

Defendants suggest that pseudonyms in class actions are necessarily against the public interest. Dkt. 61 at 4, 8–10. This again is not the law. The preeminent Ninth Circuit decision approving pseudonyms was a collective action under the Fair Labor Standards Act. *Advanced Textiles*, 214 F.3d at 1064. Courts have long approved pseudonyms, when warranted, in class actions certified under Fed. R. Civ. P. 23. *See, e.g., Doe v. Mundy*, 514 F.2d 1179, 1182 (7th Cir. 1975) (plaintiff was "a proper representative of the class with an interest and a constitutional claim co-extensive with those of other members of the class"). As discussed below, on the facts Plaintiffs allege, the proposed class action status is reason to permit anonymity, not foreclose it.

On the public interest factor, Defendants cite *Doe v. NFL Enters.*, LLC, 2017 WL 697420 (N.D. Cal. Feb. 22, 2017). Dkt. 61 at 4, 10. The stray remark lifted from that decision, however, is not quoted in full. Defendants omit the following: "Not only will the public have an interest in understanding the **antitrust** issues in question, but class members will also have a right to know the identity of their representative in this litigation (if the case goes that far)." *Doe*, 2017 WL 697420, at *2 (emphasis added). When not well-founded, antitrust actions raise heightened concerns about costly discovery, unjust distraction for entire industries, and the need for procedures, early in the litigation, to weed out meritless claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–60 (2007). The Supreme Court has never said this about consumer fraud actions.

Defendants also cite *United States v. Stoterau*, 524 F.3d 988, 995–96 (9th Cir. 2008), which involved a defendant who was prosecuted under federal criminal statutes for essentially sex trafficking a fourteen-year-old boy and publishing/possessing child pornography. Comparing the public interest in this case to the public interest in a criminal case involving child pornography and sex trafficking is offensive. The public has an interest in knowing the identity a criminal who has harmed children. *See* 4 U.S.C. § 20901 *et seq.* ("The federal government has created a national registry of sex offenders for the purpose of "protect[ing] the public from sex offenders and offenders against children."). The public interest in knowing the names of consumers who have been harmed by using what they thought was, and paid to receive, a confidential, secure, and undisclosed relationship forum, is not the same.

To the contrary, favoring the allowance of pseudonyms here, "[t]he public also has an interest in seeing this case decided on the merits." *Advanced Textile*, 214 F.3d at 1073. A collective action under the FLSA, and by logical extension class actions, are "for the benefit of the general public." *Id.* If it is true that "OnlyFans has over 300 million users worldwide," as Defendants assert, then

-12-

Plaintiffs' claims, if meritorious, necessarily implicate a broader public interest. Dkt. 61 at 5, 7. In the Ninth Circuit's words, "permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward." *Advanced Textile*, 214 F.3d at 1073. Additionally, as in almost all class cases, Plaintiffs are not set to recover large sums of money and will not recover more than the class, yet their details will be made public while the class gets to benefit anonymously.

In the end, Defendants make no showing that "disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case." *Id*. at 1072. Plaintiffs' real names are not vital to challenge a "common course of conduct" where the focus is not their specific identities, but "a defendant's centrally orchestrated strategy to defraud, whereby each plaintiff is similarly situated with respect to that scheme." *DZ Reserve v. Meta Platforms, Inc*., 96 F.4th 1223, 1234 (9th Cir. 2024) (cleaned up). Although the issue is for another day, "[i]t may never be necessary … to disclose the anonymous parties' identities to nonparties to the suit." *Advanced Textile*, 214 F.3d at 1069. At this early stage, Defendants have not established that Plaintiffs must publicly use their real names to bring this case.

## IV.   CONCLUSION

Fenix Defendants' motion to compel Plaintiffs to proceed in their real names should be denied.

DATED: November 27, 2024        Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Robert B Carey*
Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)

HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000

-13-

1    Phoenix, Arizona 85003
     Telephone: (602) 840-5900
2    Facsimile: (602) 840-3012
     Email: rob@hbsslaw.com
3           leonarda@hbsslaw.com
4           michellak@hbsslaw.com
     Christopher R. Pitoun (SBN 290235)
5    301 N. Lake Avenue, Suite 920
6    Pasadena, California 91101
     Telephone: (213) 330-7150
7    Facsimile: (213) 330-7152
8    Email: christopherp@hbsslaw.com

9    Andrea R. Gold (*pro hac vice*)
10   David A. McGee (*pro hac vice*)
     Shana H. Khader (*pro hac vice*)
11   TYCKO & ZAVAREEI LLP
12   2000 Pennsylvania Avenue NW, Suite 1010
     Washington, DC 20006
13   Phone: (202) 973-0900
14   Facsimile: (202) 973-0950
     Email: agold@tzlegal.com
15          dmcgee@tzlegal.com
16          skhader@tzlegal.com

17   *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

011194-11/2686242 V1

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief

contains 4,146 words which complies with the word limit of L.R. 11-6.1.

Dated: November 27, 2024

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Robert B. Carey*

Robert B. Carey

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

011194-11/2686242 V1

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system and will be sent electronically to the registered participants.

Dated: November 27, 2024          */s/ Robert B. Carey*
                                            Robert B. Carey

PLS.' RESP. IOT FENIX DEFS.' MOT. TO COMPEL USE OF REAL NAMES

011194-11/2686242 V1