Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
       leonarda@hbsslaw.com
       michellak@hbsslaw.com

*Attorneys for Plaintiffs*

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Hon. Fred W. Slaughter |

## I. INTRODUCTION

Plaintiffs oppose the Request for Judicial Notice filed by Defendants Fenix International Limited ("FIL") and Fenix Internet LLC (together "Fenix Defendants") in support of their Motion to Dismiss for Forum Non Conveniens, Dkt. 63 ("RFJN"), in which Fenix Defendants ask the Court to take judicial notice of four documents attached as exhibits to two declarations by Lee Taylor, Dkt. 60-1 ("Taylor Decl.") and Dkt. 62-1 ("Suppl. Taylor Decl."), Chief Financial Officer of Defendant FIL. **Exhibit A** is a copy of OnlyFans' "Terms of Service in effect on July 21, 2024, downloaded from the Internet Archive's Wayback Machine." Taylor Decl. ¶ 14. **Exhibit B** is a copy of OnlyFans' "Terms of Service as they were on March 23, 2018" (downloaded from the Internet Archive). *Id*. ¶ 19. **Exhibit C** is a copy of "a screenshot of the OnlyFans Sign-Up Page, currently available to the public at https://onlyfans.com/." *Id*. ¶ 26. **Exhibit 1** to the Supplemental Taylor Declaration filed in support of Defendants' Motion to Dismiss, Dkt. 62-1, is a copy of "the OnlyFans Privacy Policy on August 2, 2024, (downloaded from the Internet Archive).

Judicial notice is intended to provide an efficient method for the Court to conclusively establish facts over which there are no reasonable grounds for dispute. Defendants are asking the Court to judicially notice documents to use as the foundation for deciding factual issues, in order to support arguments about matters which are disputed. The Court should deny Fenix Defendants' RFJN.

## II. LEGAL STANDARD

"Under Federal Rule of Evidence 201, the court may take judicial notice of facts that are either 'generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Kühmstedt v. Enttech Media Grp., LLC*, No. 2:21-cv-10032-FWS-JEM, 2022 U.S. Dist. LEXIS 207076, at *3 (C.D. Cal. Aug. 10, 2022) (Slaughter, J.) (quoting Fed. R. Evid. 201(b)). "Courts cannot take judicial notice of

facts subject to reasonable dispute." *Id.* (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds* by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Nor are courts required to take judicial notice of documents that are irrelevant to the decision on a particular motion. *Ward v. Crow Vote LLC*, 634 F. Supp. 3d 800, 807 (C.D. Cal. 2022) (Slaughter, J.) (denying request "because the court need not rely on the documents to decide the Motion").

The doctrine of incorporation by reference is distinct from judicial notice. *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012). Under the doctrine, where a complaint "necessarily relies" on extrinsic evidence, the court may consider that evidence if: "(1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). But as with judicially noticed evidence, the court may not consider "the truth and proposed interpretations of" evidence incorporated by reference. *Gammel*, 905 F. Supp. 2d at 1061; *see Lee*, 250 F.3d at 690.

### III.   ARGUMENT

Plaintiffs do not dispute the *existence* of any of the documents that Fenix Defendants ask the Court to judicially notice. Nor do Plaintiffs have any *reason* to dispute their existence—as Defendants note, Plaintiffs' Complaint ("Compl.") refers to the OnlyFans Terms of Service ("Terms") to support, among other things, their allegations of fraud and their claim for breach of contract, pointing to language contained in those Terms as part of the "myriad evidence [that] supports an inference that OnlyFans is aware of the Chatter Scams," Compl. ¶ 125, or at least should be, based on its public representations that it, "monitors" its network for "malicious, deceptive, fraudulent, or illegal activity, Compl. ¶ 130. The Terms (and Privacy Policy) are also referenced in allegations supporting Plaintiffs' claims of privacy violations, where Plaintiffs allege that "[n]othing in OnlyFans' Terms of Service (or any other document provided to Fans by OnlyFans) informs Fans of the

1  possibility that their Private Communications might be disclosed to Unauthorized
2  Third Parties—much less do those documents obtain Fans' consent for such
3  disclosures." *Id.* ¶ 149.
4        But the fact that Plaintiffs have no reason to dispute the *existence* of the
5  Exhibits is also the reason why they are entirely irrelevant to Defendants' Motion,
6  and Defendants' RFJN should be denied because of that irrelevance. *Cf. Gerritsen*
7  *v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1026 (C.D. Cal. 2015)
8  (declining to consider documents that "do not concern any controversy the court
9  must resolve and are irrelevant").
10       Moreover, even where a document is arguably relevant, a party may not use
11 the judicial notice process to offer "explanations" or interpretations of the
12 document. *See Baron v. HyreCar Inc.*, No. 2:21-cv-06918-FWS-JC, 2022 U.S.
13 Dist. LEXIS 218549, at *16-17 (C.D. Cal. Dec. 5, 2022) (denying defendants'
14 request to judicially notice "web pages that Plaintiff references in the [complaint],"
15 finding that the exhibits concerned the defendants' "explanation of" its relevant
16 insurance policies, which was "not a matter beyond reasonable dispute such that
17 judicial notice [was] proper").
18       Here, any relevance of Defendants' Exhibits exists only because Defendants
19 offer not just the documents, but *interpretations* of the documents. For example,
20 Defendants purport to refute Plaintiffs' substantive allegations about the Terms,
21 claiming that "Plaintiffs allege (*wrongly*) that" the Terms of Service do not inform
22 Fans of privacy violations, Dkt. 60 at 3 (emphasis added). And Defendants
23 repeatedly invoke the Exhibits in order to support their *interpretations* of their
24 meaning. For example, Defendants cite to Exhibit B in support of their assertion
25 that "Plaintiffs who joined OnlyFans before 2021 agreed to" a forum-selection
26 clause that was "**substantively similar and conspicuously placed**" as compared
27 with the version contained in the 2021 Terms—an assertion that is echoed in Fenix
28 Defendants' Motion to Dismiss for Forum Non Conveniens ("FNC Motion"). Dkt.

60 at 6 n.4 (citing Taylor Decl. ¶¶19-21 and Ex. B at 10) (emphasis added). Not only is it inappropriate for Defendants to ask the Court to judicially notice Taylor's characterization of the forum-selection clause as "conspicuously placed," but Defendants' repeated characterization of the different versions of the clause in Exhibits A, B, and D as "substantively similar" is glaringly belied by the fact that the differences between the forum-selection clause contained in Exhibits A to Taylor Decl. and Exhibit 1 to Suppl. Taylor Decl. are ***so substantively dissimilar***, as Plaintiffs argue in their Opposition to Defendants' FNC Motion (Dkt. 85) that one version is permissive and the other is mandatory.

     Nor should the Exhibits be incorporated by reference, except insofar as they reflect the language contained in each document at the time it was archived. Although Plaintiffs clearly reference the language of OnlyFans Terms of Service in their Complaint, Defendants are relying on "facts" that do not appear on the face of that language. For example, Defendants refer to the *appearance* of the documents—describing the 2018 Terms as containing "a stand-alone section entitled, ***in bold***, 'Governing Law and Dispute Resolution'"—to suggest that the forum-selection clause *appeared* in "substantially similar" form to all Users at all relevant times. Taylor Decl. ¶ 20 (emphasis added). But Plaintiffs' complaint does not "necessarily rel[y]" on the way the forum-selection clause appeared to Users within the Terms of Service, *see Marder*, 450 F.3d at 448; and the *mis*characterizations identified above suggest there may in fact be reason to "question the authenticity," *id.*—if not of the particular versions contained in the Exhibits, then at least of Defendants' assertions that those versions reflect any characteristic that was static over the entire period relevant to the Complaint.

     In other words, the fact that Plaintiffs referred to the documents in their Complaint does not establish that the *specific versions of the* Terms, Privacy Policy, and Sign-Up Page that Defendants offer as Exhibits should be incorporated by reference. While Plaintiffs' claims, as noted previously, are supported by

allegations related to each of these documents, Defendants' *interpretations* of the documents are hardly "central to...[Plaintiffs'] claims." Again, Plaintiffs do not dispute the authenticity of the particular screenshot of the OnlyFans sign-up screen contained in Exhibit C—or even the fact that some versions of the sign-up screen contained hyperlinks to the TOS or Privacy Policy. Indeed, Plaintiffs use screenshots in their Complaint to support allegations that, for example, the subscription benefits language promising Fans the ability to "direct message" with creators appears consistently on a pop-up window Fans must use to subscribe to Creators. *E.g.,* Compl. ¶¶ 86–87. But Plaintiffs' use of *some* screenshots to support the *allegations* that form the basis of their claims does not open the door for Defendants to use self-selected versions of documents to *prove facts* they want the Court to rely on in dismissing Plaintiffs' claims.

## IV.   CONCLUSION

The Court should deny Fenix Defendants' request for judicial notice and notice of documents incorporated by reference in support of their motion to dismiss for forum non conveniens.

DATED:  November 27, 2024.          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Robert B Carey*
Robert B. Carey (*pro hac vice)*
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)

HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

| | |
|---|---|
| 1 | Christopher R. Pitoun (SBN 290235) |
| 2 | 301 N. Lake Avenue, Suite 920 |
| | Pasadena, California 91101 |
| 3 | Telephone: (213) 330-7150 |
| 4 | Facsimile: (213) 330-7152 |
| | Email: christopherp@hbsslaw.com |
| 5 | |
| 6 | Andrea R. Gold (*pro hac vice*) |
| | David A. McGee (*pro hac vice*) |
| 7 | Shana H. Khader (*pro hac vice*) |
| 8 | TYCKO & ZAVAREEI LLP |
| | 2000 Pennsylvania Avenue NW, Suite 1010 |
| 9 | Washington, DC 20006 |
| 10 | Phone: (202) 973-0900 |
| | Facsimile: (202) 973-0950 |
| 11 | Email: agold@tzlegal.com |
| 12 |         dmcgee@tzlegal.com |
| |         skhader@tzlegal.com |
| 13 | |
| 14 | *Attorneys for Plaintiffs* |