Oliver Rocos - State Bar No. 319059
  orocos@birdmarella.com
Barr Benyamin - State Bar No. 318996
  bbenyamin@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Moxy Management

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>    Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>**MOXY MANAGEMENT'S STATEMENT OF NON-OPPOSITION TO DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S MOTION TO COMPEL PLAINTIFFS TO PROCEED IN THEIR REAL NAMES**<br><br>Date:     January 30, 2025<br>Time:    10:00 a.m.<br>Crtrm.:  10D<br><br>Assigned to Hon. Fred W. Slaughter |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Moxy Management ("Moxy") does not oppose Defendants Fenix International Limited's and Fenix Internet LLC's (the "Fenix Defendants") Motion to Compel Plaintiffs to Proceed in Their Real Names ("the "Motion") (Dkt. 61).[1]

As a threshold matter, it is ironic that Plaintiffs have filed pseudonymously an action seeking damages from Defendants for having allegedly helped others act under pseudonyms. Plaintiffs cannot justifiably, or even rationally, demand damages for others having withheld from them the very same information they refuse to disclose.

More substantively, and as set forth in the Fenix Defendants' motion, Plaintiffs' embarrassment over their sexual proclivities and conduct, no matter their nature, is not a valid basis upon which even to seek leave to proceed in this action under pseudonyms. *See Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011); *U.S. v. Stotreau*, 524 F.3d 988, 1013 (9th Cir. 2008). It is also of no consequence whatsoever that Plaintiffs might be "hesitant" to proceed using their own names. *See, e.g., Jessica K. ex. rel. Brianna K. v. Eureka City Sch. Dist.*, 2014 WL 689029, at *2 (N.D. Cal. Feb. 21, 2014).

Simply put, Plaintiffs' purported privacy interests in proceeding in an unnamed manner are irrelevant as a matter of law. Even if those interests were given any weight, they cannot and do not outweigh the resulting prejudice to the defendants in this action and to the public as a whole. Plaintiffs should be ordered to proceed in their own names.

---

[1] The Court refers to this Motion as the "Motion to Preclude Use of Pseudonyms" in its November 1, 2024 Order (Dkt. 71).

DATED: November 27, 2024

Respectfully submitted,

Oliver Rocos
Barr Benyamin
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: _____
Oliver Rocos
Attorneys for Defendant Moxy Management