JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
HILLARY A. HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Specially Appearing Defendants
Fenix International Limited and Fenix Internet LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC, <br><br> Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC <br><br> **SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS TO PROCEED IN THEIR REAL NAMES** <br><br> Judge:      Hon. Fred W. Slaughter <br> Courtroom: 10D <br> Date:       January 30, 2025 <br> Time:       10:00 a.m. |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT .............................................................................................................3

    I.    PLAINTIFFS HAVE NO VALID INTEREST IN HIDING THEIR NAMES ................................................................................................4

    II.   PLAINTIFFS' ASSERTED PRIVACY INTERESTS DO NOT OUTWEIGH THE PREJUDICE THAT PROCEEDING ANONYMOUSLY WILL CAUSE FENIX AND THE PUBLIC ...........7

CONCLUSION ........................................................................................................11

CERTIFICATE OF COMPLIANCE .......................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*4 Exotic Dancers v. Spearmint Rhino*,
  No. CV 08–4038 ABC (SSx),
  2009 WL 250054 (C.D. Cal. Jan. 29, 2009) ........................................................ 2, 5

*Colony Cove Properties, LLC v. City of Carson*,
  640 F.3d 948 (9th Cir. 2011) ................................................................................. 6

*De Angelis v. National Entertainment Group LLC*,
  No. 2:17-cv-00924,
  2019 WL 1071575 (S.D. Ohio Mar. 7, 2019) ................................................ 2, 6, 8

*Doe 1 v. NCAA*,
  No. 22-cv-01559-LB,
  2022 WL 3974098 (N.D. Cal. Aug. 30, 2022) ...................................................... 8

*Doe v. City of Chicago*,
  360 F.3d 667 (7th Cir. 2004) ................................................................................. 7

*Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*,
  596 F.3d 1036 (9th Cir. 2010) ............................................................................... 6

*Doe v. Lake Oswego School District*,
  No. 3:15–cv–00385–ST,
  2015 WL 5023093 (D. Or. Aug. 20, 2015) ......................................................... 10

*Doe v. Megless*,
  654 F.3d 404 (3d Cir. 2011) ............................................................................ 3, 10

*Doe v. NFL Enterprises, LLC*,
  No. C 17-00496 WHA,
  2017 WL 697420 (N.D. Cal. Feb. 22, 2017) ..................................................... 7, 8

*Doe v. Temple University*,
  No. 14–04729,
  2014 WL 4375613 (E.D. Pa. Sept. 3, 2014) ...................................................... 2, 7

*Doe v. United States Department of Homeland Security*,
  No. CV 23-10563-JFW(BFMx),
  2024 WL 466825 (C.D. Cal. Jan. 12, 2024) .......................................................... 5

*Doe v. Weber Street University*,
   No. 1:20-cv-00054-TC-DAO,
   2021 WL 5042849 (D. Utah Oct. 29, 2021) ...................................................................... 5

*Does I Thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000) .................................................................................... 1, 4

*Harper v. Charter Communications, LLC*,
   No. 2:19-cv-00902 WBS DMC,
   2024 WL 1040216 (E.D. Cal. Feb. 12, 2024) ................................................................ 7

*Jessica K. ex. rel. Brianna K. v. Eureka City School District*,
   No. C 13–05854 WHA,
   2014 WL 689029 (N.D. Cal. Feb. 21, 2014) ......................................................... 3, 4, 10

*Liberty Media Holdings, LLC v. Swarm Sharing Hash File*,
   821 F. Supp. 2d 444 (D. Mass. 2011) ..................................................................... 2, 4, 5

*Manuel v. City of Joliet*,
   580 U.S. 357 (2017) ..................................................................................................... 6

*Roe v. Skillz, Inc.*,
   858 F. App'x 240 (9th Cir. 2021) ........................................................................ *passim*

*United States v. Stoterau*,
   524 F.3d 988 (9th Cir. 2008) ....................................................................................... 1, 4

*Yoon v. Gap, Inc.*,
   CV 08-5712-SVW (AJWx),
   2010 WL 11597620 (C.D. Cal. July 15, 2010) .............................................................. 7

**RULES**

Fed. R. Civ. P. 10 ................................................................................................................ 1, 9

Fed. R. Civ. P. 17 ................................................................................................................ 1, 9

**PRELIMINARY STATEMENT**

Our country's legal tradition strongly favors transparency in court proceedings. *See, e.g.*, *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008). "[I]dentifying the parties to the proceeding is an important dimension" of this tradition. *Id.* Accordingly, the Federal Rules of Civil Procedure require plaintiffs to litigate using their real names, rather than accusing others of wrongdoing while hiding behind aliases. Fed. R. Civ. P. 10(a), 17(a)(1). Courts will permit litigants to deviate from this "general rule" only in rare and "unusual" cases where "pseudonymity is necessary to protect a person from injury or harassment," *Stoterau*, 524 F.3d at 1012, and this "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (mem.). Here, Plaintiffs thumbed their nose at these traditions, and, recognizing that they could not make the requisite showing, did not bother to seek leave from Court before availing themselves of relief to which they are not entitled.[1]

Plaintiffs' Opposition (ECF 84) only confirms that Plaintiffs cannot meet the high bar to proceed anonymously. Plaintiffs claim that they should be allowed to break the rules that apply to other litigants because they are embarrassed that they engaged in an indisputably common adult activity (*see* Mot. at 7), and do not want others to find out they use OnlyFans. But Plaintiffs do not cite any authority providing that mere embarrassment over ordinary adult behavior counts as a "matter of sensitive and highly personal nature" that justifies proceeding anonymously. *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Nor do Plaintiffs offer a single shred of evidence that they will suffer any concrete harm if they are forced to proceed in their real names.

It is not hard to see why Plaintiffs cannot back their position with authority or evidence. Courts have repeatedly held that "mere embarrassment" over adult conduct "is not sufficient to override the strong public interest in disclosure." *Liberty Media Holdings,*

---

[1] Capitalized terms carry the same meaning they had in Fenix's Motion to Compel Plaintiffs to Proceed in Their Real Names (ECF 61, "Motion" or "Mot."). Unless otherwise noted, all emphasis is added, and all citations, brackets, and internal quotation marks are omitted from quoted material for ease of reading.

1

*LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011); (Mot. at 6 (collecting cases)). Although Plaintiffs spend most of their Opposition claiming these cases are distinguishable, they are unable to explain why their embarrassment should permit them to proceed anonymously when parties like exotic dancers, *see 4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, at *3 (C.D. Cal. Jan. 29, 2009), pornography thieves, *see Liberty Media*, 821 F. Supp. 2d at 453, and compulsive gamblers, *see Skillz*, 858 F. App'x at 241, cannot.

Indeed, the facts of this litigation show that Plaintiffs do not need to remain anonymous. Before Plaintiffs filed this lawsuit, two other OnlyFans users represented by *the same counsel* (at Tycko and Zavareei LLP) filed another putative class action premised on the same allegations in the Northern District of Illinois. *See* Class Action Complaint, *McFadden v. Fenix Internet, LLC*, No. 1:23-cv-6151, (N.D. Ill. Aug. 25, 2023), ECF 1. If Philip McFadden and John P. DeFranza can litigate these allegations in their real names, there is no good reason why these Plaintiffs cannot do so as well. *See Doe v. Temple Univ.*, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (rejecting request to use pseudonym when there were "examples of plaintiffs proceeding with [similar] suits in their own names").

Plaintiffs also claim that Fenix will not be harmed, and the public will be helped, by allowing Plaintiffs to proceed anonymously. But both contentions are demonstrably false. If this case advances to discovery, Fenix will need to be able to use Plaintiffs' names to serve third-party discovery relevant to Plaintiffs' fraud claims. *See De Angelis v. Nat'l Ent. Grp. LLC*, 2019 WL 1071575, at *4 (S.D. Ohio Mar. 7, 2019) (denying use of pseudonyms where it would prejudice defendants by hampering their ability to obtain third-party discovery into plaintiffs' claims). Fenix will be harmed if it cannot serve discovery on third parties purely to avoid revealing Plaintiffs' OnlyFans use. (Mot. at 9.) Plaintiffs do not even try to explain how Fenix could conduct fulsome discovery without revealing Plaintiffs' names and OnlyFans use to third-party witnesses, presumably because they concluded, as they must, that there is no such method.

As for the public, Plaintiffs argue that concealing their names will facilitate resolution of this action on the merits by making it more convenient for them to continue litigating. But as a matter of law, "a plaintiffs' [sic] stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials." *Doe v. Megless*, 654 F.3d 404, 410-11 (3d Cir. 2011). Moreover, Plaintiffs' argument would only be relevant if Plaintiffs were unwilling to continue the suit if they had to litigate in their real names. Plaintiffs have never said as much, either in their Complaint or their Opposition. The closest they come is alleging that they would be "hesitant" to continue in their real names, without committing to a course of action. (Compl. ¶25.) Their argument is thus little more than rhetorical sleight-of-hand. *See Jessica K. ex. rel. Brianna K. v. Eureka City Sch. Dist.*, 2014 WL 689029, at *2 (N.D. Cal. Feb. 21, 2014) ("That plaintiffs 'may be' unwilling to proceed with this matter is insufficient. 'May be' is too wishy-washy and speculative.").

It is time for Plaintiffs to take ownership of their lawsuit. Plaintiffs' Complaint alleges that parties they have never met conspired to defraud potentially millions of OnlyFans users. In seeking publicity for their claim, Plaintiffs' counsel has courted media attention and promised the press that this lawsuit will recover "billions in damages." *See* Joel Stein, *Is OnlyFans Catfishing Its Users?*, Hollywood Reporter (October 14, 2024), https://www.hollywoodreporter.com/business/digital/onlyfans-catfishing-users-1236026987 (quoting Plaintiffs' counsel at Hagens Berman). Those are grave—but meritless—allegations, and they should not be allowed to be made by anonymous Plaintiffs offering legally flimsy, unevidenced excuses about why they cannot pursue their claims in public. Plaintiffs wish to represent absent class members but apparently are so embarrassed by their claims that they do not want anyone to know they made them. The Court should grant the Motion and compel Plaintiffs to proceed in their real names, if at all.

## **ARGUMENT**

Plaintiffs do not contest that, to justify their continued use of pseudonyms, they bear the burden to prove (1) that "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature," *Advanced Textile*, 214 F.3d at 1068, and (2) their

"need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," *Skillz*, 858 F. App'x at 241. (*See* Mot. at 4-5 (explaining the legal standard).) Plaintiffs do not clear either hurdle, and their Opposition simply confirms their inability to meet their heavy burden.

## I.   PLAINTIFFS HAVE NO VALID INTEREST IN HIDING THEIR NAMES

As the Motion explains (Mot. at 6-8), Plaintiffs cannot show that this case concerns the kind of "sensitive and highly personal" matters that merit proceeding anonymously. *Advanced Textile*, 214 F.3d at 1068. Plaintiffs' purported embarrassment at having used OnlyFans to exchange explicit images and paying Creators to simulate intimate conversations does not create privacy interests "sufficient to override the strong public interest in disclosure." *Liberty Media*, 821 F. Supp. 2d at 453. Their normal adult behavior is not "unusual" enough to make this case different from the countless others where plaintiffs are required to litigate mildly embarrassing conduct in public. *See Stoterau*, 524 F.3d at 1013. And their alleged "hesitan[cy] to maintain this action if their names were" revealed, (Compl. ¶25), is so "wishy-washy and speculative" as to be functionally meaningless. *Jessica K.*, 2014 WL 689029, at *2. That is particularly true here, where two other OnlyFans users represented by the same counsel previously filed a nearly identical action in their real names in the Northern District of Illinois. *See* Class Action Complaint, *McFadden v. Fenix Internet, LLC*, No. 1:23-cv-6151, (N.D. Ill. Aug. 25, 2023), ECF No. 1. There is evidently nothing inherently "sensitive and highly personal" about using OnlyFans to exchange explicit communications with Creators, or else Plaintiffs' counsel presumably would have advised their Illinois clients to use pseudonyms as well.

In Opposition, Plaintiffs do not point to a single case, anywhere in the country, where a court permitted a party to proceed anonymously based on the kind of privacy concerns that Plaintiffs assert here. Nor do they provide a shred of evidence that they will suffer any adverse consequences from proceeding in their real names. Plaintiffs' conclusory arguments about the prejudice they will suffer if required to follow the same rules that govern every other litigant lack merit.

*First*, Plaintiffs assert that they need to use pseudonyms because this case concerns "intimate information" Plaintiffs "disclos[ed] to chatters," such as explicit "photos and videos," information about their "personal and sexual interests," "occupation[s]," and "location[s]." (Opp'n at 5.) Although Plaintiffs do not explain why any of this matters, presumably their point is that it would be embarrassing to admit they disclosed these personal details to Creators during paid chats. But as the Motion explains, courts do not permit plaintiffs to proceed anonymously just because the lawsuit concerns sexual images or behavior. (Mot. at 6.) Paying strangers for conversation is no more embarrassing than removing one's clothes for money, *see 4 Exotic Dancers*, 2009 WL 250054, at *3, or committing mass copyright infringement of hardcore pornography, *see Liberty Media*, 821 F. Supp. 2d at 453—situations where courts have denied authorizations to use pseudonyms. Plaintiffs do not provide any authority recognizing their embarrassment as an excuse to accuse Fenix of fraud while hiding behind pseudonyms. This Court should not be the first.

*Second*, Plaintiffs claim that disclosing their real names "will likely affect their personal relationships, family relationships, and careers." (Opp'n at 6.) But they do not explain how or why disclosing their names would adversely impact these relationships—particularly given the banality and prevalence of their conduct. Nor do they provide any evidence to substantiate their claims. Plaintiffs' conclusory assertions are insufficient to overcome the default rule that parties must litigate under their real names. *See, e.g.*, *Skillz*, 858 F. App'x at 241-42 (affirming denial of pseudonym authorization where plaintiff failed to present "evidence that supports the assertion that she will suffer substantial additional mental injury if her identity is disclosed," because "conclusory and general statements without explanation or support" are insufficient); *Doe v. U.S. Dep't of Homeland Sec.*, 2024 WL 466825, at *1 (C.D. Cal. Jan. 12, 2024) (denying pseudonym authorization where "[p]laintiff has failed to provide any evidence to rebut the general presumption that the identities of parties to litigation are public"); *Doe v. Weber State Univ.*, 2021 WL 5042849, at *5 (D. Utah Oct. 29, 2021) (denying authorization where plaintiff "provide[d] no

information, evidence, or particularized facts supporting" her claim that she would suffer harm without a pseudonym).[2]

Moreover, the use of pseudonyms will not guarantee that none of Plaintiffs' acquaintances will learn about their OnlyFans use. As the Motion explains—and Plaintiffs do not dispute—to test Plaintiffs' claims that they were unaware that some Creators were using third-party agents to manage their interactions with OnlyFans users, Fenix is entitled to contact or depose third parties to determine if Plaintiffs made statements contradicting the claims that they have asserted in this lawsuit. (Mot. at 9.) That will require revealing Plaintiffs' names and the fact that Plaintiffs are OnlyFans users, unless Plaintiffs intend to try to use the cloak of anonymity to bar lawful discovery. *But see De Angelis*, 2019 WL 1071575, at *4 (denying use of pseudonyms where it would prejudice defendants by hampering their ability to obtain third party discovery into plaintiffs' claims). Having put their OnlyFans use as the central issue in this lawsuit, Plaintiffs cannot claim that the Rules of Civil Procedure should be warped to hide such use.

***Third***, Plaintiffs argue that they should be allowed to proceed anonymously because "there was a contractual right to privacy." (Opp'n at 8.) But Plaintiffs cannot identify the contract they have in mind,[3] because there is no such contract. Nothing in OnlyFans' Terms promises Plaintiffs that no one will ever learn that they use the site, much less that they can sue Fenix anonymously. And even if there had been such a promise (and to be clear, there

---

[2] Plaintiffs claim that the Court must accept as true their Complaint's conclusory allegations that they will be harmed in some unspecified way if their names are revealed. (Opp'n at 2.) Not so. Courts require plaintiffs who wish to proceed anonymously to provide *evidence* that they will suffer harm, and deny authorization when such evidence is lacking. *See, e.g., Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1041, 1044 (9th Cir. 2010) (affirming denial of permission to use pseudonyms where evidence did not show that students reasonably feared retaliation); *Skillz*, 858 F. App'x at 241-42 (similar). Plaintiffs' cases—*Manuel v. City of Joliet*, 580 U.S. 357 (2017), and *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948 (9th Cir. 2011)—have nothing to do with pseudonym authorization, and thus do not support Plaintiffs' argument.

[3] The background section of Plaintiffs' brief notes that OnlyFans requires users not to disclose "information that forms part of [OnlyFans'] security procedures," like user names and "passwords." (Opp'n at 3.) But requiring users not to share their passwords is a security measure aimed at promoting the safety of OnlyFans' user base—not a promise that a user can sue OnlyFans without revealing his or her name.

6

was not), a private agreement between the parties would not automatically entitle Plaintiffs to use the public's court system while hiding from the public. *See, e.g.*, *Yoon v. Gap, Inc.*, 2010 WL 11597620, at *1 (C.D. Cal. July 15, 2010) ("the Court is not aware of any authority[] establishing that Courts have an obligation to carry out a private confidentiality agreement"); *Harper v. Charter Commc'ns, LLC*, 2024 WL 1040216, at *1 (E.D. Cal. Feb. 12, 2024) ("confidentiality agreement between the parties does not *per se* constitute a compelling reason to seal documents").

*Fourth*, Plaintiffs argue it is irrelevant that the *McFadden* plaintiffs in the Northern District of Illinois used their real names in making the same allegations at issue in this case because the *McFadden* plaintiffs never tried to use pseudonyms. (Opp'n at 4.) But that is exactly the point: if other OnlyFans users making the *same* allegations represented by the *same* counsel can proceed in their own names, there is no good reason why these Plaintiffs cannot do so.[4] *See, e.g.*, *Temple*, 2014 WL 4375613, at *2 (rejecting request to use pseudonym when there were "examples of plaintiffs proceeding with [similar] suits in their own names"). Indeed, if Plaintiffs are genuinely so embarrassed by their OnlyFans use that it would compromise their ability to proceed, then they are the wrong people to serve as representatives for a putative class action. *See Doe v. NFL Enters., LLC*, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017) ("class members will also have a right to know the identity of their representative in this litigation (if the case goes that far)").

## II. PLAINTIFFS' ASSERTED PRIVACY INTERESTS DO NOT OUTWEIGH THE PREJUDICE THAT PROCEEDING ANONYMOUSLY WILL CAUSE FENIX AND THE PUBLIC

Even if Plaintiffs had asserted a legally valid privacy interest, they cannot show that their "need for anonymity outweighs prejudice to [Fenix] and the public's interest in

---

[4] Plaintiffs note that *McFadden* is governed by "the law of a different circuit" (i.e., the Seventh Circuit), but do not explain why that matters. (Opp'n at 4.) To the extent Plaintiffs are suggesting that the Seventh and Ninth Circuits use different standards to determine whether to authorize pseudonyms, they are wrong. *See, e.g.*, *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (citing the Ninth Circuit's *Advanced Textile* decision in discussing situations that can warrant use of pseudonyms).

7

knowing [their] identit[ies]." *Skillz*, 858 F. App'x at 241. Keeping Plaintiffs' names under wraps has already prejudiced Fenix in preparing its forum non conveniens motion, and will continue to prejudice Fenix if it is not allowed to contact third parties during discovery. (Mot. at 9.) And Plaintiffs' use of pseudonyms will prejudice the public. (*Id.* at 9-10.) This is a putative class action accusing a prominent website with over 300 million registered users of fraud. "Not only will the public have an interest in understanding the… issues in question, but class members will also have a right to know the identity of their representative in this litigation (if the case goes that far)." *NFL Enters.*, 2017 WL 697420, at *2.[5] None of Plaintiffs' responses cast doubt on the harm their conduct will cause Fenix and the public.

*First*, Plaintiffs argue that they can mitigate any prejudice caused by their pseudonym use by "disclos[ing] their identities to [Fenix] privately on terms to be determined." (Opp'n 10.) But simply telling Fenix the Plaintiffs' names (with unspecified strings attached) will not solve any of the problems created by their anonymity. As the Motion explains, Fenix must be able to serve third-party discovery to test their claims that they were unaware that some Creators on OnlyFans were using contractors to assist with the management of their OnlyFans accounts, and that Plaintiffs relied on references to "authentic" relationships when deciding to use the site. (Mot. at 9; *see also* Compl. ¶¶ 453, 457, 469, 476.) That will require revealing Plaintiffs' names and the fact that Plaintiffs are OnlyFans users—the very thing Plaintiffs are trying to hide through their unauthorized pseudonyms. Thus, the only way Plaintiffs can continue anonymously is by prejudicing Fenix's right to put on a defense, a result that weighs strongly against anonymity. *See De Angelis*, 2019 WL 1071575, at *4.[6] Moreover, disclosing Plaintiffs' names in private will

---

[5] The fact that Plaintiffs' counsel was interviewed by the Hollywood Reporter about this action evidences the public's interest and the willingness of Plaintiffs' counsel to make unsubstantiated claims on behalf of anonymous clients in the press to prejudice Fenix and the other defendants.

[6] Plaintiffs cite *Doe 1 v. NCAA*, 2022 WL 3974098, at *3 (N.D. Cal. Aug. 30, 2022), for the proposition that using pseudonyms is never prejudicial when the parties know one another's names. (Opp'n at 10.) But in *Doe 1*, the plaintiffs—current and former female

*(cont'd)*

8

do nothing to diminish the harm Plaintiffs' use of pseudonyms causes to the public's right of access to court records.

*Second*, Plaintiffs argue that the Court should let them use pseudonyms for now, and revisit the issue at some unspecified future point if Fenix or the public is being harmed. (Opp'n at 8-9.) But Plaintiffs' unauthorized use of pseudonyms has already prejudiced Fenix at the pleading stage by stymying Fenix's investigation into whether Plaintiffs actually are users of OnlyFans, and Fenix's efforts to obtain Plaintiff-specific records that might furnish a defense to Plaintiffs' claims. (Mot. at 9.) The problems caused by Plaintiffs' use of pseudonyms would only continue if this case survives the pleading stage. As explained, Fenix will need to know (and be able to disclose) Plaintiffs' names to serve third party discovery, and Plaintiffs' anonymity will be a relevant factor in determining whether they are adequate parties to litigate on behalf of the class they seek to represent. There is no sense in forestalling a decision, since Plaintiffs' improper use of pseudonyms will infect every subsequent stage of this proceeding and the prejudice already suffered by Fenix will only grow if the case proceeds.

*Third*, Plaintiffs argue that the Court could mitigate any prejudice to Fenix using unspecified "procedural devices." (Opp'n at 9.) But Plaintiffs do not propose any procedural devices that could allow Fenix to serve discovery on third parties without revealing Plaintiffs' OnlyFans use, nor is Fenix aware of any. The "procedural devices" that best protect defendants and the public from the harms caused by anonymous plaintiffs are the Federal Rules of Civil Procedure, which require parties to litigate in their real names. Fed. R. Civ. P. 10(a), 17(a)(1). The Court should follow those Rules, rather than departing from the well-established default position to accommodate Plaintiffs' desire to

---

NCAA athletes—had credible fears that their coaches and other members of the athletic community would retaliate against them for reporting sexual harassment. *Id.* at *1. And the *Doe 1* court recognized that it is "foreseeable that anonymity will raise problems for discovery." *Id.* at *3 (alteration in original). Read in context, *Doe 1* stands for the proposition that plaintiffs can use pseudonyms when they have credible fears of harassment and retaliation, even though doing so will cause problems in discovery. Here, by contrast, Plaintiffs do not and cannot provide any evidence that they will suffer any adverse consequences if required to proceed in their real names, and certainly none occasioned by Defendants.

9

hide their use of OnlyFans.

***Fourth***, Plaintiffs claim that proceeding anonymously will serve the public interest by allowing this action to be decided on the merits. (Opp'n at 12.) But Plaintiffs do not explain why using their real names will prevent this action from going forward. Neither the Complaint nor the Opposition states that Plaintiffs will refuse to continue with this suit if they cannot do so anonymously. The closest Plaintiffs come is an allegation in the Complaint that they would be "hesitant to maintain this action if their names were" revealed. (Compl. ¶25.) As the Motion explains (Mot. at 8), however, that kind of representation is too "wishy-washy and speculative" to justify the use of pseudonyms. *See, e.g.*, *Jessica K.*, 2014 WL 689029, at *2 ("That plaintiffs 'may be' unwilling to proceed with this matter is insufficient. 'May be' is too wishy-washy and speculative."); *Doe v. Lake Oswego Sch. Dist.*, 2015 WL 5023093, at *4 (D. Or. Aug. 20, 2015) ("Plaintiffs' assertion that requiring them to reveal their identities 'could' deter them from litigating is not sufficiently absolute to sway this factor in their favor.").

In any event, Plaintiffs' mere refusal to proceed with the lawsuit would not justify their use of pseudonyms without a valid fear of harm. *See Megless*, 654 F.3d at 410-11 ("a plaintiffs' [sic] stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials"). Assuming for argument's sake that *these* particular plaintiffs face some sort of harm (albeit unarticulated and unproven), the underlying factual premise of Plaintiffs' argument, namely that if forced to litigate in their own name the case will effectively end, is demonstrably false. Indeed, the Court already has concrete evidence that there *are* individuals who are willing to litigate these very claims in their own name (as the *McFadden* case proves). And, thus, there is no risk that a putative class will lack for adequate representation. To the contrary, they would have proposed representatives who are not embarrassed at the claims they purport to prosecute. At bottom, Plaintiffs provide no reason to suspect that requiring them to follow the same rules that govern every other litigant will effectively drive them out of court.

10

## **CONCLUSION**

The Court should compel Plaintiffs to either proceed in their real names, or dismiss their Complaint.

DATED: December 27, 2024

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jason D. Russell*
JASON D. RUSSELL
*Attorneys for Specially Appearing Defendants*
Fenix International Limited and Fenix Internet LLC

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Fenix International Limited and Fenix Internet LLC, certifies that this brief contains 3,905 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: December 27, 2024

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jason D. Russell*
JASON D. RUSSELL
*Attorneys for Specially Appearing Defendants*
Fenix International Limited and Fenix Internet LLC