JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
HILLARY A. HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

Attorneys for Specially Appearing Defendants
Fenix International Limited and Fenix Internet LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>　　　　　　Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S REPLY IN SUPPORT OF FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Judge:　　Hon. Fred W. Slaughter<br>Courtroom:　10D<br>Date:　　　January 30, 2025<br>Time:　　　10:00 a.m. |

In their Request for Judicial Notice ("RJN," ECF 63), Defendants Fenix International Limited ("FIL") and Fenix Internet LLC (together, "Fenix") established this Court may take judicial notice of four documents: (1) the OnlyFans Terms of Service ("Terms") in effect when Plaintiffs filed their Complaint (Declaration of Lee Taylor ("Taylor Decl.," ECF 60-1), Ex. A); (2) the Terms in effect in 2018 (*Id.* Ex. B); (3) a copy of the OnlyFans Sign Up Page (*Id.* Ex. C); and (4) the OnlyFans Privacy Policy in effect when Plaintiffs filed their Complaint (Ex. 1 to Supplemental Declaration of Lee Taylor ("Supp. Taylor Decl.," ECF 62-1)) (collectively, "Exhibits").[1]

Fenix showed judicial notice of the Exhibits was appropriate as captures of website pages as they either currently appear or as retrieved from the Internet Archive's Wayback Machine, because such documents "are generally proper subjects of judicial notice as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (RJN §I (collecting cases)); *see also Kühmstedt v. Enttech Media Grp., LLC*, No. 2:21-cv-10032-FWS-JEM, 2022 WL 16894855, at *2 (C.D. Cal. Aug. 10, 2022) (taking judicial notice of "copyright information available on the United States Copyright Office's Website… for the photograph at issue in this case") (Slaughter, J.) (cited by Plaintiffs).

Fenix also showed the Exhibits may be considered under the doctrine of incorporation by reference, because Plaintiffs specifically referenced certain portions of those documents in their Complaint, but "deliberately omitt[ed]" the sections establishing that Plaintiffs agreed to the OnlyFans forum-selection clause. (RJN §II.) If a complaint "references or quotes the contents of" documents and "Plaintiffs do not question the authenticity of th[o]se documents," the "Court may consider their contents under the incorporation by reference doctrine even if they fail to satisfy Rule 201's requirements for judicial notice." *Gammel v. Hewlett-Packard Co.*, 905 F.Supp.2d 1052, 1061 (C.D. Cal.

---

[1] Unless otherwise noted, all emphases are added, and all citations, alterations, and internal quotation marks are omitted from all quoted material for ease of reading.

1

2012) (emphasis omitted) (cited by Plaintiffs).[2]

In response, Plaintiffs expressly do not dispute the "existence" or the authenticity of the Exhibits. (RJN Opp'n at 2, 4-5.) Plaintiffs claim they have no "*reason* to dispute" them, precisely because their Complaint cites them "to support, among other things, their allegations of fraud and their claim for breach of contract" as well as their "claims of privacy violations." (*Id*. at 2-3 (collecting citations to the Complaint) (emphasis in original).) Nor do Plaintiffs dispute that they affirmatively agreed to the Terms. (*See generally* ECF 85, 87.) In fact, Plaintiffs expressly rely on Fenix's showing that since July 2018 "all Fans," including Plaintiffs, "agreed to the Terms of Service when they signed up" as a reason to deny Fenix's Motion to Compel Plaintiffs to Proceed in Their Real Names. (ECF 84 at 8-9.)

Plaintiffs nonetheless oppose the RJN because the Exhibits are somehow "entirely irrelevant" here, and further quibble with Defendants' purported "mischaracterizations" of the documents. (RJN Opp'n at 3-4.) As shown below, Plaintiffs' arguments fail.

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF TAYLOR DECLARATION EXHIBITS A THROUGH C

As Fenix established in the RJN, courts regularly take judicial notice not only of "the contents of web pages," but also of contracts containing forum-selection clauses when considering a motion to dismiss for forum non conveniens. (RJN §I (collecting cases).) Taylor Declaration Exhibits A through C are copies of the Terms and the OnlyFans sign-up page—authenticated by Fenix's employee Lee Taylor—as they currently appear on the OnlyFans website or as archived on the Internet Archive's Wayback Machine. (*Id*.) As Plaintiffs' authority shows, "[c]ourts may take judicial notice of *undisputed* matters of public record, but generally may not take judicial notice of *disputed* facts stated in public records." *Gammel*, 905 F.Supp.2d at 1061, citing *Lee v. City of Los Angeles*, 250 F.3d 668,

---

[2] *See also Baron v. Hyrecar Inc.*, No. 2:21-CV-06918-FWS-JC, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) ("Each of these Exhibits is described or quoted in the SAC, and each relates to the basis of the SAC's pleaded violations of the federal securities laws…. Accordingly, the court incorporates these documents by reference.") (Slaughter, J.) (cited by Plaintiffs).

690 (9th Cir.2001) (emphasis in original) (cited by Plaintiffs).

Here, Plaintiffs do not address or dispute any authority cited by Fenix, nor do they dispute the existence or authenticity of these documents. (RJN Opp'n at 2, 4-5.) Instead, Plaintiffs appear to dispute "Defendants' assertions" in the Taylor Declaration and the Motion that the versions of the Terms and sign-up page reflected in Exhibits A through C "reflect any characteristic that was static over the entire period relevant to the Complaint." (*Id*. at 4.)

However, Plaintiffs do not submit any different version of the Terms or the sign-up page during the "period relevant to the Complaint"—which, as Fenix showed and Plaintiffs do not dispute, are easily and publicly accessible on the Internet Archive's Wayback Machine from at least January 2018 through the filing of the Complaint—to counter Fenix's purported "characterizations" of the "appearance" of the Terms or sign-in page. (*Id*. at 3-5.) Plaintiffs cannot simply claim a "disputed fact" as a basis to bar judicial notice of a document without demonstrating such a "disputed fact" exists.

In addition, Plaintiffs claim "any relevance of Defendants' Exhibits exists only because Defendants offer not just the documents, but *interpretations* of the documents," which Defendants are supposedly "ask[ing] the Court to judicially notice." (*Id*. at 3-4 (emphasis in original).) Not so.

Plaintiffs claim the Court is being asked to "to judicially notice Taylor's characterization" in the Taylor Declaration of the forum-selection clause as "conspicuously placed," but do not point to anything in Fenix's RJN supporting this contention. (*Id*.) Nor can they, because Fenix only requested the Court take judicial notice of the *webpages* reflecting the Terms and the sign-up page, as courts routinely do when considering forum non conveniens motions. (RJN §I.)

Plaintiffs also point to "differences between the forum-selection clause contained in Exhibits A to Taylor Decl. and Exhibit 1 to Suppl. Taylor Decl." to claim they are not "substantially similar" as Fenix purportedly "characteriz[ed]." (RJN Opp'n at 4.) This argument is ill-founded for two reasons. *First*, Exhibit 1 is a copy of the OnlyFans Privacy

3

Policy, which *does not* contain a forum-selection clause. Fenix, understandably, has not posited that a clause that does not appear in its Privacy Policy is "substantially similar" to the forum-selection clause in the Terms. Thus, Plaintiffs' efforts to take Fenix to task for their "differences" are puzzling, as is Plaintiffs' claim that the (non-existent) clause is "permissive" while "the other is mandatory." (*Id.*)

*Second*, Plaintiffs' attacks on Exhibit 1 are misdirected, because that document has been withdrawn. The Privacy Policy in Exhibit 1 attached to the Supplemental Taylor Declaration (ECF 62-1) was filed in support of Fenix's Motion to Dismiss for Lack Of Personal Jurisdiction and Failure To State a Claim ("Rule 12(b) Motion," ECF 62). Both documents were withdrawn pursuant to this Court's order. (ECF 71.) If Fenix's Motion to Dismiss for Forum Non Conveniens (ECF 60) is denied, Fenix will re-file its Rule 12(b) Motion and seek judicial notice of Exhibit 1 at that time. For now, however, the Court need not consider Exhibit 1 at all.

As Plaintiffs offer no other arguments suggesting judicial notice is unwarranted, the Court should take judicial notice of Exhibits A through C.

## II. THE COURT SHOULD CONSIDER EXHIBITS A THROUGH C UNDER THE DOCTRINE OF INCORPORATION BY REFERENCE

Fenix also showed Exhibits A through C can be considered under the doctrine of incorporation by reference, because courts routinely consider website records as incorporated by reference where website representations are referenced in the operative complaint. (*See* RJN §II (collecting cases).) As Fenix showed, Plaintiffs cannot "surviv[e]" Fenix's Motion to Dismiss for Forum Non Conveniens "by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Plaintiffs' authority is in accord: "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the… motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (cited by

4

Plaintiffs). The *Marder* court *granted* the defendants' request to consider a release signed by the plaintiff because the complaint expressly referenced the release; the court further held because plaintiff's allegations "reference the existence of a 'licensing' agreement," that "to the extent the existence of an agreement, oral or written, is alleged in [plaintiff's] complaint, we will consider such an agreement." *Id.* at 448-49.

Here, Plaintiffs *concede* the Exhibits may be incorporated by reference "insofar as they reflect the language contained in each document at the time it was archived" because "Plaintiffs clearly reference the language of [the Terms] in their Complaint." (RJN Opp'n at 4.) As noted, Plaintiffs also admit they expressly do ***not*** dispute the authenticity of "the particular versions [of the Terms] contained in the Exhibits" or "the authenticity of the particular screenshot of the OnlyFans sign-up screen contained in Exhibit C—or even the fact that some versions of the sign-up screen contained hyperlinks to the [Terms]" because "Plaintiffs use screenshots in their Complaint to support [their] allegations." (*Id.* at 4-5.) Because Plaintiffs admit that Exhibits A through C are authentic and "form the basis of their claims" (*id.*), Exhibits A through C can be considered as incorporated by reference.

Plaintiffs' insistence that their admitted "use of" the Terms and sign-in page "to support the allegations that form the basis of their claims does not open the door for Defendants to use self-selected versions of documents to prove facts they want the Court to rely on" fundamentally misunderstands the doctrine of incorporation by reference under Ninth Circuit law. (*Id.* at 5 (emphasis omitted).) As Fenix cited, and Plaintiffs ignore, consideration of Exhibits A through C as incorporated by reference is particularly appropriate where, as here, Plaintiffs referenced the documents but neglected to include the portions establishing that Plaintiffs agreed to the forum-selection clause. (*See* RJN §II (collecting cases).)

The *Gammel* opinion repeatedly invoked by Plaintiffs exposes the flaw in their understanding of the incorporation by reference doctrine. That court refused to take judicial notice of an article "which reports that [defendant] did not learn of HP's decision to discontinue webOS until mid-August 2011" because the plaintiffs "dispute[d] the

5

accuracy" of the document, among other things. 905 F.Supp.2d at 1062. However, the *Gammel* court noted that because "excerpts from [the article] are quoted in the FAC… the Court may consider the entire article under the incorporation by reference doctrine." *Id.* (citing *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir.1996) as "approving the district court's consideration of the *full text* of defendant's Prospectus, including portions which were not mentioned in the complaints" (emphasis in original)).[3]

Thus, even if Plaintiffs had showed judicial notice of the contents of Exhibits A through C was unjustified as "subject to reasonable dispute" under Federal Rule of Evidence Rule 201—as described above, Plaintiffs have failed to make that showing—the Exhibits can and should still be considered as incorporated by reference.

## CONCLUSION

As shown in the Motion and above, Exhibits A through C to the Taylor Declaration are properly the subject of judicial notice and may also be considered as incorporated by reference in evaluating Fenix's Motion to Dismiss for Forum Non Conveniens.

DATED: December 27, 2024

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                By:    */s/ Jason D. Russell*
                        JASON D. RUSSELL
                *Attorneys for Specially Appearing Defendants*
                Fenix International Limited and Fenix Internet LLC

---

[3] Plaintiffs purportedly quote *Gammel* and *Lee* for the proposition that "as with judicially noticed evidence, the court may not consider '*the truth and proposed interpretations of*' evidence incorporated by reference" (RJN Opp'n at 2), but that quoted language appears nowhere in the cited cases. *See Gammel*, 905 F.Supp.2d at 1060-61; *Lee*, 250 F.3d at 689–90.

6