Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
        leonarda@hbsslaw.com
        michellak@hbsslaw.com

*Attorneys for Plaintiffs*

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC, <br><br> Defendants. | Case No. 8:24-cv-01655-FWS-SSC <br><br> Assigned to Hon. Fred W. Slaughter <br><br><br> **JOINT RULE 26(f) REPORT** <br><br><br> <u>Scheduling Conference</u> <br><br> Date: February 6, 2025 <br> Time: 9:00 a.m. PT <br> Judge: Hon. Fred W. Slaughter <br> Courtroom: 10B |

1  Plaintiffs N.Z., R.M., B.L., S.M., and A.L. (collectively, "Plaintiffs"),

2  Defendants Fenix International Limited and Fenix Internet LLC (collectively, the

3  "Fenix Defendants"), and Defendants Content X, Inc., Elite Creators LLC, Moxy

4  Management, Verge Agency, Inc. (collectively, the "Agency Defendants,"

5  collectively with the Fenix Defendants, "Defendants," and collectively with

6  Plaintiffs, the "Parties") hereby jointly submit the following Rule 26(f) Report.

**A.    Statement of the Case**

1.    <u>Plaintiffs' Statement</u>.

Fenix Defendants run OnlyFans.com ("OnlyFans"), an online social media,
content sharing, and video sharing platform. OnlyFans promotes direct and personal
interaction between "Creators," who create online content, and "Fans," who
purchase or otherwise pay for that content as subscribing members. To distinguish
itself from other online platforms—and at the heart of its business model—
OnlyFans claims to offer a more personal and direct connection to Creators.
OnlyFans promises an "authentic connection" between Fans and Creators and
promises Fans that they will be able to "direct message" with a Creator when they
subscribe, which is a private interaction between the Fan and the Creator outside of
the public view. OnlyFans then monetizes those connections by collecting 20% of
all subscription fees, as well as 20% of any pay-per-view fees and tips that are
elicited by the Creators through those "direct interactions."

Unbeknownst to Fans, most Creators' accounts are not run by the Creator but
are run entirely by a third-party agency. Each of the Agency Defendants is an
agency that runs multiple Creator accounts on OnlyFans. Each Plaintiff is a "Fan"
who subscribed to at least one OnlyFans account managed by an Agency
Defendant.

Rather than provide the direct connection between Plaintiffs and their
represented Creators as promised, the Agency Defendants employ professional

chatters who impersonate the Creators. Using manipulative tactics that prey on psychological biases and vulnerabilities, chatters are trained to exploit emotional connections by pretending to be the Creators when direct messaging with the Fans. They never reveal they are not the Creators; and, if questioned, they lie to conceal the impersonation. The Agency Defendants perpetrate these lies to elicit subscription fees, pay-per-view fees, and tips from the Fans. Like the Fenix Defendants, the Agency Defendants keep a portion of all fees collected on behalf of the Creators.

The Fenix Defendants are not only aware of, they allow the use of agencies and chatters on the OnlyFans platform—even though it violates OnlyFans' terms of service—because it increases their revenue exponentially. Plaintiffs bring this action because OnlyFans' business model is a fraud and they did not know. Plaintiffs were unaware that Defendants engaged in a scheme to deceive Fans into believing that that were communicating "directly" with the Creators, when, in Plaintiffs' case, they were actually interacting with professional chatters pretending to be the Creators.

2.    <u>Defendants' Statement</u>.

Plaintiffs bring this putative class action lawsuit against Fenix International Limited, which operates the website OnlyFans.com, and Fenix Internet, which provides payment-processing assistance to Fenix International Limited in the United States, as a Defendant (collectively, "Fenix" or "Fenix Defendants"). Plaintiffs also name various Agency Defendants, including Content X, Inc., Elite Creators LLC, Moxy Management, and Verge Agency, Inc.

Plaintiffs' Complaint is fatally flawed for various reasons, including but not limited to:

- In bringing this action in this Court, Plaintiffs ignore the binding forum-selection clause that Plaintiffs repeatedly agreed to in the

011194-11/2965085 V1

OnlyFans.com Terms of Service, which requires Plaintiffs to bring their claims in the courts of England.

- The Court does not have personal jurisdiction over either Fenix entity. The Court does not have general jurisdiction over Fenix because they are not incorporated or headquartered in California, and do not otherwise have such continuous and systematic contacts that they are essentially at home in California. The Court does not have specific jurisdiction over Fenix because they do not have sufficient minimum contacts with California, the Plaintiffs' claims do not arise out of or relate to Fenix's connections with California, and requiring Fenix to defend this lawsuit in California would be unreasonable.

- Plaintiffs agreed to a choice-of-law clause providing that all their claims related in any way to their agreement with Fenix and/or their use of the OnlyFans.com website are governed by English law, which precludes the U.S. law-based claims they assert in their Complaint;

- Plaintiffs fail to state a RICO or RICO conspiracy claim because they fail to allege the existence of a racketeering enterprise, do not plead cognizable damages, do not plead that the Defendants formed a conspiracy to violate RICO or commit wire fraud, and do not plead that Fenix had specific intent to defraud Plaintiffs;

- Plaintiffs fail to state a Video Privacy Protection Act claim because they fail to allege that Fenix or the Agency Defendants knowingly disclosed their personal identifiable information to third parties, and the Agency Defendants are not video tape service providers;

- Plaintiffs fail to state a California Invasion of Privacy Act claim because they consented to the alleged conduct, and otherwise fail to plead that their communications were unlawfully intercepted;

-3-

JOINT RULE 26(f) REPORT

- Plaintiffs fail to state a Federal Wiretap Act claim because a violation of the Wiretap Act cannot occur if any of the parties to the communication—here, the Agency Defendants—has given prior consent to such interception; and

- Plaintiffs' remaining California state law claims are each barred by OnlyFans' Terms of Service, which fatally undermine Plaintiffs' theories that Fenix misled them into purchasing chat services offered by OnlyFans Creators, or had a duty to prevent other people from misleading Plaintiffs about those services.

**B.     Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class Member is of diverse citizenship from one Defendant, there are more than 100 Class Members, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.  Subject matter jurisdiction also arises under 28 U.S.C. § 1961, et seq., based upon the federal RICO claims asserted under 18 U.S.C. § 1961, et seq.

**C.     Legal Issues**

1.     <u>Plaintiffs' Statement</u>.

The Complaint raises the following legal issues, some of which are mixed questions of law and fact:

**a.**     Whether this case can be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure?

**b.**     Whether Defendants engaged in or conspired to engage in a RICO enterprise that harmed Plaintiffs and putative class

-4-

members?

**c.** Whether OnlyFans breached their contracts with Plaintiffs and putative class members?

**d.** Whether OnlyFans committed fraud or fraud by concealment against putative class members?

**e.** Whether OnlyFans committed deceit under Cal. Code §§ 1709 & 1710?

**f.** Whether OnlyFans violated California False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.?

**g.** Whether OnlyFans violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17201?

**h.** Whether Defendants are liable to putative class members under the Video Privacy Protection Act, 18 U.S.C. § 2710?

**i.** Whether Defendants violated the California Invasion of Privacy Act, Cal. Penal Code § 630 et seq.?

**j.** Whether Defendants violated the Federal Wire Tap Act, 18 U.S.C. § 2510 et seq.?

**k.** Whether putative class members are entitled to injunctive relief?

**l.** Whether the Court has personal jurisdiction over OnlyFans?

**m.** Whether putative class members are entitled to costs, attorney's fees, restitution, damages, and/or disgorgement?

011194-11/2965085 V1

**n.** Whether putative class members are entitled to pre- and post-judgment interest on any amounts awarded?

**o.** Whether putative class members are entitled to trebled damages under 18 U.S.C. § 1964(c).

**p.** Whether putative class members are entitled to punitive damages?

In addition to the foregoing, there is a pending Motion to Dismiss for Forum Non Conveniens ("FNC Motion") filed by Fenix Defendants. The Motion has been fully briefed. The Motion seeks to dismiss the case on forum non conveniens grounds and Plaintiffs have opposed. Plaintiffs also anticipate that Defendants will argue that this court lacks personal jurisdiction over Defendants, and will file a Motion to Dismiss on that ground if the FNC Motion is denied.

2. <u>Defendants' Statement</u>.

Defendants believe that, in addition to the questions raised in the Plaintiffs' Statement above, the Complaint also raises the following legal issues:

**a.** Whether Plaintiffs can proceed in this case pseudonymously, without using their real names?

**b.** Whether Plaintiffs are bound by the forum-selection clause found in the OnlyFans Terms of Service?

**c.** Whether the forum-selection clause selecting the courts of England as the appropriate forum should be enforced?

**d.** Whether the Court has personal jurisdiction over the Fenix Defendants?

**e.** Whether Plaintiffs' Complaint fails to state a claim upon which

JOINT RULE 26(f) REPORT

011194-11/2965085 V1

relief can be granted as to all Defendants?

**f.**   Whether Plaintiffs' recoverable damages, according to proof, were proximately caused by Defendants?

**g.**   Whether allowing this lawsuit to proceed as a class action is appropriate?

**D.   Damages**

1.   <u>Plaintiffs' Statement</u>.

Plaintiffs', on behalf of themselves and putative class members, seek costs, restitution, damages, and/or disgorgement against Defendants for the actions described in the complaint. Plaintiffs and the putative class also seek pre- and post-judgment interest on awarded damages, trebled damages under 18 U.S.C. § 1964(c), and punitive damages. Plaintiffs and putative class members also seek an award of attorneys' fees and costs for litigating this action.

2.   <u>Defendants' Statement</u>.

Defendants deny that Plaintiffs are entitled to damages or attorneys' fees of any kind, and believe this action should be dismissed for forum non conveniens as to all defendants, lack of personal jurisdiction as to the Fenix Defendants, and failure to state a claim as to all Defendants.

**E.   Parties and Evidence**

The parties in this case are Plaintiffs N.Z., R.M., B.L., S.M., and A.L., and Defendants Fenix International Limited, Fenix Internet LLC, Content X, Inc., Elite Creators LLC, Moxy Management, Verge Agency, Inc., Unruly Agency LLC, and Behave Agency LLC.

1.   <u>Plaintiffs' Statement on Evidence</u>.

Plaintiffs N.Z., R.M., B.L., S.M., and A.L. are all percipient witnesses, as well as the creators they interacted with, including but not necessarily limited to:

-7-
JOINT RULE 26(f) REPORT

Breckie Hill, Sara Underwood, Nicky Gile, Stafanie Gurzanski, Sky Bri, Kaitlin Trujillo, McKinley Richardson, Chyanne Burden, Claire Stone, Emily Elizabeth, Briana Armbruster, Sierra Skye, Tina Louise, Kayla Lauren, Anna Louise, Ryann Murphy, Chloe Rosenbaum, Mathilde Tantot, Pauline Tantot, Summer Soderstrom, Kaitlyn Krems, Jane Wilde, Bella Thorne, Abella Danger, Stephanie Landor, Bri Jordan, Julia Piccolino, Carolina Samani, Cristy Senskey, Tara Electra, Kinsey, Kayla Simmons, Katie Williams, Mikayla Demaiter, Elseana Panzer, Jostasy Nick, and Nala.

Defendants' have not yet provided their initial disclosure, but each Defendant will have multiple percipient witnesses that will need to be deposed, in addition to 30(b)(6) witnesses for each defendant.

Plaintiffs do not anticipate the likely appearance of additional parties.

2.    Defendants' Statement.

In addition to the percipient witnesses identified in Plaintiffs' Statement on Evidence, Defendants expect that third parties that have personal knowledge related to Plaintiffs' claims will need to be deposed and may constitute percipient witnesses in this litigation.

Defendants do not anticipate the likely appearance of additional parties.

**F.    Insurance**

1.    Plaintiffs' Statement.

For each Plaintiff, there are no relevant insurance policies.

2.    Defendants' Statement.

Defendants are investigating potential insurance coverage and will supplement this report as necessary.

011194-11/2965085 V1

**G.   Manual for Complex Litigation**

The Parties agree that the Manual for Complex Litigation is instructive and that it may assist the Parties in efficiently litigating these complex consolidated actions, but the Parties do not believe that it is necessary to adopt any specific provisions at this time.

**H.   Motions**

1.   <u>Plaintiffs' Statement</u>.

Plaintiffs anticipate filing a motion for class certification. Plaintiffs may also move for default judgment on Defendants Boss Baddies LLC and A.S.H. Agency, as both entities were served but they have failed to appear in this case. Other than those motions, Plaintiffs do not anticipate filing any other motion at this time, but reserve the right and anticipate they will likely contemplate and file other motions, such as, but not limited to, *Daubert* motions and motions in limine, in the future.

2.   <u>Defendants' Statement</u>.

Defendants anticipate filing additional motions to dismiss if the motion to dismiss for forum non conveniens is denied. Fenix Defendants anticipate filing a motion to dismiss for lack of personal jurisdiction, and all Defendants anticipate filing a motion to dismiss for failure to state a claim. Defendants do not anticipate filing any other motion at this time, but reserve the right and anticipate they will likely contemplate and file other motions as the need arises.

**I.   Dispositive Motions**

1.   <u>Plaintiffs' Statement</u>.

Other than filing the motions for default as identified in Section H above, Plaintiffs do not anticipate filing any additional dispositive motions at this time, but reserve the right to do so.

JOINT RULE 26(f) REPORT

2.    <u>Defendants' Statement</u>.

Other than filing the motions to dismiss identified in Section H above if the FNC Motion is denied by the Court, Defendants do not anticipate filing any additional dispositive motions at this time, but reserve the right to do so in the future, including but not limited to motions for summary judgment at the appropriate time.

**J.    Status of Discovery**

1.    <u>Plaintiffs' Statement</u>.

No discovery has taken place, although Plaintiffs are prepared to exchange discovery. But the parties, pursuant to a stipulation described below, agree that discovery should not begin until the Court resolves the FNC Motion. Plaintiffs believe that discovery should open once the Court issues an order regarding the FNC Motion. Even if the Fenix Defendants are dismissed, which is highly unlikely, the case will still go forward against the Agency Defendants. No Agency Defendant has sought dismissal under a forum non conveniens theory, and the Fenix Defendants do not seek to dismiss the Agency Defendants. Indeed, the Agency Defendants only indicated their "non-opposition" to the Fenix Defendants' FNC Motion; they never joined the motion or affirmatively sought dismissal. As such, the case against the Agency Defendants—and likely Fenix Defendants—will go forward no matter what happens with the Fenix Defendants' FNC Motion. For these reasons, Plaintiffs believe that discovery should begin once the Court issues and order regarding the FNC Motion.

Defendants, however, believe that discovery should not open until the Court decides the anticipated motions to dismiss. Plaintiffs believe this unnecessarily delays the action because (1) the likelihood of this case being dismissed in its entirety against all Defendants is zero; (2) even if OnlyFans is dismissed, which Plaintiffs believe is not likely to happen, the case against the Agency Defendants

JOINT RULE 26(f) REPORT

will go forward; and (3) there is no basis in law or fact to further delay discovery. The only reason Plaintiffs agreed to delay discovery with respect to the FNC Motion is because the existence or non-existence of OnlyFans as a party will help inform the coordination of discovery. But once that issue is resolved, the parties can move forward with discovery without delay.

Notwithstanding the foregoing, it is also Plaintiffs' position that all parties should work together to negotiate and finalize a protective order and ESI protocols before the start of formal discovery. Defendants vaguely agreed to do so, but Plaintiffs believe an order requiring them to do so would help facilitate discovery. Notably, it is not an undue burden on Defendants, including Fenix Defendants, to require them to negotiate and finalize a protective order and ESI protocols, and such documents take an inordinate amount of time to finalize in modern, complex litigation. To help facilitate this process, Plaintiffs will send draft protocols and a protective order for review and comment prior to the Case Management Conference. Plaintiffs have also agreed to send a letter informing Defendants of what topics they seek in discovery to help facilitate the negotiation of ESI protocols.

2. <u>Defendants' Statement</u>.

No discovery has taken place. The parties, pursuant to a stipulation, agree that discovery should not begin until *at least* after the Court resolves the FNC Motion. If the Fenix Defendants are dismissed pursuant to the FNC Motion, which Defendants believe is likely, the Agency Defendants believe the case should be dismissed in its entirety because: (i) of the lack of an indispensable party to the case pursuant to FRCP 19; and (ii) allowing this case to be simultaneously litigated in different forums across the globe would risk inconsistent rulings in different courts on identical or substantially similar issues and risk unnecessarily wasting judicial

011194-11/2965085 V1

1  resources of multiple jurisdictions. Defendants believe that it is far from certain that
2  the case will go forward if the Fenix Defendants' FNC Motion is granted.

3        Plaintiffs believe that discovery should open once the Court has issued an
4  order regarding the FNC Motion. But if the Fenix Defendants' FNC Motion is
5  denied, the Defendants anticipate filing potentially dispositive motions to dismiss.
6  The Fenix Defendants intend to file a motion to dismiss for lack of personal
7  jurisdiction and failure to state a claim, and the Agency Defendants intend to file
8  motions to dismiss for failure to state a claim. Defendants believe it would be
9  inappropriate and unnecessary to open discovery before the Court has decided
10 whether it has personal jurisdiction over a potentially necessary and indispensable
11 party to the case, as well as whether Plaintiffs can state a claim against any of the
12 Defendants in this action.

13       Nor would keeping discovery closed until resolution of the motions to
14 dismiss unnecessarily delay the action. It is possible that all Defendants will be
15 dismissed, and even if they are not, starting discovery after resolution of the
16 dispositive motions to dismiss would still allow for ample time to conduct
17 discovery under either Plaintiffs' or Defendants' proposed case schedule.

18       Defendants agree that it is important to work together to prepare for
19 discovery in the event that the Court denies the FNC Motion and other motions to
20 dismiss that Defendants anticipate filing in the event of a denial of the FNC
21 Motion. However, Defendants believe it would be premature to order negotiation
22 and finalization of a protective order and ESI protocols before the Court has
23 decided the FNC Motion or other dispositive motions, including those determining
24 whether the Court has personal jurisdiction over the Fenix Defendants. Defendants
25 believe the parties should minimize the distraction and cost that such preparation
26 would entail to the extent possible, given the lengthy proposed case schedules
27 proposed by the parties and the likely dismissal of the entire action. Nevertheless,
28 Defendants have agreed to review Plaintiffs' proposals in good faith and respond

JOINT RULE 26(f) REPORT

accordingly, and believe an order would impose an arbitrary and premature deadline, and ultimately create unnecessary complications to the smooth administration of the case.

**K.    Discovery Plan**

1.    <u>Duty to preserve evidence</u>

Without waiving any privilege, counsel for Plaintiffs have helped each Plaintiff identify and preserve discoverable evidence. Each Plaintiff is aware of their preservation obligations and each has agreed to preserve discoverable evidence.

Without waiving any privilege, counsel for Defendants have also identified and preserved discoverable evidence. Each Defendant is aware of their preservation obligations and each has agreed to preserve discoverable evidence.

2.    <u>Anticipated Discovery-Related Order and Rule Modifications</u>

Plaintiffs do not anticipate needing adjustments to Rule 33, 34, or 35 of the Federal Rules of Civil Procedure, but reserve the right to seek modifications in the future.

Plaintiffs believe, for the reasons, already stated that discovery should open once the FNC Motion is decided, and that an order requiring the Parties to negotiate and finalize an ESI order and protective order before the start of discovery would help facilitate discovery going forward.

Defendants do not anticipate needing adjustments to Rule 33, 34, or 35 of the Federal Rules of Civil Procedure, but reserve the right to seek modifications in the future.

Defendants believe, for the reasons stated above, that discovery should only commence once the dispositive motions are decided, including the anticipated motions to dismiss for lack of personal jurisdiction and failure to state a claim that

011194-11/2965085 V1

will be filed if the FNC Motion is denied. For the same reasons, Defendants believe that initial disclosures are not appropriate at this early stage of the case and should be exchanged after the motions above are decided. *See* Fed. R. Civ. P 26(a)(1)(C). Defendants believe that there is no justification for any order regarding ESI and a protective order at this time.

3.     Positions on Discovery Needed

Plaintiffs' Position: Plaintiffs anticipate conducting discovery, as follows, and as illustrated by their proposed discovery schedule.

- Plaintiffs will serve Requests for Production and Interrogatories on all parties when discovery opens.
- Defendants will produce all go-get documents within 30-days of discovery opening. Go-get documents are those that can be identified, reviewed, and disclosed without the use of ESI protocols.  In other words, all hard copy or readily-available electronic documents that can be identified as responsive to the discovery without using search terms or technology assisted review.
- It is likely that Defendants will object to Plaintiffs' discovery responses. Plaintiffs anticipate resolving those objections or presenting them to the Court within 30 days of receipt.
- Defendants will produce ESI on a rolling basis immediately after all discovery disputes regarding Requests for Production are resolved.
- Defendants will start taking percipient witnesses approximately 40 days after Defendants' responses to Plaintiffs' Requests for Production are complete. This will allow time for Plaintiffs to review all documents and begin preparing deposition outlines.
- Plaintiffs will disclose experts related to class certification 240 days after the ruling on Defendants' motion(s) to dismiss. Defendants will serve

rebuttal reports 45 days later.  The parties will complete expert discovery on class certification experts within 45 days of Defendants' rebuttal, including all depositions and document discovery.

- Plaintiffs' class certification motion will be due 30 days after class certification expert cutoff.  Defendants' response is due 35 days later, and Plaintiffs' reply is due 28 days after the response.

- The Parties will then complete all discovery, including expert discovery that was raised during class certification. Plaintiffs propose the following:
  - Initial disclosure of experts due 60 days after the ruling on the Class Certification Motion. Rebuttal experts are due 45 days later.
  - Expert and Fact Discovery Cutoff:  45 days after rebuttal expert disclosure.

- Dispositive and Daubert Motion Deadline for all parties, same day as discovery cutoff. Response due 35 days later. Replies due 28 days later.

A proposed schedule reflecting the foregoing (as well as Defendants' proposed schedule) is attached as Exhibit A.

Defendants' Position: Defendants anticipate conducting discovery as follows, and as illustrated by their proposed discovery schedule.

- Defendants will serve Requests for Production and Interrogatories on all parties when discovery opens.

- Plaintiffs will produce all go-get documents within 30 days of discovery opening. Go-get documents are those that can be identified, reviewed, and disclosed without the use of ESI protocols. In other words, all hard copy or readily-available electronic documents that can be identified as responsive to the discovery request without using search terms or technology-assisted review.

- It is likely that Plaintiffs will object to Defendants' discovery responses. Defendants anticipate resolving those objections or presenting them to the Court within 30 days of receipt.
- Plaintiffs will produce ESI on a rolling basis immediately after all discovery disputes regarding Requests for Production are resolved.
- Defendants will start deposing percipient witnesses approximately 40 days after Plaintiffs' responses to Defendants' Requests for Production are complete. This will allow time for Defendants to review all documents and begin preparing deposition outlines.
- Defendants will disclose experts related to class certification 240 days after the ruling on Defendants' motion(s) to dismiss. Plaintiffs will serve rebuttal reports 45 days later. The parties will complete expert discovery on class certification experts within 45 days of Plaintiffs' rebuttal, including all depositions and document discovery.
- Plaintiffs' class certification motion will be due 30 days after the class certification expert cutoff. Defendants' response is due 35 days later, and Plaintiffs' reply is due 28 days after the response.
- The Parties will then complete all discovery, including expert discovery that was raised during class certification. Defendants propose the following:
  - Fact discovery cutoff: 60 days after the ruling on the Class Certification Motion.
  - Expert disclosures due 7 days after fact discovery cutoff. Rebuttal experts are due 45 days later.
  - Expert discovery cutoff: 45 days after rebuttal expert disclosures.

- Dispositive and Daubert Motion Deadline for all parties: 30 days after expert discovery cutoff. Responses due 35 days later. Replies due 28 days later.

A proposed schedule reflecting the foregoing is attached as Exhibit A.

4.      Phasing Discovery

The parties do not believe that phasing discovery is necessary, but recognize that certain discovery can be completed after the resolution of the Motion for Class Certification. The parties will work in good faith to ensure all discovery is completed in a timely manner.

**L.      Settlement Conference and Alternative Dispute Resolution ("ADR")**

1.      Plaintiffs' Statement. The parties agree to conduct private mediation after the Court resolves the Motion for Class Certification, and propose that the ADR deadline should be the same day as the discovery cutoff date.

2.      Defendants' Statement. The parties agree to conduct private mediation, and propose that the ADR deadline should be three weeks after the deadline for dispositive motion replies to be filed, as identified in Defendants' proposed dates in the Schedule Worksheet attached as Exhibit B.

011194-11/2965085 V1

**M.    Trial Estimate**

The parties believe that they are unable to accurately estimate how many trial days will be necessary to resolve this case. The parties respectfully propose that they submit a proposed trial schedule by the discovery cutoff deadline.

**N.    Trial Counsel**

1.    <u>For Plaintiffs.</u>

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003

2.    <u>For Defendants Fenix International Limited and Fenix Internet LLC.</u>

Jason D. Russell (SBN 169219)
Peter B. Morrison (SBN 230148)
Hillary A. Hamilton (SBN 218233)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067

3.    <u>For Defendant Content X, Inc.</u>

Nithin Kumar (SBN 300607)
KINGFISHER LAW APC
P.O. Box 492415
Los Angeles, CA 90049

4.    <u>For Defendant Elite Creators LLC.</u>

Michael A. Gehret (SBN 247869)
Trinity Jordan (*Pro Hac Vice*)
DENTONS DURHAM JONES PINEGAR, P.C.
111 South Main Street, Ste. 2400
Salt Lake City, Utah 84111

5.    <u>For Defendant Moxy Management.</u>

Oliver Rocos (SBN 319059)
Barr Benyamin (SBN 318996)

-18-

JOINT RULE 26(f) REPORT

BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067

6.    For Defendant Verge Agency, Inc.

Allen Sattler (SBN 321086)
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
3420 Bristol Street, 6th Floor
Costa Mesa, CA 92626

**O.    Magistrate Judge**

Per ECF No. 2, this case was assigned to District Judge Fred W. Slaughter and Magistrate Judge Stephanie S. Christensen. The parties do not consent to trial before a Magistrate Judge.

**P.    Independent Expert or Master**

The parties do not believe that an independent scientific expert or master is necessary at this time, but reserve the right to request one in the future.

**Q.    Schedule Worksheet**

The required worksheet is attached hereto as Exhibit B. In addition, the Parties believe that the Court should establish a schedule for class certification proceedings. While the parties are aware of and acknowledge the Court's preferred schedule, this case will need additional time because it will take several months to resolve the FNC Motion and the motions to dismiss that Defendants intend on filing, as well as the motion for class certification that Plaintiffs intend to file. Additionally, given the number of parties, the complexity of the claims, and the necessity of moving for class certification, the parties present an alternative schedule and ask the Court to adopt one of the schedules proposed by the Parties.

Because the Schedule Worksheet does not reflect all of the required dates for a class case, Plaintiffs' proposed schedule and Defendants' proposed schedule are attached hereto as Exhibit A.

JOINT RULE 26(f) REPORT

**R.    Other Issues**

    1.    <u>Plaintiffs' Statement</u>.

Plaintiffs do not have any other issues at this time.

    2.    <u>Defendants' Statement</u>.

Defendants do not have any other issues at this time.

DATED:  January 23, 2025        Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____ */s/ Robert B. Carey* _____
ROBERT B. CAREY
*Attorneys for Plaintiffs*

***Pursuant to CIV. L.R. 5-4.3.4(a)(2)(i), all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.***

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____ */s/ Jason D. Russell* _____
JASON D. RUSSELL
*Attorneys for Specially Appearing Defendants*
Fenix International Limited and Fenix Internet LLC

KINGFISHER LAW APC

By: _____ */s/ Nithin Kumar* _____
NITHIN KUMAR
*Attorney for Defendant*
Content X, Inc.

DENTONS US LLP

By: _____ */s/ Michael Gehret* _____
MICHAEL GEHRET
*Attorneys for Defendant*
Elite Creators LLC

-20-
JOINT RULE 26(f) REPORT

1
2   BIRD, MARELLA, RHOW, LINCENBERG, DROOKS
    & NESSIM, LLP
3
4   By:_____/s/ Oliver Rocos_____
                    OLIVER ROCOS
5               *Attorneys for Defendant*
                  Moxy Management
6
7   CONSTANGY BROOKS SMITH AND PROPHETE
    LLP
8
9   By:_____/s/ Younjin Lee_____
                    YOUNJIN LEE
10              *Attorneys for Defendant*
                  Verge Agency, Inc.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-21-

JOINT RULE 26(f) REPORT