Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email:  christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile:  (602) 840-3012
Email:  rob@hbsslaw.com
        leonarda@hbsslaw.com
        michellak@hbsslaw.com

*Attorneys for Plaintiffs*

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>Assigned to Hon. Fred W. Slaughter<br><br>**AMENDED JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br><br>Date: February 20, 2025<br>Time: 9:00 a.m. PST<br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10B |

Plaintiffs N.Z., R.M., B.L., S.M., and A.L. (collectively, "Plaintiffs"),
Defendants Fenix International Limited and Fenix Internet LLC (collectively, the
"Fenix Defendants"), and Defendants Content X, Inc., Elite Creators LLC, Moxy
Management, Verge Agency, Inc. (collectively, the "Agency Defendants,"
collectively with the Fenix Defendants, "Defendants," and collectively with
Plaintiffs, the "Parties") hereby jointly submit the following Amended Rule 26(f)
Report.

**A.    Statement of the Case**

1.    <u>Plaintiffs' Statement</u>.

Fenix Defendants run OnlyFans.com ("OnlyFans"), an online social media,
content sharing, and video sharing platform. OnlyFans promotes direct and personal
interaction between "Creators," who create online content, and "Fans," who
purchase or otherwise pay for that content as subscribing members. To distinguish
itself from other online platforms—and at the heart of its business model—
OnlyFans claims to offer a more personal and direct connection to Creators.
OnlyFans promises an "authentic connection" between Fans and Creators and
promises Fans that they will be able to "direct message" with a Creator when they
subscribe, which is a private interaction between the Fan and the Creator outside of
the public view. OnlyFans then monetizes those connections by collecting 20% of
all subscription fees, as well as 20% of any pay-per-view fees and tips that are
elicited by the Creators through those "direct interactions."

Unbeknownst to Fans, most Creators' accounts are not run by the Creator but
are run entirely by a third-party agency. Each of the Agency Defendants is an
agency that runs multiple Creator accounts on OnlyFans. Each Plaintiff is a "Fan"
who subscribed to at least one OnlyFans account managed by an Agency
Defendant.

011194-11/2965085 V1

1    Rather than provide the direct connection between Plaintiffs and their

2  represented Creators as promised, the Agency Defendants employ professional

3  chatters who impersonate the Creators. Using manipulative tactics that prey on

4  psychological biases and vulnerabilities, chatters are trained to exploit emotional

5  connections by pretending to be the Creators when direct messaging with the Fans.

6  They never reveal they are not the Creators; and, if questioned, they lie to conceal

7  the impersonation. The Agency Defendants perpetrate these lies to elicit

8  subscription fees, pay-per-view fees, and tips from the Fans. Like the Fenix

9  Defendants, the Agency Defendants keep a portion of all fees collected on behalf of

10  the Creators.

11    The Fenix Defendants are not only aware of, they allow the use of agencies

12  and chatters on the OnlyFans platform—even though it violates OnlyFans' terms of

13  service—because it increases their revenue exponentially. Plaintiffs bring this

14  action because OnlyFans' business model is a fraud and they did not know.

15  Plaintiffs were unaware that Defendants engaged in a scheme to deceive Fans into

16  believing that that were communicating "directly" with the Creators, when, in

17  Plaintiffs' case, they were actually interacting with professional chatters pretending

18  to be the Creators.

19    2.    Defendants' Statement.

20    Plaintiffs bring this putative class action lawsuit against Fenix International

21  Limited, which operates the website OnlyFans.com, and Fenix Internet, which

22  provides payment-processing assistance to Fenix International Limited in the

23  United States, as a Defendant (collectively, "Fenix" or "Fenix Defendants").

24  Plaintiffs also name various Agency Defendants, including Content X, Inc., Elite

25  Creators LLC, Moxy Management, and Verge Agency, Inc.

26    Plaintiffs' Complaint is fatally flawed for various reasons, including but not

27  limited to:

28

- In bringing this action in this Court, Plaintiffs ignore the binding forum-selection clause that Plaintiffs repeatedly agreed to in the OnlyFans.com Terms of Service, which requires Plaintiffs to bring their claims in the courts of England.

- The Court does not have personal jurisdiction over either Fenix entity. The Court does not have general jurisdiction over Fenix because they are not incorporated or headquartered in California, and do not otherwise have such continuous and systematic contacts that they are essentially at home in California. The Court does not have specific jurisdiction over Fenix because they do not have sufficient minimum contacts with California, the Plaintiffs' claims do not arise out of or relate to Fenix's connections with California, and requiring Fenix to defend this lawsuit in California would be unreasonable.

- Plaintiffs agreed to a choice-of-law clause providing that all their claims related in any way to their agreement with Fenix and/or their use of the OnlyFans.com website are governed by English law, which precludes the U.S. law-based claims they assert in their Complaint;

- Plaintiffs fail to state a RICO or RICO conspiracy claim because they fail to allege the existence of a racketeering enterprise, do not plead cognizable damages, do not plead that the Defendants formed a conspiracy to violate RICO or commit wire fraud, and do not plead that Fenix had specific intent to defraud Plaintiffs;

- Plaintiffs fail to state a Video Privacy Protection Act claim because they fail to allege that Fenix or the Agency Defendants knowingly disclosed their personal identifiable information to third parties, and the Agency Defendants are not video tape service providers;

-3-
AMENDED JOINT RULE 26(f) REPORT

- Plaintiffs fail to state a California Invasion of Privacy Act claim because they consented to the alleged conduct, and otherwise fail to plead that their communications were unlawfully intercepted;
- Plaintiffs fail to state a Federal Wiretap Act claim because a violation of the Wiretap Act cannot occur if any of the parties to the communication—here, the Agency Defendants—has given prior consent to such interception; and
- Plaintiffs' remaining California state law claims are each barred by OnlyFans' Terms of Service, which fatally undermine Plaintiffs' theories that Fenix misled them into purchasing chat services offered by OnlyFans Creators, or had a duty to prevent other people from misleading Plaintiffs about those services.

**B.    Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class Member is of diverse citizenship from one Defendant, there are more than 100 Class Members, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Subject matter jurisdiction also arises under 28 U.S.C. § 1961, et seq., based upon the federal RICO claims asserted under 18 U.S.C. § 1961, et seq.

**C.    Legal Issues**

1.    <u>Plaintiffs' Statement</u>.

The Complaint raises the following legal issues, some of which are mixed questions of law and fact:

a.    Whether this case can be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure?

AMENDED JOINT RULE 26(f) REPORT

**b.**  Whether Defendants engaged in or conspired to engage in a RICO enterprise that harmed Plaintiffs and putative class members?

**c.**  Whether OnlyFans breached their contracts with Plaintiffs and putative class members?

**d.**  Whether OnlyFans committed fraud or fraud by concealment against putative class members?

**e.**  Whether OnlyFans committed deceit under Cal. Code §§ 1709 & 1710?

**f.**  Whether OnlyFans violated California False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.?

**g.**  Whether OnlyFans violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17201?

**h.**  Whether Defendants are liable to putative class members under the Video Privacy Protection Act, 18 U.S.C. § 2710?

**i.**  Whether Defendants violated the California Invasion of Privacy Act, Cal. Penal Code § 630 et seq.?

**j.**  Whether Defendants violated the Federal Wire Tap Act, 18 U.S.C. § 2510 et seq.?

**k.**  Whether putative class members are entitled to injunctive relief?

**l.**  Whether the Court has personal jurisdiction over OnlyFans?

AMENDED JOINT RULE 26(f) REPORT

**m.**    Whether putative class members are entitled to costs, attorney's
fees, restitution, damages, and/or disgorgement?

**n.**    Whether putative class members are entitled to pre- and post-
judgment interest on any amounts awarded?

**o.**    Whether putative class members are entitled to trebled damages
under 18 U.S.C. § 1964(c).

**p.**    Whether putative class members are entitled to punitive
damages?

In addition to the foregoing, there is a pending Motion to Dismiss for Forum
Non Conveniens ("FNC Motion") filed by Fenix Defendants. The Motion has been
fully briefed. The Motion seeks to dismiss the case on forum non conveniens
grounds and Plaintiffs have opposed. Plaintiffs also anticipate that Defendants will
argue that this court lacks personal jurisdiction over Defendants, and will file a
Motion to Dismiss on that ground if the FNC Motion is denied.

2.    <u>Defendants' Statement</u>.

Defendants believe that, in addition to the questions raised in the Plaintiffs'
Statement above, the Complaint also raises the following legal issues:

**a.**    Whether Plaintiffs can proceed in this case pseudonymously,
without using their real names?

**b.**    Whether Plaintiffs are bound by the forum-selection clause
found in the OnlyFans Terms of Service?

**c.**    Whether the forum-selection clause selecting the courts of
England as the appropriate forum should be enforced?

**d.**    Whether the Court has personal jurisdiction over the Fenix

-6-
AMENDED JOINT RULE 26(f) REPORT

Defendants?

**e.** Whether Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to all Defendants?

**f.** Whether Plaintiffs' recoverable damages, according to proof, were proximately caused by Defendants?

**g.** Whether allowing this lawsuit to proceed as a class action is appropriate?

**D.   Damages**

1.   Plaintiffs' Statement.

Plaintiffs', on behalf of themselves and putative class members, seek costs, restitution, damages, and/or disgorgement against Defendants for the actions described in the complaint. Plaintiffs and the putative class also seek pre- and post-judgment interest on awarded damages, trebled damages under 18 U.S.C. § 1964(c), and punitive damages. Plaintiffs and putative class members also seek an award of attorneys' fees and costs for litigating this action.

2.   Defendants' Statement.

Defendants deny that Plaintiffs are entitled to damages or attorneys' fees of any kind, and believe this action should be dismissed for forum non conveniens as to all defendants, lack of personal jurisdiction as to the Fenix Defendants, and failure to state a claim as to all Defendants.

**E.   Parties and Evidence**

The parties in this case are Plaintiffs N.Z., R.M., B.L., S.M., and A.L., and Defendants Fenix International Limited, Fenix Internet LLC, Content X, Inc., Elite Creators LLC, Moxy Management, Verge Agency, Inc., Unruly Agency LLC, and Behave Agency LLC.

011194-11/2965085 V1

1.    Plaintiffs' Statement on Evidence.

Plaintiffs N.Z., R.M., B.L., S.M., and A.L. are all percipient witnesses, as well as the creators they interacted with, including but not necessarily limited to: Breckie Hill, Sara Underwood, Nicky Gile, Stafanie Gurzanski, Sky Bri, Kaitlin Trujillo, McKinley Richardson, Chyanne Burden, Claire Stone, Emily Elizabeth, Briana Armbruster, Sierra Skye, Tina Louise, Kayla Lauren, Anna Louise, Ryann Murphy, Chloe Rosenbaum, Mathilde Tantot, Pauline Tantot, Summer Soderstrom, Kaitlyn Krems, Jane Wilde, Bella Thorne, Abella Danger, Stephanie Landor, Bri Jordan, Julia Piccolino, Carolina Samani, Cristy Senskey, Tara Electra, Kinsey, Kayla Simmons, Katie Williams, Mikayla Demaiter, Elseana Panzer, Jostasy Nick, and Nala.

Defendants' have not yet provided their initial disclosure, but each Defendant will have multiple percipient witnesses that will need to be deposed, in addition to 30(b)(6) witnesses for each defendant.

Plaintiffs do not anticipate the likely appearance of additional parties.

2.    Defendants' Statement.

In addition to the percipient witnesses identified in Plaintiffs' Statement on Evidence, Defendants expect that third parties that have personal knowledge related to Plaintiffs' claims will need to be deposed and may constitute percipient witnesses in this litigation.

Defendants do not anticipate the likely appearance of additional parties.

**F.    Insurance**

1.    Plaintiffs' Statement.

For each Plaintiff, there are no relevant insurance policies.

-8-

AMENDED JOINT RULE 26(f) REPORT

2.      Defendants' Statement.

Defendants are investigating potential insurance coverage and will supplement this report as necessary.

**G.      Manual for Complex Litigation**

The Parties agree that the Manual for Complex Litigation is instructive and that it may assist the Parties in efficiently litigating these complex consolidated actions, but the Parties do not believe that it is necessary to adopt any specific provisions at this time.

**H.      Motions**

1.      Plaintiffs' Statement.

Plaintiffs anticipate filing a motion for class certification. Plaintiffs may also move for default judgment on Defendants Boss Baddies LLC and A.S.H. Agency, as both entities were served but they have failed to appear in this case. Other than those motions, Plaintiffs do not anticipate filing any other motion at this time, but reserve the right and anticipate they will likely contemplate and file other motions, such as, but not limited to, *Daubert* motions and motions in limine, in the future.

2.      Defendants' Statement.

Defendants anticipate filing additional motions to dismiss if the motion to dismiss for forum non conveniens is denied. Fenix Defendants anticipate filing a motion to dismiss for lack of personal jurisdiction, and all Defendants anticipate filing a motion to dismiss for failure to state a claim. Defendants do not anticipate filing any other motion at this time, but reserve the right and anticipate they will likely contemplate and file other motions as the need arises.

AMENDED JOINT RULE 26(f) REPORT

011194-11/2965085 V1

## I.    Dispositive Motions

1.    <u>Plaintiffs' Statement</u>.

Other than filing the motions for default as identified in Section H above, Plaintiffs do not anticipate filing any additional dispositive motions at this time, but reserve the right to do so.

2.    <u>Defendants' Statement</u>.

Other than filing the motions to dismiss identified in Section H above if the FNC Motion is denied by the Court, Defendants do not anticipate filing any additional dispositive motions at this time, but reserve the right to do so in the future, including but not limited to motions for summary judgment at the appropriate time.

## J.    Status of Discovery

1.    <u>Plaintiffs' Statement</u>.

No discovery has taken place, although Plaintiffs have disclosed their Initial Disclosure Statement. Given the proposed hard deadlines and the tight schedule, Plaintiffs believe that discovery should open in a month, especially since some version of the case will go forward against the Agency Defendants. No Agency Defendant has sought dismissal under a forum non conveniens theory, and the Fenix Defendants do not seek to dismiss the Agency Defendants. Indeed, the Agency Defendants only indicated their "non-opposition" to the Fenix Defendants' FNC Motion; they never joined the motion or affirmatively sought dismissal. As such, the case against the Agency Defendants—and likely Fenix Defendants—will go forward no matter what happens with the Fenix Defendants' FNC Motion. For these reasons, Plaintiffs believe that discovery should begin as soon as possible— and propose 30 days to organize—which should give the Court sufficient time to rule on the pending motions.

011194-11/2965085 V1

Defendants, however, believe that discovery should not open until the Court decides the anticipated motions to dismiss. Plaintiffs believe this unnecessarily delays the action because (1) the likelihood of this case being dismissed in its entirety against all Defendants is zero; (2) even if OnlyFans is dismissed, which Plaintiffs believe is not likely to happen, the case against the Agency Defendants will go forward; and (3) there is no basis in law or fact to further delay discovery. The only reason Plaintiffs agreed to delay discovery with respect to the FNC Motion is because the existence or non-existence of OnlyFans as a party will help inform the coordination of discovery. But once that issue is resolved, the parties can move forward with discovery without delay.

Notwithstanding the foregoing, it is also Plaintiffs' position that all parties should work together to negotiate and finalize a protective order and ESI protocols before the start of formal discovery. Defendants vaguely agreed to do so, but Plaintiffs believe an order requiring them to do so would help facilitate discovery. Notably, it is not an undue burden on Defendants, including Fenix Defendants, to require them to negotiate and finalize a protective order and ESI protocols, and such documents take an inordinate amount of time to finalize in modern, complex litigation. To help facilitate this process, Plaintiffs will send draft protocols and a protective order for review and comment prior to the Case Management Conference. Plaintiffs have also agreed to send a letter informing Defendants of what topics they seek in discovery to help facilitate the negotiation of ESI protocols.

2.    Defendants' Statement.

No discovery has taken place. Defendants have provided dates certain for beginning discovery, at the Court's request. However, Defendants believe that discovery should not commence unless Plaintiffs' case survives both (1) the pending FNC Motion and (2) the motions to dismiss that Defendants will file in the

-11-
AMENDED JOINT RULE 26(f) REPORT

1  event the FNC Motion is denied. If the Fenix Defendants are dismissed pursuant to

2  the FNC Motion, which Defendants believe is likely, the Agency Defendants

3  believe the case should be dismissed in its entirety because: (i) of the lack of an

4  indispensable party to the case pursuant to FRCP 19; and (ii) allowing this case to

5  be simultaneously litigated in different forums across the globe would risk

6  inconsistent rulings in different courts on identical or substantially similar issues

7  and risk unnecessarily wasting judicial resources of multiple jurisdictions.

8  Defendants believe that it is far from certain that the case will go forward if the

9  Fenix Defendants' FNC Motion is granted.

10      Plaintiffs believe that discovery should open in 30 days. But if the Fenix

11  Defendants' FNC Motion is denied, the Defendants anticipate filing potentially

12  dispositive motions to dismiss. The Fenix Defendants intend to file a motion to

13  dismiss for lack of personal jurisdiction and failure to state a claim, and the Agency

14  Defendants intend to file motions to dismiss for failure to state a claim. Defendants

15  believe it would be inappropriate and unnecessary to open discovery before the

16  Court has decided whether it has personal jurisdiction over a potentially necessary

17  and indispensable party to the case, as well as whether Plaintiffs can state a claim

18  against any of the Defendants in this action. Defendants believe that the opening of

19  discovery should be triggered by the Court's final ruling on these issues, and that

20  discovery should begin one day after the Court's ruling. However, if the Court

21  prefers not to adopt this trigger-based approach, Defendants propose beginning

22  discovery on June 5, 2025, as a date certain that would allow briefing and time for

23  the Court to resolve other dispositive motions, to the extent necessary.

24      Nor would keeping discovery closed until resolution of the motions to

25  dismiss unnecessarily delay the action. It is possible that all Defendants will be

26  dismissed, and even if they are not, starting discovery after resolution of the

27  dispositive motions to dismiss would still allow for ample time to conduct

28  discovery under either Plaintiffs' or Defendants' proposed case schedule.

AMENDED JOINT RULE 26(f) REPORT

1    Defendants agree that it is important to work together to prepare for
2    discovery in the event that the Court denies the FNC Motion and other motions to
3    dismiss that Defendants anticipate filing in the event of a denial of the FNC
4    Motion. However, Defendants believe it would be premature to order negotiation
5    and finalization of a protective order and ESI protocols before the Court has
6    decided the FNC Motion or other dispositive motions, including those determining
7    whether the Court has personal jurisdiction over the Fenix Defendants. Defendants
8    believe the parties should minimize the distraction and cost that such preparation
9    would entail to the extent possible, given the lengthy proposed case schedules
10   proposed by the parties and the likely dismissal of the entire action. Nevertheless,
11   Defendants have agreed to review Plaintiffs' proposals in good faith and respond
12   accordingly, and believe an order would impose an arbitrary and premature
13   deadline, and ultimately create unnecessary complications to the smooth
14   administration of the case.

**K.    Discovery Plan**

1.    <u>Duty to preserve evidence</u>

Without waiving any privilege, counsel for Plaintiffs have helped each
Plaintiff identify and preserve discoverable evidence. Each Plaintiff is aware of
their preservation obligations and each has agreed to preserve discoverable
evidence.

Without waiving any privilege, counsel for Defendants have also identified
and preserved discoverable evidence. Each Defendant is aware of their preservation
obligations and each has agreed to preserve discoverable evidence.

AMENDED JOINT RULE 26(f) REPORT

2.    Anticipated Discovery-Related Order and Rule Modifications

Plaintiffs do not anticipate needing adjustments to Rule 33, 34, or 35 of the Federal Rules of Civil Procedure, but reserve the right to seek modifications in the future.

Plaintiffs believe, for the reasons already stated, that discovery should open once the FNC Motion is decided, and that an order requiring the Parties to negotiate and finalize an ESI order and protective order before the start of discovery would help facilitate discovery going forward.

Defendants do not anticipate needing adjustments to Rule 33, 34, or 35 of the Federal Rules of Civil Procedure, but reserve the right to seek modifications in the future.

Defendants believe, for the reasons stated above, that discovery should only commence once the dispositive motions are decided, including the anticipated motions to dismiss for lack of personal jurisdiction and failure to state a claim that will be filed if the FNC Motion is denied. For the same reasons, Defendants believe that initial disclosures are not appropriate at this early stage of the case and should be exchanged after the motions above are decided. *See* Fed. R. Civ. P 26(a)(1)(C). Defendants believe that there is no justification for any order regarding ESI and a protective order at this time.

3.    Positions on Discovery Needed

Plaintiffs' Position: Plaintiffs anticipate conducting discovery, as follows, and as illustrated by their proposed discovery schedule.

- Plaintiffs will serve Requests for Production and Interrogatories on all parties when discovery opens.
- Defendants will produce all go-get documents within 30-days of discovery opening. Go-get documents are those that can be identified, reviewed, and disclosed without the use of ESI protocols. In other words,

-14-

AMENDED JOINT RULE 26(f) REPORT

all hard copy or readily-available electronic documents that can be identified as responsive to the discovery without using search terms or technology assisted review.

- It is likely that Defendants will object to Plaintiffs' discovery responses. Plaintiffs anticipate resolving those objections or presenting them to the Court within 30 days of receipt.

- Defendants will produce ESI on a rolling basis immediately after all discovery disputes regarding Requests for Production are resolved.

- Defendants will start taking percipient witnesses approximately 40 days after Defendants' responses to Plaintiffs' Requests for Production are complete. This will allow time for Plaintiffs to review all documents and begin preparing deposition outlines.

- Plaintiffs propose disclosing experts related to class certification on February 5, 2026—a little over ten months after they propose opening discovery—rebuttal reports on March 19, 2026, and the close of expert discovery on class certification on May 4, 2026. This proposed schedule takes into account that Defendants will likely serve motions to dismiss that may delay discovery in this case.

- Plaintiffs' class certification motion will be due June 4, 2026, a month after the class certification expert cutoff. Defendants' response is due July 9, 2026, and Plaintiffs' reply is due August 6, 2026.

- The Parties will then complete all discovery, including expert discovery that was raised during class certification. Plaintiffs propose the following:
    - Initial disclosure of experts due on November 19, 2026. Rebuttal experts are due on January 7, 2027.
    - Expert and Fact Discovery Cutoff: February 18, 2027.

-15-
AMENDED JOINT RULE 26(f) REPORT

- Plaintiffs propose a dispositive and Daubert motion deadline of March 4, 2027—three weeks after the close of all discovery— with responses due April 8, 2027 and replies due May 6, 2027.

A proposed schedule reflecting the foregoing (as well as Defendants' proposed schedule) is attached as Exhibit A.

<u>Defendants' Position</u>: Defendants anticipate conducting discovery as follows, and as illustrated by their proposed discovery schedule.

- Defendants will serve Requests for Production and Interrogatories on all parties when discovery opens.
- Plaintiffs will produce all go-get documents within 30 days of discovery opening. Go-get documents are those that can be identified, reviewed, and disclosed without the use of ESI protocols. In other words, all hard copy or readily-available electronic documents that can be identified as responsive to the discovery request without using search terms or technology-assisted review.
- It is likely that Plaintiffs will object to Defendants' discovery responses. Defendants anticipate resolving those objections or presenting them to the Court within 30 days of receipt.
- Plaintiffs will produce ESI on a rolling basis immediately after all discovery disputes regarding Requests for Production are resolved.
- Defendants will start deposing percipient witnesses approximately 40 days after Plaintiffs' responses to Defendants' Requests for Production are complete. This will allow time for Defendants to review all documents and begin preparing deposition outlines.
- Defendants will propose disclosing experts related to class certification on February 5, 2026, rebuttal reports on March 19, 2026, and the close of expert discovery on class certification on May 4, 2026.

AMENDED JOINT RULE 26(f) REPORT

- Plaintiffs' class certification motion will be due June 4, 2026, a month after the class certification expert cutoff. Defendants' response is due July 9, 2026, and Plaintiffs' reply is due August 6, 2026.
- The Parties will then complete all discovery, including expert discovery that was raised during class certification. Defendants propose the following:
  - o Fact discovery cutoff: November 12, 2026.
  - o Expert disclosures due November 19, 2026. Rebuttal experts are due on January 7, 2027.
  - o Expert discovery cutoff: February 18, 2027.
- Defendants' proposed dispositive and Daubert motion deadline for all parties: March 4, 2027. Responses will be due April 8, 2027. Replies will be due May 6, 2027.

A proposed schedule reflecting the foregoing is attached as Exhibit A.

4. <u>Phasing Discovery</u>

The parties do not believe that phasing discovery is necessary, but recognize that certain discovery can be completed after the resolution of the Motion for Class Certification. The parties will work in good faith to ensure all discovery is completed in a timely manner.

**L.    Settlement Conference and Alternative Dispute Resolution ("ADR")**

The parties agree to conduct private mediation, and propose that the ADR deadline should be two weeks after the deadline for dispositive motion replies to be filed, on May 20, 2027, as identified in the Schedule Worksheet attached as Exhibit B.

011194-11/2965085 V1

**M.    Trial Estimate**

The parties believe that they are unable to accurately estimate how many trial days will be necessary to resolve this case. The parties respectfully propose that they submit a proposed trial schedule by the discovery cutoff deadline.

To the extent the Court requires the number of trial days now, Plaintiffs estimate the case will require 28 trial days—given the number of parties and claims—though this estimate is conservative and could be reduced depending on the nature of the case after certification and other rulings.

Defendants agree with this estimate, but similarly believe that this estimate is subject to later developments in the case.

**N.    Trial Counsel**

    1.    <u>For Plaintiffs.</u>

        Robert B. Carey (*pro hac vice*)
        Leonard W. Aragon (*pro hac vice*)
        Michella A. Kras (*pro hac vice*)
        HAGENS BERMAN SOBOL SHAPIRO LLP
        11 West Jefferson, Suite 1000
        Phoenix, Arizona 85003

    2.    <u>For Defendants Fenix International Limited and Fenix Internet LLC.</u>

        Jason D. Russell (SBN 169219)
        Peter B. Morrison (SBN 230148)
        Hillary A. Hamilton (SBN 218233)
        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
        2000 Avenue of the Stars, Suite 200N
        Los Angeles, California 90067

    3.    <u>For Defendant Content X, Inc.</u>

        Nithin Kumar (SBN 300607)
        KINGFISHER LAW APC
        P.O. Box 492415
        Los Angeles, CA 90049

4.     For Defendant Elite Creators LLC.

      Michael A. Gehret (SBN 247869)
      Trinity Jordan (*Pro Hac Vice*)
      DENTONS DURHAM JONES PINEGAR, P.C.
      111 South Main Street, Ste. 2400
      Salt Lake City, Utah 84111

5.     For Defendant Moxy Management.

      Oliver Rocos (SBN 319059)
      Barr Benyamin (SBN 318996)
      BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM LLP
      1875 Century Park East, 23rd Floor
      Los Angeles, CA 90067

6.     For Defendant Verge Agency, Inc.

      Allen Sattler (SBN 321086)
      CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
      3420 Bristol Street, 6th Floor
      Costa Mesa, CA 92626

**O.    Magistrate Judge**

Per ECF No. 2, this case was assigned to District Judge Fred W. Slaughter and Magistrate Judge Stephanie S. Christensen. The parties do not consent to trial before a Magistrate Judge.

**P.    Independent Expert or Master**

The parties do not believe that an independent scientific expert or master is necessary at this time, but reserve the right to request one in the future.

**Q.    Schedule Worksheet**

The required worksheet is attached hereto as Exhibit B. In addition, the Parties believe that the Court should establish a schedule for class certification proceedings. While the parties are aware of and acknowledge the Court's preferred schedule, this case will need additional time because it will take several months to resolve the FNC Motion and the motions to dismiss that Defendants intend on

-19-

AMENDED JOINT RULE 26(f) REPORT

filing, as well as the motion for class certification that Plaintiffs intend to file. Additionally, given the number of parties, the complexity of the claims, and the necessity of moving for class certification, the parties present an alternative schedule and ask the Court to adopt one of the schedules proposed by the Parties.

Because the Schedule Worksheet does not reflect all of the required dates for a class case, Plaintiffs' proposed schedule and Defendants' proposed schedule are attached hereto as Exhibit A.

Plaintiffs propose a trial date of October 5, 2027, and Defendants propose a trial date of October 26, 2027, to accommodate the Jewish holidays in October, 2027. Rather than delay the trial three weeks, Plaintiffs do not object to a Court recess during the trial to accommodate those holidays.

**R.    Other Issues**

1.    <u>Plaintiffs' Statement</u>.

Plaintiffs do not have any other issues at this time.

2.    <u>Defendants' Statement</u>.

Defendants do not have any other issues at this time.

**S.    Certification of Counsel**

All counsel of record certify that they have reviewed the Local Civil Rules of the Central District of California, Judge Slaughter's Procedures web page, the Court's Civil Standing Order, and the Court's Order Setting Scheduling Conference.


DATED:  February 13, 2025      Respectfully submitted,


HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____*/s/ Robert B. Carey*_____
ROBERT B. CAREY
*Attorneys for Plaintiffs*

***Pursuant to CIV. L.R. 5-4.3.4(a)(2)(i), all other signatories listed, and on whose behalf the filing is***

-20-

AMENDED JOINT RULE 26(f) REPORT

1 | ***submitted, concur in the filing's content and have authorized the filing.***
2 |
3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 |
5 | By: _____/s/ Jason D. Russell_____
     JASON D. RUSSELL
6 | *Attorneys for Specially Appearing Defendants*
     Fenix International Limited and Fenix Internet LLC
7 | KINGFISHER LAW APC
8 |
9 | By: _____/s/ Nithin Kumar_____
     NITHIN KUMAR
10 | *Attorney for Defendant*
     Content X, Inc.
11 |
12 | DENTONS US LLP
13 |
14 | By: _____/s/ Michael Gehret_____
     MICHAEL GEHRET
     *Attorneys for Defendant*
15 | Elite Creators LLC
16 | BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP
17 |
18 | By: _____/s/ Oliver Rocos_____
     OLIVER ROCOS
19 | *Attorneys for Defendant*
     Moxy Management
20 |
21 | CONSTANGY BROOKS SMITH AND PROPHETE LLP
22 |
23 | By: _____/s/ Younjin Lee_____
     YOUNJIN LEE
24 | *Attorneys for Defendant*
     Verge Agency, Inc.
25 |
26 |
27 |
28 |

-21-

AMENDED JOINT RULE 26(f) REPORT