UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC                                        Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Rolls Royce Paschal  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                                     Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS [60] AND DENYING WITHOUT PREJUDICE MOTION TO COMPEL PLAINTIFFS TO PROCEED IN THEIR REAL NAMES [61]**

Before the court are Defendants Fenix International Limited and Fenix Internet LLC's (collectively, "Defendants") Motion to Dismiss Complaint for Forum Non Conveniens ("Motion to Dismiss"), (Dkt. 60), and Motion to Compel Plaintiffs to Proceed in Their Real Names ("Motion to Compel"), (Dkt. 61). Both matters are fully briefed.[1] (Dkts. 63, 84, 85, 95, 96, 97.) The court found this matter appropriate for resolution without oral argument. (Dkt. 108.) Based on the state of the record, as applied to the applicable law, the court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss and **DENIES WITHOUT PREJUDICE** the Motion to Compel.

**I.     Background**

    **A.     Summary of the Complaint's Allegations**

Plaintiffs N.Z., R.M., B.L., S.M., and A.L (together, "Plaintiffs') bring this putative class action for violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"),

---

[1] Defendants Content X Inc., Moxy Management, Verge Agency Inc., and Elite Creators LLC do not oppose the Motions. (Dkt. 86, 88, 90, 91.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: April 9, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

18 U.S.C. §§ 1962(C)-(D), the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, the Wiretap Act, 18 U.S.C. § 2510 *et seq.*, California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq.*, California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17600 *et seq.*, California Civil Code §§ 1709 and 1710, as well as claims for breach of contract and fraud. (*See generally* Dkt. 1 ("Compl.").)

      Plaintiffs are residents of California, Tennessee, Georgia, and Wisconsin and users of the website OnlyFans. (*Id.* ¶¶ 27-36.) Plaintiffs allegedly used and/or subscribed to the OnlyFans website for various periods between 2018 to 2025. (*See, e.g.*, Compl. ¶ 241 (Plaintiff N.Z. used OnlyFans from 2020 to present); ¶ 254 (Plaintiff R.M. used OnlyFans from 2019 to 2023); ¶ 270 (Plaintiff B.L. used OnlyFans from 2020 to present); ¶ 282 (Plaintiff S.M. used OnlyFans from 2021 to 2024); ¶ 299 (Plaintiff A.L. used OnlyFans from 2021 to 2024).) As OnlyFans users, Plaintiffs subscribe to one or more creators represented by Defendants Boss Baddies, LLC, Moxy Management, Unruly Agency Limited Liability Company, Dysrpt Agency, Behave Agency LLC, A.S.H. Agency, Context X, Inc., Verge Agency, Inc., and Elite Creators LLC (collectively, "Agency Defendants"). (*Id.* ¶¶ 24, 44-52.)

      Defendant Fenix International Limited is a private limited company that owns and operates the OnlyFans website and social media worldwide through various subsidiaries. (*Id.* ¶ 37.) Defendant Fenix Internet LLC is a Delaware limited liability company and wholly owned subsidiary of Defendant Fenix International Limited. (*Id.* ¶ 40.) Upon information and belief, Defendant Fenix Internet LLC directly or indirectly collects and receives all OnlyFans-related payments from United States users at the direction of Defendant Fenix International Limited. (*Id.* ¶ 40.)

      Plaintiffs allege that Defendants, in cooperation with the Agency Defendants, operate a fraudulent scheme whereby Defendants charge OnlyFans subscribers to communicate directly with creators, purport to connect subscribers with creators, and instead connect subscribers with "professional chatters" hired to impersonate creators and convince users to spend more money on the website. (*See, e.g.*, *id.* ¶¶ 1-18.) This "chatter scheme" allegedly involves "massive breaches of confidentiality and privacy violations" and violates OnlyFans' Terms of Service

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: April 9, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

and Privacy Policy by distributing subscribers' "intimate communications and private and/or personal information" to unauthorized parties. (*See, e.g.*, *id.* ¶¶ 5, 145-61.)

### B.     The OnlyFans Terms of Service[2]

The Terms of Service govern the relationship between Defendants and users. (Dkt. 60-1 ("Taylor Decl.") ¶ 12 & Exh. A ¶ 1.) Starting in July 2018, OnlyFans has required users to agree to the Terms of Service when creating an account on the website; users create an account by filling out their name, email, and password, and then clicking a "sign up" button. (*Id.* ¶¶ 22-27 & Exh. C.) The "sign up" button appears above text stating, "[b]y signing up you agree to our Terms of Service and Privacy Policy[] and confirm that you are at least 18 years old." (*Id.* ¶¶ 22-26 & Exh. C.) The phrases "Terms of Service" and "Privacy Policy" appear in blue and contain hyperlinks to the relevant policies. (*Id.* ¶ 24 & Exh. C.)

OnlyFans employs a similar process for amendments to the Terms of Service. For the December 2021 amendment, OnlyFans sent all users a message through the website before the amendment took effect, which stated the Terms of Service were being updated, listed the effective date of the update, shared a hyperlink to the updated Terms of Service, summarized the relevant changes, and informed users that they agree to comply with the updated terms by continuing to use OnlyFans. (*Id.* ¶¶ 28-29 & Exh. D.) OnlyFans also sent users an alert on the first day they logged into the website after the amendment went into effect stating: "Our Terms of Service have been updated on December 15, 2021. To continue using our service, please

---

[2] Defendants request that the court take judicial notice of or incorporate by reference Exhibits A through C attached to the Taylor Declaration, including: (A) the OnlyFans Terms of Service in effect on July 21, 2024; (B) the OnlyFans Terms of Service in effect on March 23, 2018; and (C) a screenshot of the OnlyFans sign-up page, as well as Exhibit 1 to the Supplemental Taylor Declaration, the OnlyFans Privacy Policy in effect on August 2, 2024. (Dkt. 63 at 2.) The court need not take judicial notice of these documents for purposes of its analysis because it may consider evidence outside the pleadings in deciding a motion to dismiss for forum non conveniens. *See Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009); *Dickens v. NXP Semiconductors*, 703 F. Supp. 3d 1013, 1019 (N.D. Cal. 2023); *Ioannidis/Riga v. M/V SEA CONCERT*, 132 F. Supp. 2d 847, 852 (D. Or. 2001).

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: April 9, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

confirm you have read and agree with our Terms of Service." (*Id.* ¶¶ 31-33 & Exh. E.) The alert contained a hyperlink to the updated Terms of Service and required users to click "accept" to continue using the website. (*Id.* ¶ 33.)

The Terms of Service include a forum selection clause and choice-of-law provision applicable to OnlyFans users, which state, in pertinent part:

> <u>Consumers - where claims must be brought</u>:
>
> . . .
>
> If you are a consumer resident outside of the United Kingdom or the European Union, any claim which you have or which we have arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales.
>
> . . .
>
> <u>Consumers - Law</u>: If you are a consumer, your agreement with us is governed by English law and English law will apply to (i) any claim that you have arising out of or in connection with your agreement with us or your use of OnlyFans, and (ii) any claim that we have against you that arises out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims). You will also be able to rely on mandatory rules of the law of the country where you live.

(*Id.*, Exh. A ¶ 16(a).)

Defendants move to enforce this forum selection clause under the doctrine of forum non conveniens. (*See generally* Dkt. 60.)

## II. Legal Standard

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: April 9, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013); *see also Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018). Federal law governs the interpretation, validity, and enforceability of forum selection clauses. *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Under federal law, forum selection clauses are presumptively valid and "should be honored 'absent some compelling and countervailing reason.'" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

Ordinarily, a party moving to dismiss for forum non conveniens must demonstrate that "there is an adequate alternative forum" and "the balance of private and public interest factors favor dismissal." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). However, this "calculus changes . . . when the parties' contract contains a valid forum selection clause." *Atl. Marine*, 571 U.S. at 63. In those circumstances, the court gives no weight to the plaintiff's choice of forum and considers only the public interest factors, such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62-63 & n.6. In addition, the plaintiff bears the burden of showing "why the court should not transfer the case to the forum to which the parties agreed," either by demonstrating that "the forum selection clause is not valid" or that "the public interest factors . . . make transfer inappropriate." *Id.* at 64.

In considering a motion to dismiss for forum non conveniens, the court need not accept the pleadings as true and may consider facts outside the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). "A district court . . . may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 432 (2007).

### III. Discussion

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC     Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

Defendants move to dismiss Plaintiffs' claims pursuant to the doctrine of forum non conveniens, or, alternatively, to compel Plaintiffs to proceed in their real names. (*See generally* Dkts. 60, 61.)

### A. Forum Non Conveniens

Defendants argue that the court should dismiss this suit pursuant to the doctrine of forum non conveniens based on the mandatory forum selection clause in the Terms of Service. (*See* Dkt. 60 at 2.) Plaintiffs challenge both the validity and enforceability of the forum selection. (Dkt. 85 at 12-23.) The court first assesses whether the forum selection clause applies to Plaintiffs' claims, and then considers its validity and enforceability.

#### 1. The Applicability and Scope of the Forum Selection Clause

Defendants argue all of Plaintiffs' claims arise out of or relate to the forum selection clause. (Dkt. 60 at 14-17.) Plaintiffs do not dispute that they agreed to the Terms of Service by creating accounts and subscribing to the website or that the forum selection clause covers their claims. (*See, e.g., id.* ¶¶ 241-314; Dkt. 85 at 8-13.)

In interpreting the forum selection's clause scope under federal law, the court starts with the contract's plain language, assigns words their ordinary meaning, and looks to "general principles" for interpreting contracts. *See Doe 1*, 552 F.3d at 1081; *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011). The applicable forum selection clause in the Terms of Service provides:

> If you are a consumer resident outside of the United Kingdom or the European Union, any claim which you have or which we have arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales.

(Dkt. 60-1, Exh. A ¶ 16(a).)

This forum selection clause is mandatory because it clearly designates English and Welsh courts as the exclusive forum for claims arising out of or connected to the Terms of Service.

---

**CIVIL MINUTES – GENERAL**                                                                 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC  Date: April 9, 2025

Title: N.Z. *et al.* v. Fenix International Limited *et al.*

*See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) ("The prevailing rule is . . . that where venue is specified with mandatory language the clause will be enforced.") (internal quotation marks omitted). The forum selection clause is also broad in scope. The phrase "in connection with" applies "to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement." *Yei A. Sun*, 901 F.3d at 1086; *see also Huffington v. T.C. Grp.*, 637 F.3d 18, 22 (1st Cir. 2011) (explaining that "the phrase 'with respect to' [is] synonymous with the phrases 'with reference to,' 'relating to,' 'in connection with,' and 'associated with,'" and is "broader in scope than the term 'arising out of'").

The court finds the broad scope of the forum selection covers Plaintiffs' claims. As discussed above, Plaintiffs allege that Defendants and Agency Defendants engaged in various fraudulent practices and disseminated confidential or private information without Plaintiffs' consent when operating the OnlyFans website or creating content. (*See, e.g.*, Compl. ¶¶ 347-489.) Plaintiffs' alleged injuries from this scheme all stem from Plaintiffs' use of the OnlyFans website, which is governed by the Terms of Service and Privacy Policy; Plaintiffs further allege that many of these purportedly unlawful practices violate these policies. (*See, e.g.*, *id.* ¶¶ 120-122, 126-27, 130, 151-53, 441-48.) Based on these allegations, the court concludes Plaintiffs' claims are logically or causally connected to the Terms of Service, and thus the claims are covered by the forum selection clause. *See, e.g.*, *Losson v. Union des Associations Europeenes de Football*, 2024 WL 3406987, at *2 (N.D. Cal. July 11, 2024) (concluding a forum selection clause in terms and conditions of several websites had a "logical or causal connection" to the plaintiff's VPPA claim because those terms "govern[ed] his access to and use of the websites which led to the alleged violations"); *Cole v. Quest Diagnostics*, 2023 WL 6201702, at *4 (E.D. Cal. Sept. 22, 2023) (holding a forum selection covered the plaintiffs' CIPA claim because "the Terms and Conditions disclose the data collection practices challenged and referenced by [p]laintiffs" and "[p]laintiffs' claims will require interpretation of the Terms and Conditions in determining the issue of consent").

2. <u>The Validity and Enforceability of the Forum Selection Clause</u>

The court next considers whether the forum selection clause is valid and enforceable. A forum selection clause is "prima facie valid," *M/S Bremen*, 407 U.S. at 10, and should "be given

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC         Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

controlling weight in all but the most exceptional circumstances." *Atl. Marine*, 571 U.S. at 60. The Ninth Circuit has identified three such "exceptional circumstances" where:

> (1) the clause is invalid due to 'fraud or overreaching'; (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision; or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of [their] day in court.

*Yei A. Sun*, 901 F.3d at 1088 (alteration adopted) (quoting *M/S Bremen*, 407 U.S. at 15, 18).

Plaintiffs "bear[] the burden of showing why the court should not transfer the case to the forum identified in the forum-selection clause." *Lee v. Fisher*, 70 F.4th 1129, 1143 (9th Cir. 2023) (citing *Atl. Marine*, 571 U.S. at 64). Here, Plaintiffs present two principal arguments: (1) the forum selection clause is invalid because requiring parties to waive their right to bring a class action is unconscionable under California law; and (2) the forum selection clause is unenforceable because it contravenes various California and federal public policies. (Dkt. 85 at 11-23.)

Although the parties address validity and enforceability separately, the court notes these arguments are interrelated. Under either California or federal law,[3] the validity inquiry overlaps

---

[3] Plaintiffs rely on California law to demonstrate the forum selection clause is invalid. (Dkt. 85 at 11-13.) The court notes that whether federal or state law governs the validity of a forum selection clause remains an open question. *See DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 964 nn.4 & 6 (9th Cir. 2022) (noting the Supreme Court did not resolve this question in *Atlantic Marine* and declining to decide whether "state law would govern validity of a forum-selection clause that had not been voided and is before the district court for consideration in the transfer analysis"). Although the Ninth Circuit has "repeatedly held both before and after *Atlantic Marine* that federal law governs the validity of forum selection clauses," *Rostami v. Hypernet Inc.*, 2023 WL 2717262, at *3 (N.D. Cal. Mar. 29, 2023) (collecting cases); *Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1164 (9th Cir. 2020);

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC                                                  Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

with the three "exceptional circumstances" relevant to enforceability. *See M/S Bremen*, 407 U.S. at 15 (stating a forum selection clause "should be enforced unless enforcement is . . . unreasonable under the circumstances" or the clause is "invalid for such reasons as fraud or overreaching"); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1027 (9th Cir. 2016) (stating under California law "forum selection clauses are valid and may be given effect . . . in the absence of a showing that enforcement of such a clause would be unreasonable," meaning "the forum selected would be unavailable or unable to accomplish substantial justice") (alteration adopted) (quoting *Smith, Valentino, & Smith, Inc. v. Superior Ct.*, 17 Cal. 3d 491, 495-96 (1976)). Furthermore, both of Plaintiffs' arguments depend upon an antecedent finding that enforcing the forum selection clause is equivalent to a class action waiver.[4] (*See, e.g.*, Dkt. 85 at 11-23.)

---

*Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914 (9th Cir. 2019), it has also recognized certain circumstances in which state law may be relevant to the question of validity, *cf. DePuy Synthes Sales*, 28 F.4th at 964 (concluding state law governed validity where a state statute, California Labor Code § 925(b), authorized parties to void the forum selection clause). Regardless, the court need not decide whether federal or state law applies in assessing validity here because both bodies of law dictate the same result.

[4] For example, in arguing that the forum selection clause is invalid due to unconscionability, Plaintiffs rely on *Discover Bank v. Superior Court of Los Angeles*, 36 Cal. 4th 148 (Cal. 2005), which articulated certain circumstances in which *class action waivers* are unconscionable. *See Discover Bank*, 36 Cal. 4th at 162-63 (stating a class action waiver is unconscionable where it is found in a consumer contract of adhesion, the "disputes between the contracting parties predictably involve small amounts of damages," and the plaintiff alleges "the party with superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money"). This argument implicitly assumes the forum selection clause operates as a class action waiver and necessarily depends upon the court's determination that English courts and English law do not permit class action relief. *See Yei A. Sun*, 901 F.3d at 1088 n.4 (stating the analysis of the three exceptional circumstances "does not change when the agreement includes a choice-of-law clause in addition to a forum

---

**CIVIL MINUTES – GENERAL**                                                                                              9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC         Date: April 9, 2025
Title: N.Z. *et al*. v. Fenix International Limited *et al.*

Given these commonalities, the court finds it appropriate to address Plaintiffs' validity and enforceability arguments jointly.

As discussed above, Plaintiffs principally rely on the public policy exception to enforceability.  "California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy." *EpicentRX v. Superior Ct.*, 95 Cal. App. 5th 890, 899 (2023) (quoting *Verdugo v. Alliantgroup, L.P.I*, 237 Cal. App. 4th 141, 147 (2015)).  Plaintiffs argue that enforcing the forum selection clause would contravene California's "well-established" policy favoring consumer class actions because English courts lack a comparable class action mechanism. (Dkt. 85 at 15-19.)

It is true that "California public policy [] strongly favors consumer class actions." *Doe 1*, 552 F.3d at 1083.  In *Mendoza*, the defendant, AOL, sought to dismiss a putative consumer class-action lawsuit asserting claims under the California Consumers Legal Remedies Act ("CLRA") based on a forum selection clause designating Virginia as the forum for all disputes arising out the parties' contracts.  90 Cal. App. 4th at 4-5.  After comparing the applicable California and Virginia consumer protection laws and the availability of class action relief, the California Court of Appeal concluded enforcing the forum selection clause would violate California public policy in two ways, by requiring the plaintiff and the putative class to: (1) waive consumer protections in the CLRA; and (2) forego any class action relief because Virginia does not allow class actions for consumer claims.  *Id.* at 12-18.  In *Doe 1*, the Ninth Circuit considered the enforceability of the same forum selection clause as to a putative nationwide class of AOL members and a subclass of California residents alleging CLRA claims.  552 F.3d at 1083.  Citing *Mendoza* as "the kind of declaration by judicial decision" evidencing a strong public policy, the Ninth Circuit concluded the forum selection clause was unenforceable because it contravened the California public policy by "forcing [California

---

selection clause" and courts should "generally treat the analysis as coextensive and consider the clauses' impact together").

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC   Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

resident] plaintiffs to waive their rights to a class action and remedies under California consumer law." *Id.* at 1084.

Although *Doe 1* and *Mendoza* rested in part on the plaintiffs' non-waivable statutory right under the CLRA, the California Court of Appeal explicitly stated that "[t]he unavailability of class action relief in this context is sufficient in and by itself to preclude enforcement of the [terms of service] forum selection clause." *Mendoza*, 90 Cal. App. 4th at 18. The court thus concludes *Mendoza* and *Doe 1* demonstrate a strong California public policy in favor of consumer class actions and turns to the two remaining questions: (1) whether requiring Plaintiffs to litigate in English or Welsh courts would "substantially diminish" their rights to consumer class action relief; and (2) whether this public policy is implicated by Plaintiffs' claims.

As to the first question, California courts compare California law and the law of the foreign forum to determine whether "enforcing a forum selection and choice-of-law clause would violate California's public policy." *Verdugo*, 237 Cal. App. 4th at 157. The parties, and their respective experts, agree that English courts offer three salient group litigation mechanisms under the Civil Procedure Rules:[5] collective proceedings using a single claim form, group litigation orders, and representative actions. (*See* Dkt. 60-2 ("White Decl.") ¶¶ 68-74; Dkt. 85-1 ("Kirk Decl.") ¶¶ 12, 58-65.) Plaintiffs contest the adequacy of these mechanisms by highlighting several differences between these procedures and class action suits in the United States, including that group litigation orders and single claim forms require consumers to "opt in," consent to being identified as a claimant, pay a "court issue fee," and accept potential liability for payment of the adverse party's legal fees, and representative actions require the plaintiffs to have the "same interest" and do not allow for "individualized assessment of damages." (Kirk Decl. ¶¶ 58-67.)

The court finds that the limitations on class actions identified by Plaintiffs would "substantially diminish" the rights of California residents to bring consumer class actions. *EpicentRX*, 95 Cal. App. 5th at 899. California courts have repeatedly affirmed that a central

---

[5] "[T]he procedure of English civil litigation is governed by the Civil Procedure Rules 1998, as amended." (White Decl. ¶ 15.)

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

---

Case No. 8:24-cv-01655-FWS-SSC  Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

---

purpose of the public policy favoring consumer class actions is to enable California residents to recover in cases where "the amount of individual recovery would be insufficient to justify bringing a separate action." *Mendoza*, 90 Cal. App. 4th at 17; *see also Sav-On Drug Stores, Inc. v. Superior Ct.*, 34 Cal. 4th 319, 340 (2004) ("By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation."); *Aral v. Earthlink, Inc.*, 134 Cal. App. 4th 544, 564 (2005) (reasoning that because the plaintiff "resides in California, seeks to represent only California consumers, and relies solely on California's UCL to support his claim," "[t]he fundamental policy at issue is not simply the right to pursue a class action remedy, but the right of California to ensure that its citizens have a viable forum in which to recover minor amounts of money allegedly obtained in violation of the UCL"), *abrogated on other grounds by AT&T Mobility v. Concepcion*, 563 U.S. 333 (2011).

The mechanisms described by the parties undermine that critical class action feature. For instance, in a case cited by both parties, one English court noted that group litigation orders are not economically feasible for small claims "worth a few hundred pounds" due to the administrative costs inherent to the "opt-in" procedure, including the costs associated with investigating all claimants' eligibility and entering into retainer agreements with all claimants. (Kirk Decl. ¶¶ 59-60; White Decl. ¶ 72); *see also Lloyd v. Google LLC* [2021] UKSC 50, 25 (appeal taken from Eng.). Similarly, representative actions generally do not allow litigants to seek individualized damages, even in the bifurcated proceedings described by Defendants' expert. (*See, e.g.*, White Decl. ¶¶ 73-74; Kirk Decl. ¶¶ 60, 65); *Commission Recovery Ltd. v. Marks & Clerk LLP & Anor* [2024] ECWA Civ 9, 32-37; *Lloyd* [2021] UKSC 50, 80-83. Most significantly, these procedures involve much greater risk for claimants than class action suits because claimants may be jointly and severally liable for paying the adverse party's legal fees. (Kirk Decl. ¶¶ 60, 65); *Lloyd* [2021] UKSC 50, 79. Given these significant limitations, the court concludes enforcing the forum selection clause in favor of English or Welsh courts would "substantially diminish" the rights of California residents to bring class action suits, and thus the forum selection clause contravenes California public policy. *See, e.g.*, *Muto v. Fenix Int'l Ltd.*, 2024 WL 2148734, at *4 (C.D. Cal. May 2, 2024) (considering the same forum selection clause and concluding the three procedural alternatives to a class action suit in English courts

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC                                      Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

would "fail to protect the important objectives of California's strong consumer class action policy" and deprive California consumers of "the essential benefits of the class action format"); *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 896-97 (N.D. Cal. 2024) (denying in part a motion to dismiss for forum non conveniens as to the plaintiffs' UCL claims because enforcing the forum selection clause in favor of French courts would contravene "California public policy that strongly favors consumer class actions").

    In addition, as an independent and alternative basis, the court finds the forum selection clause would substantially diminish the rights of California residents by effectively waiving their right to a civil jury trial. Article I, section 16 of the California Constitution states the right to "trial by jury is an inviolate right," and "[i]n a civil cause a jury may be waived by the consent of the parties as prescribed by statute." Cal. Const. art. I, § 16; *see also* Cal. Civ. Proc. Code § 661(f) (listing exclusive circumstances in which a party waives the right to a jury trial). "California courts refuse to enforce forum selection clauses that result in a waiver of the right to a jury trial." *Lathrop v. Thor Motor Coach, Inc.*, 105 Cal. App. 5th 808, 819 (2024) (citations omitted); *see also Handoush v. Lease Fin. Grp., LLC*, 41 Cal. App. 5th 729, 736 (2019) ("[T]he right to jury trial in California is a fundamental right that may only be waived as prescribed by the Legislature," and "courts cannot enforce predispute agreements to waive a jury trial."). Here, Plaintiffs' expert indicates, and Defendants do not dispute, that a California consumer "would lose any right to a civil jury trial, which is not available in the English courts," if the forum selection clause was enforced. (Kirk Deck. ¶ 49(f); *see also generally* Reply.) Thus, the court concludes the forum selection clause also contravenes California public policy as an unenforceable predispute jury waiver. *See, e.g.*, *Waryck v. Thor Motor Coach, Inc.*, 2023 WL 3794002, at *4 (S.D. Cal. Jan. 13, 2023) (denying motion to transfer venue where enforcing the forum selection clause would contravene California public policy by requiring the plaintiffs to waive their right to a civil jury trial).

    As to the second question, the court finds Plaintiffs have demonstrated that the forum selection is unenforceable as to the California resident plaintiffs asserting California consumer claims under the FAL and UCL—namely, N.Z. and R.M. But the court is not persuaded that enforcing the forum selection clause as to the three out-out-state plaintiffs—B.L., S.M., and A.L—would contravene the public policies outlined in *Mendoza* and the California

---

**CIVIL MINUTES – GENERAL**                                                                                         13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

---

Case No. 8:24-cv-01655-FWS-SSC                                                        Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

---

Constitution.  Both *Doe 1* and *Mendoza* limited the applicability of this public policy to California residents.  *See Doe 1*, 552 F.3d at 1084 ("As to such California resident plaintiffs, *Mendoza* holds California public policy is violated by forcing such plaintiffs to waive their rights to a class action and remedies under California consumer law."); *Mendoza*, 90 Cal. App. 4th at 12 ("California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy.").  Plaintiffs have set forth insufficient reasoning or authority suggesting this policy extends to out-of-state plaintiffs, and do not cite any public policies from other states that would preclude enforcement of the forum selection clause.  Accordingly, the court concludes enforcing the forum selection clause as to Plaintiffs B.L., S.M., and A.L. would not contravene California public policy in favor of consumer class actions.  *See, e.g.*, *Baton v. Ledger SAS*, 2022 WL 17352192, at *2 (9th Cir. Dec. 1, 2022) (concluding forum selection clauses designating exclusive jurisdiction to French courts were enforceable "except with respect to [p]laintiffs who are 'California resident plaintiffs bringing class action claims under California consumer law'"); *United States ex rel. Hamer Elec., Inc.*, 2024 WL 3102817, at *3 (D. Ore. June 21, 2024) (rejecting the plaintiff's argument that Oregon public policy in favor of "adjudicat[ing] construction contracts within its own judicial system" and "protect[ing] local contractors" precluded enforcement of a forum selection clause where the plaintiff was a Washington corporation).

      Nor do Plaintiffs present any other reason why the forum selection clause should not be enforced as to the out-of-state plaintiffs.  Although Plaintiffs argue that they "maintain" certain "non-waivable" rights under various California and federal statutes, (Dkt. 85 at 19-23), Plaintiffs fail to adequately identify the rights at issue, provide authority evidencing a strong public policy in favor of those rights, or demonstrate that enforcing the forum selection clause would deprive the out-of-state plaintiffs of those rights.  *See, e.g.*, *Yei A. Sun*, 901 F.3d at 1090 ("Because an antiwaiver provision by itself does not supersede a forum-selection clause, in order to prove that enforcement of such a clause would contravene a strong public policy of the forum in which suit is brought, the plaintiff must point to a statute or judicial decision that clearly states such a strong public policy."); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1293-96 (9th Cir. 1998) (en banc) (rejecting the plaintiffs' argument that a forum selection clause should not be enforced due to the "strong public policy of preserving . . . investor's

---

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: April 9, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

remedies under federal and state securities laws and RICO" because the plaintiffs could still pursue relief for fraud, breach of fiduciary duty, and negligent misrepresentation under British law). Accordingly, the court concludes the out-of-state plaintiffs have not discharged their "heavy burden" of demonstrating that the forum selection clause is unenforceable as to their claims.

   3. <u>Public Interest Factors</u>

  Finally, the court considers whether the public interest factors weigh in favor of dismissal of the out-of-state plaintiffs' claims. The public interest factors include: (1) "the administrative difficulties flowing from court congestion;" (2) "the local interest in having localized controversies decided at home;" (3) "the interest in having the trial of a diversity case in a forum that is at home with the law"; (4) "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law;" and (5) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981); *see also Atl. Marine*, 571 U.S. at 62-64 & n.6. The plaintiff "bears the burden of showing that public interest factors overwhelmingly disfavor" dismissal. *Atl. Marine*, 571 U.S. at 66.

  The court finds the out-of-state plaintiffs have failed to demonstrate that the public interest factors "overwhelmingly disfavor" dismissal. The out-of-state plaintiffs argue only that the "local interest" factor, weighs against dismissal based on Defendants' and the Agency Defendants' contacts with California. (Dkt. 85 at 25-26.) The court agrees that California has an "identifiable local interest" in this litigation because the Agency Defendants allegedly reside and participate in the allegedly fraudulent practices in California, and California "has an interest in preventing fraud from taking place within its borders." *See Boston Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009) (stating this factor involves analyzing whether "there is an identifiable local interest in the controversy, not whether another forum also has an interest") (cleaned up).

  However, the remaining factors—the administrative difficulties flowing from court congestion and the avoidance of unnecessary problems in applying foreign law—weigh in favor

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC                                    Date: April 9, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

of dismissal.[6]  As Defendants note, the average time to bring a civil case to trial is significantly less in English courts (12-24 months) than in the Central District of California (approximately 30 months).[7]  *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) (assessing the administrative difficulties factor by considering "whether a trial may be speedier in another court because of its less crowded docket") (citations omitted).  In addition, English courts are better equipped to apply English law to this dispute, consistent with the Terms of Service's English choice-of-law provision.  *See Piper Aircraft Co.*, 454 U.S. at 260 n.29 (noting "[m]any forum non conveniens decisions have held that the need to apply foreign law favors dismissal") (emphasis omitted).  On balance, given that only one factor weighs against dismissal, the court concludes the out-of-state plaintiffs have failed to demonstrate the public interest factors "overwhelmingly disfavor" dismissal.

      4.    <u>Summary</u>

In sum, the forum selection clause is valid and enforceable as to Plaintiffs B.L., S.M., and A.L. and the public interest factors favor dismissal.  Therefore, the court **GRANTS** the Motion to Dismiss as to Plaintiffs B.L., S.M., and A.L. and **DISMISSES** their claims against Defendants Fenix International Limited and Fenix Internet LLC **WITHOUT LEAVE TO AMEND** but **WITHOUT PREJUDICE** to refiling in England or Wales.  *See, e.g.*, *Finsa Portafolios, S.A. DE C.V. v. OpenGate Cap., LLC*, 769 F. App'x 429, 431-32 (9th Cir. 2019) (affirming dismissal without leave to amend because the plaintiff "presented no compelling argument that its amended complaint would not have been subject to the forum-selection clauses" and thus amendment was futile).  However, because Plaintiffs N.Z. and R.M. have

---

[6] Plaintiffs implicitly concede as much by failing to address Defendants' arguments in the Motion to Dismiss.  (*See* Dkt. 60 at 25-28; Dkt. 85 at 25-26; Dkt. 95 at 24-27.)

[7] *Compare* (White Decl. ¶ 65 (stating English courts generally reach trial "within 1-2 years of commencement")), *with* Federal Court Management Statistics, December 2024, U.S. Courts, https://www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics/federal-court-management-statistics-december-2024, (stating Central District of California has a total of 16,458 civil cases requiring an average of 28.4 months from filing to trial).

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: April 9, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

demonstrated "exceptional circumstances" that preclude enforcement of the forum selection clause as to their claims, the court **DENIES** the Motion to Dismiss as to Plaintiffs N.Z. and R.M.

    **B.**    **Motion to Compel**

    The court considers the Motion to Compel only as to remaining parties, Plaintiffs N.Z. and R.M. Defendants request that the court compel N.Z. and R.M. to proceed in their real names, arguing that N.Z. and R.M. have no valid interest in hiding their names, including any meaningful prejudice, embarrassment, or hesitance to proceed in this matter. (Dkt. 61 at 10-15.) N.Z. and R.M. argue that proceeding under pseudonyms is necessary to preserve their privacy on "sensitive and highly personal matters," will not prejudice Defendants, and is not outweigh by the public's interest in their identities. (Dkt. 84 at 10-18.)

    "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint "include the names of all the parties"). This presumption preserves "the public's common law right of access to judicial proceedings," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers," *Kamehameha Schs.*, 596 F.3d at 1042. However, parties may "proceed anonymously when special circumstances justify secrecy," including where "nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1067-68 (internal quotation marks and citation omitted).

    The Ninth Circuit has identified three situations in which "courts have permitted plaintiffs to use pseudonyms": (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; and (3) "when the anonymous party is compelled to admit [their] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068. In general, courts must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* (citations omitted). The court determines whether the plaintiff may proceed anonymously by

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC                                           Date: April 9, 2025

Title: N.Z. *et al.* v. Fenix International Limited *et al.*

balancing five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Id.* at 1068-69. District courts have broad discretion to determine whether a plaintiff may proceed anonymously. *See Kamehameha Schools*, 596 F.3d at 1045-1046.

At this stage of the proceedings, the court finds that N.Z. and R.M. have demonstrated that special circumstances justify allowing them to proceed anonymously. First, N.Z. and R.M. note that they shared highly sensitive personal information through the alleged "chatter scheme," including their full names, photos and videos, information about their personal and sexual interests, and occupations; N.Z. and R.M. argue sharing this information may affect their personal relationships, family, and careers. (Dkt. 84 at 10-11.) Because the sensitive personal information shared by N.Z. and R.M. involves a "substantial privacy interest" that could result in "social stigmatization," "ridicule," or "personal embarrassment," the court finds both that N.Z. and R.M. have identified significant threatened harm and that their concerns about the harm to their relationships and career are reasonable. *See, e.g., Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (stating that "courts have often allowed parties to use pseudonyms when a case involves topics" in the "sensitive and highly personal" area of "human sexuality") (collecting cases). The court further finds Defendants have not identified adequate prejudice or demonstrated that the public interest would be best served by requiring N.Z. and R.M. to reveal their identities, particularly given that N.Z. and R.M. state they are willing to share their identities with Defendants for litigation purposes. (Dkt. 84 at 15.) Absent a stronger showing of prejudice, the court concludes N.Z. and R.M. may proceed anonymously. Therefore, the court **DENIES** the Motion to Compel **WITHOUT PREJUDICE** should later circumstances demonstrate prejudice.

## IV. Disposition

For the reasons set forth above, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** and the Motion to Compel is **DENIED WITHOUT PREJUDICE**. Plaintiff B.L.'s, Plaintiff S.M.'s, and Plaintiff A.L.'s claims against Defendants Fenix International Limited and Fenix Internet LLC are **DISMISSED WITHOUT LEAVE TO AMEND**.