JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
HILLARY A. HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Specially Appearing Defendants
Fenix International Limited and Fenix Internet LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Specially Appearing Defendants Fenix International Limited and Fenix Internet LLC (collectively, "Fenix") hereby respectfully request that the Court take judicial notice of Exhibit A to the Declaration of Lee Taylor dated October 25, 2024 (ECF 60-1, "Taylor Declaration"), and Exhibit 1 to the Supplemental Declaration of Lee Taylor dated October 25, 2024 (ECF 62-1, "Supplemental Taylor Declaration"):

Exhibit A: A true and correct copy of the OnlyFans Terms of Service in effect on July 21, 2024, downloaded from the Internet Archive's Wayback Machine at https://web.archive.org/web/20240721211044/https://onlyfans.com/terms.

Exhibit 1: A true and correct copy of the OnlyFans Privacy Policy in effect on August 2, 2024, downloaded from the Internet Archive's Wayback Machine at https://web.archive.org/web/20240802040839/https://onlyfans.com/privacy.

These Exhibits may be properly considered by the Court in connection with Fenix's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim ("Motion to Dismiss") because each Exhibit is subject to judicial notice under Federal Rule of Evidence 201. Plaintiffs also refer to and quote the OnlyFans Terms of Service to support allegations in their First Amended Complaint ("FAC") but omit the portions of those documents disclaiming obligations that Plaintiffs allege were contractual terms or representations (*see, e.g.*, ECF 60-1, PageID#359-60). Plaintiffs also refer to and quote the Privacy Policy but omit the portions evidencing their consent to OnlyFans' data collection practices. (*See* ECF 62-1, PageID#525, 527, 535.) The Court may thus consider these Exhibits under the doctrine of incorporation by reference as well.

DATED: May 23, 2025

                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                  By: *Jason D. Russell*
                        JASON D. RUSSELL
                  *Attorneys for Specially Appearing Defendants*
                  Fenix International Limited and Fenix Internet LLC

# THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is not subject to reasonable dispute, in that it is either (1) "generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be question." Fed. R. Evid. 201(b).[1] "[F]acts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). When supplied with the necessary information to demonstrate accuracy, judicial notice is mandatory. *See* Fed. R. Evid. 201(c) ("The court… must take judicial notice if a party requests it and the court is supplied with the necessary information."); *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010) (same).

Exhibit A attached to the Taylor Declaration and Exhibit 1 to the Supplemental Taylor Declaration (collectively, "Exhibits") are the proper subject of judicial notice because the contents of each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE WEBSITE PAGES IN THE EXHIBITS

The Ninth Circuit regularly holds that it is "appropriate to take judicial notice" of information "displayed publicly on… web sites" when "it was made publicly available… and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *see also Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1164 n.11 (9th Cir. 2022) (granting request for judicial notice of "several photographs available on [defendant's] website").

Courts have repeatedly recognized that "[i]n this district, the contents of web pages

---

[1] Unless otherwise noted, all emphases are added, and all citations, footnotes, original alterations, and internal quotation marks are omitted from all quoted material.

available through the Wayback Machine are generally proper subjects of judicial notice as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Valenzuela v. Kroger Co.*, No. CV 22-6382-DMG (AGRx), 2024 WL 1336959, at *3 n.7 (C.D. Cal. Mar. 28, 2024) (granting request to take judicial notice of captures of defendant's Privacy Policy). *See also McGucken v. Triton Elec. Vehicle LLC*, No. CV 21-3624-DMG (GJSx), 2022 WL 2101725, at *3 (C.D. Cal. Mar. 21, 2022) (same) (taking judicial notice of archived pages of defendant's website); *UL LLC v. Space Chariot Inc.*, 250 F.Supp.3d 596, 604 n.2 (C.D. Cal. 2017) (collecting cases).

Exhibit A to the Taylor Declaration is a copy of the OnlyFans Terms of Service as publicly available on July 21, 2024, at https://www.onlyfans.com/terms. As Plaintiffs acknowledge in their FAC, Fenix updated the Terms "in August 2024 (effective September 1, 2024), after the original Complaint in this matter was filed on July 29, 2024," and "[w]hile some provisions were reworded or reorganized, the core structure and substance of the Terms—including the Acceptable Use Policy, Privacy Policy, and contractual terms governing Fan–Creator interactions—remain materially the same," and "[f]or clarity and consistency, *this Amended Complaint continues to refer to the pre-September 2024 version of the Terms*" (FAC ¶163 n.60)—the Terms reflected in Exhibit A. Exhibit 1 to the Supplemental Taylor Declaration is a copy of the OnlyFans Privacy Policy as publicly available at the time of the filing of the Complaint at www.onlyfans.com/privacy. The Exhibits have been authenticated by Fenix's employee Lee Taylor and were archived on the Internet Archive's Wayback Machine. (*See* ECF 60-1 ¶14; ECF 62-1 ¶18.) The Exhibits are thus proper subjects of judicial notice.

## II.    THE COURT SHOULD CONSIDER THE EXHIBITS UNDER THE DOCTRINE OF INCORPORATION BY REFERENCE

Under the "incorporation by reference" doctrine in the Ninth Circuit, courts "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Belliveau v. Volkswagen*

*Grp. of Am., Inc.*, No. 8:23-CV-01197-FWS-KES, 2024 WL 3005930, at *1 n.2 (C.D. Cal. May 17, 2024) (granting motion to dismiss and concluding agreement was incorporated by reference into amended complaint where "the FAC's allegations demonstrate both that [p]laintiff refers extensively to the… [a]greement" and the agreement "forms the basis of [p]laintiff's UCL claim") (Slaughter, J.).

"A court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160-61 (9th Cir. 2012) (holding district court properly incorporated website disclosures by reference over plaintiff's objection, because "having based his allegations on the contents and appearance of the Important Terms & Disclosure Statement, [plaintiff] can hardly complain when [d]efendants refer to the same information in their defense"). The doctrine prevents "plaintiffs from surviving a [motion to dismiss] by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Courts, including this Court, routinely consider records of websites as incorporated by reference, particularly where the website representations are referenced in the operative complaint. *See, e.g.*, *Knievel*, 393 F.3d at 1076-77 (considering copies of "the surrounding pages on the EXPN.com website… attached to ESPN's motion to dismiss under the incorporation by reference doctrine" where plaintiffs "attached to their complaint only the [web page] that they argue was defamatory, and they do not allege or describe the contents of the surrounding pages in their complaint"); *Daniels-Hall*, 629 F.3d at 998 (considering "information posted on certain… web pages that [p]laintiffs referenced in the [c]omplaint" on motion to dismiss because "[p]laintiffs directly quoted the material posted on these web pages, thereby incorporating them into the [c]omplaint"); *Cascade Trade, LLC v. Cascade Mobility, Inc.*, No. 8:23-CV-02121-FWS-DFM, 2024 WL 5411308, at *9-10 & n.7 (C.D. Cal. Nov. 12, 2024) (dismissing false advertising claim based on alleged website representation "contradict[ed]" by exhibits, and "incorporat[ing] by reference the contents of" webpages "because both webpage links are explicitly referenced in the SAC… and

4

neither party contests the authenticity of the webpage links") (collecting cases) (Slaughter, J.).[2]

Here, as shown in Fenix's concurrently-filed Motion to Dismiss, Plaintiffs allege violations of the Terms (*see, e.g.*, FAC¶¶128, 131 & n.49, 539) and allege the Terms omitted material facts (*id*. ¶159). Plaintiffs also allege the Privacy Policy and Terms are part of "the legally binding agreement between [Plaintiffs] and [Fenix]" and quote the Terms at length, alleging the Terms "require[] Fans and Creators to… protect personal and confidential information," prohibit "misleading or deceptive conduct" or "anything that violates… someone else's rights," and give Fenix "powers to prevent the use of" third parties by Creators and "rectify the violations of its [T]erms." (*Id.* ¶¶139, 163-167.) However, Plaintiffs did not attach copies of the Terms and omit the language stating, for example, that Fenix "are not responsible for reviewing or moderating Content," "cannot control and will not be responsible to [Plaintiffs] for the use which other [u]sers *or third parties* make" of content Plaintiffs upload to OnlyFans, and "are under no obligation to monitor Content or to detect breaches of the Terms." (ECF 60-1, PageID#359-60.)

Plaintiffs also quote the Privacy Policy to allege that Fenix would collect and process "customer data" like "comments… from your Fan account" and "chat messages between you and other users," including Creators. (FAC¶¶139, 449 (quoting Privacy Policy).) But Plaintiffs did not attach a copy of the Privacy Policy, which also disclosed that Fenix may: "[m]oderat[e]… text and content uploaded to the Website" and "content sent in chat messages"; "share personal data" with "third-party service providers," including "content and text moderation… providers"; and disclose "personal data" to "third parties for various business purposes." (ECF 62-1, PageID#525, 527, 535.) Because Plaintiffs expressly

---

[2] *See also Garcia v. Hanjin Int'l Corp.*, No. CV 20-11582 PSG (JEMx), 2021 WL 4260408, at *2 (C.D. Cal. June 16, 2021) (considering "hotel website screenshot and the website's contents" because they were "explicitly alleged in the complaint" and were therefore incorporated by reference); *Playboy Enters. Int'l, Inc. v. Fashion Nova, Inc.*, No. CV 20-9846 JVS (KSx), 2021 WL 3557835, at *4 (C.D. Cal. Apr. 13, 2021) (considering "advertising and marketing" from defendant's website as incorporated by reference because "[defendant's] website [was] referenced extensively in [plaintiff's] complaint").

"*consent[ed]* to… the processing of [their] personal data as more fully detailed in [OnlyFans'] Privacy Policy," (ECF 60-1, PageID#357), they cannot state a claim under the California Invasion of Privacy Act. *See* Motion to Dismiss, §II.E.

Because Plaintiffs base their allegations on the Terms and the Privacy Policy, but "deliberately omitt[ed]" other provisions contradicting their claims, consideration of the Exhibits under the doctrine of incorporation by reference is appropriate. *See Swartz,* 476 F.3d at 763.

## CONCLUSION

Exhibit A to the Taylor Declaration and Exhibit 1 to the Supplemental Taylor Declaration are properly the subject of judicial notice. These Exhibits should also be considered as incorporated by reference for the Court's evaluation of Fenix's Motion to Dismiss.

DATED: May 23, 2025

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

          By: *Jason D. Russell*
             JASON D. RUSSELL
          *Attorneys for Specially Appearing Defendants*
         Fenix International Limited and Fenix Internet LLC