1  JASON D. RUSSELL (SBN 169219)
   jason.russell@skadden.com
2  PETER B. MORRISON (SBN 230148)
   peter.morrison@skadden.com
3  HILLARY A. HAMILTON (SBN 218233)
   hillary.hamilton@skadden.com
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   2000 Avenue of the Stars, Suite 200N
5  Los Angeles, California 90067
   Telephone: (213) 687-5000
6  Facsimile: (213) 687-5600

7  Attorneys for Specially Appearing Defendants
   Fenix International Limited and Fenix Internet LLC

8  *Additional Counsel appear on Signature Block*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE CLAIMS OF NON-CALIFORNIA DEFENDANTS**<br><br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10D<br>Date: June 26, 2025<br>Time: 10 a.m. |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on June 26, 2025, at 10 a.m., in Courtroom 10D of the Ronald Reagan Federal Building and United States Courthouse, located at 411 West 4th Street, Santa Ana, California 92701, Specially Appearing Defendants Fenix International Limited ("FIL") and Fenix Internet LLC (collectively, "Fenix") and Defendants Content X, Inc., Elite Creators LLC, Moxy Management, Verge Agency Inc., Unruly Agency LLC, and Behave Agency LLC (collectively, "Agency Defendants" and, with Fenix, "Defendants") will, and hereby do, present for hearing by the Court, the Honorable Fred W. Slaughter presiding, this motion to strike the allegations referencing claims brought by Plaintiffs B.L, S.M., and A.L. ("Non-California Plaintiffs") based on this Court's April 9, 2025 Order (ECF 117).

Specifically, Defendants move to strike the following allegations in whole or in part, to the extent they reference the Non-California Plaintiffs or their claims, as reflected in the attached Appendix A: FAC¶¶24, 32-38, 48, 50, 52, 53, 132, 175-76, 184, 187, 193-204, 207, 208, 212, 213, 215, 222-31, 234, 239-49, 279-323, 325-26, 354, 361, 405-18.

This Motion is made based on this Notice, the Memorandum of Points and Authorities that follows, the files and records in this action, the arguments of counsel, and any other matters the Court may properly consider. The grounds for this motion are as follows:

- In its April 9, 2025 Order, this Court held the Non-California Plaintiffs are bound by the forum-selection clause in the OnlyFans Terms of Service. Because the Agency Defendants are bound by the same forum-selection clause, and this Court has already recognized that the clause covers the claims asserted against the Agency Defendants, the allegations should be stricken, and the Non-California Plaintiffs' claims dismissed in their entirety for forum non conveniens.

- Even if the Agency Defendants were not already OnlyFans users (and thus

i

signatories to the forum-selection clause) by virtue of their alleged activities on OnlyFans, the Agency Defendants would still be able to invoke the forum-selection clause against Plaintiffs as non-signatories based on principles of equitable estoppel.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 16, 2025.

DATED: May 23, 2025        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:     */s/ Jason D. Russell*
       JASON D. RUSSELL
*Attorneys for Specially Appearing Defendants*
Fenix International Limited and Fenix Internet LLC

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

Specially Appearing Defendants Fenix International Limited ("FIL") and Fenix Internet LLC (collectively, "Fenix") and Defendants Content X, Inc., Elite Creators LLC, Moxy Management, Verge Agency Inc., Unruly Agency LLC, and Behave Agency LLC (collectively, "Agency Defendants" and with Fenix, "Defendants") hereby move this Court to strike the allegations in the First Amended Class Action Complaint referencing claims brought by B.L., S.M., and A.L. ("Non-California Plaintiffs"). This Court has held the Non-California Plaintiffs are bound by the forum-selection clause in the OnlyFans Terms of Service ("Terms"). Because the Agency Defendants are bound by the same forum-selection clause, and this Court has already recognized that the clause covers the claims asserted against the Agency Defendants, the allegations should be stricken, and the Non-California Plaintiffs' claims dismissed in their entirety for forum non conveniens.

## I. This Court Dismissed the Non-California Plaintiffs' Claims.

This Court's April 9, 2025 Order ("Order," ECF 117) found Plaintiffs did not dispute they affirmatively agreed to and were bound by a forum-selection clause in the Terms, stating "any claim… arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales." (ECF 117, PageID#1506-07, 1509.) The Court also noted the forum-selection clause is "applicable to OnlyFans *users*." (*Id.*, PageID#1507.)[1]

In analyzing the validity and enforceability of the forum-selection clause, the Court held that its "broad scope… covers Plaintiffs' claims" that Fenix "and Agency Defendants engaged in various fraudulent practices and disseminated confidential or private information without Plaintiffs' consent when operating the OnlyFans website or creating content" and that "Plaintiffs' alleged injuries from this scheme all stem from Plaintiffs' use of the OnlyFans website, which is governed by the Terms… and Privacy Policy." (*Id.*,

---

[1] Unless otherwise noted, all emphasis is added, and all citations, brackets, and internal quotation marks are omitted from quoted material.

PageID#1510.) "Based on these allegations, the court concludes Plaintiffs' claims are logically or causally connected to the Terms…, and thus the claims are covered by the forum[-]selection clause." (*Id*.)

The Court ultimately held the forum-selection clause was unenforceable as to the California plaintiffs, but that the Non-California "Plaintiffs have set forth insufficient reasoning or authority suggesting this policy extends to out-of-state plaintiffs, and do not cite any public policies from other states that would preclude enforcement of the forum[-]selection clause." (*Id*., PageID#1516-17.) Because they failed to "present any other reason why the forum[-]selection clause should not be enforced as to the out-of-state plaintiffs," the Court held the Non-California Plaintiffs "have not discharged their 'heavy burden' of demonstrating that the forum[-]selection clause is unenforceable as to their claims." (*Id*., PageID#1517-18.) The Court ultimately held that "the forum[-]selection clause is valid and enforceable as to" the Non-California Plaintiffs and "the public interest factors favor dismissal," and dismissed the claims of Plaintiffs B.L., S.M., and A.L. against Fenix without leave to amend, but without prejudice to refiling in the courts of England or Wales pursuant to the forum-selection clause requirements. (*Id*., PageID#1519.)

Despite this Court's findings above, the First Amended Class Action Complaint ("FAC") filed by Plaintiffs N.Z. and R.M. include allegations referencing the Non-California Plaintiffs and their claims, asserting that their causes of action against the Agency Defendants may be maintained in this Court. (*See* FAC ¶¶ 24, 32-38, 48, 50, 52, 53, 132, 175-76, 184, 187, 193-204, 207, 208, 212, 213, 215, 222-31, 234, 239-49, 279-323, 325-26, 354, 361, 405-18.)[2] This Court should strike these allegations in whole or in part pursuant to the forum-selection clause that this Court already held covers all "OnlyFans users" (ECF 117, PageID#1507, 1509-10)—which includes Non-California Plaintiffs and the Agency Defendants.

---

[2] Attached as Appendix A is a redlined copy of the FAC reflecting the language that should be stricken in accordance with this Court's Order.

2

## II. The Forum-Selection Clause Applies to Disputes Between the Agency Defendants and Non-California Plaintiffs.

Plaintiffs expressly allege that the Agency Defendants "are 'management' agencies that purport to *represent, act on behalf o[f], or are the agents of multiple Creators*, and who in reality have *unfettered access to and primary control over the OnlyFans accounts* of their 'Represented Creators'" and "once a Creator engages an agency to operate his or her account, the agency takes over and operates all aspects of the Creator's account." (FAC¶46, 101, 103.) For example, "[a]cting on behalf of and as the agent of the Creator, the agency provides Chatters with direct access to the Creator's OnlyFans account—whether directly (by providing Chatters with login information) or indirectly (via third-party CRM software…)." (FAC¶112b.)

Plaintiffs' allegations on their face demonstrate that the Agency Defendants should be considered users of OnlyFans and subject to an identical forum-selection clause in the Terms. The Terms define "User" as "any user of OnlyFans, whether a Creator or a Fan or both." (ECF 60-1, PageID#355.) And, like Plaintiffs, "business Users" like Creators and their agents agreed "the courts of England and Wales shall have exclusive jurisdiction to resolve *any dispute or claim (including non-contractual disputes or claims) which you have or which we have arising out of or in connection with your agreement with us … or your use of OnlyFans*" and that English law would govern the Terms. (*Id.*, PageID#366-67.) This Court already recognized that the same language is "mandatory because it clearly designates English and Welsh courts as the exclusive forum for claims arising out of or connected to the Terms" and that the clause governs Plaintiffs' claims that "Agency Defendants engaged in various fraudulent practices and disseminated confidential or private information without Plaintiffs' consent when… creating content." (ECF 117, PageID#1509-10.)

This Court further recognized that the forum-selection clause governs claims against the Agency Defendants when it rejected the Non-California Plaintiffs' arguments in opposition to Fenix's Motion to Dismiss for Forum Non Conveniens (the "FNC Motion").

Specifically, the Non-California Plaintiffs asserted that "[t]he Agency Defendants are all alleged to have connections to California," that Fenix "have offered no suggestion that" the Agency Defendants "have any connections to the UK" or are "entitled to" litigate there, and thus there is a "likelihood of splintered, piecemeal litigation weigh[ing] against granting" the FNC Motion. (ECF 85, PageID#795.) On reply, Fenix disproved that argument, showing that "Agency Defendants are bound by the same [f]orum-[s]election [c]lause as Plaintiffs," and "thus have no basis to object to the litigation of Plaintiffs' claims in England pursuant to the [f]orum-[s]election [c]lause." (ECF 95, PageID#898.) Fenix also showed the Agency Defendants filed notices of non-opposition to the FNC Motion, and "contend it should be granted." (*Id.*, citing ECF 86, 88, 90, 91.)[3] This Court acknowledged the Agency Defendants' non-oppositions in its Order and implicitly rejected the Non-California Plaintiffs' arguments that the Agency Defendants would not be subject to the forum-selection clause when it granted Fenix's FNC Motion as to the Non-California Plaintiffs. (ECF 117, PageID#1504 n.1.)

Finally, even if the Agency Defendants were not already Users (and thus signatories to the forum-selection clause) by virtue of their alleged activities on OnlyFans, the Agency Defendants would still be able to invoke the forum-selection clause against Plaintiffs based on principles of equitable estoppel. Equitable estoppel "allows a nonsignatory to invoke" a forum-selection clause when "a signatory" sues the "nonsignatory defendants for claims that are based on the same facts and are inherently inseparable from… claims against signatory defendants." *Franklin v. Cmty. Regional Med. Ctr.*, 998 F.3d 867, 870-71 (9th Cir. 2021).[4] In evaluating whether equitable estoppel applies, courts "look to the

---

[3] There is no practical distinction between the Agency Defendants' notices of non-opposition to the FNC Motion and affirmative joinders in that motion. To the extent the Court disagrees with Defendants' interpretation of its Order above, the Agency Defendants respectfully request that they be permitted to file motions to dismiss for forum non conveniens based on the rulings this Court made in its Order with regard to the scope, validity, and enforceability of the forum-selection clause as to Non-California Plaintiffs and their claims against the Agency Defendants.

[4] Although the Terms contain a U.K. choice-of-law provision, for simplicity of analysis, Defendants rely on Ninth Circuit authority analyzing California law principles.

*(cont'd)*

relationships of persons, wrongs and issues, and in particular, whether the claims are intimately founded in and intertwined with the underlying contract obligations." *Id.* at 871.

Here, Plaintiffs' claims against the Agency Defendants are inherently inseparable from their claims against Fenix, which are intimately intertwined with the Terms. For example, Plaintiffs claim that all Defendants engaged in a racketeering conspiracy to defraud OnlyFans Users into believing they were always communicating with Creators, when they were sometimes communicating with contractors managed by the Agency Defendants. (FAC ¶¶ 439-46.) Plaintiffs allege that Fenix furthered the conspiracy through "development and implementation of policies" in the Terms "that ostensibly prohibited fraudulent activity but were intentionally not enforced." (*Id.* ¶441a.) Plaintiffs allege that the Agency Defendants furthered the conspiracy through "creation and sale of fraudulent digital content, knowing that" Fenix "would not take action to stop or penalize such behavior." (*Id.* ¶441d.) In other words, Plaintiffs allege that Fenix used the Terms to mislead OnlyFans Users, and the Agency Defendants exploited the misleading impression caused by the Terms to profit. Plaintiffs' claims against the Agency Defendants are thus intertwined with both the Terms and their claims against Fenix based on those Terms. As a result, equitable estoppel prevents Plaintiffs from relying on the Terms to sue the Agency Defendants, while disclaiming the Terms' forum-selection clause. *See Franklin*, 998 F.3d at 876 (holding that equitable estoppel applied when question of "whether [plaintiff] can maintain liability against the" nonsignatory defendant could not "be answered without reference" to the contract containing an arbitration clause).

For these reasons, the Non-California Plaintiffs are bound to litigate their claims against both Fenix *and* the Agency Defendants in England or Wales, pursuant to the forum-selection clause. The allegations referencing Non-California Plaintiffs should be stricken from the FAC.

---

In doing so, Defendants expressly reserve, and do not waive, their right to rely on the Terms' choice-of-law provision later in this litigation.

5

## **CONCLUSION**

The Court should strike the allegations in FAC¶¶24, 32-38, 48, 50, 52, 53, 132, 175-76, 184, 187, 193-204, 207, 208, 212, 213, 215, 222-31, 234, 239-49, 279-323, 325-26, 354, 361, and 405-18 in whole or in part as reflected in Appendix A.

DATED: May 23, 2025         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _/s/ Jason D. Russell_
JASON D. RUSSELL
*Attorneys for Specially Appearing Defendants*
Fenix International Limited and Fenix Internet LLC

***All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.***

KINGFISHER LAW APC

By: _/s/ Nithin Kumar_
NITHIN KUMAR
*Attorneys for Defendant*
Content X, Inc.

DENTONS US LLP

By: _/s/ Michael Gehret_
MICHAEL GEHRET
*Attorneys for Defendant*
Elite Creators LLC

BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP

By: _/s/ Oliver Rocos_
OLIVER ROCOS
*Attorneys for Defendant*
Moxy Management

6

CONSTANGY BROOKS SMITH AND PROPHETE LLP

By: */s/ Younjin Lee*
    YOUNJIN LEE
*Attorneys for Defendant*
Verge Agency Inc.

THE JACOBS LAW FIRM, PC

By: */s/ Matthew Jacobs*
    MATTHEW JACOBS
*Attorneys for Defendants*
Unruly Agency LLC and Behave Agency LLC

7

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Fenix International Limited and Fenix Internet LLC, certifies that this brief contains 1,715 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: May 23, 2025          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *Jason D. Russell*
    JASON D. RUSSELL
    *Attorneys for Specially Appearing Defendants*
    Fenix International Limited and Fenix Internet LLC