1  BETY JAVIDZAD (SBN 240598)
   bety.javidzad@dentons.com
2  SAMANTHA FAHR (SBN 299409)
   samantha.fahr@dentons.com
3  POOJA L. SHAH (SBN 330550)
   pooja.l.shah@dentons.com
4  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
5  Los Angeles, California 90017-5704
   Tel: 213 623 9300 / Fax: 213 623 9924
6
   MICHAEL GEHRET (SBN 247869)
7  mike.gehret@dentons.com
   TRINITY JORDAN (*Pro Hac Vice*)
8  trinity.jordan@dentons.com
   JORDAN WESTGATE (*Pro Hac Vice*)
9  jordan.westgate@dentons.com
   DENTONS DURHAM JONES & PINEGAR P.C.
10 111 South Main Street, Suite 2400
   Salt Lake City, Utah 84111-2184
11 Tel: 801 415 3000

12 Attorneys for Defendant
   ELITE CREATORS LLC
13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16

17 N.Z., R.M., B.L., S.M., and A.L.,           Case No. 8:24-cv-01655-FWS-SSC
   individually and on behalf of themselves
18 and all others similarly situated,          **DEFENDANT ELITE CREATORS,**
                                               **LLC'S NOTICE OF MOTION**
19              Plaintiffs,                     **AND MOTION TO DISMISS**
                                               **PLAINTIFFS' FIRST AMENDED**
20        v.                                   **COMPLAINT**

21 FENIX INTERNATIONAL LIMITED,                Date:    June 26, 2025
   FENIX INTERNET LLC, BOSS                    Time:    10:00 a.m.
22 BADDIES LLC, MOXY                           Crtrm:   10D
   MANAGEMENT, UNRULY AGENCY                   Judge:   Hon. Fred W. Slaughter
23 LLC (also d/b/a DYSRPT AGENCY),
   BEHAVE AGENCY LLC, A.S.H.                   Complaint Served: 8/05/2024
24 AGENCY, CONTENT X, INC., VERGE
   AGENCY, INC., AND ELITE
25 CREATORS LLC,

26              Defendants.

27

28
                                    - 1 -

1

**TO THE COURT, DEFENDANT, AND THEIR ATTORNEYS OF RECORD:**

2

**PLEASE TAKE NOTICE** that on June 26, 2025 at 10:00 a.m., or as soon

3

thereafter as this matter may be heard in the above-entitled court, before the Honorable

4

Fred W. Slaughter, United States District Judge of the Central District of California,

5

Southern Division, in Courtroom 10D, Defendants Elite Creators LLC and Creators

6

Incorporated (together "Creators Inc.") will, and hereby do, move for an order

7

dismissing the First Amended Complaint (the "FAC") against Creators Inc. pursuant

8

to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for the following

9

reasons:

10

**RICO & RICO Conspiracy** – The FAC fails to state a claim for a RICO

11

Conspiracy or a substantive violation of the RICO statute because Plaintiffs fail to

12

describe any racketeering enterprise, much less one that Creators Inc. was a part of;

13

they do not allege that Creators Inc. coordinated with any other actor; and, Plaintiffs

14

do not allege that Creators Inc. engaged in conduct in furtherance of any RICO

15

enterprise.

16

**California Invasion of Privacy Act & Electronic Communications Privacy**

17

**Act** – The FAC fails to state a claim under either the federal or state statutes related

18

to interception of wire communications because Plaintiffs have failed to allege that

19

Creators Inc. "tapped" or "intercepted" any communication, that it had any

20

technological mechanism to do so, and in any event, Creators Inc.'s clients—a party

21

to the communication—consented to Creators Inc.'s access to the communications.

22

**Video Privacy Protection Act** – The FAC fails to state a claim for violation of

23

the Video Privacy Protection Act because, based on the facts alleged in the FAC,

24

Creators Inc. does not qualify as a "video tape service provider" under the statute.

25

Creators Inc. did not possess or disclose any personally identifiable information

26

covered by the statute, and in any event, every action Creators Inc. took was in the

27

ordinary course of business and thus exempt from liability.

28

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

- 2 -

130401840\V-1

**California Penal Code Section 502, Unauthorized Computer Access** – This statute applies only to unauthorized access to computer networks through overcoming technological hurdles, *i.e.*, hacking, and not to authorized access using passwords, which is how Creators Inc. accessed the data.

Creators Inc. further will, and hereby does, move for an order dismissing the claims brought by Plaintiffs B.L., S.M., and A.L. (the "Non-California Plaintiffs") in the FAC against Creators Inc. on the basis of forum non conveniens for the following reasons:

On April 9, 2025, the Court held the Non-California Plaintiffs are bound by the forum-selection clause in the OnlyFans Terms of Service and that the forum selection clause precludes them from bringing claims in this forum such that their claims had to be dismissed. (*See* Order Granting in Part & Denying in Part Defs.' Mot. to Dismiss for Forum Non Conveniens, ECF No. 117, 16, filed Apr. 9, 2025.) Creators Inc. is an OnlyFans user as well. Any claims made by the Non-California Plaintiffs against Creators Inc. are governed by the same OnlyFans Terms of Service, including the same forum-selection clause previously considered by the Court. The claims asserted by the Non-California Plaintiffs against Creators Inc. should be dismissed for the same reasons they were dismissed against Fenix International Limited and Fenix Internet LLC (together "OnlyFans").

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 16, 2025.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the reply papers, the pleadings on file, and such other evidence and argument as the Court may receive.

//

//

//

D ENTONS US LLP
601 S OUTH F IGUEROA S TREET , S UITE 2500
L OS A NGELES , C ALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

1  Dated: May 23, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DENTONS US LLP

By: */s/ Michael Gehret*

Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

# <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION…………………………..…………………………...9

II.   LEGAL STANDARDS…………………………………………………11

III.  ARGUMENT……………………………………………………......…12

A.    PLAINTIFFS HAVE FAILED TO PLAUSIBLY PLEAD A CIVIL RICO VIOLATION……………………………………………………... 12

B.    THE FAC FAILS TO ALLEGE A RICO ENTERPRISE THAT INCLUDED CREATORS INC………………………………….......... 12

    1.    THE FAC DOES NOT ALLEGE THAT CREATORS INC. ENGAGED IN ANY CONDUCT IN FURTHERANCE OF THE RICO SCHEME…………………………………….............. 14

    2.    THE FAC DOES NOT ALLEGE THAT CREATORS INC. GAVE OR TOOK DIRECTIONS FROM ANYONE………….....……………………………………... 14

    3.    THE FAC DOES NOT INCLUDE PARTICULARIZED ALLEGATIONS THAT CREATORS INC. COMMITTED ANY PREDICATE RICO ACT………………………………………….......................... 15

    4.    THE ALLEGEDLY FRAUDULENT ACTS OF OTHER PARTIES CANNOT BE ATTRIBUTED TO CREATORS INC………………………………………………………... 17

    5.    PLAINTIFFS HAVE NOT ALLEGED THAT THEY HAVE BEEN DAMAGED BY THE ACTS ALLEGED IN THE FAC……………………….....…………................................ 17

    6.    THE FAC DOES NOT ALLEGE ANY MISREPRESENTATION MADE BY CREATORS INC. TO ANY CALIFORNIA PLAINTIFF…………............................... 18

    7.    THE RICO AND RICO CONSPIRACY CAUSES OF ACTION DO NOT ALLEGE ANY FACTS OR PREDICATE ACTS RELATED TO CREATORS INC. AND THE CALIFORNIA PLAINTIFFS………………………………………………… 18

IV.   PLAINTIFFS HAVE NOT ADEQUATELY PLED A RICO CONSPIRACY……………………………………………………..... 20

V.    PLAINTIFFS HAVE NOT ALLEGED A VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT BY CREATORS INC………………………………………………………………….. 20

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

VI.     PLAINTIFFS HAVE NOT ALLEGED THAT CREATORS INC.
        ACCESSED ANY COMPUTER DATA WITHOUT PERMISSION IN
        VIOLATION OF CALIFORNIA PENAL CODE SECTION
        502…………………………………………………………………..     20

VII.    CREATORS INC. DID NOT VIOLATE CIPA OR THE FEDERAL
        WIRETAP ACT……………………………………………………     21

VIII.   PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND, AS
        THEY HAVE ALREADY HAD A FULL AND FAIR OPPORTUNITY
        TO CURE THE DEFICIENCIES IN THEIR CLAIMS AGAINST
        CREATORS INC……………………………………………………     23

IX.     CONCLUSION…………………………………………..…………     24

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................... 11

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................... 11, 22

*Coronavirus Reporter v. Apple, Inc.,*
  85 F.4th 948 (9th Cir. 2023) ......................................................... 12, 16

*Cousins v. Lockyer,*
  568 F.3d 1063 (9th Cir. 2009) ........................................................... 11

*Eclectic Props. E., LLC v. Marcus & Millichap Co.,*
  751 F.3d 990 (9th Cir. 2014) ............................................................. 12

*Hemi Grp., LLC v. City of New York, N.Y.,*
  559 U.S. 1 (2010) ............................................................................... 12

*Foman v. Davis,*
  371 U.S. 178 (1962) ........................................................................... 23

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,*
  940 F.2d 397 (9th Cir. 1991) ............................................................. 11

*Leadsinger, Inc. v. BMG Music Publ'g,*
  512 F.3d 522 (9th Cir. 2008) ............................................................. 23

*Licea v. Cinmar, LLC,*
  659 F. Supp. 3d 1096 (C.D. Cal. 2023) ............................................. 22

*Moore v. Kayport Package Express, Inc.,*
  885 F.2d 531 (9th Cir. 1989) ....................................................... 11, 16

*Moss v. United States Secret Serv.,*
  572 F.3d 962 (9th Cir. 2009) ............................................................. 11

*Nayab v. Cap. One Bank (USA), N.A.,*
  942 F.3d 480 (9th Cir. 2019) ............................................................. 16

*Odom v. Microsoft Corp.,*
  486 F.3d 541 (9th Cir. 2007) ............................................................. 11

*Reves v. Ernst & Young,*
  507 U.S. 170 (1993) ........................................................................... 14

*Turner v. City & Cnty. of San Francisco,*

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

788 F.3d 1206 (9th Cir. 2015) ................................................................ 11

*Valenzuela v. Keurig Green Mountain, Inc.*,
  674 F. Supp. 3d 751 (N.D. Cal. 2023) ................................................ 22

*Walter v. Drayson*,
  538 F.3d 1244 (9th Cir. 2008) ............................................................ 14

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) .............................................................. 24

## Statutes

18 U.S.C. § 1962(c) ................................................................................ 12

18 U.S.C. § 1964(c) ................................................................................ 12

## Rules

Cal. Penal Code § 631(a) ....................................................................... 22

Federal Rule of Civil Procedure 12(b)(6) ............................................. 11

Federal Rule of Civil Procedure 9(b) .............................................. 11, 16

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    **INTRODUCTION**

3        Elite Creators LLC and Creators Inc. ("Creators Inc.") operate a social media

4  management agency that, among other activities, assists individual content creators

5  ("Creators") to operate their accounts on OnlyFans, a social media platform. (FAC

6  ¶¶ 172–79.) Creators Inc. was formed in September 2022 and Elite Creators LLC was

7  founded in June 2022. (*Id.* ¶ 54.) OnlyFans is a paywall social media platform, that is

8  a content sharing platform that uses subscriptions and micro transactions to generate

9  revenue for content creators who choose to sell content on the platform to others such

10 as Plaintiffs, who purchase content and videos on the platform. (*Id.* ¶¶ 8–9, 14.) As an

11 additional feature, fans on the OnlyFans platform can send messages to Creators; there

12 is no fee to send a direct message or receive a message back from a Creator. (*Id.* ¶¶ 76,

13 90–91.)

14        According to the FAC, Plaintiffs are five users of the OnlyFans Platform. The

15 FAC alleges that although Plaintiffs concede Creators have so many subscribers they

16 can't possibly respond to all the messages they receive, Plaintiffs were somehow

17 misled when they discovered that some of the direct messages they sent and received

18 were actually responded to by agents hired by the Creators, including agents who

19 worked for Creators Inc. and the other Agency Defendants. (*Id.* ¶¶ 28–37, 179, 250–

20 323.) The facts alleged in the FAC fail to establish that any Plaintiff is entitled to relief

21 on any of their theories and, as such, their claims must be dismissed.

22        **RICO** – RICO was passed by Congress to combat organized crime and

23 consequently all RICO crimes require a showing that the defendants participated in

24 an "enterprise" with the common purpose to violate the law. The FAC does not allege

25 facts sufficient to establish that any enterprise existed; much less that Creators Inc.

26 was a part of any enterprise. An enterprise requires more than one party, but Plaintiffs

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

nonetheless allege that the enterprise at issue here began in 2016, years before any of the Agency Defendants even existed; and six years before Creators Inc. was founded.

Plaintiffs also fail to allege in the FAC that any of the Agency Defendants knew about the existence of any other Agency Defendant or that Creators Inc. ever communicated about any fact relevant to Plaintiffs' claims with any other member of the alleged enterprise or conspiracy. Their failure to identify an enterprise or plausibly allege that Creators Inc. was a member of any enterprise is fatal to their substantive RICO claim as well as their claim under the Conspiracy prong of the RICO statute.

**Video Privacy Protection Act ("VPPA")** – The VPPA does not apply because the FAC does not contain sufficient allegations to plausibly allege that Creators Inc. was a video service provider, that Creators Inc. had any personal identifying information of anyone, or that Creators Inc. ever disclosed any personal identifying information of any consumer.

**California Invasion of Privacy Act ("CIPA") & Electronic Communications Privacy Act ("Wiretap Act")** – Plaintiffs' wiretap claims lack merit because Plaintiffs do not allege that any wire or telegraph was tapped nor that any wire communication was intercepted before the communication had reached its terminus, which is the Creators' inbox on the OnlyFans platform.

**Unauthorized Access to Computers – California Penal Code § 502** – Plaintiffs introduce a new claim in the FAC alleging that Creators Inc. and the other Agency Defendants illegally accessed the OnlyFans computer systems. This statute, however, applies only to "unauthorized" use and Plaintiffs allege that Creators Inc. had permission to use Creators' OnlyFans accounts. Further, it is not obvious that Plaintiffs would have standing to raise this claim since they have no ownership or other interest in the computer systems at issue.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130401840\V-1

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(holding that a claim must be facially plausible to survive a motion to dismiss). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067–68 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)(internal quotation marks omitted).

Federal Rule of Civil Procedure 9(b) requires that fraud-based claims be pled with particularity, declaring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Particularity requires that "the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). Courts consistently apply Rule 9(b)'s particularity requirements to RICO actions where wire fraud is the alleged predicate act. *See id.* at 553–54; *see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). In RICO claims sounding in fraud,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

Rule 9(b)'s particularity requirement requires a plaintiff to plead the "who, what, when, where, and how of the misconduct charged." *Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023)(citation omitted).

## III.    ARGUMENT

### A.    PLAINTIFFS HAVE FAILED TO PLAUSIBLY PLEAD A CIVIL RICO VIOLATION.

RICO provides a private cause of action for "[a]ny person injured in his [or her] business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c); *see also Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 6 (2010). To state a claim for a civil RICO violation, a plaintiff must plausibly allege that the defendant participated in "(1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing 18 U.S.C. § 1962(c)). And "the conduct must be (5) the proximate cause of harm to the victim." *Id.*

Plaintiffs have failed to state a claim for a civil RICO violation against Creators Inc.

### B.    THE FAC FAILS TO ALLEGE A RICO ENTERPRISE THAT INCLUDED CREATORS INC.

For the reasons set out in Moxy Management's Motion to Dismiss (the "Moxy Motion") section III.A, which Creators Inc. joins, the FAC fails to allege facts sufficient to plausibly describe a RICO enterprise. Notably, Creators Inc. was founded in 2022, six years after the RICO enterprise is alleged to have begun, and last among the Agency Defendants. The FAC does not allege a single action taken by Creators Inc. to join the apparently ongoing enterprise at the time of its formation or any point thereafter.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1    In Section III.A.2 of the Moxy Motion, Moxy points out that the FAC fails to
2  allege that any of the Agency Defendants knew the other Agency Defendants existed
3  and that the FAC also does not allege that OnlyFans was aware that any of the Agency
4  Defendants even existed, other than one Agency Defendant: Creators Inc. However,
5  the allegations of the FAC regarding Creators Inc. having a fashion show in OnlyFans
6  branded bikinis do not provide any basis to conclude that an enterprise existed or that
7  Creators Inc. was a part of one. (*See* FAC ¶ 6.)

8    In Paragraph 6 of the FAC, Plaintiffs allege that OnlyFans knew of Creators Inc.
9  because of a social media post by Creators Inc. from July 2023 about a fashion show
10 that included "scantily clad Creators walking down a runway wearing swimsuits
11 featuring the OnlyFans logo" and contained a link to OnlyFans online merchandise
12 store. The social media post described the fashion show as a "collab" with
13 "@ofmerch."[1] (*Id.*) Thus, the only evidence in the FAC that Creators Inc. had any
14 coordination with OnlyFans is that it once collaborated with OnlyFans' online store
15 to stage a fashion show. Nowhere else in the FAC do Plaintiffs describe any interaction
16 between OnlyFans and Creators Inc. related to the operation of an OnlyFans account
17 or the use of chatters.

18    Obviously, a fashion show in OnlyFans branded swimwear has nothing to do
19 with the claims in this lawsuit. Indeed, the fact that the only allegation in the FAC
20 about a connection between OnlyFans and *any* of the Agency Defendants is a social
21 media post about swimwear fashion show demonstrates that Plaintiffs have no factual
22 basis to allege that a RICO enterprise existed. Plaintiffs have alleged no facts that any
23 of the Defendants coordinated in any way related to using chatters.

---

[1] Notably, the Instagram username @ofmerch is specifically tied to OnlyFans'
online Store. The OnlyFans platform has a separate Instagram username, @onlyfans.

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

### 1. The FAC Does Not Allege that Creators Inc. Engaged in any Conduct in Furtherance of the RICO Scheme.

Liability under the RICO statutes requires a showing that the "the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)(emphasis in original). In evaluating whether a defendant had some part in directing the affairs of the enterprise, the Ninth Circuit has considered whether that defendant (1) gave or took directions; (2) occupied a position in the "chain of command" through which the affairs of the enterprise are conducted; (3) knowingly implemented decisions of upper management; or (4) was indispensable to the achievement of the enterprise's goal. *See Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008). The FAC does not allege that Creators Inc. coordinated with any other party in operating its business, took directions, gave directions to any other party, or was indispensable to any supposed goal of the enterprise. (*See generally* FAC ¶¶ 172–79.)

### 2. The FAC does not allege that Creators Inc. gave or took directions from anyone.

Perhaps the clearest indication that Creators Inc. had no role beyond managing its own affairs is that the "Content Fraud Enterprise" had been operating for six years ("The Content Fraud Enterprise has been ongoing since approximately 2016" (*Id.* ¶ 377)) before Creators Inc. was created in 2022 (*Id.* ¶ 54). The FAC does not allege a single thing about the enterprise that changed in 2022, or any step taken by Creators Inc. to supposedly join the enterprise once it was founded. Rather, Plaintiffs allege that by merely using chatters in its internal operations Creators Inc. became part of the enterprise. The FAC does not allege any fact that would make it plausible to find that Creators Inc. gave or took directions from anyone.

130401840\V-1

### 3. The FAC does not include particularized allegations that Creators Inc. committed any predicate RICO act.

Apart from the failure to adequately allege that any enterprise existed, the next largest flaw in Plaintiffs' claims are that they do not allege any action undertaken by Creators Inc. that amounts to fraud. First, the allegations about whether Creators Inc. even managed any creators Plaintiffs subscribed to are made entirely on information and belief. Specifically, the FAC alleges that, "*On information and belief* Creators Inc. currently manages *or at one point managed*" seven specific OnlyFans content creators: Stephanie Landor, Romey Marie, Jostacy Nick, Nala the Ninja, Elseana Panzer, McKinley Richardson, and Summer Soderstrom. (*Id.* ¶ 175 (emphasis added)). Because the FAC does not contain any indication of the basis for that information and belief or when Creators Inc. supposedly began or stopped managing these creators, it is impossible to say whether Creators Inc. managed any of the named creators when the conduct complained of in the FAC took place.

For example, the FAC alleges that Plaintiff S.M. subscribed to creator Stephanie Landor starting in 2021—a year before Creators Inc. was formed. (*Id.* ¶ 416.) The FAC does not allege, even on information and belief, when Stephanie Landor began being managed by Creators Inc. From the FAC it is simply impossible to know whether Creators Inc. managed Ms. Landor when Plaintiff S.M. was subscribed to, paying, or actively interacting with Ms. Landor's OnlyFans account.

Second, the FAC does not specifically allege that Creators Inc. made any statements to any Plaintiff. The only way any alleged fraud is attributed to Creators Inc. is by Plaintiffs' "information and belief" that Creators Inc. managed the specific creator at the time when some statements were made. The FAC, however, does not state the basis for the information and belief that Creators Inc. managed any of the relevant OnlyFans creators, much less managed them at the time that any of the supposedly fraudulent statements were made. In a fraud-based claim, this does not

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130401840\V-1

1   suffice; the Ninth Circuit has held that, "allegations of fraud based on information and

2   belief usually do not satisfy the particularity requirements under Rule 9(b)." *Moore v.*

3   *Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir. 1989), *see also Nayab v.*

4   *Cap. One Bank (USA), N.A*., 942 F.3d 480, 493–94 (9th Cir. 2019) ("[A]llegations

5   based on information and belief may suffice, *so long as the allegations are*

6   *accompanied by a statement of facts upon which the belief is founded*." (emphasis

7   added) (citation omitted) (internal quotation marks omitted)).

8       Third, the FAC does not allege the specifics of any purportedly fraudulent

9   statement by Creators Inc.: the "who, what, when, where, and how" of the fraud. *See*

10  *Coronavirus Rep*., 85 F.4th at 958. In Section D of the FAC titled, "Racketeering

11  Activity or Predicate Acts," Plaintiffs identify only two allegations that are even

12  plausibly tied to Creators Inc. The first involved Plaintiff S.M. and creator Stephanie

13  Landor. (FAC ¶ 416.) In that communication—which the FAC does not include the

14  date or other details of—S.M. complained that the content he had received was not

15  explicit enough and was told by Ms. Landor, or someone acting on her behalf, that her

16  "management team handles her OnlyFans account and they would be in touch with

17  him."(*Id.*) This statement cannot be the basis for a claim that Creators Inc. was in any

18  way engaged in fraudulently hiding that a management agency was acting on behalf

19  of Ms. Landor. To the contrary, the statement expressly discloses that the account is

20  not exclusively managed by Ms. Landor. Moreover, since S.M. had subscribed to Ms.

21  Landor's page for one year before Creators Inc. was even founded and since the FAC

22  does not allege when this communication took place, there is no way to know whether

23  Creators Inc. had anything to do with this innocuous interaction.

24      The second "predicate act" attributed to Creators Inc. was when Plaintiff B.L.

25  subscribed to creator Summer Soderstrom's OnlyFans page. The contents of the

26  communications between Plaintiff B.L. and all creators B.L. subscribed to are alleged

27  generally as follows:

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

Plaintiff B.L. communicated via direct message with each of the accounts listed above. Those communications included direct messages that contained personal and sensitive information, including personal photos and videos of himself, and information about his personal interests, hobbies, professional occupation, sexual interests and preferences, and location.

(*Id.* ¶ 282.)

Nowhere does the FAC identify the time, date, or the specific content of any message Plaintiff B.L. sent or received. Since the FAC fails to plead with the required specificity, it does not meet the requisite pleading standard and must therefore be dismissed under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

### 4. The allegedly fraudulent acts of other parties cannot be attributed to Creators Inc.

For the reasons set out in the Moxy Motion sections III.B.3, which Creators Inc. joins, the allegedly fraudulent acts of other parties, including OnlyFans, cannot be imputed to Creators Inc.

### 5. Plaintiffs Have Not Alleged that They Have Been Damaged by the Acts Alleged in the FAC.

For the reasons set out in the Moxy Motion section III.C, which Creators Inc. joins, Plaintiffs have failed to allege facts in the FAC to establish that they experienced actionable harm from any of the allegedly fraudulently acts.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

**6.    The FAC Does Not Allege any Misrepresentation Made by Creators Inc. to any California Plaintiff.**

    **a)    The claims by the Non-California Defendants should be dismissed based on the doctrine of forum non-conveniens.**

For the reasons set out in the Moxy Motion section VIII, which Creators Inc. joins, the claims brought by Plaintiffs B.L., S.M. and A.L., the Non-California Plaintiffs, should be dismissed based on the doctrine of forum non-conveniens.

**7.    The RICO and RICO conspiracy causes of action do not allege any facts or predicate acts related to Creators Inc. and the California Plaintiffs**

There are only two Plaintiffs, N.Z. and R.M, who live in California and whose claims were not dismissed based on the forum selection clause in the OnlyFans Terms of Service. According to the FAC, Plaintiff R.M. subscribed to three creators, none of whom was represented by Creators Inc. or were alleged to have been represented by Creators Inc. (FAC ¶¶ 263–78.) Thus, Plaintiff R.M. has no claims against Creators Inc.

As for the second California Plaintiff, in Section D of the FAC titled "Racketeering Activity or Predicate Acts" (*see id.* ¶¶ 380–426) neither Plaintiff N.Z. nor any of the creators Plaintiff N.Z. subscribed to is mentioned. Indeed, in the entirety of the RICO causes of action, neither Plaintiff N.Z. nor any creator Plaintiff N.Z. subscribed to is even mentioned. In other words, Plaintiff N.Z. is entirely absent from the RICO cause of action in the FAC. (*See generally id.*)

The allegations of the FAC other than the RICO cause of action also does not provide a basis for a claim by N.Z. against Creators Inc. The FAC alleges that Plaintiff N.Z. subscribed to only one OnlyFans page that Plaintiffs claim was managed by Creators Inc.: McKinley Richardson. (*Id.* ¶ 250.d.) The FAC makes general

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

allegations about N.Z.'s interactions with all of the creators N.Z. subscribed to but does not make any specific allegations about the McKinley Richardson page. (*Id.* ¶¶ 250–62.) As for payment to any OnlyFans creator, the FAC alleges that "Plaintiff N.Z. estimates that during the time he was using his OnlyFans account, he spent approximately $5,000 to $10,000 on Premium Content Fees" but does not allege that any part of those Premium Content Fees were paid to McKinley Richardson or to Creators Inc. (*Id.* ¶ 260.)

As the FAC alleges in great detail, content creators can and do create free OnlyFans pages that a user can subscribe to without paying any money. (*Id.* ¶¶ 71–73.) As to other Plaintiffs and other creators, Plaintiffs identify whether each Plaintiff subscribed to a free page or a paid page and allege whether money was paid to a specific creator.[2] With regard to Plaintiff N.Z. and McKinley Richardson, however, there are no such allegations. Nowhere in the FAC do Plaintiffs allege whether McKinley Richardson's OnlyFans page that Plaintiff N.Z. subscribed to was free or required a monthly subscription fee. Nor does the FAC allege that Plaintiff N.Z. ever paid any Premium Content Fees to McKinley Richardson or Creators Inc. Because the FAC fails to allege that Plaintiff N.Z. paid any fees or any money to McKinley Richardson and Creators Inc., Plaintiff N.Z. has no possible claim against Creators Inc.

Because neither of the California Plaintiffs have a claim against Creators Inc., the FAC must be dismissed as to Creators Inc.

---

[2] For example, the FAC alleges that "Plaintiff S.M. subscribed to Steph Landor (Creators Inc.) from 2021–2023 to both her free page and her VIP page at approximately $20.00 per month" (FAC ¶ 416.) It further alleges that "Plaintiff R.M. subscribed to Chyanne Burden (Moxy) on July 16, 2020. At the time, her page was free to subscribe to. He tipped an additional $55.00 during the length of his subscription." (*Id.* ¶ 419.)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

## IV.    PLAINTIFFS HAVE NOT ADEQUATELY PLED A RICO CONSPIRACY.

For the reasons set out in the Moxy Motion section IV, which Creators Inc. joins, Plaintiffs have failed to plead a RICO conspiracy and Count II of the FAC should thus be dismissed.

## V.    PLAINTIFFS HAVE NOT ALLEGED A VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT BY CREATORS INC.

For the reasons set out in the Moxy Motion section V, which Creators Inc. joins, Plaintiffs have failed to plead violation of the VPPA by any of the Agency Defendants and the Claim must be dismissed as to Creators Inc.

Neither Plaintiffs' description of Creators Inc. nor anywhere else in the FAC do Plaintiffs allege a single fact that would establish that Creators Inc. is in the business of selling or renting videos; rather, the FAC alleges that Creator's Inc. provides "management services" to content creators. (FAC ¶¶ 54, 172–79). Since delivering videos forms no part of Creators Inc.'s business, it is not a video tape service provider. Even if Creators Inc. were a video service provider, for the reasons set forth in the Moxy Motion section V, Creators Inc. did not collect or disclose any personal identifying information and, in any event, as articulated in Moxy's Motion, use and disclosure would have been lawful because it occurred in the ordinary course of business.

## VI.    PLAINTIFFS HAVE NOT ALLEGED THAT CREATORS INC. ACCESSED ANY COMPUTER DATA WITHOUT PERMISSION IN VIOLATION OF CALIFORNIA PENAL CODE SECTION 502.

For the reasons set out in the Moxy Motion section VI, which Creators Inc. joins, Plaintiffs have failed to plead violation of California Penal Code Section 502 because Creators Inc. did not access computer networks or data without permission.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130401840\V-1

## VII. CREATORS INC. DID NOT VIOLATE CIPA OR THE FEDERAL WIRETAP ACT.

For the reasons set out in the Moxy Motion section VII, which Creators Inc. joins, Plaintiffs have failed to plead violations of the CIPA or the Federal Wiretap Act because Creators Inc. did not intercept any message while it was in transit and because, in any event, Creators Inc.'s clients consented to its access.

Further, the use of a "CRM," even if it were properly alleged, does not change the analysis. In one of the relatively few changes between the original Complaint (*Compare* Complaint, ECF No. 1, filed July 29, 2024, *with* FAC, ECF No. 118, filed Apr. 23, 2025) Plaintiffs include seven paragraphs describing customer relationship management software ("CRM"). The apparent purpose for this inclusion was Plaintiffs' attempt to manufacture a theory under which the messages were intercepted in transit. Their attempt fails.

Once again, the FAC proceeds on information and belief and engages in ambiguous group pleading. For example, the FAC alleges that "*On information and belief*, the Agency Defendants *generally* use CRM tools that access the Creator's OnlyFans account and then mirror a single live session inside a multi-seat dashboard." (FAC ¶ 122 (emphasis added)). The FAC provides no basis for this information and belief, nor do Plaintiffs specify whether any specific agency used a CRM, and if so, which CRM. To put a finer point on it, Plaintiffs do not allege whether Creators Inc. ever used a CRM.

Second, the allegations about the CRM do not provide any basis to conclude how the CRMs worked and whether they had either the capability or the functionality to intercept messages while they were in transit, that is, before they arrived in the creators' OnlyFans inboxes. As to how these CRMs that the Agency Defendants supposedly use operate, Plaintiffs' pleadings are speculative, perhaps even wishful. Plaintiffs allege that "[t]he CRM tools *generally* function by automating interactions

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1

with OnlyFans website *using various web-based technologies* that, *on information and belief*, intercept messages and content contemporaneously with their transmission." (*Id.* ¶ 123 (emphasis added)). This is nothing other than a legal conclusion dressed up as a factual allegation.

To be liable under the interception clause of CIPA, the eavesdropper must listen to a communication "*while* the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state." *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758–59 (N.D. Cal. 2023) (emphasis added) (quoting Cal. Penal Code § 631(a)). It is Plaintiffs' obligation to make allegations that raise their "right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs' obligation to provide the grounds for entitlement to relief "requires more than labels and conclusions." *Id.*

In *Valenzuela v. Nationwide Mutual Insurance Company*, the defendant moved to dismiss the complaint on the basis that allegations of interception were simply threadbare conclusions. 686 F. Supp. 3d 969, 978 (C.D. Cal. 2023). The Court disagreed, finding that "Valenzuela did not simply recite that there was real time interception, she added detail on how it occurs (through the code Nationwide paid Akamai to embed) and pointed to statements from Akamai regarding real-time insights and data from every use event collected as it happens." *Id.* (cleaned up); *see also Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1109 (C.D. Cal. 2023) (Plaintiffs' allegations that "the third party . . . secretly intercept[s] in real time, eavesdrop[s] upon, and store[s] transcripts" is conclusory and does not allege specific facts as to how or when the interception takes place).

Plaintiffs have failed to provide the necessary details to take this case beyond the level of speculation and conclusion. While the FAC identifies four CRM software vendors—Supercreator, CreatorHero, Infloww, and OnlyMonster—it does not allege

130401840\V-1

1  whether any of those CRMs were used by Creators Inc. or any other Agency

2  Defendant and if so, which of those CRMs Creators Inc. used. (*See* FAC ¶ 121).

3      Plaintiffs also do not provide any detail about how any of the CRMs would or

4  did intercept messages. Without differentiating between the way the four different

5  CRMs operate, as stated above. The allegation is nothing other than a word salad of

6  qualifiers, meaningless phrases and a legal conclusion, which then forms the entire

7  basis for Plaintiffs' claim that their messages were intercepted while in transit. (*See*

8  *id.* ¶ 491).

9      Plaintiffs' general, speculative, and conclusory pleading is insufficient to meet

10  their burden to raise their right to relief beyond the level of speculation.

## VIII.  PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND, AS THEY HAVE ALREADY HAD A FULL AND FAIR OPPORTUNITY TO CURE THE DEFICIENCIES IN THEIR CLAIMS AGAINST CREATORS INC.

14      Although leave to amend is generally liberally granted under Rule 15(a), courts

15  have consistently held that it may be denied where amendment would be futile, or

16  where the plaintiff has already had ample opportunity to cure pleading deficiencies

17  but failed to do so. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th

18  Cir. 2008) (The district court "may deny leave to amend due to 'undue delay, bad faith

19  or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

20  amendments previously allowed, undue prejudice to the opposing party by virtue of

21  allowance of the amendment, [and] futility of amendment.'" (alteration in original)

22  (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

23      Here, Plaintiffs filed the FAC after reviewing Creator's Inc.'s initial motion to

24  dismiss that was originally filed on October 25, 2024 and later withdrawn based on a

25  new scheduling order by the Court. That gave them both notice of the pleading

26  deficiencies and the opportunity to cure them. Despite that opportunity, Plaintiffs

27  amended their original complaint and the FAC still fails to allege sufficient facts to

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130401840\V-1

state a plausible claim for relief against Creators Inc. This suggests not a curable oversight, but rather the absence of a good-faith basis to name Creators Inc. at all. Under these circumstances, courts routinely deny leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal with prejudice where deficiencies persisted despite prior amendment).

Moreover, the nature of the deficiencies suggests that leave to amend would be futile. The reason Plaintiffs have struggled to allege that Creators Inc. even communicated with other Defendants about the use of chatters, much less joined an enterprise, is that did not happen. The reason Plaintiffs had to engage in creative and speculative pleading about CRMs to attempt to manufacture a theory under which an interstate wire interception had happened is that there was no interception and the messages were only accessed after they reached their terminus in the Creators' OnlyFans inboxes, regardless of what interface was used to view the messages, which in any event Plaintiffs also do not have the ability to allege with regard to Creators Inc. Leave to amend will not cure these deficiencies because Plaintiffs' theory is simply false.

Allowing another amendment at this stage would unfairly prolong the litigation and impose undue burden on Creators Inc. without any indication that Plaintiffs could plead viable claims if given another chance. Accordingly, the Court should dismiss Plaintiffs' claims against Creators Inc. with prejudice.

## IX. CONCLUSION

For the foregoing reasons, the Court should grant the Motion and dismiss with prejudice each of Plaintiffs' claims against Creators Inc.

//

//

//

//

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130401840\V-1

1    Dated: May 23, 2025                    Respectfully submitted,

2                                           DENTONS US LLP

3                                           By: */s/ Michael Gehret*

4                                               Michael Gehret
                                                Bety Javidzad
5                                               Trinity Jordan
                                                Jordan Westgate
6                                               Samantha Fahr
                                                Pooja L. Shah

7                                               Attorneys for Defendant
8                                               ELITE CREATORS, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Elite Creators, LLC, certifies that this brief contains 4,827 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED:  May 23, 2025

DENTONS US LLP

By: */s/ Michael Gehret*
     Michael Gehret
     Bety Javidzad
     Trinity Jordan
     Jordan Westgate
     Samantha Fahr
     Pooja L. Shah

     Attorneys for Defendant
     ELITE CREATORS, LLC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

ELITE CREATORS, LLC'S NOTICE OF MOTION
AND MOTION TO DISMISS FAC
Case No. 8:24-cv-01655-FWS-SSC

130401840\V-1