Matthew Jacobs (SBN 331916)
THE JACOBS LAW FIRM, PC
5743 Corsa Ave, Suite 208
Westlake Village, CA 91362
(805) 601-7504
matt@jacobslawfirm.com

*Attorney for Defendants Unruly Agency LLC and Behave Agency LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>　　　　Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANTS UNRULY AGENCY LLC AND BEHAVE AGENCY LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Filed Concurrently with [Proposed] Order<br><br>Date:　　June 26, 2025<br>Time:　　10:00 a.m.<br>Crtrm.:　10D<br><br>Assigned to Hon. Fred W. Slaughter |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 26, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, before the Honorable Fred W. Slaughter, United States District Judge of the Central District of California, Southern Division, in Courtroom 10D, Defendants Unruly Agency LLC and Behave Agency LLC (collectively referred to as "Unruly") will, and hereby do, move for an order dismissing the First Amended Class Action Complaint (the "FAC") against Unruly pursuant to Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

**RICO And RICO Conspiracy** – Plaintiffs fail to state a RICO or RICO conspiracy claim because they fail to allege the existence of a racketeering enterprise, do not plead that Unruly engaged in any conduct in furtherance of any such enterprise, or that Plaintiffs suffered recoverable damages.

**California Penal Code § 502** – This claim fails as a matter of law because the statute applies only to "unauthorized" use, and Plaintiffs allege Unruly was authorized to use Creators' accounts. Plaintiffs also fail to allege any compensable damages.

**Video Privacy Protection Act** – Plaintiffs fail to state a claim under this statute because they fail to allege facts showing that: (1) Unruly is a video tape service provider within the meaning of the statute; (2) Unruly ever possessed any personally identifiable information covered by the statute; and (3) that Unruly ever disclosed any such information outside of its ordinary course of business.

**California Invasion of Privacy Act and Electronic Communications Privacy Act** – Plaintiffs fail to state claims under these statutes because they have not alleged that Unruly or any other defendant "tapped" or "intercepted" any communication. Even if that did occur (which it did not), Plaintiffs and all other relevant individuals consented to any such interception.

Unruly further will, and hereby does, move for an order dismissing the claims brought by Plaintiffs B.L., S.M., and A.L. (the "Non-California Plaintiffs") in the FAC against Unruly on the basis of *forum non conveniens* for the following reasons:

On April 9, 2025, the Court held the Non-California Plaintiffs are bound by the forum-selection clause in the OnlyFans Terms of Service and that the forum selection clause precludes them from being able to bring claims in this forum, requiring dismissal. ECF No. 117 at 16.

As users of OnlyFans and by virtue of their alleged activities on OnlyFans, the same forum-selection clause applies to Unruly and the claims the Non-California Plaintiffs assert against Unruly. Accordingly, the claims asserted by the Non-California Plaintiffs against Unruly should be dismissed for the same reasons they were dismissed against OnlyFans.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the reply papers, the pleadings on file, and such other evidence and argument as the Court may receive. Pursuant to Local Rule 7-3, on May 19, 2025 (the first business day after undersigned counsel for Unruly was retained), counsel for Unruly met and conferred with counsel for Plaintiffs to discuss the grounds for its motion.

DATED: May 23, 2025                    The Jacobs Law Firm, PC


By: _____

Matthew Jacobs

*Attorney for Unruly Agency LLC and Behave Agency LLC*

DEFENDANTS UNRULY AGENCY LLC AND BEHAVE AGENCY LLC NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1

# <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

TABLE OF CONTENTS ........................................................................... i

4

TABLE OF AUTHORITIES ..................................................................... iii

5

MEMORANDUM OF POINTS AND AUTHORITIES ............................ 1

6

7

I.    INTRODUCTION ........................................................................... 1

8

II.    LEGAL STANDARDS ................................................................... 2

9

III.    PLAINTIFFS FAIL TO PLEAD A CIVIL RICO VIOLATION .................... 3

10

    A.    Plaintiffs Fail to Allege a RICO Enterprise ............................ 3

11

12

        1.    Plaintiffs Allege Formation of an Enterprise Before Its Supposed Members Even Existed ................................ 3

13

14

        2.    Plaintiffs Fail to Plead that Alleged Enterprise Members Even Knew Each Other Existed ........................ 4

15

        3.    Plaintiffs Fail to Plead Coordination ........................... 5

16

        4.    Plaintiffs Fail to Plead a Common Purpose ................. 6

17

18

    B.    Unruly Did Not Engage in Any Conduct in Furtherance of the Alleged RICO Scheme ................................................ 8

19

        1.    Unruly Did Not Give or Take Directions ..................... 9

20

21

        2.    Plaintiffs Fail to Allege Unruly Committed A Predicate Act ............................................................... 9

22

23

        3.    OnlyFans' Allegedly Fraudulent Acts Cannot Be Imputed to Unruly ...................................................... 11

24

25

    C.    Plaintiffs Have Failed to Allege the Purported RICO Activity Caused Them Any Damages ................................. 11

26

IV.    PLAINTIFFS FAIL TO PLEAD RICO CONSPIRACY ............................. 13

27

V.    UNRULY COULD NOT AND DID NOT VIOLATE VPPA ..................... 13

28

    A.    Unruly Is Not Subject to VPPA .......................................... 13

i

B.    Unruly Did Not Collect PII ................................................ 14

C.    Any Disclosure by Unruly Was Permitted Under the VPPA ............... 15

VI.    PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF CALIFORNIA
PENAL CODE § 502 ........................................................ 15

VII.    PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF CIPA OR THE
WIRETAP ACT ............................................................ 16

VIII.    NON-CALIFORNIA PLAINTIFFS' CLAIMS SHOULD BE
DISMISSED ON THE BASIS OF *FORUM NON CONVENIENS* ............... 16

IX.    LEAVE TO AMEND SHOULD BE DENIED .............................. 16

X.    CONCLUSION ............................................................ 16

CERTIFICATE OF COMPLIANCE ...................................... 17

DEFENDANTS UNRULY AGENCY LLC AND BEHAVE AGENCY LLC MEMORANDUM ISO MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................2, 3

*Blue Oak Med. Grp. v. State Comp. Ins. Fund*, 809 F. App'x 344 (9th Cir. 2020). ...9

*Boyle v. United States.*, 556 U.S. 938 (2009)...............................................................6

*Canyon City v. Syngenta Seeds, Inc.*, 519 F.3d 969 (9th Cir. 2008)........................12

*Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083 (9th Cir. 2002). ........................11

*Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948 (9th Cir. 2023)................................10

*Cruz v. FXDirectDealer, LLC*, 720 F.3d 115 (2d Cir. 2013)......................................7

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014) ..3

*Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017) .......................................14

*Gardner v. Starkist Co.*, 418 F. Supp.3d 443 (N. D. Cal. 2019)...............................11

*Gomez v. Guthy-Renker, LLC*, 2015 WL 4270042 (C.D. Cal. July 13, 2015)............8

*Hernandez v. Chewy, Inc.*, 2023 WL 9319236 (C.D. Cal. Dec. 13, 2023) ...............13

*In re Chrysler-Dodge-Jeep Prods. Liab. Litig.*, 295 F.Supp.3d 927 (N.D. Cal. 2018) ................................................................................................................................7

*In re Hulu Privacy Litig.*, 2014 WL 1724344 (N.D. Cal. Apr. 28, 2014).................14

*In re Jamster Mktg. Litig.*, 2009 WL 1456632 (S.D. Cal. May 22, 2009).......... 5, 7, 8

*In re Toyota Motor Corp. Unintended Acceleration Prods. Liab. Litig.*, 826 F. Supp. 2d 1180 (C.D. Cal. 2011) ........................................................................................8

*Khalid v. Microsoft Corp.*, 2023 WL 2493730 (9th Cir. Mar. 14, 2023) ................13

*Martin v. Meredith Corp.*, 657 F.Supp. 3d 277 (S.D.N.Y. 2023)............................14

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989) .......................9

*Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019).......................10

*Nickelodeon Consumer Privacy Litig.*, 2014 WL 3012873 (D.N.J. July 2, 2014) ...14

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (en banc). ..........................5

DEFENDANTS UNRULY AGENCY LLC AND BEHAVE AGENCY LLC MEMORANDUM ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

*Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783 (9th Cir. 1992).................. 3, 11

*Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017) ........................................ 2

*Reves v. Ernst & Young*, 507 U.S. 170 (1993).......................................... 8

*Shaw v. Nissan North America*, 220 F.Supp.3d 1046 (C.D. Cal. 2016) ................ 5, 6

*Sihler v. Fulfillment Lab, Inc.*, 2020 WL 7226436 (S.D. Cal. Dec. 8, 2020) ............ 8

*Sterk v. Redbox Automated Retail LLC*, 770 F.3d 618 (7th Cir. 2014).................... 15

*Uce v. Oral Aesthetic Advocacy Grp., Inc.*, 2024 WL 3050720 (C.D. Cal. Feb. 23, 2024) ............................................................................ 6, 11

*United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004) ....................................... 5

*United States v. Turkette*, 452 U.S. 576 (1981) .......................................... 3

*Walter v. Drayson*, 538 F.3d 1244 (9th Cir. 2008). ....................................... 9

*Wimo Labs LLC v. eBay Inc.*, 2016 WL 11507382 (C.D. Cal. Jan. 28, 2016) ....... 4, 5

**Statutes**

18 U.S.C. § 2710(a)(4) .................................................................. 13

18 U.S.C. § 2710(b) ................................................................ 13, 14

18 U.S.C. 1961(3) ........................................................................ 4

18 U.S.C. 1962(c) .................................................................... 4, 13

18 U.S.C. 2710(a)(2) .................................................................... 15

18 U.S.C. 2710(b)(E) .................................................................... 15

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 2

Federal Rule of Civil Procedure 9(b).......................................................... 9

DEFENDANTS UNRULY AGENCY LLC AND BEHAVE AGENCY LLC MEMORANDUM ISO MOTION
TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION[1]

Defendants Unruly Agency LLC and Behave Agency LLC (collectively referred to as "Unruly") are management and consulting agencies that, among other things, assist individual content creators ("Creators") to operate accounts on OnlyFans. FAC ¶¶205-209. OnlyFans is a social media and content-sharing platform on which Creators offer content to others ("Fans") and on which Fans can direct message Creators' accounts. *Id.* ¶¶8-9, 14.

According to the FAC, Plaintiffs are five users of OnlyFans. Plaintiffs concede Creators have "subscriber bases so large" it would be "physically impossible for a single individual" to interact with Fans "on a direct personal basis." *Id.* ¶179. Plaintiffs nonetheless claim they were misled into thinking they were talking directly to Creators, when they allegedly were instead talking to "chatters" Unruly and the other defendant agencies (together, the "Agency Defendants") engaged to impersonate the Creators. *See, e.g., id.* ¶¶257-259. The facts alleged in the FAC fail to establish that any Plaintiff is entitled to relief on any of their theories. For the reasons that follow, all Plaintiffs' claims must be dismissed.

**RICO and RICO Conspiracy.** The indispensable foundation of a civil RICO claim is that defendants form an enterprise and then coordinate with it to pursue a common purpose. Fatally, Plaintiffs allege that the supposed RICO enterprise was formed *four years before* Unruly even existed. Plaintiffs also fail to allege facts showing OnlyFans even knew Unruly (or any Agency Defendant) existed, that any Agency Defendant knew any other Agency Defendant existed, that any enterprise

---

[1]    In the interest of judicial efficiency and to avoid repetition with codefendants' contemporaneously filed motions to dismiss, this memorandum focuses primarily on allegations against Unruly and incorporates (often verbatim) legal arguments asserted in Defendant Moxy Management's May 23, 2025 Motion to Dismiss (the "Moxy Motion"). Unruly joins the Moxy Motion and the May 23, 2025 Motion to Dismiss of Elite Creators LLC and Creators Incorporated (the "Creators Inc. Motion").

member had a *single* communication with any other coordinating alleged RICO activity, or that the members even shared a common purpose. At *best*, Plaintiffs allege only that various defendants acted independently in pursuit of their own economic interests, which has *never* been held to violate RICO.

**California Penal Code § 502.** This claim fails as a matter of law because the statute applies only to "unauthorized" use, and Plaintiffs allege Unruly was authorized to use Creators' accounts. Plaintiffs also fail to allege any compensable damages.

**Video Privacy Protection Act ("VPPA").** The VPPA governs only the non-business disclosure of personally identifying information ("PII") by videotape providers. Plaintiffs fail to allege that Unruly is a videotape provider, that it ever possessed PII, or that any disclosure was wrongful.

**California Invasion of Privacy Act ("CIPA") and Electronic Communications Privacy Act ("Wiretap Act").** These claims fail because Plaintiffs nowhere allege Unruly tapped any wire or "intercepted" any communication. Mere *impersonation* of another, which is all Plaintiffs allege, is not actionable under either statute. Plaintiffs' Wiretap Act claim also fails because the Creators consented to any alleged "interception."

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, courts accepts factual allegations as true and view them in the light most favorable to plaintiffs. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). But courts are "not bound to accept as true a legal conclusion

2

1  couched as a factual allegation" and will accept such a conclusion only where it is
2  adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 664, 678.

3  ## III.   PLAINTIFFS FAIL TO PLEAD A CIVIL RICO VIOLATION

4       The civil RICO statute was "intended to combat organized crime, not to
5  provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v.*
6  *Univ. Students Co-op. Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992). Consequently, a
7  plaintiff states a claim for a civil RICO violation only if it plausibly alleges that a
8  defendant participated in "(1) the conduct of (2) an enterprise that affects interstate
9  commerce (3) through a pattern (4) of racketeering activity . . . ." *Eclectic Props. E.,*
10 *LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Plaintiffs'
11 alleged RICO scheme rests on nothing more than bare allegations that entities who
12 never communicated with one another pursued economic gain in a manner that
13 involved vague fraudulent statements. That has *never* been sufficient to plead a
14 RICO scheme and is not sufficient now.

15  ### A.   Plaintiffs Fail to Allege a RICO Enterprise

16      A RICO enterprise is "a group of persons associated together for a common
17 purpose of engaging in a course of conduct" violating the RICO statute. *United*
18 *States v. Turkette*, 452 U.S. 576, 583 (1981). Accordingly, Plaintiffs must plead (1)
19 "a common purpose," (2) "a structure or organization," and (3) "longevity necessary
20 to accomplish the purpose." *Eclectic Props.*, 751 F.3d at 997. Plaintiffs allege a so-
21 called "Content Fraud Enterprise" involving OnlyFans, the Agency Defendants, and
22 their "Represented Creators." FAC ¶361. Far from pleading facts supporting that
23 such an enterprise ever existed, Plaintiffs plead facts showing it did *not*.

24  ### 1.   Plaintiffs Allege Formation of an Enterprise Before Its Supposed Members Even Existed
25

26      Perhaps the most obvious example of Plaintiffs' failure to plead a RICO
27 enterprise is their allegation it "has been ongoing since approximately 2016"—***four***
28 ***years before any Agency Defendant existed***. *Id.* ¶377. No Agency Defendant was

3

formed/incorporated before March 2020. *Id.* ¶¶46-54 (alleging formation dates between from 2020-2022). It is simply not possible for a RICO enterprise to have existed *before* its members existed. *See* 18 U.S.C. 1962(c) (requiring existence of a "person" for RICO liability); 18 U.S.C. 1961(3) ("'person' includes any individual or entity capable of holding a legal or beneficial interest in property").[2] Plaintiffs' enterprise allegations fail to overcome this lowest of hurdles.

### 2. Plaintiffs Fail to Plead that Alleged Enterprise Members Even Knew Each Other Existed

Plaintiffs' allegations regarding the purported RICO enterprise *after* the Agency Defendants were formed fare no better because they lack facts showing OnlyFans knew the Agency Defendants—not just agencies in general—existed, or that the Agency Defendants knew each other existed.

As to OnlyFans's knowledge of the Agency Defendants, Plaintiffs generally allege only that OnlyFans knew content creators could use agencies. FAC ¶¶130, 146. But the sole allegation supporting Plaintiffs' conclusory assertion that OnlyFans was aware of the *Agency Defendants*, *id.* ¶370, is an allegation that in 2023 *one* of the Agency Defendants collaborated with OnlyFans, *id.* ¶6. And OnlyFans' alleged knowledge that *one* Agency Defendant existed in 2023 says nothing about whether OnlyFans knew others agencies (like Unruly) existed before this action began. If OnlyFans did not know Unruly existed, it plainly cannot have been in a RICO enterprise with it. *Wimo Labs LLC v. eBay Inc.*, Case No. 15-cv-1330-JLS-KES, 2016 WL 11507382, at *4 (C.D. Cal. Jan. 28, 2016) (RICO claim failed absent allegations enterprise members "were even aware of one another's existence as participants in a scheme to defraud.").

---

[2]    To the extent Plaintiffs argue an enterprise existed prior to 2020 between OnlyFans and the Creators the Agency Defendants now allegedly represent, they have failed to allege any supporting facts. Plaintiffs have not, for example, alleged Creators used chatters without Agency Defendants. Nor have they alleged any fraud before 2021. *See* FAC ¶¶385-402 (alleging OnlyFans's predicate acts from January 2021 onward).

4

Moreover, the FAC is totally silent regarding the Agency Defendants' knowledge of each other. Again, persons cannot form a RICO enterprise with members they do not know exist. *Id.*; *see also U.S. v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004) (defendant can only participate in RICO scheme where it is "aware of the essential nature and scope of the enterprise").

### 3. Plaintiffs Fail to Plead Coordination

Plaintiffs' failure to plead facts suggesting that alleged members of the "enterprise" even knew each other existed prevents them from adequately alleging "evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc).

Recognizing they must plead coordination, Plaintiffs conclusorily allege the existence of supposed "financial ties and coordination of activities between the OnlyFans Defendants and the Agency Defendants." FAC ¶¶378; 422 (alleging in conclusory fashion various supposed "communications"). But fatally, *nowhere* in the 546-paragraph FAC do Plaintiffs actually allege facts supporting that such coordination *ever occurred*. Indeed, Plaintiffs do not allege a *single* communication between *any* alleged enterprise members—not between OnlyFans and any Agency Defendant or between Agency Defendants. Without such allegations, Plaintiffs have not met their pleading burden. *Shaw v. Nissan N. Am. Inc.*, 220 F.Supp.3d 1046, 1057 (C.D. Cal. 2016) (RICO claim dismissed where plaintiff failed to allege facts supporting coordination); *Wimo Labs*, 2016 WL 11507382 at *4 (absence of allegations of coordination between alleged enterprise members meant "Plaintiff fail[ed] to allege any facts suggesting that they combined as an enterprise"); *In re Jamster Mktg. Litig.*, Case No. 05-cv-819-JM-CAB, 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009) (merely alleging defendants were a part of a fraud insufficient to plead purported enterprise members "work[ed] together to achieve" a common purpose).

As to the supposed "financial ties," Plaintiffs allege only that each Agency Defendant earns money through their relationships with Creators who, in turn, earn money through their relationships with OnlyFans. Such bare allegations are, again, insufficient to plead coordination. *Uce v. Oral Aesthetic Advocacy Grp., Inc.*, 23-cv-3187-CBM-MRW 2024 WL 3050720, at *7 (C.D. Cal. Feb. 23, 2024) (mere fact that different defendants had some economic relationship to a single entity that allegedly engaged in fraudulent activity insufficient to allege a RICO enterprise).

Far from alleging coordination between OnlyFans and the Agency Defendants, Plaintiffs repeatedly allege OnlyFans had policies *against* the Agency Defendants' alleged use of chatters. "None of what agencies (including Agency Defendants) are doing to perpetuate the Chatter Scams is actually 'allowed' by OnlyFans' 'Terms of Service,'" FAC ¶163; OnlyFans "policies contain specific terms" that "prohibit Creators from allowing anyone else to even access their accounts," such as chatters, *id.* ¶130. The allegations that OnlyFans and the Agency Defendants were at odds contradict Plaintiffs' conclusory coordination allegations—and, therefore, doom their RICO claim. *Shaw*, 220 F.Supp.3d at 1057 (plaintiff failed to plead coordination where RICO enterprise members took actions that conflicted with the alleged common purpose).

Lacking factual allegations supporting coordination, Plaintiffs have alleged only that "purported enterprise members acted independently and without coordination," which the Supreme Court has conclusively held "insufficient to adequately plead a RICO enterprise." *Boyle v. United States.*, 556 U.S. 938, 947 n.4 (2009).

### 4.    Plaintiffs Fail to Plead a Common Purpose

Plaintiffs also fail to allege facts sufficient to show that Defendants even *could* have shared the supposed "common purpose" of using "chatters to extract Premium Content Fees from Plaintiffs and Class Members," let alone facts to show that they actually did so. FAC ¶362.

1    While Plaintiffs allege OnlyFans is the central player in the purported RICO

2  enterprise because it represented to Plaintiffs that they could "direct message"

3  Creators and "build 'genuine' and 'authentic' connections," *id.* ¶¶363-365, they

4  concede that, at best, their allegations merely "support[] an inference that OnlyFans

5  is aware of the Chatter Scams," *id.* ¶129. Plaintiffs' admitted inability to plead facts

6  showing OnlyFans *actually knew* of the alleged "Chatter Scams" precludes them

7  adequately alleging that OnlyFans and the Agency Defendants shared the "common

8  purpose" of making money through that alleged scam.[3] *Cruz v. FXDirectDealer,*

9  *LLC*, 720 F.3d 115, 121 (2d Cir. 2013) (RICO claim failed where participants

10  "generally were unaware of [alleged] deceptive practices"); *In re Jamster Mktg.*

11  *Litig.*, 2009 WL 1456632, at *5 ("At a minimum, Plaintiffs must set forth

12  particularized allegations that [Defendants] had the common purpose of increasing

13  their revenues by fraudulent means.").

14    Plaintiffs' allegations that OnlyFans "overlooked or permitted" or "willfully

15  ignored" agencies and chatters, FAC ¶100, 157—rather than undertaking affirmative

16  actions to facilitate them—further underscores the absence of common purpose

17  allegations. Merely permitting the activity of others falls far short of showing a

18  "common purpose" among RICO enterprise participants. *See In re Chrysler-Dodge-*

19  *Jeep Prods. Liab. Litig.*, 295 F.Supp.3d 927, 983 (N.D. Cal. 2018) (merely "failing

20  to stop illegal activity[ ] is not sufficient" to show a common purpose); *In re*

21  *Jamster Mktg. Litig.*, 2009 WL 1456632, at *5 (plaintiffs' conculsory allegation

22  defendants were "fraudulently collecting monies" insufficient to plead a common

23  purpose).

24    Thus, at best, Plaintiffs have only alleged that each Defendant acted

25  independently and in their own economic self-interests. "Courts have

26

27  _____

[3]  OnlyFans's policies against agencies only further support the absence of a common

28  purpose. *See* Section III.A.3, *supra*.

1    overwhelmingly rejected" attempts by plaintiffs to "characterize routine commercial

2    relationships" as a RICO enterprise, and this Court should do the same. *Gomez v.*

3    *Guthy-Renker, LLC*, Case. No. 14-cv-1423-JGB-KK, 2015 WL 4270042, at *8

4    (C.D. Cal. July 13, 2015).

5        While Plaintiffs allege the RICO enterprise existed for "the common purpose

6    of fraudulently increasing the amount and number of Premium Content Fees each

7    Fan pays," FAC ¶376, courts routinely reject RICO claims, like Plaintiffs', that

8    merely describe routine business activity as "fraudulent." *See, e.g.*, *In re Jamster*

9    *Mktg. Litig.*, 2009 WL 1456632, at *5 (dismissing RICO claim because "[w]ithout

10   the adjectives, the allegations allege conduct consistent with ordinary business

11   conduct and an ordinary business purpose"). Indeed, Plaintiffs do little more than

12   characterize Unruly's entire business as a fraud perpetrated through a RICO

13   enterprise. "[A]lleg[ing] no more than that Defendants' primary business activity . . .

14   was conducted fraudulently" is also insufficient to state a RICO claim. *In re Toyota*

15   *Motor Corp. Unintended Acceleration Prods. Liab. Litig.*, 826 F. Supp. 2d 1180,

16   1202-03 (C.D. Cal. 2011) (dismissing RICO claim alleging defendants' business

17   was operated fraudulently); *Sihler v. Fulfillment Lab, Inc.*, Case No. 20-cv-1528-H-

18   MSB, 2020 WL 7226436, at *12-13 (S.D. Cal. Dec. 8, 2020) (merely identifying

19   business transactions, even those that show fraud occurred, is insufficient to plead

20   RICO).

21       **B.    Unruly Did Not Engage in Any Conduct in Furtherance of the Alleged RICO Scheme**

22

23       RICO liability requires that "defendants conducted or participated in the

24   conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Reves v. Ernst &*

25   *Young*, 507 U.S. 170, 185 (1993) (emphasis in original). In evaluating whether

26   defendants played some part in directing the affairs of an enterprise, this Circuit

27   considers whether they (1) gave or took directions; (2) occupied a position in the

28   "chain of command" through which the affairs of the enterprise were conducted; (3)

8

1    knowingly implemented decisions of upper management; or (4) was indispensable

2    to the achievement of the enterprise's goal. *See Walter v. Drayson*, 538 F.3d 1244,

3    1249 (9th Cir. 2008). Plaintiffs have not adequately pled any of these factors.

### 1.    Unruly Did Not Give or Take Directions

5    The absence of any allegation Unruly ever communicated with OnlyFans or

6    the other Agency Defendants, *see supra* Section III.A.3, means Plaintiffs have not

7    pled Unruly did anything to direct or participate in the conduct of the enterprise's

8    affairs. *Walter*, 538 F.3d at 1249 (although plaintiff established defendant's

9    "involve[ment]" in the enterprise, RICO claim nonetheless failed due to absence of

10    allegations showing defendant had "some part in directing its affairs").

### 2.    Plaintiffs Fail to Allege Unruly Committed A Predicate Act

12

13    Plaintiffs' RICO claim is based on alleged wire fraud. FAC ¶382. But they

14    fail to plead that Unruly engaged in any such fraud, let alone with the degree of

15    particularity required under Federal Rule of Civil Procedure 9(b). *Blue Oak Med.*
     *Grp. v. State Comp. Ins. Fund*, 809 F. App'x 344, 345 (9th Cir. 2020).

16    The *only* allegedly fraudulent acts by Unruly are "communications through

17    the internet to Plaintiffs and Class Members" by chatters, "falsely representing they

18    were Creators, to convince Plaintiffs and Class Members to pay Premium Content

19    Fees." FAC ¶404. Specifically, Plaintiffs allege they paid money to subscribe to

20    accounts of five Unruly-affiliated Creators: (1) Plaintiff B.L. subscribed to Tina

21    Louise, Kayla Lauren, Anna Louise, and Ryann Murphy; and (2) Plaintiff R.M.

22    subscribed to Emily Elizabeth. *Id.* ¶¶406-409, 420. These allegations do not satisfy

23    Plaintiffs' burden to plead fraud with specificity.

24    Plaintiffs allege Unruly represented these five creators "on information and

25    belief," but *without* any supporting facts, which is insufficient as a matter of law. *Id.*

26    ¶213. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)

27    ("allegations of fraud based on information and belief usually do not satisfy the

28

particularity requirements under rule 9(b)."). *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 493–94 (9th Cir. 2019) ("[A]llegations 'based on information and belief may suffice,' 'so long as the allegations are accompanied by a statement of facts upon which the belief is founded.'"). Even the allegation that Agency Defendants operated the accounts of affiliated Creators is insufficiently made "[o]n information and belief." *Id.* ¶103. Absent alleged facts supporting these claims, Plaintiffs' fraud allegations fail.

Further, Plaintiffs do not allege any facts supporting that Unruly, or chatters it engaged, ever "falsely represent[ed] they were Creators, to convince Plaintiffs and Class Members to pay Premium Content Fees." *Id.* ¶404. The *closest* Plaintiffs come is alleging that *one* Plaintiff, R.M., "confronted Emily Elizabeth via direct message and she said it was her replying to messages."[4] *Id.* ¶270. But that allegation lacks the minimum required "who, what, when, where, and how" of an alleged misrepresentation to support a fraud claim. *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023). And, fatally, there is no allegation that any response by Emily Elizabeth *was false—i.e.*, that the response was in fact from a chatter or that she even used chatters. In fact, Plaintiffs have plead themselves out of being able to argue that this communication was from a chatter by alleging that "agencies contract with chatters to conduct *most*" of the communications "between the Creators and the Fans," and not *all*. FAC ¶104 (emphasis added).

While Plaintiffs allege various other supposedly "fraudulent" acts, their failure to allege any specifics regarding those acts precludes them from relying on such acts to support their RICO claim. FAC ¶422 (listing alleged acts undertaken by "Defendants" generally); *Coronavirus Rep.*, 85 F.4th at 958.

---

[4] Plaintiffs never allege that any Unruly-affiliated Creator other than Emily Elizabeth represented to any Plaintiff other than R.M. that she was the individual talking to a Plaintiff and not a chatter. Accordingly, no other Plaintiff can have alleged any fraud by Unruly.

### 3. OnlyFans' Allegedly Fraudulent Acts Cannot Be Imputed to Unruly

Finally, even assuming Plaintiffs sufficiently pled that *OnlyFans* misrepresented that all communications were authentically with Creators and not chatters (which it did not, FAC ¶384), Plaintiffs have failed to show that such conduct should be imputed to Unruly. The mere performance of legitimate business activities that *another* might use in a fraudulent manner is not conduct in furtherance of a RICO enterprise. *Gardner v. Starkist Co.*, 418 F. Supp.3d 443, 461 (N. D. Cal. 2019) (that the *seller* of canned tuna misrepresented that it was "dolphin safe" did not mean that the fisherman, importers, storers, canners and processors had engaged in fraudulent RICO conduct); *Uce*, 2024 WL 3050720, at *5 (alleged members of RICO scheme did not commit RICO conduct where they "simply perform[ed] services for the enterprise"). Allegations that Unruly's engagement of chatters rendered untrue OnlyFans' alleged representations does not show actionable RICO conduct by Unruly.

### C. Plaintiffs Have Failed to Allege the Purported RICO Activity Caused Them Any Damages

To plead a RICO claim, a plaintiff must allege the RICO scheme caused a "concrete financial loss." *Oscar v. Univ. Students Coop. Co-Operative Ass'n*, 965 F.2d 783, 785 (9th Cir.1992). Plaintiffs allege they were harmed because they spent money on "Premium Content Fees," including paying more than they would have had they known about chatters, and their "lost expectation" of speaking directly with Creators. FAC ¶¶433-437. Mere "lost expectation" of talking to Creators rather than a chatter is not a compensable harm under the RICO statute. *Chaset v. Fleer/Skybox Int'l.., LP*, 300 F.3d 1083, 1087 (9th Cir. 2002). And Plaintiffs have failed to allege facts showing they suffered any financial harm as a result of the alleged scheme.

Plaintiffs define "Premium Content Fees" as "Subscription Fees, PPV Charges, and Creator Tips"—*i.e.*, *all* the fees Plaintiffs spent on any content *for any reason*, such as to access explicit pictures, not solely for talking to Creators. *Id.* ¶77.

Regarding "Subscription Fees," Plaintiffs affirmatively allege they were paid for access to a Creator's entire account and certain highly desirable content. *See, e.g.*, *id.* ¶404, 419 (alleging S.M. became a VIP subscriber to a non-Unruly-affiliated Creator, but the content he received was not as explicit as he hoped). Significantly, Subscription Fees were *not* paid for the sole purpose of talking to Creators; indeed, some Plaintiffs are *still* subscribed to Creators despite alleging chatters operate their accounts. *See, e.g.*, *id.* ¶404, 420. (alleging R.M. is still subscribed to Unruly-affiliated Emily Elizabeth).

Similarly, "PPV" or "Pay-Per-View" charges, which comprise most of the Premium Content Fees, are paid to view explicit pictures—*not to speak to Creators. Id.* ¶111. PPV charges are irrelevant because Plaintiffs do not allege any supposed RICO activity regarding PPV content or that PPV content was fraudulent in any way (which it was not).  *Id.* ¶¶363-365.

As for "Creator Tips," Plaintiffs affirmatively allege that they were paid for various reasons *other than* because Plaintiffs believed they were talking to a Creator. *Id.* ¶72 (alleging tips were paid for "custom content, special requests, advice, recipes, lessons, or almost anything else").

Because the alleged Premium Content Fees purportedly were paid for reasons *other than* talking directly with Creators, Plaintiffs have failed to plead their alleged financial harm was caused by the alleged RICO activity. *Canyon City v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975, 980-81 (9th Cir. 2008) (RICO claim dismissed where Plaintiff failed to plead the alleged RICO activity, rather than other acts, caused its financial loss).

## IV.    PLAINTIFFS FAIL TO PLEAD RICO CONSPIRACY

Plaintiffs' RICO conspiracy claim is derivative of its substantive RICO claim. When, as here, a plaintiff fails to plead a substantive RICO claim, they necessarily also fail to plead a RICO conspiracy claim under 18 U.S.C. § 1962(c). *Khalid v. Microsoft Corp.*, Case No. 20-35921, 2023 WL 2493730, at *1 (9th Cir. Mar. 14, 2023) ("Because [plaintiff] failed to state a RICO claim . . . he also failed to state a RICO conspiracy claim"). Accordingly, Plaintiffs' RICO conspiracy claim also fails.

## V.    UNRULY COULD NOT AND DID NOT VIOLATE VPPA

### A.    Unruly Is Not Subject to VPPA

Only a "video tape service provider" can be liable under VPPA. 18 U.S.C. § 2710(b) (prohibiting acts by "[a] video tape service provider"). Plaintiffs fail to allege facts, rather than legal conclusions (FAC ¶452), supporting that Unruly qualifies as a "video tape service provider," which the statute defines as "any person, engaged in the business . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

As an initial matter, Plaintiffs allege Unruly managed Creators and facilitated chatters. *Id.* ¶¶205-216. Plaintiffs nowhere allege that delivering video content is even a small part of Unruly's business, let alone a "central" part as VPPA requires. *Hernandez v. Chewy, Inc.*, Case No. 23-cv-5620-HDV-RAO, 2023 WL 9319236, at *3 (C.D. Cal. Dec. 13, 2023) ("[C]ourts in the Ninth Circuit have recognized consistently that delivering video content must be central to the defendant's business or product for the VPPA to apply.")

Further, Plaintiffs nowhere allege that Unruly *in particular* ever provided any audiovisual materials to any Plaintiff. Plaintiffs' generalized allegations that certain Plaintiffs "viewed videos sent to [them] via direct message through Creators' accounts—some of which [they] had specifically requested" is insufficient to show that Unruly itself, rather than the Creator, some third party, or some other Agency

13

1  Defendant, ever provided such materials. FAC ¶¶268, 283; *Martin v. Meredith*

2  *Corp.*, 657 F.Supp. 3d 277, 285 (S.D.N.Y. 2023) (dismissing VPPA claim because

3  the "handful of generalized allegations saying [defendant] shares video titles" with

4  third parties were unsupported by "specific allegations").

5       **B.    Unruly Did Not Collect PII**

6       The VPPA prohibits "knowingly disclos[ing], to any person, personally

7  identifiable information [("PII")] concerning any consumer" of the video tape

8  service provider. 18 U.S.C. § 2710(b)(1). PII is limited to "information that would

9  readily permit an ordinary person to identify a specific individual's video-watching

10 behavior," and must include "some information that can be used to identify an

11 individual." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 984 (9th Cir. 2017). PII *does*

12 *not* include "information" that "*cannot* identify an individual unless it is combined

13 with other data" through a method "an ordinary person could not use." *Id.* at 986.

14 Thus, "anonymous usernames" alone are not PII because they do not "identify an

15 actual, identifiable person and link that person to a specific video choice." *In re*

16 *Nickelodeon Consumer Privacy Litig.*, 2014 WL 3012873, at *12 (D.N.J. July 2,

17 2014); *see also In re Hulu Privacy Litig.*, 2014 WL 1724344, at *12 (N.D. Cal. Apr.

18 28, 2014) (disclosing "a unique identifier—without more—[does not] violate[]"

19 VPPA).

20      Plaintiffs' failure to plead they ever asked for any videos from any Unruly-

21 affiliated Creator necessarily precludes them from adequately alleging that Unruly

22 ever possessed PII that it even *could* have wrongfully disclosed under the VPPA.

23 But even if they had plead that, Plaintiffs admit the only information disclosed to

24 chatters was the Fans' "communication history," which displays only "the Fan's

25 username" and not their real name.[5]  FAC ¶¶449-451. Indeed, Plaintiffs concede that

26

27 ───────────────

28 [5]   OnlyFans is the only Defendant that allegedly collected information such as email
   addresses and telephone numbers. FAC ¶449.

DEFENDANTS UNRULY AGENCY LLC AND BEHAVE AGENCY LLC'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1   while a "username" can be used to "view the Fan's profile on OnlyFans," usernames

2   are "pseudonyms" employed "as a matter of course . . . to remain anonymous." *Id.*

3   ¶¶27, 450; *see Nickelodeon*, 2014 WL 3012873, at *12 (ordinary people cannot use

4   "anonymous information about home computers, IP addresses, anonymous

5   usernames, even a user's gender and age… to identify an actual, identifiable

6   person").

7        Accordingly, Plaintiffs have failed to allege that Unruly ever possessed any

8   PII that it even *could* have disclosed in violation of the VPPA.

9        **C.    Any Disclosure by Unruly Was Permitted Under the VPPA**

10       Even if Unruly were subject to the VPPA (which it is not) and both possessed

11  and disclosed PII (which it did not), its disclosure would be lawful so long as it

12  occurred in the "ordinary course of business." 18 U.S.C. 2710(b)(E). Under the

13  VPPA, the "ordinary course of business" includes "order fulfillment [and] request

14  processing." 18 U.S.C. 2710(a)(2). Here, Plaintiffs fatally concede that chatters "sell

15  Fans content from the Creator's Vault and/or obtain Fans' requests for specific

16  'custom' content" and disclose information to Unruly and/or the Creator for the

17  purpose of fulfilling the request.[6] FAC ¶112(b)-(d). That is perfectly lawful. *Sterk v.*

18  *Redbox Automated Retail LLC*, 770 F.3d 618 (7th Cir. 2014) (VPPA not violated

19  where disclosure was part of defendant's "ordinary course of business" of fulfilling

20  orders and processing requests).

21  **VI.   PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF CALIFORNIA PENAL CODE § 502**

22       For the reasons forth in Section VI of the Moxy Motion, which Unruly joins,

23  Plaintiffs have failed to plead violation of California Penal Code Section 502

24  because Unruly did not access computer networks or data without permission.

25

26

27  _____

28  [6]   Plaintiffs' conclusory allegations that "Defendants'" supposed disclosures were not "in the ordinary course of business but were done for the purpose of illegal and fraudulent conduct" is insufficient under basic pleading standards. FAC ¶463.

## VII. PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF CIPA OR THE WIRETAP ACT

For the reasons set forth in Section VII of the Moxy Motion and Section VII of the Creators Inc. Motion, both of which Unruly joins, Plaintiffs have failed to plead violations of the CIPA or the Federal Wiretap Act.

## VIII. NON-CALIFORNIA PLAINTIFFS' CLAIMS SHOULD BE DISMISSED ON THE BASIS OF *FORUM NON CONVENIENS*

If any of Plaintiffs' claims survive dismissal (and they should not), the claims of the Non-California Plaintiffs should be dismissed against Unruly on the basis of *forum non conveniens* for the reasons set forth in Section VIII of the Moxy Motion, which Unruly joins.

## IX. LEAVE TO AMEND SHOULD BE DENIED

For those reasons set forth in Section VIII of the Creators Inc. Motion, which Unruly joins, the FAC should be dismissed without leave to amend.

## X. CONCLUSION

For those reasons, the FAC against Unruly should be dismissed without leave to amend.

DATED: May 23, 2025          The Jacobs Law Firm, PC


By: _____
Matthew Jacobs

*Attorney for Unruly Agency LLC and Behave Agency LLC*

DEFENDANTS UNRULY AGENCY LLC AND BEHAVE AGENCY LLC'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1

## **CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Defendants Unruly Agency LLC and

3  Behave Agency LLC, certifies that this brief contains 4,801 words, which complies

4  with the word limit of C.D. Cal. L.R. 11-6.1.

5

6  DATED: May 23, 2025              The Jacobs Law Firm, PC

7

8                                  By: _____

9                                      Matthew Jacobs

10                                     *Attorney for Unruly Agency LLC and*
                                       *Behave Agency LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17