Nithin Kumar (SBN 300607)
   nithin@kingfisherlawapc.com
KINGFISHER LAW APC
P.O. Box 492415
Los Angeles, California 90024
T: (408) 930-3580

Attorneys for Defendant Content X, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANT CONTENT X, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>*[concurrently filed with [Proposed] Order]*<br><br>Judge: Hon. Fred W. Slaughter<br>Dept.: 10D<br>Date: June 26, 2025<br>Time: 10:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 26, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fred W. Slaughter, United States District Court Judge, in Courtroom 10D of the United States District Court for the Central District of California, Southern Division, 411 West 4th Street, Santa Ana, California, 92701, Defendant Content X, Inc. ("Content X") will and hereby does move this Court for entry of an Order dismissing the claims asserted against Content X by Plaintiffs B.L. and S.M. (collectively, the "Non-California Plaintiffs") for forum non conveniens.

This Motion to Dismiss is brought on the grounds that (i) the Court's Order dated April 9, 2025, dismissed the Non-California Plaintiffs' claims for forum non conveniens; (ii) the forum-selection clause in the Terms of Service for OnlyFans.com ("OnlyFans") requires that this action must be brought "in the courts of England and Wales" and applies to the Non-California Plaintiffs' claims against Content X; and (iii) neither of the remaining California Plaintiffs subscribed to any of Content X's Creators and therefore do not assert any claims against Content X.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on May 16, 2025.

This Motion is based upon this Notice of Motion the attached Memorandum of Points and Authorities, all papers and records on file herein, and such other matters as may be presented to the Court at or before the hearing on this Motion.

DATED: May 23, 2025            KINGFISHER LAW APC

                               By: ___/s/ Nithin Kumar___
                                      Nithin Kumar
                               Attorneys for Defendant Content X, Inc.

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ………………………………….………... 1

II. RELEVANT BACKGROUND……………………………………. 2

    A. Plaintiffs' Allegations ……………………………………….. 2

    B. The April 9 Order Granting the Fenix Defendants' FNC Motion ….. 3

III. LEGAL STANDARD………………………………………….... 4

IV. DISCUSSION……………………………………………………. 4

    A. The Forum-Selection Clause Applies Equally to the Non-California Plaintiffs' Claims Against Content X …………………….……….. 4

    B. Because the California Plaintiffs Did Not Subscribe to Content X's Creators, Content X Should Be Dismissed from This Action ……… 6

IV. CONCLUSION ……………………………………………………… 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In addition to its separate Rule 12(b)(6) Motion to Dismiss (Dkt. 127) and the Defendants' Joint Motion to Strike Claims of Non-California Plaintiffs (Dkt. 123), defendant Content X, Inc. ("Content X") also moves to dismiss for forum non conveniens on the grounds that (1) the OnlyFans.com ("OnlyFans") forum-selection clause applies to all claims by Plaintiffs B.L. and S.M. (the "Non-California Plaintiffs")[1]; and (2) the only claims in the First Amended Complaint asserted against Content X are asserted by the Non-California Plaintiffs.

This Court already dismissed the Non-California Plaintiffs in its April 9, 2025, order granting the Fenix Defendants motion to dismiss for forum non conveniens as to the Non-California Plaintiffs without leave to amend. Nonetheless, the Non-California Plaintiffs still cling to their claims in the First Amended Complaint by improperly attempting to plead around the Court's unambiguous ruling and continue alleging claims against Content X and the other Agency Defendants in violation of the forum-selection clause. *See* FAC ¶ 24. Accordingly, all Defendants have jointly moved to strike the claims of the Non-California Plaintiffs. Dkt. 123.

If the Court grants the Defendants' Motion to Strike, Content X respectfully submits it should also grant this Motion to Dismiss for Forum Non Conveniens. Content X is situated somewhat differently than most of the other Agency Defendants, as the remaining California Plaintiffs ***do not assert any claims against Content X***, as they did not subscribe to any of Content X's Creators. FAC ¶¶ 250, 263. Accordingly, once the Non-California Plaintiffs' claims are stricken and/or dismissed (again), there will be no claims pending against Content X and the Court should order it dismissed from this action.

---

[1] Plaintiff A.L. is also not a resident of California, but Plaintiff A.L. did not subscribe to any of Content X's Creators and thus does not assert any claims against Content X. FAC ¶ 309.

## II.   RELEVANT BACKGROUND

### A.   Plaintiffs' Allegations

Plaintiffs allege that Content X and the other Agency Defendants provided "Chatter Services" to its Represented Creators "to impersonate the Creator and communicate with Fans without the Fans' knowledge." FAC ¶ 227. Plaintiffs allege the Agency Defendants "are 'management' agencies that purport to represent, act on behalf o[f], or are the agents of multiple Creators," and that "once a Creator engages an agency to operate his or her account, the agency takes over and operates all aspects of the Creator's account." FAC ¶¶ 46, 103.

The Complaint states that Content X "manages or at some point managed the accounts of the following Creators, who are subscribed to by either Plaintiff S.M. and/or Plaintiff B.L," namely, Bella Thorne, Abella Danger, Mathilde Tantot and Pauline Tantot. *Id.* ¶ 226. None of the other three Plaintiffs—including California Plaintiffs N.Z. and R.M—subscribed to any of the Creators managed by Content X. *Id.* ¶¶ 250, 263, 309.

Plaintiffs S.M. and B.L. reside in Atlanta, Georgia and Nashville, Tennessee, respectively. *Id.* ¶¶ 32, 34. Plaintiff S.M. was an OnlyFans user from approximately 2018 to 2024, and Plaintiff B.L. has been an OnlyFans user since approximately 2020 through the present. *Id.* ¶¶ 279, 291.

Plaintiffs' allegations repeatedly cite to and rely on the Terms. *See, e.g., id.* ¶¶ 3 n.3, 70, 128, 130-131 n.49, 159, 163 n.60, 332, 335. The FAC quotes the Terms at length, alleging they "require[] Fans and Creators to . . . protect personal and confidential information," prohibit "misleading or deceptive conduct" or "anything that violates… someone else's rights," and give Fenix "powers to prevent the use of" third parties by Creators and "rectify the violations of its [T]erms." *Id.* ¶¶ 163-166.

The undisputed evidence submitted by the Fenix Defendants in support of their forum non conveniens motion showed that "[s]ince July 2018, every user of OnlyFans has had to affirmatively agree to the Terms when creating a user account on the

Website," which necessarily includes Plaintiffs. Dkt. 62-1, ¶¶ 22-27.

### B. The April 9 Order Granting the Fenix Defendants' FNC Motion

In its April 9, 2025 Order, the Court noted Plaintiffs did not dispute they affirmatively agreed to and were bound by a forum-selection clause in the OnlyFans Terms of Service stating that "any claim . . . arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales." Dkt. 117 at 3-4, 6. The Court found that "the broad scope of the forum selection clause covers Plaintiffs' claims," because they "are logically or causally connected to the Terms." *Id.* at 7.

The Court also held, however, that the forum-selection clause was unenforceable as to the California Plaintiffs. *Id.* at 13. As to the Non-California Plaintiffs, the Court held that "enforcing the forum-selection clause . . . would not contravene California public policy," as the Non-California Plaintiffs "have not discharged their 'heavy burden' of demonstrating that the forum selection clause is unenforceable as to their claims," and "have failed to demonstrate the public interest factors 'overwhelmingly disfavor' dismissal." *Id.* at 14-16.

The Court ultimately dismissed the claims of Plaintiffs B.L., S.M., and A.L. against Fenix without leave to amend, albeit without prejudice to refiling in the courts of England or Wales pursuant to the forum-selection clause. *Id.* at 16. The Court then addressed the Fenix Defendants' motion to compel Plaintiffs to proceed in their real names, analyzing the motion only as to the two remaining California Plaintiffs N.Z. and R.M. *Id.* at 17-18.

Notwithstanding the Court's ruling, on April 23, 2025, Plaintiffs filed an amended complaint asserting that the Non-California Plaintiffs may continue to assert the same claims against the Agency Defendants in this action, even if their claims against the Fenix Defendants have been dismissed with prejudice. FAC ¶ 24.

## III. LEGAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is through the doctrine of forum non conveniens." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

Federal law governs the interpretation of a forum selection clause. *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). "[F]orum selection clauses can be equally applicable to contractual and tort causes of action." *Id.* at 514 (citations omitted). "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Id.*

## IV. DISCUSSION

### A. The Forum-Selection Clause Applies Equally to the Non-California Plaintiffs' Claims Against the Agency Defendants

The same reasoning that the Court applied in dismissing the Non-California Plaintiffs' claims applies equally to the Non-California Plaintiffs' claims against Content X and the other Agency Defendants. The forum-selection clause applies to "any claim . . . arising out of or in connection with . . . [Plaintiffs'] use of OnlyFans," which necessarily includes the claims against the Agency Defendants. Dkt. 117 at 4.

Crucially, the Court's analysis did not depend on the nature of Plaintiffs' claims or which Defendants they were asserted against. Rather, in reaching the conclusion that "Plaintiffs' claims are logically or causally connected to the Terms of Service," the Court noted that "Plaintiffs' alleged injuries from this scheme all stem from Plaintiffs' use of the OnlyFans website, which is governed by the Terms of Service and Privacy Policy," that Plaintiffs allege "purportedly unlawful practices [that] violate these policies," and that "the forum selection clause is also broad in scope." *Id.* at 7.

In any case, as the Fenix Defendants noted in the Reply to their forum non conveniens motion, the "Agency Defendants are bound by the same Forum-Selection Clause as Plaintiffs." Dkt. 95 at 18 (citing Dkt. 60-1, Ex. A at 2). As the agent of its Creators that accesses and uses the Creators' accounts, FAC ¶¶ 112(b), 130, Content X is a "User" subject to the OnlyFans Terms of Service, including the forum-selection clause. *See* Dkt. 60-1, Ex. A at 2 (defining "User" as "any user of OnlyFans"). For that reason, Content X and the other Agency Defendants filed Notices of Non-Opposition to the Fenix Defendants' motion. Dkt. 86, *see* Dkt. 88, 90, 91.

Even if the Agency Defendants were not considered "users," the Terms of Service and the forum-selection clause would still apply under the doctrine of equitable estoppel. The Ninth Circuit has held that courts may enforce forum selection clauses against a nonsignatory to a contract where the nonsignatory's alleged conduct is "closely related to the contractual relationship." *Manetti-Farrow*, 858 F.2d at 514 n.5 (9th Cir. 1988); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 454 (9th Cir. 2007). Here, there is no question that Plaintiffs' claims are "closely related" to the OnlyFans Terms of Services. For example, the FAC alleges that the Agency Defendants "are violating explicit platform policies" and that their "use of [customer relationship management] software violates OnlyFans' Terms of Service. FAC ¶¶ 128, 162. Plaintiffs further allege that "[n]othing in OnlyFans' Terms of Service . . . informs Fans of the possibility that their private communications might be disclosed to unauthorized third parties . . . [or] obtain Fans' consent for such disclosures." *Id.* ¶ 159. Plaintiffs are equitably estopped from invoking the protections of the Terms of Service as the foundation for their causes of action against the Agency Defendants while also resisting the application of the Terms' forum-selection clause to those claims. *See Franklin v. Cmty. Regional Med. Ctr.*, 998 F.3d 867, 876 (9th Cir. 2021) (holding that equitable estoppel applied when question of "whether [plaintiff] can maintain liability against the" nonsignatory defendant could not "be answered without reference" to the contract containing an arbitration clause). Thus,

even assuming *arguendo* that Content X and the other Agency Defendants were not "users" within the meaning of the Terms of Service, courts in the Ninth Circuit have consistently held that the forum-selection clauses still apply to nonsignatories in similar circumstances. *See, e.g.*, *Manetti-Farrow*, 858 F.2d at 514 n.5; *Connex R.R. LLC v. AXA Corp. Solutions Assurance*, 209 F.Supp.3d 1147, 1150 (C.D. Cal. 2016).

### B. Because the California Plaintiffs Did Not Subscribe to Content X's Creators, Content X Should Be Dismissed from This Action

If the forum-selection clause applies to the Non-California Plaintiffs due to its close relationship to the substance of their claims—as this Court already held—then the Non-California Plaintiffs' claims against Content X must be dismissed.

As neither of the remaining California Plaintiffs subscribed to or otherwise interacted with Content X or any of its Creators, they do not and cannot assert any claims against Content X. FAC ¶¶ 250, 263. Without any pending claims asserted against it, Content X should be dismissed from this action.

### V. CONCLUSION

For the foregoing reasons, Content X respectfully requests that the Court grant this Motion to Dismiss for forum non conveniens and dismiss Content X from this action without leave to amend.

Respectfully submitted,

DATED: May 23, 2025        KINGFISHER LAW APC

By:    */s/ Nithin Kumar*
       Nithin Kumar
       Attorneys for Defendant Content X, Inc.

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Content X, Inc. certifies that this brief contains 1,857 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 23, 2025          KINGFISHER LAW APC

By:     */s/ Nithin Kumar*
          Nithin Kumar
          Attorneys for Defendant Content X, Inc.