Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
         leonarda@hbsslaw.com
         michellak@hbsslaw.com

*Attorneys for Plaintiffs (continued on next page)*

*(Additional Counsel on Signature Page)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated, | Case No. 8:24-cv-01655-FWS-SSC |
| | Assigned to Hon. Fred W. Slaughter |
| Plaintiffs, | [DISCOVERY MATTER: Referred to Magistrate Hon. Stephanie S. Christensen] |
| v. | |
| FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| | Complaint filed: July 29, 2024 |
| Defendants. | |

Andrea R. Gold (*pro hac vice*)
David A. McGee (*pro hac vice*)
Shana H. Khader (*pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
        dmcgee@tzlegal.com
        skhader@tzlegal.com

Andrew W. Knox (*pro hac vice*)
TIMONEY KNOX LLP
400 Maryland Drive
Fort Washington, PA 19034
Phone: (215) 540-2643
Facsimile: (215) 540-2643
Email: aknox@timoneyknox.com

Keith T. Vernon (*pro hac vice*)
TIMONEY KNOX LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Facsimile: (215) 540-2643
Email: kvernon@timoneyknox.com

Andrew C. Stone (*pro hac vice*)
Seth T. Goertz (*pro hac vice*)
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
        goertz.seth@dorsey.com

*Attorneys for Plaintiffs*

---

STIPULATED PROTECTIVE ORDER

011194-11/2965085 V1

**ALL PARTIES, BY AND THROUGH THEIR COUNSEL, STIPULATE AS FOLLOWS:**

**1.    INTRODUCTION**

1.1    Purposes and Limitations.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2    Good Cause Statement.

This action is likely to involve information that qualifies as proprietary trade secrets, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranty. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential, strategic, research, development, or commercial information, etc. that could materially affect their business/financial/commercial interests. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for

011194-11/2965085 V1

1    tactical reasons, including but not limited to shielding any party from liability, and

2    that nothing be so designated without a good faith belief that it has been maintained

3    in a confidential, non-public manner, and there is good cause why it should not be

4    part of the public record of this case.

5        1.3    Acknowledgment of Procedure for Filing Under Seal.  The parties

6    further acknowledge, as set forth in Section 12.3, below, that this Stipulated

7    Protective Order does not entitle them to file confidential information under seal;

8    Local Rule 79-5 sets forth the procedures that must be followed and the standards

9    that will be applied when a party seeks permission from the court to file material

10   under seal.

11       There is a strong presumption that the public has a right of access to judicial

12   proceedings and records in civil cases.  In connection with non-dispositive

13   motions, good cause must be shown to support a filing under seal.  *See Kamakana*

14   *v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips ex rel.*

15   *Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), and a

16   specific showing of good cause or compelling reasons with proper evidentiary

17   support and legal justification, must be made with respect to Protected Material

18   that a party seeks to file under seal.  The parties' mere designation of Disclosure or

19   Discovery Material as CONFIDENTIAL does not—without the submission of

20   competent evidence by declaration, establishing that the material sought to be filed

21   under seal qualifies as confidential, privileged, or otherwise protectable—

22   constitute good cause.

23       Further, if a party requests sealing related to a dispositive motion or trial,

24   then compelling reasons, not only good cause, for the sealing must be shown by

25   the designating party, and the relief sought shall be narrowly tailored to serve the

26   specific interest to be protected.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,

27   677–79 (9th Cir. 2010).  For each item or type of information, document, or thing

28   sought to be filed or introduced under seal in connection with a dispositive motion

-2-
STIPULATED PROTECTIVE ORDER

or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If the confidential portions of the document can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any statement of good cause set forth by the designating party that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2.    **DEFINITIONS**

2.1    <u>Action</u>: *N.Z., et al. v. Fenix Int'l Ltd., et al.*

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items as CONFIDENTIAL under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced

STIPULATED PROTECTIVE ORDER

1  or generated in disclosures or responses to discovery in this matter.

2      2.7    Expert: a person with specialized knowledge or experience in a matter

3  pertinent to the litigation who has been retained by a Party or its counsel to serve as

4  an expert witness or as a consultant in this Action.

5      2.8    Final Disposition:  the later of (1) dismissal of all claims and defenses

6  in this Action, with or without prejudice; and (2) final judgment herein after the

7  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

8  this Action, including the time limits for filing any motions or applications for

9  extension of time pursuant to applicable law.

10      2.9    In-House Counsel: attorneys who are employees of a party to this

11  Action. In-House Counsel does not include Outside Counsel of Record or any other

12  outside counsel.

13      2.10   Non-Party: any natural person, partnership, corporation, association, or

14  other legal entity not named as a Party to this action.

15      2.11   Outside Counsel of Record: attorneys who are not employees of a

16  party to this Action but are retained to represent or advise a party to this Action and

17  have appeared in this Action on behalf of that party or are affiliated with a law firm

18  which has appeared on behalf of that party, and includes support staff.

19      2.12   Party: any party to this Action, including all of its officers, directors,

20  employees, consultants, retained experts, In-House Counsel and Outside Counsel of

21  Record (and their support staffs).

22      2.13   Producing Party: a Party or Non-Party that produces Disclosure or

23  Discovery Material in this Action.

24      2.14   Professional Vendors: persons or entities that provide litigation-

25  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

26  demonstrations, and organizing, storing, or retrieving data in any form or medium)

27  and their employees and subcontractors.

28      2.15   Protected Material: any Disclosure or Discovery Material that is

011194-11/2965085 V1

designated as "CONFIDENTIAL."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**4.    TRIAL AND DURATION**

The terms of this Stipulated Protective Order apply through Final Disposition of the Action.

STIPULATED PROTECTIVE ORDER

011194-11/2965085 V1

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this Stipulated Protective Order and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana*, 447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5.   **DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,  documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

Redacting responsive documents for relevancy purposes is prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page

-7-

STIPULATED PROTECTIVE ORDER

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). To the extent the Producing Party elects to produce materials by providing the original storage media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD, thumb drive), the Designating Party shall include "Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to such media.

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  An inadvertent failure to designate shall be considered "timely corrected" when the Designating Party (1) notifies the Receiving Party of the inadvertent failure to designate and (2) within seven (7) days of such notice, reproduces the Protected Materials, properly designated in accordance with this Section. During the seven-day period and upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order and, upon receipt of the reproduced materials, shall take reasonable efforts to destroy or return any such materials that do not contain the "CONFIDENTIAL" designation.

STIPULATED PROTECTIVE ORDER

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and with Section 2 of Judge Christensen's Civil Procedures titled "Brief Pre-Discovery Motion Conference."[1]

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action unless otherwise agreed to by the Parties or by court order.  Notwithstanding the foregoing, all parties, except Defendant Moxy Management, agree to permitting the sharing of discovery documents between this case and two related cases pending in the Northern District of Illinois: *McFadden, et al. v. Fenix Internet, LLC, et al.*, Case No. 1:23-cv-06151, and *M. Brunner, et al. v. Fenix Internet,*

---

[1] Judge Christensen's Procedures are available at https://www.cacd.uscourts.gov/honorable-stephanie-s-christensen.

*LLC, et al.*, Case No. 1:25-cv-3244.[2] Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

(a) to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) to the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) to the court and its personnel;

(e) to court reporters and their staff;

(f) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) to the author or recipient of a document containing the information or

---

[2] Plaintiffs' counsel retains the right to seek leave to amend this order to require that Defendant Moxy Management allow the sharing of documents in *McFadden* and *Brunner*.

011194-11/2965085 V1

a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)  to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  within five business days of receipt of such subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall

STIPULATED PROTECTIVE ORDER

include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **<u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

9.1   <u>Application</u>.  The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2   <u>Notification</u>.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   within five business days of receipt of such discovery request, notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)  make the information requested available for inspection by the Non-

Party, if requested.

9.3    <u>Conditions of Production</u>.  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (e) make best effort to ensure the unauthorized copies are not further distributed.

## 11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Rule

011194-11/2965085 V1

26(b)(5)(B) of the Federal Rules of Civil Procedure.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. **<u>MISCELLANEOUS</u>**

12.1  <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. **<u>FINAL DISPOSITION</u>**

After the Final Disposition of this Action, as defined in paragraph 4, within

STIPULATED PROTECTIVE ORDER

60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Nothing in this Paragraph shall require any Party to access its inaccessible cloud storage for purposes of destroying Protected Materials backed up onto those databases. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

## 14.    **VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

011194-11/2965085 V1

1    DATED: July 2, 2025      Respectfully submitted,

2

3                            HAGENS BERMAN SOBOL SHAPIRO LLP

4                            By: _____/s/ Robert B. Carey_____
                                            ROBERT B. CAREY
5                                           *Attorneys for Plaintiffs*

6                            **Pursuant to CIV. L.R. 5-4.3.4(a)(2)(i), I attest that all
                             other signatories listed, and on whose behalf the filing is
7                            submitted, concur in the filing's content and have
                             authorized the filing.**

8

9                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

10

11                           By:_____/s/ Jason D. Russell_____
                                            JASON D. RUSSELL
12                           *Attorneys for Specially Appearing Defendants*
                             Fenix International Limited and Fenix Internet LLC

13                           KINGFISHER LAW APC

14

15                           By:_____/s/ Nithin Kumar_____
                                            NITHIN KUMAR
16                                       *Attorney for Defendant*
                                            Content X, Inc.

17

18                           DENTONS US LLP

19

20                           By:_____/s/ Trinity Jordan_____
                                            TRINITY JORDAN
21                                       *Attorneys for Defendant*
                                            Elite Creators LLC

22                           BIRD, MARELLA, RHOW, LINCENBERG, DROOKS
                             & NESSIM, LLP
23

24                           By:_____/s/ Barr Benyamin_____
                                            BARR BENYAMIN
25                                       *Attorneys for Defendant*
                                            Moxy Management

26

27

28

                                            -16-

011194-11/2965085 V1

1

2    CONSTANGY BROOKS SMITH AND PROPHETE
      LLP

3

4    By:_____/s/ Younjin Lee_____
                          YOUNJIN LEE
                    *Attorneys for Defendant*

5                   Verge Agency, Inc.

6    THE JACOBS LAW FIRM, PC

7

8    By:_____/s/ Matthew Jacobs_____
                          MATTHEW JACOBS
                    *Attorney for Defendants*

9    Unruly Agency LLC and Behave Agency LLC

10

11

12   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

13

14   DATED: July 3, 2025        _____

15                              HON. STEPHANIE S. CHRISTENSEN

16                              United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

-17-

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[print or type full name]**, of _____ **[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on **[date]** in the case of *N.Z., et al. v. Fenix International Limited, et al.*, Case No. 8:24-cv-01655-FWS-SSC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ **[print or type full name]** of _____ **[print or type full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

011194-11/2965085 V1

1

2

Date: _____

3

City and State where sworn and

signed: _____

4

Printed name: _____

5

Signature: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

011194-11/2965085 V1