Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile:  (213) 330-7152
Email:  christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile:  (602) 840-3012
Email:  rob@hbsslaw.com
         leonarda@hbsslaw.com
         michellak@hbsslaw.com

*Attorneys for Plaintiffs*

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>        Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>**PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLAIMS OF NON-CALIFORNIA DEFENDANTS AND FENIX DEFENDANTS' MOTION FOR REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:     Hon. Fred W. Slaughter<br>Courtroom: 10D<br>Date:      September 4, 2025<br>Time:      10:00 a.m. |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................ 1

II.   BACKGROUND .......................................................................... 2

III.  ARGUMENT ............................................................................... 5

    A.    The Court should dismiss Defendants' "Motion to Strike"
       as improper. .......................................................................... 5

    B.    The Court did not dismiss the Non-California Plaintiffs'
       Claims Against the Agency Defendants. ............................. 6

    C.    Defendants have not established that the Agency
       Defendants are entitled to enforce the forum selection
       clause against Plaintiffs. ...................................................... 7

    D.    The Agency Defendants are not a party to Plaintiffs'
       contracts with the Fenix Defendants and cannot enforce
       the contract. .......................................................................... 8

    E.    Equitable estoppel does not apply ..................................... 10

    F.    The Fenix Defendants' RFJN Should Be Denied or
       Disregarded ......................................................................... 13

IV.   CONCLUSION ........................................................................ 15

-i-

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
571 U.S. 49 (2013) ................................................................................. 8

*Casville Invs., Ltd. v. Kates*,
No. 12 CIV. 6968 RA, 2013 WL 3465816 (S.D.N.Y. July 8, 2013) .................. 9

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
638 F. Supp. 3d 1088 (N.D. Cal. 2022).................................................. 5

*Franklin v. Cmty. Reg'l Med. Ctr.*,
998 F.3d 867 (9th Cir. 2021) .............................................................. 12

*Freeman v. 3Commas Techs. OU*,
No. 23-CV-00101-RFL, 2024 WL 4049864 (N.D. Cal. Sept. 3,
2024) ........................................................................................................ 7

*Garcia v. Pexco, LLC*,
11 Cal. App. 5th 782 (2017) ........................................................... 12, 13

*Goldman v. KPMG, LLP*,
173 Cal. App. 4th 209 (2009) .............................................................. 10

*Holland America Line Inc. v. Wartsila North America, Inc.*,
485 F.3d 450 (9th Cir. 2007) ................................................................. 7

*Jarboe v. Hanlees Auto Grp.*,
53 Cal. App. 5th 539 (2020) ................................................................ 13

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .............................................................. 14

*Shoals v. Owens & Minor Distribution, Inc.*,
No. 2:18-CV-2355, 2018 WL 5761764 (E.D. Cal. Oct. 31, 2018) .................... 12

*Soltero v. Precise Distribution, Inc.*,
102 Cal. App. 5th 887 (2024).......................................... 10, 11, 12, 13

-ii-

*Soto v. O.C. Commc'ns, Inc.*,
No. 17-CV-00251-VC, 2018 WL 10534324 (N.D. Cal. Nov. 21,
2018) ...................................................................................................................... 12

**Other Authorities**

Fed. R. Civ. P. 12(f) ................................................................................................ 5

L.R. 7-5(a) ............................................................................................................... 5

-iii-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.    INTRODUCTION

Defendants Fenix International Limited and Fenix Internet LLC (collectively, "Fenix Defendants") and Defendants Content X, Inc., Elite Creators LLC, Moxy Management, Verge Agency, Inc., Unruly Agency LLC, and Behave Agency LLC (collectively, "Agency Defendants" and, with Fenix, "Defendants") move to strike, requesting dismissal of the Non-California Plaintiffs' claims against the Agency Defendants. The Motion is flawed at every step. To begin with, Defendants provide no authority permitting the Court to dismiss Plaintiffs' claims on a motion to strike. This alone is grounds for denial. But Defendants' arguments also fail on the merits.

First, Defendants argue that this Court's April 9, 2025 Order dismissing the Non-California Plaintiffs' claims *against the Fenix Defendant*s somehow *also* dismissed Plaintiffs' claims against the Agency Defendants. Not so. This misguided argument ignores the text of the Order, in which the Court made clear that it was dismissing the Non-California Plaintiffs' claims against the Fenix Defendants *only*.

Next, Defendants ignore the language of the Terms of Service and turn principles of contract law on their head when they argue that, because both the Non-California Plaintiffs and the Agency Defendants are bound by forum selection clauses in their agreements *with the Fenix Defendants*, the Agency Defendants are therefore entitled to invoke that clause against Plaintiffs. But the Agency Defendants are not a party to any contract between the Non-California Plaintiffs and the Fenix Defendants. And the agreement between the Non-California Plaintiffs and the Fenix Defendants *prohibits* enforcement by third parties like the Agency Defendants. This argument, too, fails on its face.

011194-11/2686242 V1                                                    Case No: 8:24-cv-01655-FWS-SSC

Finally, Defendants argue that Plaintiffs are equitably estopped from proceeding against the Agency Defendants in this Court. But Defendants misread the law: equitable estoppel only applies where a party is trying to have it both ways by enforcing certain contractual terms in an agreement against its opposing party while avoiding other terms (here, the forum selection clause) with respect to that same party. Here, because the Non-California Plaintiffs do not seek to enforce any contractual terms against the Agency Defendants, there is no inequity in Plaintiffs proceeding in this Court against the Agency Defendants, notwithstanding the forum selection clause.

Because the motion is improper, and because each of Defendants' arguments fails on its face, the Court should deny Defendants' motion to strike. Because the Court has already rejected the previous request, the documents do not cover the relevant time-period, and the documents are disputed factually, the Court should also deny the Fenix RFJN.

## II.    BACKGROUND

On July 29, 2024, Plaintiffs N.Z., R.M., B.L., S.M., and A.L. filed this putative class action against Defendants Fenix International Limited ("Fenix International") and Fenix Internet LLC (collectively, "Fenix Defendants") and Defendants Boss Baddies LLC, Moxy Management, Unruly Agency LLC (also d/b/a Dysrpt Agency), Behave Agency LLC, A.S.H. Agency, Content X, Inc., Verge Agency, Inc., and Elite Creators, LLC (collectively, "Agency Defendants"). *See* Dkt. 1. In their Complaint, Plaintiffs detailed how the Fenix Defendants and Agency Defendants swindled them and similarly situated individuals across the

country out of sizeable sums by inducing them to pay to communicate with specific

Creators on the OnlyFans website when, unbeknownst to Plaintiffs, they were in

fact paying to communicate with "chatters" hired to impersonate those Creators.

*See id.* Plaintiffs raised several common law and statutory claims against

Defendants for this fraudulent and invasive conduct, including a claim for breach of

contract against the Fenix Defendants only. *See id.* at 113–114.

 As alleged in the Complaint, OnlyFans maintains Terms of Service ("TOS")

that users like Plaintiffs must agree to. *See, e.g., id.* at ¶ 68. The TOS describes

itself as an agreement between "Users" of the OnlyFans website, on the one hand,

and "Fenix International Limited, the operator of OnlyFans," on the other hand. *See*

Dkt. 60-1 (TOS) ¶ 2(b). Under the TOS, there are two types of Users: "Fans" and

"Creators." *See id.* ¶ 2(m) (defining "User" as "any user of OnlyFans, whether a

Creator or a Fan or both"). "Creators" are individuals who have created accounts to

post their own content. Se*e id.* ¶ 2(d) (defining "Creator" as "a User who has set up

their OnlyFans account as a Creator account to post Content on OnlyFans to be

viewed by other Users[.]"). A "Fan" is an individual who, like Plaintiffs, "follows a

Creator and is able to view the Creator's Content[.]" *See id.* ¶ 2(e).

 The TOS contains a forum selection clause purporting to govern certain of

Fenix International's and User's claims. For U.S.-based consumers, the TOS

provides that "any claim *which you [the User] have or which we [Fenix*

*International] have* arising out of or in connection with your agreement with us or

your use of OnlyFans . . . must be brought in the courts of England and Wales." *See*

Dkt. 60-1 (TOS) ¶ 16(a) (emphasis added). The TOS makes explicit that third

parties cannot enforce its terms: "Your agreement with us [Fenix International] does not give rights to any third parties . . . ." *Id*. ¶ 15(e). With respect to the forum selection clause, there is a limited exception for Fenix International's "subsidiary companies, employees, owners, representatives and agents," who may enforce the clause. *Id*.

On October 25, 2024, the Fenix Defendants moved to dismiss Plaintiffs' claims for *forum non conveniens* based on the forum selection clause in the Terms of Service. *See* Dkt. 60. The Agency Defendants did not. On April 9, 2025, the Court denied the Fenix Defendants' motion with respect to Plaintiffs N.Z. and R.M., who reside in California, finding that enforcement of the forum selection clause would contravene California's strong public policy. *See* Dkt. 117 ("April 9th Order") at 11–13. With respect to Plaintiffs B.L., S.M., and A.L.—who do not reside in California (the "Non-California Plaintiffs")—the Court "dismisse[d] their claims against Defendants Fenix International Limited and Fenix Internet LLC" only. April 9th Order at 16 (emphasis omitted).

On April 23, 2025, Plaintiffs timely filed their First Amended Class Action Complaint ("FAC"). Dkt. 118. In accordance with the April 9th Order, in the FAC, Plaintiffs explicitly removed any claims by the Non-California Plaintiffs against the Fenix Defendants. *See, e.g.,* FAC ¶ 24 ("only Plaintiffs N.Z. and R.M. assert claims against Fenix International Limited and Fenix Internet LLC in this Amended Complaint"). The Non-California Plaintiffs continue to assert claims against the Agency Defendants.

-4-

Defendants now argue, via motion to strike, that the Non-California Plaintiffs' claims against the Agency Defendants must be dismissed from the FAC. *See* Dkt. 123 ("Mot."). Defendants' motion is without merit and the Court should deny it.

### III.    ARGUMENT

**A.    The Court should dismiss Defendants' "Motion to Strike" as improper.**

Though Defendants style their motion as a "motion to strike," the relief they request is this Court's dismissal of the Non-California Plaintiffs' claims against the Agency Defendants. *See, e.g.*, Mot. at i ("the Non-California Plaintiffs' claims [should be] dismissed in their entirety for forum non conveniens"). Defendants request this relief without reference to any Federal or Local Rule or any specific legal standard. Indeed, they cite no authority even suggesting that a request for dismissal of claims or application of forum non conveniens may be made through a motion to strike. And Rule 12(f), governing motions to strike, does not provide for such relief. *See* Fed. R. Civ. P. 12(f) (granting court discretion to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). Defendants' failure to request relief under any particular rule or standard is, alone, grounds for denial. *See* L.R. 7-5(a) (requiring that moving papers supply "the points and authorities upon which the moving party will rely").

Furthermore, to the extent Defendants move under Rule 12(f), striking allegations from pleadings is a "disfavored" remedy, and such relief should only be granted if the allegations "clearly ha[ve] no possible bearing on the subject matter of the litigation." *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F.

Supp. 3d 1088, 1095 (N.D. Cal. 2022) (citations omitted). As shown below, Defendants' arguments fail under this or any standard.

**B.    The Court did not dismiss the Non-California Plaintiffs' Claims Against the Agency Defendants.**

Defendants appear to argue that the Court dismissed the Non-California Plaintiffs' Claims *against the Agency Defendants* in the April 9th Order. Mot. at 1–2.[1] This is false. As laid out above, only the Fenix Defendants moved to dismiss on forum non conveniens grounds, and thus only the Fenix Defendants' request for dismissal was considered by the Court. *See* April 9th Order at 1 ("Before the court are Defendants Fenix International Limited and Fenix Internet LLC's (collectively, 'Defendants' Motion to Dismiss Complaint for Forum Non Conveniens . . . .'")). Indeed, the Court cabined its reasoning to the Fenix Defendants. *See, e.g.*, April 9th Order at 3 ("[t]he Terms of Service govern the relationship between Defendants [defined as the Fenix Defendants] and users"). And the Court was explicit that it was dismissing the Non-California Plaintiffs' claims against the Fenix Defendants only: the Court "dismisse[d] their claims *against Defendants Fenix International Limited and Fenix Internet LLC*." April 9th Order at 16 (emphasis modified). Nothing in the Order extends that dismissal to the Agency Defendants.

Defendants' attempt to re-write the April 9th Order is unsound and unsupported. First, they recount the reasoning under which the Court dismissed the Non-California Plaintiffs' claims *against the Fenix Defendants*. Mot. at 1–2. Then,

---

[1] It is unclear whether section I of Defendants' brief titled "This Court Dismissed the Non-California Plaintiffs' Claims" is recounting procedural history or advancing argument. Mot. at 1–2. To the extent it is the latter, those arguments are addressed in this section.

-6-

they correctly state that the Court dismissed the Non-California Plaintiffs' claims *against the Fenix Defendants*. Mot. at 2. They proceed to conclude from these premises—with no authority or argument[2]—that it was improper for the Non-California Plaintiffs to assert any claims in the FAC "against *the Agency Defendants*." Mot. at 2. The Court should reject this conclusory assertion that is explicitly contradicted by the Order itself.

## C.  Defendants have not established that the Agency Defendants are entitled to enforce the forum selection clause against Plaintiffs.

The Court should deny Defendants' motion because the Agency Defendants have not shown that they can invoke the forum selection clause at all: they are not parties to the agreement between Plaintiffs and the Fenix Defendants, and equitable estoppel does not apply.[3] As demonstrated below, Defendants put the cart before the horse—asking whether the clause applies to the dispute before establishing that the Agency Defendants are entitled to enforce it.

---

[2] Though again unclear (*see* n.1, *supra*) Defendants may be arguing here that it was improper for the Non-California Plaintiffs to assert claims against the Agency Defendants because the "Court already held" that the forum selection clause "covers all 'OnlyFans users.'" Mot. at 2. This fallacious argument is addressed in the following section.

[3] In some instances, courts in the Ninth Circuit have permitted a non-signatory to enforce a forum selection clause when "the alleged conduct of the nonparties is closely related to *the contractual relationship*" between the parties. *Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (emphasis added; citation and quotation marks omitted). Defendants do not attempt to invoke this doctrine here (and have therefore waived the argument), but, even if they had not, it would not apply because Plaintiffs' claims against the Agency Defendants do not "arise from and require interpretation of" the TOS, nor are the Fenix Defendants' rights at issue in the litigation derivative of any Agency Defendants' rights. *See Freeman v. 3Commas Techs. OU*, No. 23-CV-00101-RFL, 2024 WL 4049864, at *2 (N.D. Cal. Sept. 3, 2024) (collecting cases).

-7-

**D.      The Agency Defendants are not a party to Plaintiffs' contracts with the Fenix Defendants and cannot enforce the contract.**

Defendants confuse the issues when they argue that the "forum selection clause applies" to Plaintiffs' claims against the Agency Defendants because of the April 9th Order. Mot. at 3–5. The question is not whether the clause "applies"—it is whether the Agency Defendants are entitled to enforce it. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,* 571 U.S. 49, 62 (2013) (discussing when enforcement of forum selection clause is appropriate "[w]hen *the parties have agreed* to a valid forum-selection clause" (emphasis added)). Defendants point to no such agreement here.

Defendants' primary argument—that the Agency Defendants can enforce the TOS against Plaintiffs because both the Agency Defendants and Plaintiffs are "Users" under the TOS (*see* Mot. at 3–4)—fails. Not only do Defendants offer no legal support for this argument, it fails under the terms of the TOS: even if it is true that the Agency Defendants are "Users" under the TOS, this does not demonstrate an agreement *between any Plaintiff and any Agency Defendant*. That is—even the Agency Defendants could be considered "Users" under the TOS—which is itself doubtful given that Agencies are neither Fans nor Creators as defined under the TOS (*see* Dkt. 60-1 (TOS) ¶ 2)—this would only mean that the Agency Defendant had entered into an agreement with Fenix International, *see id.* ¶ 2(b) (TOS is agreement between User and Fenix International). So even if, as Defendants argue, the Agency Defendants are "subject to an identical forum-selection clause" in their agreements with Fenix International as Plaintiffs are, the TOS does not govern the relationship between Plaintiffs and the Agency Defendants. Simply put, the TOS

-8-

does not create an agreement between Users and Agencies, only an agreement between each User and Fenix International.

Additionally, the TOS *prohibits* the Agency Defendants from enforcing its terms against Plaintiffs: the TOS is explicit that no third party (e.g., an Agency Defendant) can enforce its terms. *Id.* ¶ 15(e) ("Your agreement *with us* [Fenix International] does not give rights to any third parties . . . ." (emphasis added)). While the TOS includes an exception allowing *Fenix International's* "subsidiary companies, employees, owners, representatives and agents" to enforce the forum selection clause, *id.*, the Agency Defendants do not fall into any one of these categories. Since the TOS prohibits third party enforcement, the Agency Defendants cannot invoke the forum selection clause. *See Casville Invs., Ltd. v. Kates,* No. 12 CIV. 6968 RA, 2013 WL 3465816, at *6 (S.D.N.Y. July 8, 2013) (where agreement stated that that no provision "is intended to confer upon any person other than the parties hereto any rights or remedies hereunder," "the forum selection clause cannot be invoked" by a non-party to the agreement "because they are barred from doing so under the express terms of the [a]greement itself").

Defendants' final argument under the TOS again misreads the April 9th Order. Cobbling together a handful of phrases from Plaintiffs' and the Fenix Defendants' briefs, Defendants argue that the Court somehow "recognized" that the Agency Defendants could invoke the forum selection clause in the TOS by "implicitly reject[ing]" a one-sentence argument in Plaintiffs' brief regarding the Agency Defendants and "acknowledg[ing] the Agency Defendants' non-oppositions" to dismissal. Mot. at 3. There is no there there. Whether or not the

-9-

1
2
3
4
5
6

Agency Defendants opposed dismissal plainly has no bearing on whether the Agency Defendants can invoke the TOS's provisions against Plaintiffs. And, as laid out above, only the Fenix Defendants' arguments in favor of dismissal were before the Court, and the Court *did not dismiss* the Non-California Plaintiffs' claims against the Agency Defendants. April 9th Order at 16.

7
8
9

At bottom, Defendants point no basis in the TOS or the April 9th Order to strike or dismiss the Non-California Plaintiffs' claims and allegations against the Agency Defendants.

10

**E.     Equitable estoppel does not apply.**

11
12
13
14
15
16
17
18
19
20
21
22
23
24

Since Plaintiffs are not attempting to enforce any provisions of the TOS against the Agency Defendants, equitable estoppel does not entitle the Agency Defendants to invoke the forum selection clause against Plaintiffs. Equitable estoppel applies only when a plaintiff "is trying to have it both ways" because the plaintiff is "seeking to impose liability on [the defendant] based on the terms of her [agreement with a third party] while simultaneously seeking to avoid the [venue] clause of that same agreement." *Soltero v. Precise Distribution, Inc.*, 102 Cal. App. 5th 887, 893 (2024) (discussing agreement to arbitrate); *see Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 220 (2009) (signatory "cannot have it both ways," seeking to hold the non-signatory liable pursuant to duties imposed by the agreement while denying the arbitration agreement's applicability because defendant is a non-signatory).

25
26
27

Here, Plaintiffs do not seek to impose liability on the Agency Defendants under the TOS. Plaintiffs bring their breach of contract claims based on the TOS

28

*only* against the Fenix Defendants. *See* FAC at 131–132 (Count VII, asserting breach of contract claim against Fenix Defendants only). Plaintiffs seek to hold the Agency Defendants liable for their highly invasive and fraudulent conduct under various common law and statutory causes of action—none of which seek to enforce the TOS against the Agency Defendants. And while Defendants point to a few paragraphs in the FAC that they claim establish that Plaintiffs' claims against the Agency Defendants are "intimately intertwined" with the TOS, Mot. at 5, none of these actually demonstrate Plaintiffs' reliance on any portion of the TOS to establish the Agency Defendants' liability. Instead, they demonstrate that Plaintiffs seek to hold the Agency Defendants liable for their own conduct of "creation and sale of fraudulent digital content"—not any violation of the TOS. FAC ¶ 441(d).

The situation presented here is analogous to that addressed by the California Court of Appeal in *Soltero v. Precise Distribution, Inc.*, 102 Cal. App. 5th 887, 893 (2024). In *Soltero*, the plaintiff, a temporary employee, filed a class action lawsuit against her employer for violations of the California Labor Code. The employer sought to compel arbitration based on an arbitration clause in the plaintiff's agreement with the staffing agency that placed her with her defendant employer. The California Court of Appeal reasoned that, because the plaintiff did not bring a breach of contract claim against the defendant, the plaintiff was not equitably estopped from pursuing her claims against the defendant in court: since " [the plaintiff's] complaint against [the defendant] is not founded in and inextricably bound up with the obligations imposed *by the agreement containing the* [venue] *clause*." *Soltero*, 102 Cal. App. 5th at 893 (emphasis in original; internal quotation

marks and citation omitted). The same is true here: Plaintiffs are not "trying to have it both ways" with respect to the TOS and the Agency Defendants.

In arguing that equitable estoppel applies, Defendants rely on a single case whose reasoning has been rejected by several courts. Specifically, the Ninth Circuit's decision in *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 872 (9th Cir. 2021), on which Defendants relied, rested on a 2017 Court of Appeal case, *Garcia v. Pexco, LLC*, 11 Cal. App. 5th 782 (2017), which was—at the time—the only California Court of Appeal decision on the issue. Both state and federal courts have criticized the reasoning in *Garcia* as incorrectly applying the state equitable estoppel doctrine. *See Shoals v. Owens & Minor Distribution, Inc.*, No. 2:18-CV-2355, 2018 WL 5761764, at *8 (E.D. Cal. Oct. 31, 2018) (noting that *Garcia* is an "outlier decision" and explaining that *Garcia*'s interpretation of the "intimately intertwined with the contract" prong "appears to be contrary to established law and has not been adopted by the California Supreme Court"); *Soto v. O.C. Commc'ns, Inc.*, No. 17-CV-00251-VC, 2018 WL 10534324, at *2 (N.D. Cal. Nov. 21, 2018) (expressing doubt that the California Supreme Court would uphold *Garcia*'s ruling on equitable estoppel). Just last year, the California Court of Appeal in *Soltero* explained why *Garcia* is poorly reasoned for precisely the same reasons outlined above:

> Rather, the critical question is whether the plaintiff's claims against the nonsignatory defendant actually rely on the terms of the contract containing the arbitration clause. If so, the plaintiff cannot avoid the arbitration clause. If not, the nonsignatory defendant cannot compel arbitration under the equitable estoppel doctrine—even if the plaintiff is asserting claims of a type that would otherwise fall within the scope of the arbitration agreement if asserted against a signatory defendant.

-12-

1    102 Cal. App. 5th at 895.

2        Furthermore, as explained by the Court of Appeal in another case, the

3    reasoning in *Garcia* is further distinguishable because, unlike in *Garcia*, here, "the

4    precise nature of the relationship" between the Fenix Defendants and the Agency

5    Defendants "is unproven in this record." *Jarboe v. Hanlees Auto Grp.*, 53 Cal. App.

6    5th 539, 554 (2020). Thus, the relationship "has not been shown to be *integral* to

7    support the application for equitable estoppel." *Id.* (citation omitted; emphasis in

8    original). Thus, while some courts have invoked equitable estoppel where the

9    specific relationship between the signatory and non-signatory party is undisputed,

10   this is not the case here. Defendants have pointed to no inequity in permitting

11   Plaintiffs to proceed against the U.S.-based Agency Defendants in this Court.

**F.    The Fenix Defendants' RFJN Should Be Denied or Disregarded**

14       Fenix Defendants seek judicial notice of the July 21, 2024 version of the

15   OnlyFans Terms of Service and the August 2, 2024 Privacy Policy. *See* Dkt. 122

16   ("Fenix RFJN") at 3; *see also* Dkt. 60-1 ("Taylor Decl."), Ex. A ("Terms") and Ex.

17   1 ("Privacy Policy"); Dkt. 123 at 2 n.1 (relying on same).The Court should deny or

18   disregard the Fenix RFJN for three independent reasons.

21       First, the Court has already declined to rely on these materials in its prior

22   ruling. *See* Dkt. 117 at 3 n.2 ("Because the court does not rely on any disputed

23   terms, it need not and does not reach the parties' RFJN-related arguments."). That

24   rationale applies equally here. The portions of the Terms relevant to this motion—

25   *e.g.,* the scope and enforceability of the forum-selection clause—are either

26   undisputed or already addressed in the Court's prior order. *See* Dkt. 123 at 2

-13-

(asserting that the Court "already recognized that the same language is 'mandatory'").

Second, the exhibits reflect only the most recent Terms and Privacy Policy, not those in effect during the time periods most relevant to Plaintiffs' claims. Fenix Defendants acknowledge that "[t]he Terms have been updated multiple times over the years," Taylor Decl. ¶ 21, yet they selectively offer only the July 2024 version. But as the FAC makes clear, Plaintiffs' claims arise from conduct stretching back to at least 2018, including platform design choices, messaging policies, and subscriber interactions shaped by earlier versions of the Terms. *See* FAC ¶¶ 1–6, 94–101, 150–55. This selective presentation omits language from prior versions that may have differed materially—particularly with respect to whether Fans were on notice of "Chatter" practices. Plaintiffs explained this gap in their prior opposition to the FNC motion. *See* Dkt. 85 at 6–9 (discussing changes in the Terms over time and the insufficiency of any supposed disclosure).

Third, even if the Court were inclined to consider the documents under the incorporation-by-reference doctrine, that would not support formal judicial notice. *See* Fenix RFJN at 4–5 (invoking *Davis v. HSBC Bank* and *Daniels-Hall*). The Ninth Circuit permits incorporation by reference only for undisputed material. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005). Here, Plaintiffs dispute both the completeness of the versions offered and the truth of Defendants' characterizations—for example, Defendants' assertion that the Terms disclosed agency control over chats. *See* Dkt. 123 at 4–5 (claiming agencies were known "Users" under the Terms); *cf.* FAC ¶¶ 6, 112–13, 128–29, 151 (alleging

-14-

concealment). Defendants' attempt to transform these documents into undisputed facts is improper, and their RFJN should be rejected on that basis.

At minimum, the Court should reject Fenix Defendants' invitation to treat these documents as dispositive on disputed factual issues—particularly when the version offered does not reflect the state of the Terms during most of the relevant period. Plaintiffs reserve the right to submit additional versions of the Terms and Privacy Policy, should it become necessary to resolve any factual dispute about their content or application.

## IV.    CONCLUSION

Because the Court has not dismissed the Non-California Plaintiffs' claims against the Agency Defendants, and because the Agency Defendants have not shown that they can invoke the forum selection clause against Plaintiffs, the Court should deny Defendants' motion to strike. Because the Court has already rejected the previous request, the documents do not cover the relevant time-period, and the documents are disputed factually, the Court should also deny the Fenix RFJN.

DATED: July 17, 2025              Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Robert B Carey*

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
        leonarda@hbsslaw.com

-15-

1

michellak@hbsslaw.com

2

Christopher R. Pitoun (SBN 290235)

3

HAGENS BERMAN SOBOL SHAPIRO LLP

301 N. Lake Avenue, Suite 920

4

Pasadena, California 91101

5

Telephone: (213) 330-7150

Facsimile: (213) 330-7152

6

Email: christopherp@hbsslaw.com

7

8

Andrea R. Gold (*pro hac vice*)

David A. McGee (*pro hac vice*)

9

Shana H. Khader (*pro hac vice*)

10

TYCKO & ZAVAREEI LLP

2000 Pennsylvania Avenue NW, Suite 1010

11

Washington, DC 20006

12

Phone: (202) 973-0900

Facsimile: (202) 973-0950

13

Email: agold@tzlegal.com

14

dmcgee@tzlegal.com

skhader@tzlegal.com

15

16

Keith T. Vernon (*pro hac vice*)

TIMONEY KNOX LLP

17

1717 K Street NW, Suite 900

18

Washington, DC 20006

Phone: (202) 349-9864

19

Facsimile: (215) 540-2643

20

Email: kvernon@timoneyknox.com

21

Andrew C. Stone (*pro hac vice*)

22

Seth T. Goertz (*pro hac vice*)

DORSEY & WHITNEY LLP

23

2325 E Camelback Road, Suite 300

24

Phoenix, AZ 85016

Phone: (602) 735-2691

25

Facsimile: (602) 926-2471

26

Email: stone.andy@dorsey.com

goertz.seth@dorsey.com

27

*Attorneys for Plaintiffs*

28

-16-

PLS.' CONSOLIDATED RESP. IOT DEFS.' MOT. TO STRIKE
CLAIMS OF NON-CA DEFS. AND FENIX DEFS.' RFJN

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief is one of three consolidated oppositions to Defendants' Motions (Dkts. 121–129), and contains 4,078 words which complies with the aggregate word limit specified in this Court's July 15, 2025 Order, Dkt. 137.

Dated: July 17, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP
*/s/ Robert B. Carey*
Robert B. Carey

-17-