| | |
|---|---|
| 1 | JASON D. RUSSELL (SBN 169219) |
| | jason.russell@skadden.com |
| 2 | PETER B. MORRISON (SBN 230148) |
| | peter.morrison@skadden.com |
| 3 | HILLARY A. HAMILTON (SBN 218233) |
| | hillary.hamilton@skadden.com |
| 4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | 2000 Avenue of the Stars, Suite 200N |
| 5 | Los Angeles, California 90067 |
| | Telephone:  (213) 687-5000 |
| 6 | Facsimile:   (213) 687-5600 |
| 7 | Attorneys for Specially Appearing Defendants |
| | Fenix International Limited and Fenix Internet LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>                         Plaintiffs,<br><br>            v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>                         Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**DECLARATION OF HILLARY A. HAMILTON ON BEHALF OF SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED AND FENIX INTERNET LLC IN SUPPORT OF PLAINTIFFS' APPLICATION TO FILE UNDER SEAL PLAINTIFFS' RESPONSE IN OPPOSITION AND CERTAIN SUPPORTING DOCUMENTS (ECF 139, 140, 140-1, 140-2, 140-3)**<br><br>Judge:       Hon. Fred W. Slaughter<br>Courtroom: 10D<br>Date:         September 4, 2025<br>Time:        10:00 a.m. |

# DECLARATION OF HILLARY A. HAMILTON

I, Hillary A. Hamilton, declare and state as follows:

1. I am an attorney admitted to practice before the courts of the State of California and have been admitted to this Court. I am a Counsel in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Specially Appearing Defendants Fenix International Limited and Fenix Internet LLC (together, "Fenix Defendants"). I submit this declaration on behalf of Fenix Defendants in support of Plaintiffs' Application to File Under Seal (ECF 139, the "Application"), pursuant to Local Rule 79-5.2.2(b)(i). This declaration is based on my own personal knowledge and if called upon to do so, I could and would testify competently thereto.

2. In Plaintiffs' Response in Opposition to Fenix Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue filed by Plaintiffs under seal (ECF 140-1, "Response"), Plaintiffs quote and refer to certain material that has been designated by Fenix Defendants as confidential under the terms of the Stipulated Protective Order (ECF 135).

3. As described in the Declaration of Robert B. Carey in support of the Application (ECF 140, "Carey Declaration"), on July 15, 2025, counsel for Plaintiffs shared with counsel for the Fenix Defendants which documents that the Fenix Defendants designated as "Confidential" would be referenced in the Response. The parties discussed, in good faith, the possibility of redacting or removing the confidentiality designations in their entirety but were unable to reach a resolution. (ECF 140 ¶3.)

4. Pursuant to Local Rule 79-5.2.2(b), Plaintiffs filed their Application "seek[ing] to file unredacted copies of the Response, Exhibit A, and Exhibit B under seal" (ECF 140 ¶5) and "appl[ied] for an order regarding the sealing of these documents to comply with the provisions set forth in the Stipulated Protective Order." (ECF 139 at 1-2.) Plaintiffs also filed under seal unredacted copies of the Response (ECF 140-1), Exhibit A to the Carey Declaration (ECF 140-2, "Exhibit A"), and Exhibit B to the Carey Declaration (ECF 140-3, "Exhibit B"), with highlighting indicating information that has been

designated as confidential. Plaintiffs took "no position on whether these documents qualify for protection under Rule 26(c)." (ECF 139 at 2.)

5. Pursuant to Local Rule 79-5.2.2(b)(i), Fenix Defendants submit this Declaration in support of Plaintiffs' Application and in support of the redactions reflected in the sealed Response, the Carey Declaration and Exhibits A and B attached thereto.

6. Fenix Defendants must "articulate compelling reasons supported by specific factual findings" in support of sealing the documents. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

7. I believe, as counsel for Fenix Defendants, that compelling reasons—as defined by courts in the Ninth Circuit—exist to maintain the documents under seal, as described in more detail below.

8. Exhibit A to the Carey Declaration contains California-specific Fan, Creator, and revenue information, which is also reproduced in Plaintiffs' Response (*see* ECF 140-1 at 5-6, 9, 12-13). This information, especially where combined with publicly available information regarding Fenix Defendants' global revenues, is the type of information "regarding parties' profits, expenditures, and losses" that might allow other parties—such as contractors and competitors—"to use that information to their advantage in their own contract negotiations." *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021), *aff'd*, 2022 WL 1436146 (Fed. Cir. 2022). Disclosure of information regarding Fenix Defendants' financials, including "sales volume" and revenues in a particular market, is highly confidential and could "provide competitors and potential counterparties with unfair insight into [Fenix Defendants'] business strategies… ." *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671-BLF, 2023 WL 6813469, at *2 (N.D. Cal. Oct. 16, 2023) (sealing financial information where "the confidentiality of [defendant's] financial information is also critical to [defendant's] business" and financial decision-making).

9. Additionally, court records are regularly sealed "when such court files might become a vehicle for improper purposes." *Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF,

2023 WL 4983670, at *1 (N.D. Cal. Aug. 3, 2023) (collecting cases). The Fenix Defendants are privately-held companies and do not—nor are they required to—provide this market-specific information to the public in financial statements filed with regulatory authorities. Fenix Defendants' California-specific revenues and user counts would provide competitors operating in the same space with information about the California market that would ordinarily only be attainable through market research of their own. "[C]ompetitors would benefit from such information by learning about Defendant's strategies… without having to expend any resources to obtain it." *McCrary v. Elations Co. LLC*, No. EDCV 13-0242 JGB (SPx), 2014 WL 12561600, at *5 (C.D. Cal. Dec. 8, 2014).

10. Exhibit B to the Carey Declaration contains information regarding Fenix Defendants' business strategy and decision-making, which also appears in Plaintiffs' Response (*see* ECF 140-1 at 6, 9). The information contained in Exhibit B and Plaintiffs' Response is appropriate for sealing because disclosure would similarly disclose "internal business and financial decision-making strategies." *Laatz*, 2023 WL 4983670, at *2 (granting request to seal); *see also 2ONE Labs Inc. v. ITG Brands, LLC,* No. CV 24-08124-MWF (Ex), 2025 WL 1018978, at *2 (C.D. Cal. Jan. 14, 2025) (sealing "confidential proprietary information regarding [parties'] business strategy"). Knowledge of Fenix Defendants' business decisions described in Exhibit B and Plaintiffs' Response could inform competitors' own business strategies for the same reasons described above, "without having to expend any resources to obtain it." *McCrary*, 2014 WL 12561600, at *5. Given the highly competitive industry that Fenix Defendants operate in, disclosure of this information risks providing competitors with an unfair advantage and ability to leverage or capitalize on this information and its implications for their own business strategies.

11. Fenix Defendants have made best efforts to ensure their confidentiality designations are "narrowly tailored to protect non-public… competitive financial information" and business strategies. *Edtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. 8:19-cv-02115-DOC-JDE, 2023 WL 6813743, at *2 (C.D. Cal. Aug. 31, 2023). In

3

Exhibit A to the Carey Declaration, Plaintiffs submitted five interrogatories and Fenix Defendants' responses thereto, and Fenix Defendants narrowly tailored their designations to confidential information contained in two of the five responses. Fenix Defendants similarly limited their designations to the confidential information regarding business strategies discussed in 20 lines of testimony in Exhibit B to the Carey Declaration. As described above, the limited information sought to be sealed in the Application contains confidential information of the type regularly sealed by courts in this District and the Ninth Circuit.

12.    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 21, 2025, in Middlebury, Vermont.

By: /s/ *Hillary A. Hamilton*
Hillary A. Hamilton

4