Allen Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
Brent Sedge (Admitted *Pro Hac Vice*)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
Laguna Hills Carlota Plaza
23046 Avenida de la Carlota, Suite 600
Laguna Hills, California 92653
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
jlee@constangy.com
bsedge@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>Judge: Hon. Fred W. Slaughter<br><br>**DEFENDANT VERGE AGENCY, INC.'S JOINDER TO SPECIALLY APPEARING DEFENDANT'S FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S MOTION FOR PARTIAL RECONSIDERATION OR ALTERNATIVELY CERTIFICATION OF AN INTERLOCUTORY APPEAL**<br><br>Complaint Served: 8/05/2024 |

In accordance with Civil Local Rule 7-18, Rule 54(b) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1292(b), Defendant Verge Agency, Inc. ("Defendant"

or "Verge") submits this Defendant Verge Agency, Inc.'s Joinder ("Joinder") to Specially Appearing Defendant's Fenix International Limited's and Fenix Internet LLC's Motion for Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal ("Motion to Reconsider") [EFC No. 147] filed by Specially Appearing Defendants Fenix International Limited and Fenix Internet LLC (the "Fenix Defendants"). Verge joins in full the arguments and relief sought in the Fenix Defendants' Motion to Reconsider and incorporates by reference the points and authorities set forth therein, as permitted by applicable law.

## ARGUMENT

Forum selection clauses are presumptively valid and "should be honored 'absent some compelling and countervailing reason.'" *Waters v. Advent Prod. Dev., Inc.*, 2008 WL 7683231, at *7 (S.D. Cal. June 26, 2008) (*quoting M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.' *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (*quoting M/S Bremen*, 407 U.S. at 15, 17.)

Courts in the Ninth Circuit also recognize that a forum selection clause may, in appropriate circumstances, apply to non-signatory defendants whose conduct is closely related to the contractual relationship. For example, in *Manetti-Farrow, Inc. v. Gucci America, Inc.*, the Ninth Circuit affirmed the district court's conclusion that "the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants." *Manetti-Farrow, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988).

Building on this principle, the Ninth Circuit has held that "where the alleged conduct of the nonparties is closely related to the contractual relationship, 'a range of transaction participants, parties and non-parties, should benefit from and be subject to

forum selection clauses.'" *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (quoting Manetti-Farrow, 858 F.2d at 514 n.5).

Federal district courts within the Circuit have applied this doctrine to bind non-signatories who were owners, officers, or closely affiliated with the contracting party. In *Comerica Bank v. Whitehall Specialties, Inc.*, for example, this Court held that individual defendants could be bound by a forum selection clause despite not signing the contract, because they were "closely related to the contractual relationship" at issue. *Comerica Bank v. Whitehall Specialties, Inc.*, 352 F. Supp. 2d 1077, 1082 n.6 (C.D. Cal. 2004). Similarly, in *Waters*, the court applied a forum selection clause to non-signatory defendants whose alleged conduct was closely intertwined with the contract. *Waters*, 2008 WL 7683231, at *7.

**I. The Forum Selection Clause in the OnlyFans Terms of Service is Enforceable in Favor of Verge.**

Given this well-established precedent, the forum selection clause in OnlyFans' Terms of Service is enforceable in favor of Verge because Plaintiffs' claims against it are closely related to the contractual relationship governed by those terms. Plaintiffs' claims against Verge arise directly from their use of the OnlyFans platform and the conduct of content creators on that platform—matters that fall squarely within the scope of the governing Terms of Service.

The Terms of Service include the following forum selection clause:

> If you are a consumer resident outside of the United Kingdom or the European Union, any claim which you have or which we have arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales.

(ECF No. 60-1, Exh. A ¶ 16(a).)

Plaintiffs allege they used OnlyFans to view and purchase content from content creators and that they were misled into doing so based on the purported chatter scams that were allegedly devised, managed, or executed by third-party agencies such as Verge. They claim that Verge and other agency defendants engaged in fraudulent marketing, pricing, and messaging tactics—all of which occurred through the OnlyFans platform and relied on the platform's features and functions.

Plaintiffs do not allege that Verge operated independently of OnlyFans, communicated with Plaintiffs outside the platform, or obtained any direct payments from them. Rather, the theory of liability against Verge is entirely dependent on Plaintiffs' use of OnlyFans and their contractual relationship with the Fenix Defendants. The factual and legal basis for the claims against Verge is thus inseparable from the conduct governed by the Terms of Service.

Verge is entitled to enforce the forum selection clause because the claims against it are so intimately bound up with Plaintiffs' agreement with the Fenix Defendants that enforcement is not only appropriate but compelled under Ninth Circuit precedent. *See Holland Am. Line*, 485 F.3d at 456 ("[A] non-party may enforce a forum selection clause if the non-party is `closely related to the contractual relationship' between the contracting parties"). Given Plaintiffs' claims against Verge are factually and legally dependent on their use of the OnlyFans platform—and fall within the forum selection clause's broad scope—the Court should enforce the forum selection clause in favor of Verge.

**II. This Court has already found that the Forum Selection Clause covers Plaintiffs' Claims.**

This Court has already determined that the forum selection clause contained in the OnlyFans Terms of Service governs the claims asserted in this action, including the claims brought against Verge. Specifically, the Court found that "the broad scope of the forum selection [clause] covers Plaintiffs' claims." (Order Granting in Part and

Denying in Part Defs.' Mot. to Dismiss for Forum Non Conveniens at 7 [ECF No. 117].) The Court explained that "Plaintiffs allege that Defendants and Agency Defendants engaged in various fraudulent practices and disseminated confidential and private information without Plaintiffs' consent with operating the OnlyFans website or creating content." (*Id.*) Further, the Court noted that "Plaintiffs' alleged injuries from this scheme all stem from Plaintiffs' use of the OnlyFans website, which is governed by the Terms of Service and Privacy Policy[.]" (*Id.*)

This finding is dispositive of whether the forum selection clause is broad enough to encompass the claims now asserted against Verge. In many regards, Plaintiffs' allegations against Verge mirror those asserted against the Fenix Defendants and the other Agency Defendants, including claims based on alleged misuse of private content and conduct occurring on or in connection with the OnlyFans platform. Because the Court has already held that such claims are within the scope of the clause, there is no reasonable basis to carve out Verge from that ruling.

The Court's prior determination also underscores the integral role of the Terms of Service in governing the relationship between Plaintiffs and the OnlyFans platform. Plaintiffs cannot avoid the effect of the forum selection clause simply by naming additional defendants or labeling their claims as tort-based. *See Manetti-Farrow*, 858 F.2d at 514 ("[F]orum selection clauses can be equally applicable to contractual and tort causes of action.") Where, as here, the alleged injuries arise directly from Plaintiffs' use of the OnlyFans website and its associated contractual terms, the forum selection clause must be enforced consistent with the Court's prior ruling.

**III. Enforcement would promote judicial economy and avoid inconsistent judgments.**

Enforcing the forum selection clause in favor of Verge not only aligns with applicable legal precedent but also serves important interests in judicial efficiency and consistency. Plaintiffs' claims against Verge are premised on the same factual

allegations and legal theories as most of their claims against the Fenix Defendants, whose conduct is governed by OnlyFans' Terms of Service. Allowing the claims to proceed against Verge in this forum—while those against the Fenix Defendants are subject to dismissal or transfer under the forum selection clause—would risk inconsistent rulings on the same issues of law and fact and lead to duplicative litigation in multiple jurisdictions. This concern is particularly apt given the Court's previous determination that the forum selection clause in OnlyFans' Terms of Service broadly applies to Plaintiffs' claims. Because these claims stem from Plaintiffs' use of the OnlyFans platform—and the conduct of individuals and entities allegedly acting in concert—fragmenting the litigation would undermine the orderly resolution of the dispute and impose unnecessary burdens on both the parties and the judiciary.

For these reasons, enforcing the forum selection clause as to Verge would conserve judicial resources, avoid inconsistent judgments, and serve the interests of justice.

## CONCLUSION

For the foregoing reasons, and for those set forth in Motion to Reconsider filed by the Fenix Defendants, Verge respectfully requests that the Court grant the motion in its entirety as to Verge and either reconsider its prior ruling or certify the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Date: August 15, 2025

Respectfully submitted,

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: */s/ Younjin Lee*

Allen Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
Brent Sedge (Admitted *Pro Hac Vice*)
Laguna Hills Carlota Plaza
23046 Avenida de la Carlota, Suite 600
Laguna Hills, California 92653
Telephone: (949) 743-3924

asattler@constangy.com
jlee@constangy.com
bsedge@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Orange County, State of California. My business address is Laguna Hills Carlota Plaza, 23046 Avenida de la Carlota, Suite 600, Laguna Hills, CA 92653.

On **August 15, 2025**, I served a true copy of the document(s) entitled:

**DEFENDANT VERGE AGENCY, INC.'S JOINDER TO SPECIALLY APPEARING DEFENDANT'S FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S MOTION FOR PARTIAL RECONSIDERATION OR ALTERNATIVELY CERTIFICATION OF AN INTERLOCUTORY APPEAL**

on all individuals as indicated on the Court's ECF System

_✓_ **BY ELECTRONIC TRANSMISSION:** By causing the document(s) to be transmitted by the Court's PACER filing system to the e-mail addresses of the individuals as indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 15, 2025**, in Costa Mesa, California.

*/s/ Younjin Lee*
Younjin (Jennifer) Lee