JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
HILLARY A. HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
RAZA RASHEED (SBN 306722)
raza.rasheed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Specially Appearing Defendants
Fenix International Limited and Fenix Internet LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM**<br><br>Judge:       Hon. Fred W. Slaughter<br>Courtroom:  10D<br>Date:         September 4, 2025<br>Time:         10 a.m. |

Plaintiffs devote less than two pages of their consolidated Response in Opposition to the Defendants' Motion to Strike and Fenix's Request for Judicial Notice (ECF 138, ("Opposition" or "Opp'n")) to arguing Fenix's RJN should be denied. (*Id*. PageID#2121-23.)[1]

Despite its brevity, Plaintiffs' Opposition continues and, indeed, exacerbates their distressing practice of citing imaginary caselaw and fabricating quotes and holdings in decisions that actually exist. Plaintiffs' *lead* argument in opposing judicial notice ***manufactures a quote and holding from this Court*** in its April 9 Order, purportedly "already reject[ing]" Fenix's "previous request" that this Court take judicial notice of the Exhibits. (Opp'n, PageID#2121, 2123.)

Even setting aside Plaintiffs' use of what appears to be a generative artificial intelligence program without disclosing its use or independently confirming its accuracy contrary to this Court's model Civil Standing Order (*see* MTD Reply at 1-3 & nn.2-3; Motion for Partial Reconsideration ("MFPR") Reply at 1, 8-9), Plaintiffs' limited arguments fail for the reasons stated below.

I. **THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE WEBSITE PAGES IN THE EXHIBITS**

The RJN demonstrated that the Court should take judicial notice of Exhibit A to the Taylor Declaration—a copy of the OnlyFans Terms of Service ("Terms") as publicly available on July 21, 2024, at https://www.onlyfans.com/terms—and Exhibit 1 to the Supplemental Taylor Declaration—a copy of the OnlyFans Privacy Policy ("Privacy Policy") as publicly available at the time of the filing of the Complaint at www.onlyfans.com/privacy—because they are "proper subjects of judicial notice as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (RJN, PageID#1715 (collecting cases).)

---

[1] Capitalized terms carry the same meaning they had in Fenix's Request For Judicial Notice And Notice Of Documents Incorporated By Reference (ECF 122, "RJN"). Unless otherwise noted, all emphases are added, and all citations, alterations, and internal quotation marks are omitted from all quoted material.

Plaintiffs do not and cannot dispute this authority. Indeed, their own authority shows courts routinely take judicial notice of similar website terms and privacy policies that are "publicly available, standard documents that are capable of ready and accurate determination… relevant to [p]laintiffs'… claims." *Opperman v. Path, Inc.*, 84 F.Supp.3d 962, 976 (N.D. Cal. 2015) (cited by Plaintiffs, ECF 140-1, at 15); *see also Doe v. Roblox Corp.*, 602 F.Supp.3d 1243, 1251 n.2 (N.D. Cal. 2022) (granting judicial notice of webpage Terms of Use where referenced in complaint and "not subject to reasonable dispute due to being a publicly accessible web page") (cited by Plaintiffs, ECF 140-1, at 19).

Plaintiffs offer two reasons that judicial notice of the Terms and Privacy Policy is not appropriate. Both fail.

*First*, Plaintiffs assert—wrongly—that this Court "already rejected [Fenix's] previous [RJN] request" when it "declined to rely on these materials in its prior ruling." (Opp'n, PageID#2121, 2123.) Plaintiffs "quote" this Court as stating "[b]ecause the court does not rely on any disputed terms, it need not and does not reach the parties' RFJN-related arguments." (*Id.*, PageID#2121.) But **that language does not appear in this Court's opinion**. Rather, the Court's April 9 Order, at the citation Plaintiffs provided, states the Court "need not take judicial notice of these documents for purposes of its analysis *because it may consider evidence outside the pleadings* in deciding a motion to dismiss for forum non conveniens." (ECF 117 ("Order"), PageID#1506 n.2.)

Plaintiffs' further contention that this Court "declined to rely on these materials" is wholly contrary to what the Court actually did. (Opp'n, PageID#2121.) The Court analyzed the language, applicability, and scope of the Forum-Selection Clause in the Terms and concluded "Plaintiffs' claims are logically or causally connected to the Terms" because, *inter alia*, "Plaintiffs' alleged injuries… all stem from Plaintiffs' use of the OnlyFans website, which is governed by the Terms of Service and Privacy Policy." (*See* Order, PageID#1506-07, 1509-10.)

Plaintiffs ignore that in deciding Fenix's forum non conveniens motion, this Court was not asked to—and thus properly did not consider—the arguments raised in the RJN

2

explaining that judicial notice of the Exhibits was appropriate when deciding Fenix's Motion to Dismiss to refute Plaintiffs' alleged reliance on (and selective quotation of) the Terms and Privacy Policy. (*See* RJN, PageID#1715, 1717.) Thus, this Court did not reach—and certainly did not "reject[]"—Fenix's RJN arguments here. (Opp'n, PageID#2123.) Like Plaintiffs' purported quote, this holding is nowhere to be found in the Court's decision.

*Second*, Plaintiffs appear to argue the Exhibits are not relevant because their claims "stretch[] back to at least 2018" and therefore involve "earlier versions of the Terms." (Opp'n, PageID#2122.) This argument ignores Plaintiffs' FAC, which, as the RJN showed, acknowledges that Fenix updated the Terms "after the original Complaint in this matter was filed on July 29, 2024," and "[w]hile some provisions were reworded or reorganized, *the core structure and substance of the Terms*—including the Acceptable Use Policy, Privacy Policy, and contractual terms governing Fan–Creator interactions—***remain materially the same***" but "[f]or clarity and consistency, ***this Amended Complaint continues to refer to the pre-September 2024 version of the Terms.***" (RJN, PageID#1715 (quoting FAC¶163 n.60).)

The Exhibits are thus relevant because they are the Terms and Privacy Policy that Plaintiffs quote and reference in the FAC, which Plaintiffs do not and cannot credibly contest. (*See* RJN, PageID#1715, 1717; *see also* FAC¶70 & n.13 (describing Terms and providing link to Terms as accessed on June 29, 2024); FAC¶139 & n.51 (describing Privacy Policy and providing link to Privacy Policy as accessed on July 29, 2024).) Indeed, in their opposition to Fenix's previous RJN, Plaintiffs admitted they cite and quote the Exhibits "to support, among other things, their allegations of fraud and their claim for breach of contract," as well as their privacy claims, and "have no reason to dispute [the Exhibits'] existence." (ECF 87, PageID#845-46.)

In contesting the "completeness" of the Exhibits now, Plaintiffs are not challenging the Exhibits *themselves* as an inaccurate representation of the Terms and Privacy Policy as they appeared on publicly accessible websites. (Opp'n, PageID#2122-23.) Instead,

3

Plaintiffs claim Fenix's "selective presentation" of the Terms and Privacy Policy in the Exhibits "omits language *from prior versions* that *may have differed materially*—particularly with respect to whether Fans were on notice of 'Chatter' practices." (*Id.*, PageID#2122.)

Plaintiffs claim they previously "explained this gap" by "discussing changes in the Terms over time and the insufficiency of any supposed disclosure" in opposing Fenix's motion to dismiss for forum non conveniens, but the document they cite has no such discussion, suggesting yet another AI hallucination. (*See id.*, PageID#2122, citing ECF 85, PageID#782-85.) Regardless, Plaintiffs fail to explain why the existence of *prior* terms and policies that "may have differed" from the Exhibits means this Court cannot take judicial notice *of the Exhibits*.

It is telling that Plaintiffs did not introduce evidence of any "differ[ing]" language in prior versions supporting their claims in their opposition to Fenix's Motion to Dismiss. (*See generally* ECF 140-1.) Instead, Plaintiffs attempt to "reserve the right to submit additional versions of the Terms and Privacy Policy, should it become necessary to resolve any factual dispute about their content or application." (Opp'n, PageID#2123.) Plaintiffs neglect to explain why they did not do so when Fenix quoted the provisions of the Terms and Privacy Policy foreclosing their claims as a matter of law in the Motion to Dismiss. (*See, e.g.* ECF 121, PageID#1697 & n.3, 1700 n.5, 1701-02, 1704-05, 1707 (quoting Terms and Privacy Policy).)[2]

As Fenix showed, prior versions of the Terms and Privacy Policy are easily and publicly accessible on the Wayback Machine. (*See, e.g.*, ECF 60-1, PageID#347-48, ¶¶14,

---

[2] To the extent Plaintiffs intend to invoke purported "differ[ing]" language in prior versions as somehow undermining the binding provisions in the Terms, that argument is baseless. Fenix showed, and this Court found, that all Plaintiffs agreed to be bound by the updated Terms when they were amended in December 2021. (ECF 60, PageID#328-29; ECF 60-1 PageID#349-51; ECF 117, PageID#1506-07, 1509). Given that agreement, Plaintiffs cannot rely on prior versions to escape, for example, the Terms' provisions stating that Fenix "are not responsible for reviewing or moderating Content," "cannot control and will not be responsible to [Plaintiffs] for the use which other [u]sers or third parties make" of content Plaintiffs upload to OnlyFans, and "are under no obligation to monitor Content or to detect breaches of the Terms." (ECF 121, PageID#1697 n.3.)

4

19.) If such language existed, Plaintiffs could have asked this Court to take judicial notice of language in the earlier versions to refute Fenix's arguments, and the law would support their doing so. Plaintiffs' general speculation that their claims *might* be supported by prior versions of the Terms and Privacy Policy only demonstrates their own evidentiary failures—Plaintiffs provide no reason for this Court to decline to take judicial notice of the Exhibits.

## II.   THE COURT SHOULD CONSIDER THE EXHIBITS UNDER THE DOCTRINE OF INCORPORATION BY REFERENCE

Fenix also showed the Terms and Privacy Policy may be considered pursuant to the doctrine of incorporation by reference, because courts, including this Court, routinely consider such documents where, as here, they are referenced in the operative complaint. (RJN, PageID#1715-17 (collecting cases).) The doctrine ensures plaintiffs cannot "surviv[e]" a motion to dismiss "by deliberately omitting documents upon which their claims are based." (*Id.* (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)).)

Plaintiffs do not, and cannot, claim the FAC does not reference the Exhibits (it does, *supra* at 3); instead, they "dispute… the truth of [Fenix's] *characterizations*" of the Exhibits in their Motion to Dismiss. (Opp'n, PageID#2122.) Setting aside the inherent irony in Plaintiffs' challenge, given their fabrication of language and holdings in this Court's April 9 Order and other (existent and non-existent) authority (*see generally* MTD Reply; MFPR Reply), Plaintiffs' insistence that the Exhibits cannot be incorporated by reference due to Fenix's purported "attempt to transform these documents into undisputed facts" fundamentally misunderstands the doctrine under Ninth Circuit law. (*Id.*, PageID#2123.) As Fenix showed, and Plaintiffs ignore, Plaintiffs extensively quote the Exhibits in their FAC but neglected to include the portions that Fenix demonstrated are fatal to their claims. Thus, the Exhibits should be considered as incorporated by reference.

## CONCLUSION

Exhibit A to the Taylor Declaration and Exhibit 1 to the Supplemental Taylor Declaration are properly the subject of judicial notice. These Exhibits should also be

considered as incorporated by reference for the Court's evaluation of Fenix's Motion to Dismiss.

DATED: August 18, 2025

                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                          By: *Jason D. Russell*
                                JASON D. RUSSELL
                       *Attorneys for Specially Appearing Defendants*
                       Fenix International Limited and Fenix Internet LLC