JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
HILLARY HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
RAZA RASHEED (SBN 306722)
raza.rasheed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

Attorneys for Specially Appearing Defendants
Fenix International Limited and Fenix Internet LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>  Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**DECLARATION OF OR-EL S. VAKNIN IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OR ALTERNATIVELY CERTIFICATION OF AN INTERLOCUTORY APPEAL**<br><br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10D<br>Date: September 4, 2025<br>Time: 10:00 a.m. |

# DECLARATION OF OR-EL S. VAKNIN

I, Or-el S. Vaknin, declare and state as follows:

1. I am an attorney admitted to practice before the courts of the State of California and have been admitted to this Court. I am an associate in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, which represents Specially Appearing Defendants Fenix International Limited and Fenix Internet LLC (together, "Fenix").[1] I submit this declaration in support of the Fenix Defendants' Reply in Support of Motion For Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal (ECF 147, "Motion"). This declaration is based on my own personal knowledge and if called upon to do so, I could and would testify competently thereto.

2. I have reviewed Plaintiffs' Response in Opposition to Defendants Fenix International Limited's and Fenix Internet LLC's Motion For Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal (ECF 158, "Opposition"), and found multiple examples of quoted language that does not appear in the cases cited by Plaintiffs. I have compiled examples below for the Court's reference.

3. On PageID#2484 of Plaintiffs' Opposition, the following text appears:

> Both reconsideration and interlocutory appeal require more than a change in the law—the change must be material to the challenged order, such that it would require a different result. *See United States v. Woodbury*, 263 F.2d 784, 787–88 (9th Cir. 1959) (§ 1292(b) intended for "exceptional cases" where resolution of the legal question will control the outcome); *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1117 (C.D. Cal. 2006) (party seeking reconsideration must "demonstrate a material factual or legal difference" that could not have been known earlier and that is "of such consequence that it would have changed the prior decision"); *Motorola,*

---

[1] Unless otherwise noted, all emphasis is added, and all citations, brackets, footnotes, and internal quotation marks are omitted from all quoted material for ease of reading.

1

4. The quoted language does not appear in the text of *Stewart v. Wachowski*, 574 F.Supp.2d 1074 (C.D. Cal. 2006). I ran a Westlaw search for the exact quoted language in both clauses and found no cases containing this exact language.

5. On PageID#2484-2485 of Plaintiffs' Opposition, the following text appears:

| 22 | is "of such consequence that it would have changed the prior decision"); *Motorola,* |
| 23 | *Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 583 (D. Ariz. 2003) |
| 1 | (denying reconsideration where alleged change "would not alter the Court's prior |
| 2 | reasoning or result"); *Planned Parenthood of the Great Nw. & the Hawaiian* |

6. The quoted language does not appear in the text of *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581 (D. Ariz. 2003). I ran a Westlaw search for the exact quoted language and found no cases containing this exact language.

7. On PageID#2485 of Plaintiffs' Opposition, the following text appears:

| 2 | reasoning or result"); *Planned Parenthood of the Great Nw. & the Hawaiian* |
| 3 | *Islands v. Wasden*, 564 F. Supp. 3d 895, 901 (D. Idaho 2021) (denying |
| 4 | reconsideration where intervening Supreme Court decision "did not change the |
| 5 | applicable . . . standard," and therefore "did not alter [the] Court's prior ruling"). |

8. The quoted language does not appear in the text of *Planned Parenthood of the Great Nw. & the Hawaiian Islands v. Wasden*, 564 F.Supp.3d 895 (D. Idaho 2021). I ran a Westlaw search for the exact quoted language and found no cases containing this exact language.

9. On PageID#2485 of Plaintiffs' Opposition, the following text appears:

| 8 | the trial court's sound discretion. *See Sun v. Advanced China Healthcare, Inc.*, 901 |
| 9 | F.3d 1081, 1088 (9th Cir. 2018) (public-policy determinations in forum-selection |
| 10 | context are "case-specific" and "entrusted to the trial court's discretion"); *Depuy* |

2

10. On PageID#2492 of Plaintiffs' Opposition, the following text appears:

> in law. *See Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (public policy weighing is case-specific and entrusted to trial court discretion.) The Ninth Circuit has emphasized that public-policy determinations in this context are "case-specific" and "entrusted to the trial court's discretion." *Id*. It

11. On PageID#2494 of Plaintiffs' Opposition, the following text appears:

> Even when a change in law is alleged, whether to grant reconsideration is within the trial court's sound discretion. *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (public-policy determinations in FSC enforcement are "case-specific" and "entrusted to the trial court's discretion").

12. The quoted language on PageID#2485, 2492, and 2494 does not appear in the text of *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018). I ran a Westlaw search for the exact quoted language and found no cases regarding public policy determinations in a forum-selection context containing this exact language.

13. On PageID#2485 of Plaintiffs' Opposition, the following text appears:

> context are "case-specific" and "entrusted to the trial court's discretion"); *Depuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 964 (9th Cir. 2022) (weight assigned to state public policy under § 1404(a) transfer analysis "is for the trial court to determine"); *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931

14. On PageID#2492 of Plaintiffs' Opposition, the following text appears:

3

> this context are "case-specific" and "entrusted to the trial court's discretion." *Id.* It has likewise recognized that the "weight to be given to a state's public policy" in enforcing or declining to enforce an FSC "is for the trial court to determine." *Depuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 964 (9th Cir. 2022).

15. The quoted language on PageID#2485 and 2492 does not appear in the text of *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022). I ran a Westlaw search for the exact quoted language on PageID#2492 and found no cases containing this exact language.

16. On PageID#2485 of Plaintiffs' Opposition, the following text appears:

> for the trial court to determine"); *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 916 (9th Cir. 2019) (public-policy grounds for declining enforcement "need not be codified in statute" and are assessed in the trial court's discretion).

17. The quoted language does not appear in the text of *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911 (9th Cir. 2019). I ran a Westlaw search for the exact quoted language and found no cases containing this exact language.

18. On PageID#2490 of Plaintiffs' Opposition, the following text appears:

> *LLC*, 552 F.3d 1077, 1084–85). California courts have said the same: "[P]ublic policy may be found in … judicial decisions as well as in constitutions and statutes." *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 160 (2005). Nothing in

19. The quoted language does not appear in the text of *Discover Bank v. Superior Court*, 36 Cal.4th 148 (2005). I ran a Westlaw search for the exact quoted language and found no cases containing this exact language.

20. On PageID#2491 of Plaintiffs' Opposition, the following text appears:

> Where an order rests on "two separate and independent" grounds, eliminating one does not compel a different result. *See Massachusetts v. United States*, 333 U.S. 611, 623 (1948) ("Where a decision rests on two or more grounds, none can be relegated to the category of obiter dictum, and each is the judgment of the court and of equal validity with the other."); *California ex rel. Van De Kamp v. Tahoe Reg'l*

21. The quoted language does not appear in the text of *Massachusetts v. United States*, 333 U.S. 611 (1948). I ran a Westlaw search for the exact quoted language and found no cases containing this exact language.

22. On PageID#2491 of Plaintiffs' Opposition, the following text appears:

> of equal validity with the other."); *California ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1323 (9th Cir. 1985) ("Because either ground independently supports the judgment, we may affirm on the basis of either.");

23. The quoted language does not appear in the text of *California ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319 (9th Cir. 1985). I ran a Westlaw search for the exact quoted language and found no cases containing this exact language.

24. On PageID#2491 of Plaintiffs' Opposition, the following text appears:

> *United States v. Woodbury*, 263 F.2d 784, 788 (9th Cir. 1959) (where an order rests on two independent grounds, "even if one of the two grounds were erroneous, the judgment must be affirmed on the other ground.")

25. The quoted language does not appear in the text of *United States v. Woodbury*, 263 F.2d 784 (9th Cir. 1959). I ran a Westlaw search for the exact quoted language and found no cases containing this exact language.

26. On PageID#2495 of Plaintiffs' Opposition, the following text appears:

> over application of existing law rather than its content. *See Loritz v. CMT Blues*, 271 F. Supp. 2d 1252, 1256 (S.D. Cal. 2003) (rejecting certification where the issue was application of established law to case-specific facts).

27. The case *Loritz v. CMT Blues*, 271 F.Supp.2d 1252 (S.D. Cal. 2003) does not continue onto page 1256 of the *Federal Supplement*, which is cited above.

28. On PageID#2496 of Plaintiffs' Opposition, the following text appears:

> one issue while leaving the remainder of the case untouched. *See In re Pacific Gas & Elec. Co.*, 280 B.R. 506, 522 (N.D. Cal. 2002) (exceptional circumstances required for § 1292(b) certification).

29. The case *In re Pacific Gas & Elec. Co.*, 280 B.R. 506 (N.D. Cal. 2002) does not continue onto page 522 of the *Bankruptcy Reporter*, which is cited above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2025, in Los Angeles, California.

By:  /s/ Or-el S. Vaknin
Or-el S. Vaknin