Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email:  rob@hbsslaw.com
        leonarda@hbsslaw.com
        michellak@hbsslaw.com

*Counsel for Plaintiffs*

*(Additional Counsel on Signature Page)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br>　　　　　Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br>Hon. Fred W. Slaughter<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CONTINUANCE OF HEARING**<br><br>Judge:　　　Hon. Fred W. Slaughter<br>Courtroom:　10D<br>Date:　　　　September 25, 2025<br>Time:　　　　10:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 25, 2025, at 10:00 a.m., in Courtroom 10D of the Ronald Reagan Federal Building and United States Courthouse, located at 411 West 4th Street, Santa Ana, California 92701, Plaintiffs N.Z., R.M., B.L., S.M., and A.L. ("Plaintiffs") will and hereby do move for an order granting the continuance of the hearing on the pending motions from Defendants Fenix International Limited and Fenix Internet LLC (collectively, "Fenix" or "Fenix Defendants") from September 4, 2025 to September 25, at 10:00 a.m., in Courtroom 10D, specifically the following pending motions:

1.      Fenix Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue ("Motion to Dismiss") (ECF No. 121); and

2.      Fenix Defendants' Motion for Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal ("Motion for Reconsideration") (ECF No. 147).

Good cause exists for granting this Motion for Continuance ("Motion") for four reasons:

**First**, Plaintiffs have moved to file corrective briefing, Motion for Leave to Withdraw ECF Nos. 138, 141, 142, 158, and File Corrective Briefing ("Corrective Briefing Motion") (ECF No. 176) because Plaintiffs' original response briefs contained improper AI-generated content, a fact unknown to undersigned counsel at the time of filing. ECF No. 176-1, Carey Decl. ISO Corrective Briefs ¶¶ 12–15. A detailed explanation of what happened is in the Corrective Briefing Motion and its supporting documents and Plaintiffs incorporate that explanation as though fully set forth herein. *See generally id.* The continuance will allow the Court to consider the Corrective Briefing Motion and, if granted, the corrective briefs lodged with the motion. The extension will also allow Defendants, if they choose, to file sur-replies in response to the corrected briefing. Although Plaintiffs did not add any

substantive arguments or new cases to their corrective briefing, Plaintiffs do not oppose sur-replies from Defendants.

**Second**, a short continuance of the hearing date will not impact the trial date or any other deadline set by the Court but will allow the Court to consider the case on the merits with proper briefing. Denying the motion will force the Court to consider the pending motions without corrected briefing, eliminating the ability to fully consider the issues on the merits. This unduly prejudices Plaintiffs and absent class members, as well as justice.

**Third**, the Parties are actively engaged in discovery related to the motions to dismiss. A short extension will allow the Parties to continue the discovery process and determine whether supplemental briefs or a submission of evidence will help inform the motion to dismiss. Further, the parties were unable to complete discovery related to the Fenix Defendants' Motion to Dismiss before the scheduled hearing due to Defendants' own actions. They cannot now complain that a short extension will somehow prejudice them when they could have produced discovery long ago.

**Last**, the Fenix Defendants have unclean hands in opposing a continuance because they never notified Plaintiffs that Plaintiffs' briefs were deficient, despite numerous meet and confers regarding discovery on issues related to the pending motions. If the Fenix Defendants would have given Plaintiffs notice of the defective briefing, Plaintiffs could have sought leave to file corrective briefs long ago. Instead, the Fenix Defendants hid the defects and limited the time to available to secure for the Court the proper record. The Fenix Defendants cannot now claim they are prejudiced by a short continuance of the hearing date.

Also scheduled for hearing on September 4, 2025, are Defendants' Motion to Strike Claims of Non-California Defendants ("Motion to Strike") (ECF No. 121), and various motions to dismiss filed by Defendants Content X, Inc., Elite Creators LLC, Moxy Management, Verge Agency, Inc., Unruly Agency LLC, and Behave

-ii-

Agency LLC (collectively, the "Agency Defendants," collectively with the Fenix Defendants, "Defendants,") (ECF Nos. 124, 125, 126, 127, 128, and 129). Because these motions are related to the Fenix Defendants' pending motions listed above, Plaintiffs believe it would conserve judicial and party resources if the hearing on all motions were continued to September 25, 2025, or a date convenient for the court.

On August 20, 2025 Plaintiffs met and conferred with the Fenix Defendants regarding the requested relief, and the Fenix Defendants opposed Plaintiffs' efforts to continue the hearing. *See* August 28, 2025 Declaration of Robert B. Carey ("Carey Decl.") ¶ 9.

On August 27, 2025, Plaintiffs asked the Agency Defendants if they opposed continuing the hearing on the remaining motions set to be heard on September 4, 2025. *Id.* Defendants Moxy Management, Unruly Agency LLC, Behave Agency LLC, Verge Agency, Inc., and Elite Creators LLC opposed any continuance. Defendant Content X, Inc. was unable to give their position prior to the filing of this Motion.

This request is based on this Notice, the attached Memorandum of Points and Authorities, and the supporting August 28, 2025 Declaration of Robert B. Carey.

DATED this 28th day of August, 2025.

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Robert B. Carey*
          Robert B. Carey

*Attorney for Plaintiff*

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.      INTRODUCTION ............................................................................................. 1

II.     FACTS ............................................................................................................. 3

III.    STANDARD ..................................................................................................... 5

        A.    A motion to continue is granted only on a showing of
              good cause. Fed. R. Civ. P. 16(b)(4). ............................................... 5

IV.     ARGUMENT ................................................................................................... 6

        A.    Plaintiffs acted diligently to correct their briefing after
              learning that AI was used in their briefs but require a
              short continuance to allow Plaintiffs to address the AI
              issue and supplement the record to allow the Court to
              adjudicate the case on the merits. ..................................................... 6

        B.    A short continuance of the hearing date will not alter the
              trial date or any other deadline set by the Court. .............................. 9

        C.    The parties are exchanging discovery regarding the issues
              raised in the motions to dismiss related to jurisdiction and
              the additional time will allow the parties to further that
              process and determine whether additional briefing or
              evidence is necessary. ...................................................................... 9

        D.    Defendants' opposition to the extension is not credible. ................. 11

V.      CONCLUSION .............................................................................................. 11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Champion Power Equip. Inc. v. Firman Power Equip. Inc.*,
 No. CV-23-02371-PHX-DWL,
 2025 WL 661816 (D. Ariz. Feb. 28, 2025) ........................................................ 5, 9

*Evolusion Concepts, Inc. v. Juggernaut Tactical, Inc.*,
 No. 818CV01378JLSDFM,
 2020 WL 5898974 (C.D. Cal. July 9, 2020) ........................................................ 9

*Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*,
 218 F.R.D. 667 (C.D. Cal. 2003) ........................................................ 5

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
 460 F.3d 1217 (9th Cir. 2006) ........................................................ 9

**Other Authorities**

C.D. Cal. L.R. 7-3 ........................................................ 4, 6, 7

Fed. R. Civ. P. 16(b)(4) ........................................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs N.Z., R.M., B.L., S.M., and A.L. ("Plaintiffs") respectfully request that the Court continue the hearing date on Defendants Fenix International Limited's and Fenix Internet LLC's (collectively, "Fenix" or "Fenix Defendants" and collectively with Plaintiffs, "the Parties") Motion to Dismiss and Motion for Reconsideration for four reasons:

**First**, Plaintiffs have moved to file corrective briefing, Motion for Leave to Withdraw ECF Nos. 138, 141, 142, 158, and File Corrective Briefing ("Corrective Briefing Motion") (ECF No. 176), because Plaintiffs' original response briefs contained improper AI-generated content, a fact unknown to undersigned counsel at the time of filing. ECF No. 176-1, Carey Decl. ISO Corrective Briefs ¶¶ 12–15. A detailed explanation of what happened is in the Corrective Briefing Motion and its supporting documents and Plaintiffs incorporate that explanation as though fully set forth herein. *See generally id.* The continuance will allow the Court to consider the Corrective Briefing Motion and, if granted, the corrective briefs lodged with the motion. The extension will also allow Defendants, if they choose, to file sur-replies in response to the corrected briefing. Although Plaintiffs did not add any substantive arguments or new cases to their corrective briefing, Plaintiffs do not oppose sur-replies from Defendants.

**Second**, a short continuance of the hearing date will not impact the trial date or any other deadline set by the Court but will allow the Court to consider the case on the merits with proper briefing. Denying the motion will force the Court to consider the pending motions without corrected briefing, eliminating the ability to fully consider the issues on the merits. This unduly prejudices Plaintiffs and absent class members, as well as justice.

**Third**, the Parties are engaged in discovery related to the motions to dismiss. A short extension will allow the Parties to continue the discovery process and

determine whether supplemental briefs or a submission of evidence will help inform the motion to dismiss. Further, the Parties were unable to complete discovery related to the Fenix Defendants' Motion to Dismiss before the scheduled hearing due to Defendants' own actions. They cannot now complain that a short extension will somehow prejudice them when they could have produced discovery long ago.

**Last**, the Fenix Defendants have unclean hands in opposing a continuance because they never notified Plaintiffs that their briefs were defective, despite numerous meet and confers regarding discovery on issues related to the pending motions. If the Fenix Defendants would have given Plaintiffs notice of the defective briefing, Plaintiffs could have sought leave to file corrective briefs long ago. Instead, the Fenix Defendants hid the defects, limiting the time available to ensure the record is correct and assess the errors and corrections necessary. The Fenix Defendants cannot now claim they are prejudiced by a short continuance of the hearing date.

The hearing on the Fenix Defendants' Motion to Dismiss and Motion for Reconsideration is currently scheduled for September 4, 2025 at 10:00 a.m. in Courtroom 10D. Plaintiffs respectfully request that the Court continue the hearing to September 25, 2025. The Fenix Defendants oppose the continuance of the hearing but notably have not served substantive discovery responses to discovery that was first served over 100 days ago, on May 5, 2025, or follow-up discovery served on July 29, 2025—discovery that relates to the Fenix Defendants' Motion to Dismiss. Plaintiffs had to seek an informal discovery conference ("IDC") with Magistrate Judge Christensen to force the Fenix Defendants to comply with this Court's order opening discovery. After meeting and conferring following the August 7, 2025, IDC with Judge Christensen, the Fenix Defendants finally agreed to produce at least some documents and interrogatory responses related to

jurisdiction and "by the 27th, and likely all of it by Labor Day." The Fenix Defendants have still not produced documents or updated interrogatory responses.

Continuing the hearing to September 25, 2025, will allow Defendants to fulfill their discovery obligation and Plaintiffs to review all discovery produced by Defendants and, if necessary, supplement the briefing regarding jurisdictional issues. It will also allow the Court to review and consider Plaintiffs' Corrective Briefing Motion, any response to the Corrective Briefing Motion Defendants may file, the corrected briefs, and any response to the corrected briefs. For these reasons, there is good cause to continue the Fenix Defendants' Motion to Dismiss and Motion for Reconsideration hearing date from September 4, 2025 to September 25, 2025 at 10:00 a.m. in Courtroom 10D.

Plaintiffs further request that in order to conserve judicial and party resources, there is good cause to continue the hearing on all related motions currently scheduled for September 4, 2025 to September 25, 2025 at 10:00 a.m. in Courtroom 10D, or a date convenient for the Court.

## II.    FACTS

Plaintiffs filed the following briefs on July 17, 2024: Response in Opposition to Defendants' Motion to Strike Claims of Non-California Defendants and Fenix Defendants' Motion for Request for Judicial Notice (ECF No. 138) ("Response to the RFJN"); Response in Opposition to Fenix International Limited's and Fenix Internet LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue (ECF No. 141) ("Response to the Fenix MTD"); and Consolidated Response in Opposition to the Agency Defendants' Motions to Dismiss the First Amended Complaint (ECF No. 142) ("Response to the Agencies'

PLS.' MOT. FOR CONTINUANCE OF HEARING

Case No: 8:24-cv-01655-FWS-SSC

MTDs")[1]. On August 11, 2025, Plaintiffs filed their Response in Opposition to Fenix International Limited's and Fenix Internet LLC's Motion for Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal (ECF No. 158) ("Response to the Motion for Reconsideration").

The briefs contained AI-generated content. Carey Decl. ¶ 13. Undersigned counsel was not aware that AI was used in the briefing and failed to identify the use of AI in the briefs before they were filed. *Id*. ¶ 14. Undersigned counsel does not use AI for legal writing or legal research, nor does anyone in his office, where the firm policy prohibits such use. *Id.* ¶ 15. Undersigned counsel was immersed in the development and drafting of the briefs, and, once advised that some citations to the First Amended Complaint were inaccurate, Mr. Carey spot cite-checked cases on the July 17, to ensure that there were no "fake" cases. *Id.* ¶ 16. Undersigned counsel takes full responsibility for the errors and engaged in the following acts after learning of the AI-generated content in the briefs: (1) an investigation as to how and why AI was used in the briefs, (2) how and why internal review policies and procedures failed to catch the use of AI in the briefs, (3) began the process of updating internal policies and procedures to ensure that similar incidents do not occur in the future, and (4) improve the education of firm personnel on the risks of using AI and the implementation and proper use of procedures to identify improper use of AI. *Id*. ¶ 17.

Plaintiffs' counsel also prepared corrective briefs that: (1) removed erroneous cases and their accompanying arguments; (2) corrected quotations or parentheticals that were inaccurate due to the use of AI, but the case otherwise stood for the cited

---

[1] To be clear, Plaintiffs are prepared to move forward on the Agency Defendants' Motions to Dismiss the First Amended Complaint on September 4, 2025, but believe it would be in everyone's best interest if the hearings were held on the same day because many of the issues are related. Plaintiffs, however, understand that they have not completed the L.R. 7-3 meet and confer process with the Agency Defendants in order to file a formal motion.

propositions; (3) removed erroneous record cites or summaries of the record; and (4) performed a full cite check and corrected any other minor citation errors. *Id*. ¶ 18. Plaintiffs did not add additional arguments or case law to the corrective briefs that was not already before the Court. *Id*. ¶ 19. Concurrently with this motion, Plaintiffs filed a Motion for Leave to Withdraw ECF Nos. 138, 141, 142, 158, and File Corrective Briefing ("Corrective Briefing Motion") (ECF No. 176) and incorporate that Corrective Briefing Motion as though fully set forth herein.

## III.    STANDARD

**A.    A motion to continue is granted only on a showing of good cause. Fed. R. Civ. P. 16(b)(4).**

Per Judge Slaughter's standing order, the "Court's determination of whether good cause has been shown focuses upon evidence of diligence by the party or parties seeking a continuance and on the potential for prejudice that might result from a denial of the continuance."[2] *See also Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) ("A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order."). "[T]he good cause inquiry is two-fold, asking: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *Champion Power Equip. Inc. v. Firman Power Equip. Inc.*, No. CV-23-02371-PHX-DWL, 2025 WL 661816, at *3 (D. Ariz. Feb. 28, 2025) (quoting *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016)).

---

[2] https://www.cacd.uscourts.gov/honorable-fred-w-slaughter (last visited August 28, 2024).

1

## IV.   ARGUMENT

2

**A.   Plaintiffs acted diligently to correct their briefing after learning that AI was used in their briefs but require a short continuance to allow Plaintiffs to address the AI issue and supplement the record to allow the Court to adjudicate the case on the merits.**

3

4

Preceding this Motion, Plaintiffs filed a Corrective Briefing Motion. ECF

5

No. 176. The Corrective Briefing Motion seeks leave to (1) correct any citations

6

that were miscited, (2) delete citations and arguments that do not support the

7

proposition stated, (3) delete any erroneous record cites and arguments, and (4)

8

correct any other miscellaneous errors in the legal citations that occurred because of

9

the use of AI. Carey Decl. ¶ 20. Plaintiffs are not seeking leave to add new

10

arguments. *Id*. ¶ 21.

11

Plaintiffs and undersigned counsel were not aware that AI was used in the

12

briefs until they received the Fenix Defendants' reply briefs on August 18, 2025. *Id*.

13

¶ 14. Once notified, Plaintiffs immediately began investigating what had occurred

14

and started the process of seeking leave to file corrective briefs. *Id*. ¶ 22. Under

15

Local Rule 7-3, "counsel contemplating the filing of any motion must first contact

16

opposing counsel to discuss thoroughly, preferably in person, the substance of the

17

contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. "The

18

conference must take place in person, by telephone, or via video conference at least

19

7 days prior to the filing of the motion." *Id*.

20

Plaintiffs found out about the AI errors on August 18, 2025, when Fenix filed

21

its replies and supporting declarations. Carey Decl. ¶¶ 7, 14. On August 19, 2025

22

Plaintiffs requested to meet and confer with the Fenix Defendants. *Id*. ¶ 8. Plaintiffs

23

met and conferred with the Fenix Defendants on August 20, 2025, to discuss the

24

filing of corrective briefs and continuing the hearing date. Carey Decl. ¶ 9. The

25

Fenix Defendants opposed any continuance and the filing of corrective briefing. *Id*.

26

Upon reaching impasse, Plaintiffs prepared and filed a Notice of Intent to Seek

27

Leave to File Corrective Briefs regarding ECF Nos. 138, 141, and 158  on August

28

21, 2025. ECF No. 175; Carey Decl. ¶ 10. At that time, Plaintiffs were not aware that they would also need to file corrective briefing regarding ECF No. 142. Carey Decl. ¶ 10.

Plaintiffs prepared corrective briefs and filed their Corrective Briefing Motion on August 28, 2025, a week after meeting and conferring with the Fenix Defendants as permitted by the Local Rules. *Id.* ¶¶ 9, 11–12. Plaintiffs also prepared this request for continuance and notified the Court on August 27, 2025, that they would be filing it, the first day they could file it under the Local Rules. *Id.* ¶ 23; *see also* C.D. Cal. L.R. 7-3. The Court's deputy responded the following day and instructed undersigned counsel to "e-file the appropriate request/application/motion/petition and a proposed order in CM/ECF for the court's consideration." Carey Decl. ¶ 24. Plaintiffs are filing this motion the same day.

Plaintiffs' counsel worked diligently on correcting the briefs and preparing their Corrective Briefing Motion. *Id.* ¶ 25. Mr. Carey tasked Michella Kras, with the assistance of an associate at the firm, Tory Beardsley, with reviewing the affected briefs in detail, identifying mistakes, and fixing mistakes with the least amount of prejudice to Defendants. *Id.* ¶ 26. Mr. Carey also participated in and supervised this process. *Id.* This was a time-consuming process given the length of the briefs and the importance of reviewing every case cited in almost 100 pages of briefing. *Id.* Ms. Kras was also tasked with drafting the Corrective Briefing Motion, a fact intensive motion that required an understanding of what was wrong with the briefing, how the firm could fix it, and investigating how the mistakes occurred. *Id.* ¶ 27.

At the same time, Mr. Carey was working with co-counsel to determine what work each person performed and how AI-generated content made it into the briefing. *Id.* ¶ 28. To complicate matters, the attorney who turned out to be responsible for writing the briefs containing AI generated content was dealing with the decline and mid-August death of her father, which—in addition to affecting her

-7-

work as noted in our Motion for Leave to File Corrected Briefs—has affected her mental health and made it difficult for her to provide the required information about how she used AI and what caused the mistakes. *Id*. ¶ 29. In fact, she was still out of town at her father's funeral when asked to recreate what she had done. *Id*. Mr. Carey and Ms. Kras worked diligently with her—providing specific examples of what errors to focus on—so that she could provide a declaration to the Court. *Id*. ¶ 30. Despite undersigned counsel's best efforts, they did not receive a completed declaration from Ms. Boyd until just past 11:00 p.m. on August 27, the day they intended on filing the Corrective Briefing Motion, delaying their filing by a day. *Id*. Because of the time it took to investigate and file the Motion for Leave to File Corrective Briefs, counsel has not been able to properly prepare for the hearing—a task further complicated because undersigned counsel is, except for critical wind-down work that only she can provide given her role from the case's inception, including an eight-month investigation—concluding its professional relationship with Ms. Boyd, who otherwise would have been an integral member of the argument-preparation team and essential for the September 4 hearing. *Id*. ¶ 31.

Continuing the hearing and permitting Plaintiffs to submit corrective briefing will further the interests of the parties and justice, and avoid undue prejudice, by allowing the Court to resolve the issues raised by the Fenix Defendants on the merits. The continuance will (1) allow the Court to consider the Corrective Briefing Motion, (2) allow Defendants to respond to the Corrective Briefing Motion, (3) allow the Court to consider the corrective briefs, and (4) allow Defendants to file sur-replies in opposition to the corrected briefs if they so desire, and (5) allow the parties and the Court to adjudicate the issues on the merits with full, proper briefing and staffing for the arguments. Given Plaintiffs' diligence in correcting the briefing and moving to seek leave to file corrective briefing, there is good cause to continue the hearing to and allow the parties to litigate the case on its merits.

**B.      A short continuance of the hearing date will not alter the trial date or any other deadline set by the Court.**

On February 18, 2025, the Court issued a scheduling order, setting trial for October 5, 2027, and a discovery deadline of February 18, 2027. ECF No. 114. The parties are actively engaged in discovery on issues raised in the Motion to Dismiss. Carey Decl. ¶ 32. Moving the hearing date will not impact the discovery deadline, trial date, or any other deadline set by the Court, meaning there is no prejudice to Fenix. *See Champion Power Equip. Inc.* 2025 WL 661816, at *3 ("Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." (quoting *Karl Storz Endoscopy-Am., Inc.*, 2016 WL 2855260, *3). Granting the deadline, will also give the parties an opportunity to litigate the case on the merits. As such, there is good cause to continue the hearing. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The goal [of Rule 16] is to get cases decided on the merits of issues that are truly meritorious and in dispute."); *cf. Evolusion Concepts, Inc. v. Juggernaut Tactical, Inc.*, No. 818CV01378JLSDFM, 2020 WL 5898974, at *6 (C.D. Cal. July 9, 2020) ("This Court, like all other others, prefers to resolve cases on the merits.").

**C.      The parties are exchanging discovery regarding the issues raised in the motions to dismiss related to jurisdiction and the additional time will allow the parties to further that process and determine whether additional briefing or evidence is necessary.**

The parties are actively engaged in discovery regarding the very issues raised in the Fenix Defendants' Motion to Dismiss. Carey Decl. ¶ 32. Plaintiffs served discovery on the Fenix Defendants on May 5, 2025 and July 29, 2025. *Id.* ¶ 33. After receiving Plaintiffs' discovery request on May 5, 2025, the Fenix Defendants objected to full discovery but agreed to provide materials related to jurisdictional issues. *Id*. Plaintiffs and the Fenix Defendants, however, disagreed on exactly what needed to be produced. *Id*. An IDC was held before Judge Christensen on August 7, 2025. *Id*. ¶ 34. Following the IDC, the Fenix Defendants agreed to produce additional discovery related to the jurisdictional issues raised in the Motion to

-9-

Dismiss. *Id*. The parties also agreed to consider whether a deposition of a 30(b)(6) witness would be necessary after reviewing the documents. *Id*. Notably, the deposition was noticed well in advance of the hearing, but the parties agreed to table the deposition pending the production and review of documents. *Id*. Defendants said they "could likely provide some of the [documents] by the 27th, and likely all of it by Labor Day." *Id*. Nothing has been produced. *Id.*

Any claim that continuing the hearing will create an undue delay, ignores that the discovery delays are a product of the Fenix Defendants' own making. The Fenix Defendants refused to substantively respond to discovery related to jurisdiction, the very issues raised in their Motion to Dismiss. Only after extensive delays, multiple meet and confers, and an IDC did they finally agree to fulfill their discovery obligations. Any complaint of prejudice due to delay from the Fenix Defendants, is not credible.

Similarly, the Agency Defendants refused to engage in discovery at all—granting themselves a stay from the Court's discovery order until resolution of the motions to dismiss. Carey Decl. ¶ 35. Only after learning of Judge Christensen's statements at the IDC did the Agency Defendants finally agree to substantively respond to discovery. *Id.* Most Agency Defendants agreed to "substantively respond" to discovery between August 13–18, 2025, months after Plaintiffs first served discovery requests on them on May 5, 2025. *Id.* In short, the parties are engaged in active discovery—including discovery related to the motions currently scheduled to be heard on September 4, 2025. *Id.* ¶ 36.

A short continuance will allow the parties to review those materials, supplement the record as necessary, and determine whether a deposition to further inform the Fenix Defendants' motion to dismiss is necessary. Because an extension of the hearing deadline will help determine if additional information is necessary to inform the motions to dismiss, good cause exists to continue the hearing.

-10-

**D.   Defendants' opposition to the extension is not credible.**

Defendants oppose this motion, claiming that it would be improper to further delay the resolution of the various motions. Carey Decl. ¶ 37. The Fenix Defendants, however, knew there were errors in the briefing before Plaintiffs or their counsel knew, but did not notify Plaintiffs of the errors so that the parties could address the issues with the Court in a timely manner. This is particularly egregious because the parties, including all Defendants, met and conferred regarding discovery related to the various motions to dismiss on numerous occasions after Plaintiffs' defective briefs were filed. The AI-generated content was never mentioned.

As such, Defendants cannot now credibly claim that Plaintiffs' efforts to seek leave to file corrective briefs or continue the hearing are somehow untimely. Defendants knew or should have known that Plaintiffs would seek leave to file corrective briefs and cannot now complain of undue delay. Plaintiffs moved quickly to investigate the issues giving rise to the defective briefs, correct the briefs, and move for leave to file corrective briefs. A brief continuance will not alter the trial schedule or otherwise prejudice Defendants. And even if there is some minor prejudice, the filing of corrective briefs will allow the issues to be resolved on the merits and outweighs whatever prejudice results from a short continuance of the hearing that could have been mitigated by Defendants by giving Plaintiffs' counsel a professional courtesy.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court continue the hearing date on the Fenix Defendants' Motion to Dismiss and Motion for Reconsideration from September 4, 2025 to September 25, 2025 at 10:00 a.m. in Courtroom 10D, or a date convenient for the Court.

1    Plaintiffs further request that in order to conserve judicial and party

2  resources, there is good cause to continue the hearing on all related motions

3  currently scheduled for September 4, 2025 to September 25, 2025 at 10:00 a.m. in

4  Courtroom 10D, or a date convenient for the Court.

5

6  DATED:  August 28, 2025            Respectfully submitted,

7                                     HAGENS BERMAN SOBOL SHAPIRO LLP

8

9                                     By /s/ Robert B. Carey

10                                    Robert B. Carey (*pro hac vice*)
                                      Leonard W. Aragon (*pro hac vice*)
11                                    Michella A. Kras (*pro hac vice*)
                                      HAGENS BERMAN SOBOL SHAPIRO LLP
12                                    11 West Jefferson, Suite 1000
                                      Phoenix, Arizona 85003
13                                    Telephone: (602) 840-5900
                                      Facsimile: (602) 840-3012
14                                    Email: rob@hbsslaw.com
15                                        leonarda@hbsslaw.com
                                          michellak@hbsslaw.com
16

17                                    Christopher R. Pitoun (SBN 290235)
                                      HAGENS BERMAN SOBOL SHAPIRO LLP
18                                    301 N. Lake Avenue, Suite 920
19                                    Pasadena, California 91101
                                      Telephone: (213) 330-7150
20                                    Facsimile: (213) 330-7152
                                      Email: christopherp@hbsslaw.com
21

22

23                                    *Counsel for Plaintiffs*

24

25

26

27

28

-12-

PLS.' MOT. FOR CONTINUANCE OF HEARING

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,652 words which complies with the word limit of C.D. Cal. L.R. 11-6.1.

Dated: August 28, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP
*/s/ Robert B. Carey*
Robert B. Carey