_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: September 2, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION FOR CONTINUANCE OF HEARING [178]**

Before the court is Plaintiff N.Z., Plaintiff R.M., Plaintiff B.L., Plaintiff S.M., and Plaintiff A.L.'s (collectively, "Plaintiffs") Motion for Continuance of Hearing.  (Dkt. 178 ("Motion" or "Mot.").)  Defendant Elite Creators, LLC ("Elite Creators") opposes the Motion. (Dkt. 183 ("Opp.").)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the hearing set for September 25, 2025, is **VACATED** and off calendar.  Based on the state of the record, as applied to the applicable law, the Motion is **DENIED**.

I.   Background

Plaintiffs filed four oppositions to several of Defendants' pending motions: (1) Consolidated Response in Opposition to Defendants' Motion to Strike Claims of Non-California Defendants and Fenix Defendants' Motion for Request for Judicial Notice, (Dkt. 138); (2) Response in Opposition to Defendants Fenix International Limited's and Fenix Internet LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue, (Dkt. 141); (3) Consolidated Response in Opposition to the Agency Defendants' Motions to Dismiss the First Amended Complaint, (Dkt. 142); and (4) Response in Opposition to Defendants Fenix International Limited's and Fenix Internet LLC's Motion for

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: September 2, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal, (Dkt. 158) (collectively, "Opposition Briefs"). Plaintiffs state that the Opposition Briefs contain AI-generated content. (Mot. at 10; Dkt. 178-1 (Declaration of Robert B. Carey, "Carey Decl.") ¶ 13.) According to Carey's Declaration, he "was not aware that AI was used in the briefing until August 18, 2025, and failed to identify the use of AI in the briefs before they were filed." (*Id.* ¶ 14.) After learning about the AI-generated content in the Opposition Briefs, Carey directed his firm to prepare corrective briefs. (*Id.* ¶ 18.) Concurrently with the Motion, Plaintiffs filed a Motion for Leave to Withdraw the Opposition Briefs and file the Corrective Briefing. (Dkt. 176.)

Plaintiffs request the court to continue the hearing on Defendant Fenix International Limited and Defendant Fenix Internet LLC's (together, "Fenix Defendants") Motion to Dismiss, (Dkt. 121), and Motion for Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal, (Dkt. 147), from September 4, 2025, to September 25, 2025. (Mot. at 2.) Plaintiffs also request the court to continue the hearing on the Motion to Strike, (Dkt. 123), and several motions to dismiss filed by Defendant Content X, Inc., Elite Creators, Defendant Moxy Management, Defendant Verge Agency, Inc., Defendant Unruly Agency LLC, and Defendant Behave Agency LLC (collectively, "Agency Defendants"), (Dkts. 124-129), to September 25, 2025, because these motions are related to Fenix Defendants' pending motions. (Mot. at 3-4.)

## II.   Legal Standard

The court observes that Plaintiffs filed the Motion as a regularly noticed motion set for hearing on September 25, 2025, but are requesting the court to continue the hearing on September 4, 2025, (*see* Dkts. 121, 123-129, 147). (Mot. at 2, 3-4.) Because Plaintiffs are seeking relief (the "Continuances") that cannot be addressed under regular noticed procedures, the court construes the Motion as an *ex parte* application.[1]  *See Brown Jordan Int'l Inc. v. Boles*, 375 F. App'x 700, 701 (9th Cir. 2010) ("[T]he label on a motion has little or no significance."); *United States v. Robles*, 2022 WL 1138111, at *1 (D. Guam Apr. 18, 2022) ("[A] court will construe a motion, however styled, to be the type proper for the relief

___

[1] Plaintiffs' request for Continuances will be moot if addressed at the hearing set on September 25, 2025.

___

| **CIVIL MINUTES – GENERAL** | 2 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: September 2, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

requested."); *Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 635 (9th Cir. 1989) (courts "decide whether a motion, however styled, is appropriate for the relief requested" and the "nomenclature the movant uses is not controlling") (citations omitted).

*Ex parte* applications are "rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93. In *Horne v. Wells Fargo Bank, N.A.*, the district court discussed the legal standard for *ex parte* applications:

> The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *see also Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").
> . . .
> The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

969 F. Supp. 2d 1203, 1205 (C.D. Cal 2013). The *Horne* court also reiterated the dangers of *ex parte* applications:

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC                                             Date: September 2, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

___

exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. *Ex parte* applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant 'ahead of the pack,' without cause or justification.

*Id.* (citation omitted).

Continuances are granted only on a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). Requests for continuances must be by stipulation, motion, or *ex parte* application and must be accompanied by a declaration setting forth the reasons for the requested continuance. (Judge Slaughter's Civil Standing Order at 14.) The court's determination of whether good cause has been shown focuses upon evidence of diligence by the party or parties seeking a continuance and on the potential for prejudice that might result from a denial of the continuance. *See* Fed. R. Civ. P. 16(b)(4); *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003).

### III. Discussion

Plaintiffs move for the Continuances based on four reasons. (Mot. at 7-9.) First, Plaintiffs argue that they diligently moved to correct their briefing after learning the original briefs contained AI-generated content. (*Id.* at 7, 12-14.) Second, Plaintiffs contend that a short continuance will not impact court deadlines and will allow the court to consider the case on its merits. (*Id.* at 7, 15.) Third, Plaintiffs assert that the parties are engaged in discovery related to the motions to dismiss and the Continuances will allow the parties to determine whether supplemental briefing or additional evidence is necessary from discovery. (*Id.* at 7-8, 15-16.) Fourth, Plaintiffs argue that Fenix Defendants have unclean hands in opposing the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01655-FWS-SSC  Date: September 2, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

Continuances because Fenix Defendants failed to notify Plaintiffs about the defects in the Opposition Briefs. (*Id.* at 8, 17.)

Elite Creators responds that Plaintiffs failed to comply with the Local Rule 7-3 meet and confer requirements with Agency Defendants and that sanctions are the appropriate remedy for misusing AI. (Opp. at 2-4.) Elite Creators further responds that Plaintiffs fail to demonstrate good cause because Plaintiffs' own error and disregard for the court's rules created the crisis, Plaintiffs attempt to shift their obligation of cite-checking onto opposing counsel, and Plaintiffs had adequate time to provide the court with accurate and relevant authorities. (*Id.* at 4-5.) Elite Creators also contends that granting the Continuances will cause prejudice because Elite Creators has spent additional time and resources preparing for the upcoming hearing. (*Id.* at 5.)

The court finds that Plaintiffs fail to adequately demonstrate that Continuances are warranted. Plaintiffs created the crisis necessitating *ex parte* relief by using AI-generated content in the Opposition Briefs without reviewing the content. (Mot. at 10; Carey Decl. ¶ 13.) More specifically, Plaintiffs worked with an attorney who used AI to assist in drafting the Opposition Briefs without sufficiently checking the accuracy of the content. (Dkt. 176-1 (Declaration of Robert B. Carey 2, "Carey Decl. 2") ¶¶ 8-16; *see generally* Dkt. 176-2 (Declaration of Celeste H.G. Boyd).) Despite Plaintiffs' law firm Hagens Berman Sobol Shapiro LLP's ("Hagens Berman") standard practice to proof and check sections contributed by other firms, Hagens Berman did not thoroughly cite check the attorney's AI-generated work product. (Carey Decl. 2 ¶¶ 10-11, 13.) Moreover, Hagens Berman were advised that some citations were inaccurate and even "spot cite-checked cases on July 17, to ensure that there were no 'fake' cases" yet failed to check the parenthetical quotes. (*Id.* ¶¶ 12, 23; Carey Decl. ¶ 16.) Because Plaintiffs failed to sufficiently check the accuracy of the AI-generated content, the court finds that Plaintiffs fail to adequately demonstrate they were "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Accordingly, the court **DENIES** the Motion.

Even if the court construed the Motion as a regularly noticed motion, the court would find the Motion was filed without complying with Local Rule 7-3, as to Agency Defendants, which requires that "[t]he conference must take place in person, by telephone, or via video conference." C.D. Cal. L.R. 7-3. Here, Plaintiffs admit that "they have not completed the L.R.

**CIVIL MINUTES – GENERAL**  5

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01655-FWS-SSC | Date: September 2, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

7-3 meet and confer process with the Agency Defendants in order to file a formal motion." (Mot. at 10 n.1.) Therefore, the court would deny Plaintiffs' request to continue the hearing on Agency Defendants' pending motions. *See* C.D. Cal. L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."); *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). In addition, the court would find that Plaintiffs were not diligent in bringing these issues to the court's attention. As discussed above, Plaintiffs were on alert that there were inaccurate citations since July 17, 2025, and even "spot cite-checked cases" to ensure there were no fake cases. (Carey Decl. ¶ 16; Carey Decl. 2 ¶ 12, 23.) Because Plaintiffs failed to diligently seek the Continuances, the court would find that Plaintiffs fail to demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4).

**IV.     Disposition**

For the reasons stated above, the court **DENIES** the Motion.

___