JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
HILLARY HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
RAZA RASHEED (SBN 306722)
raza.rasheed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Specially Appearing Defendants
Fenix International Limited and Fenix Internet LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>       Defendants. | CASE NO.: 8:24-cv-01655-FWS-SSC<br><br>**DECLARATION OF JASON D. RUSSELL IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS FENIX INTERNATIONAL LIMITED'S AND FENIX INTERNET LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE CORRECTED BRIEFS**<br><br>Date:   September 25, 2025<br>Time:   10:00 a.m.<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom: 10D |

## <u>DECLARATION OF JASON D. RUSSELL</u>

I, Jason D. Russell, declare and state as follows:

1.      I am an attorney admitted to practice before the courts of the State of California and have been admitted to this Court. I am a partner in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, which represents Specially Appearing Defendants Fenix International Limited and Fenix Internet LLC (together, "Fenix Defendants"). I submit this declaration in support of the Fenix Defendants' Opposition to Plaintiffs' Motion for Leave to File Corrected Briefs (ECF No. 176). This declaration is based on my own personal knowledge and if called upon to do so, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of an article by Devon Belcher titled, "In Onlyfans case, Hagens Berman filed AI-generated briefs with fake case citations," that was published in the Daily Journal on August 20, 2025. A copy of this article was obtained at my direction by downloading it from the Daily Journal, and the article is publicly available online at https://www.dailyjournal.com/article/387178-in-onlyfans-case-hagens-berman-filed-ai-generated-briefs-with-fake-case-citations.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of an article by Kat Black titled, "Lawyers Accused of AI 'Hallucinations' in OnlyFans Litigation," that was published by Law.com on August 21, 2025. A copy of this article was obtained at my direction by downloading it from Law.com, and the article is publicly available online at https://www.law.com/therecorder/2025/08/21/lawyers-accused-of-ai-hallucinations-in-onlyfans-litigation/.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of an article by Emily Sawicki titled, "OnlyFans Flags Bogus Citations In RICO Fraud Suit," that was published by Law360 on August 21, 2025. A copy of this article was obtained at my direction by downloading it from Law360, and the article is publicly available online at https://www.law360.com/articles/2379793.

5.    Attached hereto as **Exhibit 4** is a true and correct copy of an article by Amanda Bronstad titled, "Critical Mass With Law.com's Amanda Bronstad: Judges in Two MDLs Order Lead Counsel to File Thousands of Unfiled Claims, Hagens Berman Accused of AI 'Hallucinations' in OnlyFans Case," that was published by Law.com on August 27, 2025. A copy of this article was obtained at my direction by downloading it from Law.com, and the article is publicly available online at https://www.law.com/2025/08/27/critical-mass-with-lawcoms-amanda-bronstad-judges-in-two-mdls-order-lead-counsel-to-file-thousands-of-unfiled-claims-hagens-berman-accused-of-ai-hallucinations-in-onlyfans-case/.

6.    On August 27, 2025, counsel for the Plaintiffs Leonard Aragon sent an email to this Court's Courtroom Deputy, stating that Plaintiffs were seeking a continuance of the September 4, 2025 hearing on Fenix's Motion to Dismiss and Motion for Partial Reconsideration, ECF Nos. 121 and 147. Mr. Aragon also indicated that Plaintiffs would be filing a motion for leave to submit corrected briefs "[t]oday." Mr. Aragon asked this Court's Courtroom Deputy for "advice on the best procedure to continue the hearing."

7.    My colleague Raza Rasheed responded later that same day, stating that Fenix Defendants considered the request for advice "improper and unnecessary," and noting that Fenix Defendants opposed Plaintiffs' effort to obtain a continuance but would not improperly debate legal or case management issues through emails with the Court's staff.

8.    On August 28, 2025, Courtroom Deputy Rolls Royce Paschal sent an email to Plaintiffs and all Defendants directing Plaintiffs to e-file the appropriate motion "for the court's consideration."

9.    Attached hereto as **Exhibit 5** is a true and correct copy of the email I received from Courtroom Deputy Rolls Royce Paschal, which also contains the emails from Mr. Aragon and Mr. Rasheed described above.

10.    Attached hereto as **Exhibit 6** is a true and correct copy of Ms. Celeste Boyd's resume, which is published online on Ms. Boyd's website. A copy of this resume was

1  obtained at my direction by downloading it from Ms. Boyd's website, and the resume is
2  publicly available online at https://www.boydesq.com/about/CHGBoyd_Resume.pdf.

3      11.    I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct.

5      Executed on September 3, 2025, in Los Angeles, California.

6

7                                  By:_____ /s/ Jason D. Russell _____
8                                            Jason D. Russell

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



Aug. 20, 2025

# In Onlyfans case, Hagens Berman filed AI-generated briefs with fake case citations

**Partner Robert Carey blamed the errors on an outside attorney dealing with a family crisis who used AI tools without proper disclosure or review.**



Plaintiffs' attorneys at Hagens Berman Sobol Shapiro LLP are accused of using AI to draft multiple opposition briefs that cited a fake case, misquoted real ones and included language that does not appear in a previous order from the judge, according to opposing counsel.

The alleged hallucinated documents, filed last month by Hagens partner Robert B. Carey in Arizona, were prepared by an attorney outside the firm undergoing a family health crisis, he said in a statement Tuesday.

The documents were meant to keep alive a Racketeer Influenced and Corrupt Organizations Act action against online platform OnlyFans.

The complaint, on behalf of five consumers, accuses the site's parent company and internet provider of authorizing its adult content creators to prioritize the use of automated chatbots over human communication during private messaging sessions with subscribers in alleged "romance scams."



In a statement Tuesday, Carey acknowledged the matter. He said his team's review of the briefs failed to catch the hallucinations, which he said was drafted by a "trusted colleague" who was going through a tough time with family and used AI to draft the documents.

"Our firm was alerted by Skadden Arps that briefs we filed included material that did not meet our standards. The briefs--overall the product of extensive and careful research and writing-- included sections drafted by co-counsel outside our firm," Carey said in a statement. "In those sections, quotation marks were improperly placed on the holdings of real cases, and inaccurate

statements and citations appeared, including one citation to a case that did not exist. Our
review did not catch those errors, and we take responsibility for that oversight. It should not
have happened."

He went on to explain, "One of our co-counsel, a Yale Law School graduate and trusted
colleague who has provided excellent work for over a decade, was in the midst of an intense
family crisis. Her father, who had long battled Parkinson's and other serious conditions, entered
hospice earlier this summer. While managing his care from afar, she did not share with us how
overwhelming the situation had become.

"Under that strain, she turned to an AI tool to help polish her drafts, not realizing that in doing
so, the tool had introduced or altered citations and text," Carey's statement continued. "Because
she did not alert us to her situation, and her material arrived late in the process, our usual
review protocols could not be fully applied. She will demonstrate to the court that the flawed
content was preceded by careful and responsible research, writing, and development of
arguments. While late submissions are a reality in litigation, we are strengthening our
procedures to ensure that our review process accounts for this issue in the future. We remain
fully committed to the integrity of our work, our clients, and our obligations to the court."

In a reply to the opposition documents - filed Monday in Santa Ana federal court by Skadden
Arps Slate Meagher & Flom LLP partner Jason D. Russell - the defense attorney for Fenix
International and Fenix Internet - claimed the consumers' lawyers "were evidently unable to
find legitimate authorities" over the past two months to support their arguments against the
companies' pending dismissal motion.

"On at least 20 occasions, Plaintiffs' Opposition cites imaginary caselaw, quotes invented
language in real cases, summarizes non-existent court holdings and analysis, or responds to
arguments Fenix did not make," the reply brief stated. "Fenix had to spend real time and money
figuring out how to respond to the hallucinations in Plaintiffs' Opposition. Now the Court must
expend resources to address it too."

In an email Tuesday, Russell said neither he, nor his clients, had any additional comment on the
matter outside of their court filings. He referred to a 22-page declaration - also filed Monday -
written by Skadden associate Or-el S. Vaknin. The document, according to Vaknin, details the
instances where he believed AI was used in Hagens' opposition.

The declaration cites several cases the plaintiffs' counsel purportedly used that either included
misquoted language or misrepresented claims. Most notably, a case cited "*Doe v. Match Group*,
2022 WL 4551600 (C.D. Cal., Aug. 12, 2022)" was alleged to be fabricated completely.

"I ran a nationwide search for dockets or cases matching this case name via Bloomberg Law and Westlaw, and for any cases involving a Doe plaintiff and Match Group defendant. I was unable to find any docket or order matching Plaintiffs' citation or characterization of the case," Vaknin wrote in his declaration.

On the 13th page of the plaintiffs' opposition brief, numbered 141 on the Central District of California court docket, the case was cited and referenced to explain why a forum-selection clause - a contractual agreement that designates court location for legal disputes - was not enforceable against their clients on the claims based on deception.

Based on a Google search of that exact case citation on Tuesday, results showed a handful of California cases involving Match Group as defendants. However, those cases included named plaintiffs. Another case involved a $14 million FTC settlement that was announced by the government on Aug. 12.

Other instances of the alleged artificial hallucinations regarding the three separate opposition briefs, according to Vaknin's declaration, included misquoted language of an April 9 order from U.S. District Judge Fred W. Slaughter. Several other alleged hallucinations included case language, from real legal disputes, that did not exist or misrepresented certain claims.

The consumer's class action against OnlyFans was initiated in 2024. It was amended in April after Slaughter narrowed the scope of the claims. *N.Z. et al. v. Fenix International Limited et al.*, 8:24-cv-01655 (C.D. Cal., filed July 29, 2024).

In the pending motion to dismiss the suit, the Fenix defendants denied they were liable for any alleged deception and that the case should be dismissed because it fails to sufficiently plead facts that indicate Fenix knew about or was able to detect any alleged use of third-party contractors to manage the chats.

They also claimed the complaint did not prove Fenix had any specific intent to mislead the subscriber plaintiffs.

Slaughter is scheduled to hear the motion on Sept. 4.

#387178

**Devon Belcher**
Daily Journal Staff Writer
devon_belcher@dailyjournal.com

# EXHIBIT 2

News   **Artificial Intelligence**

# Lawyers Accused of AI 'Hallucinations' in OnlyFans Litigation

August 21, 2025   By      **Kat Black**

---

### What You Need to Know

- A defense team at Skadden Arps representing adult content platform OnlyFans in a RICO and privacy lawsuit accused plaintiffs' counsel of submitting legal briefs containing AI-generated errors, or "hallucinations."

- Plaintiffs' counsel at Hagens Berman said that their co-counsel resorted to an AI tool to write the briefs because she was dealing with a personal family crisis.

- Plaintiffs' counsel will seek to file corrective briefs and explain the situation to the court, said a Hagens Berman attorney.

---



**Laptop computer displaying logo of OnlyFans, a London-based content subscription service. Credit: monticelllllo/Adobe Stock**

Defense lawyers in litigation against Fenix International Ltd., the parent company of the subscription-based adult content website OnlyFans, have accused plaintiff counsel in multiple filings of outsourcing their legal research to generative artificial intelligence, resulting in legal briefs allegedly riddled with "hallucinations," or AI-generated errors and inaccuracies.

"Although Plaintiffs had two months to craft their 11,515-word brief, they were evidently unable to find legitimate legal authorities supporting their arguments," alleged Fenix's counsel at Skadden, Arps, Slate, Meagher & Flom.

In five filings Tuesday, Skadden called out at least one allegedly bogus case citation and nonexistent language attributed to judicial opinions, targeting court papers submitted by plaintiffs counsel Hagens Berman Sobol Shapiro.

Skadden, according to the filing, recorded at least 20 such hallucinations in a plaintiffs' response opposing the defendants' motion to dismiss the case.

"Plaintiffs' Opposition cites imaginary caselaw, quotes invented language in real cases, summarizes non-existent court holdings and analysis, or responds to arguments Fenix did not make," stated the filing, which argued that—in addition to lack of personal jurisdiction, failure to state a claim and improper venue—the hallucinations and failure to disclose AI use justified granting the defense's motion to dismiss.

Skadden Arps declined to comment on the case.

The underlying class action, captioned *N.Z. v. Fenix International Ltd.*, contends that Fenix engaged in consumer fraud and enabled massive breaches of confidentiality by disclosing users' sensitive, sexually explicit information and media to third parties through a so-called chatters scam, in which OnlyFans subscribers—known as "Fans"—are allegedly led to believe they are conversing with actual creators of adult content on OnlyFans instead of professional "chatters" hired by the creators to impersonate them.

Hagens Berman filed the lawsuit, which alleged violations of the Racketeer Influenced and Corruption Act and federal and state privacy laws, on July 29, 2024, in the U.S. District Court for the Central District of California, Southern Division.

The case has been assigned to District Judge Fred W. Slaughter.

## 'A Lesson Learned'

In a statement emailed to The Recorder, Robert Carey, a Hagens Berman partner based in Phoenix

who is representing the plaintiffs, said that the briefs contained "sections drafted by co-counsel outside our firm."

"In those sections, quotation marks were improperly placed on the holdings of real cases, and inaccurate statements and citations appeared, including one citation to a case that did not exist," he wrote. "Our review did not catch those errors, and we take responsibility for that oversight. It should not have happened."

The co-counsel, according to the statement, was a "Yale Law School graduate and trusted colleague who has provided excellent work for over a decade"—and was navigating an "intense family crisis" with her father, who had entered hospice earlier this summer after a long-term battle with Parkinson's disease and other medical conditions.

"While managing his care from afar, she did not share with us how overwhelming the situation had become," wrote Carey. "Under that strain, she turned to an AI tool to help polish her drafts, not realizing that in doing so, the tool had introduced or altered citations and text. Because she did not alert us to her situation, and her material arrived late in the process, our usual review protocols could not be fully applied. She will demonstrate to the court that the flawed content was preceded by careful and responsible research, writing and development of arguments."

Carey later said in a phone interview that the plaintiffs' legal team will request to file corrective briefs that remove inappropriate quotations and statements and explain what happened to the court. He asked that the the identity of the co-counsel who used the AI tool not be disclosed until the request was publicly filed.

"It's a mistake," said Carey. "It shouldn't have happened. It's our responsibility to make sure briefs are right no matter who puts the sections together. But if it was a little difficult when it's a person we've had a longstanding relationship with, and she's a high-level lawyer and brief writer, and she is helping us finalize the briefs that we just didn't think we needed to check her work."

"And so, lesson learned. We apologize to our opposing counsel ... and we're going to apologize to the court and see what we need to do to make it right. But our firm has filed thousands and thousands of high-level briefs, and this is not our practice. If we knew what was going on, we would've stopped it—but again, a lesson learned."

## 'Lawyers Need Help'

The case underscores the potential risks associated with increasingly pervasive use of AI in the legal profession—which shows no signs of ebbing, according to a recent Thomson Reuters Westlaw report that recorded, in the month of July alone, 22 different cases in which "courts or

opposing parties found non-existent cases within filings, leading to discipline motions or sanctions in many instances."

Carey pointed out that the case also highlights the necessity for lawyers to communicate with their colleagues about the personal experiences or crises that may potentially be impacting their work—and for colleagues to help shoulder the burden.

In a recent case reported by the ABA Journal, U.S. Magistrate Judge James M. Wicks in the Eastern District of New York opted not to impose monetary sanctions on a lawyer who had submitted a court filing containing three hallucinated cases, citing the recent death of her husband as an extenuating circumstance.

Carey said he thinks that the bigger mistake made by his co-counsel was "not talking to us." The legal team representing the plaintiffs was "in the dark" about her personal struggles—and would have readily helped her if asked, he added.

"Lawyers need help," he said. "They're humans, and they go through things in life, and everybody on our team—and I don't just mean my firm, everybody on our team—would've filled in and covered the gap. And it's unfortunate she didn't feel confident enough to ask for help."

| Page printed from: | https://www.law.com/therecorder/2025/08/21/lawyers-accused-of-ai-hallucinations-in-onlyfans-litigation/?slreturn=20250821133310 |

**NOT FOR REPRINT**

© 2025 ALM Global, LLC, All Rights Reserved. Request academic re-use from www.copyright.com. All other uses, submit a request to asset-and-logo-licensing@alm.com. For more information visit Asset & Logo Licensing.

# EXHIBIT 3



**Portfolio Media. Inc.** | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# OnlyFans Flags Bogus Citations In RICO Fraud Suit

By **Emily Sawicki**

Law360 (August 21, 2025, 6:33 PM EDT) -- Attorneys for a proposed class of OnlyFans subscribers alleging racketeering by the company notified a California federal judge Thursday that they would be seeking permission to fix earlier filings found to have errors created by artificial intelligence, days after the web platform's parent company notified the court of the citation errors.

The plaintiffs in the proposed class told the U.S. District Court for the Central District of California that, under local rules, they may not bring a motion until Aug. 27 but said they "wanted to alert the court that they will be responding as soon as possible, and are ready to respond earlier if the court requests."

The **notice** came after OnlyFans' parent company, Fenix International Ltd., told the court that it should be granted permission to dismiss claims that it duped subscribers by allowing impersonators to stand in as content creators and move them instead before the courts of England and Wales, arguing that plaintiffs' counsel gave up their right to fight the dismissal by including AI-hallucinated citations in their objection.

In a **reply brief** filed Monday, Fenix said counsel representing a proposed class of website users included 11 made-up citations among 18 cases they cited in their argument against ending the U.S. case and allowing claims to commence overseas.

The **opposition document**, filed Aug. 11, is merely the latest in a series of filings plaintiffs brought that use faulty citations, according to Fenix.

"This is the third distinct filing over a monthlong period in which [the] plaintiffs have used non-existent quotations to attempt to defeat Fenix's requests for relief," the company told the court. "This pattern of submitting false, AI-generated law is an 'abuse of the judicial system' that harasses Fenix and wastes the court's time and resources."

In a statement to Law360 on Thursday, Robert Carey of Hagens Berman Sobol Shapiro LLP, counsel for the proposed class, said the briefs at issue were "overall the product of extensive and careful research and writing" but said co-counsel on the case ran the briefs through AI-powered software that added quotation marks and inaccurate statements and, in one instance, a hallucinated case.

The attorney, whom Carey described as a "Yale Law School graduate and trusted colleague who has provided excellent work for over a decade" was going through a "family crisis" at the time she drafted and edited the briefs, he said.

"Her father, who had long battled Parkinson's and other serious conditions, entered hospice earlier this summer," Carey said in his email to Law360. "While managing his care from afar, she did not share with us how overwhelming the situation had become. Under that strain, she turned to an AI tool to help polish her drafts, not realizing that in doing so, the tool had introduced or altered citations and text."

Carey said that given the late submission of her brief, the Hagens Berman team was not able to follow its normal review process and therefore did not catch the errors.

"While late submissions are a reality in litigation, we are strengthening our procedures to ensure that our review process accounts for this issue in the future," Carey said. The plaintiffs' Thursday filing indicated that the attorney who created the documents has not filed a notice of appearance on the

case.

Counsel for Fenix declined to comment beyond the contents of their filings, which included a **declaration** from Skadden Arps Slate Meagher & Flom LLP associate Or-el Vaknin, who told the court that he identified "multiple examples of quoted language that does not appear in the cases cited by [the] plaintiffs" and that he verified his findings by running the exact language through Westlaw, turning up no results.

The issue of AI use and venue wrangling are the latest updates to a proposed class action five anonymous plaintiffs filed in Santa Ana, California, in **July 2024**.

The plaintiffs, who go by the initials N.Z., R.M., B.L., S.M. and A.L., accused Fenix and several other companies of violating the Racketeer Influenced and Corrupt Organizations Act by scamming website subscribers into believing they were chatting with creators, when they were actually chatting with impersonators.

In December, Fenix asked the court to toss the claims in light of a forum-selection clause included in the OnlyFans terms of service. According to Fenix, the valid contract clause states that any claims brought against the site "must be brought in the courts of England and Wales."

After U.S. District Judge Fred W. Slaughter denied Fenix's dismissal motion, the company asked the court to reconsider in light of what it called new precedent the California Supreme Court established in its July 2025 ruling in EpicentRx, Inc. v. Superior Court.

That ruling held that "California does not have any public policy against requiring its residents to litigate their claims in court systems that do not guarantee civil jury trials" and "California's public policy favoring consumer class actions applies only when the plaintiff asserts claims covered by a statute that voids contracts diminishing the plaintiff's statutory rights," Fenix argued.

In its opposition on Aug. 11, the proposed class said it was not necessary to reconsider the court's ruling denying the dismissal bid. It was that document that included the citation errors first flagged by the Skadden Arps team.

The OnlyFans users are represented by Christopher Pitoun, Robert B. Carey, Michella A. Kras and Leonard W. Aragon of Hagens Berman Sobol Shapiro LLP, Andrea R. Gold, Annick M. Persinger, Keith T. Vernon and Shana H. Khader of Tycko and Zavareei LLP, Andrew W. Knox of Timoney Knox LLP and Andrew C. Stone and Seth T. Goertz of Dorsey & Whitney LLP.

Fenix International Ltd. and Fenix Internet LLC are represented by Jason D. Russell, Hillary A. Hamilton, Or-el Vaknin, Peter B. Morrison and Raza Rasheed of Skadden Arps Slate Meagher & Flom LLP.

The case is N.Z. et al. v. Fenix International Ltd. et al., case number 8:24-cv-01655, for the U.S. District Court for the Central District of California.

--Additional reporting by Bonnie Eslinger. Editing by Rich Mills.

All Content © 2003-2025, Portfolio Media, Inc.

# EXHIBIT 4



News   **Mass Torts**

## Critical Mass With Law.com's Amanda Bronstad: Judges in Two MDLs Order Lead Counsel to File Thousands of Unfiled Claims, Hagens Berman Accused of AI 'Hallucinations' in OnlyFans Case

August 27, 2025 at 09:31 AM   By   **Amanda Bronstad**



**U.S. District Judge Richard Gergel (L), of the District of South Carolina, and U.S. District Judge M. Casey Rodgers (R), of the Northern District of Florida. Courtesy photos.**

Welcome to **Law.com Class Actions: Critical Mass**, a weekly briefing for class action and mass tort attorneys.

**This week**: Federal judges in two separate multidistrict litigation dockets, concerned about thousands of **unfiled claims**, issued orders threatening leadership posts and canceling bellwether trials. Lawyers for **OnlyFans** parent **Fenix International** accused **Hagens Berman** of errors created

by artificial intelligence in its legal briefs. Find out who represents sporting goods retailers and manufacturers targeted in antitrust suits over **archery products**.

I'm **Amanda Bronstad**. Feel free to reach out to me with your input. My email is abronstad@alm.com. Follow me on LinkedIn or X: @abronstadlaw.



DEPO-PROVERA box of medication with MEDROXYPROGESTERONE active substance by PFIZER, used for contraception, birth control. Credit: Depo-Provera/Adobe Stock

## 'Orders Like This Could Raise Some Interesting Questions'

Federal judges in two separate multidistrict litigation dockets have issued orders to get lawyers to file thousands of unfiled claims. Here's my report on the July 16 and Aug. 15 orders.

In cases about "toxic chemicals" in drinking water, **U.S. District Judge Richard Gergel** canceled a planned Oct. 20 bellwether trial and ordered lead plaintiffs' firms to file their cases after defense attorneys informed him about tens of thousands of unfiled claims. Lead counsel have until next month to file their cases.

In other cases, **U.S. District Judge M. Casey Rodgers** threatened to remove plaintiffs' firms from leadership roles if they did not file their **Depo-Provera** cases. At an Aug. 22 hearing, she told

lawyers there were 932 filed cases in the Depo-Provera docket and 9,571 still unfiled. "Please get busy with that," she said.

At issue is a judge's knowledge about the universe of cases before him. Gergel was planning the first bellwether trial among personal injury cases alleging six different types of illnesses, while Rodgers had just appointed firms to leadership based on their promises that they planned to file thousands more Depo-Provera lawsuits. She also raised concerns that lawyers were warehousing cases until after her ruling on **Pfizer**'s federal preemption defense in a summary judgment motion filed on Aug. 22.

The orders are far from typical, although unfiled claims are common in multidistrict litigation. It's also considered a plaintiff's prerogative when to file their cases. I reached out to Elizabeth Burch (**University of Georgia School of Law**), who told me:

*"Typically, we think about courts having jurisdiction over the claims themselves, not the lawyers who practice before them. So, orders like this could raise some interesting questions about the power of the courts to require lead attorneys to submit information about their unfiled claims."*



**Robert Carey, Hagen Berman partner**

## Hagens Berman: AI Tool 'Warped and Contorted' Quotes

**Hagens Berman** was accused of using generative **AI** to produce legal briefs riddled with errors in its racketeering and privacy class action over adult content website **OnlyFans**.

Here's **Law.com**'s story about multiple filings by Jason Russell (**Skadden Arps**), who represents OnlyFans parent company **Fenix International Ltd**. In one filing, Skadden recorded at least 20 so-called "hallucinations" in plaintiffs' response opposing Fenix's motion to dismiss, including imaginary case law and non-existent court holdings.

Robert Carey (**Hagens Berman**), in a subsequent filing, said he planned to respond and submit a corrected brief by Aug. 27.

The filings are the latest to accuse lawyers of using AI in their legal briefs. However, Carey told Law.com that the briefs had sections "drafted by co-counsel outside our firm," described as a "Yale Law School graduate and trusted colleague" who was navigating an "intense family crisis" with her father, who was in hospice this summer after battling Parkinson's disease and other medical conditions.

My colleague, **Kat Black**, said Carey "was adamant that this was a 'unique' incident among cases involving AI hallucinations in legal brief," telling me:

*"He maintained that she used an 'AI tool' to 'polish' and 'shorten' sections of the drafts that she had already completed, not to draft the briefs themselves. Carey said: 'This wasn't evasion of work or somebody going, "Hey, write me a brief that says X."' The AI tool, he continued, 'warped and contorted' actual, accurate quotes from the case that she had used in the original drafts."*



Cabela's store.

## Who Got the Work?

Lawyers appeared for sporting goods retailers and equipment manufacturers in lawsuits alleging antitrust violations in the sale and production of bows and arrows. Anna Rathbun (**Latham**) appeared for **Bass Pro Shops** and **Cabela's**; Bentley Tolk (**Parr Brown**) for **Archery Trade Association**, Kamron Hasan (**Husch Blackwell**) for **Bowtech**; Christa Cottrell (**Kirkland & Ellis**) for **Dick's Sporting Goods**, F. Matthew Ralph (**Dorsey & Whitney**) for **Hoyt Archery**; Jeremy Stewart (**Snell & Wilmer**) for **Jay's Sporting Goods**; Bill Katz (**Greenberg Traurig**) for **Lancaster Archery Supply**; Erik Koons (**Baker Botts**) for **Mathews Archery**; and Derek Sutton (**K&L Gates**) for **TrackStreet** and **NeuIntel**. In a motion this month before the **U.S. Judicial Panel on Multidistrict** litigation, defendants supported the coordination of 16 cases in Utah.

Here's what else is happening:

**Advert Actions**: More than 20 lawsuits are targeting big-name corporations like **Southwest Airlines**, **Skechers** and **Costco** over advertising claims that portray a "false sense of urgency," such as "Hurray, 25% Off Ends Today!" or "Up to 30% off Ends Tonight." The suits, most filed in Washington's state courts, come after an April 17 decision by the **Washington Supreme Court**

concluding that the state's Commercial Electronic Mail Act, or CEMA, covered alleged false and misleading statements in an email's subject line — not just whether it was commercial in nature. Plaintiffs' firms behind the suits include **Berger Montague**, **CohenMalad**, **Dovel & Luner** and **Milberg Coleman**.

**Processed Passed**: A federal judge in Pennsylvania tossed a closely watched lawsuit accusing food companies such as **Coca-Cola** and **Nestle** of intentionally designing "ultra-processed" products, tied to various health problems, to be addictive. **U.S. District Judge Mia Roberts Perez**, on Monday, found the suit lacked details and granted a motion to dismiss that alleged plaintiff Bryce Martinez failed to establish that consuming ultra-processed foods caused his type 2 diabetes and non-alcoholic fatty liver disease. The judge also agreed that Martinez failed to identify the specific products he consumed. Chris Seeger (**Seeger Weiss**) and Mike Morgan (**Morgan & Morgan**) represented the plaintiff.

**Eying Suits**: **Eli Lilly** has moved to coordinate 21 additional cases alleging **Ozempic** and related prescription medications caused eye strokes that result in a rare form of blindness. Lilly, which makes **Trulicity**, **Mounjaro** and **Zepbound**, argued in an Aug. 28 motion before the **U.S. Judicial Panel on Multidistrict Litigation** that the eye stroke cases, which could morph into the hundreds, should be transferred to the multidistrict litigation, which is limited to allegations of gastrointestinal injuries, intestinal obstruction and stomach paralysis, or before the same judge, **U.S. District Judge Karen Marston**. On Dec. 12, the panel denied attempts to add cases involving blood clot-related injuries, but Lilly attorney Diana Watral (**Kirkland & Ellis**) argued there are more eye stroke cases than there were blot clot-related ones, and the number of cases in the multidistrict litigation is closer to 2,600, not the 10,000 predicted last year.

*Thanks for reading Critical Mass! I will be on vacation next week, but my colleague Ellen Bardash will be filling in for the Sept. 3 newsletter.*

NOT FOR REPRINT

© 2025 ALM Global, LLC, All Rights Reserved. Request academic re-use from www.copyright.com. All other uses, submit a request to asset-and-logo-licensing@alm.com. For more information visit Asset & Logo Licensing.

EXHIBIT 5

**From:** FWSChambers
**To:** Rasheed, Raza (LAC); 'Leonard Aragon'
**Subject:** [Ext] RE: Continuance Request in 8:24-cv-01655-FWS-SSC - N.Z., et al. v. Fenix International Limited, et al.
**Date:** 8/28/2025 7:54:00 AM
**CC:** asattler@constangy.com; Andrea Gold; Andrew Knox (aknox@timoneyknox.com); Andrew Stone; Barr Benyamin (bbenyamin@birdmarella.com); Bety Javidzad (bety.javidzad@dentons.com); Brent Sedge (bsedge@constangy.com); Christopher Pitoun; David McGee (dmcgee@tzlegal.com); David Yudelson (dyudelson@constangy.com); Hamilton, Hillary A (LAC); Russell, Jason D (LAC); Jordan Westgate (jordan.westgate@dentons.com); Keith Vernon (kvernon@timoneyknox.com); Matthew Jacobs; Michael Gehret (mike.gehret@dentons.com); Michella Kras; Nithin Kumar (nithin@kingfisherlawapc.com); Oliver Rocos (orocos@birdmarella.com); Morrison, Peter B (LAC); Pooja L. Shah (pooja.l.shah@dentons.com); Robert Carey; Samantha Fahr (samantha.fahr@dentons.com); Seth Goertz; Shana Khader (skhader@tzlegal.com); Trinity Jordan (trinity.jordan@dentons.com); Valentina Trillo Meth; Younjin (Jennifer) Lee (jlee@constangy.com); agold@tzlegal.com; aknox@timoneyknox.com; apersinger@tzlegal.com; asattler@constangy.com; bbenyamin@birdmarella.com; bety.javidzad@dentons.com; bsedge@constangy.com; christopherp@hbsslaw.com; dmcgee@tzlegal.com; goertz.seth@dorsey.com; Hamilton, Hillary A (LAC); Russell, Jason D (LAC); jlee@constangy.com; jordan.westgate@dentons.com; kvernon@timoneyknox.com; leonard@hbsslaw.com; matt@jacobslawfirm.com; michellak@hbsslaw.com; mike.gehret@dentons.com; nithin@kingfisherlawapc.com; Vaknin, Or-el (LAC); orocos@birdmarella.com; Morrison, Peter B (LAC); Rasheed, Raza (LAC); rob@hbsslaw.com; skhader@tzlegal.com; stone.andy@dorsey.com; trinity.jordan@dentons.com
**BCC:**

**Message:**
Good morning,

Please e-file the appropriate request/application/motion/petition and a proposed order in CM/ECF for the court's consideration.


Thank you,



**ROLLS ROYCE PASCHAL**
COURTROOM DEPUTY
TO THE HONORABLE FRED W. SLAUGHTER, U.S. DISTRICT JUDGE
**UNITED STATES DISTRICT COURT**
**CALIFORNIA CENTRAL DISTRICT COURT**
411 West Fourth Street
Santa Ana, CA 92701
Office: (714) 338-4565
Email: RollsRoyce_Paschal@cacd.uscourts.gov

1

**From:** Rasheed, Raza <Raza.Rasheed@skadden.com>
**Sent:** Wednesday, August 27, 2025 7:43 PM
**To:** 'Leonard Aragon' <leonarda@hbsslaw.com>; FWSChambers <FWS_Chambers@cacd.uscourts.gov>
**Cc:** asattler@constangy.com; Andrea Gold <agold@tzlegal.com>; Andrew Knox (aknox@timoneyknox.com) <aknox@timoneyknox.com>; Andrew Stone <stone.andy@dorsey.com>; Barr Benyamin (bbenyamin@birdmarella.com) <bbenyamin@birdmarella.com>; Bety Javidzad (bety.javidzad@dentons.com) <bety.javidzad@dentons.com>; Brent Sedge (bsedge@constangy.com) <bsedge@constangy.com>; Christopher Pitoun <christopherp@hbsslaw.com>; David McGee (dmcgee@tzlegal.com) <dmcgee@tzlegal.com>; David Yudelson (dyudelson@constangy.com) <dyudelson@constangy.com>; Hamilton, Hillary A <Hillary.Hamilton@skadden.com>; Russell, Jason D <Jason.Russell@skadden.com>; Jordan Westgate (jordan.westgate@dentons.com) <jordan.westgate@dentons.com>; Keith Vernon (kvernon@timoneyknox.com) <kvernon@timoneyknox.com>; Matthew Jacobs <matt@jacobslawfirm.com>; Michael Gehret (mike.gehret@dentons.com) <mike.gehret@dentons.com>; Michella Kras <michellak@hbsslaw.com>; Nithin Kumar (nithin@kingfisherlawapc.com) <nithin@kingfisherlawapc.com>; Oliver Rocos (orocos@birdmarella.com) <orocos@birdmarella.com>; Morrison, Peter B <Peter.Morrison@skadden.com>; Pooja L. Shah (pooja.l.shah@dentons.com) <pooja.l.shah@dentons.com>; Robert Carey <rob@hbsslaw.com>; Samantha Fahr (samantha.fahr@dentons.com) <samantha.fahr@dentons.com>; Seth Goertz <Goertz.Seth@dorsey.com>; Shana Khader (skhader@tzlegal.com) <skhader@tzlegal.com>; Trinity Jordan (trinity.jordan@dentons.com) <trinity.jordan@dentons.com>; Valentina Trillo Meth <ValentinaT@hbsslaw.com>; Younjin (Jennifer) Lee (jlee@constangy.com) <jlee@constangy.com>
**Subject:** RE: Continuance Request in 8:24-cv-01655-FWS-SSC - N.Z., et al. v. Fenix International Limited, et al.

CAUTION - EXTERNAL:

Dear Mr. Paschal,

My firm represents Defendants Fenix International Ltd. and Fenix Internet LLC.  We do not understand the purpose of Plaintiffs' email, and think the advice it requests is improper and unnecessary.  Judge Slaughter's standing order indicates that "[r]equests for continuances must be by motion, stipulation or application and must be accompanied by a declaration setting forth the reasons for the requested continuance," which must make "a showing of good cause." (ECF 8 at 14.)  The standing order leaves no room for confusion about how requests for continuances must be made.

In any event, for avoidance of doubt, my clients oppose Plaintiffs' effort to obtain a continuance of the September 4 hearing date on Defendants' outstanding dispositive motions.  We do not think the parties should be debating legal or case management issues through emails with the Court's staff, but would be happy to explain our reasons for opposing Plaintiffs' request if that would be helpful.

Sincerely,

Raza Rasheed

**From:** Leonard Aragon <leonarda@hbsslaw.com>
**Sent:** Wednesday, August 27, 2025 5:06 PM
**To:** FWS_Chambers@cacd.uscourts.gov
**Cc:** asattler@constangy.com; Andrea Gold <agold@tzlegal.com>; Andrew Knox (aknox@timoneyknox.com) <aknox@timoneyknox.com>; Andrew Stone <stone.andy@dorsey.com>; Barr Benyamin (bbenyamin@birdmarella.com) <bbenyamin@birdmarella.com>; Bety Javidzad (bety.javidzad@dentons.com) <bety.javidzad@dentons.com>; Brent Sedge (bsedge@constangy.com) <bsedge@constangy.com>; Christopher Pitoun <christopherp@hbsslaw.com>; David McGee (dmcgee@tzlegal.com) <dmcgee@tzlegal.com>; David Yudelson (dyudelson@constangy.com) <dyudelson@constangy.com>; Hamilton, Hillary A (LAC) <Hillary.Hamilton@skadden.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Jordan Westgate (jordan.westgate@dentons.com) <jordan.westgate@dentons.com>; Keith Vernon (kvernon@timoneyknox.com) <kvernon@timoneyknox.com>; Leonard Aragon <leonarda@hbsslaw.com>; Matthew Jacobs <matt@jacobslawfirm.com>; Michael Gehret (mike.gehret@dentons.com) <mike.gehret@dentons.com>; Michella Kras <michellak@hbsslaw.com>; Nithin Kumar (nithin@kingfisherlawapc.com) <nithin@kingfisherlawapc.com>; Oliver Rocos (orocos@birdmarella.com) <orocos@birdmarella.com>; Morrison, Peter B (LAC) <Peter.Morrison@skadden.com>; Pooja L. Shah (pooja.l.shah@dentons.com) <pooja.l.shah@dentons.com>; Rasheed, Raza (LAC) <Raza.Rasheed@skadden.com>; Robert Carey <rob@hbsslaw.com>; Samantha Fahr (samantha.fahr@dentons.com) <samantha.fahr@dentons.com>; Seth Goertz <Goertz.Seth@dorsey.com>; Shana Khader (skhader@tzlegal.com) <skhader@tzlegal.com>; Trinity Jordan (trinity.jordan@dentons.com) <trinity.jordan@dentons.com>; Valentina Trillo Meth <ValentinaT@hbsslaw.com>; Younjin (Jennifer) Lee (jlee@constangy.com) <jlee@constangy.com>
**Subject:** [Ext] Continuance Request in 8:24-cv-01655-FWS-SSC - N.Z., et al. v. Fenix International Limited, et al.

Rolls Royce Paschal, Courtroom Deputy for Judge Slaughter,

Under Judge Slaughter's standing procedures for continuances, he states: "it is best to contact the Courtroom Deputy as soon as you know a request for continuance will be made."

Plaintiffs are seeking a continuance of the September 4, 2025, hearing on the following motions:

1. Fenix Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue ("Motion to Dismiss") (ECF No. 121); and
2. Fenix Defendants' Motion for Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal ("Motion for Reconsideration") (ECF No. 147).

The parties met and conferred with Defendants Fenix International Limited and Fenix Internet LLC  (collectively, "Fenix" or "Fenix Defendants"), and they oppose the continuance. Plaintiff also asked the Agency Defendants if they oppose a continuance and the following Agency Defendants oppose the motion: Moxy Management, Elite Creators LLC, Unruly Agency LLC, Behave Agency LLC, and Verge Agency, Inc. The other Defendants have not provided a response, although they were only sent the request earlier today.

In addition to the motions listed above, there are several other motions scheduled for September 4, 2025, that are related to the above referenced motions.  Plaintiffs cannot move to continue those motions because they have not completed the meet and confer process with the relevant Defendants. Although Plaintiffs could move forward on those motions and have them heard on the 4th, Plaintiffs believe it would conserve party and judicial resources if the entire hearing was continued.  The above referenced defendants oppose any continuance.

Notably, Plaintiffs' responses to the motions contain AI hallucinated information that Plaintiffs seek to correct. Today, Plaintiffs are filing a motion to correct the briefing and corrected briefs. Plaintiffs do not oppose any sur-reply that Defendants may want to file.

Plaintiffs are prepared to file a motion to continue the hearing and provide the basis for seeking a continuance, but the earliest we can set the hearing is September 25, which is after the relevant hearing.

Plaintiffs are also prepared to file an ex parte application, but counsel understands ex parte applications are disfavored.

Plaintiffs are sending this message to comply with the Court's order and to seek advice on the best procedure to continue the hearing so that the issues may be heard on the merits.

Thank you

--
**Leonard Aragon** | **Partner**
**HAGENS BERMAN**
Hagens Berman Sobol Shapiro LLP
Phoenix, AZ
(602) 224-2629
leonarda@hbsslaw.com

News  |  Cases  |  Twitter  |  Facebook

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or

copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================================

=========

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT 6

# CELESTE H.G. BOYD
celeste@boydesq.com • (510) 244-0510

I AM a lawyer who relishes telling a compelling story—or a storyteller who has spent most of her career litigating complex lawsuits against large entities. I specialize in SPARKS OF CREATIVE DOT-CONNECTING (born of insatiable curiosity), and IDEA DISTILLATION—extracting the essential from complicated concepts without watering down the impact. I love to tell a story in a single sentence (even if my work usually involves many more), and I delight in drawing out and REFINING THE GENIUS OF OTHERS.

## RELEVANT EXPERIENCE

**LECTURER IN LAW • STANFORD LAW SCHOOL** PALO ALTO, CA
**LECTURER • STANFORD PUBLIC POLICY PROGRAM** [2023]

As an instructor for the Legal Research & Writing Program at Stanford Law School, I teach "Federal Litigation in a Global Context," a course in which first-year students take part in simulated litigation to develop practical skills, including planning/strategy, brief-drafting, discovery, and oral argument.

I also teach a course called "Regulating Emerging Technology: Risks, Opportunities, & Reality" (Public Policy 353B), in which I emphasize interdisciplinary communication and values transparency as prerequisites for meaningful policy outcomes. Topics covered have included: Dark Patterns & Data Privacy, Data Security, Artificial Intelligence, Algorithmic Bias, Technology & Intellectual Property Law, Automating the Justice System, Biomimicry & Circular Economy, and Policy Communication.

**LEGAL & COMMUNICATION CONSULTANT • BOYD, ESQ.**
OAKLAND, CA  &  THE INTERNET  [2021–PRESENT]

Provide analysis, drafting, research, editing, presentation, & negotiation services in collaboration with clients in a variety of contexts. EXAMPLE PROJECTS: Drafted narrative complaint with complex legal issues and sensitive facts involving the wrongful death of a child, and assisted in a mediation resulting in multi-million-dollar *pre-filing* settlement. • Developed infographics to explain complex, multi-faceted due-process failures in state unemployment insurance procedures (for use in summary judgment motion filed by nonprofit advocacy organization). • Edited/drafted pleadings/appellate briefing involving application of EPA clean-water regulations to government construction affecting private property.

**OF COUNSEL • PAYNTER LAW, PLLC**
WASHINGTON, DC • NORTH CAROLINA • UK  [2012–2022]

SERVED THOUSANDS OF CLIENTS in a small-but-mighty boutique law firm specializing in plaintiff-side litigation.

HEAVILY INVOLVED IN the firm's litigation on behalf of: Original purchasers of "clean diesel" vehicles against Volkswagen for its criminal emissions fraud scheme. • Nationwide class of NCAA athletes alleging right-of-publicity violations from use of their likenesses in videogames. • Consumers defrauded by debt settlement industry. • Small manufacturers bringing antitrust claims against a large pharmaceutical company.

COLLABORATED WITH COLLEAGUES (and often co-counsel) through all stages of complex litigation in multiple state & federal jurisdictions: initial fact investigations & expert analysis, development of pleading & litigation strategy, pre-filing activities, dispositive motion practice, fact & expert discovery, settlement, & trial support. • Legal research involving complex/novel legal theories. • Trial & appellate briefs, pleadings, discovery requests, formal/informal correspondence, litigation plans, settlement agreements, proposals, press releases, etc. • Oral argument. • Expert & fact witness interviews & depositions. • Extensive work with experts on written & oral testimony. • Managed complex

## EDUCATION

**YALE LAW SCHOOL •** J.D.
**ACTIVITIES:** Community Lawyering Clinic • Rebellious Lawyering Conference (Co-Chair) • Yale Law Women (Co-Chair) • Latino Law Students Association

**UNIV. OF MARYLAND**
B.A., GOVT. & POLITICS
Minor in Spanish

**UNIV. OF NEW MEXICO**
Misc. coursework toward B.A. in economics, Spanish, women's studies, political science, and/or music.

## LICENSED TO PRACTICE LAW IN:
California
New Mexico
North Carolina
District of Columbia

## HONORS, AWARDS, & FELLOWSHIPS

**JACK KENT COOKE FOUNDATION •** GRADUATE FELLOW • Full tuition, room, & board for law school.

## PUBLICATIONS

"What a Tangled Family Tree We Weave: Trademarks, Publicity Rights, and The Cross-Pollination of First Amendment Defenses Through Video Games." *J. Int'l Media & Entertainment Law [2012]*

## SKILLS

**GLEEFUL FIXER.** I derive true joy from solving problems, helping others, and repairing objects, processes, or relationships.

**DIGITAL WIZARD.** Advanced MS Office • Advanced Airtable • Everlaw • Logikcull • Graphic design (Adobe Illustrator, Photoshop, Dreamweaver) • Basic html/css • Basic audio/video editing.

**STRONG SPANISH SKILLS.** Both oral and written.

**NOT A ROBOT.**

**COLORFUL.**

**Celeste H.G. Boyd** • celeste@boydesq.com • (510) 244-0570 ~~ID #:3057~~    p. 2 of 2

multi-party discovery, including negotiation of ESI protocols, technical disputes, motions to compel, interstate subpoenas, & international service issues. • Class-action settlement administration. • Communication with individual plaintiffs & plaintiff classes. Created litigation-related websites & databases • Create demonstrative graphics for use in pleadings, motions, & at trial.

### FREELANCE ATTORNEY
NEW MEXICO • KANSAS • NORTH CAROLINA • UK  [2008-2012]

Research/drafting for attorneys, law firms, & nonprofits in support of litigation, negotiations, & advocacy. Projects Included: trial and appellate briefs in class actions, business disputes, & individual lawsuits; Policy research to aid nonprofits in strategic planning and advocacy; Review/analysis of over 4,000 licensing contracts for a large corporation, including design of a custom database to improve review process. Clients Included: Southwest Women's Law Center • Law Offices of Clifton Davidson (solo) • Womble Carlyle (500+ attys.) • Hallmark Cards

### NM CENTER ON LAW & POVERTY
STAFF ATTORNEY • ALBUQUERQUE, NM  [2007-2008]

Worked on systemic advocacy projects on behalf of low-income New Mexicans, including hospital access, public benefits for immigrants, & *colonia* communities. Drafted/researched legal & non-legal memos • Collaborated with clients & advocates to define major issues facing their communities • Held community education presentations on benefits issues • Helped an incredible community organizer negotiate an agreement with water authorities to bring running water to her *colonia* community on the outskirts of Albuquerque • state legislative & administrative advocacy on behalf of individuals facing difficulties in accessing public benefits • Drafted comments on proposed federal regulations.

### JEROME N. FRANK LEGAL SERVICES ORG. (YALE LAW SCHOOL)
STUDENT DIRECTOR • NEW HAVEN, CT [2005-2007]

With a co-director and faculty, managed the Community Lawyering Clinic—providing free civil legal services to hundreds of low-income clients. Maintained an individual caseload of about ten clients • Conducted weekly intake review sessions to choose cases • Helped develop class syllabi • Scheduled supervision/outreach • Acted as liaison between the Clinic & a community outreach site • Integrated an electronic case management system into the Clinic.

### MORRISON | FOERSTER, LLP
SUMMER ASSOCIATE
SAN FRANCISCO, CA  [2006]

Legal research, analysis, & writing for Litigation Department. Drafted chapter for a treatise on employee privacy law. • Wrote Office Action Response to the U.S. Trademark Office • Drafted brief section for a pro bono lawsuit alleging excessive use of force by police officers • Drafted letter to Board of Parole Hearings regarding incarcerated pro bono client's suitability for parole. Offered permanent employment.

### LEGAL AID SOCIETY—EMPLOYMENT LAW CENTER
(NOW **LEGAL AID AT WORK**)
SUMMER LAW CLERK
SAN FRANCISCO, CA  [2005]

Drafted legal memos & briefs for the National Origin, Immigration, & Language Rights Program. Counseled clients by phone on employment-related legal issues via Workers' Rights Clinic. Represented clients in administrative hearings.

## INTERNSHIPS & VOLUNTEER ACTIVITIES

### MILITARY SPOUSE JD NETWORK  [2011–2012]
Spearheaded initial efforts to amend North Carolina rules that effectively prevented military spouse attorneys from being able to practice in the state. Created written advocacy materials • Worked to foster grassroots support • Worked with national- and state-level stakeholders (including the Dept. of Defense, the N.C. State Bar, & the U.S. Army JAG Corps) • Drafted proposed rule changes and presented testimony to the State Bar & Board of Law Examiners.

### WOMEN'S EDGE COALITION
• DC [2003–04]
Wrote & designed activist kits & action alerts to train/mobilize grassroots advocates on international trade & development issues. Produced reports on key members of Congress. Educated advocates in key districts on relevant issues.

### CHILDREN'S DEFENSE FUND • DC [2002]
Worked for Family Income Division, researching federal programs for low-income families, including TANF, food stamps, and Section 8.

## INTERESTS/ HOBBIES

Writing (poetry & prose) • Urban hiking • Found object sculpture • Soccer mom-ing • Idea collection (cognitive science / mythology / history / applied philosophy) • Wistful reminiscence of personal weightlifting records.