BETY JAVIDZAD (SBN 240598)
bety.javidzad@dentons.com
SAMANTHA FAHR (SBN 299409)
samantha.fahr@dentons.com
POOJA L. SHAH (SBN 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213 623 9300 / Fax: 213 623 9924

MICHAEL GEHRET (SBN 247869)
mike.gehret@dentons.com
TRINITY JORDAN (*Pro Hac Vice*)
trinity.jordan@dentons.com
JORDAN WESTGATE (*Pro Hac Vice*)
jordan.westgate@dentons.com
DENTONS DURHAM JONES & PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111-2184
Tel: 801 415 3000

Attorneys for Defendant
ELITE CREATORS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>Judge: Hon. Fred W. Slaughter<br><br>**DEFENDANT ELITE CREATORS INC.'S REPLY TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10D<br>Date: September 25, 2025<br>Time: 10:00 a.m. |

Defendant Elite Creators LLC ("**Defendant**" or "**Elite Creators**"), through counsel, submits this Reply to Plaintiffs' Response to Order to Show Cause ("**OSC Response**").

## RELEVANT BACKGROUND

1. On July 17, 2025, Plaintiffs filed their Consolidated Response in Opposition to the Agency Defendants' Motion to Dismiss the First Amended Complaint (the "**Consolidated Opposition**"). (ECF No. 142.) Plaintiffs have since admitted that AI was used to draft the Consolidated Opposition and that it contained inaccurate citations to legal authority.

2. On August 18, 2025, Elite Creators filed its Reply in Support of Motion to Dismiss. (ECF No. 169.)

3. On August 28, 2025, Plaintiffs filed their Notice of Motion and Motion for Leave to Withdraw ECF Nos. 138, 141, 142, and 158 and File Corrective Briefs (the "**Corrective Briefs Motion**"). (ECF No. 176.)

4. That same day, Plaintiffs filed their Notice of Motion and Motion for Continuance of Hearing (the "**Motion for Continuance**"). (ECF No. 178.)

5. On September 4, 2025, the Court issued an Order to Show Cause to Plaintiffs concerning their use of AI-Generated Content in Opposition Briefs. (ECF No. 187.)

6. On September 11, 2025, Plaintiffs filed their Reply in Support of Motion to File Corrective Briefs (the "**Corrective Briefs Reply**"). (ECF No. 190.)

7. On September 18, 2025, Plaintiffs filed their OSC Response. (ECF No. 193.)

## ARGUMENT

Plaintiffs minimize the scope of their AI use as well as the magnitude of prejudice it has caused Defendants. In their OSC Response, Plaintiffs characterize the errors as unintentional, minor, and confined solely to incorrect citations to case law. Plaintiffs took this same approach when addressing the improper use of AI-generated content in their Corrective Briefs Motion, Corrective Briefs Reply, and Motion for Continuance.

DENTONS DURHAM JONES PINEGAR
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

SL_8176989.2

Significantly, however, Plaintiffs have ignored in all of their filings to the Court related to their AI use that their misuse of AI is not just limited to legal authority citations but also extends to factual content citations credited to their First Amended Complaint ("**FAC**"). Elite Creators raised this issue in its Reply in Support of Motion to Dismiss. (*See* ECF No. 169.) Specifically, Elite Creators argued that Plaintiffs' Consolidated Opposition included citations to the FAC that were fabricated allegations that are simply not found in the FAC. (*See Id.* at 14–18.) Plaintiffs claim that Plaintiffs' Counsel "prepared corrective briefs that . . . (3) removed erroneous record cites or summaries of the record; and (4) performed a full cite check and corrected any other minor citation errors." (ECF No. 178 at 10–11.) But Plaintiffs' Counsel did not do this. Their proposed corrective briefs continue to misrepresent the FAC in integral ways. These erroneous AI hallucinations of facts that are not contained in the FAC were not only obvious, but they were errors that had already been identified in Elite Creators' Reply Brief.

**I. PLAINTIFFS FAILED TO CORRECT ERRONEOUS FACTS ATTRIBUTED TO THE FAC AND INACCURATE CITATIONS TO CASES EVEN WHEN THEY HAD NOTICE OF THE ERRORS.**

**A. Plaintiffs' Proposed Corrective Briefs Contain Glaring Erroneous Citations to the FAC.**

In its Reply in Support of Motion to Dismiss, Elite Creators identified numerous instances in which Plaintiffs had claimed that the FAC contained allegations it does not contain. The example that most clearly illustrates this problem is found on page 22 of Plaintiffs' Consolidated Opposition—an issue that persists in the "Proposed Corrective" Consolidated Opposition. (*See* ECF 176-8 at 31.) Specifically, in support of their claims under the Video Privacy Protection Act ("**VPPA**"), Plaintiffs say that according to the FAC, "The agencies managed chat interactions that prompted video unlocks and upsells, often using preloaded scripts and pricing tiers, in ways designed to maximize Fan spending. FAC ¶¶ 222–227."

DENTONS DURHAM JONES PINEGAR
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

SL_8176989.2

But that is *not* what the FAC says in Paragraphs 222 to 227 (or anywhere else for that matter).

Rather, Paragraphs 222 through 227 of the FAC allege (excluding a footnote citation) the following:

**5. Content X**

222. Defendant Content X Studios ("Content X") is a California corporation registered in September 2020, with its Principal Address at 21800 W Oxnard St #940, Woodland Hills, CA 91367.

223. Headquartered in Los Angeles, CA and founded by well-known American actress and entertainer Bella Thorne and her manager, Thor Bradwell, Content X has described itself as a "full service production company."

224. Thorne, herself an OnlyFans Creator, has been reported to have earned one million dollars in a single day on the platform—which apparently "crashed the moment Thorne announced her $102 for six month subscription."

225. On information and belief, Content X uses marketing—including taglines for its Creators' accounts—that emphasize the personal nature of the interactions that Fans will have on the OnlyFans platform.

226. On information and belief, Content X manages or at some point managed the accounts of the following Creators, who are subscribed to by either Plaintiff S.M. and/or Plaintiff B.L.

    a. Bella Thorne (aka @bellathome)

    b. Abella Danger (aka @dangershewrote • @abelladangervip)

    c. Mathilde Tantot (aka @mathildtanot)

    d. Pauline Tantot (aka @popstantot • @popstantotvip)

227. On information and belief, as part of its management of those and other Creator accounts, Content X provides Chatter services, employing Chatters to impersonate the Creator and communicate with

Fans without the Fans' knowledge.

Paragraphs 222 through 227—which are the only authority Plaintiffs cite for their claim that Agency Defendants acted to deliver video content and were therefore Video Service Providers under the VPPA—do not contain any support for the sentence that cites it, nor are those facts contained anywhere in the FAC. They relate to only one Agency Defendant, Content X, and have nothing to do with the substance of the sentence they are cited in support of. These AI-hallucinated facts and incorrect citations are in both Plaintiffs' original brief and in their "Proposed Corrective" brief that they say is a result of a process through which Plaintiffs' Counsel purportedly "removed erroneous record cites or summaries of the record." (*See* ECF No. 178 at 10–11.)

Worse still, Plaintiffs did not have to conduct a comprehensive check of all citations in their brief to identify this bogus citation and AI hallucination: Elite Creators specifically identified the error in its Reply. (ECF No. 169 at 16–17.) Had Plaintiffs' Counsel actually reviewed the briefs and conducted the kind of comprehensive review to correct the erroneous record citations they claimed to have done, it is difficult to understand how this inaccuracy persisted in their "corrective" brief. Moreover, had Counsel simply read Elite Creators' Reply and checked the citations Elite Creators identified as being erroneous, they would have identified this bogus citation and AI factual hallucination. Apparently, Plaintiffs' Counsel neither read and took seriously Elite Creators' Reply, nor did they conduct the level of review and "a full cite check" of the corrective briefs they now seek to file.

This fabricated allegation that is not contained in the FAC, is not trivial or minor. Plaintiffs propose to hold the Agency Defendants liable under the VPPA on the basis of the entirely fictional allegation that the Agency Defendants' "agencies managed chat interactions that prompted video unlocks and upsells, often using preloaded scripts and pricing tiers, in ways designed to maximize Fan spending," but the FAC does not contain any support for this claim or even state these allegations. (*See* ECF 176-8 at 31.) "Video unlocks," "pricing tiers," and "preloaded scripts" are

all key to Plaintiffs' claim in their Opposition that the Agency Defendants are liable under the VPPA, but those concepts are totally absent from the FAC. Erroneous record citations and erroneous factual assertions are other clear examples of improper AI hallucinations that plague Plaintiffs' filings.

Further, this single example is not the only instance of Plaintiffs fabricating factual allegations that are otherwise not contained in the FAC. For example, both Plaintiffs' Opposition and the Proposed Corrective version claim that "that Agency-employed Chatters accessed Fan inboxes." (ECF 176-8 at 43.) But none of the 22 paragraphs[1] of the FAC that Plaintiffs cite in support of that claim contain any allegation that the Agencies did, or had any mechanism to, access "fan inboxes."

### B. Plaintiffs' Proposed Corrective Opposition Continues to Contain Erroneous Case Citations.

Plaintiffs' failure to correct the errors in their brief is not limited to inaccurate and misleading citations to the FAC; they also cite cases that do not stand for the claimed propositions.

Again, a particularly glaring example was described at length in Elite Creators' Reply Brief. (ECF No. 169 at 18–19.) Here is how Plaintiffs cite the relevant case, *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1092 (N.D. Cal. 2015) in both their filed Opposition and their proposed corrective opposition brief: "Courts have routinely recognized that entities may qualify as video providers even if they deliver content through a third party platform. . . . *In re Hulu*, 86 F. Supp. 3d at 1095 (**streaming platform liable under VPPA for disclosures tied to its embedded video player**)." (*See* ECF No. 142 at 29 (emphasis added); *see also* ECF 176-8 at 31–32 (emphasis added).)

Here are the final two sentences of the *In re Hulu* opinion Plaintiffs cite: "For this reason, the court grants Hulu's motion for summary judgment. The Second Amended Complaint (ECF No. 83) is dismissed with prejudice." 86 F. Supp. 3d at 1105.

---

[1] Plaintiffs erroneously cite FAC ¶¶ 111–13, 124–27, 254–56, 267–269, 282–284, 295–297, 313–315 for this proposition.

Simply put, Plaintiffs' proposed corrective brief persists in getting the decision in the *Hulu* case entirely wrong. Plaintiffs' failure to accurately state even the outcome, much less the reasoning, of the case appears to be example of Plaintiffs' failure to correct AI hallucinations that have permeated their recent filings. Plaintiffs' failure to correct this inaccurate citation is not for lack of notice. Elite Creators described Plaintiffs' puzzling mis-citation of the *Hulu* case in the strongest terms in its Reply:

> Plaintiffs' next citation is both wrong and nonsensical. Plaintiffs cite *In re Hulu Privacy Litigation*, 86 F. Supp. 3d 1090 (N.D. Cal. 2015) and describe the holding as follows: "streaming platform liable under VPPA for disclosures tied to its embedded video player." (Opp'n at 22.) That characterization is incorrect in every respect. The cited decision is an order granting summary judgment in favor of Hulu—the very "streaming platform" Plaintiffs claim was found liable. Hulu was not held liable under the VPPA, and Plaintiffs' description of the case misstates both the procedural posture and the court's holding.

(ECF No. 169 at 18.)

Again, despite clear and direct notice that Plaintiffs' description of the outcome of the case was entirely backward, Plaintiffs failed to identify or correct this citation error in their "full cite check."

### C. Plaintiffs' Claim That Fenix Had Unclean Hands For Failure To Provide Notice Falls Flat in Light of Their Failure to Correct Citation Errors That Were Identified in Elite Creators' Brief.

Audaciously, Plaintiffs have argued that the "Fenix Defendants have unclean hands" in the matter of Plaintiffs own erroneous briefing "because they never notified Plaintiffs that their briefs were defective." (ECF No. 178 at 3, 8.) But even when Elite Creators spent the better part of five pages in its Reply identifying erroneous citations to the FAC (*see* ECF No. 169 at 16–17), and part of two further pages identifying the errors in Plaintiffs' citation of the *Hulu* case (*Id.* at 18–19), Plaintiffs made no corrections to those clear errors.

Perhaps Plaintiffs themselves are unaware of the full extent of issues that their use of artificial intelligence caused to their briefs and only focused on what Fenix Defendants pointed out to them, ignoring the Agency Defendants' filings unless it specifically was labeled "AI." Regardless, Plaintiffs only selectively corrected their bogus citations and factual assertions when they were provided clear and extensive notice.

## II.     ELITE CREATORS HAS BEEN PREJUDICED BY PLAINTIFFS' FABRICATED ALLEGATIONS.

Elite Creators has been prejudiced by Plaintiffs' error-filled briefing. The standard on a defendant's motion to dismiss is incredibly deferential to a plaintiff and the Court must dismiss the complaint only when Plaintiffs fail to even allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is crucial, then, that the Court be accurately informed of what is in the complaint.

In the instances cited above, Plaintiffs made up allegations that the FAC did not allege and then presented them to the Court. The FAC did not contain any allegations about "unlock links," "pricing tiers," or "preloaded scripts." Certainly, the paragraphs of the FAC that Plaintiffs cited did not contain those concepts. But as Elite Creators explained in footnote 5 of the Reply, a false citation is particularly pernicious. Paragraphs 222 through 227 of the FAC had nothing to do with what Plaintiffs claimed they stood for. Had Elite Creators known that artificial intelligence was the actual source of the claims in the Opposition, it could have swiftly moved on from that argument. A false citation that might simply have been a typographical error, on the other hand, requires opposing counsel to review the entire FAC again hunting for any possible support for what is later revealed to be a fabrication. As counsel for Elite Creators explained in the footnote in its Reply, this error led to a laborious process taking more than an hour of the lawyer's time, which Elite Creators paid for.

Plaintiffs have compounded this prejudice by attempting to file motions without meeting and conferring with Elite Creators, by attempting to delay the

SL_8176989.2

hearing on Defendants' Motions, and by filing numerous motions claiming that they have been forthright and have comprehensively addressed their briefing errors when they continue to rely on entirely fabricated allegations not contained anywhere in the FAC—even after sufficient time and notice to make corrections. Plaintiffs' Counsel claims to have "removed erroneous record cites or summaries of the record; and (4) performed a full cite check and corrected any other minor citation errors," but this claim is false. The Proposed Corrective Opposition brief related to Elite Creators' Motion to Dismiss continues to have errors that seem suspiciously like artifacts of artificial intelligence hallucinations, or perhaps more egregiously simply reflect indifference on the part of Plaintiffs' Counsel to confine their arguments to the four corners of the FAC and the actual content of the cases they cite.

## CONCLUSION

For the foregoing reasons, Defendant Elite Creators respectfully requests that the Court impose strict sanctions against Plaintiffs and their counsel for the improper and prejudicial misuse of AI-generated content in their filings by dismissing this action with prejudice and requiring Plaintiffs to pay the legal fees associated with responding to the AI-generated briefing, as well as subsequent briefing and attendance at the OSC hearing

Dated: September 24, 2025

Respectfully submitted,

DENTONS DURHAM JONES PINEGAR, P.C.

By: */s/ Michael Gehret*
Michael Gehret
Trinity Jordan
Jordan Westgate
Bety Javidzad
Samantha Fahr
Pooja L. Shah

*Attorneys for Defendant*
ELITE CREATORS, LLC

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Elite Creators, LLC, certifies that this brief contains 2,708 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

Dated: September 24, 2025

> Respectfully submitted,
> DENTONS DURHAM JONES PINEGAR, P.C.
>
> By: */s/ Michael Gehret*
> Michael Gehret
> Trinity Jordan
> Jordan Westgate
> Bety Javidzad
> Samantha Fahr
> Pooja L. Shah
>
> *Attorneys for Defendant*
> ELITE CREATORS, LLC

SL_8176989.2