Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email:  christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email:  rob@hbsslaw.com
        leonarda@hbsslaw.com
        michellak@hbsslaw.com

*Counsel for Plaintiffs*

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>    Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge:       Hon. Fred W. Slaughter<br>Courtroom:   10D<br>Date:        September 25, 2025<br>Time:        10:00 a.m. |

Plaintiffs, through undersigned counsel, submit their Reply in Support of their Response to the Order to Show Cause under Local Rules 7-2 and 7-10.

## I.   ARGUMENT

In response to Plaintiffs' Response to Order to Show Cause, Defendant Elite Creators LLC ("Elite Creators") filed a "Reply to Plaintiffs' Response to Order to Show Cause." ECF No. 194. While titled as a "Reply," it is an opposition under Local Rule 7-9 to Plaintiffs' original filing, as a "reply" is filed in support of an original filing. *See* Local Rule 7-2 ("Applicability. The provisions of this rule shall apply to ***motions, . . . orders to show cause***, and all other proceedings." (emphasis added)); Local Rule 7-9 ("Opposing Papers. Each opposing party shall . . . serve upon all other parties and file . . . the evidence upon which the opposing party will rely in opposition."); Local Rule 7-10 ("Reply Papers. A moving party may . . . serve and file a reply memorandum, and declarations or other rebuttal evidence."); *see also Collier v. McKay*, 761 F. Supp. 3d 1300, 1307 n.5 (C.D. Cal. 2025) ("As Defendants note in response, moving parties are permitted to file reply memoranda both to support their own motion and to rebut arguments made in the non-moving party's opposition, if any."). As such, Plaintiffs hereby respectfully submit a Reply in Support of their Response to the Order to Show Cause, to address the issues raised in Elite Creators' Reply and to meet their ethical and Rule 11 obligations to correct any misrepresentations made to the Court, as all the parties at the hearing agreed with the Court that such a correction was required.[1] Elite Creators raises two

---

[1] Plaintiffs acknowledge that the timing set forth in Local Rules 7-9 and 7-10 could not be met here, as the Court set a different time for the initial Response to the Order to Show Cause under Local Rule 6-1. As the Response to the Order to Show Cause was not due until 14 days before the hearing, Elite Creators' opposition could not be due 21 days before the hearing and was not filed until the day before. As a result, it would be impossible for Plaintiffs to file a reply before the hearing, much less 14 days before the hearing. As the Court accepted Elite Creators' filing (assuming the Court set a different deadline under Local Rule 6-1), it should accept Plaintiffs' filing as well. If the Court finds that this Reply should

issues related to Plaintiffs' Motion for Leave to Withdraw ECF Nos. 138, 141, 142, and 158, and File Corrective Briefs ("Plaintiffs' Motion for Leave to File Corrective Briefs") (ECF No. 176).[2] Specifically, that there is an error in a record cite and a case cite. ECF No. 194 at 3–7.

    For the record cite, Elite Creators points out that the cited paragraphs to the First Amended Complaint ("FAC") do not support the stated allegation and claim that those allegations are not "contained anywhere in the FAC." ECF No. 194 at 5. But Elite Creators is off base. The allegations do appear in the FAC, just not in the cited paragraphs. The sentence in question states: "The agencies managed chat interactions that prompted video unlocks and upsells, often using preloaded scripts and pricing tiers, in ways designed to maximize Fan spending. FAC ¶¶ 222–227." ECF No. 142 at 22. Plaintiffs should have cited paragraphs 75, 109–112, 151, and 189 for support. Paragraph 75 describes how OnlyFans encourages pricing tiers. ECF No. 118 ¶ 75. Paragraph 109 discusses pricing guides, paragraph 110 discusses scripts designed to sell content, and paragraph 111 discusses charging more for custom content. *Id.* ¶¶ 109–111. Paragraph 112 discusses the process to upsell, including stock content, how chatters sell content, and pricing. *Id.* ¶ 112. Paragraph 151 discusses a fan's experience of being pushed by a chatter to unlock content. *Id.* ¶ 151. Paragraph 189 describes how Defendant Moxy Management will upsell products and content. *Id.* ¶ 189. Plaintiffs' counsel believed they had caught all the record cite errors in their review before filing, but missed this one, and are

---

not be filed after the hearing date, Plaintiffs are willing to meet and confer with Defendants and file it as a motion.

   [2] Is unclear why Elite Creators did not raise these issues in its Opposition to Plaintiffs' Motion for Leave to File Corrective Briefs (ECF No. 183), as the issues relate directly to the proposed amendments, but instead waited until the day before the hearing on the Motion for Leave to File Corrective Briefs to raise these issues (ECF No. 194). Had Elite Creators timely raised these issues, Plaintiffs would have addressed them before the hearing in their Reply in Support of the Motion for Leave to File Corrective Briefs.

sorry for this error. If Plaintiffs are granted leave to file corrective briefs, they will include this correction. But regardless of whether that motion is granted, they correct it here for the Court.

The proposed redline of that change would look as follows:

> personnel operating through Creator accounts. FAC ¶¶ 111–112, 452, 455. The agencies managed chat interactions that prompted video unlocks and upsells, often using preloaded scripts and pricing tiers, in ways designed to maximize Fan spending. FAC ¶¶ ~~222–227~~75, 109–112, 151, 189.

Elite Creators also noted that Plaintiffs' citation to *In re Hulu Privacy Litigation*, 86 F. Supp. 3d 1090 (N.D. Cal. 2015), is inaccurate. ECF No. 194 at 6–7. Plaintiffs cited *In re Hulu*, (along with another case) for the following proposition: "Courts have routinely recognized that entities may qualify as video providers even if they deliver content through a third-party platform." ECF No. 142 at 22. *In re Hulu* does stand for that proposition, but the parenthetical erroneously talked about Hulu's liability, stating: "streaming platform liable under VPPA for disclosures tied to its embedded video player." *Id.* Undersigned counsel sought to correct the errors injected in the briefs by Ms. Boyd's AI, and to fix those as expeditiously as possible and before the hearing. As a result, counsel reviewed 102 actual cases cited across four briefs. ECF No. 190 at 8. But counsel failed to catch this error in their review. Undersigned counsel regrets the error. The parenthetical should have been corrected to say: "streaming platform is a video provider under VPPA for disclosures tied to its embedded video player." If Plaintiffs are granted leave to file corrective briefs, they will include this correction. Regardless of whether that motion is granted, they correct it here for the Court as is required.

The proposed redlines of that change would look as follows:

> not insulate them from VPPA liability. Courts have routinely recognized that entities may qualify as video providers even if they deliver content through a third-party platform. *See In re Vizio*, 238 F. Supp. 3d at 1221 (manufacturer that sold smart TVs and tracked viewing data could qualify under the VPPA); *In re Hulu*, 86 F. Supp. 3d at 1095, 1098 (streaming platform ~~liable~~ is a video provider under VPPA for disclosures tied to its embedded video player).

Plaintiffs' counsel file this reply to correct the record, as required, and to be fully transparent with the Court.

## II.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court take into consideration these facts and the circumstances surrounding these corrections when issuing any sanctions.

DATED: September 29, 2025          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Robert B. Carey*

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
          leonarda@hbsslaw.com
          michellak@hbsslaw.com

Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101

Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Andrea R. Gold (*pro hac vice*)
David A. McGee (*pro hac vice*)
Shana H. Khader (*pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
          dmcgee@tzlegal.com
          skhader@tzlegal.com

Keith T. Vernon (*pro hac vice*)
TIMONEY KNOX LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Facsimile: (215) 540-2643
Email: kvernon@timoneyknox.com

Andrew W. Knox (*pro hac vice*)
TIMONEY KNOX LLP
400 Maryland Ave.
Fort Washington, PA 19034
Phone: (215)540-2643
Facsimile: (215) 540-2643
Email: aknox@timoneyknox.com

Andrew C. Stone (*pro hac vice*)
Seth T. Goertz (*pro hac vice*)
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
          goertz.seth@dorsey.com

*Counsel for Plaintiffs*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,110 words which complies with the word limit of L.R. 11-6.1.

Dated: September 29, 2025

        HAGENS BERMAN SOBOL SHAPIRO LLP
        */s/ Robert B. Carey*
        Robert B. Carey