___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: December 12, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Damian Velazquez for Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING MOTION FOR LEAVE TO WITHDRAW ECF NOS. 138, 141, 142, AND 158, AND FILE CORRECTIVE BRIEFS [176] AND IMPOSING SANCTIONS [187]**

  Before the court are (1) Plaintiff N.Z., Plaintiff R.M., Plaintiff B.L., Plaintiff S.M., and Plaintiff A.L. (collectively, "Plaintiffs") Motion for Leave to Withdraw ECF Nos. 138, 141, 142, and 158, and File Corrective Briefs, (Dkt. 176 ("Motion" or "Mot.")), and (2) the Order to Show Cause Regarding AI-Generated Content in Opposition Briefs, (Dkt. 187 ("OSC")). Defendant Fenix International Limited and Defendant Fenix Internet LLC (together, "Fenix Defendants") oppose the Motion. (Dkt. 185 ("Opp.").) Plaintiffs filed a reply in support of the Motion. (Dkt. 190.) The parties fully briefed the OSC. (Dkts. 193, 194, 199.) The court held a hearing on the Motion and OSC on September 25, 2025. (Dkt. 196.) Based on the state of the record, as applied to the applicable law, the Motion is **DENIED**, and the court **IMPOSES** sanctions.

I. **Background**

  Plaintiffs' Counsel Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), and in particular Robert Carey ("Carey"), has a professional relationship with Celeste Boyd ("Boyd"). (Dkt. 176-1 (Declaration of Robert B. Carey, "Carey Decl.") ¶ 5.) During the time Boyd worked with Carey, Carey found Boyd's work product to be exemplary, professional, meticulously researched, and sophisticated in its level of legal analysis. (*Id.* ¶ 6.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC						Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

In this case, Boyd has a "co-counsel relationship with Hagens Berman." (Dkt. 190-1 (Second Declaration of Robert B. Carey) ¶ 3.) Boyd was tasked with helping draft, compile, and finalize the (1) Response in Opposition to Fenix Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue, (2) Response in Opposition to Defendants' Motion to Strike Claims of Non-California Defendants and Fenix Defendants' Motion for Request for Judicial Notice, (3) Consolidated Response in Opposition to the Agency Defendants' Motions to Dismiss the First Amended Complaint, and (4) Response in Opposition to Fenix Defendants' Motion for Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal. (Carey Decl. ¶¶ 8, 13.) Hagens Berman and Boyd were tasked with finalizing the briefs and filing them. (*Id.* ¶ 13.) Hagens Berman conferred extensively with Boyd in developing the arguments but when the filing deadline arrived, Boyd was still editing and merging sections of the briefs. (*Id.* ¶¶ 11, 13.) Given the delay and the quality of Boyd's previous work, Hagens Berman did not perform a full cite-check on her work. (*Id.* ¶¶ 11, 13, 23.) It turned out Boyd had used AI to draft the briefs.

The following briefs contain AI-Generated Content: (1) Consolidated Response in Opposition to Defendants' Motion to Strike Claims of Non-California Defendants and Fenix Defendants' Motion for Request for Judicial Notice, (Dkt. 138); (2) Response in Opposition to Defendants Fenix International Limited's and Fenix Internet LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue, (Dkt. 141); (3) Consolidated Response in Opposition to the Agency Defendants' Motions to Dismiss the First Amended Complaint, (Dkt. 142); and (4) Response in Opposition to Defendants Fenix International Limited's and Fenix Internet LLC's Motion for Partial Reconsideration or Alternatively Certification of an Interlocutory Appeal, (Dkt. 158) (collectively, "Opposition Briefs"). The identified errors in the Opposition Briefs fall into four categories: (1) hallucinated authority, (2) authority cited for the correct proposition but with an incorrect quotation or parenthetical, (3) authority cited for the incorrect proposition and/or mischaracterized, and (4) incorrect record cites, including a mischaracterization of the court's prior order. (Dkt. 176-2 (Declaration of Celeste H.G. Boyd, "Boyd Decl.") App. A.)

At the time the Opposition Briefs were being drafted, Boyd was dealing with personal issues, including her father being in hospice. (Boyd Decl. ¶¶ 11, 13.) As Boyd's personal stress mounted, she relied on ChatGPT to draft larger portions of the briefs, analyze the legal research

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: December 12, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

she performed, and combine and shorten work provided by other attorneys. (*Id.* ¶ 18.) However, Boyd failed to realize when, and to what extent, ChatGPT was modifying her research and writing—supplementing and/or cross-pollinating concepts and authorities from outside sources despite being explicitly instructed not to do so. (*Id.*) Boyd failed to check the accuracy of the Opposition Briefs because she ran out of time. (*Id.*) And finally, Boyd failed to communicate with her colleagues that she used ChatGPT to assist with the briefs and that she failed to review the AI-generated material. (*Id.* ¶ 19.) Although Hagens Berman was aware Boyd's father was having medical issues, Hagens Berman did not notice anything unusual in Boyd's work during the briefing process or conferences. (Carey Decl. ¶ 15.) Because of the "the close relationship, long history, and [Boyd's] role on the project of helping finalize the brief for filing," Hagens Berman did not follow its standard practice of proofing and checking sections or contributions by other firms. (*Id.* ¶¶ 10-11.)

In the early evening of July 17, 2025, Hagens Berman staff identified some inaccurate citations to paragraphs in the First Amended Complaint. (*Id.* ¶ 23.) Although Hagens Berman thought the inaccurate cites could have been from someone using AI, Carey remarked to a partner, "CB [Celeste] would never" use AI. (*Id.*) To help ensure AI was not used, Carey ran reporter cites to confirm the cases pulled up were the same names and subject matter that was in the briefs, but he did not check the parenthetical quotes. (*Id.*) Carey is now aware that the Opposition Briefs did not comply with the court's Civil Standing Order regarding the use of Artificial Intelligence and contain hallucinated material. (*Id.* ¶¶ 23-24.) On September 4, 2025, the court ordered Plaintiffs' Counsel to show cause at an in-person hearing why Plaintiffs' Counsel "should not be sanctioned under Rule 11 and the court's inherent power for the misuse of Artificial Intelligence" in the Opposition Briefs. (OSC.)

**II.   Motion for Leave to Withdraw Opposition Briefs**

Plaintiffs move for leave to withdraw the Opposition Briefs and file corrective briefs mainly for two reasons. (Mot. at 13-26.)[1] First, Plaintiffs were not attempting to deceive the court or Fenix Defendants, and the motions should be heard on their merits. (*Id.* at 13-18.) Second, Plaintiffs argue the proposed changes will minimize prejudice to Fenix Defendants.

---

[1] All citations refer to CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                                     Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

(*Id.* at 18-25.)  Fenix Defendants respond that Plaintiffs' counsel failed to review or supervise filings on multiple occasions, that allowing Plaintiffs to amend the Opposition Briefs will prejudice Defendants, and that Plaintiffs' Counsel's efforts to excuse their misconduct lack merit.  (Opp. at 11-25.)

     The court finds Plaintiffs fail to sufficiently demonstrate that the court should grant leave to file the corrective briefs.  The court acknowledges Plaintiffs' admission of fault and efforts to fix the Opposition Briefs, (*see generally* Carey Decl.; Dkts. 176-2 to 176-10), and the court has compassion for Boyd's personal situation, (*see generally* Boyd Decl.).  The court will consider these efforts and circumstances in the court's determination of sanctions.  However, as Fenix Defendants explain, (*see* Opp. at 17-18), significant time and resources were already spent responding to the Opposition Briefs, including the time spent identifying the AI hallucinations.  (*See, e.g.*, Dkts. 163, 165, 166, 167, 169-71, 173, 174.)  At the hearing, Defendant Moxy Management's Counsel highlighted how some of the defendants are small agencies that are seriously impacted by the litigation costs, especially when they must divert their limited resources and time to respond to Plaintiffs' AI misuse.  (Dkt. 196.)  The court finds that allowing Plaintiffs to file corrective briefing would not remediate, but rather exacerbate, the harm on defendants in this case.  *See, e.g.*, *Mavy v. Comm'r of Soc. Sec. Admin.*, 2025 WL 2355222, at *9 (D. Ariz. Aug. 14, 2025) (declining to permit counsel to file briefs correcting AI hallucinations as it does not remediate the waste and harm from the misconduct); *Johnson v. Dunn*, 2025 WL 2086116, at *16 (N.D. Ala. July 23, 2025) (same).

     Moreover, the court observes that there are *still* errors in the corrective briefing Plaintiffs wish to file despite Carey certifying that he "verified the full content of the corrective briefs are accurate and any originally artificially generated content complies with [his] obligations under Rule 11 of the Federal Rules of Civil Procedure."  (Carey Decl. ¶ 26.)  For example, in the Corrective Consolidated Response in Opposition to the Agency Defendants' Motions to Dismiss, Plaintiffs state the following: "The agencies managed chat interactions that prompted video unlocks and upsells, often using preloaded scripts and pricing tiers, in ways designed to maximize Fan spending. FAC ¶¶ 222-227."  (Dkt. 176-8 at 31 ("Corrected Opposition").)  However, the cited allegations refer to Content X, and do not support Plaintiffs' statement.  (*Compare id. with* Dkt. 118 (First Amended Complaint, "FAC") ¶¶ 222-227.)  In another example, in the Corrective Response in Opposition to Fenix Defendants' Motion to Dismiss for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                                  Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue, Plaintiffs state the following: "Executives promoted the platform alongside California-based Creators at public events.  FAC ¶ 142.  Fenix co-sponsored campaigns with Agency Defendants, including one featured at Miami Swim Week—but importantly, that campaign was launched and promoted by a California-based Agency Defendant.  FAC ¶ 143."  (Dkt. 176-6 at 16.)  Again, these cited allegations do not support Plaintiffs' statement, and instead refer to OnlyFans' data collection.  (*See* FAC ¶¶ 142-43.)  In yet another instance, Plaintiffs cite *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1092 (N.D. Cal. 2015) and include the following parenthetical, "(streaming platform liable under VPPA for disclosures tied to its embedded video player)."  (Dkt. 176-8 at 31-32.)  Plaintiffs' characterization of the case is incorrect because the court granted summary judgment in favor of Hulu—the very "streaming platform" Plaintiffs claim was found liable.  *See In re Hulu Priv. Litig.*, 86 F. Supp. 3d at 1105 ("For this reason, the court grants Hulu's motion for summary judgment.  The Second Amended Complaint (ECF No. 83) is dismissed with prejudice.").

For all of these reasons, the court **DENIES** the Motion.  *See, e.g.*, *Mavy*, 2025 WL 2355222, at *9; *Johnson*, 2025 WL 2086116, at *16; *Noland v. Land of the Free, L.P.*, 114 Cal. App. 5th 426 (2025) (declining to permit the filing of revised briefs and imposing sanctions).

### III.   OSC Regarding Sanctions

####   A.   Legal Standards

Federal Rule of Civil Procedure 11(b) provides, in relevant part, "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b).  "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  Fed. R. Civ. P. 11(c)(3).  Courts have "wide discretion in determining the appropriate sanction for a Rule 11 violation."  *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: December 12, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

1156, 1163 (9th Cir. 1987). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1).

The Second Circuit has stated that, "[a]t the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely. Indeed, we can think of no other way to ensure that the arguments made based on those authorities are warranted by existing law, or otherwise legally tenable." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (citation modified). "The signing attorney cannot leave it to some trusted subordinate, or to one of his partners, to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he personally has applied his own judgment." *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 125 (1989). District courts have concluded that parties violate Rule 11 when they cite to non-existing cases fabricated by AI and to cases that do not stand for the propositions put forth. *See Mavy*, 2025 WL 2355222, at *6 (collecting cases). The court may also impose sanctions under the court's inherent authority where the litigant engaged in "bad faith or willful disobedience of a court's order." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001); *Lacey v. State Farm Gen. Ins. Co.*, 2025 WL 1363069, at *35 (C.D. Cal. May 5, 2025) (similar).

    **B.**    **Discussion**

The court ordered Plaintiffs' Counsel to show cause on why Plaintiffs should not be sanctioned under Rule 11 and the court's inherent power for the misuse of AI. (OSC.) The court declines to impose sanctions under its inherent authority, which requires a finding of bad faith. *See, e.g.*, *Mavy*, 2025 WL 2355222, at *11 (declining to find counsel acted in bad faith for AI misuse or to sanction under the court's inherent authority); *United States v. Cohen*, 724 F. Supp. 3d 251, 254, 258-59 (S.D.N.Y 2024) (declining to find bad faith where counsel explains failure to review citations before submitting them to the court, represents they were honest and unfortunate mistakes, and had no intention to deceive the court).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                                      Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

However, the court finds that sanctions are warranted under Rule 11 against Robert Carey, Hagens Berman, and Celeste Boyd for the misuse of AI and submitting AI-tainted Opposition Briefs to the court.[2] *See Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) ("A violation of [Rule 11] does not require subjective bad faith."). By presenting the Opposition Briefs to the court, Carey certified that the legal contentions were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The court finds Carey and Hagens Berman violated Rule 11 because the Opposition Briefs' legal contentions were supported by hallucinated authority and mischaracterized existing authority and record cites. *See id.*; (Carey Decl. ¶¶ 10-11, 13-14, 23). Moreover, Carey and Hagens Berman have a duty to meaningfully supervise Boyd's work under the California Rules of Professional Conduct. *See* C.D. Cal. L.R. 83-3.1.2 ("In order to maintain the effective administration of justice and the integrity of the Court, each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto."). Although Carey and Hagens Berman were not aware that AI was used in the Opposition Briefs at the time of filing, (Carey Decl. ¶ 23), they had a duty to "make reasonable efforts to ensure that the other lawyer complies with these rules and the State Bar Act." Cal. R. Prof'l Conduct 5.1(b). Here, Boyd states that she was not mindful of the court's Civil Standing Order on the use of AI, and the record reflects that she was not aware of the rules regarding AI-use generally. (Boyd Decl. ¶¶ 14-21.) Accordingly, the court finds that sanctions against Carey and Hagens Berman are appropriate. *See* Fed. R. Civ. P. 11; *Park*, 91 F.4th at 615 ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely."); *see also, e.g.*, *Mavy*, 2025 WL 2355222, at *9-10 (issuing sanctions where counsel failed to adequately supervise the attorneys working for her to ensure the brief's accuracy and her defense was that she did not know AI was likely used); *Oneto v. Watson*, 2025 WL 2901666, at *2 (N.D. Cal. Oct. 10, 2025) ("By including such unchecked authorities in his submission, Quesada violated Rule 11.").

---

[2] The court declines to sanction other counsel representing Plaintiffs because they did not use AI and were not involved in finalizing the briefs. (Carey Decl. ¶¶ 9, 13.)

**CIVIL MINUTES – GENERAL**                                                                                    7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: December 12, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

The court further finds sanctions against Boyd are appropriate because she used ChatGPT to assist in drafting the Opposition Briefs but failed to verify the validity of the AI-generated material. Here, Boyd states that she used ChatGPT "to draft larger portions of the briefs, analyze the legal research [she] performed, and combine and shorten work provided by other attorneys on the case." (Boyd Decl. ¶ 18.) Boyd admits that she failed to realize when, and to what event, ChatGPT was modifying her research/writing—supplementing and/or cross-pollinating concepts and authorities. (*Id.* ¶¶ 18-19.) Because Boyd misused AI by failing to verify the validity of the AI-generated material and modifications, the court finds sanctions are appropriate under Rule 11. *See* Fed. R. Civ. P. 11; *Park*, 91 F.4th at 615; *Lacey*, 2025 WL 1363069, at *3 ("Even with recent advances, no reasonably competent attorney should out-source research and writing to this technology – particularly without any attempt to verify the accuracy of that material."); *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, 2025 WL 574234, at *2 (S.D. Ind. Feb. 21, 2025) ("It is one thing to use AI to assist with initial research, and even non-legal AI programs may provide a helpful 30,000-foot view. It is an entirely different thing, however, to rely on the output of a generative AI program without verifying the current treatment or validity—or, indeed, the very existence—of the case presented.").

### IV. Disposition

For the reasons stated above, the court **DENIES** the Motion. The court **IMPOSES** sanctions because of the AI misuse by Carey, Hagens Berman, and Boyd. The court acknowledges Plaintiffs' Counsel's admission of fault, (*see* Mot. at 14), proactivity in remedying these mistakes and subsequent remedial measures, (*see* Carey Decl. ¶¶ 20-22), and the court has compassion for Boyd's personal circumstances, (*see generally* Boyd Decl). Without these considerations, the court would have imposed greater sanctions. Accordingly, the court **ORDERS** the following under Rule 11:

1. Carey and Hagens Berman shall jointly and severally pay the court $10,000 within seven (7) days.

2. Boyd shall pay the court $3,000 within seven (7) days.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: December 12, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

3. Carey and/or Hagens Berman shall send each Plaintiff a copy of this Order within three (3) days.

4. Carey and Hagens Berman shall provide the court with a status report regarding all corrective and preventive measures taken because of the AI misuse within fourteen (14) days of this order, including any future measures that will be taken. The court may order further status reports if it deems necessary.

5. Hagens Berman and/or Carey shall include a certification with all subsequent briefing in this case stating that all citations were checked and accurately reflect the propositions put forth.

6. The Clerk of Court is directed to serve a copy of this Order on the California State Bar Association, of which Boyd is a member, (Boyd Decl. ¶ 1), and on the Arizona State Bar Association, of which Carey is a member, (Carey Decl. ¶ 1), so the bar associations may take any action they deem appropriate.

7. The court's OSC is discharged.


cc: Fiscal Section of the Clerk's Office

_____