UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01655-FWS-SSC                                  Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Damian Velazquez for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                   Attorneys Present for Defendants:

Not Present                                                           Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING FENIX DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION, OR, ALTERNATIVELY, CERTIFICATION FOR INTERLOCUTORY APPEAL [147, 159, 160, 161, 172]**

Before the court is Defendant Fenix International Limited and Defendant Fenix Internet LLC (together, "Fenix Defendants") Motion for Partial Reconsideration, or, Alternatively, Certification of that Order for an Interlocutory Appeal. (Dkt. 147 ("Motion" or "Mot.").) Defendant Elite Creators LLC, Defendant Unruly Agency LLC, Defendant Behave Agency LLC, Defendant Verge Agency, and Defendant Moxy Management join the Motion. (Dkts. 159, 160, 161, 172.) Plaintiff N.Z., Plaintiff R.M., Plaintiff B.L., Plaintiff S.M., and Plaintiff A.L. (collectively, "Plaintiffs") oppose the Motion. (Dkt. 158 ("Opp.").) Fenix Defendants filed a reply in support of the Motion. (Dkt. 167.) The court held a hearing on the Motion on September 4, 2025. (Dkt. 186.) Based on the state of the record, as applied to the applicable law, the Motion is **DENIED.**

I.   Background

   A.   Summary of First Amended Complaint's Allegations

Plaintiffs bring this putative class action for (1) violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), (2) RICO conspiracy, (3) violation of the Federal Video Privacy Protection Act, (4) violation of the California Comprehensive Data Access and Fraud Act, (5) violation of the California's Invasion of Privacy Act, (6) violation of the Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: December 12, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

Wiretap Act, (7) breach of contract, (8) fraud, (9) deceit, (10) violation of California's False Advertising Law, and (11) violation of California's Unfair Competition Law. (*See generally* Dkt. 118 ("FAC").)

    Plaintiffs are residents of California, Tennessee, Georgia, and Wisconsin and users of the website OnlyFans. (*Id.* ¶¶ 28-38.) Plaintiffs allegedly used and/or subscribed to the OnlyFans website for various periods between 2018 to 2025. (*See, e.g.*, *id.* ¶ 250 (Plaintiff N.Z. used OnlyFans from 2020 to present); ¶ 263 (Plaintiff R.M. used OnlyFans from 2019 to 2023); ¶ 279 (Plaintiff B.L. used OnlyFans from 2020 to present); ¶ 291 (Plaintiff S.M. used OnlyFans from 2018 to 2024); ¶ 308 (Plaintiff A.L. used OnlyFans from 2021 to 2024).) As OnlyFans users, Plaintiffs subscribe to one or more creators represented by Defendants Boss Baddies, LLC, Moxy Management, Unruly Agency LLC, Dysrpt Agency, Behave Agency LLC, A.S.H. Agency, Context X, Inc., Verge Agency, Inc., and Elite Creators LLC (collectively, "Agency Defendants"). (*Id.* ¶¶ 25, 46-54.)

    Fenix International Limited is a private limited company that owns and operates the OnlyFans website and social media worldwide through various subsidiaries. (*Id.* ¶ 39.) Fenix Internet LLC is a Delaware limited liability company and wholly owned subsidiary of Fenix International Limited. (*Id.* ¶ 42.) Upon information and belief, Fenix Internet LLC directly or indirectly collects and receives all OnlyFans-related payments from United States users at the direction of Fenix International Limited. (*Id.*)

    Plaintiffs allege that Fenix Defendants, in cooperation with the Agency Defendants, operate a fraudulent scheme whereby Fenix Defendants charge OnlyFans subscribers to communicate directly with creators, purport to connect subscribers with creators, and instead connect subscribers with "professional chatters" hired to impersonate creators and convince users to spend more money on the website. (*See, e.g.*, *id.* ¶¶ 1-18.) The "Chatter Scams" allegedly involve "massive breaches of confidentiality and privacy violations" and violate OnlyFans' Terms of Service and Privacy Policy by distributing subscribers' "intimate communications and private and/or personal information" to unauthorized parties. (*See, e.g.*, *id.* ¶¶ 5, 155-71.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                      Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

---

    **B.**        The OnlyFans Terms of Service

     The Terms of Service govern the relationship between Fenix Defendants and users. (Dkt. 60-1 (Declaration of Lee Taylor, "Taylor Decl.") ¶ 12, Ex. A ¶ 1.) Starting in July 2018, OnlyFans has required users to agree to the Terms of Service when creating an account on the website; users create an account by filling out their name, email, and password, and then clicking a "sign up" button. (Taylor Decl. ¶¶ 22-27, Ex. C.) The "sign up" button appears above text stating, "[b]y signing up you agree to our Terms of Service and Privacy Policy[] and confirm that you are at least 18 years old." (*Id.* ¶¶ 22-26, Ex. C.) The phrases "Terms of Service" and "Privacy Policy" appear in blue and contain hyperlinks to the relevant policies. (*Id.* ¶ 24, Ex. C.)

     OnlyFans employs a similar process for amendments to the Terms of Service. For the December 2021 amendment, OnlyFans sent all users a message through the website before the amendment took effect, which stated the Terms of Service were being updated, listed the effective date of the update, shared a hyperlink to the updated Terms of Service, summarized the relevant changes, and informed users that they agree to comply with the updated terms by continuing to use OnlyFans. (*Id.* ¶¶ 28-29, Ex. D.) OnlyFans also sent users an alert on the first day they logged into the website after the amendment went into effect stating: "Our Terms of Service have been updated on December 15, 2021. To continue using our service, please confirm you have read and agree with our Terms of Service." (*Id.* ¶¶ 31-33, Ex. E.) The alert contained a hyperlink to the updated Terms of Service and required users to click "accept" to continue using the website. (*Id.* ¶ 33.)

     The Terms of Service include a forum selection clause and choice-of-law provision applicable to OnlyFans users, which state, in pertinent part:

> <u>Consumers - Law</u>: If you are a consumer, your agreement with us is governed by English law and English law will apply to (i) any claim that you have arising out of or in connection with your agreement with us or your use of OnlyFans, and (ii) any claim that we have against you that arises out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01655-FWS-SSC   Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

> claims).  You will also be able to rely on mandatory rules of the law of the country where you live.
>
> <u>Consumers - where claims must be brought</u>:
> . . .
> If you are a consumer resident **outside** of the United Kingdom or the European Union, any claim which you have or which we have arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales.
> . . .

(*Id.*, Exh. A ¶ 16(a).)

### C. Procedural History

On April 9, 2025, the court granted in part and denied in part Fenix Defendants' Motion to Dismiss Complaint for Forum Non Conveniens.  (Dkt. 117 ("Prior Order").)  In the Prior Order, the court found that the broad scope of the forum selection clause covered Plaintiffs' claims.  (*Id.* at 7.)  However, the court found that the limitations on class actions in English or Welsh courts would substantially diminish the rights of California residents to bring consumer class actions.  (*Id.* at 11-12.)  The court also found that the forum selection clause would substantially diminish the rights of California residents by effectively waiving their right to a civil jury trial.  (*Id.* at 13.)  Accordingly, the court found Plaintiffs had demonstrated that the forum selection clause is unenforceable as to California resident plaintiffs N.Z. and R.M.  (*Id.* at 13.)

Regarding B.L., S.M., and A.L., the court concluded that enforcing the forum selection clause against these plaintiffs would not contravene California public policy in favor of consumer class actions.  (*Id.* at 14.)  The court found the out-of-state plaintiffs failed to demonstrate that the public interest factors overwhelmingly disfavor dismissal.  (*Id.* at 15-16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC     Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

## II.     Legal Standards

Fenix Defendants seek relief under Federal Rules of Civil Procedure 59(e) and 60, Central District of California Local Rule 7-18, and 28 U.S.C. §1292(b).  (Mot. at 2.)

### A.     Federal Rules of Civil Procedure 59(e) and 60, Central District of California Local Rule 7-18

Relief under Rule 59(e) should not be granted "unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original).  "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School District No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quotation marks omitted).

Moreover, in the Central District of California, "motions for reconsideration are governed by Local Rule 7-18." *Milton H. Green Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008). In relevant part, Local Rule 7-18 states:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: December 12, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

### B. 28 U.S.C. § 1292(b)

In general, an order is appealable only if it represents the final judgment in the action. *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). However, 28 U.S.C. § 1292(b) sets forth a "narrow" exception to the final judgment rule—one that is only appropriate under "rare" and "exceptional circumstances," and "not . . . . merely to provide review of difficult rulings in hard cases." *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (explaining that "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly" and applied only in "rare circumstances"). Certification to appeal an order that is not a final judgment under Section 1292(b) is only appropriate when: (1) the order "involves a controlling question of law," (2) the question is one "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

## III. Analysis

Fenix Defendants move for reconsideration, arguing that a change of law occurred after the Prior Order was issued in the California Supreme Court's decision in *EpicentRx, Inc. v. Superior Court*, 334 Cal. Rptr. 3d 702 (Cal. 2025). (Mot. at 1-2, 14-19.) Fenix Defendants alternatively request the court to certify its Prior Order for an interlocutory appeal if the court declines to reconsider its Prior Order. (*Id.* at 19-24.)

### A. Reconsideration

Fenix Defendants argue that reconsideration is appropriate here because *EpicentRx* overturned the two public policy rationales the court relied on in the Prior Order. (Mot. at 14-19.) First, Fenix Defendants contend the forum selection clause is not unenforceable simply because it requires parties to litigate in a jurisdiction that does not provide Plaintiffs with the same civil jury trial rights as California courts provide. (*Id.* at 15.) Second, Fenix Defendants assert that the court's class-action rationale applies only when a plaintiff's claims are subject to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-01655-FWS-SSC | Date: December 12, 2025 |
| Title: N.Z. *et al.* v. Fenix International Limited *et al.* | |

a CLRA-like anti-waiver provision. (*Id.* at 16-18.) Plaintiffs respond that *EpicentRx* did not overturn the court's class-action rationale. (Opp. at 9-13.)

The court finds that Fenix Defendants fail to adequately demonstrate a material change in law. *See* C.D. Cal. L.R. 7-18; Fed. Rs. Civ. P. 59(e) & 60. Previously, the court denied in part Fenix Defendants' Motion to Dismiss Complaint for Forum Non Conveniens because the forum selection clause (1) would substantially diminish the rights of California residents to bring consumer class actions and (2) effectively waives their right to a civil jury trial. (Prior Order at 11-13.) In *EpicentRx*, the California Supreme Court held that "[a] forum selection clause is not unenforceable simply because it requires the parties to litigate in a jurisdiction that does not afford civil litigants the same right to trial by jury as litigants in California courts enjoy." 334 Cal. Rptr. 3d at 708. The court agrees with Fenix Defendants that the forum selection clause is not unenforceable solely because it waives Plaintiffs' civil jury trial rights. (Mot. at 15.) However, Plaintiffs' civil jury trial rights were not the only bases for finding that the forum selection clause was unenforceable against N.Z. and R.M. (Prior Order at 13.) The court's finding that "the limitations on class actions identified by Plaintiffs would 'substantially diminish' the rights of California residents to bring consumer class actions" was a separate basis for declining to enforce the forum selection clause and was unaffected by *EpicentRx*. (*Id.* at 11-12.) Critically, the California Supreme Court noted in *EpicentRx* that they "consider in th[at] matter only whether the lower courts were correct to decline enforcement of the forum selection clause on public policy grounds based solely on the clause's impact on plaintiff's jury trial right." 334 Cal. Rptr. 3d at 722; *id.* at 715 n.4 ("We have no occasion in this matter to consider other potential grounds for declining to enforce a forum selection clause."). Moreover, the California Supreme Court did not "foreclose the possibility that the extent of a civil jury trial right in the selected forum may otherwise be relevant to the enforceability of a forum selection clause." *Id.* at 708. It appears the court may still consider Plaintiffs' civil jury trial rights, in conjunction with the class-action rationale, to conclude that the forum selection clause was unenforceable. *See id.* Accordingly, the court finds that Fenix Defendants fail to adequately demonstrate a material change in law and therefore the court **DENIES** the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01655-FWS-SSC                                   Date: December 12, 2025
Title: N.Z. *et al.* v. Fenix International Limited *et al.*

### B.  Certification for an Interlocutory Appeal

Fenix Defendants argue that the court should certify the Prior Order for an interlocutory appeal because, among other reasons, *EpicentRx* raises substantial grounds for disagreement. (Mot. at 19-24.)  Plaintiffs respond that Fenix Defendants fail to demonstrate substantial grounds for disagreement because *EpicentRx* did not overturn the court's separate class-action rationale.  (Opp. at 19.)

The court finds Fenix Defendants fail to demonstrate that *EpicentRx* raises substantial grounds for disagreement.  As discussed above and in *EpicentRx*, the California Supreme Court explicitly stated that it was considering only whether lower courts were correct to decline enforcement of forum selection clauses *solely* on the clause's impact on plaintiffs' civil jury trial rights.  334 Cal. Rptr. 3d at 722 (emphasis added); *id.* at 715 n.4.  The California Supreme Court did not address this court's class-action rationale.  *See generally id.*  Moreover, Plaintiffs' civil jury trial rights may still be relevant in determining the enforceability of a forum selection clause.  *See* 334 Cal. Rptr. 3d at 708; *id.* at 722 ("We need not and do not consider whether California's strong public policy in favor of the right to a jury trial might be relevant, in combination with other factors, to the enforceability of a forum selection clause in other contexts or under other theories.")  Because the court finds Fenix Defendants failed to demonstrate that *EpicentRx* raises substantial grounds for disagreement, the court concludes Fenix Defendants have not met their burden to establish "all three § 1292(b) requirements."  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *see also Jackson-Jones v. Epoch Everlasting Plan, LLC*, 2024 WL 3221738, at *3 (C.D. Cal. May 10, 2024) ("As § 1292(b) is conjunctive, Defendants must establish all three requirements.").  Accordingly, the court determines that this is not one of the "rare" and "exceptional circumstances" in which the "narrow" exception to the final judgment rule applies.  *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

### IV.  Disposition

For the reasons stated above, the Motion is **DENIED**.