BETY JAVIDZAD (SBN 240598)
bety.javidzad@dentons.com
SAMANTHA FAHR (SBN 299409)
samantha.fahr@dentons.com
POOJA L. SHAH (SBN 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213 623 9300 / Fax: 213 623 9924

MICHAEL GEHRET (SBN 247869)
mike.gehret@dentons.com
TRINITY JORDAN (*Pro Hac Vice*)
trinity.jordan@dentons.com
JORDAN WESTGATE (*Pro Hac Vice*)
jordan.westgate@dentons.com
DENTONS DURHAM JONES & PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111-2184
Tel: 801 415 3000

Attorneys for Defendant
ELITE CREATORS LLC

DENTONS DURHAM JONES PINEGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | Case No. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANT ELITE CREATORS, MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: March 19, 2026<br>Time: 10 a.m.<br>Crtrm: 10D<br>Judge: Hon. Fred W. Slaughter<br><br>Complaint Served: 1/02/2026 |

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 19, 2026 at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, before the Honorable Fred W. Slaughter, United States District Judge of the Central District of California, Southern Division, in Courtroom 10D, Defendant Elite Creators ("Creators Inc.") will, and hereby does, move for an order dismissing the Class Action Complaint (the "Complaint") against Creators Inc. pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) for the following reasons:

**RICO And RICO Conspiracy** – Plaintiffs fail to state a RICO or RICO conspiracy claim because they have failed to: plead fraud with particularity, allege the existence of a racketeering enterprise, allege a common purpose of the RICO enterprise, allege any coordination among the alleged members of the RICO enterprise, allege Creators Inc. had a sufficient role in the operation or management of the RICO enterprise, or that Creators Inc. engaged in any conduct in furtherance of any such enterprise.

**Unfair Competition Law** – Plaintiffs' Unfair Competition Law claim also fails because it too is not pled with particularity and is based on the exact same alleged conduct supporting their other claims.

**Video Privacy Protection Act** – Creators Inc. adopts and incorporates Defendant Moxy Management's argument and points of authority regarding why Plaintiffs fail to state a claim under this statute. Plaintiffs fail to allege facts showing that Creators Inc. ever possessed any personally identifiable information covered by the statute or that Creators Inc. ever knowingly disclosed any such information outside of its ordinary course of business.

Creators Inc. adopts and incorporates Defendant Moxy Management's arguments and points of authority regarding the argument that the Court should

dismiss the claims brought by Plaintiffs B.L., S.M., and A.L. in the SAC against Creators Inc. on the basis of forum non conveniens because, as this Court previously found, their claims fall within the ambit of the forum selection clause in the Terms of Service agreed between Plaintiffs and Fenix Defendants and so cannot be brought here.

And finally, Creators Inc. hereby moves the Court to dismiss the SAC with prejudice against Creators Inc. as the SAC was filed based on the Court's Order allowing the Plaintiffs to amend the FAC to address the deficiencies identified in the Court's Order, whereas the Plaintiffs amended and did not reasonably attempt to cure those deficiencies but instead brought new claims.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the reply papers, the pleadings on file, and such other evidence and argument as the Court may receive. Pursuant to Local Rule 7-3, on May 16, 2025, counsel for Creators Inc. met and conferred with counsel for Plaintiffs on January 9, 2026 to discuss the grounds for its motion.

Dated: January 23rd, 2026

Respectfully submitted,

DENTONS US LLP

By: */s/ Trinity Jordan*
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION ........ I
MEMORANDUM OF POINTS AND AUTHORITIES ........ 1
I. INTRODUCTION ........ 1
II. FACTUAL BACKGROUND ........ 2
III. LEGAL STANDARDS ........ 3
IV. PLAINTIFFS' SECOND AMENDED COMPLAINT DOES NOT CURE THE DEFICIENCIES IN THE RICO CLAIMS THE COURT FOUND WHEN IT DISMISSED THE FIRST AMENDED COMPLAINT. ........ 4
A. Plaintiffs' Allegations Made "On Information and Belief" Are Insufficient to Meet Their Burden to Plead Fraud with Particularity. ........ 5
B. Plaintiffs Do Not Specifically Allege Any Fraudulent Statement Made By Creators Inc. to Any Plaintiff ........ 7
1. The Plaintiffs' Stories Section Of The SAC Does Not Allege The Specific Contents Of Any Statement Allegedly Made By Creators Inc. to Any Plaintiff. ........ 7
2. The RICO Causes Of Action Do Not Allege The Specific Content Of Any Statement Allegedly Made By Creators Inc. to Any Plaintiff. ........ 9
C. Plaintiffs Fail To Adequately Allege A RICO Enterprise That Included Creators Inc. ........ 11
1. Plaintiffs Have Not Alleged a Common Purpose of the RICO Enterprise Other Than the Ordinary Business Purpose of Increasing Revenue. ........ 12
2. Plaintiffs Have Not Alleged Any Coordination Among The Alleged Members of the RICO Enterprise. ........ 12
D. The Plaintiffs Fail to Allege That Creators Inc. Had a Sufficient Role in the Operation or Management of Either Enterprise to Meet the Standard of Section 1962(c). ........ 13
V. BECAUSE PLAINTIFFS FAIL TO ALLEGE A RICO VIOLATiON THEIR RICO CONSPIRACY CLAIM ALSO FAILS ........ 15
VI. THE PLAINTIFFS DO NOT ADEQUATELY ALLEGE UCL VIOLATIONS AGAINST CREATORS INC. ........ 15

A. The Plaintiffs Fail to Allege the UCL Violations with Particularity as Required by Rule 9 ........ 15
B. The Court's Order Did Not Clearly Grant Plaintiffs Leave to Add New Claims Against any Defendant. ........ 18
VII. PLAINTIFFS FAIL TO PLAUSIBLY PLEAD CREATORS INC. VIOLATED THE VPPA ........ 19
VIII. NON-CALIFORNIA PLAINTIFFs' CLAIMS SHOULD BE DISMISSED ON THE BASIS OF FORUM NON-CONVENIENS. ........ 20
CONCLUSION ........ 20

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

# TABLE OF AUTHORITIES

## Cases


*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................4
*Boyle v. United States*, 556 U.S. 938 (2009)....................5
*Dooley v. Crab Boat Owners Ass'n*, 2004 WL 902361(N.D. Cal. Apr. 26, 2004)...5
*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014) 5
*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004)....................4
*Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996)....................4
*In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880 (C.D. Cal. 2012)....................5
*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009)....................15
*Khalid v. Microsoft Corp.*, 2023 WL 2493730 (9th Cir. Mar. 14, 2023)....................15
*Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019)....................6
*Odom v. Microsoft Corp.*, 486 F.3d 541(9th Cir. 2007)....................12
*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007)....................4
*Tatung Co., Ltd. v. Hsu*, 2015 WL 11072178 (C.D. Cal. Apr. 23, 2015)....................14
*Twombly v. Iqbal*, 550 U.S. 544 (2007)....................4
*Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097 (9th Cir.2003)....................15, 16
*Walter v. Drayson*, 538 F.3d 1244 (9th Cir. 2008)....................14
*Wimo Labs LLC v. eBay Inc.*, 2016 WL 11507382 (C.D. Cal. Jan. 28, 2016) .......11


## Statutes


18 U.S.C. §§ 1962(c) .................... 4, 13, 14, 15
18 U.S.C. §§ 1964....................4
18 U.S.C..§ 1962(d)....................15
California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ............2, 15


## Rules


Fed. R. Civ. P. 9(b)....................4, 8, 16
Federal Rules of Civil Procedure 12(b)(6) .................... i, 4
Local Rule 7-3 .................... ii


DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On December 12, 2025 the Court issued an order (ECF No. 209) (the "**Order**") granting Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (ECF No. 118) (the "**FAC**"), including Defendant Elite Creators, LLC ("**Creators Inc.**") Motion to Dismiss (ECF No. 125). The Court's Order was lengthy and specific in its reasons for dismissing the FAC, making findings about the deficiencies in Plaintiffs RICO, RICO conspiracy, and Video Privacy Protection Act ("**VPPA**") claims. Order at 17–24.

The Court also dismissed the claims brought by the non-California Plaintiffs finding that the forum selection clause in the Terms of Service could be enforced for claims involving the non-signatory Agency Defendants because Plaintiffs' claims of misconduct were closely related to the Terms of Service. Order at 31–32.

The Court ordered that "[i]f Plaintiffs believe they can cure the deficiencies described in this Order" they could file a second amended complaint. Order at 34.

On January 2, 2026, Plaintiffs filed their Second Amended Complaint (ECF No. 218) (the "**SAC**").

Even a cursory review of the SAC makes it obvious that Plaintiffs ignored the Court's Order when they filed their Second Amended Complaint because they did not believe they could cure the deficiencies, or at least they did not bother to try to cure the primary deficiencies described in the Order. Indeed, the only deficiency Plaintiffs seem to have taken seriously was the lack of venue over Plaintiff R.M.'s claims: the FAC mentioned Los Angeles 10 times, whereas the SAC mentions Los Angeles 83 times presumably to establish a basis for venue over all the claims.

As for the other deficiencies the Court extensively catalogued, Plaintiffs did little, and in many cases nothing, to address them. Specifically, despite the Court's rulings on Plaintiffs failure to comply with Rule 9(b)'s requirement to allege fraud

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

claims with specificity in the FAC, the SAC uses virtually the same deficient language that failed in the FAC to allege its RICO claims against Creators Inc. in the SAC. The SAC does not allege the "who, what, when, where and who" of the alleged RICO predicate wire fraud violations. Nor do Plaintiffs allege any coordination, common purpose, or structure that are required to sustain a RICO claim.

Rather than cure the deficiencies described in the Court's Order, Plaintiffs multiplied them by filing additional substantive RICO claims, one for each Agency Defendant, even though they simply cut and pasted the flawed RICO claim from the FAC seven additional times while making only cosmetic changes to the claim. Multiplication did little to cure the deficiencies the Court identified in the Order and Plaintiffs' individual RICO claims in the SAC have the same flaws that were present in the FAC.

Plaintiffs added a new count for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("**UCL**"). The UCL claim is sound in fraud and therefore requires specificity in pleading, which Plaintiffs do not supply. The UCL claim is simply another incarnation of the deficient fraud allegations found in the RICO claims, and fares no better. Also, it is not clear that the Court's Order granting leave to amend contemplated Plaintiffs bringing new claims against any Defendant as the Plaintiffs had already filed a FAC.

Plaintiffs also failed to cure the deficiencies in their Video Privacy Protection Act (the "**VPPA**") claim. What few changes Plaintiffs made were to claim that Plaintiffs themselves disclosed personal details with chatters, such as their full name. But since they do not allege Creators Inc. disclosed those personal details to anyone, their amendments fail to cure the deficiencies the Court identified.

## II. FACTUAL BACKGROUND

Because the Court is familiar with the facts alleged by Plaintiffs in the FAC, which the Court summarized in the Order, an abbreviated summary of Plaintiffs'

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

allegations is included here.

Only Fans is a platform where content creators ("**Creators**") can post and sell content to fans, who can also choose to subscribe to Creators' Only Fans account. SAC ¶¶ 8–9. Only Fans also allows fans and subscribers to send messages to Creators. SAC ¶ 15. These direct messages are the core of Plaintiffs claims: they allege that in fact Creators hire management agencies who in turn hire so called "chatters" who respond to messages from fans on behalf of Creators. SAC ¶¶ 263–81. While there is no inherent cost to direct messaging a Creator, Plaintiffs allege that chatters are trained to respond to fans' messages by soliciting additional purchases of videos and pictures; also fans sometimes tip creators during messaging sessions. SAC ¶¶ 201–213.

Plaintiffs are five men who had Only Fans accounts and spent money to buy content from Creators. SAC ¶¶ 452–537. Although Plaintiffs allege that it is patently unbelievable that Creators could possibly be personally responding to the volume of messages they receive from fans (SAC ¶¶ 298, 376), nevertheless Plaintiffs allege that *they* believed it and counted on the fact that every message *they* received was personally composed by the Creators they subscribed to. *See, e.g.*, SAC ¶¶ 462–63, 478-79. At least Plaintiffs believed that until they spoke to their current lawyers, who persuaded them they had been lied to and enlisted them in the lawsuit. SAC ¶¶ 460, 476, 495, 512, 529.

Creators Inc. is a management agency that represents Creators and assists them with running their Only Fans accounts, including hiring chatters to respond to messages for its clients. SAC ¶¶ 340, 351. Plaintiffs believe that Creators Inc. manages "or at one point managed" seven specific Creators, including Stephanie Landor, Summer Soderstom, and McKinley Richardson, but they never say why they believe Creators Inc. managed these Creators or during what time period. SAC ¶ 349.

## III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6) a defendant can move to

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly v. Iqbal*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When making allegations of fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Also, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764–65 (citation modified).

## IV. PLAINTIFFS' SECOND AMENDED COMPLAINT DOES NOT CURE THE DEFICIENCIES IN THE RICO CLAIMS THE COURT FOUND WHEN IT DISMISSED THE FIRST AMENDED COMPLAINT.

A substantive civil RICO claim has five elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). "To show the existence of an enterprise under the second element, plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C)

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

longevity necessary to accomplish the purpose." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing *Boyle v. United States*, 556 U.S. 938, 946 (2009)).

To adequately allege a RICO violation by Creators Inc., Plaintiffs must specifically allege at least two predicate acts of wire fraud committed by Creators Inc. *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 914 (C.D. Cal. 2012) ("Where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant." (citation modified)); *Dooley v. Crab Boat Owners Ass'n*, No. C 02-0676 MHP, 2004 WL 902361, at *5 (N.D. Cal. Apr. 26, 2004). The Plaintiffs here do not adequately allege one predicate act against Creators Inc., let alone two.

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

### A. Plaintiffs' Allegations Made "On Information and Belief" Are Insufficient to Meet Their Burden to Plead Fraud with Particularity.

Because Plaintiffs say the fraudulent representations that were made to them were made by chatters working for specific Creators, Plaintiffs' first hurdle is adequately pleading that Creators Inc. was representing the specific Creators at the time the misrepresentations were made. In the Order the Court explained that one reason it was dismissing Plaintiffs claims was that "Plaintiffs allegations that, 'on information and belief,' Plaintiffs paid money to subscribe to Moxy-affiliated Creators, (FAC ¶ 187), [were] insufficient to allege Plaintiffs' wire fraud theory with particularity." Order at 21.

In the Order the Court referenced the allegations about Moxy in Paragraph 187 of the FAC; the FAC used identical language to make allegations about Creators Inc. in Paragraph 175:

> On information and belief, Creators Inc. manages or at one point managed the accounts of the following Creators, <u>who are followed by</u> either Plaintiff N.Z., Plaintiff B.L., Plaintiff S.M., and/or Plaintiff A.L.

FAC ¶ 175 (emphasis added).

The SAC's allegation is virtually identical:

> On information and belief, Creators Inc. manages or at one point managed the accounts of the following Creators, who were subscribed to by either Plaintiff N.Z., Plaintiff B.L., Plaintiff S.M., and/or Plaintiff A.L.

SAC ¶ 349 (emphasis added). The only difference between the allegation of the FAC, which the Court found deficient, and the allegation of the SAC is that Plaintiffs changed the language from "who are followed by" to "who were subscribed to by." Obviously, this change does nothing to address the lack of particularity identified by the Court.

Just as in the FAC, in the SAC Plaintiffs' only allegation that Creators Inc. had anything to do with the alleged fraud is the allegation, made on information and belief, that Creators Inc. "manages or at one point managed" Creators that Plaintiffs subscribed to. Plaintiffs could have addressed this concern by including a statement of facts setting forth the basis for their belief that Creators Inc. managed the relevant Creators, but they did not. *See* Order at 21, citing *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 493-94 (9th Cir. 2019) ("Allegations based on information and belief may suffice, so long as the allegations are accompanied by a statement of facts upon which the belief is founded." (citation modified)).

Crucially, Plaintiffs do not allege—even on information and belief—that Creators Inc. managed the Creators at the time of the allegedly fraudulent interactions between the Plaintiffs and the Creators. Instead, they allege, on information and belief, that ***at one point*** Creators Inc. managed certain Creators, and then they attribute the supposedly fraudulent interactions, the substance of which they also do not allege, between Plaintiffs and the Creators (or chatters impersonating the Creators) to

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Creators Inc. without alleging why they believe Creators Inc. was representing the Creators at the time of Plaintiffs' interactions with them.

The only connection between Creators Inc. and any of Plaintiffs' claims is the allegation that Creators Inc. managed, at some unspecified point, the Creators who Plaintiffs subscribed to and interacted with. Because the allegation that Creators Inc. represented those Creators is made on information and belief, Plaintiffs have not complied with Rule 9(b) with respect to their fraud claims against Creators Inc.

### B. Plaintiffs Do Not Specifically Allege Any Fraudulent Statement Made By Creators Inc. to Any Plaintiff

A second deficiency the Court identified in the Order that Plaintiffs did not attempt to address is that Plaintiffs failed to allege the specific content of any representation made by Creators Inc. to any Plaintiff. The Court specifically identified this deficiency: "Although Plaintiffs generally allege the Creators' representations of authentic communications online, the court finds that such allegations are insufficient to sufficiently allege wire fraud with particularity. Plaintiffs do not sufficiently allege the circumstances of such representations as it relates to Plaintiffs' claims, particularly which specific representations by Agency Defendants were relied on by Plaintiffs." Order at 21. Plaintiffs did nothing to cure this defect.

Plaintiffs describe their interactions with specific Creators in two places: the "Plaintiffs Stories" section of the SAC, and the RICO claims.

#### 1. The Plaintiffs' Stories Section Of The SAC Does Not Allege The Specific Contents Of Any Statement Allegedly Made By Creators Inc. to Any Plaintiff.

The "Plaintiffs' Stories" section of the SAC largely copies the FAC, with minor changes. The first change from the FAC is that in the SAC each Plaintiff's "story" contains a paragraph alleging ties to Los Angeles.[1] SAC ¶¶ 453, 468, 486, 502. Second,

[1] Although it is unclear why, there is no "Los Angeles" paragraph for Plaintiff A.L.

Dentons Durham Jones Pingar, PC
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
801 415 3000

for each Plaintiff there is an allegation that "After being solicited by the 'Creators' (who on information and belief were Chatters)" the individual Plaintiff made purchases. SAC ¶¶ 458, 481, 491, 508, 534 (emphasis added). For Plaintiffs N.Z. and B.L., those paragraphs also include subparagraphs alleging specific dates of purchases, including the amount of the purchase, and the Creator from whom it was purchased. SAC ¶¶ 458a-458j, 491a-491j. None of these paragraphs alleges a specific statement made by the "Creators" or the chatters supposedly impersonating them.

There is only one allegation in the "Plaintiffs' Stories" section of the SAC containing the content of a specific statement made to any Plaintiff: Paragraph 492 of the SAC alleges, "When Summer Soderstrom solicited B.L. to purchase content on March 31, 2023, she asked B.L. 'do NOT share this babe promise??'" The SAC does not mention this exchange again and does not allege that the request not to share the purchased content was false or fraudulent, or that B.L. relied on the request in any way.

The "Plaintiffs' Stories" section also includes the allegation that "Plaintiff S.M. confronted Bella Thorne, Stephanie Landor, Breckie Hill, and Kaitlyn Krems via direct message and they all said it was them replying to messages and/or denied using Chatters." SAC ¶ 511. This is insufficient to cure the failure to specifically allege a fraudulent statement by Creators Inc. for three reasons. First, this paragraph is simply copied from the FAC which the Court found failed to meet the Rule 9(b) pleading standard. FAC ¶ 299. Second, when the exchange between S.M. and Stephanie Landor is described in more detail in Count II, Plaintiffs allege "[S.M.] was told her management team handles her OnlyFans account and they would be in touch with him," which contradicts the general allegation that Ms. Landor said it was her replying to messages. SAC ¶ 714b. Third, the SAC does not allege when during the three-year period that he subscribed to Ms. Landor's Only Fans page the exchange between S.M. and Ms. Landor took place, and Creators Inc. did not even exist for the first year that

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

S.M. subscribed to Ms. Landor's Only Fans page. SAC ¶¶ 714b, 56.

**2. The RICO Causes Of Action Do Not Allege The Specific Content Of Any Statement Allegedly Made By Creators Inc. to Any Plaintiff.**

The RICO causes of action in the SAC also do not include the specific content of any untrue statement made to Plaintiffs by Creators Inc. or by Creators who Plaintiffs believe were represented by Creators Inc.

The RICO cause of action against all defendants in the SAC, Count I, is a cut and paste copy of the RICO claim in the FAC, with a few limited changes.[2] *Compare* FAC ¶¶ 355–426 with SAC ¶¶ 570–84, 586–87, 589, 591–621, 627–48. The SAC adds the dates, times and amounts of payments from Plaintiff N.Z. to the Creators he subscribed to but does not allege the specific content of any representation made to N.Z. by any Creator. SAC ¶¶ 622–26. Count I does not allege the specific content of any statement by anyone to any Plaintiffs; it has the same deficiency the Court identified in the Order in that it does not allege "the circumstances of specific representations made by" Creators Inc. (or any other Defendant) "to Plaintiffs that gave rise to Plaintiffs' claims." Order at 21.

Count II of the SAC, which is an alternative RICO claim made against the Only Fans Defendants and Creators Inc., also does not contain the specific content of any statement by Creators Inc. or by Creators who Plaintiffs believe were represented by

[2] The additional paragraphs Plaintiffs added in the SAC include a handful of paragraphs alleging that Only Fans has the technological wherewithal to detect the presence of the Agency Defendants, chatters, and CRMs. SAC ¶¶ 585, 588, 590. The SAC also removed details about Plaintiff S.M.'s disappointment that content he purchased from Creators was not as explicit as he hoped it would be. The details included in the FAC but not the SAC include instances in which Plaintiff S.M. had expected more explicit content but received "only" bikini pictures, pictures of a Creator's face, pictures previously posted on the Creator's Instagram account, and a "topless" picture of Bella Thorne's back instead of her bare breasts. *Compare* FAC ¶¶ 413–18 with SAC ¶¶ 635–40.

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Creators Inc.

Plaintiffs claim that "Creators Inc. as co-conspirators and agents of its Represented Creators, transmitted multiple communications through the internet to Plaintiffs and Class Members, falsely representing they were Creators, to convince Plaintiffs and Class Members to pay Premium Content Fees" (SAC ¶ 714), but the SAC does not identify the date or content of even one fraudulent statement, much less the "multiple communications" Plaintiffs promise.

The only specific details about interactions between Plaintiffs and Creators that Plaintiffs claim were managed by Creators Inc. is found in Count II of the SAC are:

(1) the month Plaintiff B.L. began subscribing to Summer Soderstrom (January 2023) and the amount he paid during the time he subscribed to her ($76); (SAC ¶ 714a);

(2) the years during which Plaintiff S.M. was subscribed to Stephanie Landor's Only Fans page (2021–2023) and the amount he paid monthly ($20) and in total ($200) during the time he subscribed to Ms. Landor's Only Fans page; (SAC ¶ 714b);

(3) that on an unspecified date Plaintiff S.M. complained to Ms. Landor that she was not being truthful in her descriptions of the content she was selling, and "[h]e was told her management team handles her OnlyFans account and they would be in touch with him"; (SAC ¶ 714b) and

(4) two dates in August 2023 that Plaintiff N.Z. paid money to McKinley Richardson and the amounts he paid ($20 and $35). (SAC ¶¶ 714c, d).

There are no other allegations describing interactions between the Plaintiffs and Creators alleged in Count II. Plaintiffs have failed to cure the deficiency identified by the Court: namely they do not allege the who, what, when, where, or how or the specific content of any representation made by Creators Inc. to any Plaintiff. Order at 21.

Dentons Durham Jones Pingar, PC
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
801 415 3000

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Plaintiffs have failed to allege the Creators Inc. engaged in any wire fraud violations in furtherance of the RICO scheme because: (1) they base their claim that Creators Inc. represented the Creators on "information and belief" without alleging the factual basis for their belief and therefore they do not comply with Rule 9(b); and (2) the SAC does not allege with the date, time, or substance of any representation made by Creators Inc. (or any of the Creators they claim on information and belief Creators Inc. represented). These failings, which the Court specifically identified as deficiencies in the FAC, are fatal to Plaintiffs' RICO claims.

### C. Plaintiffs Fail To Adequately Allege A RICO Enterprise That Included Creators Inc.

In the Order the Court found that Plaintiffs had failed to "adequately allege a RICO enterprise between Fenix Defendants and Agency Defendants." (ECF No. 209 at 18). Specifically, the Court found that Plaintiffs had not adequately alleged "coordination among the members" of the supposed RICO Enterprise, especially because Plaintiffs failed to allege that the members of the supposed Enterprise even knew of each other's existence. Order at 19 (*quoting Wimo Labs LLC v. eBay Inc.*, Case No. SACV 15-1330-JLS (KESx), 2016 WL 11507382, at *3–4 (C.D. Cal. Jan. 28, 2016)).

The Court also found that Plaintiffs had failed "to adequately allege a common purpose." Order at 19. The Court noted that Plaintiffs had alleged "that the RICO enterprise existed for 'the common purpose of fraudulently increasing the amount and number of Premium Content Fees each Fan pays.' (FAC ¶ 376.)" but explained that without additional allegations of coordination the alleged purpose of the RICO enterprise was merely, "the ordinary business purpose of increasing revenue."

Plaintiffs have not cured either of these defects the Court identified in the allegations in the FAC.

**1. Plaintiffs Have Not Alleged a Common Purpose of the RICO Enterprise Other Than the Ordinary Business Purpose of Increasing Revenue.**

To allege an association in fact RICO enterprise, Plaintiffs must allege that the members of the enterprise combined for a common purpose. *Odom v. Microsoft Corp*., 486 F.3d 541, 552 (9th Cir. 2007). In the FAC Plaintiffs alleged that the common purpose of the enterprise was "fraudulently increasing the amount and number of Premium Content Fees each Fan pays." FAC ¶ 376. Alternatively, the FAC alleged that the purpose of the enterprise was "using Chatters to extract Premium Content Fees from Plaintiffs and Class Members." FAC ¶ 362. The Court found these allegations were insufficient because they amounted to "the ordinary business purpose of increasing revenue." Order at 19.

In the SAC—both Counts I and II—Plaintiffs allege the purpose of the enterprise using the exact same language the FAC used: the alleged common purpose is "fraudulently increasing the amount and number of Premium Content Fees each Fan pays" and, "using Chatters to extract Premium Content Fees from Plaintiffs and Class Members." *See* SAC ¶¶ 593, 685 and SAC ¶¶ 577, 670.

Because Plaintiffs alleged the same common purpose that the Court already found was deficient, their allegations of a common purpose in the SAC are necessarily deficient as well.

**2. Plaintiffs Have Not Alleged Any Coordination Among The Alleged Members of the RICO Enterprise.**

In its Order the Court suggested that even this generic purpose might suffice if Plaintiffs made "additional allegations of coordination." Order at 19. But the SAC does not contain any allegations of coordination between Creators Inc. and anyone else. As noted above, the allegations in Counts I and II of the SAC are cut and paste from the FAC with minimal changes. Plaintiffs did include additional allegations in

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

the RICO claims that the Only Fans Defendants had the technological capacity to detect the Agency Defendants and the use of CRMs, but that the Only Fans Defendants "actively facilitate" the Agency Defendants' use of chatters and CRMs. SAC ¶¶ 585, 588, 590, 678, 682. Plaintiffs also allege that Only Fans is aware of or willfully ignorant of Creators' use of management agencies. SAC ¶¶ 292–339. None of these allegations, however, amount to "additional allegations of coordination" between Creators Inc. and Only Fans, or anyone else. Plaintiffs' allegation that Only Fans is aware of management agencies in general is insufficient to allege that the Only Fans Defendants and Creators Inc. coordinated in the implementation of the "chatter scams."

Plaintiffs do not allege that Creators Inc. communicated with the Only Fans Defendants or anyone else—even once, even superficially, even indirectly—about the use of chatters in the management of Creators' Only Fans pages. The reason Plaintiffs struggle to adequately allege a RICO enterprise is because the RICO enterprises they imagine never existed. Creators Inc. simply never communicated with the Only Fans Defendants or anyone else to coordinate a plan to use "Chatters to extract Premium Content Fees from Plaintiffs and Class Members." SAC ¶¶ 577, 670.

Plaintiffs have not met their pleading burden to allege a RICO enterprise in both Counts I and II because there was no coordination, there was no common purpose, and there was no enterprise.

### D. The Plaintiffs Fail to Allege That Creators Inc. Had a Sufficient Role in the Operation or Management of Either Enterprise to Meet the Standard of Section 1962(c).

"In the Ninth Circuit, to assess whether a defendant had a sufficient role in operation or management to meet the standard of § 1962(c), courts consider whether the defendant (1) gave or took directions; (2) occupied a position in the chain of command through which the affairs of the enterprise are conducted; (3) knowingly

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

implemented decisions of upper management; or (4) was indispensable to achievement of the enterprise's goal in that the defendant's position is vital to the mission's success." Order at 19–20 (citing and quoting *Tatung Co. v. Hsu*, Case No. SA CV 13-1743-DOC (ANx), 2015 WL 11072178, at *20 (C.D. Cal. Apr. 23, 2015) (citing *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008)) (citation modified).

Here, the SAC does not allege that Creators Inc. gave or took directions from any other member of the enterprise. The SAC also does not allege that Creators Inc. had a position in the chain of command of the enterprise. Further, the SAC does not allege that Creators Inc. knowingly implemented the decisions of "upper management" in the enterprise.

Thus, the only possible way Creators Inc. could have a sufficient role in the operation or management of a RICO enterprise to meet the standard of § 1962(c) would be if Creators Inc. were indispensable to the achievement of the enterprise's goals or if Creators Inc. was vital to the enterprise's success.

According to Plaintiffs' allegations in Count II, there was a RICO enterprise that consisted of Only Fans Defendants, Creators Inc., and other unnamed parties, like clients and CRM operators. SAC ¶ 669. The SAC alleges that this RICO enterprise "has been ongoing since approximately 2016." SAC ¶ 686. Creators Inc., however, has only existed since June 2022. SAC ¶ 56. The RICO enterprise alleged in Count II existed and operated for six years before Creators Inc. even existed. Obviously, since Creators Inc. has only existed for a fraction of the time the enterprise was ongoing, Creators Inc. was not indispensable to the achievement of the enterprise's goal, nor was Creators Inc.'s position vital to the enterprise's success.

Under the standard applied in the Ninth Circuit, Creators Inc. did not have a role in the operation or management of the enterprise alleged in Count II, and the SAC is insufficient to meet the standard of 1962(c).

This problem exists equally in the enterprise alleged in Count I of the SAC.

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Again, Plaintiffs allege that the enterprise, which in the case of Count I includes all the Agency Defendants, has been ongoing since approximately 2016. SAC ¶ 594. Creators Inc. cannot have been indispensable to the enterprise nor had a position that was vital to the enterprise's success if it existed for only a fraction of the time Plaintiffs allege the enterprise has been ongoing.

## V. BECAUSE PLAINTIFFS FAIL TO ALLEGE A RICO VIOLATION THEIR RICO CONSPIRACY CLAIM ALSO FAILS

As the Court observed in the Order, failure to adequately allege a substantive RICO violation precludes a RICO conspiracy claim. Order at 21 (citing *Khalid v. Microsoft Corp.*, No. 20-35921, 2023 WL 2493730, at *1 (9th Cir. Mar. 14, 2023) ("Because [plaintiff] failed to state a RICO claim under § 1962(c), he also failed to state a RICO conspiracy claim under § 1962(d).").

## VI. THE PLAINTIFFS DO NOT ADEQUATELY ALLEGE UCL VIOLATIONS AGAINST CREATORS INC.

### A. The Plaintiffs Fail to Allege the UCL Violations with Particularity as Required by Rule 9.

When Plaintiffs filed the SAC they added a new cause of action against Creators Inc. and the other Agency Defendants. In Count XX the Plaintiffs allege a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*., which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

Under Ninth Circuit precedent, "Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–05 (9th Cir. 2003)). To sustain their pleading burden in their UCL claims, Plaintiffs must allege the elements of the who, what, where, when, and how of the alleged fraudulent practices.

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

In their UCL cause of action, Plaintiffs appear to deliberately avoid using the word fraud, perhaps hoping to avoid the application of Rule 9(b). Merely because a UCL claim does not contain the word "fraud", however, does not prevent the application of Rule 9(b). "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Vess*, 317 F.3d at 1105. Where a Plaintiff alleges "a unified course of fraudulent conduct" and relies "entirely on that course of conduct as the basis of a claim," the claim is said to be "grounded in fraud" or to "sound in fraud" and Rule 9(b) applies to the entire complaint. *Id.* at 1103–04. Here Plaintiffs allegations of "unfair acts" against the Agency Defendants are based on the same actions as the wire fraud predicates in their RICO claims and therefore sound in fraud.

The core fraud Plaintiffs allege is what they call the "Chatter Scams." *See, e.g.*, SAC ¶¶ 262, 266, 581, 583, 651. Here is how the SAC describes the Chatter Scams:

> Perhaps the most egregious activity implicitly encouraged and purposely overlooked or permitted by OnlyFans is the use of professional "chatters" to ***impersonate OnlyFans Creators*** in order to manipulate Fans into ***paying as much as possible for PPV content and tips***, and to use a single Creator account to develop as many ***"personal" relationships*** as possible—24 hours a day, 7 days a week.

SAC ¶ 262 (emphases added).

The allegations in the UCL claim's unfair acts section mirror the description of the allegedly fraudulent "Chatter Scams." Plaintiffs allege in their UCL claim that the Agency Defendants act unfairly by using "Chatters to ***impersonate the Represented Creators***" and "using Chatters to facilitate the ***relationship*** to further the opportunity ***to collect (and solicit the purchase of) Premium Content Fees***." SAC ¶ 1321a, 1321b (emphases added). The unfair acts described in the UCL cause of action are the same acts as the Chatter Scams, which Plaintiffs describe as being characterized by "blatant



DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

deception and fraud." SAC ¶ 5. Perhaps most tellingly, the UCL claim specifically cross references the "Racketeering Activity or Predicate Acts" section of the RICO claim, which alleges wire fraud violations. SAC ¶ 1322 (cross referencing SAC ¶¶ 622–626, 641–643).

Because the UCL claim relies on the SAC's unified course of fraudulent conduct it is grounded in fraud and is subject to Rule 9(b)'s pleading requirements.

Of the two California Plaintiffs who bring UCL claims, only Plaintiff N.Z. has a claim related to Creators Inc. The only Creator N.Z. subscribed to who is alleged to have been managed by Creators Inc. is McKinley Richardson. The SAC does not allege the content of any communication between N.Z. and anyone acting on behalf of McKinley Richardson. The allegations related to McKinley Richardson specifically cross referenced in the UCL claim alleges nothing more than "Plaintiff N.Z. paid McKinley Richardson (Creators Inc.) $20 on August 23, 2023 and $35 on August 25, 2023." FAC ¶ 625; *See also* SAC ¶ 458e, 458f.

Because Rule 9(b) applies to Plaintiffs' UCL claim against Creators Inc., the claim fails in four ways. First, the SAC alleges only on information and belief that Creators Inc. managed McKinley Richardson. SAC ¶ 349f. Second, Plaintiffs do not allege, even on information and belief, that Creators Inc. managed Ms. Richardson in August 2023 when N.Z. interacted with and made purchases from Ms. Richardson, rather Plaintiffs allege that Creators Inc. "manages or at one point managed" Ms. Richardson's Only Fans account. *Id*. Third, Plaintiffs do not allege the specific content of any statement Creators Inc. is meant to have sent on Ms. Richardson's behalf that Plaintiff N.Z. relied on. Finally, Plaintiffs' allegation that Plaintiff N.Z. communicated with someone other than Ms. Richardson herself is made only on information and belief, meaning Plaintiffs have failed to allege the "who" with specificity. SAC ¶ 458 ("After being solicited by the 'Creators' (who on information and belief were Chatters) . . . .").

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Plaintiffs have failed to comply with Rule 9(b)'s pleading requirements that apply to their UCL claims because they sound in fraud. The UCL claims must be dismissed.

**B. The Court's Order Did Not Clearly Grant Plaintiffs Leave to Add New Claims Against any Defendant.**

When they filed the SAC, Plaintiffs dramatically increased the size of their complaint and added a new claim against Creators Inc. Whereas the FAC was 141 pages and 546 paragraphs, the SAC is 274 pages and contains 1328 paragraphs. While some of those additional pages were certainly concerned with attempting to cure the deficiencies noted by the Court in the Order,[3] Plaintiffs also simply added new claims. Whereas the FAC contained one substantive RICO claim, the FAC contains eight. Whereas the FAC contained one breach of contract claim, the SAC alleges three, as well as new claims for promissory estoppel, breach of the implied covenant of good faith and fair dealing, and breach of an implied-in-fact-contract.

Plaintiffs also amended their UCL claim, which in the FAC only alleged claims against the Only Fans Defendants, to include claims against the Agency Defendants.

The Court's Order does not clearly grant Plaintiffs leave to add new claims against any Defendant. Rather, the Order clearly granted leave to amend to cure deficiencies identified by the Court in the Order. For example, as to the Fenix Defendants and Plaintiff R.M., the Court ordered "Fenix Defendants and R.M. are DISMISSED but Plaintiffs are GRANTED LEAVE TO AMEND ***to attempt to cure, respectively, the jurisdictional and venue deficiencies***." Order at 34 (emphasis added). The plain English of the Order would allow Plaintiffs leave to amend claims brought by R.M. or claims against the Fenix Defendants only to cure the jurisdictional and venue deficiencies. The Court did not give Plaintiffs a mandate to amend for any

[3] Notably Plaintiffs went to considerable effort to add facts alleging connections to California and specifically Los Angeles. *See, e.g.* SAC ¶¶ 67–138.



DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

purpose other than to address those issues. Plaintiffs ignored this limited mandate and added more than ten new causes of action against the Fenix Defendants.

As for other claims and other Defendants, the Court's Order granting leave to amend ordered that "[i]f Plaintiffs believe they can cure the deficiencies described in this Order, Plaintiffs shall file any amended complaint on or before January 2, 2026." Order at 34. While the Order does not clearly limit the leave to amend to the singular purpose of curing deficiencies as it does with Plaintiff R.M. and the Fenix Defendants, the Court granted leave to amend only if Plaintiffs believed they could cure the deficiencies identified in the Court's Order. But, as explained above, Plaintiffs did not make even a minimal effort to cure the deficiencies in Plaintiffs' RICO claims against Creators Inc. described in the Court's Order, it does not appear that Plaintiffs had a good faith belief that they could cure those deficiencies, which was the purpose for which the Court granted leave to amend.

Instead of curing the deficiencies in the existing claims, Plaintiffs brought additional RICO claims and added Creators Inc. and the other Agency Defendants to the UCL claim. It is not clear that the Court's Order granting leave to amend allowed Plaintiffs to bring new claims or add new defendants to existing claims in which case adding Creators Inc. and the other Agency Defendants to the UCL claim was improper.

## VII. PLAINTIFFS FAIL TO PLAUSIBLY PLEAD CREATORS INC. VIOLATED THE VPPA.

Creators Inc. hereby joins and incorporates the arguments made by Defendant Moxy in its Memorandum of Points and Authorities Section VIII. The claim against Creators Inc. by Plaintiffs that Creators Inc. violated the VPPA should be dismissed.

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

## VIII. NON-CALIFORNIA PLAINTIFFS' CLAIMS SHOULD BE DISMISSED ON THE BASIS OF FORUM NON-CONVENIENS.

Creators Inc. hereby joins and incorporates the arguments made by Defendant Moxy in its Memorandum in its Memorandum of Points and Authorities Section V. The claims by non-California Plaintiffs should be dismissed on the basis of forum non conveniens.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims asserted by Plaintiffs against Creators Inc. in the Second Amended Complaint.

Dated: January 23rd, 2026

Respectfully submitted,
DENTONS DURHAM JONES PINEGAR, PC

By: */s/ Trinity Jordan*
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

DENTONS DURHAM JONES PINGAR, PC
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Elite Creators, LLC, certifies that this brief contains 6008 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

Dated: January 23rd. 2026

Respectfully submitted,
DENTONS DURHAM JONES PINEGAR, PC

By: */s/ Trinity Jordan*
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC