Allen E. Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 949.743.3979
Fax: 949.743.3934
asattler@constangy.com
jlee@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR FORUM NON CONVENIENS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Filed Concurrently with [Proposed] Order<br><br>Date: March 19, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 10D<br><br>Assigned to Hon. Fred W. Slaughter |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 19, 2026 at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, before the Honorable Fred W. Slaughter, United States District Judge of the Central District of California, Southern Division, in Courtroom 10D (the "Court"), Defendant Verge Agency, Inc. ("Verge") will move for an order dismissing Plaintiffs' Second Amended Class Action Complaint ("SAC) for the following reasons:

1. Plaintiffs B.L., S.M., and A.L. (the "Non-California Plaintiffs") have been dismissed twice due to the forum selection clause in the OnlyFans Terms of Service. The claims against Verge fall within the scope of the forum selection clause and thus, the Non-California Plaintiffs' claims must be brought in the courts of England and Wales. Therefore, the SAC was improperly filed, and the Court should dismiss the claims against Verge.

2. Pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) the Non-California Plaintiffs fail to state claims for RICO and RICO Conspiracy, violation of the Video Privacy Protection Act, and violation of California's Unfair Competition Law. Verge seeks to dismiss these claims on the same basis set forth in Defendants Fenix International Limited and Fenix Internet's ("Fenix Defendants") Motion to Dismiss Second Amended Complaint ("Fenix Defendants MTD") and Defendant Moxy Management's ("Moxy") Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("Moxy MTD"). Therefore, such arguments are incorporated by reference into this Motion. (*See* ECF 225; ECF 228.)

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed contemporaneously, the Fenix Defendants MTD, the Moxy MTD, the reply papers, the pleadings on file, and such other evidence and argument as the Court may receive. In accordance with Local Rule 7-3, on January 9, 2026, counsel for

Verge met and conferred with counsel for Plaintiffs to discuss the grounds for this Motion.

Respectfully submitted,

DATED: January 23, 2026

By: *s/ Younjin (Jennifer) Lee*

Allen Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
jlee@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

While Plaintiffs filed a SAC, substantively the complaint has not been amended. Instead, the SAC represents a reassertion of identical allegations with the expectation of a different outcome. For the third time, Plaintiffs N.Z., R.M., B.L., S.M., and A.L. (collectively, the "Plaintiffs") have filed a class action complaint against, Verge, and other management agencies (collectively, the "Agency Defendants") alleging they were scammed on the OnlyFans platform. The Agency Defendants, in defiance of the platform's policies, allegedly facilitated a scheme to employ third parties (the "Chatters") to impersonate OnlyFans content creators during direct message conversations with Plaintiffs. As a result, in their SAC, Plaintiffs, on behalf of themselves and a nationwide class and/or California subclass, assert claims against Verge for RICO and RICO Conspiracy, violation of the Video Privacy Protection Act ("VPPA"), and violation of California's Unfair Competition Law ("UCL").

This filing is improper, and the Court should grant this Motion to Dismiss and dismiss the Non-California Plaintiffs' claims without prejudice to refiling in the appropriate forum. This Court has made itself clear twice—the mandatory forum selection clause in the Terms of Service covers the Non-California Plaintiffs' claims, as the alleged misconduct is closely related to and arises out of the Terms of Service, which contains a valid forum selection clause. Simply put, the conduct the Non-California Plaintiffs complain of is conduct that allegedly occurred on the OnlyFans platform. This brings the present litigation within the purview of the forum selection clause that demands all disputes arising out of or in connection with the use of the OnlyFans platform be litigated in the courts of England and Wales. Hence, the Court should stand on its December 12, 2025 order, and dismiss the Non-California Plaintiffs' claims against Verge.[1]

---

[1] Dismissing the Non-California Plaintiffs' claims against the Agency Defendants will leave no pending claims against

Due to the numerous filings responding to Plaintiffs' Second Amended Complaint, this Memorandum focuses on the application of the forum selection clause to the Non-California Plaintiffs' claims against Verge. Verge incorporates by reference the arguments concerning the sufficiency of Plaintiffs' claims in the briefing of its co-Defendants. (*See* ECF 225; ECF 228.)

## II. FACTUAL BACKGROUND

### A. PLAINTIFF A.L.'S ALLEGATIONS

Plaintiff A.L., a Wisconsin citizen, allegedly subscribed to Creators represented by Verge Agency. (SAC ¶¶ 38, 522.) In connection with his subscription, Plaintiff A.L. alleges he communicated, via direct messages, personal information to whom he believed were OnlyFans Creators. (SAC ¶¶ 526-27.) According to Plaintiff A.L., he later discovered that Verge, amongst the other Agency Defendants, participated in in a scheme to impersonate Creators by hiring Chatters on behalf of the Creators to engage in direct communications with their subscribers. (SAC ¶ 530.) This alleged scheme was created to induce OnlyFans users "into paying as much as possible for [Pay-Per-View and other Premium] content" and thus, OnlyFans financially benefited from the increase in Creators' revenue. (SAC ¶¶ 261-62, 273-74, 547, 577, 597.) A.L. specifically alleges "he spent approximately $500-$600 on Premium Contents Fees" and had he been aware he was communicating with someone other than the Creator to whom he subscribed to, "he likely would not have signed up for an OnlyFans account." (SAC ¶¶ 533-36.)

---

Verge because the SAC does not allege that the remaining Plaintiffs subscribed to any creators managed by Verge. Therefore, the Court should dismiss Verge from this action.

### B. THE ONLYFANS TERMS OF SERVICE AND THE FORUM SELECTION CLAUSE

To bolster their position that the Agency Defendants facilitated "Chatter Scams," the SAC highlights OnlyFans' Terms of Service, which is a "legally and binding agreement" between OnlyFans and its users. (SAC ¶ 232.) While the Terms of Service allegedly prohibited the Agency Defendants' conduct, Plaintiffs allege that OnlyFans does nothing to enforce such policies, because they are aware of the Chatter Scams, but do not take any action to prevent the use of Chatters. (SAC ¶¶ 327-35.)

Because of these allegations, the Court has found that the Terms of Service's forum selection clause, which states "any claim . . . arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales." (ECF 60-1, Ex. A ¶16(a).) Specifically, in its April 9, 2025 order, the Court agreed that Plaintiffs' claims were within the "broad scope of the forum selection clause" because such claims were "logically or casually connected to the Terms of Service." (ECF 117 at 7.) As a result, the Non-California Plaintiffs' claims against the Fenix Defendants were dismissed without leave to amend. (*Id.* at 16.)

Months later, on December 12, 2025, the Court dismissed the Non-California Plaintiffs' claims again, finding that the Agency Defendants could enforce the forum selection clause because their alleged conduct was "closely related" to the Terms of Service. (ECF 209 at 32.). However, Plaintiffs—more specifically the Non-California Plaintiffs—have ignored the dismissal and filed the SAC, which repeats the same deficient allegations that furnished the basis for the Court granting Verge's Motion to Dismiss Forum Non Conveniens in December. (SAC ¶¶ 547, 550, 1187a, 1187d; ECF 209 at 31-32.)

## III. LEGAL STANDARD

Generally, in cases not involving a forum selection clause "to prevail on a motion to dismiss based upon forum non conveniens, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). However, the Supreme Court has made it clear that "[w]hen a forum-selection clause points to a state or foreign forum, the clause may be enforced through the doctrine of forum non conveniens." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 50 (2013). Furthermore, parties who agree to a pre-selected forum in a forum-selection clause, "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. Thus, 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.' *Id.* at 63 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)); *see Connex R.R. LLC v. AXA Corp. Sols. Assurance*, 209 F. Supp. 3d 1147, 1150 (C.D. Cal. 2016); *MJT Water Tech., LLC v. First Fed Bank*, No. 8:24-CV-01002-FWS-KES, 2024 WL 5424411, at *3 (C.D. Cal. Oct. 28, 2024).

## IV. THE DOCTRINE OF FORUM NON CONVENIENS WARRANTS DISMISSAL OF THE NON-CALIFORNIA PLAINTIFFS' CLAIMS

This Court has found a forum selection clause is enforceable when "[(1) the forum selection clause is contained in a valid contract, (2) [the] claims fall within the scope of the forum selection clause, and (3) certain defenses to the enforcement of the forum selection clause are inapplicable." *Crown Cap. Sec., L.P. v. Liberty Surplus Ins. Corp.*, No. SACV1401065JLSDFMX, 2015 WL 12748815, at *4 (C.D. Cal. Mar. 30, 2015).

### A. THE TERMS OF SERVICE IS A VALID CONTRACT

Any arguments that the Terms of Service is not a valid contract are groundless. Not only has the Court recognized the Terms of Service as valid twice, (*See* ECF 117 and 209), but Plaintiffs have admitted to "agree[ing] to the Terms of Service by creating accounts and subscribing to the website." (ECF 117 at 6.); *see also Skelton v. Care.com, Inc.*, No. 320CV02086AJBDEB, 2021 WL 5862447, at *5 (S.D. Cal. Aug. 17, 2021) (find the plaintiff "manifested assent to the Terms of Use" because "[t]o sign up for Defendant's services, Plaintiff would have been required to click the 'Join Now' button to proceed further. Immediately above this button, was the notice given to Plaintiff that by clicking 'Join Now,' she was agreeing to "the Terms of Use and Privacy Policy."); *Crawford v. Beachbody, LLC*, No. 14CV1583-GPC KSC, 2014 WL 6606563, at *3 (S.D. Cal. Nov. 5, 2014) (finding users agreed to the "Terms and Conditions of Use," which included a forum selection clause, because they clicked the "PLACE ORDER" button beneath a notice explicitly informing users that by clicking the "PLACE ORDER" button they agree to the "Terms and Conditions"); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 835, 838-840 (S.D.N.Y. 2012) (finding the plaintiff assented to Facebook's Terms of Use and the forum selection clause therein because during the account creation process the following sentence was displayed immediately below the "Sign-Up" button: 'By clicking Sign Up, you are indicating that you have read and agree to the Terms of Service.'). Thus, it is evident that the Terms of Service is a valid and binding agreement between Plaintiffs and OnlyFans.

### B. THE TERMS OF SERVICE ARE APPLICABLE TO THE CONDUCT ALLEGED IN THE SAC

"[F]orum selection clauses can be equally applicable to contractual and tort causes of action." *Manetti-Farrow, Inc. v. Gucci Am.*, Inc., 858 F.2d 509, 514 (9th Cir. 1988). A forum selection clause is broad in scope and covers disputes "that reference the agreement or have some 'logical or causal connection' to the agreement" when it

includes language such as "relating to" and "in connection with." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018); *Cedars-Sinai Med. Ctr. v. Glob. Excel Mgmt., Inc.*, No. CV 09-3627 PSG AJWX, 2009 WL 7322253, at *5 (C.D. Cal. Dec. 30, 2009) ("[F]orum selection clauses governing disputes "arising out of or relating to" the contract cover claims that have a significant relationship to the contract or have "their origin or genesis" in the contract.").

Here, the explicit language of the clause demands that OnlyFans users litigate "any claim . . . arising out of or in connection with [their] agreement with [OnlyFans] or [their] use of OnlyFans" in the courts of England and Wales. (ECF 60-1, Ex. A ¶ 16(a).) As this Court has repeatedly asserted, the present litigation falls squarely within the scope of the forum selection clause because "Plaintiffs' alleged injuries . . . all stem from Plaintiffs' use of the OnlyFans website, which is governed by the Terms of Service and Privacy Policy" and many of the alleged unlawful practices violated those polices. (ECF 117 at 7.) As they did in their original Complaint, and the First Amended Complaint, the Non-California Plaintiffs set forth allegations in the SAC that demonstrate their claims relate to and arise out of the Terms of Service, because their claims stem from their use of the OnlyFans Platform. (SAC ¶¶ 419, 444, 485, 501, 521.) Although, Plaintiffs seek to avoid dismissal with the filing of the SAC, the plain language of the forum selection clause has not changed, nor have their allegations of misconduct changed. Thus, the Court's position that the Non-California Plaintiffs' claims are subject to the forum selection clause should not be modified. (*See* ECF 117 at 7; ECF 209 at 32, 34.)

**C. THE FORUM SELECTION CLAUSE IS ENFORCEABLE**

A forum selection clause may be unenforceable for one of the following three reasons: "(1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would

contravene a strong public policy of the forum in which suit is brought." *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013).

The Court has analyzed the forum selection twice, finding it enforceable as to the Non-California Plaintiffs. Plaintiffs have made no substantive changes to their SAC, that would warrant the Court to change its position. Because the SAC is materially the same, and the claims therein are subject to the same forum selection clause the Court has repeatedly upheld to dismiss the Non-California Plaintiffs' claims, there are no grounds for the Court to find the forum selection clause is unenforceable.

### D. VERGE CAN ENFORCE THE FORUM SELECTION CLAUSE AGAINST THE NON-CALIFORNIA PLAINTIFFS

A non-signatory to a contract may enforce a forum selection clause when "the conduct of the non-parties is closely related to the contractual relationship." *Bromlow v. D & M Carriers, LLC*, 438 F. Supp. 3d 1021, 1029 (N.D. Cal. 2020); *see also Pirozzi v. Fiserv Corp.*, 668 F. Supp. 3d 968, 974 (C.D. Cal. 2022); *JH Portfolio Debt Equities, LLC v. Garnet Cap. Advisors, LLC*, No. 217CV08839CASJCX, 2018 WL 6112695, at *5 (C.D. Cal. Mar. 16, 2018); *Manetti-Farrow, Inc.*, 858 F.2d at 514 n.5. Following this rule, this Court held in its December 12, 2025 order that dismissal of the Non-California Plaintiffs' claims was warranted:

> because Plaintiffs allege[d] that Agency Defendants are engaged in a Rico conspiracy where the Terms of Service would not be enforced against them, causing the injuries that Plaintiffs alleged suffered, and Agency Defendants were aware of the Terms of Service while operating on behalf of Creators.

(ECF 209 at 32.) The SAC continues to set forth these same allegations. Identical to the FAC, the SAC is inundated with allegations that emphasize Verge's alleged misconduct is "closely related" to the Terms of Service, as the Non-California Plaintiffs' claims are derived from their use of OnlyFans platform. (SAC ¶¶ SAC 261-262, 273-74, 547, 550, 577, 597, 1187a, 1187d.) Plaintiff A.L. specifically brings his

claims against Verge because he allegedly subscribed to OnlyFans creators Verge managed, and he was led to believe that he was engaging in direct communications with those creators, but was instead communicating with chatters. Hence, the very nature of the litigation against the Agency Defendants, including Verge, arise from and relate to the Terms of Service, which includes the forum selection clause.

Even if Ninth Circuit law did not permit non-signatories such as Verge to enforce a forum selection clause, the doctrine of equitable estoppel 'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'" *Hua Nan Com. Bank v. HSBC Bank USA, N.A.*, No. CV 10-8773 PSG (EX), 2011 WL 13217782, at *9 (C.D. Cal. May 19, 2011); *Freeman v. 3Commas Techs. OU*, No. 23-CV-00101-RFL, 2024 WL 4049864, at *2 (N.D. Cal. Sept. 3, 2024) ("The purpose of equitable estoppel is to 'prevent[ ] a [party] from having it both ways by seeking to hold a non-signatory liable for obligations imposed by an agreement, while at the same time repudiating the [forum selection] clause of that very agreement.'"). Throughout the SAC, Plaintiffs' seek to bolster their claims by relying on the Terms of Service. Specifically, Plaintiffs characterize the Agency Defendants alleged conduct as violating explicit platform policies" and "[n]one of what agencies (including Agency Defendants) are doing to perpetuate the Chatter Scams is actually 'allowed' by OnlyFans' TOS." (SAC ¶¶ 330-31.) Hence, it is foolish for the Non-California Plaintiffs to petition this Court to enforce the Terms of Service, while simultaneously denying that the Agency Defendants can enforce the forum selection in that same agreement.

## V. CONCLUSION

Because Plaintiffs' filings have remained consistent with respect their allegations against the Agency Defendants, the Court's ruling should equally remain consistent. Accordingly Verge respectfully requests that the Court grant this Motion, dismiss the Non-California Plaintiffs' claims with prejudice, and dismiss Verge from

this action.[2]

Respectfully submitted,

DATED: January 23, 2026

By: *s/ Younjin (Jennifer) Lee*

Allen Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
jlee@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

---

[2] Verge incorporates by reference the arguments asserted by its co-defendants in their respective pleadings responding to the SAC. (*See* ECF 225; ECF 228.)

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Verge Agency, Inc., certifies that this brief contains 2,552 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

By: *s/ Younjin (Jennifer) Lee*

Allen Sattler (SBN 321086)
Younjin (Jennifer) Lee (SBN 310198)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
jlee@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Suite 1100, Los Angeles, CA 90067.

On **January 23, 2026**, I served a true copy of the document(s) entitled:

**DEFENDANTS VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR FORUM NON CONVENIENS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the following individuals by the method(s) indicated below:

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey
Leonard W. Aragon
Michella A. Kras
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

Andrea R. Gold
David A. McGee
Shana H. Khader
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
dmcgee@tzlegal.com
skhader@tzlegal.com

Keith T. Vernon
TIMONEY KNOX LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Facsimile: (215) 540-2643
Email: kvernon@timoneyknox.com

Andrew C. Stone
Seth T. Goertz
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
goertz.seth@dorsey.com

*Counsel for Plaintiffs*

__X__ **BY ELECTRONIC TRANSMISSION:** By causing the document(s) to be transmitted via the Court's ECF System to the e-mail addresses of the individuals as indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 23, 2026**, in Irvine, California.

___*s/ Younjin (Jennifer) Lee*___________
Younjin (Jennifer) Lee