Allen E. Sattler (SBN 321086)
David A. Yudelson (SBN325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 714.853.6710
dyudelson@constangy.com
asattler@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANT VERGE AGENCY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Date: March 19, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 10D<br><br>Assigned to Hon. Fred W. Slaughter |

## I. INTRODUCTION

Plaintiffs' N.Z., R.M., B.L., S.M., and A.L.'s (collectively, the "Plaintiffs") Opposition does not cure the deficiencies in their Second Amended Complaint ("SAC"). More specifically, the Opposition, like the "SAC" does nothing to justify that Court should not follow its December 12, 2025 order and dismiss the claims brought by Plaintiffs B.L., S.M., and A.L. (collectively, the "Non-California Plaintiffs") against Verge Agency, Inc. ("Verge"). To discredit Verge's arguments for dismissal, Plaintiffs' Opposition mischaracterizes and misapplies much of the jurisprudence cited in Verge's Motion to Dismiss. This Court should not be guided by such mischaracterizations as, the law is clear on the issue— Boss Baddies LLC, Moxy Management, Unruly Agency LLC (d/b/a Dysrpt Agency), Behave Agency LLC, A.S.H. Agency, Content X, Inc., Verge Agency, Inc., and Elite Creators LLC (the "Agency Defendants") can enforce the broad forum selection clause as non-signatories because the Non-California Plaintiffs' claims are closely related to the Terms of Service. Hence, the Court should uphold its previous ruling and dismiss the Non-California Plaintiffs' claims against Verge.

Due to the numerous filings responding to Plaintiffs' Opposition this Reply focuses on the application of the forum selection clause to the Non-California Plaintiffs' claims against Verge. Verge incorporates by reference the arguments concerning the sufficiency of Plaintiffs' claims in the briefing of its co-Defendants.

## II. ARGUMENT

### A. THE FORUM SELECTION CLAUSE BARS THE NON-CALIFORNIA PLAINTIFFS FROM BRINGING THEIR CLAIMS IN THIS COURT

#### 1. *Verge Does Not Need to be A Party to the Terms Enforce the Forum-Selection Clause*

Plaintiffs' Opposition purposely mischaracterizes Verge's arguments on the application of the forum-selection clause. Specifically, Plaintiffs argue that Verge is "not a party to the contract and cannot receive benefits under a contract they are explicitly excluded from" and assert the "Terms of Service" controls application (or non-application) of the doctrine. (ECF 233 at 3.) Plaintiffs' reliance on the Terms of Service is a red-herring designed to avoid Verge's reliance on the Court's Order dismissing the non-California Plaintiffs as "warranted here because Plaintiffs' claims are *closely related* to the Terms of Service, as it pertains to Agency Defendants." (ECF 209 at 31 (quoting ECF 60-1 at 21), 33) (emphasis added) (adding that "[e]ven where a party did not sign a contract, 'the forum selection clause within that contract can apply to' that non-signatory where its 'alleged conduct is so closely related to the contractual relationship") (collecting and quoting cases). *See also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) ("[W]here the alleged conduct of the nonparties is closely related to the contractual relationship, a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses"); *Hua Nan Com. Bank v. HSBC Bank USA, N.A.*, No. CV 10-8773 PSG (EX), 2011 WL 13217782, at *8 (C.D. Cal. May 19, 2011) (same). That is all Verge is asking for here.

### 2. *The Closely Related Doctrine Applies*

#### a. Verge's Alleged Misconduct is Closely Related to the Terms of

Discontented with the Court's previous determination on the subject, Plaintiffs take issue with the legal authorities upon which the Court and Verge have relied. Specifically, Plaintiffs assert in their Opposition, that the court in *Velaro, Inc. v. National Flood Services, LLC* ("*Velaro*") applied the closely related doctrine because the non-signatory was the parent corporation of the signatory to the agreement that contained the forum selection clause, and the non-signatory was involved in the negotiations and execution of the contract. *Velaro, Inc. v. Nat'l Flood Servs., LLC*, No. CV 20-5078-DMG (PDX), 2021 WL 8779924, at *5 (C.D. Cal. July 7, 2021). This argument is misplaced, as Plaintiffs' cherry picks the analysis to bolster their position.

First, the Northern District of California has rejected Plaintiffs' argument, finding that non-signatories not being involved in the "ratifying or execu[tion] of the contract between the signatories . . . is not the only condition under which a third party may claim the benefit of a forum-selection clause." *Lentini v. Kelly Servs., Inc.*, No. C17-03911 WHA, 2017 WL 4354910, at *5 (N.D. Cal. Oct. 2, 2017). Additionally, Plaintiffs conveniently fail to mention that the *Velaro* court relied on the non-signatory's ***conduct*** being "closely related" to the terms of the contract to ultimately find that the non-signatory could enforce the forum-selection clause. *Id.* Therefore, *Velaro* weakens Plaintiffs' position, as the Court has correctly concluded before.

Similarly, the non-signatories in *Manetti-Farrow* being related entities to the signatories to the applicable contract, does not make its ruling inapplicable to the present action. (ECF 233 at 7-8.) Furthermore, Plaintiffs' argument that application of the closely related doctrine is based on foreseeability does not align with the Court's reasoning. (ECF 233 at 3-4, 9.) The *Manetti-Farrow* court explicitly noted that its analysis was based on "whether resolution of the ***claims*** related to the interpretation of

the contract." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). *Manetti-Farrow, Inc.*, 858 F.2d at 514. On this basis the Manneti-Farrow found that because "the tort causes of action alleged by Manetti–Farrow relate[d] to "the central conflict over the interpretation" of the contract, they [were] within the scope of the forum selection clause. *Id.* Thus, despite Plaintiffs' argument to the contrary, as it did in December, the Court can rely on the rulings in *Velaro, Inc. v. National Flood Services, LLC*, and *Manetti-Farrow, Inc. v. Gucci America, Inc.* to enforce the forum selection clause as to the Non-California Plaintiffs' claims.

Plaintiffs' arguments to similarly distinguish *Bromlow v. D & M Carriers, LLC* ("*Bromlow*"), are also unpersuasive. (ECF 233 at 8.) *Bromlow* further emphasized the long-standing rule that when a non-signatory's ***conduct*** is closely related to the contractual relationship, a non-signatory can enforce the forum-selection clause. *Bromlow v. D & M Carriers, LLC*, 438 F. Supp. 3d 1021, 1029 (N.D. Cal. 2020). Like in *Bromlow*, "adjudicating Plaintiffs' claims will require interpretation of the terms and effect of the" Terms of Service. Plaintiffs' admit in their own complaint and Opposition that their claims require interpretation of the Terms of Service because they allege Verge and other Agency Defendants committed "terms of service violations" and the lack of enforcement of the Terms of Services permitted Agency Defendants' like Verge to facilitate Chatter Scams. (ECF 233 at 1; SAC ¶¶ 7, 328, 547, 1187.) Hence, it is the non-signatories ***conduct***, rather than their relationship with a signatory that is relevant to the analysis of whether the closely related doctrine applies. *See Bebe Stores, Inc.*, 2021 WL 3034028, at *8 ("[T]he Court finds that bebe is also bound by the forum-selection clause because its ***conduct*** is closely related to the Agreement."); *Velaro, Inc. v*, No. CV 20-5078-DMG (PDX), 2021 WL 8779924, at *5 (C.D. Cal. July 7, 2021) ("Even when a party did not sign a contract, the forum selection clause within that contract can apply to 'non-parties' when '***the alleged conduct*** of the non-parties is so closely related to the contractual relationship.'").

**b. A Close Relationship Exists Between Verge and The Creators Who Are Parties to the Terms of Service**

Even if the Court agrees with Plaintiffs and finds that the relationship between the parties is relevant to the application of the closely related doctrine, Verge remains entitled to invoke the forum selection. Courts in the Ninth Circuit have found that when there is a close relationship between a signatory and a non-signatory party to the agreement the forum selection clause is enforceable. *See, e.g.*, *Pestmaster Franchise Network, Inc. v. Mata*, No. 16-CV-07268-EMC, 2017 WL 1956927, at *5 (N.D. Cal. May 11, 2017); *Turner v. Thorworks Indus., Inc.*, No. CIVS05-02653WBS KJM, 2006 WL 829142, at *3 (E.D. Cal. Mar. 28, 2006).

While the Court may agree Verge is not a party to the Terms of Service, there is no doubt Verge has a close relationship, with a party who is—the Creators. As evidenced by their SAC and Opposition, Plaintiffs rest their claims for this action on allegations that Verge, and other Agency Defendants, acted on behalf of the Creators to perpetrate Chatter Scams on the Only Fans platform. (ECF 233 at 1.) Because the forum-selection clause covers disputes that are "aris[e] our of or [are] in connection with . . [the] use of the Only Fans," (ECF 60-1, Ex. A ¶ 16(a).), Verge's alleged misconduct "took place as part of the larger contractual relationship" between the relevant parties to the Term of Service. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007). Hence, by acting on behalf of the Creators, as Plaintiffs allege, Verge has a close relationship with a signatory party, and can enforce the forum selection clause against the Non-California Plaintiffs.

**c. The Closely Related Doctrine Applies to Adhesion Contracts**

Plaintiffs state they are unaware of any case law that has applied the closely related doctrine to adhesion contracts however, the Court just applied the doctrine to

this very case in December. (ECF 209.) *N.Z. v. Fenix Int'l Ltd.*, No. 8:24-CV-01655-FWS-SSC, 2025 WL 3627591, at *16-17 (C.D. Cal. Dec. 12, 2025). Furthermore, the Court is not the first to do so, as other courts have applied the closely related doctrine in cases involving a defendant's Terms of Service. *See, e.g.*, *Media Matters for Am. v. X Corp.*, No. 25-CV-02397-VC, 2025 WL 1853767, at *2 (N.D. Cal. July 3, 2025 ("Media Matters and Carusone have standing to enforce the terms of service because they are closely related to the contractual relationship between Hananoki and X. The X entities' claims against them arise out of Hananoki's use of the platform, and that use of the platform is the subject matter of the terms of service to which Hananoki agreed."); *Eliza Labs, Inc. v. X Corp.*, No. 25-CV-07243-AMO, 2025 WL 3003766, at *5 (N.D. Cal. Oct. 27, 2025) ("'[N]on-parties to an agreement containing a forum-selection clause,' like the X.AI Defendants vis-à-vis the X User Terms, 'can benefit from such a clause' where, as here, the 'litigation concern[s] conduct related to the agreement.'").

Furthermore, the type of contract is immaterial to the application of the closely related doctrine. Even if Verge's cited authority is factually dissimilar with respect to the type of contract analyzed, the law does not change. Just as Plaintiffs claim that they are unaware of case law applying the doctrine to adhesion contracts, they do not point to any binding authority that states such doctrine cannot be applied to the Terms of Service. Thus, as this Court ruled in December in accordance with binding Ninth Circuit precedent, it should find that the forum selection clause bars the Non-California Plaintiffs from litigating their claims against Verge in this Court.

#### 3. *Public Policy Does Not Preclude Enforcement of the Forum Selection Clause Against the Non-California Plaintiffs*

Plaintiffs' arguments in their Opposition that application of the closely related doctrine would violate public policy are unavailing. Plaintiffs have not set forth

sufficient reasoning, or supported their arguments with binding authority that would suggest applying the forum selection clause against the Non-California Plaintiffs contravenes public policy. In fact, the Court has already addressed this issue when it dismissed the Non-California Plaintiffs claims against the Fenix Defendants. (ECF 117 at 15-17.) Hence, the same reasoning applied by the Court on April 9, 2025 also applies here. (*Id.*)

Moreover, in light of the forum selection clause, the Non-California Plaintiffs' are not stripped of their rights to bring their claims against Verge. In other words, enforcement of the clause would not immunize Verge from litigation or permit it to "break the law and defraud consumers." (ECF 233 at 10.) It is insignificant that it may be inconvenient for the Non-California Plaintiffs' to litigate their claims in the United Kingdom rather than in California, because when the Non-California Plaintiffs agreed to forum selection clause they "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013). Moreover, nowhere in the clause does it say only claims brought against a specific party must be litigated in the U.K. Rather, ***any claims*** the Non-Plaintiffs' may have "arising out of or in connection with . . . [their] ***use of OnlyFans*** must be brought in the courts of England and Wales." (ECF 60-1, Ex. A ¶ 16(a).) The claims against Verge fall squarely within the scope of that language. (SAC ¶¶ 419, 444, 485, 501, 521.) Hence, Verge is not trying to avoid litigation as Plaintiffs' suggest, but rather uphold the terms the Non-California Plaintiffs agreed to.

### B. EQUITABLE ESTOPPEL PRECLUDES PLAINTIFFS FROM AVOIDING ENFORCEMENT OF THE FORUM-SELECTION CLAUSE

In its Motion to Dismiss, Verge did not make a "cursory argument" regarding the doctrine of equitable estoppel. (ECF 229 at 11; ECF 233 at 11.) Rather Verge's

motion argues that Plaintiffs simply cannot have it both ways. (ECF 229 at 11.) The Non-California Plaintiffs cannot use the Terms of Service to bolster its claims against Verge, while simultaneously arguing that those same terms should not be upheld. Plaintiffs' SAC is prima facie evidence that it seeks to rely on the Terms of Service to bring its claims. For example, in SAC Plaintiffs allege that the Agency Defendants, like Verge, "were using Chatters to impersonate Creators in violation of OnlyFans' policies" and such policies "prohibited fraudulent activity but were intentionally not enforced." (SAC ¶¶ at 247.) Despite their reliance on the Terms of Service to support their position, Plaintiffs now seek to avoid enforcement of those same terms by arguing against enforcement of the forum selection clause. (ECF 233 at 2-11.)

This is the exact situation in which the doctrine of equitable estoppel applies. *See Freeman v. 3Commas Techs. OU*, No. 23-CV-00101-RFL, 2024 WL 4049864, at *2 (N.D. Cal. Sept. 3, 2024) ("The doctrine of equitable estoppel applies 'when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract.'"); *see also Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 229–30 (2009) ("[E]quitable estoppel applies only if the plaintiffs' claims against the nonsignatory are dependent upon, or inextricably bound up with, the obligations imposed by the contract plaintiff has signed with the signatory defendant[.]"). Thus, there is a sufficient basis to apply equitable estoppel.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Verge's Motion to Dismiss in its entirety and dismiss Verge from this action.[1]

[1] Verge incorporates by reference the arguments asserted by its co-defendants in their respective pleadings responding to Plaintiffs' Opposition.

Respectfully submitted,

DATED: March 5, 2026

By:______________________________

Allen Sattler (SBN 321086)
David Yudelson (SBN 325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Verge Agency, Inc., certifies that this brief contains 2,438 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

By:_____________________________

Allen Sattler (SBN 321086)
David Yudelson (SBN 325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Suite 1100, Los Angeles, CA 90067.

On **March 5, 2026**, I served a true copy of the document(s) entitled:

**DEFENDANTS VERGE AGENCY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR FORUM NON CONVENIENS**

on the following individuals by the method(s) indicated below:

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey
Leonard W. Aragon
Michella A. Kras
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

Andrea R. Gold
David A. McGee
Shana H. Khader
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
dmcgee@tzlegal.com
skhader@tzlegal.com

Keith T. Vernon
TIMONEY KNOX LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Facsimile: (215) 540-2643
Email: kvernon@timoneyknox.com

Andrew C. Stone
Seth T. Goertz
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
goertz.seth@dorsey.com

*Counsel for Plaintiffs*

__X__ **BY ELECTRONIC TRANSMISSION:** By causing the document(s) to be transmitted via the Court's ECF System to the e-mail addresses of the individuals as indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 5, 2026**, in Los Angeles, California.

______________________________
David Yudelson