BETY JAVIDZAD (SBN 240598)
bety.javidzad@dentons.com
SAMANTHA FAHR (SBN 299409)
samantha.fahr@dentons.com
POOJA L. SHAH (SBN 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213 623 9300 / Fax: 213 623 9924

MICHAEL GEHRET (SBN 247869)
mike.gehret@dentons.com
TRINITY JORDAN (*Pro Hac Vice*)
trinity.jordan@dentons.com
JORDAN WESTGATE (*Pro Hac Vice*)
jordan.westgate@dentons.com
DENTONS DURHAM JONES & PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111-2184
Tel: 801 415 3000

Attorneys for Defendant
ELITE CREATORS LLC



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

Case No. 8:24-cv-01655-FWS-SSC

**DEFENDANT ELITE CREATORS, REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Date: March 19, 2026
Time: 10 a.m.
Crtrm: 10D
Judge: Hon. Fred W. Slaughter

DENTONS DURHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Response In Opposition To Defendant Elite Creators LLC's Motion To Dismiss Second Amended Complaint (ECF No. 234) (the "Opposition") makes explicit something that was clear from the substance of their Second Amended Complaint, (ECF No. 218) (the "SAC"): Plaintiffs simply disagree with the Court's Order Granting Defendants' Motions To Dismiss Plaintiffs' First Amended Complaint (ECF No. 209) (the "Order"). Rather than address the failings identified in the Order, Plaintiffs have used the SAC and their Opposition to argue with the Court's ruling. Plaintiffs' Opposition is merely a reprisal of their Consolidated Opposition to the Agency Defendants' Motion to Dismiss the FAC (ECF No. 142) making many of the same arguments and pointing to the same factual allegations, largely or entirely unchanged from the First Amended Complaint (ECF No. 118) (the "FAC") to the SAC. Plaintiffs' Opposition demonstrates that they were either unwilling or unable to correct the deficiencies the Court identified in their FAC.

Specifically, Plaintiffs argue that the same unchanged general "representations of authentic communications online" (Order at 21) by Creators they alleged in the FAC are sufficient to demonstrate Creators Inc.'s conduct in furtherance of the RICO enterprise. Plaintiffs once again defend their allegations of "common purpose" even though it is the same "common purpose" the Court found was insufficient. And they defiantly argue they need not allege any "coordination" to adequately plead their RICO claim. Opposition at 12-14; *but see* Order at 19. Also, Plaintiffs implausibly argue that the parenthetical "(Creators Inc.)" that they sprinkle in seemingly random places in the SAC should be read as a specific allegation that Creators Inc. represented identified content creators, superseding the straightforward allegation in the SAC that Plaintiffs are only able to allege "on information and belief." Finally, Plaintiffs claim they comply with Rule 9(b) without alleging the content of even one allegedly false

representation relied upon by any Plaintiff that is attributable to Creators Inc.

Plaintiffs made no meaningful changes to the core allegations of the FAC when they drafted and filed the SAC, and added nothing that would justify a different outcome than what came from the Court's Order dismissing the FAC. The outcome here should be the same; the Court should dismiss the SAC with prejudice.

## II. PLAINTIFFS HAVE NOT ALLEGED FACTS TO ESTABLISH CREATORS INC. WAS INVOLVED IN A RICO ENTERPRISE.

### A. The SAC Does Not Allege That Creators Inc. Participated In Conduct In Furtherance Of The RICO Scheme.

In their Opposition, Plaintiffs argue that they have alleged Creators Inc. was involved in a fraud. They argue that Creators Inc.'s own lawsuits show that they employ chatters to respond to messages for clients (Opposition at 5) and that statements made on the Only Fans pages of content creators who Plaintiffs claim (on information and belief) Creators Inc. represents, tell the public that the content creators personally respond to every message, which Plaintiffs say is false. Opposition at 5-6. Plaintiffs made these same arguments in their defense of the FAC (ECF No. 142 at p. 17 citing FAC at ¶¶ 176, 178) pointing to the same allegations as they rely on to defend the SAC. *Compare* FAC ¶¶ 176, 178 with SAC ¶¶ 358, 360. This is the same argument, relying on the same allegations, that the Court already rejected when it granted the motion to dismiss the FAC. *See* Order at 20-21. For the same reason the Court found the FAC deficient – namely, that these general "representations of authentic communications online" do not suffice to "allege wire fraud with particularity" – the SAC is also deficient. Order at 21.

Plaintiffs changed nothing about the allegations related to Creators Inc.'s supposed participation in any conduct in furtherance of the RICO scheme when it filed the SAC. They did not change the very paragraphs the Court found insufficient, and they have not changed their argument that is little more than a veneer of rhetoric that

DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

attempts to distract attention from the fact that the SAC recycles the same insufficient allegations that the Court found unavailing last time.

**B. Plaintiffs Do Not Allege The Structure Of A RICO Enterprise.**

Plaintiffs fail to allege that a RICO enterprise existed, instead alleging only uncoordinated independent actions of independent actors. Plaintiffs acknowledge that they "must plead the existence of a 'relationship[] among those associated with the enterprise.'" Opposition at 13 (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)). However, they fail to allege facts from which the Court could conclude that any relationship exists.

Plaintiffs cite the Supreme Court's decision in *Boyle*, but the facts of *Boyle* illustrate Plaintiffs' failings. While Plaintiffs focus on what *Boyle* says an association-in-fact does not need (*i.e.*, formal hierarchical structure, formal association) they ignore the "relationship" the Supreme Court described in *Boyle*. *Boyle* involved a group of bank robbers who ***met together*** before every single robbery "to plan the crime, gather tools (such as crowbars, fishing gaffs, and walkie-talkies), and assign the roles that each participant would play (such as lookout and driver)." *Id.* at 941. Plaintiffs do not allege that any of the Defendants here ever met, in person or virtually, to plan anything. Nor do they describe any communication, coordination, or other substitute for this kind of meeting that would establish the existence of a relationship even approaching the type of relationship the bank robbers had in *Boyle.*

In the Order the Court made clear that Plaintiffs had not successfully alleged an association in fact enterprise. The Court suggested that it would be difficult for Plaintiffs to do so without alleging some coordination among the members and impossible where Plaintiffs had not been "even aware of one another's existence as participants in a scheme to defraud." Order at 19 (quoting *Wimo Labs LLC v. eBay Inc.*, Case No. SACV 15-1330-JLS (KESx), 2016 WL 11507382, at *3-4 (C.D. Cal. Jan. 28, 2016)).

DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Plaintiffs apparently misinterpreted this criticism to mean that if they can allege that the various Defendants were aware of one another's mere existence that would suffice to establish a RICO enterprise. Thus, Plaintiffs added dozens of paragraphs to their SAC and argue extensively in their Opposition about Only Fans TV. They claim that Only Fans TV is evidence of supposed coordination of the enterprise, specifically arguing that coordination apparently exists because Creators whom Plaintiffs identify with Creators Inc. were featured on some Only Fans TV programs, and because some episodes appearing on Only Fans TV were filmed in a Creators Inc. "mansion." Somehow, Plaintiffs believe this is evidence that Creators Inc. directs "activity across all levels of the enterprise." Opposition at 14-15. But Only Fans TV is nothing but a glaring non-sequitur. Only Fans TV is not mentioned a single time in any RICO cause of action, even in the long list of other acts that are supposedly part of the RICO enterprise. *See* SAC at ¶¶ 644, 718. For that matter, in the more than 750 paragraphs and more than 120 pages of the SAC that comprise Plaintiffs' causes of action, Only Fans TV is not mentioned a single time. Only Fans TV has nothing to do with the enterprise, or any of Plaintiffs' other causes of action.

In the Order dismissing the FAC, the Court cited the *Wimo Labs* case. Examining that case highlights many of the flaws in Plaintiffs' argument that they have adequately alleged the structure of a RICO enterprise. In *Wimo Labs*, the plaintiff alleged a RICO enterprise consisting of eBay, PayPal, and thousands of sellers who sold counterfeit products using the plaintiff's logo and trademarks. 2016 WL 11507382, at *1. The plaintiff alleged that eBay and PayPal created legitimate selling and payment processing platforms, but they recognized they could "reap tremendous profits" if they facilitated a market for counterfeit products, rather than policing their platform for counterfeits that infringed on the plaintiff's trademarks. *Id*. The court found that the plaintiff had failed to allege any coordination between eBay, PayPal, and the sellers observing that, "[t]hat certain unauthorized sellers used the otherwise

DENTONS DURHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

legitimate services of either eBay or PayPal to sell counterfeit products does not suggest that these purported enterprise members worked together to achieve a common purpose." *Id.*, at *3 (cleaned up). The *Wimo Labs* court found it particularly difficult to understand how there would be coordination where the various sellers were competitors on the platform, and where they were not "even aware of one another's existence as participants in a scheme to defraud." *Id.*, at *4 (quotation and citation omitted).

The structure of the enterprise Plaintiffs allege here mirrors the flawed enterprise in *Wimo Labs*. There the plaintiffs said that the operator of a platform had a financial incentive not to police its platform for supposed bad actors. They claimed this platform operator formed an enterprise with independent sellers, who acted entirely independently selling products on the platform without coordinating with each other or with eBay. This case is the same. Plaintiffs' argument demonstrates their alleged RICO enterprise operates the very same way as the one in *Wimo Labs*:

> • **OnlyFans' Platform**: Fenix provides the underlying ecosystem and network infrastructure, establishing credibility by promising "the authenticity of the personal interaction between Fans and Creators."
>
> • **The Agency Defendants' Operational Role**: The Agency Defendants operationalize the scheme by employing, training, and directing Chatters to impersonate Creators, while also implementing sophisticated CRM platforms designed to scale the Chatter Scams.

Opposition at 13.

As in *Wimo Labs*, here Creators Inc. was a competitor with all the other Agency Defendants. Plaintiffs do not allege a single fact from which the Court could infer that Creators Inc. ever coordinated any action with any of its competitor agencies. For that matter the SAC does not allege a single fact from which the Court could infer that the Agency Defendants were "even aware of one another's existence ***as participants in a***



DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

***scheme to defraud***" even if the Plaintiffs could successfully show that the Defendants knew of each other at all.[1] 2016 WL 11507382, at *4 (emphasis added).

Nor does alleging a "bilateral RICO" solve this problem, as Plaintiffs claim. *See* Opposition at 8 n. 5. There is not a single fact alleged in the SAC from which the Court could conclude that any Defendant, including Fenix, was aware of Creators Inc.'s existence as a participant in a scheme to defraud. Plaintiffs do not say when Creators Inc. joined the enterprise or what step they took to join it. Crucially, from the allegations of the SAC it is impossible to say that any of the other Defendants knew when Creators Inc. joined the alleged enterprise. Since the only action Plaintiffs allege evinced Creators Inc.'s participation was hiring chatters and using them to respond to subscribers' messages, how would the other Defendants know? But the fact that under Plaintiffs' allegations the other Defendants would not even have known Creators Inc. was a member of the enterprise is compelling evidence that there was not actually an enterprise at all. In reviewing the complaint in the *Wimo Labs* case, the court found that it "contains no facts indicating that the various enterprise entities coordinated their behavior or combined as an enterprise in furtherance of a common, fraudulent purpose." 2016 WL 11507382, at *4 (cleaned up). The same is true of the SAC here.

### C. Plaintiffs' Claims That Creators Inc. Participated In Fraud Against the Plaintiffs Are Insufficient To Meet Rule 9(b)'s Pleading Standard.

---

[1] Plaintiffs argue that in a competitive market it can be inferred that the Agency Defendants must have been aware of one another. Opposition at 15 (citing *United States v. Browne*, 505 F.3d 1229, 1264 (11th Cir. 2007)). Examining the facts of *Browne*, however, shows just how far from that situation the Plaintiffs' allegations are. In *Browne*, the relevant defendant, who was president of a labor organization, placed his sister in a key position where she paid non-union expenses out of union funds, embezzled union funds, and together they refused to turn over union books and records at the advice of union accountants. *See id* at 1264-65. To be sure, Browne and his sister must have known that each other were involved in a fraud, but that point has nothing to do with this case.

DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Plaintiffs also contend that they did not rely on allegations made on "information and belief" when they alleged that Creators Inc. committed RICO predicate acts. *See* Opposition at 4-7. But Plaintiffs are simply misrepresenting their own Complaint and pointlessly reprising an argument that the Court has already rejected.

All the representations Plaintiffs allege as the basis for their claims were made by a content creator or, as Plaintiffs would have it, someone impersonating a content creator. Plaintiffs ask the Court to conclude that the statements, which on their face appear to be made by content creators who Plaintiffs have not sued, were really made by Creators Inc. (or chatters it hired). But the entire basis for Plaintiffs claim that these statements can be attributed to Creators Inc. is their claim, made only "on information and belief," that Creators Inc. represented the various content creators. Otherwise, the statements Plaintiffs base their claims on are just statements by third parties that Creators Inc. is not responsible for. This was the same flaw the Court identified in the FAC (*see* Order at 21) and Plaintiffs did nothing to address it. Plaintiffs simply trot out the same argument the Court already rejected.

In their Opposition, Plaintiffs focus on Plaintiff N.Z. and his interactions with McKinley Richardson to claim they did not allege only on information and belief but included "more specific allegations."[2] Opposition at 17. Plaintiffs' initial claim that Creators Inc. managed Ms. Richardson was in the "Agency-Specific Facts" section of the SAC which reads, "[o]n information and belief, Creators Inc. manages or at one point managed the accounts of the following Creators . . . f. McKinley Richardson[.]" SAC at ¶ 349. While Plaintiffs do not deny this allegation was made on information and belief, they claim they made "more specific allegations about Creators Inc. representing Richardson" in Paragraphs 452, 458, 1282, and 1311 of the SAC. *See*

[2] While this section of the argument focuses on Ms. Richardson, it is equally applicable to every content creator Plaintiffs associate with Creators Inc.



DENTONS DURHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Opposition at 17. But neither the context nor the substance of those paragraphs can plausibly be read as a "specific allegation" that Creators Inc. represented Richardson, much less at a specific time.

First, Plaintiffs point to Paragraph 452 of the SAC, which says, in relevant part, ". . . Plaintiff N.Z. subscribed to the following Creator accounts (collectively, for this section, 'Subscribed Creator accounts'), ***which have been linked to—and, on information and belief, were used by***—the Agency Defendants to perpetrate the Chatter Scams" and then gives a list of content creators, including "d. McKinley Richardson (Creators Inc.)." (Emphasis added). Clearly, this allegation is made "on information and belief" and therefore is not a more specific allegation. Also, the implicit claim that a parenthetical "(Creators Inc.)" constitutes a "more specific allegation" of whether Creators Inc. managed Ms. Richardson than the direct language found in Paragraph 349 is not credible.

Plaintiffs next point to Paragraph 458. Here Plaintiffs again simply include a parenthetical "(Creators Inc.)" next to Ms. Richardson's name. The rest of the paragraph is a list of creators Plaintiff N.Z. purchased content from after talking to someone he believed was the relevant content creator but now thinks (on information and belief) was not the content creator.[3] This paragraph cannot be fairly read as a more specific allegation that Creators Inc. represented Ms. Richardson at the time he communicated with her. Instead, the Court should read the parenthetical "(Creators

[3] Plaintiffs do not explain why Plaintiff N.Z. believed that he was communicating with Ms. Richardson at the time but now believes "on information and belief" that he was speaking to a chatter rather than to Ms. Richardson. However, in the SAC Plaintiffs do explain that "Plaintiff N.Z. was not aware that the Creators listed above were utilizing management agencies until he contacted undersigned counsel." SAC at ¶ 460. This suggests that the "information and belief" forming his claim that he was talking to a chatter is simply that Plaintiffs' counsel told him so. It is likely that the reason Plaintiffs do not explain the basis for their belief when they make allegations "on information and belief" is that "my lawyer told me so" is not a palatable thing to say forms your belief, nor does it create a plausible factual basis for an allegation.



DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

Inc.)" as what it is: a reminder to the reader of which management agency Plaintiffs have previously alleged (on information and belief) represented each content creator in the list.

Finally, Plaintiffs point to Paragraphs 1282 and 1311 of the SAC, claiming that they constitute "more specific allegations" that Creators Inc. managed Ms. Richardson. Paragraphs 1282 and 1311 are found in causes of action alleged only against the Only Fans Defendants. It would be strange for Plaintiffs to make the "more specific" allegation that Creators Inc. represented Ms. Richardson in these causes of action that do not even name Creators Inc.

The content of these paragraphs is no more compelling than the context. These substantively identical[4] paragraphs mention Creators Inc. only in the same parenthetical Plaintiffs point to in the other paragraphs: "OnlyFans falsely advertised to Plaintiff N.Z. that he would be direct messaging with . . . McKinley Richardson (Creators Inc.), when he subscribed to those accounts." SAC at ¶¶ 1311. According to Plaintiffs the "more specific allegation" is a parenthetical "(Creators Inc.)" in a sentence having nothing to do with Creators Inc. supporting a cause of action in which Creators Inc. is not named. This claim does not withstand even slight scrutiny.

There are more than 1300 paragraphs in the SAC, none of which asserts in plain English that Creators Inc. managed any specific creator, other than allegations based on information and belief. Plaintiffs point the Court to four parentheticals that they describe as "more specific allegations" that Creators Inc. represented Ms. Richardson, but these paragraphs are either themselves made on information and belief or are so improbably located in the SAC that the context alone defeats Plaintiffs' arguments. Rather, the parentheticals Plaintiffs point to are the kind of "labels and conclusions"

[4] The only difference between Paragraphs 1282 and 1311 is that in Paragraph 1282 Plaintiffs allege that "Only Fans falsely ***represented***" whereas in 1311 Plaintiffs allege "Only Fans falsely ***advertised***." (Emphasis added). Other than that single word, the paragraphs are verbatim copies.

DENTONS DURHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

and "naked assertions devoid of further factual enhancement" that the Supreme Court found insufficient to meet the pleading standards found in Fed. R. Civ. P. 8, much less the more exacting standards of Rule 9. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).[5]

The SAC does not plausibly allege – other than on information and belief – that Creators Inc. managed Ms. Richardson (or any of the other content creators). Therefore, statements made to the Plaintiffs, such as N.Z., by Ms. Richardson or by others acting on her behalf are not attributable to Creators Inc. under the standards required by Rule 9(b). On that basis alone the Court should dismiss the SAC's allegations against Creators Inc.

**D. Plaintiffs Do Not Allege A Necessary Common Purpose.**

Creators Inc. hereby joins and incorporates the arguments made by Defendant Moxy in its Reply in Support of Motion to Dismiss, Section III.A, regarding Plaintiffs' failure to plead any coordination or common purpose among the alleged enterprise members. In response to Creators Inc.'s argument that Plaintiffs failed to allege a common purpose (*see* Motion at 12), Plaintiffs again offer nothing new; no new allegations and no new arguments. Rather, they simply disagree with the Court's prior Order.

The Court found that Plaintiffs' claim that the RICO enterprise's "common purpose of fraudulently increasing the amount and number of Premium Content Fees each Fan pays" is not a "common purpose" but simply the "ordinary business purpose of increasing revenue." Order at 19. Rather than allege a different "common purpose", Plaintiffs argue that the Court's ruling is wrong because Creators Inc.'s business of

[5] For this same reason the statements made on the Only Fans pages of "Baby J" and "Romey" are not attributable to Creators Inc. Plaintiffs allege only on information and belief that Creators Inc. managed them, making it impossible to attribute the statements on their Only Fans pages to Creators Inc. for purposes of alleging fraud under Rule 9. *See* Opposition at 5-6 (citing SAC at ¶¶ 358, 715).



DENTONS DURHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

hiring chatters is not an ordinary business practice, and they bold the sentence in which they make the argument. *See* Opposition at 9.

Plaintiffs do not contend that they have alleged a different "common purpose" instead they seize on the Court's phrasing of "ordinary business purpose" and spend pages arguing that the Fenix Defendants (Opposition at 10-11) and Creators Inc. (Opposition at 12) engaged in business practices that they claim were fraudulent. But this attempt to blur the line misses the mark. Because the SAC alleges the exact same common purpose as the FAC, it necessarily fails in the same way.

All the paragraphs Plaintiffs cite in their argument that Creators Inc. had a fraudulent "common purpose" with the other defendants, Paragraphs 674-76 of the SAC, are the same paragraphs Plaintiffs cited to in their Opposition to the Motion to Dismiss the FAC. *See* Opposition at 12; *and see* Opp'n to Notice of Mot. and Mot. to Dismiss Pls.' First Am. Compl., ECF No. 142 at 9.[6] The only things Plaintiffs change in their argument from the argument the Court rejected when it dismissed the FAC is that they now include paragraphs about Only Fans technological ability to monitor for chatters, if they chose to. Opposition at 11. But this does nothing to allege a common purpose.

The Court provided guidance to the Plaintiffs, explaining that perhaps even their allegations of the ordinary profit motive might suffice to allege a "common purpose" if they could allege coordination between the members of the enterprise. Order at 19. Rather than allege some coordination, Plaintiffs deny that coordination is an element of a RICO claim. Opposition at 7, 12-13. Plaintiffs miss the point: to find

[6] In their Opposition to the Motion to Dismiss the FAC, Plaintiffs pointed to Paragraphs 362 to 375 of the FAC, which is a section of the RICO cause of action titled "The Content Fraud Enterprise is a RICO Enterprise." Opp'n to Notice of Mot. and Mot. to Dismiss Pls.' First Am. Compl., ECF No. 142 at 9. In their Opposition here they point to Paragraphs 674-676 which is part of the same section of the RICO cause of action against Creators Inc. and makes parallel allegations. Opposition 9-14.

DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

that there was a common purpose sufficient to support a RICO claim they must show not merely that each of the supposed members independently had the purpose to make money but that the members had that purpose together.

When Plaintiffs argue that the SAC does contain allegations of "coordination" between Creators Inc. and Fenix, nothing they point to has anything to do with the chatter schemes that are the core of their allegations. Rather they allege that coordination is evidenced by the fact that Only Fans markets to agencies, that Only Fans TV sometimes features creators who Plaintiffs say (on information and belief) are represented by management agencies, that agencies (again on information and belief)[7] use CRMs, and that Only Fans could police its platform differently than it does. Opposition at 14. Notably none of these allegations support what Plaintiffs would have to allege, which is that any of the Defendants in any way interacted with any other Defendant in planning or implementing the alleged fraud. That Only Fans TV features some creators managed by agencies, or that Creators Inc. once made an Instagram post about a swimsuit fashion show has nothing to do with whether there was a RICO enterprise whose members coordinated to accomplish its illegal objective: using chatters to defraud Only Fans subscribers.

In any event Plaintiffs did not make a single meaningful change in their allegations of the purpose of the RICO enterprise nor did they present new legal authority. They simply make the same arguments pointing to allegations in the SAC that are substantively identical to the allegations the Court found deficient in the FAC.

## III. PLAINTIFFS DO NOT ALLEGE A SINGLE SPECIFIC REPRESENTATION BY CREATORS INC. THAT WAS RELIED ON BY PLAINTIFFS.

Creators Inc. hereby joins and incorporates the arguments made by Defendant

[7] Plaintiffs allege in Paragraph 284 of the SAC that "On information and belief, the Agency Defendants generally use CRM tools."

Dentons Durham Jones Pinegar, P.C.
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
801 415 3000

Moxy in its Reply in Support of Motion to Dismiss, Section III.B, regarding Plaintiffs' failure to plead that any Agency Defendant committed predicate acts with the particularity required by Rule 9(b). The entire premise of Plaintiffs' SAC is that the Agency Defendants hired chatters who misled the Plaintiffs into believing that they were content creators and thereby persuaded them to purchase pictures and videos that they would not have otherwise purchased. Curiously missing from the SAC are the contents of even a single communication Plaintiffs claim they relied on. This is not for lack of prompting. The Court called out this deficiency when it dismissed the FAC, explaining that "Plaintiffs do not allege the circumstances of specific representations made by [Agency Defendants] to Plaintiffs that gave rise to Plaintiffs' claims." Order at 21. Nevertheless, when they wrote the SAC, Plaintiffs did not include the contents of any statements. Instead, they argue that the Court is simply wrong and they do not have to allege the contents of any statements. Opposition at 16-18.

Whatever their reasons for not including the statements as required by Rule 9, Plaintiffs attempt to excuse the failure to allege with particularity is unavailing. Plaintiffs claim that the information is uniquely within Creators Inc.'s control and that Creators Inc. has all the information it needs to answer the SAC. "It knows the name of the Creator and the dates of the fraudulent interactions where its Chatters represented to N.Z. that they were Richardson." Opposition at 18. Setting aside the layers[8] of information and belief on which Plaintiffs' assertion rests, Plaintiffs are wrong on the facts and the law.

Creators Inc. has no ability to identify what statements Plaintiffs are claiming are fraudulent. Because Plaintiffs are proceeding anonymously, Creators Inc. has no idea who any of the Plaintiffs are or what names they used on Only Fans. For example,

[8] First, as noted above, Plaintiffs' contention that Creators Inc. represents or represented Ms. Richardson is made on information and belief. Second, Plaintiffs' contention that chatters, and not Ms. Richardson, were communicating with N.Z. is also made on information and belief. SAC ¶ 458.



DENTONS DURHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

even assuming Creators Inc. represents Ms. Richardson – it does not – or that it has access to her Only Fans page – it does not – it would still be left to sift through hundreds if not thousands of communications with hundreds if not thousands of subscribers on the dates Plaintiffs identify and guess the identity of N.Z. and what specific statement Plaintiffs think was misleading and base their claim on. The only clues Creators Inc. would have would be the vague assertion that Plaintiff N.Z. was "solicited by the 'Creators' (who on information and belief were Chatters)" and that he believed he was "communicating, directly with a Creator" and the dates and the amounts Plaintiff N.Z. paid. SAC at ¶ 458. Plaintiffs do not explain why Plaintiff N.Z. believed he was communicating directly with Ms. Richardson, nor why he now believes he was not actually communicating with Ms. Richardson, so Creators Inc. could not even make use of those vague assertions to identify the statement that Plaintiffs are relying on to make their claim. Far from being uniquely within Creators Inc.'s control, the information Creators Inc. needs to knowledgably answer the Complaint is entirely in the hands of the Plaintiffs, who simply refuse to set forth the who[9], what, and how as required by Rule 9(b).

Plaintiffs are also wrong on the law. "A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is

[9] Plaintiffs claim that the "who" is "a Chatter hired by Creators Inc." but this again misstates the SAC. In the SAC, Plaintiffs allege that Plaintiff N.Z. was "solicited by the 'Creators' (***who on information and belief were Chatters***)." SAC at ¶ 458 (emphasis added). Under Rule 9(b) if Plaintiffs are going to allege on information and belief that the "who" is a chatter they have to explain why they believe that, which they have not done. As noted in footnote 3 above, given that Plaintiff N.Z. did not even know any content creators he communicated with used a management agency until he talked to his lawyers, it seems clear the only basis for his belief that he was talking to someone other than Ms. Richardson is that his lawyers have told him so. This makes Plaintiffs' argument in the Opposition about the identity of the "who" entirely self-referential: the lawyers argue the speaker is a chatter because the SAC alleges on information and belief that it is a chatter. But the apparent basis for the information and belief is that the lawyers told N.Z. the speaker was a chatter.

false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted); *see also*, Order at 21. Nothing in the allegations of the SAC alleges what was said to Plaintiff N.Z., or any other Plaintiff, was misleading. Plaintiffs have failed to cure this defect identified by the Court.

Creators Inc. also hereby joins and incorporates the arguments made by Defendant Moxy in its Reply in Support of Motion to Dismiss, Sections V and VI, regarding Plaintiffs' failure to plead a VPPA claim and their derivative UCL claim.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss all claims asserted by Plaintiffs against Creators Inc. in the Second Amended Complaint.

Dated: March 5th, 2026

Respectfully submitted,

DENTONS US LLP

By: */s/ Trinity Jordan*
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

*Attorneys for Defendant*
ELITE CREATORS, LLC

DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

DENTONS DIRHAM JONES PINEGAR, P.C.
111 S. MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Elite Creators, LLC, certifies that this brief contains 4,546 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

Dated: March 5, 2026

Respectfully submitted,
DENTONS DURHAM JONES PINEGAR, P.C.

By: */s/ Trinity S. Jordan*
Trinity Jordan
Michael Gehret
Jordan Westgate
Bety Javidzad
Samantha Fahr
Pooja L. Shah

*Attorneys for Defendant*
ELITE CREATORS, LLC