Matthew Jacobs (SBN 331916)
THE JACOBS LAW FIRM, PC
5743 Corsa Ave, Suite 208
Westlake Village, CA 91362
(805) 601-7504
matt@jacobslawfirm.com

*Attorney for Defendants Unruly Agency LLC and Behave Agency LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

CASE NO. 8:24-cv-01655-FWS-SSC

**REPLY OF UNRULY AGENCY LLC AND BEHAVE AGENCY LLC IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Date: March 19, 2026
Time: 10:00 a.m.
Crtrm.: 10D

Assigned to Hon. Fred W. Slaughter

Defendants Unruly Agency LLC and Behave Agency LLC (together, "Unruly") respectfully file this reply brief in further support of their Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") ("Motion," ECF 230) and in response to Plaintiffs' opposition ("Opposition," ECF 233). Unruly also joins (and incorporates by reference the arguments in) the reply briefs of codefendants (ECF 239, 240, 241, 242, 243) supporting their respective motions to dismiss.

## I. DISCUSSION

After burdening defendants and the Court with a 275-page SAC and 85 pages of opposition briefing (*see* ECF 233-236), Plaintiffs attack Unruly (and codefendants Verge and Context X) for their brevity. In essence, Plaintiffs ask the Court to sustain their claims against Unruly, Verge and Context X based on their decision to file joinders instead of full-length memoranda repeating the arguments supporting dismissal set forth in, for example: (1) Unruly's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC," ECF 126); (2) Unruly's Reply in Support of its Motion to Dismiss the FAC (ECF 173); (3) the Court's Order Granting Defendants' Motions to Dismiss the FAC (ECF 209); and (4) codefendants' various motions to dismiss the SAC (ECF 239-243). For the reasons below, the Court should reject Plaintiffs' argument and grants all defendants' motions to dismiss in full and without leave to amend.

As Context X notes in its reply brief (*see* ECF 243 at 1), it was entirely proper for defendants—including Unruly—to join in codefendants' motions and incorporate their arguments by reference. *See, e.g.*, *Doe v. Taro Pharm. U.S.A., Inc.*, No. 25-CV07815-RFL, 2025 WL 3280257, at *1 (N.D. Cal., Nov. 25, 2025) ("Joinders are an accepted practice that help courts avoid having to read duplicative arguments, and are not improper.")

Moreover, Plaintiffs' claim that "many of the arguments" asserted by Fenix, Moxy and Creators' Inc. do not apply to Unruly, Verge or Context X is simply nonsensical. ECF 233 at 11. Indeed, the Court itself noted that Agency Defendants

all "raise[d] similar arguments" in moving to dismiss the FAC (ECF 209 at 20 n.3), and the Court granted those motions for reasons that applied to all Agency Defendants. For example, the Court dismissed Plaintiffs' RICO claim "because Plaintiffs fail to allege facts that Fenix Defendants and Agency Defendants combined as an enterprise in furtherance of the Chatter Scams" and did not "sufficiently allege coordination among the members." *Id.* at 19. Similarly, the Court previously dismissed the VPPA claim because "Plaintiffs fail to adequately allege the information disclosed was PII." *Id.* at 24. In other words, the Court dismissed the FAC based on pleading defects applicable to all defendants, notwithstanding the smattering of individualized allegations alleged in the FAC and realleged in the SAC.

Despite its impressive length, the SAC fails to add new substantive allegations against Unruly. Plaintiffs' argue that "many of the arguments made by Fenix, Moxy, and Creators Inc. are specific to the allegations against those Defendants" is simultaneously revealing and false. ECF 233 at 11. Revealing because Plaintiffs' use of the word "many" is a tacit concession that certain defense arguments apply to **all** defendants. And false because the ***vast majority*** of defense arguments apply to all defendants. Content X cites several examples in its reply brief (ECF 243 at 3), repeated below:

- **Fenix**: "Plaintiffs fail to allege any coordination between Fenix and the Agency Defendants, either individually or collectively," ECF 225 at 12;
- **Moxy**: Plaintiffs have not pled a RICO enterprise, including because "Plaintiffs fail to plead facts showing any Defendant knew any other Defendant existed, let alone that any Defendant ever communicated with any other Defendants," ECF 228 at 15-19;
- **Moxy:** Plaintiffs fail to allege a compensable injury under RICO, ECF 228 at 22-23;

- **Moxy:** The only disclosure alleged is "Plaintiffs' own disclosure to chatters," which is not actionable under VPPA, ECF 228 at 25-26;
- **Elite Creators**: "Plaintiffs alleged the same common purpose that the Court already found was deficient," ECF 227 at 12;
- **Elite Creators**: the UCL claim allegations regarding the Agency Defendants do not satisfy Rule 9(b), ECF 227 at 15-18;
- **Elite Creators**: the Court did not grant Plaintiffs leave to assert new claims, ECF 227 at 18-19.

Because Plaintiffs' allegations against the defendants are so similar, defendants' responses to those arguments apply across the board, including to Unruly. For example, other defendants argue that the SAC fails to satisfy Rule 9(b) with respect to the allegations of wire fraud. ECF. 227 at 7-10, ECF 228 at 19-21. This same argument supports Unruly's Motion, as none of Plaintiffs' allegations identify with particularity any fraudulent statements made by Unruly in furtherance of a RICO enterprise. ECF 230; *compare* ECF 126 at 9-10 (Unruly explaining why the **FAC's** allegations of fraud—which are repeated in the SAC—do not satisfy Rule 9(b)).

Similarly, other defendants' arguments regarding the VPPA's ordinary business exception also apply to Unruly, as Plaintiffs' allegations regarding the nature of Unruly's business confirm that the alleged disclosures of PII by Unruly fall within the exception. *See also* ECF 126 at 15 ("Even if Unruly were subject to the VPPA (which it is not) and both possessed and disclosed PII (which it did not), its disclosure would be lawful so long as it occurred in the "ordinary course of business.").) Accepting as true Plaintiffs' allegation that Unruly is in the business of providing chatter services, Plaintiffs cannot also simultaneously assert that the disclosures Unruly makes in the context of providing chatter services falls outside Unruly's ordinary course of business. (See SAC ¶ 1204 ("Each of the Agency

Defendants is engaged in the business of selling and/or delivering audiovisual materials as the agent or representative of the Represented Creators").

Plaintiffs offer a few token sentences concerning RICO. Specifically, Plaintiffs argue that their RICO claims against Unruly should not be dismissed because Unruly employed Chatters on behalf of Creators and Chatters communicated with Fans. Opp'n at 13:11-20. But these allegations are no different than those in Plaintiffs' FAC—allegations that the Court (rightly) found insufficient. Neither these nor any allegations in the SAC show that Fenix and the Agency Defendants combined in furtherance of any scam. Indeed, the SAC still fails to allege that Unruly ever communicated at any time with any Defendant for any reason.

Finally, while the Opposition passingly refers to the UCL, Plaintiffs do not even attempt to explain why their UCL claim against Unruly should survive. Because that claim is derivative of Plaintiffs' other claims, it too must be dismissed.

## II. CONCLUSION

For the reasons set forth above—and in Unruly's Motion, in Unruly's prior Motion to Dismiss the FAC, in the Court's Order Dismissing the FAC, and in the various motions of codefendants that Unruly has joined—Unruly respectfully requests that the Court grant its Motion in full and without leave to amend.

DATED: March 5, 2026 The Jacobs Law Firm, PC

By: [signature]
Matthew Jacobs

*Attorney for Unruly Agency LLC and Behave Agency LLC*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Unruly Agency LLC and Behave Agency LLC, certifies that this brief contains 1,124 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: March 5, 2026

The Jacobs Law Firm, PC

By: [signature]
Matthew Jacobs

*Attorney for Unruly Agency LLC and Behave Agency LLC*