BETY JAVIDZAD (SBN 240598)
bety.javidzad@dentons.com
SAMANTHA FAHR (SBN 299409)
samantha.fahr@dentons.com
POOJA L. SHAH (SBN 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213 623 9300 / Fax: 213 623 9924

MICHAEL GEHRET (SBN 247869)
mike.gehret@dentons.com
TRINITY JORDAN (*Pro Hac Vice*)
trinity.jordan@dentons.com
JORDAN WESTGATE (*Pro Hac Vice*)
jordan.westgate@dentons.com
DENTONS DURHAM JONES & PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111-2184
Tel: 801 415 3000

Attorneys for Defendant
ELITE CREATORS LLC



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

Case No. 8:24-cv-01655-FWS-SSC

**(1) DEFENDANT ELITE CREATORS' NOTICE OF MOTION AND MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**

**(3) [PROPOSED] ORDER.**

Date: October 22, 2026
Time: 10 a.m.
Crtrm: 10D
Judge: Hon. Fred W. Slaughter

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 22, 2026, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, before the Honorable Fred W. Slaughter, United States District Judge of the Central District of California, Southern Division, in Courtroom 10D, Defendant Elite Creators will and hereby does, move for an order dismissing the Fourth Amended Complaint filed by Plaintiffs N.Z. and R.M. (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

Plaintiffs failed to fix the deficiencies in their Unfair Competition Law claim against Elite Creators that this Court already identified and instead added a new flawed theory to that cause of action. When the Court dismissed the same claim in the Second Amended Complaint, it told Plaintiffs exactly what was missing: the specific representations made to a Plaintiff, and the circumstances surrounding them, as required by Federal Rule of Civil Procedure 9(b). The Fourth Amended Complaint still fails to identify any representation Elite Creators made to any Plaintiff upon which that Plaintiff relied. Rather than cure that defect, Plaintiffs added a new "unlawful act" theory premised on the alleged violation of the Video Privacy Protection Act ("VPPA"). But they lack standing to bring it, because they never allege any economic injury caused by that violation.

Plaintiffs' VPPA claim should be dismissed for the same reasons this Court dismissed the claim against Fenix Defendants. First, Plaintiffs agreed to Terms of Service that permitted Creators to use agencies like Elite Creators to operate their accounts, and that acknowledged their content could be viewed by others, so they consented to the very third-party access they now challenge. Second, the Fourth Amended Complaint never alleges that Elite Creators knowingly disclosed any

specific Plaintiff's personally identifiable information, as the statute requires. Third, it never alleges that Elite Creators delivered any video content to any Plaintiff, which places Elite Creators outside the VPPA's reach. The Fourth Amended Complaint also lumps Elite Creators into the "Agency Defendants" without tying any specific conduct to it, and any disclosure that did occur fell within the statute's "ordinary course of business" exception. Because the VPPA claim fails, Plaintiffs' derivative "unlawful act" Unfair Competition Law theory fails with it.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the reply papers, the pleadings on file, and such other evidence and argument as the Court may receive. Pursuant to Local Rule 7-3, on July 15, 2026, counsel for Elite Creators met and conferred with Plaintiffs' counsel to discuss the grounds for its motion.

DATED: July 21, 2026

MICHAEL GEHRET
TRINITY JORDAN
JORDAN E. WESTGATE
DENTONS DURHAM JONES & PINEGAR P.C.

By: /s/ Trinity S. Jordan
Trinity S. Jordan
Attorneys for Defendant Elite Creators LLC

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

# TABLE OF CONTENTS

NOTICE OF MOTION .......... II
MEMORANDUM OF POINTS AND AUTHORITIES .......... 1
INTRODUCTION .......... 1
ARGUMENT .......... 2
I. Plaintiffs Did Not Fix The Deficiencies In Their UCL Claims Identified By The Court But Instead Added A New Flawed Theory To Their UCL Cause of Action. .......... 2
a. Plaintiffs' UCL Claim Against Elite Creators Fails To Specifically Identify Any Representation Upon Which Any Plaintiff Relied. .......... 2
b. Plaintiffs Lack Standing To Bring The Unlawful Act UCL Claim Because They Fail to Allege They Were Damaged By The VPPA Violations. .......... 5
II. Plaintiffs' VPPA claim should be dismissed for the same reason the court dismissed the claim against the fenix defendants. .......... 7
a. Plaintiffs Agreed That Creators Could Use Agencies to Operate Their Accounts and That Their Content Could Be Viewed by Others. .......... 8
b. The Fourth Amended Complaint Does Not Allege That Elite Creators Knowingly Disclosed Any Plaintiff's Information. .......... 11
c. The Fourth Amended Complaint Does Not Allege That Elite Creators Delivered Video Content to Any Plaintiff. .......... 12
d. Plaintiffs' Collective Allegations Cannot Supply Facts They Never Plead Against Elite Creators .......... 13
e. Plaintiffs' Defective Fraud Allegations Cannot Defeat the "Ordinary Course of Business" Exception .......... 13
CONCLUSION .......... 14
CERTIFICATE OF COMPLIANCE .......... 15
DECLARATION OF THE USE OF ARTIFICIAL INTELLIGENCE .......... 16

# TABLE OF AUTHORITIES

Page(s)

## Cases

*AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*,
28 Cal. App. 5th 923 (2018) ........ 6

*Armstrong v. Reynolds*,
22 F.4th 1058 (9th Cir. 2022) ........ 1

*Ctr. for Bio. Diversity v. United States Forest Serv.*,
80 F.4th 943 (9th Cir. 2023) ........ 1

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012) ........ 6

*Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*,
792 F.2d 1432 (9th Cir. 1986) ........ 1, 4

*FW/PBS, Inc. v. Dallas*,
493 U.S. 215 (1990) ........ 7

*Hernandez v. Chewy, Inc.*,
2023 WL 9319236 (C.D. Cal. Dec. 13, 2023) ........ 12

*In re Hulu Priv. Litig.*,
86 F. Supp. 3d 1090 (N.D. Cal. 2015) ........ 2, 11

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........ 1, 3

*Lippitt v. Raymond James Fin. Servs., Inc.*,
340 F.3d 1033 (9th Cir. 2003) ........ 5

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ........ 7

*Martinez v. Newsom*,
46 F.4th 965 (9th Cir. 2022) ........ 7



DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

*Mollett v. Netflix, Inc.*,
795 F.3d 1062 (9th Cir. 2015) ........ 11

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ........ 7

*Ward v. Crow Vote LLC*,
634 F. Supp. 3d 800 (C.D. Cal. 2022) ........ 5

**Statutes**

18 U.S.C. § 2710 ........ 5, 7, 11, 12

**Rules**

Rule 9(b) Federal Rule of Civil Procedure ........ 1, 3, 4

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs' Fourth Amended Complaint is their latest attempt to state viable claims against Elite Creators, and like every version before it, it falls short. This is now the fifth complaint Plaintiffs have filed in this case (though only the third that the parties and this Court have had to substantively address) yet Plaintiffs still cannot plead the most basic elements of their claims against Elite Creators. Only two claims against Elite Creators remain: a claim under California's Unfair Competition Law ("UCL") and a claim under the Video Privacy Protection Act ("VPPA"). Both should be dismissed with prejudice.

The UCL claim must be dismissed because Plaintiffs ignored the Court's explicit instructions on how to cure it. When the Court dismissed the same claim in the Second Amended Complaint, it identified precisely what was missing and gave Plaintiffs the chance to fix it. (Dkt. 251 at 35–36.) They did not. Where a plaintiff repeatedly fails to cure a deficiency the Court has already identified, the Court's discretion to deny further leave is "particularly broad." *Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986); *see also Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) ("Amendment is futile when 'it is clear . . . that the complaint could not be saved by any amendment.'" (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022))).

Specifically, in its Order dismissing the Second Amended Complaint, the Court explained that it was "not persuaded that Plaintiffs can assert UCL claims against Agency Defendants under Rule 9(b) where Plaintiffs do not specify which representations were made and relied on, or 'the particular circumstances surrounding such representations.'" (Dkt. 251 at 35 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)).) The Court's order gave leave to amend

the UCL claim only "[i]f Plaintiffs believe they can cure the deficiencies described in this Order." (*Id.* at 39.) Plaintiffs did not cure the deficiencies that the Court identified. They did not specify any representation made by Elite Creators to any Plaintiff upon which any Plaintiff relied. Instead, Plaintiffs failed to change or amend the allegations related to Plaintiff N.Z. and the sole alleged Elite Creators represented Creator he subscribed to. Rather than cure the identified defect, Plaintiffs added a new theory of UCL liability for "unlawful acts" even though they lack standing to bring those claims because they did not allege that they suffered any damages from the alleged VPPA violations.

The VPPA claim should be dismissed for the same core reasons the Court dismissed the VPPA claim against the Fenix Defendants. The applicable Terms of Service allowed Creators to use third parties, including agencies like Elite Creators, to operate their accounts. Consequently, Plaintiffs were on notice of, and agreed to, the possibility that persons other than the Creator would see the information they shared with a subscribed account. (Dkt. 251 at 26–27.) Independently, the Court should dismiss the VPPA claim because the Fourth Amended Complaint never alleges that Elite Creators knowingly disclosed any specific Plaintiff's personally identifiable information, which the VPPA requires. *See In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015) ("'[K]nowingly' connotes actual knowledge" and "means consciousness of transmitting the private information.").

## ARGUMENT

### I. PLAINTIFFS DID NOT FIX THE DEFICIENCIES IN THEIR UCL CLAIMS IDENTIFIED BY THE COURT BUT INSTEAD ADDED A NEW FLAWED THEORY TO THEIR UCL CAUSE OF ACTION.

#### a. Plaintiffs' UCL Claim Against Elite Creators Fails To Specifically Identify Any Representation Upon Which Any Plaintiff Relied.

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

In its Order Dismissing the Second Amended Complaint, the Court made the following ruling regarding Plaintiffs' UCL claims against the Agency Defendants:

> The court finds [Plaintiffs' UCL] allegations insufficient because Plaintiffs do not allege the specific representations, or which representations were found material, to N.Z. and R.M. *See Kearns*, 567 F.3d at 1125. Rather, Plaintiffs assert that they are not required to provide the exact statements the Chatters made to satisfy Rule 9(b). (Dkt. 234 at 22.) The court is not persuaded that Plaintiffs can assert UCL claims against Agency Defendants under Rule 9(b) where Plaintiffs do not specify which representations were made and relied on, or "the particular circumstances surrounding such representations." *Kearns*, 567 F.3d at 1126.

(Dkt. 251 at 35.)

The UCL claim is brought by the "California Plaintiffs," Plaintiffs N.Z. and R.M., because only they have claims under California law. Plaintiff R.M. did not subscribe to any Creator that Plaintiffs claim was represented by Elite Creators. (*See* Dkt. 262 ¶ 458.) Accordingly, only Plaintiff N.Z. could conceivably assert a UCL claim against Elite Creators because Plaintiffs allege that N.Z. subscribed to McKinley Richardson, a Creator allegedly represented by Elite Creators. (Dkt. 262 ¶ 438.) The Fourth Amended Complaint does not state the specific representations made by McKinley Richardson or someone acting on her behalf that Plaintiff N.Z. relied on, nor does it state the specific circumstances surrounding such representations. Instead, the Fourth Amended Complaint describes general interactions between all Plaintiffs and all Creators, exactly the same approach the Court found insufficient previously. (*See* Dkt. 251 at 35 ("Plaintiffs do not allege the specific representations, or which representations were found material, to N.Z. and R.M.")).



DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

Despite the Court's clear direction regarding what was needed to cure the deficiency, Plaintiffs failed to do so. Although the Fourth Amended Complaint spans more than 170 pages—including at least five pages of allegations specific to Elite Creators and another five pages dedicated to Plaintiff N.Z.'s "story"—Plaintiffs identify only Paragraphs 444–449 and 464–479 as describing the Agency Defendants' solicitations that allegedly violate the UCL. Of those paragraphs, only Paragraph 444 contains any reference to McKinley Richardson. Paragraph 444 simply mentions two purchases made by Plaintiff N.Z. from McKinley Richardson without specifying the substance of any interaction between Plaintiff N.Z. and Ms. Richardson. The Fourth Amended Complaint does not contain even a general description—much less a specific recitation—of what Plaintiff N.Z. was told by someone acting on McKinley Richardson's behalf or in what context.

Rather than specify the substance of any communication between N.Z. and Ms. Richardson, or anyone acting on her behalf or "impersonating" her, the Fourth Amended Complaint employs the same tactic of making general representations about what the Agency Defendants generally did, which the Court found insufficient when it dismissed the Second Amended Complaint.

For the same reason the Court dismissed the Second Amended Complaint's fraud-based UCL claim, it must dismiss the Fourth Amended Complaint's UCL claim. This is now the third time—across the First Amended Complaint, the Second Amended Complaint, and now the Fourth Amended Complaint—that Plaintiffs have failed to allege the specific representations, circumstances, and reliance that Rule 9(b) demands. Plaintiffs have done nothing to cure the defect the Court identified. The Court should exercise its "particularly broad" discretion under these circumstances and dismiss the claim with prejudice. *See Fid. Fin. Corp.*, 792 F.2d at 1438.

**b. Plaintiffs Lack Standing To Bring The Unlawful Act UCL Claim Because They Fail to Allege They Were Damaged By The VPPA Violations.**

In the Fourth Amended Complaint, Plaintiffs added a new theory to their UCL claims. For the first time, they allege that the Agency Defendants violated the UCL by engaging in an unlawful business practice. The entire "unlawful act" portion of Plaintiffs' UCL claim is that "Agency Defendants committed unlawful business practices in violation of the UCL, as follows: The Agency Defendants' conduct constitutes an unlawful business practice because they have violated the VPPA. 18 U.S.C. § 2710." (Dkt. 262 ¶ 626.)

"To bring a UCL claim, a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Ward v. Crow Vote LLC*, 634 F. Supp. 3d 800, 827 (C.D. Cal. 2022) (F. Slaughter), *aff'd*, No. 22-56108, 2024 WL 2239010 (9th Cir. May 17, 2024) (citations omitted). "Because . . . section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (citation omitted). "For a private plaintiff to possess standing to bring a UCL claim, the plaintiff must: '(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e., economic injury, and (2) show that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim.'" *Ward*, 634 F. Supp. 3d at 827 (citation omitted). Plaintiffs lack standing to bring their "unlawful act" UCL claim because they have not alleged that they suffered any loss or deprivation of money or property that was caused by the alleged VPPA violation.

In their separate VPPA cause of action, Plaintiffs never allege that they suffered any loss of any variety because of the VPPA violation. Indeed, in their

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

request for relief in the VPPA cause of action, Plaintiffs ask for "statutory damages, punitive damages, attorneys' fees, and any other relief deemed appropriate by the Court." (Dkt. 262 ¶ 594.) Plaintiffs do not seek compensation for any losses they suffered.

As for the UCL claim itself, Plaintiffs allege that "California Plaintiffs and Class Members have suffered injury in fact, including lost money and undesirable service, *as a result of the Agency Defendants' misrepresentations*." (*Id.* ¶ 635 (emphasis added).) But the supposed agency misrepresentations were part of the Unfair Act portion of Plaintiffs' UCL claim, which Plaintiffs have failed to properly allege. The misrepresentations have nothing to do with the VPPA claim or the unlawful act portion of the UCL claim. Plaintiffs have simply failed to allege that N.Z. or any other Plaintiff suffered damages as a result of the VPPA violation. In the absence of actual damages, Plaintiffs do not have standing to bring their claim under the unlawful act provision of the UCL.

Additionally, the unlawful act UCL claim should be dismissed because it depends entirely on the VPPA claim, and as explained below, the VPPA claim itself fails. A UCL "unlawful act" theory that is predicated on a deficiently pleaded statutory violation cannot survive. *See AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 950 (2018) ("By proscribing 'any unlawful' business practice, [the UCL] 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." (cleaned up)); *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1171 (9th Cir. 2012) (affirming the district court's dismissal of UCL claims due to plaintiff's failure to satisfactorily allege an underlying "unlawful" business practice). Because the underlying VPPA claim fails, so too must the derivative UCL claim. *See AMN Healthcare, Inc.*, 28 Cal. App. 5th at 950.

## II. PLAINTIFFS' VPPA CLAIM SHOULD BE DISMISSED FOR THE SAME REASON THE COURT DISMISSED THE CLAIM AGAINST THE FENIX DEFENDANTS.

In the Fourth Amended Complaint, Plaintiffs allege that the Agency Defendants, including Elite Creators, violated the VPPA, 18 U.S.C. § 2710, by disclosing Plaintiffs' personally identifiable information ("PII") to Chatters and other third parties. The claim against Elite Creators fails for the same core reasons the Court dismissed the VPPA claim against the Fenix Defendants. (Dkt. 251 at 26–27.) Plaintiffs agreed to Terms of Service that permitted Creators to use third parties to operate their accounts and that acknowledged their content could be viewed by others; the Fourth Amended Complaint does not plead a knowing disclosure of any individual Plaintiff's information by Elite Creators, and it does not allege the disclosure of any specific video materials that any Plaintiff requested or obtained.

As a threshold matter, Plaintiff R.M. lacks standing to bring the VPPA claim against Elite Creators because R.M. did not subscribe to any Creator that Plaintiffs allege Elite Creators represented. (Dkt. 262 ¶ 458.) "To have standing to sue a particular defendant, a plaintiff must have experienced an injury in fact that is fairly traceable to the challenged action of that defendant." *Martinez v. Newsom*, 46 F.4th 965, 970 (9th Cir. 2022) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The Supreme Court has confirmed that "[t]he plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). And the Ninth Circuit has made clear that "[n]amed plaintiffs generally lack standing to sue defendants that have not injured them personally, even if they allege that those defendants injured absent class members." *Martinez*, 46 F.4th at 970.

This Court applied exactly this principle in its Docket Number 251 Order when it dismissed N.Z.'s and R.M.'s RICO claims against Boss Baddies, Content X,

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

and Verge because neither N.Z. nor R.M. subscribed to any Creators managed by those Agency Defendants. (Dkt. 251 at 11–12.) The same logic applies here. R.M. is alleged to have subscribed only to Creators managed by Moxy and Unruly/Dysrpt. (Dkt. 262 ¶ 458.) R.M. has no connection to any Creator represented by Elite Creators whatsoever. (*See id.*) Accordingly, the VPPA claim should be dismissed as to R.M. for lack of standing.

Even as to the remaining Plaintiffs, the VPPA claim fails on its merits. The Fourth Amended Complaint contains no allegation that Elite Creators knowingly disclosed any Plaintiff's PII to anyone. As explained below, the Fourth Amended Complaint does not allege that Elite Creators knowingly transmitted any Plaintiff's PII, and, in any event, Plaintiffs consented through the Terms of Use ("TOU") to the very third-party access they now challenge.

**a. Plaintiffs Agreed That Creators Could Use Agencies to Operate Their Accounts and That Their Content Could Be Viewed by Others.**

The Court dismissed the VPPA claim against the Fenix Defendants in part because Plaintiffs agreed, in the Terms of Service, that their content "may be viewed by individuals that recognise [their] identity" and that the platform was "not in any way . . . responsible" if they were identified from that content. (Dkt. 251 at 26–27; Dkt. 60-1 at 15.) The same reasoning applies with equal force to Elite Creators. The applicable Terms of Service expressly contemplate that Creators may use third-party agencies to operate their accounts. The Creator Terms of Use state: "Only individuals can be Creators. Every Creator is bound personally by the Terms of Service. If you have an agent, agency, management company or other third party which assists you with the operation of your Creator account (or operates it on your behalf), this does not affect your personal legal responsibility." (Dkt. 60-1 at 30.) The Creator Terms of Use are integrated directly into the single "Terms of Service"

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

that every user agrees to. The Terms of Service Agreement defines itself as "the legally binding agreement between you and us which consists of" multiple enumerated documents, including the "Terms of Use for all Users," the "Terms of Use for Fans," and the "Terms of Use for Creators." (*Id.* at 10.) The Terms of Use for all Users further confirms at Section 17 that the Terms of Use for Creators "will also apply to you and form part of your agreement with [OnlyFans] (*Id.* at 14.) And this Court has already found that these documents form an integrated contract. (Dkt. 251 at 30 (holding that the Terms of Service "form the entire agreement between [Fenix International] and [the user] regarding [the user's] access to and use of OnlyFans").) So, when Plaintiffs registered for OnlyFans and agreed to the Terms of Service, they agreed to a single integrated contract that told them, in plain language, that Creators could have agencies operating their accounts on their behalf. Plaintiffs cannot now claim ignorance of a provision contained in the very agreement they accepted.

Plaintiffs' VPPA claim repeatedly alleges, and is predicated on the assertion, that Plaintiffs did not know their information would be shared with anyone other than the actual Creators they subscribed to. For example, Plaintiffs allege that "Defendants know that the PII being disclosed is intended to be private and confidential, yet they never informed Plaintiffs or Class Members of the possibility that their PII might be disclosed to anyone other than the Creator whose account they were interacting with ('Selected Creator')." (Dkt. 262 ¶ 587.) But in the Terms of Use, Plaintiffs were informed that Creators could use third parties to assist them in running their accounts or even to operate their OnlyFans accounts on behalf of the Creator. Under the TOU not only might messages be shared with people other than the actual Creator, messages might be seen *only* by people other than the Creator if the Creator had a third party operate their account on their behalf.

Further, as the Court observed in its order dismissing the Second Amended Complaint's VPPA claim against the Fenix Defendants, "Plaintiffs agreed and acknowledged that their '[c]ontent may be viewed by individuals that recognise [their]
Identity.'" (Dkt. 251 at 26.) As the Court further found, the Content that Plaintiffs agreed by accepting the TOU might be viewed included "any material uploaded to OnlyFans by any [u]ser (whether a Creator or a Fan), including any photos, videos, audio (for example music and other sounds), livestream material, data, text (such as comments and hashtags), metadata, images, interactive features, emojis, GIFs, memes, and any other material whatsoever." (Dkt. 60-1 at 10.)

Under the TOU, Plaintiffs were both informed and agreed that Creators might use third parties to assist them in running their accounts or to run their OnlyFans accounts on their behalf. Plaintiffs also agreed that anything they uploaded, including pictures and text such as their legal name, would be viewed by those operating the OnlyFans accounts they subscribed to. The very situation Plaintiffs say they did not know about (*i.e.*, that they would upload sensitive information to the OnlyFans platform and that third parties assisting Creators to operate their OnlyFans accounts might view it) was entirely consistent with the TOU to which each Plaintiff agreed.

Because Plaintiffs authorized third-party access through the TOU, information they shared with a Creator's account that was then viewed by agency personnel operating the account was not disclosed to an unauthorized recipient of the kind the VPPA targets. The VPPA's knowledge requirement cannot be satisfied where the alleged disclosure results from the very contractual arrangement the consumer expressly consented to. Here, Elite Creators operated Creator accounts under the arrangement the TOU contemplated, and liability therefore cannot lie on this basis.

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

**b. The Fourth Amended Complaint Does Not Allege That Elite Creators Knowingly Disclosed Any Plaintiff's Information.**

Independent of consent, the claim fails because Plaintiffs do not allege that Elite Creators knowingly disclosed any specific Plaintiff's PII. The VPPA imposes liability only on a "video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider." 18 U.S.C. § 2710(b)(1). As this Court has recognized, "knowingly" connotes actual knowledge and "means consciousness of transmitting the private information." *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015). And "[t]he lawfulness of th[e] disclosure cannot depend on circumstances outside of [the defendant's] control." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015).

While several Plaintiffs are alleged to have subscribed to Creators that Plaintiffs claim Elite Creators represented, the Fourth Amended Complaint does not identify what information of any Plaintiff was disclosed by Elite Creators, when it was disclosed, or to whom. It also does not allege that Elite Creators was conscious of transmitting that information to any unauthorized third party. The Fourth Amended Complaint describes only that Plaintiffs subscribed to certain Creators and made payments. Plaintiffs also claim to have disclosed information such as their name or their picture, in messages to Creators, but they do not allege that Elite Creators was aware that they had shared this information, much less that Elite Creators then knowingly disclosed it to third parties. Allegations that Elite Creators "should have known" about Chatters, or that agencies generally shared account access, do not satisfy the VPPA's actual-knowledge requirement. The Court rejected materially identical "should have known" allegations against the Fenix Defendants as conclusory and should also do so here. (Dkt. 251 at 27.)

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

**c. The Fourth Amended Complaint Does Not Allege That Elite Creators Delivered Video Content to Any Plaintiff.**

The VPPA applies only to entities engaged in the business of "rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4). Courts have recognized that delivering video content must be "central" to a defendant's business for the VPPA to reach it. *Hernandez v. Chewy, Inc.*, 2023 WL 9319236, at *3 (C.D. Cal. Dec. 13, 2023). While the Court previously found at the pleading stage that Agency Defendants could qualify as video tape service providers, the allegations supporting that finding were generalized assertions about what agencies collectively do. The Fourth Amended Complaint does not contain any specific allegation that Elite Creators itself delivered video content to any Plaintiff or that delivering video content was central to Elite Creators' business. At most, the Fourth Amended Complaint alleges that Plaintiffs subscribed to Creators and made payments to those Creators through the OnlyFans platform. There is no allegation that Elite Creators played any role in the delivery of specific video materials to any Plaintiff. Elite Creators is alleged to be a management agency. Its role, as described in the complaint, was managing Creator accounts, not delivering audiovisual content to Fans. That is a meaningful distinction. An agency that assists a Creator with marketing or account operations is a different animal from an entity whose business centers on selling or delivering video content to consumers.

The prior Order addressed this question in the context of broad allegations about all Agency Defendants collectively. (Dkt. 251 at 26.) But the allegations as to Elite Creators specifically paint a different picture. The complaint describes Elite Creators as providing management services, employing chatters, and taking commissions on Creator earnings. (Dkt. 262 ¶¶ 337–346.) None of those activities constitute the "delivery" of prerecorded audiovisual materials. The Court may well conclude that an entity whose business is talent management, not content delivery,



DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

falls outside the VPPA's reach. At a minimum, the absence of any allegation tying Elite Creators to the actual delivery of video content to a Plaintiff provides an independent basis for dismissal.

Because the VPPA claim fails, Plaintiffs' derivative "unlawful act" UCL theory, which rests entirely on the alleged VPPA violation, fails with it. The VPPA claim should be dismissed with prejudice, as Plaintiffs have had repeated opportunities to plead it and still cannot.

**d. Plaintiffs' Collective Allegations Cannot Supply Facts They Never Plead Against Elite Creators**

Elite Creators hereby joins and incorporates the arguments made by Defendant Moxy in its Memorandum of Points and Authorities Section V, paragraph B. Plaintiffs made group pleading facts that cannot be applied to Elite Creators. Plaintiffs grouped Elite Creators into the term "Agency Defendants" and relied on vague allegations that videos were sent by one or more agents or contractors without saying who sent what or on whose behalf. Rule 8 does not allow that kind of lumping, and courts applying it to privacy status like the VPPA have repeatedly dismissed claims that fail to tie specific wrongdoing to each named defendant.

**e. Plaintiffs' Defective Fraud Allegations Cannot Defeat the "Ordinary Course of Business" Exception**

Elite Creators hereby joins and incorporates the arguments made by Defendant Moxy in its Memorandum of Points and Authorities Section V, paragraph C. Even if Plaintiffs stated a VPPA claim, any disclosure fell within the statute's "ordinary course of business" exception because Plaintiffs' own allegations describe Elite Creator's core business as employing Chatters to fulfill and process content requests for Creators. Plaintiffs' only counterargument, that the disclosures were part of fraudulent "Chatter Scams" rather than ordinary business, fails because allegations of fraud must satisfy Rule 9(b)'s heightened pleading standard, and the

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

Court has repeatedly found Plaintiffs failed to plead the scams with the required particularity. Because Plaintiffs cannot establish the fraud they rely on to escape the exception, their VPPA claim should be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss with prejudice the UCL and VPPA claims asserted against Elite Creators in the Fourth Amended Complaint.

Dated: July 21, 2026

Respectfully submitted,

DENTONS DURHAM JONES PINEGAR

By: */s/ Trinity Jordan*
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Elite Creators, certifies that this brief contains 5513 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATES: July 21, 2026 DENTONS DURHAM JONES PINEGAR, P.C.

By: *Trinity S. Jordan*
Trinity S. Jordan
Jordan E. Westgate
*Attorneys for Elite Creators*

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

**DECLARATION OF THE USE OF ARTIFICIAL INTELLIGENCE**

I, Trinity S. Jordan, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I prepared or assisted in preparing documents filed in this action using an artificial intelligence tool for drafting, editing, organization, and/or research assistance.
2. Before filing any document with the Court, I independently reviewed and verified its contents.
3. I independently confirmed that all legal authorities cited in the filed documents are authentic, accurately quoted, and applicable to the issues presented.
4. I independently verified the factual assertions contained in the filed documents to the best of my knowledge and belief based on the evidence and information available.
5. I understand that I remain solely responsible for the accuracy and contents of all documents filed with the Court, regardless of any assistance provided by artificial intelligence.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2026 at Dentons Durham Jones Pinegar, PC. in Salt Lake City, Utah.

By:/s/Trinity S. Jordan