Allen E. Sattler (SBN 321086)
David A. Yudelson (SBN325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone:  949.743.3979
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Filed Concurrently with [Proposed] Order<br><br>Date:     October 22, 2026<br>Time:    10:00 a.m.<br>Crtrm.:  10D<br><br>Assigned to Hon. Fred W. Slaughter |

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 22, 2026, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, before the Honorable Fred W. Slaughter, United States District Judge of the Central District of California, Southern Division, in Courtroom 10D (the "Court"), Defendant Verge Agency, Inc. ("Verge") will move for an order dismissing Plaintiffs' Fourth Amended Class Action Complaint ("FAC") as against Verge for the following reasons:

1.    The Court previously upheld the forum selection clause in the OnlyFans Terms of Service against Plaintiffs B.L., S.M., and A.L. (the "Non-California Plaintiffs") and as a result their claims have been dismissed.

2.    Plaintiff A.L. is the sole lingering plaintiff asserting the same VPPA claim against Verge that the Court previously found fit within the Terms of Service of Defendant OnlyFans because the claims of A.L. were subject to "enforcing the forum selection clause" and A.L.'s claim was dismissed (*See* ECF 117 at 15-16). (*See also* ECF 209 at 32) (again finding the Terms of Service were "closely related" to A.L.'s claim against Verge.)

3.    Thus Plaintiff A.L.'s effort to again plead a claim that was already dismissed, Verge should be dismissed again from this action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) because of the Court's prior orders and because Plaintiff A.L. fails to state a claim for any violation of the Video Privacy Protection Act because Plaintiff A.L. fails to adequately plead a disclosure of personally identifiable information ("PII") and the ordinary business exception applies.

4.    Verge also seeks to dismiss the FAC on the same basis set forth in Defendant Elite Creators LLC's ("Elite Creators") Motion to Dismiss Plaintiffs' Fourth Amended Class Action Complaint ("Elite Creators

MTD") and Defendant Moxy Management's ("Moxy") Motion to Dismiss Plaintiffs' Fourth Amended Class Action Complaint ("Moxy MTD"). Therefore, such arguments are incorporated by reference into this Motion.[1] (*See* ECF 266; ECF 267.)

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed contemporaneously, the Moxy MTD, the Elite Creators MTD, the reply papers, the pleadings on file, and such other evidence and argument as the Court may receive. In accordance with Local Rule 7-3, on July 15, 2026, counsel for Verge met and conferred with counsel for Plaintiffs to discuss the grounds for this Motion.

Respectfully submitted,

DATED: July 21, 2026

By: */s/ David A. Yudelson*
Allen Sattler (SBN 321086)
David A. Yudelson (SBN325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

---

[1] Currently, there is no pending UCL claim against Verge, as there is no California Plaintiff who subscribed to a Verge Creator. Plaintiffs' counsel has admitted to this fact in email correspondence with counsel for Verge.

3

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

This action comes before the Court following Plaintiffs N.Z., R.M., B.L., S.M., and A.L. (collectively, the "Plaintiffs") fourth attempt to plead claims against management agencies (collectively, the "Agency Defendants"). Of the five plaintiffs who assert claims, only Plaintiff A.L., a ***non-California*** plaintiff, asserts a  lone claim against Verge for violation of the Video Privacy Protection Act ("VPPA").

The FAC is a compilation of 636 conclusory and vague allegations that seek to treat the Agency Defendants as one defendant, rather than individual entities. Plaintiff A.L. seeks to rely on factual allegations that do not concern Verge, and such allegations fail to allege a disclosure by Verge of Plaintiff A.L.'s personally identifiable information ("PII") to a third party.

The FAC does however, adequately establish that Only Fans' Terms of Service forum selection clause warrants dismissal of Plaintiff A.L.'s claims, due to the allegations that Verge, with the assistance of third parties (the "Chatters") impersonated OnlyFans content creators during direct message conversations with Plaintiff A.L. The Court has previously ordered that this alleged misconduct is closely related to and arises out of the Terms of Service and thus non-signatories, like Verge can enforce the forum selection clause.[2]

For these reasons above, and the arguments in the briefing of its co-defendants, which are incorporated by reference  (*See* ECF 266; ECF 267.), Verge respectfully requests this court to grant this Motion and dismiss it from this action.

---

[2] Dismissing the Non-California Plaintiffs' claims against the Agency Defendants will leave no pending claims against Verge because the FAC does not allege that the remaining Plaintiffs subscribed to any creators managed by Verge. Therefore, the Court should dismiss Verge from this action.

## II.    FACTUAL BACKGROUND

Plaintiff A.L., a Wisconsin citizen, solely alleges claims against Verge. (*See* FAC ¶¶ 40, 424-437, 524-547.) Specifically, Plaintiff A.L. alleges that via direct messaging on the Only Fans platform he believed he was communicating with Verge Creators; however, he later discovered that he was "actually interacting with professional Chatters pretending to be the Creators." (FAC ¶¶ 527-530, 533.) Such Chatters were allegedly hired by Verge "[a]s part of its management of [Creator] accounts[.]" (FAC ¶ 432.)

At the time of A.L.'s subscription with OnlyFans, the FAC alleges the platform had a Terms of Service policy that constituted a "legally binding agreement" between OnlyFans and its users. (FAC¶ 218.) Contained in the Terms of Service is a forum-selection clause that states "any claim . . . arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) must be brought in the courts of England and Wales." (ECF 60-1, Ex. A ¶16(a).) The Court has upheld this clause on two separate occasions. First on April 19, 2025, the Court found the Non-California Plaintiffs' claims fell within the scope of the forum-selection clause and were "logically or casually connected to the Terms of Service." (ECF 117 at 7.) Second, on December 12, 2025, the Court ordered that the Non-California Plaintiffs' claims be dismissed against the Agency Defendants because their alleged misconduct was "closely related" to the Terms of Service. (ECF 209 at 32.)

## III.    LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) . . . tests the legal sufficiency of the claims asserted in a complaint." *Mitchell Rubber Prods., LLC v. Verlan Fire Ins. Co.*, No. EDCV211845JGBKKX, 2022 WL 17222233, at *1 (C.D. Cal. Aug. 12, 2022). A Rule 12(b)(6) dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT

legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

## IV.    ARGUMENT

### A.    PLAINTIFF A.L.'S CLAIMS MUST BE DISMISSED PURSUANT TO THE FORUM SELECTION CLAUSE

Nothing in the FAC warrants the Court's deviation from its December 12, 2025, order, upholding the forum-selection clause against the Non-California Plaintiffs. (*See* ECF 209 at 32, 34.) As the Court has recognized, "[a] non-signatory defendant may enforce a forum selection clause when 'the alleged conduct of the [non-signatory defendant] is closely related to the contractual relationship." *Pirozzi v. Fiserv Corp.*, 668 F. Supp. 3d 968, 974 (C.D. Cal. 2022); *JH Portfolio Debt Equities, LLC v. Garnet Cap. Advisors, LLC*, No. 217CV08839CASJCX, 2018 WL 6112695, at *5 (C.D. Cal. Mar. 16, 2018); *Manetti-Farrow, Inc. v. Gucci, Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988). The FAC contains the same allegations that justified the Court's previous rulings for applying the forum-selection clause to the Non-California claims. (*See* ECF 209 at 31-32.)

Plaintiff A.L.'s claims against Verge are "closely related" to the Terms of Service, because such claims arise out of and are connected to Plaintiff A.L.'s use of OnlyFans platform. (FAC ¶¶ 524-540.) Indeed, the Court previously determined the Terms of Service (including the forum selection clause in the Terms of Service) are enforceable against the *Non-California* Plaintiffs, including Plaintiff A.L. (*See* ECF 117 at 13-14) ("[T]he Court is not persuaded that enforcing the forum selection clause

as to the three out of state Plaintiffs—B.L.,S.M., and A.L. would contravene public policies outlined in *Mendoza* and the California Constitution").

Although the Terms of Service state "[y]our agreement with us does not give rights to any third parties . . . .'" in the Court's orders on the Defendants' Motions to Dismiss the Court has twice relied on its reasoning in ECF 117 to dismiss the RICO claims against Verge, noting that "[i]n the FNC Order [ECF 117] the court found 'the broad scope of the forum selection clause covers Plaintiffs' claims' which including the non-California plaintiffs' claims." (ECF 209 at 30-32.) (adding that "Plaintiffs' claims are logically or causally connected to the Terms of Service") (*Id*.) (quoting ECF 207).

The Court noted in its December 12, 2025, Order that while the Terms of Service stated that they did not apply to defendants other than Fenix International, dismissal of the Non-California Plaintiffs' claims was warranted because the alleged conduct of Verge and the other "Agency Defendants" was "so closely related to the contractual relationship" and that Plaintiffs' allegations invoked and relied upon the Terms of Service for their claims against all Defendants, including Verge. (ECF 209 at 32.)

The Fourth Amended Complaint also relies upon these same allegations and thus, the Terms of Service and the Court's original analysis should control again  here. (*See* FAC ¶¶ 218-240, 316-317 584, n.192.) Although the Court in its recent Order dated May 19, 2026 (ECF 251) switched its previous course and ruled that the Terms of Service  were not "so closely related" to the Non-California Plaintiffs' claims, which incentivized Plaintiff to try them again, even though two other orders dismissed the claims.

Verge understands that the Court is always empowered to revisit an interlocutory ruling, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 888 (9th Cir. 2001), but that same analysis loses no force when the Court twice ruled that A.L.'s claims were subject to the Terms of Service, notwithstanding language

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

within them that purports to limit their application to OnlyFans. (*See, e.g.*, ECF 209 at 31.) ("In the FNC Order, the court found 'the broad scope of the forum selection clause covers Plaintiff's claims,' which included the non-California Plaintiff's claims") (quoting ECF 117) (citations omitted). Accordingly, Verge respectfully requests that the Court resume its original analysis and reliance on its previous orders and find that the forum-selection clause bars Plaintiff A.L.'s claims against Verge.

**B.   PLAINTIFF A.L. FAILS TO STATE A CLAIM FOR VIOLATION THE VIDEO PRIVACY PROTECTION ACT**

The VPPA outlines "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person." 18 U.S.C. § 2710(b)(1). Therefore, to state a plausible state a claim for violation of the VPPA, Plaintiffs "must a must allege that (1) a defendant is a "video tape service provider," (2) the defendant disclosed "personally identifiable information concerning any customer" to "any person," (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by section 2710(b)(2). *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015).

**1.   *Plaintiffs Fail to Adequately Plead Verge Disclosed Personally Identifiable Information***

Under the VPPA PII "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). The Ninth Circuit has interpreted PII to mean "information that 'readily permit[s] an ordinary person to identify a [particular individual as having watched certain videos].'" *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017).

The FAC's allegations do not meet this definition. Nowhere in the FAC does it allege that Verge received PII that could be used to identify the Plaintiff A.L.'s video-watching behavior. Plaintiffs R.M., N.Z., S.M., and B.L.'s allegations that they shared

their names and photos of themselves are insufficient to support a VPPA claim against the Agency Defendants and more specifically Verge. (FAC ¶¶ 577-579.) None of these plaintiffs subscribed to a Verge managed creator. (*Id.* ¶ 430.) Only Plaintiff A.L. asserts a claim against Verge, but the FAC is devoid of allegations that show his PII was collected or shared with Verge. (*See* FAC ¶¶ 430, 438, 458, 488, 504.)

Even if the FAC sufficiently alleges that Plaintiff A.L. disclosed identifying information, that isolated information is not enough to constitute a VPPA violation. "For there to be an actionable VPPA violation, the video provider must have knowingly disclosed: 1) a consumer's identity; 2) the identity of "specific video materials"; and 3) ***the fact that the person identified 'requested or obtained' that material***." *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015). The third element is where Plaintiff A.L.'s VPPA claim falls apart. His allegation that he "viewed videos sent to him via direct message through the Subscribed Creator accounts—***some*** of which he had specifically requested" does not demonstrate that he himself requested or obtained video material that belonged to a Verge creator. (*See* FAC ¶ 530.) Hence, the FAC does not allege a connection between Plaintiff A.L.'s identity and a Verge managed Creator's video materials. *See In re Hulu Priv. Litig.*, 86 F. Supp. 3d at 1095 ("The point of the VPPA, after all, is not so much to ban the disclosure of user or video data; it is to ban the disclosure of information connecting a certain user to certain videos.").

Without factual allegations concerning the type of information Plaintiff A.L. furnished during his alleged communications with a Verge managed Creator and the specific videos he requested or obtained from a Verge Creator, the Court is forced to rely on the FAC's conclusory allegations. (*See* FAC ¶¶ 430, 438, 458, 488, 504.) This is not only insufficient for a plausible VPPA claim but also violates the pleading standard under Rule 8. *See* Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Twombly*, 550 U.S. at 554-56. Accordingly, Plaintiff A.L.'s VPPA claim fails and should be dismissed against Verge.

**2.      *The Ordinary Course of Business Exception Applies***

Notwithstanding Plaintiff A.L.'s failure to demonstrate a disclosure of PII, any disclosure that was made was done during the ordinary course of business. The VPPA provides that "[a] video tape service provider may disclose personally identifiable information concerning any consumer . . . to any person if the disclosure is incident to the ordinary course of business of the video tape service provider." 18 U.S.C. § 2710(b)(2)(E). A disclosure is "incident to the ordinary course of business" when it involves, "debt collection activities, order fulfillment, the transfer of ownership." 18 U.S.C. § 2710(a)(2).

Here, the alleged Chatter scams were a part of Verge's ordinary course of business to provide managerial services to its creators. The FAC fatally admits to this fact as it alleges "[a]s part of its management of [Creator] accounts, Verge provides Chatter services[.]" (FAC ¶ 432.) Therefore, any alleged disclosure of PII by Verge does not run afoul the VPPA.

**V.      CONCLUSION**

Fort the reasons stated above, Verge respectfully requests that the Court grant this Motion and dismiss Verge from this action.[3]

---

[3] Verge incorporates by reference the arguments asserted by its co-defendants in their respective pleadings responding to the FAC. (*See* ECF 266; ECF 267.)

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Respectfully submitted,

DATED: July 21, 2026                    By: */s/ David A. Yudelson*
                                              Allen Sattler (SBN 321086)
                                              David A. Yudelson (SBN325316)
                                              Chasity Henry (SBN 354660)
                                              **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
                                              2029 Century Park East, Suite 1100
                                              Los Angeles, CA 90067
                                              Tel.: 949.743.3924
                                              Fax: 949.743.3934
                                              asattler@constangy.com
                                              dyudelson@constangy.com
                                              chenry@constangy.com

                                              *Counsel for Defendant Verge Agency, Inc.*

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Verge Agency, Inc., certifies that this brief contains 2,061 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: July 21, 2026

By: */s/ David A. Yudelson*
Allen Sattler (SBN 321086)
David A. Yudelson (SBN325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Suite 1100, Los Angeles, CA 90067.

On **July 21, 2026**, I served a true copy of the document(s) entitled:

**DEFENDANTS VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the following individuals by the method(s) indicated below:

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey
Leonard W. Aragon
Michella A. Kras
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

Andrea R. Gold
David A. McGee
Shana H. Khader
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
dmcgee@tzlegal.com
skhader@tzlegal.com

Keith T. Vernon
TIMONEY KNOX LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Facsimile: (215) 540-2643
Email: kvernon@timoneyknox.com

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Andrew C. Stone
Seth T. Goertz
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
goertz.seth@dorsey.com

*Counsel for Plaintiffs*

  **X**  **BY ELECTRONIC TRANSMISSION:** By causing the document(s) to be transmitted via the Court's ECF System to the e-mail addresses of the individuals as indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 21, 2026**, in Los Angeles, California.

*/s/ David A. Yudelson*
David A. Yudelson

DEFENDANT VERGE AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT