Nithin Kumar (SBN 300607)
nithin@kingfisherlawapc.com
KINGFISHER LAW APC
P.O. Box 492415
Los Angeles, California 90024
T: (408) 930-3580

Attorneys for Defendant Content X, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiff,

vs.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

CASE NO. 8:24-cv-01655-FWS-SSC

**DEFENDANT CONTENT X, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**

Date: October 22, 2026
Time: 10:00 a.m.
Dept.: 10D

Assigned to Hon. Fred W. Slaughter

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 22, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fred W. Slaughter, United States District Court Judge, in Courtroom 10D of the United States District Court for the Central District of California, Southern Division, 411 West 4th Street, Santa Ana, California, 92701, Defendant Content X, Inc. ("Content X") will and hereby does move this Court for entry of an Order dismissing the claims asserted against Content X in the Fourth Amended Complaint filed by Plaintiffs N.Z., R.M. B.L., S.M., and A.L. (collectively, "Plaintiffs"). This Motion to Dismiss is brought pursuant to Rule 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure and is made on the ground that each of the causes of action asserted against Content X fails to state a claim upon which relief may be granted, and on the ground that the Non-California Plaintiffs' claims are governed by the forum selection clause in the OnlyFans Terms of Service.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 15, 2026, when Content X's counsel met and conferred with Plaintiffs' counsel and counsel for the other Agency Defendants, including by indicating that Content X would seek dismissal on the same grounds articulated by the other Agency Defendants' counsel during the videoconference call. This Motion is based upon this Notice of Motion, the following memorandum, Content X's concurrently-filed joinder in the other Agency Defendants' motion, all papers and records on file herein, and such other matters as may be presented to the Court at or before the hearing on this Motion.

DATED: Juky 21, 2026 KINGFISHER LAW APC

By: */s/ Nithin Kumar*
Nithin Kumar
Attorneys for Defendant Content X, Inc.

# MEMORANDUM OF POINTS & AUTHORITIES

For the same myriad reasons sets forth in the other Agency Defendants' Motions to Dismiss, the Court also should dismiss the remaining VPPA and UCL claims asserted against Content X, Inc. ("Content X") in the Fourth Amended Complaint ("4AC") filed by Plaintiffs N.Z., R.M. B.L., S.M., and A.L. (collectively, "Plaintiffs").

***First***, the claims asserted by Plaintiffs N.Z., R.M., and A.L. against Content X must be dismissed because they are not alleged to have subscribed to any of the Creators allegedly managed by Content X. (4AC ¶¶ 438, 458, 525.) Now that Plaintiffs' RICO claim and conspiracy allegations have been dismissed, there is no valid basis for N.Z., R.M., and A.L. to assert claims against an Agency Defendant like Content X to which they have alleged no connection whatsoever.

***Second***, the claims asserted by B.L. and S.M.—both non-California residents—should be dismissed because they are governed by the forum selection clause in the OnlyFans Terms of Service. This Court has repeatedly dismissed B.L. and S.M.'s claims based on the forum selection clause, not only as to OnlyFans (Dkt. 117 at 16), but also as to Content X and the other Agency Defendants. (Dkt. 209 at 31-32.) In December 2025, the Court's issued a well-reasoned ruling enforcing the forum selection clause on the grounds that Plaintiffs' claims are "closely related" to the Terms of Service. *Id.* ("[T]he court finds that dismissing the non-California Plaintiffs is warranted here because Plaintiffs' claims are closely related to the Terms of Service, as it pertains to Agency Defendants.") But just six months later, the Court inexplicably reversed course and—without citing to its own prior order or identifying any new allegations by Plaintiff—held that it would "permit[] the non-California Plaintiffs' claims to proceed at this stage." (Dkt. 251 at 19.) The Court's first ruling was the correct one, and the Court should once again dismiss claims asserted against Content X by the non-California Plaintiffs. And because no California Plaintiffs assert claims against Content X, the Court should dismiss Content X from this action.

***Third***, the VPPA claim against Content X should be dismissed for the same reasons detailed by the other Agency Defendants, including Moxy (Dkt. 269), Elite Creators (Dkt. 266), and Verge (Dkt. 271). *See* Dkt. 274 (Content X joinder). Those reasons include, *inter alia*, (i) Plaintiffs' failure to allege any videos sent to them by Content X or any of their alleged Creators (*see* 4AC ¶¶ 494d, 494h), (ii) Plaintiffs' failure to plead fraud to defeat the application of the ordinary course of business exception, (iii) the affirmative disclosures in the Terms of Service regarding Creators' potential use of third-party agencies, and (iv) Plaintiffs' failure to allege any specific disclosure of any of their PII by Content X specifically.

***Fourth***, the UCL claim against Content X should be dismissed for a variety of reasons, most notably, Plaintiffs' failure to address the very deficiencies identified in the Court's prior order dismissing the UCL claims. *See Glasscell PC v. Aetna Life Ins. Co.*, 2025 WL 740181, at *8 (C.D. Cal. Feb. 7, 2025) (dismissing claims with prejudice where prior order "explained precisely what was deficient" but "despite amendment, Plaintiff still fails to sufficiently allege any cause of action") (Slaughter, J.).

## V. CONCLUSION

For all of the reasons stated herein, in its moving papers, and in the other motions it joined, Content X respectfully requests that the Court dismiss the claims asserted against it in the Fourth Amended Complaint and deny leave to amend.

Respectfully submitted,

DATED: July 21, 2026

KINGFISHER LAW APC

By: */s/ Nithin Kumar*

Nithin Kumar
Attorneys for Defendant Content X, Inc.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Content X, Inc. certifies that this brief contains 579 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 21, 2026 KINGFISHER LAW APC

By: */s/ Nithin Kumar*
Nithin Kumar
Attorneys for Defendant Content X, Inc.