BETY JAVIDZAD (SBN 240598)
bety.javidzad@dentons.com
SAMANTHA FAHR (SBN 299409)
samantha.fahr@dentons.com
POOJA L. SHAH (SBN 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213 623 9300 / Fax: 213 623 9924

MICHAEL GEHRET (SBN 247869)
mike.gehret@dentons.com
TRINITY JORDAN (*Pro Hac Vice*)
trinity.jordan@dentons.com
JORDAN WESTGATE (*Pro Hac Vice*)
jordan.westgate@dentons.com
DENTONS DURHAM JONES & PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111-2184
Tel: 801 415 3000

Attorneys for Defendant ELITE CREATORS LLC



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

Case No. 8:24-cv-01655-FWS-SSC

**(1) DEFENDANT ELITE CREATORS' MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE FOURTH AMENDED COMPLAINT (ECF 268)**

**(2) [PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND.**

Date: October 22, 2026
Time: 10 a.m.
Crtrm: 10D
Judge: Hon. Fred W. Slaughter

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In their Motion for Leave to Amend the Fourth Amended Class Action Complaint (the "**Motion to Amend**") (ECF 268), Plaintiffs ask the Court to modify the Scheduling Order, which set October 23, 2025 as the deadline to amend pleadings or add parties. (ECF 114 at 1.)

After the Scheduling Order was entered, but before they sought to amend the Complaint to add new parties, Plaintiffs filed two amended complaints: the First Amended Complaint ("**1AC**") (ECF 118, filed Apr. 23, 2025) and the Second Amended Complaint ("**2AC**") (ECF 218, filed Jan. 2, 2026). The very deficiencies Plaintiffs now invoke were apparent when they filed each of those complaints, yet they sought to add no parties in either. Only after two rounds of briefing dismissed their RICO and fraud claims in their entirety did Plaintiffs seek to add new plaintiffs. Adding new plaintiffs does not cure the existing Plaintiffs' claims, and the proposed new plaintiffs' claims suffer from the same deficiencies that led to dismissal before.

The Motion to Amend should be denied for two independent reasons. First, Plaintiffs cannot show good cause under Rule 16(b)(4). They had multiple opportunities to add new parties—including when they filed the 1AC and the 2AC—yet failed to do so despite knowing of the very deficiencies they now seek to cure. The only purpose of the proposed amendment is to recruit new plaintiffs so that someone can assert claims against Defendants named in the original Complaint against whom no existing Plaintiff has a claim. Second, the amendment is futile because the new plaintiffs' claims suffer from the same Rule 9(b) pleading failures the Court has identified twice before. Either ground independently defeats the Motion to Amend.

## II. PROCEDURAL HISTORY

On April 23, 2025, Plaintiffs filed their 1AC. (ECF 118.) They did not add any

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

new parties. (*See id.*)

After Plaintiffs filed the 1AC, Defendants filed a Motion to Strike Claims of Non-California Plaintiffs—B.L., S.M., and A.L.—on the grounds that the applicable terms of service contained a forum selection clause requiring that all claims be litigated in England and Wales. (ECF 123, filed May 23, 2025.) On December 12, 2025, the Court entered an Order denying the Motion to Strike but nonetheless dismissing non-California Plaintiffs B.L., S.M., and A.L. based on those terms of service. (ECF 209 at 30–32.)

The Agency Defendants also moved to dismiss the 1AC's RICO fraud-based claims because, among other things, Plaintiffs failed to allege with specificity any statement made by the Agency Defendants that the Plaintiffs relied on to their detriment. (*See, e.g.*, ECF 124 at 19–21.) In its Order, the Court dismissed the RICO claims against the Agency Defendants, finding that the Plaintiffs "do not allege the circumstances of specific representations made by Moxy to Plaintiffs that gave rise to Plaintiffs' claims." (ECF 209 at 19–21 & n.3 (noting that "Other Agency Defendants raise similar arguments to Moxy").)

Plaintiffs filed their 2AC on January 2, 2026. (ECF 218.) By then, the Court had dismissed every Plaintiff who had asserted claims against Defendants Boss Baddies, Verge, and Content X, so Plaintiffs knew that no remaining Plaintiff had a claim against those Defendants. (*See* ECF 209.) Plaintiffs nonetheless did not seek leave to add any new parties—such as California-based plaintiffs who did have claims against Boss Baddies, Verge, or Content X—even though they were amending their complaint at that time.

In the 2AC, only one California-based Plaintiff asserted any claims against Creators Inc. That Plaintiff, N.Z., alleged that he subscribed to McKinley Richardson, and alleged on information and belief that Creators Inc. managed McKinley

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

Richardson at some point. (ECF 218 ¶¶ 349, 452–66.) The 2AC, like the 1AC before it, did not allege the content of any statement made by or on behalf of McKinley Richardson, and it did not identify any specific representation that N.Z. relied on. The allegations concerning N.Z.'s interactions with McKinley Richardson were, in fact, unchanged from the 1AC—the very pleading the Court dismissed for failure to plead fraud with specificity.

In its Order on Defendants' motions to dismiss the 2AC, the Court dismissed Plaintiffs' RICO claims, finding that Plaintiffs had failed to allege coordination or conduct in furtherance of the alleged racketeering enterprise. (ECF 251 at 23–25.) Turning to the fraud claims against the Agency Defendants, the Court explained that it was "not persuaded that Plaintiffs can assert UCL claims against Agency Defendants under Rule 9(b) where Plaintiffs do not specify which representations were made and relied on, or 'the particular circumstances surrounding such representations.'" (ECF 251 at 34–36 (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)).)

Plaintiffs filed their Third Amended Complaint ("**3AC**") on June 9, 2026. (ECF 252–54.) The 3AC added new parties—specifically, "N.T." and "J.A."—even though the deadline to add new parties had long since passed, Plaintiffs had not sought leave of the Court to add them, and Plaintiffs had not met and conferred with Defendants before doing so.

Plaintiffs ultimately agreed to file a Fourth Amended Complaint ("**4AC**") that removed the improperly added new plaintiffs and dropped the causes of action, including RICO, that the Court had dismissed without leave to amend. (*See* ECF 262.) Creators Inc. moved to dismiss the 4AC (ECF 266), as did the other Defendants (ECF 267 (Moxy), 271 (Verge), 272 (Unruly and Behave – Joinder), 273–74 (Content X), 276 (Unruly and Behave)). Creators Inc. explained in its motion that Plaintiffs still had not cured the deficiency in their fraud claims because they did not allege any specific



DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

misrepresentation made by Creators Inc. to Plaintiff N.Z., the only Plaintiff alleged to have been represented by Creators Inc.

## III. LEGAL STANDARDS

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where a pretrial scheduling order sets an amendment deadline, a party seeking to amend after that deadline must first satisfy Rule 16(b)(4)'s good cause standard—a separate and more stringent threshold "not coextensive" with Rule 15(a)'s liberal standard—before the court will consider Rule 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). The inquiry focuses primarily on the diligence of the party seeking modification, and "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Courts in the Ninth Circuit apply a three-part diligence test: (1) whether the party was diligent in assisting the court in creating a workable scheduling order; (2) whether noncompliance occurred despite diligent efforts, due to matters that could not reasonably have been foreseen at the time of the order; and (3) whether the party was diligent in seeking amendment once noncompliance became apparent. *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 475 (E.D. Cal. 2022) (collecting cases). Where a party fails to demonstrate good cause, the inquiry ends and the motion is denied without reaching Rule 15(a). *See Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

If good cause is established, the court proceeds to Rule 15(a). *Id.* Rule 15(a)(2) provides that a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but that standard is not without limit. In *Foman v. Davis*, the Supreme Court held that leave may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." 371 U.S. 178, 182 (1962). The Ninth Circuit adheres to this framework and commits the decision to the district court's discretion. *See G.B. by & through G.P. v. United States Env't Prot. Agency*, 172 F.4th 1042, 1053, 1064–65 (9th Cir. 2026).

Any one of the *Foman* factors may independently justify denial. Futility alone suffices. Where the proposed amended complaint could not survive a Rule 12(b)(6) motion, leave is properly denied. *G.B.*, 172 F.4th at 1065. Undue delay—even absent prejudice—may likewise support denial where the movant knew or should have known the facts underlying the proposed amendment earlier in the litigation. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). And where a plaintiff has been afforded prior opportunities to amend yet failed to cure identified deficiencies, the court has a well-recognized basis to deny further leave. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182–83 (9th Cir. 2016).

## IV. ARGUMENT

### a. Plaintiffs Fail To Show "Good Cause" To Modify The Scheduling Order To Permit Them To Add New Parties.

Plaintiffs offer two reasons why good cause purportedly exists to modify the Scheduling Order: first, that the Scheduling Order will have to be modified anyway to accommodate discovery once the motions to dismiss are resolved; second, that the deadline to add new parties passed before the Court ruled on Defendants' motions to dismiss the 1AC. Neither reason addresses Plaintiffs' own lack of diligence.

#### 1. Plaintiffs Were Not Diligent In Adding New Parties In Response To The Court's Order

Plaintiffs' only explanation for why they should be allowed to add parties is that "[a]dding two new California plaintiffs will cement the VPPA and UCL claims against



DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

the Agency Defendants." (ECF 268 at 17.) Significantly, Plaintiffs try to argue that there was no prejudice even if they "could have requested leave to add additional plaintiffs earlier." (*Id.* at 15.) They offer no explanation for why they did not.

This Court's own decisions applying Rule 16(b)(4) are directly on point. In *Tehranian v. Mercedes-Benz USA, LLC*, the Court denied leave to add a new party even where the plaintiff waited only one month after the scheduling-order deadline, finding that the plaintiff "was not diligent" and failed to heed "clear and repeated signals that not all the necessary parties had been named in the complaint." 2025 WL 1543626, at *2–3 (C.D. Cal. May 7, 2025) (Slaughter, J.) (citation omitted). Here, Plaintiffs waited nearly a year—far longer than the one-month delay in *Tehranian*. In *Louis v. Cnty. of Ventura*, the Court required the more stringent good-cause showing where the plaintiff did not adequately explain months of inaction. 2023 WL 6890766, at *2 (C.D. Cal. July 26, 2023) (Slaughter, J.). And in *Kendon Indus. LLC v. Towblazer, Inc.*, the Court denied a motion to modify the Scheduling Order "nearly a year after" the deadline where the party had "not demonstrated sufficient diligence throughout the proceedings." 2024 WL 4800490, at *4 (C.D. Cal. Oct. 20, 2024) (Slaughter, J.). These decisions apply the same Rule 16(b)(4) standard under similar facts and confirm that Plaintiffs' unexplained delay cannot establish good cause.

Plaintiffs' reliance on the Second Order is equally misplaced. The Court's Second Order granted Plaintiffs leave to amend only three existing claims to cure the deficiencies identified in that Order; it did not grant leave to add new parties. (ECF 251 at 38–39.) Plaintiffs' suggestion that the Second Order authorized them to add new plaintiffs to support their amended claims is contradicted by the Order's plain language. (*See id.*) Where "the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order . . . a plaintiff is barred from adding new claims or parties." *Brett v. Brooks Bros. Grp., Inc.*, 2018 WL

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

8806668, at *2 (C.D. Cal. Sept. 6, 2018) (citation omitted).

Nor do Plaintiffs explain how or when they learned of J.A. and N.T. They do not explain what prevented them from seeking to add these individuals before the Scheduling Order deadline or during the nearly a year since that deadline passed. Courts focus on "the time between the moving party's discovery of new facts and her asking leave of the court to file an amended pleading." *Burmayan v. Garfield Beach CVS, LLC*, 2025 WL 4036422, at *1 (C.D. Cal. Oct. 14, 2025). The complete absence of any timeline for discovering the proposed new plaintiffs is itself fatal to the good-cause inquiry.

In its December 12, 2025 Order on the motions directed to the 1AC, the Court dismissed the non-California Plaintiffs' claims (ECF 209 at 30–32), and only plaintiffs residing in California have standing to bring UCL claims against Defendants. Plaintiffs therefore knew as of December 12, 2025, everything they know now about which Plaintiffs could assert claims against the Agency Defendants. Plaintiffs filed their 2AC three weeks later, on January 2, 2026 (ECF 218), but they provide no explanation for why they did not seek to add the new plaintiffs at that time.

Because Plaintiffs did not seek to add parties then, Defendants fully briefed their motions to dismiss the 2AC—an effort that the Court has acknowledged imposed "significant" burdens on "small agencies that are seriously impacted by the litigation costs." (ECF 207 at 4.) Because Plaintiffs delayed in adding new parties, the Agency Defendants, and specifically Creators Inc., will have to file yet another round of motions to dismiss to identify the failings in the proposed new plaintiffs' claims. The additional burden and cost of another round of briefing on Plaintiffs' failed claims is not "a natural consequence of modern civil litigation," as Plaintiffs claim. (ECF 268 at 16 (citation omitted).) Rather, it was caused by Plaintiffs' lack of diligence in seeking to add new plaintiffs when the problems they now attempt to address first came to their

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

attention.

Plaintiffs' argument makes no sense on its face. Nothing about the proposed new plaintiffs' claims affects the viability of the existing Plaintiffs' claims. Plaintiff N.Z.'s flawed UCL claim against Creators Inc. is not "cemented" by adding a new plaintiff. Any new plaintiff's claim against Creators Inc. rests on the allegations and representations made to that plaintiff alone; it does not cement claims brought by other plaintiffs. Instead, what Plaintiffs' counsel appears to want is to keep claims alive against certain Agency Defendants. Because no existing Plaintiff has a claim against those Agency Defendants, doing so required recruiting new plaintiffs who might be able to assert claims against Agency Defendants that would otherwise be dismissed from the case entirely. That has nothing to do with bolstering any existing Plaintiff's claims against any Defendant.

**2. The Need To Modify The Schedule For Other Reasons Does Not Excuse Plaintiffs' Delay.**

Plaintiffs also argue that their lack of diligence should not preclude their post-deadline amendment because, even if they had been diligent, the Scheduling Order would have needed to be amended. That argument "misconstrues the 'good cause' requirement of Rule 16 and Ninth Circuit case law" and has been rejected by this Court. *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 2015 WL 12746208, at *9 (C.D. Cal. Oct. 30, 2015). "The focus of the good cause inquiry is not on whether *modification of the schedule* could have been avoided by diligence, but rather whether *delay* could have been avoided by diligence." *Id.* (emphasis in original).

Plaintiffs have not shown good cause for their delay in seeking to modify the Scheduling Order to add new plaintiffs. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*,

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

975 F.2d at 609). Because Plaintiffs have failed to show diligence, the inquiry ends here and the Motion to Amend should be denied.

**b. Plaintiffs' Motion Also Fails The Rule 15 Standard Because Plaintiffs' Proposed Amendment Is Futile.**

The standard for evaluating futility is identical to that applied on a Rule 12(b)(6) motion to dismiss, and "[f]utility alone" justifies denial of leave to amend. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). The Court should also deny Plaintiffs' Motion because the proposed amendments are futile: the new plaintiffs fail to state a claim. Plaintiffs' fraud allegations have been dismissed twice on the same ground. In its Order dismissing the fraud-based RICO claims in the 1AC, the Court found that Plaintiffs' wire fraud theory was deficient because the complaint did "not allege the circumstances of specific representations made by Moxy to Plaintiffs that gave rise to Plaintiffs' claims." (ECF 209 at 19–21.) In its Order dismissing the fraud-based claims in the 2AC, the Court found that Plaintiffs could not maintain their UCL claims because they "do not specify which representations were made and relied on, or 'the particular circumstances surrounding such representations.'" (ECF 251 at 34–36 (citation omitted).)

The new plaintiffs' claims fail for the same reasons. First, Plaintiff N.T. alleges only "on information and belief" that Creators Inc. had anything to do with any Creator he subscribed to. (ECF 268-2 ¶ 511.) Because the connection between Creators Inc. and any representation allegedly made by or on behalf of those Creators rests solely on information and belief, the allegations fail to satisfy Rule 9(b).

Second, Plaintiff N.T. does not allege the content of any communication he had with Marie Temara. His subscription to Marie Temara on OnlyFans therefore cannot form the basis of a fraud claim.

Finally, Plaintiff N.T.'s claims related to Lena the Plug lack the specificity

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

required to state a viable fraud claim. Plaintiffs allege that N.T. saw a post on Lena the Plug's OnlyFans page stating, "Chat one on one!" and a post on x.com (which Plaintiffs do not allege Creators Inc. had anything to do with) stating, "cum chat with me." (ECF 268-2 ¶ 525.) When N.T. subscribed, Lena messaged him: "Awe N[] thank you for joining me!! I love that you're here and we get to be naughty together." (*Id.* ¶ 526.) When N.T. tipped her to win a "prize pack" on December 22, 2023, Lena messaged back: "Thank you baby!!! [] The prize pack worth $50 will be sent out at the end of the month once I choose a winner!!" (*Id.* ¶ 527.) None of these statements is an actionable misrepresentation. Plaintiffs do not allege that any of them was false when made, that Creators Inc. made or authorized them, or the particular circumstances of N.T.'s reliance—precisely the deficiencies the Court identified in dismissing Plaintiffs' prior fraud-based claims. (ECF 251 at 34–36.)

## V. CONCLUSION

For the foregoing reasons, Creators Inc. respectfully requests that the Court deny Plaintiffs' Motion to Amend, and deny it without further leave to amend.

Dated: September 1, 2026

Respectfully submitted,

DENTONS DURHAM JONES PINEGAR

By: */s/ Trinity Jordan*
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Elite Creators, certifies that this brief contains 3,068 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: September 1, 2026 DENTONS DURHAM JONES PINEGAR, P.C.

By: */s/ Trinity Jordan*
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC