Allen E. Sattler (SBN 321086)
David A. Yudelson (SBN325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 949.743.3979
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,<br><br>Defendants. | CASE NO. 8:24-cv-01655-FWS-SSC<br><br>**DEFENDANT VERGE AGENCY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>Filed Concurrently with [Proposed] Order<br><br>Date: October 22, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 10D<br><br>Assigned to Hon. Fred W. Slaughter |

## I. INTRODUCTION

Almost a year past the Court's deadline to amend pleadings/add new parties[1], Plaintiffs N.Z., R.M., B.L., S.M., and A.L. (collectively the "Plaintiffs") now move for leave to amend their Fourth Amended Complaint ("4AC"). Plaintiffs' motion is not only eleven months late but comes on the heels of Plaintiffs impermissibly filed Third Amended Complaint ("3AC"), which included previously dismissed claims and new parties and claims. (*See* ECF 254.)

Plaintiffs assert in their Motion for Leave to Amend Fourth Amended Complaint ("Motion") there is good cause under Rule 16 to grant the proposed amendment, but the history of this case suggests the opposite conclusion. (ECF 268 at 7-8.) The proposed Fifth Amended Complaint ("5AC") seeks to add a new California plaintiff, Plaintiff J.A., and his VPPA and UCL claims solely to keep Verge a party to this case. (ECF 268 at 4-5.) Plaintiffs admit this fact in their Motion. (*Id.*) Until now no California Plaintiff has asserted claims against Verge[2] and Plaintiffs' Motion and proposed 5AC demonstrates a severe lack of diligence to include Plaintiff J.A. and his claims in the above-captioned action.

While this may be Plaintiffs' first-time seeking leave to amend, the proposed 5AC would actually be their 6th attempt to try to state a claim against Verge. The Court has repeatedly granted Plaintiffs leave to amend to cure the deficiencies in their complaints. (*See* ECF 117; ECF 209; ECF 251.) The proposed 5AC pleads nothing to convince this Court to grant Plaintiffs a sixth bite at the apple.

---

[1] The Court's February 18, 2025, Scheduling Order dictates that the deadline for it to hear motions to amend pleadings/add parties was October 23, 2025. (ECF 114 at 1.) Per Local Rule 6-1 Plaintiffs' deadline to file a motion for leave to amend was 28 days prior to the October 23, 2025, hearing deadline. *See* C.D. L.R. 6-1.

[2] Plaintiffs have been aware of this fact since initial filing in this case in 2024 and such fact was emphasized in the Court's April 9, 2025, and December 12, 2025, orders. (*See* ECF 117; ECF 209.). Verge has also brought attention to this fact in its various motions to dismiss. (ECF 128 at 4; ECF 229 at 4; ECF 271 at 4.)

In addition to Plaintiffs' lack of diligence to show good cause under Rule 16, Plaintiffs' arguments in their motion that the Rule 15 factors weigh in favor of amendment are unavailing. Plaintiffs proposed 5AC is not only the result of undue delay and is prejudicial to Verge, but it is also sought in bath faith and overall futile.

For these reasons above, and the arguments in the briefing of its co-defendants, which are incorporated by reference[3], Verge respectfully requests that this Court deny Plaintiffs' Motion.

## II. ARGUMENT

### A. PLAINTIFFS HAVE NOT DEMONSTRATED GOOD CAUSE TO AMEND THE SCHEDULING ORDER

The Ninth Circuit has made clear that when a party seeks leave to amend following the expiration of the deadline set forth in the pretrial schedule order, that party must first "satisfy the more stringent 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

To support seeking an amendment to add Plaintiff J.A. and his VPPA and UCL claims against Verge eleven months after the Court's deadline, Plaintiffs argue in their motion that good cause exists because the Court would have to amend the scheduling order anyway to accommodate the lack of substantive discovery that has taken place in this matter. (ECF 268 at 7.). This is a flagrant misrepresentation of the standard proscribed by Rule 16. As Plaintiffs point out by their cited authority, "[t]he focus of the good cause inquiry is not on whether modification of the schedule could've been avoided by diligence, but rather whether delay could have been avoided by diligence."

[3] (*See* ECF 277; ECF 278.)

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 2015 WL 12746208, at *9 (C.D. Cal. Oct. 30, 2015). The mere fact that a modification of the scheduling order would need to occur anyway does not circumvent Plaintiffs' need to show diligence in their efforts. Plaintiffs point to no authority in their Motion that the inevitability of modifying the scheduling order satisfies the good cause standard under Rule 16.

In addition to the absence of supporting authority, Plaintiffs Motion provides no legitimate showing of diligence on their part. Specifically, Plaintiffs do not demonstrate "that [they] unearthed specific new facts that caused [them] to realize [they] could or should amend [their] pleading after the scheduled deadline." *Philadelphia Indem. Ins. Co. v. IEC Corp.*, No. SACV160295DOCAJWX, 2017 WL 5664988, at *3 (C.D. Cal. July 27, 2017). In fact, in the Joint Rule 26(f) Report submitted to the Court, Plaintiffs stated they did "not anticipate the likely appearance of additional parties." (ECF 102 at 8.). Plaintiffs upheld this contention in the Amended Joint Rule 26(f) Report, (ECF 113 at 8.), and their Motion does not furnish any reason to refute such statements, (*See* ECF 268.). *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (finding no diligence where Plaintiff "assured the Court in her joint status report that '[n]o amendments to the pleadings are anticipated'" and she did not "articulate[] any reason sufficient to allow her to recant that representation"). Hence, as Plaintiffs admit, their only reason for adding Plaintiff J.A. is to "cement the VPPA and UCL claims[.]" against Verge, (ECF 268 at 11.), not because they just recently learned of his existence and claims.

Plaintiffs' argument that they have been diligent because the operative deadline to amend the complaint passed before the Court ruled on a Rule 12 motion should be ignored. (ECF 268 at 8.). The timing of the Court's ruling on a Rule 12 motion occurring after the deadline to amend pleadings/add new parties is irrelevant, because the same allegations that Plaintiffs seek to add with respect to the new Plaintiff J.A.'s claims against Verge, are based on the same underlying facts that have existed since

Plaintiffs filed their case on July 19, 2024. (*See* ECF 1.). The proposed 5AC provides no new facts or allegations regarding the claims alleged against Verge. (*See* ECF 270-1.). Instead, Plaintiffs proposed amendments concerning Verge specifically, are a bad faith tactic to keep Verge attached to this matter by adding California plaintiffs who present the same baseless allegations that the Court has previously repeatedly found to be deficient. (*See* ECF 117; ECF 209; ECF 251.).

Because Plaintiffs do not furnish any reason why Plaintiff J.A. and his claims were newly discovered and unforeseen at the time of the operative deadline, Plaintiffs' untimely amendment is nothing more than mere carelessness rather than diligence. Such carelessness should not be rewarded with an amended complaint. *See Mammoth Recreations, Inc.*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

**B. THE RULE 15 FACTORS WEIGH AGAINST GRANTING PLAINTIFFS LEAVE TO AMEND THE 4AC**

Because Plaintiffs seek leave to amend after the scheduling order deadline and there is not good cause to amend, the liberality standard under Rule 15 is irrelevant. *See Velez v. Foresters Life Ins. & Annuity Co.*, No. 2:22-CV-08932-ODW(MBKX), 2025 WL 3691474, at *2 (C.D. Cal. Dec. 11, 2025). ("A party must first show good cause before the Court considers whether amendment is proper under Rule 15(a).); *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) ("Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper."); *Mammoth Recreations, Inc.*, 975 F.2d at 609 (holding that if a party is not diligent enough to satisfy the good cause standard under Rule 16, the "inquiry into the propriety of the amendment under . . . Rule 15" is not necessary). However, even if good cause exists—which is does not—Plaintiffs' proposed amendment is not proper under Rule 15.

"Although leave to amend is liberally granted under Fed.R.Civ.P. 15(a), undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). To date the Court has provided Plaintiff with at least three opportunities to amend their Complaint. *See Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."). Therefore, Plaintiffs' proposed 5AC is futile, prejudicial to Verge, and the mere result of Plaintiffs' undue delay and baith faith.

**1. *The Proposed Amendment Is the Result of Undue Delay***

When assessing "whether there has been undue delay the Court must evaluate whether [Plaintiffs] knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). "Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Plaintiffs' undue delay is evidenced by the fact that discovery was not needed to reveal Plaintiff J.A.'s identity and his claims. Plaintiffs continuously allege that Verge, amongst other Agency Defendants, engaged in a universal practice of employing Chatters to impersonate Creators during direct communications with Plaintiffs. Furthermore, since the first filed Complaint Plaintiffs have recognized Verge as a California based company, while asserting claims on behalf of a California subclass. In other words, because Verge allegedly engaged in fraudulent practices involving the Chatter Scams, Plaintiffs could have easily found a California plaintiff that was represented by a Verge creator.

Moreover, Plaintiffs' explanation for its delay in seeking leave to amend is non-existent. Plaintiffs Motion does not offer any reason, let alone one that is legitimate, to justify amending their complaint for a fifth time two years into the case. The reasons that Plaintiffs do set forth in their Motion are irrelevant as to Verge, because such reasons only concern the promissory estoppel claim. (ECF 268 at 4-5, 10.). Therefore, Plaintiffs' undue delay in adding Plaintiff J.A. and his claims should weigh against the Court granting Plaintiffs leave to amend.

### 2. *Plaintiffs Seek Leave to Amend in Bad Faith*

"Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early." *Mendia v. Garcia*, 165 F. Supp. 3d 861, 873 (N.D. Cal. 2016) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir.1995)). "In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015).

Plaintiffs state there is no bad faith because they are not seeking to amend in new claims. (ECF 268 at 10.). This is a misstatement, as Plaintiffs added a UCL claim against Verge, which has not previously been asserted against Verge until now.[4] (*See* ECF 1; ECF 118; 217-1.; ECF 262.). It is clear from the record that Plaintiffs seeking leave to add new claims and plaintiffs is nothing more than a bad faith tactic to keep litigation going to the determinant of Verge. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (finding bad faith exists when "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories."). Plaintiffs

[4] Without leave of Court and approval from Defendants, Plaintiffs on June 9, 2026, filed a Third Amended Complaint. (*See* ECF 254.). Such complaint included previously dismissed claims and added Plaintiff J.A. and his VPPA and UCL claims against Verge. (*Id.*). During a meet and confer Defendants informed Plaintiffs that the 3AC was filed without leave of Court and in response Plaintiffs filed a Fourth Amendment Complaint that removed the dismissed claims, new plaintiffs, and new claims. (*See* ECF 262.).

admit in their Motion that without the addition of Plaintiff J.A. they would not have viable claims against Verge. (ECF 268 at 11.). In other words, they are attempting to circumvent the Court's deadlines in the scheduling order while also improperly keeping Verge as a party to this lawsuit by adding a California Plaintiff. Under the current operative complaint, and each previously filed Complaint, no California plaintiffs asserted claims against Verge. Because the Court has previously found that the forum selection clause covers the non-California Plaintiffs claims but not the California Plaintiffs, (ECF 117 at 7; ECF 209 at 32.), Plaintiffs only avenue for keeping Verge in this case is to impermissibly assert claims by a California plaintiff. This is clear harassment and a delay tactic. Plaintiffs have been on notice of the court's position on the forum-selection clause since April 9, 2025, (ECF 117 at 7; ECF 209 at 32.), and yet Plaintiffs chose not to amend to add a California plaintiff with claims against Verge. To seek leave from the Court two years into this case, after substantial motion practice, almost one year after the Court's scheduling deadline, and when there is a pending motion to dismiss requesting that the court uphold its previous position on the forum selection clause (*See* ECF 271.), is clear evidence that Plaintiffs are acting in bad faith.

### 3. *Verge Will Be Prejudiced by the Proposed Amendment*

The lack of substantive discovery that has taken place in this matter does not eliminate the undue prejudice the proposed amendments will cause Verge. Plaintiffs' reliance on *Martinez v. City of W. Sacramento* and *Johnson v. Serenity Transportation, Inc.* is misplaced. *See Martinez v. City of W. Sacramento,* No. 216CV02566TLNEFB, 2019 WL 469038, at *6 (E.D. Cal. Feb. 6, 2019); *Johnson v. Serenity Transportation, Inc.,* No. 15-CV-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015). Neither of those cases involved the substantial motion practice[5] that has taken place in

[5] To date the docket in the case reflects over 270 filings that include multiple rounds of motion to dismiss, opposition motions, reply motions, motions to strike, and

this matter. Since 2024, Verge has incurred substantial attorneys' fees by repeatedly filing motions to dismiss Plaintiffs' multiple complaints. (*See* ECF 64; ECF 128; ECF 229; ECF 271.). In response, the Court has repeatedly issued orders emphasizing the deficiencies in Plaintiffs' complaints. (*See* ECF 117; ECF 209; ECF 251.). Allowing Plaintiffs to proceed with filing the proposed 5AC, that Plaintiffs admit is only necessary to "cement" their claims against Verge and other defendants, (ECF 268 at 11.), would prejudice Verge as they would need to file a fourth motion to dismiss and incur additional litigation fees. *See AmerisourceBergen Corp.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding prejudice existed even though eight months of discovery remained because the proposed amendment "would have unfairly imposed potentially high, additional litigation costs . . .that could have easily been avoided had [the plaintiff] pursued its [new] theory in its original complaint or reply.").

Furthermore, Plaintiffs proposed amendment to add Plaintiff J.A. and his UCL claim against Verge is prejudicial because it expands the current litigation against Verge. *See Juarez v. Jani-King of California, Inc.*, No. 09-CV-03495-YGR, 2019 WL 2548691, at *5 (N.D. Cal. June 20, 2019) ("[A] delay in the proceedings, or the addition of complaints or parties may be indicators of prejudice."). Since the inception of this matter Verge has not had to defend itself against a UCL claim. To do so now is unduly prejudicial because it "advances [a] different legal theor[y] and require[s] proof of different facts." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### 4. *Adding Plaintiff J.A. and a UCL Claim is Futile*

"Leave to amend may be denied . . . if the proposed amendment is futile or subject to dismissal." *Lockheed Martin Corp. v. Network Sols., Inc.*, 175 F.R.D. 640, 645 (C.D. Cal. 1997). When "no set of facts can be proved under the amendment which would constitute a valid claim" the proposed amendment is futile. *Id.* Hence, "futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375

---

motion for reconsideration.

F.3d 805, 808 (9th Cir. 2004).

Adding Plaintiff J.A. and his VPPA and UCL claims against Verge does nothing to cure the deficiencies the Court has repeatedly emphasized exist in Plaintiffs' complaints. (ECF 209 at 23-24, 29-30; ECF 251 at 35-36.). As Verge has outlined in its recent Motion to Dismiss the Fourth Amended Complaint, a valid VPPA claim has not been asserted against Verge because there has not been a disclosure of personally identifiable information ("PII") and the ordinary business exception applies. (*See* ECF 271.). Plaintiff J.A.'s VPPA claim is also futile, because it is time-barred by the two-year statute of limitations afforded for VPPA claims. *See* 18 U.S.C.A. § 2710 (stating an action for violation of the VPPA may not be "unless such action is begun within 2 years from the date of the act complained of or the date of discovery." Plaintiff J.A. alleges he had been an OnlyFans user from 2020-2023, and now over two years later the statute of limitation has expired, making the proposed amendment to add his VPPA claim futile. *See Arias, v. Bird Global, Inc.,* No. 2:22-CV-08406-ODW (AGRX), 2026 WL 1719422, at *5 (C.D. Cal. June 11, 2026) (finding amendment to add new claim futile because it was time-barred by the applicable statute of limitations).

With respect to Plaintiff J.A. UCL's unfair prong claim, the proposed 5AC fails to allege the specificities the Court has emphasized Rule 9(b) requires. (ECF 251 at 22.). *See Reilly v. Davids Nat. Toothpaste, Inc.*, 827 F. Supp. 3d 1326, 1341–42 (C.D. Cal. 2026) ("Plaintiff's allegations regarding affirmative misrepresentation satisfy Rule 9(b)'s heightened pleading standard for fraud-based claims."); *Battle v. Taylor James*, LLC, 607 F. Supp. 3d 1025, 1045 (C.D. Cal. 2022) ("The heightened pleading standard of Rule 9(b) applies to claims brought under the fraudulent prong under the UCL or that are otherwise grounded in fraud."). Instead, Plaintiff J.A.'s UCL is riddled with general allegations that concern the Agency Defendants as a whole. (ECF 270-1 ¶¶ 680-694.). Furthermore, Plaintiff J.A. lacks the requisite standing to bring a UCL claim under the unlawful prong, because the underlying VPPA claim fails. (*See* ECF 271).

Moreover, nothing in the proposed 5AC points to Plaintiff J.A. suffering an economic injury due to the alleged VPPA violation. The 5AC alleging that the "California Plaintiffs . . . have suffered injury in fact, including lost money, and undesirable service, as a result of the Agency Defendants' misrepresentations," (ECF 270-1 693.), does nothing to save the unlawful prong claim, because the alleged misrepresentations concern the unfair prong claim (ECF 270-1 ¶¶ 685-694.). *See Cappello v. Walmart Inc.*, 394 F. Supp. 3d 1015, 1019 (N.D. Cal. 2019) (outlining that "if Plaintiffs cannot allege both that they suffered injury in fact and that they lost money or property as a result of an unlawful, unfair, or fraudulent business practice, then they lack statutory standing to sue under the UCL.").

## III. CONCLUSION

Fort the reasons stated above, Verge respectfully requests that the Court deny Plaintiffs' Motion.[6]

Respectfully submitted,

DATED: September 1, 2026

By: */s/ David A. Yudelson*

Allen Sattler (SBN 321086)
David A. Yudelson (SBN325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

[6] Verge incorporates by reference the arguments asserted by its co-defendants in their respective pleadings responding to Plaintiffs' Motion. (*See* ECF 277; ECF 278.).

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Verge Agency, Inc., certifies that this brief contains 3,309 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: September 1, 2026

By: *<u>/s/ David A. Yudelson</u>*

Allen Sattler (SBN 321086)
David A. Yudelson (SBN325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Suite 1100, Los Angeles, CA 90067.

On **September 1, 2026**, I served a true copy of the document(s) entitled:

**DEFENDANT VERGE AGENCY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FOURTH AMENDED CLASS ACTION COMPLAINT**

on the following individuals by the method(s) indicated below:

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey
Leonard W. Aragon
Michella A. Kras
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

Andrea R. Gold
David A. McGee
Shana H. Khader
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
dmcgee@tzlegal.com
skhader@tzlegal.com

Keith T. Vernon
TIMONEY KNOX LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Facsimile: (215) 540-2643
Email: kvernon@timoneyknox.com

Andrew C. Stone
Seth T. Goertz
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
goertz.seth@dorsey.com

*Counsel for Plaintiffs*

**__X__ BY ELECTRONIC TRANSMISSION:** By causing the document(s) to be transmitted via the Court's ECF System to the e-mail addresses of the individuals as indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 1, 2026**, in Los Angeles, California.

*/s/ David A. Yudelson*
David A. Yudelson