Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

*Counsel for Plaintiffs*

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC (d/b/a Siren Agency), MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC (d/b/a CREATORS INC.),

Defendants.

Case No. 8:24-cv-01655-FWS-SSC

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ELITE CREATORS LLC'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

Judge: Hon. Fred W. Slaughter
Courtroom: 10D
Date: October 22, 2026
Time: 10:00 a.m.

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiffs have adequately alleged a VPPA claim against Creators Inc. .......... 1

1. Creators Inc. is not a party to the Terms of Service. .......... 2

2. Plaintiffs' Fourth Amended Complaint alleges that Creators Inc. disclosed personally identifiable information. .......... 3

3. The Fourth Amended Complaint established that Creators Inc. delivered video content to Plaintiffs. .......... 4

4. Plaintiffs' Fourth Amended Complaint contains specific factual allegations against Creators Inc. .......... 5

5. Chatter Scams are not part of Creators Inc.'s ordinary course of business. .......... 6

B. Plaintiffs have stated a UCL claim. .......... 6

1. Plaintiffs have added additional information to support both a misrepresentation claim and an omission claim. .......... 7

2. Plaintiffs have alleged a UCL claim under the unlawful prong. .......... 9

III. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ade v. Viki, Inc.*,
No. 23-CV-02161-RFL,
2024 WL 1880153 (N.D. Cal. Mar. 28, 2024) .......... 9, 10

*Archer v. NBCUniversal Media, LLC*,
794 F. Supp. 3d 716 (C.D. Cal. 2025) .......... 1

*Boyd v. SunButter, LLC*,
762 F. Supp. 3d 931 (C.D. Cal. 2025) .......... 7

*Doe v. Roblox Corp.*,
602 F. Supp. 3d 1243 (N.D. Cal. 2022) .......... 7

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) .......... 4

*Falk v. Gen. Motors Corp.*,
496 F. Supp. 2d 1088 (N.D. Cal. 2007) .......... 8, 9

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .......... 8

*Kishore v. Times Internet (UK) Ltd.*,
No. 23-CV-03594-HSG,
2024 WL 4197619 (N.D. Cal. Sept. 12, 2024) .......... 10

*In re Nat'l W. Life Ins. Deferred Annuities Litig.*,
268 F.R.D. 652 (S.D. Cal. 2010) .......... 9

*Otto v. Abbott Lab'ys Inc.*,
No. 5:12-cv-01411-SVW-DTBx,
2014 WL 12591475 (C.D. Cal. Apr. 22, 2014) .......... 8

*Stark v. Patreon, Inc.*,
635 F. Supp. 3d 841 (N.D. Cal. 2022) .......... 10

*Sud v. Costco Wholesale Corp.*,
229 F. Supp. 3d 1075 (N.D. Cal. 2017),
*aff'd*, 731 F. App'x 719 (9th Cir. 2018) .......... 8

**Statutes**

18 U.S.C. § 2710 .......... 1, 4

**Rules**

Fed. R. Civ. P. 9 .......... 7, 8

# I. INTRODUCTION

Defendant Elite Creators LLC d/b/a Creators Inc. ("Creators Inc.") moves to dismiss the Fourth Amended Class Action Complaint ("4AC") (Dkt. 262). Dkt. 266. The Court already determined that Plaintiffs have stated a claim against Creators Inc. under the Video Privacy Protection Act ("VPPA"). Besides being an improper motion for reconsideration, Creators Inc. does not provide any basis for the Court to reverse its earlier decision. Plaintiffs also have cured any issues with their Unfair Competition Law ("UCL") claim and Creators Inc.'s argument to the contrary is without merit. Creators Inc.'s motion should be denied.[1]

# II. ARGUMENT

## A. Plaintiffs have adequately alleged a VPPA claim against Creators Inc.

Even though the Court has already held that Plaintiffs sufficiently alleged a VPPA claim against Creators Inc., Creators Inc. seeks to relitigate issues the Court already decided. The VPPA "requires a plaintiff to allege that '(1) a defendant is a video tape service provider; (2) the defendant disclosed personally identifiable information concerning any customer to any person; (3) the disclosure was made knowingly; and (4) the disclosure was not authorized by § 2710(b)(2).'" *Archer v. NBCUniversal Media, LLC*, 794 F. Supp. 3d 716, 720 (C.D. Cal. 2025) (quoting *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1063 (9th Cir. 2015)). This Court previously held that the Agency Defendants, including Creators Inc., are video tape service providers. Dkt. 209 at 33. The Court has also already held that the Agency

---

[1] Unless otherwise defined herein, Plaintiffs adopt and use the definitions and capitalized terms from the 4AC. Plaintiffs also incorporate by reference their oppositions to Dkts. 267, 271–274, 276.

Defendants disclosed personally identifiable information ("PII") to a third party, the disclosure was made knowingly, and it was not authorized. Dkt. 251 at 28. Accordingly, the Court already held that Plaintiffs have adequately alleged a VPPA claim against the Agency Defendants, including Creators Inc. Dkt. 251 at 37. Creators Inc.'s repeated attempts to relitigate the Court's findings as to the VPPA claim are meritless and the motion to dismiss should be denied again.

Plaintiffs do not dispute that the 4AC does not contain allegations that Plaintiff R.M. subscribed to a Creators Inc. represented Creator. However, Plaintiffs N.Z., S.M., B.L., and A.L. have all alleged a subscription to a Creator managed by Creators Inc. 4AC ¶¶ 335, 438, 488, 504, and 525. The 4AC sufficiently alleges a VPPA claim against Creators Inc. notwithstanding Creators Inc.'s arguments to the contrary. Additionally, Plaintiffs have filed a Motion for Leave to Amend the Fourth Amended Complaint, and if Plaintiffs are allowed to do so, the Proposed Amended Complaint will include an additional Plaintiff who subscribed to a Creator managed by Creators Inc., which will provide further support for Plaintiffs' VPPA claim against Creators Inc.

**1. Creators Inc. is not a party to the Terms of Service.**

Creators Inc. seeks to dismiss the VPPA claim by arguing that the Terms of Service entered into between Plaintiffs and the Fenix Defendants is applicable to Creators Inc. Creators Inc. makes this argument even though the Court has already ruled on this very issue. The Court stated that it "was not persuaded that Agency Defendants entered into an agreement under the Terms of Service with Plaintiffs." Dkt. 251 at 8–9. More specifically, "the Terms of Service does not include any agreement between Plaintiffs and Agency Defendants." Dkt. 209 at 31. Despite the

Court's holding, Creators Inc. argues that certain language in the Creator Terms of Use absolve it of responsibility for its operation of the Chatter Scams and a VPPA claim. The Creator Terms of Use is a portion of the Terms of Service that users of the OnlyFans website must agree to when using the site. The language cited by Creators Inc. is from the portion of the Creator Terms that controls the relationship between Creators and the Fenix Defendants. It is not applicable to a Fan's use of the website, nor does it reference any Fan and Agency interaction. Therefore, it is not applicable to the relationship between Plaintiffs and Creators Inc. and certainly does not immunize Creators Inc. from its own independent conduct.

Creators Inc. next argues Plaintiffs should have known about the Chatter Scams because the Terms of Use allow for the use of Chatters. Creators Inc. makes this assertion while seemingly ignoring the allegations in the 4AC regarding Chatter Scams and how Chatter Scams deceive Fans using the OnlyFans website. 4AC ¶¶ 249–325. Further, as the Court noted in its Order, Chatters impersonate Creators using the viewable history and disclose PII from Fans to Chatters by sharing login information or via CRM software. Dkt. 251 at 28. Nothing in the Terms of Use authorizes such conduct. As the Court rightfully held in its prior Orders, the Agency Defendants, including Creators Inc., have not entered into an agreement with the Plaintiffs. Any argument that the Terms of Use allow Creators Inc. to engage in the Chatter Scams is meritless.

**2. Plaintiffs' Fourth Amended Complaint alleges that Creators Inc. disclosed personally identifiable information.**

Creators Inc. asserts that the 4AC does not allege that Creators Inc. knowingly disclosed Plaintiffs' information. The Ninth Circuit has interpreted that PII means "information that would 'readily permit an ordinary person to identify a

[particular individual as having watched certain videos].'" *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017). The Court has already held that Plaintiffs have adequately alleged facts to support this standard, finding that "Plaintiffs sufficiently allege… Agency Defendants, knowingly disclosed PII." Dkt. 251 at 28. The Court's findings include Creators Inc. Further, the Court noted additional facts that Plaintiffs shared personal information in chats with Creators, including their full legal name and photos of their face, how the Chatter Scams function, the specific content the Plaintiffs requested and/or viewed, that the Agency Defendants, including Creators Inc., allowed Chatters access to the Creator accounts—either directly or via CRM software—and Plaintiffs' PII was disclosed to other people, including Chatters. *Id.*

The 4AC contains the same allegations that the Court relied on when issuing its prior Order. This includes how the Chatter Scams work and Creators Inc.'s involvement. 4AC at ¶¶ 249–325, 326–347. Moreover, the 4AC includes details of the PII that Plaintiffs shared with Creators, the specific content the Plaintiffs requested and viewed, and how the PII was disclosed. 4AC at ¶¶ 438–540, 573–594. The 4AC specifically includes allegations that Creators Inc. engaged in Chatter Scams. 4AC at ¶ 337.

**3. The Fourth Amended Complaint established that Creators Inc. delivered video content to Plaintiffs.**

Creators Inc. next argues that there are no allegations in the 4AC that Creators Inc. delivered video content to Plaintiffs pursuant to the VPPA. This is another argument the Court already decided. Under the VPPA, PII "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. §

2710(a)(3). Plaintiffs who subscribed to Creators managed by Creators Inc. allege that they requested and viewed videos, including paying for digital content and Premium Content Fees. 4AC at ¶¶ 195–199, 438–540, 573–594. This includes specific allegations that Plaintiffs requested and viewed videos sent by Chatters employed by the Agency Defendants. 4AC at ¶¶ 444, 493–494, 510, and 530. Finally, the 4AC includes the specific allegations that on January 30, 2023, March 31, 2023, April 14, 2023, and November 26, 2026, Plaintiff B.L. purchased premium content for $15, $20, $18, and $15, respectively, from Summer Soderstrom, a Creator managed by Creators Inc. 4AC at ¶ 494.

As outlined above, Creators Inc. is incorrect that Plaintiffs fail to allege that they requested or obtained videos from Creators Inc. Plaintiffs further allege that the disclosure of PII, including names and faces and the video viewing history, all occurred within the direct messages with Creators and that communication history was all viewable and available to the Chatters. 4AC ¶¶ 575–581. Plaintiffs also allege that their video viewing history was stored by OnlyFans and accessible by Creators Inc. *Id*. ¶ 584. This is sufficient to connect the Plaintiffs' identities with the specific videos and viewing history required by the VPPA. These are the same allegations that the Court previously relied on in finding that the Agency Defendants, including Creators Inc., shared Plaintiffs' personally identifiable information as well as "the specific content that they requested and/or viewed." Dkt. 251 at 28. All of this information was accessible by Chatters. *Id*.

**4. Plaintiffs' Fourth Amended Complaint contains specific factual allegations against Creators Inc.**

Creators Inc. next argues that the VPPA claim should be dismissed because the 4AC does not contain specific allegations as to Creators Inc.'s conduct and that

the allegations cannot be lumped together with the other Agency Defendants'. In doing so, Creators Inc. does not make any independent arguments but instead adopts the arguments made by Moxy. Plaintiffs incorporate by reference their responses in opposition to Moxy's and Verge's Motions to Dismiss the Fourth Amended Complaint, which demonstrate the specificity of the 4AC. Further, as detailed herein, the 4AC contains specific allegations regarding Creators Inc. and its independent violations of the VPPA.

**5. Chatter Scams are not part of Creators Inc.'s ordinary course of business.**

Finally, Creators Inc. argues that the VPPA claim should be dismissed under the ordinary course of business exception, asserting that the 4AC is not pled with required specificity as to the Chatter Scams. In doing so, Creators Inc. does not make any independent argument but again adopts the argument made by Moxy in its Motion to Dismiss the Fourth Amended Complaint. Dkt. 266 at 13–14. Plaintiffs incorporate by reference their response in opposition to Moxy's Motion to Dismiss, which outlines why that argument fails. Further, as detailed herein, the 4AC contains specific allegations regarding Creators Inc., Chatter Scams, and Creators Inc.'s independent violations of the VPPA.

**B. Plaintiffs have stated a UCL claim.**

Plaintiffs have stated a UCL claim against Creators Inc. under both the unfair and unlawful prongs of the UCL. Plaintiffs provided additional specificity about the misrepresentations constituting an unfair business practice and they have added an omission claim. Additionally, because the Court found Plaintiffs had stated a VPPA claim against the Agency Defendants, they have stated a claim under the unlawful prong of the UCL.

**1. Plaintiffs have added additional information to support both a misrepresentation claim and an omission claim.**

"To state a fraudulent omission or misrepresentation claim under the CLRA or UCL, a plaintiff must plead (1) misrepresentation or omission, (2) reliance, and (3) damages, all with the particularity required by Rule 9(b)." *Boyd v. SunButter, LLC*, 762 F. Supp. 3d 931, 941 (C.D. Cal. 2025). Plaintiff N.Z., the only current California Plaintiff with a claim against Creators Inc., has amended his allegations to include further details about the misrepresentation. N.Z. previously alleged the dates he made purchases from McKinley Richardson, whose account was being managed by Creators Inc. Dkt. 218 ¶ 458(e)–(f). In the 4AC, he repeats those allegations and further alleges that at the time he made those purchases, he believed he was talking with the Creator, that the Creators referred to themselves as "I" in the messages with him, and that none of the Creators disclosed or indicated that he was not speaking to them. 4AC ¶¶ 444(e)–(f), 445–447. These allegations provide the specificity required by Rule 9(b). N.Z. provided the dates of the interactions, alleged that the Creators (including Richardson) referred to themselves as "I" in the messages, and alleged that he believed he was speaking to the Creators. *See Doe v. Roblox Corp.*, 602 F. Supp. 3d 1243, 1263 (N.D. Cal. 2022) ("The claims are also adequately pleaded under Rule 9(b). The 'who' is Roblox. The 'what' is inducing users to reasonably believing that their purchased virtual items would not be deleted according to the alleged 'scheme.' The 'when' is when Doe used the service. The 'where' is on Roblox's website. And the 'how' is the course of conduct described above."). And Plaintiffs have requested leave to add an additional Plaintiff, N.T., who subscribed to two Creators managed by Creators Inc., providing the specific representations those Creators made to N.T., which form the basis of the UCL

claim. Dkt. 270-1 ¶¶ 511(c), 517(g)–(k), 525–528. The added allegations also serve the purpose of undergirding Rule 9(b), which is, in part, to provide defendants with adequate notice to defend against the charge. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (setting forth purposes of Rule 9(b)).

Plaintiff N.Z. has also added an omission-based claim by alleging that Creators Inc. never disclosed that he was talking to a Chatter instead of Richardson. "A plaintiff may base a UCL claim or a CLRA claim" on a fraudulent omission, "but to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact that the defendant was obliged to disclose." *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1085 (N.D. Cal. 2017), *aff'd*, 731 F. App'x 719 (9th Cir. 2018) (citation modified). A duty to disclose can arise "in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact."[2] *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1094–95 (N.D. Cal. 2007) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)). Here, Creators Inc.'s omission was contrary to affirmative representations it made. When subscribing to each Creator's profile, Plaintiffs were specifically promised that they would be direct messaging with the Creator, and the Agency Defendants (pretending to be the Creators)

[2] "The materiality of a misrepresentation or omission is ordinarily a question of fact," applying the reasonable consumer standard of the target audience. *Otto v. Abbott Lab'ys Inc.,* No. 5:12-cv-01411-SVW-DTBx, 2014 WL 12591475, at *7 (C.D. Cal. Apr. 22, 2014).

represented to Plaintiffs that they were speaking to the Creators. 4AC ¶¶ 213–14, 344, 346–47, 447. Additionally, Creators Inc. had a duty to disclose that it was not the Creator on the chat because it had exclusive knowledge of material facts and actively concealed those facts from Plaintiff N.Z. On his own, N.Z. had no way to know whether he was actually speaking to Richardson and Creators Inc. actively concealed that information by training its Chatters to impersonate the Creators. *Id.* ¶¶ 337, 346(d). And because a "fraud by omission suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim . . . a fraud by omission claim can succeed without the same level of specificity required by a normal fraud claim." *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007). Plaintiffs have sufficiently alleged a UCL omission-based claim.

**2. Plaintiffs have alleged a UCL claim under the unlawful prong.**

The unlawful prong of the UCL "borrows violations of other laws and makes them independently actionable under the UCL." *In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 268 F.R.D. 652, 667 (S.D. Cal. 2010) (citing *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180–81 (1999)) (citation modified). A VPPA claim "may support a UCL claim under the statute's unlawful prong." *Ade v. Viki, Inc.*, No. 23-CV-02161-RFL, 2024 WL 1880153, at *4 (N.D. Cal. Mar. 28, 2024). Here, the Court has already determined that Plaintiffs have alleged a VPPA violation, and as demonstrated above, nothing has materially changed that would warrant dismissal of that claim.

Plaintiffs also have standing to bring their UCL claim under the unlawful prong. Creators Inc. argues that Plaintiffs fail to allege that they suffered an injury,

and that any injury they allege relates only to the unfair prong of the UCL. But Creators Inc., without any legal support, misstates what is required to show injury in a UCL case involving PII disclosures. It is enough for a plaintiff to allege that they would not have subscribed or paid for services if they knew their PII would be disclosed to a third party. *See Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 854 (N.D. Cal. 2022) (finding allegation "that if Patreon had disclosed the manner in which it shared user data with Facebook, [plaintiffs] would not have paid Patreon subscription fees, or at least not in the same amounts" sufficient to survive motion to dismiss); *Kishore v. Times Internet (UK) Ltd.*, No. 23-CV-03594-HSG, 2024 WL 4197619, at *3 (N.D. Cal. Sept. 12, 2024) (finding that paying "more for Defendant's services than they otherwise would have had they known Defendant was disclosing [their] video viewing information to unauthorized third parties" was sufficient for standing under the UCL); *cf. Ade v. Viki, Inc.*, No. 23-CV-02161-RFL, 2024 WL 1880153, at *4 (N.D. Cal. Mar. 28, 2024) (granting leave to amend UCL claim to add economic injury, finding VPPA claim may support UCL claim, but plaintiffs failed to allege they "paid [defendant] to use its services"). Plaintiff N.Z. specifically alleges that he expected his information to remain private, and that if he had known of the Chatter Scams or that his personal information was being shared with Chatters, he would not have paid those Premium Content Fees. 4AC ¶¶ 441–46, 450, 454–56. Proposed Plaintiff N.T. makes substantively similar allegations. Dkt. 270-1 ¶¶ 514–16, 518–19, 535–37. Plaintiffs further allege that the disclosure of PII was done to facilitate the Chatter Scams and that they were injured as a result, seeking recovery of statutory damages. 4AC ¶¶ 581, 591, 594, 635–36. Because the VPPA violation arises from the Chatter Scams, and Plaintiffs allege

they were injured by the Chatter Scams, Plaintiffs have alleged that they were injured.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Elite Creators LLC's Motion to Dismiss.

DATED: September 1, 2026 Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Robert B. Carey*

Robert B. Carey (*pro hac vice)*
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Andrea R. Gold (*pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950

Email: agold@tzlegal.com

Keith T. Vernon (*pro hac vice*)
TIMONEY KNOX LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Facsimile: (215) 540-2643
Email: kvernon@timoneyknox.com

Andrew W. Knox (*pro hac vice*)
TIMONEY KNOX LLP
400 Maryland Ave.
Fort Washington, PA 19034
Phone: (215) 540-2643
Facsimile: (215) 540-2643
Email: aknox@timoneyknox.com

Andrew C. Stone (*pro hac vice*)
Seth T. Goertz (*pro hac vice*)
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
goertz.seth@dorsey.com

Jonathan Shub (SBN 237708)
SHUB JOHNS & HOLBROOK LLP
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Phone: (610) 477-8380
Email: jshub@shublawyers.com

*Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,024 words, which complies with the word limit of L.R. 11-6.1. The undersigned also certifies that all citations were checked and accurately reflect the propositions put forth, which complies with this Court's Order entered on December 12, 2025 (Dkt. 207).

Dated: September 1, 2026

HAGENS BERMAN SOBOL SHAPIRO LLP
*/s/ Robert B. Carey*
Robert B. Carey