Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

*Counsel for Plaintiffs*

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC (d/b/a Siren Agency), MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC (d/b/a CREATORS INC.),

Defendants.

Case No. 8:24-cv-01655-FWS-SSC

**PLAINTIFFS' RESPONSE TO MOXY MANAGEMENT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

| | |
|---|---|
| Judge: | Hon. Fred W. Slaughter |
| Courtroom: | 10D |
| Date: | October 22, 2026 |
| Time: | 10:00 a.m. |

# I. INTRODUCTION

Before the Court is Moxy's Request for Judicial Notice[1] ("Request"). Dkt. 269. Plaintiffs consent to the Court taking judicial notice of the existence of the contract between Fans and Creators ("Fan-Creator Contract" or "Contract"), and that Exhibit A accurately reflects the contents of the contract. Plaintiffs object to the Request insofar as Moxy is asking the Court to adopt Moxy's subjective and disputed interpretation of the Fan-Creator Contract as true.

# II. ARGUMENT

## A. Moxy's Request is overbroad.

Neither judicial notice nor the incorporation-by-reference doctrine may be used to undermine the usual pleading burdens at this stage. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Moxy may not use its Request as a vehicle to avoid the established standard for evaluation of the pending motions to dismiss.

### 1. Legal Standard

The Court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201. The Ninth Circuit has cautioned that the "improper application of judicial notice and the incorporation-by-reference doctrine…can lead to unintended and harmful results." *Khoja,* 899 F.3d at 998. With respect to judicial notice, "just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is

[1] Moxy both requests that the Court take judicial notice of Exhibit A to the Request and that the Court consider Exhibit A as incorporated by reference. (Dkt. 269 at 4). As these are two distinct, albeit related, doctrines, Moxy's Request is properly construed as a request for judicial notice and, in the alternative, a request that Exhibit A be deemed incorporated by reference.

judicially noticeable for its truth." *Id.* at 999 (citation modified). Specifically, it is improper to judicially notice a specific interpretation of a document where the interpretation of the document is subject to reasonable dispute. *Id*. at 1000 (judicial notice of transcript was improper when the substance of the transcript was "subject to varying interpretations").

**2. The Court should take judicial notice only of carefully circumscribed, undisputed facts with respect to the Fan-Creator Contract.**

Plaintiffs do not object to the Court taking judicial notice of the fact that the Fan-Creator Contract exists, and the fact that its contents are accurately represented in Exhibit A. However, to the extent that Moxy is asking the Court to notice the alleged fact that "Exhibit A shows [Plaintiffs' claim about third party rights under the TOS] not to be true, by setting forth Moxy's rights as to Plaintiffs" (Dkt. 269 at 4), such a conclusion is improper and Plaintiffs object thereto. Plaintiffs dispute Moxy's argument that the existence of the Fan-Creator Contract binds Plaintiffs to the forum selection clause in the TOS—reaching this conclusion would require the Court to resolve a legitimate dispute about the interpretation of the contractual language, which the Ninth Circuit has made clear is improper. *Khoja,* 899 F.3d at 1000.

**B. Incorporation-by-reference is improper and, in the alternative, any proper use of the Fan-Creator Contract as incorporated by reference is mooted by Plaintiffs' consent to judicial notice of the Contract's existence and contents.**

Moxy has not shown that the Fan-Creator Contract is suitable for incorporation-by-reference. Moreover—even if the Court finds the Contract incorporated by reference—the Ninth Circuit has made clear that Moxy's preferred interpretation of the Contract cannot be assumed as true.

### 1. Legal Standard

A document may be incorporated by reference into a complaint if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Ninth Circuit, however, has warned that "what inferences a court may draw from an incorporated document should…be approached with caution" to avoid "resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. Critically, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

### 2. The Fan-Creator Contract does not meet the requirements to be incorporated by reference.

As an initial matter, neither condition required to incorporate a contract by reference is met. The Fourth Amended Complaint ("4AC") makes only passing—not extensive—references to the Fan-Creator Contract, and these references have no bearing on the allegations against Moxy. In Section E ("OnlyFans Terms of Service") of the 4AC, Plaintiffs refer to the Contract as among the terms that the TOS applies to Fans (4AC ¶ 227). In that same section, to provide details regarding the contractual relationship between FIL and Plaintiffs, the 4AC provides a small amount of additional information as to the contents of the Fan-Creator Contract. 4AC ¶¶ 238-240. These references are not extensive—the complaint effectively mentions the terms once in the factual background section, and again in a single count against FIL. 4AC ¶¶ 600, 615. "However, the 'mere mention' of a document that is not 'integral' to a claim is not sufficient to authorize consideration of the document under the 'incorporation by reference' doctrine." *L.H. v. Chino Valley*

*Unified Sch. Dist.*, 944 F. Supp. 2d 867, 873 (C.D. Cal. 2013) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Here, the contract does not form the basis of Plaintiffs' claims against Moxy. Nowhere do Plaintiffs allege that Moxy is bound by the terms of the Fan-Creator Contract, nor do Plaintiffs' statutory causes of action against Moxy rely on any term of the Fan-Creator Contract. Rather, the Fan-Creator Contract as mentioned in the Fourth Amended Complaint bears exclusively on Plaintiffs' breach of contract claim against FIL only. 4AC ¶¶ 600, 615.

### 3. Even if incorporated by reference, the Fan-Creator Contract cannot be used to infer that Moxy's interpretation of the Contract is true.

Assuming, *arguendo*, that the Fan-Creator Contract may be properly deemed incorporated by reference, it would nevertheless be improper and contrary to the purpose of the doctrine to conclude that Moxy's interpretation of the Contract is true. The purpose of the incorporation-by-reference doctrine is that it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions…that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. However, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. Here, Plaintiffs have not engaged in the type of artful pleading that the incorporation-by-reference doctrine is designed to prevent. *Id.* Specifically, Plaintiffs' passing references to the Fan-Creator Contract have no bearing on the allegations against Moxy. 4AC ¶¶ 600, 615. Plaintiffs have not excerpted favorable language to disingenuously bolster their claims against Moxy while omitting language that would be deleterious to those same claims. To the contrary, Moxy is

attempting to use the doctrine offensively—not to fill in gaps left by selective pleading, but to inject its own contested interpretation of contractual language into the record. This is precisely the type of misuse *Khoja* warned against. *Id.* at 1002–03.

There is no reason to invoke the doctrine here.[2] As such, incorporating the Contract by reference with respect to Plaintiffs' claims against Moxy would serve only to dispute the facts in Plaintiffs' well-pleaded complaint, an inappropriate use of the doctrine.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Request for Judicial Notice with respect to the existence and contents of the Fan-Creator Contract, and deny the Request as to any other facts—including Moxy's contested interpretation of the contractual language and its alleged legal effect on Plaintiffs' claims.

DATED: September 1, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Robert B. Carey*

Robert B. Carey (*pro hac vice)*

[2] Plaintiffs note that taking judicial notice of the existence and language of the Contract is the functional equivalent of deeming the Contract incorporated by reference, except to the extent that incorporating the document by reference would cause the Court to assume Moxy's interpretation to be true. As Plaintiffs do not object to taking judicial notice of the above facts, and because it would be improper to assume Moxy's interpretation of the Contract to be true merely because the Court deemed the Contract incorporated by reference, there is no justification to determine the document incorporated by reference.

Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Andrea R. Gold (*pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com

Keith T. Vernon (*pro hac vice*)
TIMONEY KNOX LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Facsimile: (215) 540-2643
Email: kvernon@timoneyknox.com

Andrew W. Knox (*pro hac vice*)
TIMONEY KNOX LLP
400 Maryland Ave.
Fort Washington, PA 19034
Phone: (215)540-2643
Facsimile: (215) 540-2643
Email: aknox@timoneyknox.com

Andrew C. Stone (*pro hac vice*)
Seth T. Goertz (*pro hac vice*)
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
goertz.seth@dorsey.com

Jonathan Shub (SBN 237708)
SHUB JOHNS & HOLBROOK LLP
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Phone: (610) 477-8380
Email: jshub@shublawyers.com

*Counsel for Plaintiffs*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,355 words, which complies with the word limit of L.R. 11-6.1. The undersigned also certifies that all citations were checked and accurately reflect the propositions put forth, which complies with this Court's Order entered on December 12, 2025 (Dkt. 207).

Dated: September 1, 2026

HAGENS BERMAN SOBOL SHAPIRO LLP
*/s/ Robert B. Carey*
Robert B. Carey