Nithin Kumar (SBN 300607)
nithin@kingfisherlawapc.com
KINGFISHER LAW APC
P.O. Box 492415
Los Angeles, California 90024
T: (408) 930-3580

Attorneys for Defendant Content X, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiff,

vs.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

CASE NO. 8:24-cv-01655-FWS-SSC

**DEFENDANT CONTENT X, INC,'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT**

Date: October 22, 2026
Time: 10:00 a.m.
Dept.: 10D

Assigned to Hon. Fred W. Slaughter

# I. INTRODUCTION

Plaintiffs' motion for leave to file a Fifth Amended Complaint ("5AC") should be denied for the reasons stated herein and in the concurrently-filed oppositions by the Fenix Defendants, Elite Creators, Verge, and Moxy, which Content X hereby joins in full.

***First***, Plaintiffs cannot satisfy Rule 16(b)(4)'s good cause standard. As the other defendants have noted, Plaintiffs let the Court-imposed deadline to add parties pass, filed two amended complaints thereafter without adding any new plaintiffs, and offered no explanation for when they located the proposed new plaintiffs or why they could not assert their claims earlier. (*See* Dkt. 277 at 7-10; Dkt. 278 at 5-9; Dkt. 279 at 3-6.) Because Plaintiffs clearly have failed to establish their diligence, the Court's inquiry should end there. In any case, amendment would be inappropriate under Rule 15 as well, as allowing the 5ACwould severely and unfairly prejudice Content X—a defunct company that was dissolved well before this lawsuit began—by forcing it to engage it yet another round of briefing that it simply cannot afford.

***Second,*** the claims asserted by the newly-identified plaintiffs J.T. and N.T. are futile, because the 5AC fails to state sufficient facts to plead a claim against Content X, as well as because their claims are time-barred.

## A. Plaintiffs' Lack of Diligence Is Least Excusable—and the Resulting Prejudice Most Acute—as to Content X

Plaintiffs have known for at least 15 months that their pleadings were fatally flawed because they failed to allege that any of the existing California plaintiffs subscribed to any Creators allegedly managed by Content X. In its May 2025 motion to dismiss, Content X explained that "the only claims in the [FAC] asserted against Content X are asserted by the Non-California Plaintiffs," and "the remaining California Plaintiffs do not assert any claims against Content X, as they did not subscribe to any of Content X's Creators." (Dkt. 129 at 1, 6.) Plaintiffs did not contest this point in their response. (Dkt. 138.) On December 12, 2025, the Court

dismissed the Non-California Plaintiffs' claims against Content X and the other Agency Defendants based on the forum selection clause, which left no claims pending against Content X. (Dkt. 209 at 30-32.)

Despite this clear warning regarding the insufficiency of their claims against Content X, when Plaintiffs filed their 2AC three weeks later, and the 3AC and 4AC after that, Plaintiffs inexplicably declined to add any California plaintiffs asserting a claim against Content X. Accordingly, Content X repeated the same point in each successive round of briefing seeking dismissal of the further amended complaints. (See Dkt. 231 at 4-5; Dkt. 273 at 3.) Thus, regardless of whatever excuses Plaintiffs may offer as to other defendants, they undeniably had written notice of this precise defect as to Content X in May 2025—five months before the deadline to add parties—and did nothing. (See Dkt. 277 at 4.)

**B. Adding N.T. Would Be Futile as to Content X**

Futility independently defeats the Motion as to Content X. Of the two new proposed plaintiffs, only N.T. asserts anything touching Content X;. (Dkt. 270-1, ¶¶ 493–510.) And N.T.'s entire connection to Content X consists of a single subscription to Mia Malkova on November 14, 2021, during which he allegedly spent "at least $54" on Premium Content. (*Id.* ¶¶ 511(a), 517(a)-(b).)

Those allegations cannot state a claim. As to the UCL claim, the proposed 5AC identifies no statement made by Malkova, by any Chatter operating her account, or by Content X. Every representation N.T. pleads with specificity was made by a Creator managed by a different agency. (*Id.* ¶¶ 521–30 (Trujillo and Kazumi (A.S.H.); Lena the Plug and Marie Temara (Creators, Inc.)).) Nothing is alleged about what N.T. was told, when, or by whom in connection with Malkova. That is the identical defect the Court has now identified twice—that Plaintiffs "do not specify which representations were made and relied on, or 'the particular circumstances surrounding such representations.'" (Dkt. 251 at 34–36 (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)); *see* Dkt. 209 at

19–21.) A proposed amendment that reproduces the very deficiency twice held fatal is futile on its face.

The VPPA claim fares no better. The allegations regarding PII name only Plaintiffs R.M., N.Z., S.M., and B.L.—not N.T. (Dkt. 270-1, ¶¶ 627-29.) Nor is N.T. alleged to have registered with, paid, or established any relationship with Content X, and therefore cannot be a "subscriber" of Content X within the meaning of the VPPA. *See Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1256-57 (11th Cir. 2015). Content X's remaining VPPA arguments apply with equal force to N.T. (*See* Dkt. 273 at 4.)

Finally, N.T.'s claims against Content X are time-barred. Leave to amend is properly denied where, as here, the proposed claims would be subject to dismissal on the face of the pleading. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). The VPPA carries a two-year limitations period, 18 U.S.C. § 2710(c)(3), and the UCL a four-year period, Cal. Bus. & Prof. Code § 17208. The only conduct N.T. attributes to Content X is his November 14, 2021 subscription and purchases made during it (Dkt. 270-1, ¶ 517(a))—more than four and a half years before the proposed 5AC was lodged on July 21, 2026. The pleading identifies no later accrual date. To the contrary, N.T. alleges he became aware of the agencies' involvement "after this case was filed" (*Id.*, ¶ 532), that is, after July 19, 2024, more than two years before the proposed 5AC. Additionally, N.T. is not entitled to rely on the relation back doctrine or equitable tolling where the 5AC seeks to add claims asserted against Content X on behalf of entirely new class of California plaintiffs. *See Kempf v. Apple Inc.*, No. 5:25-CV-05244-EJD, 2026 WL 765332, at *9 (N.D. Cal. Mar. 18, 2026) (new plaintiffs in proposed amended class action complaint "could not use relation back to rescue their time-barred claims").[1]

---

[1] The Ninth Circuit has rejected the application of equitable tolling and the relation back doctrine in this context. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935-36 (9th Cir. 1996); *see also China Agritech, Inc. v. Resh*, 584 U.S. 732, 738–39

## II. CONCLUSION

In summary, Plaintiffs have known of the defect they now seek to cure since May 2025, and no proposed plaintiff can state a claim against Content X. For the reasons stated herein, as well as the Oppositions of the other defendants, Plaintiffs motion for leave to file the 5AC should be denied.

Respectfully submitted,

DATED: September 1, 2026 KINGFISHER LAW APC

By: */s/ Nithin Kumar*
Nithin Kumar
Attorneys for Defendant Content X, Inc.

---

(2018) ("A would-be class representative who commences suit after expiration of the limitation period … can hardly qualify as diligent in asserting claims and pursuing relief."); *Ewing Industries Corp. v. Bob Wines Nursery, Inc.*, 795 F. 3d 1324, 1326 (11th Cir. 2015) (tolling for successive class actions allows plaintiffs "limitless bites at the apple").

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Defendant Content X, Inc. certifies that this brief contains 1,151 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 1, 2026 KINGFISHER LAW APC

By: */s/ Nithin Kumar*
Nithin Kumar
Attorneys for Defendant Content X, Inc.