BETY JAVIDZAD (SBN 240598)
bety.javidzad@dentons.com
SAMANTHA FAHR (SBN 299409)
samantha.fahr@dentons.com
POOJA L. SHAH (SBN 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213 623 9300 / Fax: 213 623 9924

MICHAEL GEHRET (SBN 247869)
mike.gehret@dentons.com
TRINITY JORDAN (*Pro Hac Vice*)
trinity.jordan@dentons.com
JORDAN WESTGATE (*Pro Hac Vice*)
jordan.westgate@dentons.com
DENTONS DURHAM JONES & PINEGAR P.C.
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111-2184
Tel: 801 415 3000

*Attorneys for Defendant ELITE CREATORS LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DISTRICT

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

Case No. 8:24-cv-01655-FWS-SSC

**DEFENDANT ELITE CREATORS LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Date: October 22, 2026
Time: 10 a.m.
Crtrm: 10D
Judge: Hon. Fred W. Slaughter



DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111
801 415 3000

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... II
TABLE OF AUTHORITIES ..... III
MEMORANDUM OF POINTS AND AUTHORITIES ..... 1
INTRODUCTION ..... 1
I. Plaintiffs Still Fail to Plead Their Fraud-Based UCL Theory With Particularity. ..... 2
A. The Court Required Particulars About the Alleged Deception. ..... 2
B. The 4AC's Allegations Do Not Tie Creators Inc. To Any Representation Made To Plaintiff N.Z. ..... 3
C. Plaintiffs' Reliance on *Roblox* Is Misplaced. ..... 5
II. Plaintiffs Do Not Plead Economic Injury Caused by a VPPA Violation and a VPPA Violation Does Not, by Itself, Establish UCL Economic Injury. ..... 7
A. Plaintiffs Have Alleged No Loss of Money or Property. ..... 7
B. The Pleaded Payment Injury Depends on the Same Inadequately Alleged Deception. ..... 8
C. Plaintiffs' Payment Cases Do Not Resolve the Pleading Defects Here. ..... 9
III. Plaintiffs Cannot Establish an Unlawful Disclosure Merely by Alleging Access by Third Parties Whose Participation the Platform Expressly Contemplated. ..... 10
CONCLUSION ..... 12
CERTIFICATE OF COMPLIANCE ..... 14

# TABLE OF AUTHORITIES

## Cases

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004)............................. 12

*Doe v. Roblox Corp.*, 602 F. Supp. 3d 1243 (N.D. Cal. 2022) ............................. 5, 6

*DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001).................... 7

*Facebook Privacy Litig.*, 791 F. Supp. 2d 705 (N.D. Cal. 2011).............................. 7

*Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785 (N.D. Cal. 2011) .............................. 7

*iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)................................................................ 7

*Jackson v. Suzuki Motor of Am., Inc.*, 2024 WL 5379202 (C.D. Cal. Nov. 21, 2024)........................................................................................ 12

*Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299 (E.D.N.Y. 2005)................................................................................................. 7

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009)............................... 2, 6, 8

*Kishore v. Times Internet (UK) Ltd.*, No. 23-cv-03594-HSG, 2024 WL 4197619 (N.D. Cal. Sept. 12, 2024)............................................................... 9

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011).......................................... 7

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993)................................................... 5

*Pineda v. Bank of Am. N.A.*, 50 Cal.4th 1389 (2010)................................................ 7

*Ruiz v. Gap Inc.*, 540 F. Supp. 2d 1121(N.D. Cal. 2008)........................................... 7

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001).......................... 12

*Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841 (N.D. Cal. 2022) ............................ 9, 10

*Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618 (7th Cir. 2014).................. 11

*Thompson v. Home Depot, Inc.*, No. 07-cv-1058-IEG, 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007) ................................................................ 7

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

## Statutes

18 U.S.C. § 2710 .......... 11

## Rules

Cal. Bus. & Prof. Code § 17204 .......... 7

Rule 12(b)(6) .......... 12

Rule 9(b) .......... 1, 4, 5, 6, 8

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Fourth Amended Complaint ("4AC") fails against Elite Creators LLC ("Creators Inc.") for three independent reasons. First, Plaintiffs do not plead a misrepresentation with Rule 9(b) particularity. They identify no statement that Creators Inc. made to N.Z., no circumstance tying any chatter to Creators Inc., and no representation on which N.Z. relied. Instead, Plaintiffs identify two payments by N.Z. to McKinley Richardson's account, allege generally that the persons communicating through Creator accounts used "I," and allege on information and belief that Creators Inc. managed Richardson at some unspecified point. Those allegations do not satisfy Plaintiffs' burden to plead fraud with particularity. The UCL claim should be dismissed with prejudice.

Second, the 4AC adds an unlawful-prong theory based on the alleged VPPA violation, but that theory independently fails for lack of UCL standing. A UCL plaintiff must allege a loss of money or property caused by the challenged conduct. Plaintiffs allege no economic loss caused by the alleged disclosure itself. Their only alleged loss consists of payments made because of alleged misrepresentations, which Plaintiffs have not pleaded with the required particularity.

Third, Plaintiffs' VPPA theory rests on the premise that only the selected Creator could access their communications. Plaintiffs frame Creators Inc.'s argument as though it sought to enforce a contract to which it was not a party. It does not. Creators Inc. cites the platform terms as evidence of what Plaintiffs knew about how the platform operated, including that third parties could assist with or operate Creator accounts. Plaintiffs cannot claim a VPPA violation premised on an understanding that the agreement itself disclosed to be incorrect.

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

## I. PLAINTIFFS STILL FAIL TO PLEAD THEIR FRAUD-BASED UCL THEORY WITH PARTICULARITY.

### A. <u>The Court Required Particulars About the Alleged Deception.</u>

The Court's May 19, 2026 Order dismissing the 2AC's RICO and UCL claims identified the defect precisely and prescribed a seemingly simple fix. Although the 2AC listed payments N.Z. made to McKinley Richardson's OnlyFans account following interactions with persons alleged, on information and belief, to be Creators Inc. chatters, Plaintiffs did not identify the specific representations or even which representations N.Z. found material to those alleged payments. The Court therefore rejected a UCL claim that did not specify "which representations were made and relied on, or 'the particular circumstances surrounding such representations.'" ECF 251 ("Order") at 35 (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)). The Order also made clear that, to adequately state a claim, Plaintiff N.Z. must "specify when [N.Z.] was exposed to [the representations] or which ones he found material."

Plaintiffs' opposition concedes that N.Z. is "the only current California Plaintiff with a claim against" Creators Inc. ECF 282 ("Opp.") at 7. His allegations concerning Richardson therefore provide the only possible basis for a UCL misrepresentation claim against Creators Inc. Allegations about other agencies, other Creators, or a proposed additional plaintiff do not show that N.Z. pleaded his own claim against Creators Inc. with particularity.

Plaintiffs argue that the 4AC adds allegations that: (1) N.Z. believed he was communicating directly with the Creators, (2) no one disclosed the use of chatters, and (3) that the persons chatting or soliciting payment referred to themselves as "I." 4AC ¶¶ 445–447; Opp. at 7. Those additions do not address the Court's Order or satisfy the particularity standard. They add N.Z.'s belief and a generalized description

of first-person speech, but they do not supply the content or circumstances of a misleading communication attributable to Creators Inc.

**B. The 4AC's Allegations Do Not Tie Creators Inc. To Any Representation Made To Plaintiff N.Z.**

To begin, the 4AC provides no particularized factual basis for attributing the relevant exchanges between N.Z. and Richardson to Creators Inc. Paragraph 335 alleges "[o]n information and belief" that Creators Inc. "manages or at one point managed" the listed creators, including Richardson. Paragraph 337 describes chatter services generally. Neither paragraph identifies *when* Creators Inc. allegedly managed Richardson's account, whether Creators Inc. managed the account while N.Z. was interacting with Richardson, or what facts connect the alleged management to N.Z.'s August 2023 transactions. Paragraph 444 then alleges, again on information and belief, that the persons soliciting N.Z. were chatters. A management relationship at an unspecified time does not establish that a chatter employed by Creators Inc. conducted the exchanges on which Plaintiffs base their fraud claims against Creators Inc.

Plaintiffs' reliance on other allegations does not close that gap. Plaintiffs point to paragraph 344 of the 4AC, which quotes profile statements for two other Creators, "Baby J" and "Romey,"[1] not Richardson. But Plaintiff N.Z. does not contend that he

---

[1] The allegations regarding Baby J and Romey suffer from the same problem as Plaintiffs' other allegations about Creators Inc. Plaintiffs allege only on information and belief that Creators Inc. represented the two Creators at some point. The 4AC then quotes from their profiles, but it does not say when those profiles were captured or provide any basis to conclude that Creators Inc. was responsible for the statements on them. Indeed, the 4AC provides no reason to believe that Creators Inc. managed Baby J and Romey when the quoted language appeared on their OnlyFans profiles. In other words, the 4AC quotes profiles of other Creators and asks the Court to speculate that (1) Creators Inc. was responsible for those profiles,

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

ever saw those profiles. They therefore cannot be the representations he saw or relied on. Plaintiffs also point to paragraphs 345 and 346, which discuss management agreements drawn from lawsuits between Creators Inc. and other creators, as evidence that Creators Inc. hired and trained chatters for some clients it managed. Those paragraphs do not relate to Richardson. At most, they describe a supposed business practice. They do not support an inference that Creators Inc. was responsible for Richardson's communications with N.Z. or represented Richardson while he was communicating with the person he believed to be Richardson. Plaintiffs' other tactic, listing "Creators Inc." beside Richardson's name in the 4AC, merely asserts the conclusion. It does not supply the missing factual basis. 4AC ¶¶ 438, 444(e)–(f).

Plaintiffs' group pleading is no substitute for allegations about Creators Inc. The opposition, like the 4AC, relies on generic descriptions of what "agencies" or "Agency Defendants" allegedly do—for example, that the "Chatter Scams" are primarily perpetrated by "management agencies." 4AC ¶¶ 50, 249–52. Those characterizations describe other parties' alleged conduct in general; they are not factual allegations about Creators Inc. Plaintiffs must plead what Creators Inc. did. They cannot fill that gap with collective allegations. In particular, they allege no Creators Inc.-specific disclosure, recipient, date, or Plaintiff tied to the communications at issue. The collective labels therefore do not plausibly connect Creators Inc. to N.Z.'s alleged messages or to any actionable misrepresentation or disclosure.

Plaintiffs attempt to shift their burden to plead with specificity by arguing that the facts at issue are "peculiarly within the defendant's knowledge" and that Rule

---

and (2) the profiles relate to whether Creators Inc. participated in misrepresentations to N.Z. Piling unsupported inference upon unsupported inference is inappropriate under the Rule 9(b) standard.



DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

9(b) therefore permits accommodation and a lower standard. But even when facts are peculiarly within a defendant's knowledge, Plaintiffs who are proceeding on information and belief must state the factual basis for those allegations. They have not done so here. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Plaintiffs' bare assertion that these facts are peculiarly within Creators Inc.'s knowledge is also wrong. The Court required N.Z. to identify the statements made to him and on which he relied. N.Z. has that information from his own experience. Creators Inc. does not. The content and context of messages N.Z. personally received are within his knowledge, even if the identity of the individual who was responsible for those messages is not.

Here, the knowledge asymmetry runs in the opposite direction. Plaintiff N.Z. is proceeding anonymously, and Creators Inc. cannot identify him. Even if Creators Inc. had access to all communications between Richardson and all her OnlyFans subscribers, which it does not, Creators Inc. could not determine which communications belonged to N.Z. What N.Z. was told is uniquely within his knowledge and uniquely unavailable to Creators Inc.

The 4AC's other allegations confirm that Plaintiffs can plead specific communications when they choose to do so. For example, the 4AC provides actual examples of messages involving Gurzanski and Gile, Creators alleged to have been managed by a different agency. 4AC ¶¶ 438, 448–49. The omission of comparable examples involving Richardson and N.Z. therefore cannot be attributed to an inability to plead specifics. Plaintiffs simply have not supplied what the Court has twice required in its Orders dismissing the 1AC and the 2AC.

### C. Plaintiffs' Reliance on *Roblox* Is Misplaced.

Plaintiffs cite *Doe v. Roblox Corp.*, 602 F. Supp. 3d 1243, 1251–52, 1263 (N.D. Cal. 2022), but *Roblox* is distinguishable. It does not dispense with Rule 9(b)'s

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

particularity requirement. There, the plaintiff described conduct by the defendant itself: *Roblox* operated a virtual-item shop, approved items for sale, collected a portion of the price, and allegedly followed a practice of deleting purchased items without adequate advance disclosure. The court held that this course of conduct could be misleading without a separate verbal or written misstatement. The *Roblox* court could identify what the defendant allegedly represented to the plaintiff and how the transaction communicated the asserted misleading impression. Here, naming Creators Inc. as an agency that managed Richardson at some point does not explain its role, if any, in the relevant exchanges. Nor do the general allegations that agencies used the pronoun "I" and that the person communicating with N.Z. on behalf of Richardson was, on information and belief, employed by Creators Inc. at some unspecified point. That person's use of "I" does not provide the required specificity.

Characterizing the claim as a material omission does not solve the problem. An omission claim remains subject to Rule 9(b). *See Kearns*, 567 F.3d at 1126–27. The same deficiencies remain. Plaintiffs have not connected Creators Inc. to the relevant communications or described conduct that allegedly concealed the speaker's identity from N.Z. Plaintiffs invoke exclusive knowledge, active concealment, and misleading partial representations. Opp. at 8–9. Assuming that those factors could provide the grounds for a cognizable duty to disclose claim, Plaintiffs still must, pursuant to the Court's prior order, adequately allege the circumstances making Creators Inc. responsible for the statement or omission on which N.Z. relied. Neither a general allegation that Creators Inc. trained chatters nor an allegation, made on information and belief, that Creators Inc. represented Richardson at some point establishes that a Creators Inc. chatter participated in the exchange with N.Z.

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

## II. PLAINTIFFS DO NOT PLEAD ECONOMIC INJURY CAUSED BY A VPPA VIOLATION AND A VPPA VIOLATION DOES NOT, BY ITSELF, ESTABLISH UCL ECONOMIC INJURY.

### A. Plaintiffs Have Alleged No Loss of Money or Property.

UCL standing requires both a loss of money or property and a causal connection between that loss and the challenged conduct. Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322, 326 (2011). Plaintiffs allege neither a loss nor causation resulting from the alleged VPPA violations.

Plaintiffs' theory is that their personal identifying information was disclosed and that, had they known of the alleged disclosure, they would not have paid for the communications. But courts have repeatedly held that unauthorized disclosure or use of personal information, without more, is not a loss of money or property under the UCL. *See, e.g., In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714–15 (N.D. Cal. 2011); *Ruiz v. Gap Inc.*, 540 F. Supp. 2d 1121, 1127 (N.D. Cal. 2008); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011); *Thompson v. Home Depot, Inc.*, No. 07-cv-1058-IEG, 2007 WL 2746603, at *3 (S.D. Cal. Sept. 18, 2007); *cf. In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005); *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 525 (S.D.N.Y. 2001).

Plaintiffs also point to their request for statutory damages, but an award of statutory damages does not establish loss of money or property sufficient to confer standing for a UCL claim. *See Pineda v. Bank of Am. N.A.*, 50 Cal. 4th 1389, 1401–02 (2010); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 812 (N.D. Cal. 2011).

**B. <u>The Pleaded Payment Injury Depends on the Same Inadequately Alleged Deception.</u>**

The 4AC confirms that Plaintiffs' only alleged economic injury is tied to alleged misrepresentations, not the alleged disclosure of personal identifying information. N.Z. alleges that he paid because he believed he was communicating with creators and would have paid less, or nothing, had he known he was communicating with chatters. 4AC ¶¶ 444–45, 456. The UCL count likewise alleges that Plaintiffs made payments in reliance on representations and omissions and lost money "as a result of the Agency Defendants' misrepresentations." *Id.* ¶¶ 632–35.

That is a misrepresentation theory. It is not an allegation that the disclosure of personal identifying information caused N.Z. to lose money or property. Plaintiffs' privacy allegations and expectations, Opp. at 10; 4AC ¶¶ 441–42, 450, 454, may describe the asserted VPPA violation, but they identify no separate economic loss caused by the alleged disclosure. If Plaintiffs instead intend to assert an unlawful-prong theory based on the VPPA disclosure itself, they still must plead how that disclosure caused N.Z. to lose money or property. Alleging a statutory violation, payments to creator accounts, and a preference for greater privacy does not satisfy that requirement. Otherwise, every paid account coupled with an alleged VPPA violation would satisfy the UCL's economic-injury requirement.

Plaintiffs cannot satisfy UCL standing by repackaging the same payments as injury under the unlawful prong. If N.Z. allegedly lost the money because he was misled about who was communicating with him, the claim depends on the same inadequately pleaded deception addressed above and remains subject to Rule 9(b). *See Kearns*, 567 F.3d at 1125–27.

To the extent Plaintiffs' opposition advances an independent "unfair" theory, it rests on the alleged failure to disclose that Chatters were used and on California

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

Plaintiffs' reliance. Opp. at 6–9; 4AC ¶¶ 627–33. That argument fares no better. The Court has already held that the OnlyFans Terms of Service explicitly disclosed that Creators may "have an agent . . . or other third party" assisting them. ECF 209 at 29. In its Second Order, the Court rejected Plaintiffs' contention that this disclosure was never given to Fans, explaining that Fenix "made explicit disclosures regarding the use of third parties." ECF 251 at 34. Given those disclosures, Plaintiffs cannot plausibly allege actionable concealment or reasonable reliance based on the absence of a disclosure about Chatters. The independent-unfairness theory therefore cannot supply the missing UCL standing or causation.

### C. Plaintiffs' Payment Cases Do Not Resolve the Pleading Defects Here.

Plaintiffs rely on *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 854–55 (N.D. Cal. 2022), and *Kishore v. Times Internet (UK) Ltd.*, No. 23-cv-03594-HSG, 2024 WL 4197619, at *3 (N.D. Cal. Sept. 12, 2024), but those cases do not resolve the pleading defect here. Plaintiffs argue that the allegation "that if [Plaintiff N.Z.] had known of the Chatter Scams or that his personal information was being shared with Chatters, he would not have paid those Premium Content Fees" establishes economic loss due to the VPPA violation.

Plaintiffs mischaracterized what they alleged in the 4AC. Plaintiffs point to paragraphs 441–46, 450, 454–56. But in those paragraphs, Plaintiff N.Z. alleges harm from the "Chatter Scams"—the misrepresentations—and alleges that he would not have paid as much, or anything at all, had he known about the Chatter Scams. Once again, Plaintiffs point to allegations supporting the misrepresentation claim and attempt to import them into the newly added unlawful claim. The 4AC does not support that effort.

Nor do the cases Plaintiffs cite support their argument. In *Stark*, the plaintiffs alleged that they "paid for access to Patreon's website, and not another competitor's

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

website, because they trusted that Patreon's privacy practices comported with their privacy preferences." *Id.* at 854–55. N.Z. makes no similar allegation, and the 4AC provides no basis for one. First, as noted above, the OnlyFans terms of service inform customers that Creators may use management to run their accounts. N.Z. therefore could not claim that OnlyFans' privacy policies comported with his privacy preferences, which is what the *Stark* plaintiffs alleged. *Id.* at 846. Second, N.Z. does not allege that Creators Inc. made representations about OnlyFans, or its own privacy policies. Nor does he allege that he chose to do business with Creators Inc. because of their privacy policies. Plaintiffs instead allege that N.Z. did not even know that any of the Creators to whom he subscribed used management agencies. (4AC ¶ 451).

Plaintiffs' economic-injury argument returns to the same alleged chatter deception the Court already found insufficiently particularized. They cannot preserve that defective theory by invoking the unlawful prong. The Court should dismiss the UCL claim against Creators Inc.

## III. PLAINTIFFS CANNOT ESTABLISH AN UNLAWFUL DISCLOSURE MERELY BY ALLEGING ACCESS BY THIRD PARTIES WHOSE PARTICIPATION THE PLATFORM EXPRESSLY CONTEMPLATED.

Plaintiffs' opposition does not answer Creators Inc.'s point about the OnlyFans terms. Plaintiffs' VPPA theory depends on the premise that they believed only the selected Creator could access their communications. *See* 4AC ¶¶ 587–91. But the Court has already recognized that Plaintiffs agreed to terms disclosing that others could view the content they uploaded. Plaintiffs cannot disregard that notice merely because Creators Inc., rather than Fenix, relies on its factual significance.

The Court noted that Plaintiffs agreed and acknowledged that their "Content may be viewed by individuals that recognize [their] identity," and that "Content" includes material uploaded by a Creator or Fan, such as photographs, videos, data,

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

text, and other material. ECF 251 at 26–27. That acknowledgment undermines Plaintiffs' alleged understanding that communications sent through the platform were accessible only by the named Creator. The agency-operation provision reinforces the point. Plaintiffs plead that the terms expressly contemplate an "agent, agency, management company or other third party" assisting with, or operating, a Creator's account. 4AC ¶ 231. Read together, those provisions contradict Plaintiffs' claim that an account bearing a Creator's name necessarily meant that Creator alone could receive or review the communications.

Plaintiffs' contractual-privity response misses the point. *See* Opp. at 2–3. Creators Inc. is not seeking to enforce the terms as a contract. It cites them as evidence of what Plaintiffs knew about how the platform could operate, including the possibility of third-party account participation. The agency provision's allocation of responsibility between Creators and Fenix does not change that the provision states that third parties may operate Creator accounts.

That matters because access by account personnel, especially disclosed account personnel, is not automatically an unlawful VPPA disclosure simply because the personnel are not the named Creator. The VPPA permits disclosures incident to "order fulfillment" and "request processing." 18 U.S.C. § 2710(a)(2), (b)(2)(E). In *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618 (7th Cir. 2014), the Seventh Circuit applied that exception to a customer-service provider, focusing on the purpose of the access rather than the recipient's third-party status. The same distinction applies here.

The Court previously declined to apply that exception because Plaintiffs alleged disclosures served an unlawful impersonation scheme, not ordinary account management. ECF 251 at 28. Creators Inc.'s point is narrower: the disclosed possibility of agency operation prevents Plaintiffs from treating agency access itself as proof of that scheme. Plaintiffs still must allege that Creators Inc.'s access or

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

disclosure served an unlawful purpose; repeating that someone other than the Creator could see the messages does not do so.

The Court should therefore reject Plaintiffs' premise that access by anyone other than the selected Creator was necessarily undisclosed or unauthorized. To the extent the VPPA claim rests on access incident to fulfilling content orders or processing requests through agency-operated accounts contemplated by the terms, the statutory exception applies. Plaintiffs' privity argument does not address that point.

Plaintiffs' remaining inferences do not cure the VPPA defects. On a Rule 12(b)(6) motion, the Court need not accept allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences" and may "draw on its judicial experience and common sense." *Jackson v. Suzuki Motor of Am., Inc.*, 2024 WL 5379202, at *3 (C.D. Cal. Nov. 21, 2024) (Slaughter, J.) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973, 975 (9th Cir. 2004).

Those principles defeat Plaintiffs' inference chain. Giving Chatters access to a Creator account does not plausibly allege that Creators Inc. knowingly disclosed a Fan's personally identifying information to a specific recipient. Plaintiffs identify no Creators Inc.-specific disclosure, recipient, date, or Plaintiff. Instead, they ask the Court to infer Creators Inc.'s liability from the mere possibility that an agency-managed account could be accessed by someone other than the Creator. That is the sort of unsupported inference the Court need not accept.

## CONCLUSION

The Court should dismiss the UCL claim against Creators Inc. with prejudice. After the Court identified the missing particulars and granted leave to amend, Plaintiffs still have not adequately pleaded the Richardson communications attributable to Creators Inc. on which N.Z.'s claim depends. Their unlawful-prong

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111

argument relies on the same deficient account of deception and resulting payments. Creators Inc. also maintains its request for dismissal of the VPPA claim on the grounds presented in its motion. At minimum, the Court should independently dismiss the deficient UCL claim rather than treat the prior VPPA ruling as establishing its sufficiency.

Dated: September 29, 2026

Respectfully submitted,

DENTONS DURHAM JONES & PINEGAR, P.C.

By: */s/ Trinity S. Jordan*
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Elite Creators LLC certifies that this brief contains 3,753 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: September 29, 2026

DENTONS DURHAM JONES PINEGAR, P.C.

By: /s/ Trinity S. Jordan
Michael Gehret
Bety Javidzad
Trinity Jordan
Jordan Westgate
Samantha Fahr
Pooja L. Shah

Attorneys for Defendant
ELITE CREATORS, LLC

DENTONS DURHAM JONES PINEGAR, P.C.
111 SOUTH MAIN STREET, SUITE 2400
SALT LAKE CITY, UTAH 84111