Allen E. Sattler (SBN 321086)
David A. Yudelson (SBN325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: 714.853.6710
dyudelson@constangy.com
asattler@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

CASE NO. 8:24-cv-01655-FWS-SSC

**DEFENDANT VERGE AGENCY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

Date: October 22, 2026
Time: 10:00 a.m.
Crtrm.: 10D

Assigned to Hon. Fred W. Slaughter

# I. INTRODUCTION

Plaintiffs N.Z., R.M., B.L., S.M., and A.L.'s (collectively, the "Plaintiffs") filed their Opposition with a litany of unsupported facts and mischaracterizations of the law. Admittedly, Plaintiffs recognize Plaintiff A.L. is the only plaintiff with claims against Verge Agency, Inc. ("Verge"). However, to circumvent Verge's enforcement of the forum selection clause, Plaintiffs ignore its own allegations that demonstrate Verge's alleged misconduct is closely related to the Terms of Service ("TOS"). Plaintiffs also argue for standards that are not required to invoke the closely related doctrine.

The Opposition then continues to emphasize the vague allegations that do not detail that Verge itself disclosed Plaintiff's A.L.'s personally identifiable information ("PII") to a third party. Even if the Court agreed that Verge disclosed PII to a third party, as the Opposition admits the Court ordered that Boss Baddies LLC, Moxy Management, Unruly Agency LLC (d/b/a Dysrpt Agency), Behave Agency LLC, A.S.H. Agency, Content X, Inc., Verge Agency, Inc., and Elite Creators LLC's (collectively the "Agency Defendants") management of the Creators is the Agency Defendants' ordinary course of business. Following the Court's order, the Fourth Amended Complaint ("4AC") pleads allegations that the Chatter Scams are a part of the Agency Defendants' managerial services to the Creators.

Verge submits that the court should follow its December 19, 2025, order that upheld the forum selection clause and dismissed Plaintiffs' VPPA claim. While the Court reversed its ruling in its May 19, 2025, order, citing that the previous ruling was based on Plaintiffs' misuse of AI, Verge should not be punished for Plaintiffs' impermissible behavior.

Due to the numerous filings responding to Plaintiffs' Opposition, Verge incorporates by reference the arguments in the briefing of its co-Defendants.

## II. ARGUMENT

### A. PLAINTIFF A.L.'S CLAIMS ARE BARRED BY THE FORUM SELECTION CLAUSE

There is no dispute that the Ninth Circuit has repeatedly emphasized that when a non-signatory's ***conduct*** is closely related to the contractual relationship, a non-signatory can enforce the forum selection clause. *JB Bros., Inc. v. Chung*, No. 2:24-CV-01994-RGK-AS, 2025 WL 565308, at *3 (C.D. Cal. Jan. 27, 2025); *JH Portfolio Debt Equities, LLC v. Garnet Cap. Advisors, LLC*, No. 217CV08839CASJCX, 2018 WL 6112695, at *5 (C.D. Cal. Mar. 16, 2018); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).

The crux of the 4AC is that Verge, along with other Agency Defendants, facilitated Chatter Scams to deceive OnlyFans users into believing they were directly communicating with OnlyFans creators. (4AC ¶¶ 50, 249, 251-267, 432-437, 524-540, 591.) Plaintiff A.L.'s VPPA claim and any other claims he may assert are so intertwined with the TOS that the 4AC explicitly states the Agency Defendants "are violating explicit platform policies." (4AC ¶ 316.) Furthermore, the 4AC asserts that the alleged Chatter Scams depend on the sharing of personal information with third parties and nothing in the TOS authorizes such disclosures by the Agency Defendants. (4AC ¶¶ 312-313, 317.) Given that the forum selection clause broadly covers claims "arising out of or in connection with . . . [the] use of OnlyFans (including, in both cases, non-contractual disputes or claims)," Verge's alleged misconduct not only relates to its performance under the TOS—i.e. compliance with policies not to share or disclose personal information—but also anything logically connected to the TOS. *See Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (distinguishing between forum selection clauses that cover disputes "arising out of" an agreement and those that "have some 'logical or casual connection'").

Moreover, Plaintiffs alleging that Verge acted as an agent on behalf of its Creators to facilitate the Chatter Scams, entitles it to the benefit of the TOS' forum selection clause. (4AC ¶¶ 50, 249, 260, 354, 360, 430, 414, 432.) Plaintiff A.L. was on notice of the TOS's forum selection clause, irrespective of whether they were aware of Verge's relationship with other parties to the TOS. Thus, he was on notice that claims that are closely related to these terms would be subject to its terms. Because the alleged disclosure of Plaintiff A.L.'s information to third party Chatters resulted from "acts taken within the scope of . . . [the] agency relationship" Verge can enforce the forum selection clause. *Robeson v. Twin Rivers Unified Sch. Dist.*, No. CIV. 2:14-2 WBS KJN, 2014 WL 1392922, at *3 (E.D. Cal. Apr. 9, 2014) (finding the non-signatory agent of a signatory could enforce the forum selection clause because the non-signatory's conduct was closely related to the contractual relationship between the signatories).

**1. *The Express Exclusion of Third-Party Rights Under the Terms of Service Does Not Prohibit Verge from Enforcing the Form Selection Clause***

"A forum selection clause may be enforced against a non-party in at least two circumstances: (1) when the non-party is a third-party beneficiary of the contract with the clause, ***and*** (2) when the non-party and the conduct at issue are "closely related" to the parties to the contract with the forum selection clause[.]" *White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 947 (S.D. Cal. 2019). Here, Plaintiff A.L. is a party to the TOS and had every reason to believe a claim related to those terms would be subject to the TOS's forum selection clause. While Verge was not a party to the TOS, its conduct as an agent to a number of the Creators is closely related to TOS, as well as Plaintiff A.L.'s allegations that they contained misrepresentations or omissions. (4AC ¶ 313.) Plaintiffs cite the TOS's statement that "[y]our agreement with us does not give rights to any third parties" and argue that this

"excludes Verge from asserting rights based on the TOS." (EFC 286 at 3.) However, the exclusion of third-party rights in the TOS is immaterial to application of the closely related doctrine. The doctrine focuses on the non-signatory's conduct, not its contractual rights.

Courts applying the doctrine do not examine whether the underlying contract contained any explicit exclusion or inclusion of third-party rights. *See, e.g.*, *JH Portfolio Debt Equities, LLC*, 2018 WL 6112695, at *5 ("[A] non-signatory party is bound by a forum selection clause when its alleged conduct is closely related to the contract."); *Holland Am. Line Inc.*, 485 F.3d at 456 (same); *Hua Nan Com. Bank v. HSBC Bank USA, N.A.*, No. CV 10-8773 PSG (EX), 2011 WL 13217782, at *8 (C.D. Cal. May 19, 2011) (same). This is in line with the Ninth Circuit's broad language that "a ***range*** of transaction participants, parties and non-parties, should benefit from and be subject to the forum selectin clauses." *Manetti-Farrow, Inc.*, 858 F.2d at 514, n.5. Furthermore, Plaintiffs have not cited any cases that bar application of the doctrine when there is a clause that denies rights to third parties. Because the express exclusion of third-party rights under the TOS is irrelevant, and this Court has already applied the closely related doctrine in light of the third-party language, (ECF 209 at 32.), Verge can enforce the forum selection clause against Plaintiff A.L.

### 2. *There is a Sufficient Basis to Uphold the Forum Selection Clause*

#### a. The Lack of Sophistication Between the Parties Does Not Bar Application of the Closely Related Direct

Plaintiffs attempt to distinguish the legal authorities relied upon by Verge is unavailing. (ECF 286 at 4-5.) Despite Plaintiffs' contention to the contrary, *Manetti-Farrow*, *JH Portfolio Debt Equities, LLC*, and *Pirozzi* are not only applicable to scenarios involving affiliated legal entities or sophisticated corporations. In *Manetti-*

*Farrow*, the Ninth Circuit made clear that its application of the closely related doctrine was based on "whether resolution of the claims related to the interpretation of the contract." *Manetti-Farrow*, 858 F.2d at 514. Similarly, in *JH Portfolio Debt Equities, LLC*, this Court explicitly stated that the Ninth Circuit's holding broadly applies to "'a ***range*** of transaction participants, parties, and non-parties' can be bound to a forum selection clause" and that cases that apply the doctrine "do not stand for the narrow proposition that a non-contracting party is only 'closely related' to a contractual relationship insofar as it is a corporate affiliate or director of a contracting party[.]" *JH Portfolio Debt Equities, LLC*, 2018 WL 6112695, at *5. Finally, in *Pirozzi* the Court applied the doctrine because the non-signatory's "***conduct*** [was] closely related to the contractual relationship' established by the Agreement." *Pirozzi v. Fiserv Corp.*, 668 F. Supp. 3d 968, 974 (C.D. Cal. 2022)**.**

Verge does not dispute that *Manetti-Farrow*, *JH Portfolio Debt Equities*, *LLC*, and *Pirozzi* involved related corporate entities. However, such facts do not distinguish those cases from the present action. Plaintiffs do not cite any authority that the closely related doctrine requires a non-signatory and a signatory of a contract containing a forum selection clause to be related or affiliated entities. In fact, following, *JH Portfolio Debt Equities*, *LLC*, the Northern District of California recently rejected Plaintiffs' position and applied the closely related doctrine in a case that did not involve affiliated entities. *See Vyacheslav Shirokov, v. Develup Private Enter.*, No. 25-CV-02701-EMC, 2026 WL 2430785, at *2-8 (N.D. Cal. Aug. 19, 2026). The *Shirokov* court noted that "district courts have not held that a nonsignatory defendant is only "closely related" to a contractual relationship insofar as it is a corporate affiliate or director of [the] contracting [defendant]." *Id.* at *3. Instead, "the [c]ourt must focus on whether the defendants' conduct is closely related to the contractual relationship." *Id.* at *5. Because the lack of sophistication between the Parties is irrelevant, pursuant to the closely related doctrine, Verge is entitled to invoke the forum selection clause. *See*

*Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 898 (N.D. Cal. 2024) ("District courts have emphasized that the non-signatory's relationship is analyzed via 'their relation to the contract, not by their relation to the party.'").

**b. Foreseeability Is Not the Operative Standard**

Plaintiffs' assertion that "the closely related doctrine applies when it is reasonably foreseeable for a party to litigate in the chosen forum when asserting claims against a party" is similarly unsupported by the law. (ECF 286 at 6.) Plaintiffs once again mischaracterize the doctrine to include requirements that have not been demanded by the Ninth Circuit. The standard dictated in *Manetti-Farrow* asks, "whether resolution of the ***claims*** relates to the interpretation of the contract," not whether it was foreseeable that the forum selection clause would be enforced. *Manetti-Farrow, Inc*, 858 F.2d at 514. The Ninth Circuit reaffirmed this standard noting that the forum selection clause applied to the non-signatory defendant because the transactions between the signatories and the non-signatories "took place as part of the larger contractual relationship." *Holland Am. Line Inc.*, 485 F.3d at 456. The *Holland* court did not adopt foreseeability as prerequisite to applying the doctrine.

Even if the Court were to agree that foreseeability is the appropriate test, the closely related doctrine remains applicable to the present action because it is that relatedness that makes potential enforcement of the forum selection clause foreseeable. Plaintiffs repeatedly emphasize in the 4AC the closeness between the Creators and Agency Defendants by characterizing their relationship as one between an agent and principal. Plaintiffs allege that the Agency Defendants acted on behalf of and at the direction of the Creators to generate content and interact with Fans. (4AC ¶¶ 50, 249, 260, 354, 360, 430, 414, 432.) Therefore, under Plaintiffs' cited authority of *Hua Nan Com. Bank v. HSBC Bank USA* the Agency Defendants agency relationship with the Creators "was so close . . . mak[ing] it reasonably foreseeable that [the Agency

Defendants] would be able to later act as a signatory in enforcing" the forum selection clause. *Hua Nan Com. Bank v. HSBC Bank USA, N.A.*, 2011 WL 13217782, at *11.

Moreover, even if Plaintiff A.L. had assumed there were no third parties that could enforce any terms of the TOS, they were still aware that claims related to the TOS are subject to an enforceable forum selection clause. Indeed, the forum selection clause was already enforced against Plaintiff A.L. for the benefit of the Fenix Defendants. (ECF 117 at 16.)

**c. The Type of Contract is Immaterial to the Application of the Closely Related Doctrine**

With no supporting authority, Plaintiffs assert they are unaware of authority where the closely related doctrine has been applied to a contract of adhesion in a consumer transaction. (ECF 286 at 6.) Like the sophistication of the parties, the nature of the transaction between the parties is irrelevant, as the Ninth Circuit has made clear that the closely related doctrine applies to "a ***range*** of transaction participants, parties, and non-parties." *Manetti-Farrow*, 858 F.2d at 514, n.5.

**d. Enforcement of the Forum Selection Clause Would Not Contravene Public Policy**

To further deny enforcement of the forum selection clause, Plaintiffs without any merit contend that the enforcement of the forum selection clause is a public policy violation. (ECF 286 at 7.) First, the Court has agreed that enforcing the forum selection clause against Plaintiff A.L. is not a violation of public policy. (ECF 117 at 15-17.)

Second, forcing Plaintiff A.L. to uphold his agreement to litigate his claims in the U.K. does not deprive him of a remedy for his claim. When a forum selection clause, such as the one here exists, "courts must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs no remedies whatsoever. 'It is

the availability of a remedy that matters, not predictions of the likelihood of a win on the merits.'" *Yei A. Sun*, 901 F.3d at 1092.

Third, when Plaintiff A.L. agreed to the forum selection clause he "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013). Plaintiff A.L. does not challenge that he consented to pursuing his claims in the U.K., hence it is not unreasonable to force Plaintiff A.L. to litigate in a foreign forum. *See Baton*, 740 F. Supp. 3d at 897 (finding forum selection clauses that subjected covered disputes to the "exclusive jurisdiction of the French courts" were "enforceable except with respect to Plaintiffs who are "California resident plaintiffs bringing class action claims under California consumer law.").

### B. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT

#### 1. *Verge Did Not Disclose Personally Identifiable Information*

While there is no dispute as to what constitutes a violation of the VPPA, and more specifically what constitutes PII within the meaning of the statute, Plaintiffs' Opposition remains deficient. Plaintiffs acknowledge that Plaintiff A.L. is the only plaintiff who brings a VPPA claim against Verge, but their Opposition remains void of allegations that his identity was revealed through a request or receipt of video materials from a Verge Creator. (ECF 286 at 8.) Plaintiffs' allegation that he "viewed videos sent to him via direct message through Subscribed Creator Accounts—some of which he had specifically requested" does not meet that burden. (4AC ¶ 530.) Furthermore, Plaintiffs cite to the 4AC paragraphs 195–199, 430, 525, 530, 580, and 584-585 does not amount to an allegation that Plaintiff A.L. himself paid for, received, or requested

video materials from a Verge managed account. Instead, these paragraphs only generally describe the payment features of OnlyFans' content and that at minimum Plaintiff A.L. subscribed to a Verge creator. A subscription only means that Plaintiff A.L. may have had access to a creator's profile, not that he requested or obtained video materials.

Plaintiffs further admit to the inadequacies of their VPPA claim by arguing that they seek to bring in an additional plaintiff to "lend further support to [the] VPPA claim against Verge." (ECF 286 at 8.) Plaintiffs' future pleading plans are immaterial when the 4AC as it stands, cannot on its own plead an adequate VPPA claim against Verge.

### 2. *Verge's Alleged Conduct Was Performed in the Ordinary Course of Business*

Notwithstanding Plaintiffs' failure to plead a disclosure of PII by Verge, the ordinary business exception, which states that a disclosure is permissible if it was for "debt collection activities, order fulfillment, request processing, [or] the transfer of ownership" applies. 18 U.S.C. § 2710(a)(2). Plaintiffs admit the Court's May 19, 2025, order states that Verge, and the other Agency Defendants' ordinary business practice is managing Creators. (ECF 251 at 28.) In light of the Court's order, Plaintiffs concede that Verge "provides Chatter Servies" as "part of its management." (4AC ¶ 432.) In other words, Plaintiffs' own admission places the Chatter Scams within the scope of Verge's ordinary business practices.

"Video tape service providers may use third parties in their business operations without giving rise to liability under the VPPA." *Therrien v. Hearst Television, Inc.*, No. CV 23-10998-RGS, 2025 WL 1208535, at *4 (D. Mass. Apr. 25, 2025). Plaintiffs' characterization of the structure of the Chatter Scams places such practices within the scope of "order fulfillment" and "request processing." *See* 18 U.S.C. § 2710(a)(2). (4AC ¶¶ 249-277.) Verge's alleged disclosures to a third party were done as a part of its ordinary functions to service its creators. *See Sterk v. Redbox Automated Retail,*

*LLC*, 770 F.3d 618, 623-626 (7th Cir. 2014) (holding third party customer support services were an "obvious illustration of request processing" because customer service was a part of the ordinary business experience).

## III. CONCLUSION

For the foregoing reasons, the Court should grant Verge's Motion to Dismiss in its entirety and dismiss Verge from this action.[1]

Respectfully submitted,

DATED: September 29, 2026

By: */s/ David A. Yudelson*

Allen Sattler (SBN 321086)
David A. Yudelson (SBN 325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

[1] Verge incorporates by reference the arguments asserted by its co-defendants in their respective pleadings responding to Plaintiffs' Opposition.

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Verge Agency, Inc., certifies that this brief contains 2,949 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

By: */s/ David A. Yudelson*
Allen E. Sattler (SBN 321086)
David A. Yudelson (SBN 325316)
Chasity Henry (SBN 354660)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel.: 949.743.3924
Fax: 949.743.3934
asattler@constangy.com
dyudelson@constangy.com
chenry@constangy.com

*Counsel for Defendant Verge Agency, Inc.*

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Suite 1100, Los Angeles, CA 90067.

On **September 29, 2026**, I served a true copy of the document(s) entitled:

**DEFENDANTS VERGE AGENCY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

on the following individuals by the method(s) indicated below:

Christopher R. Pitoun
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Email: christopherp@hbsslaw.com

Robert B. Carey
Leonard W. Aragon
Michella A. Kras
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

Andrea R. Gold
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Email: agold@tzlegal.com

Jonathan Shub
Shub Johns & Holbrook LLP
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
Email: jshub@shublawyers.com

Annick Marie Persinger
TYCKO & ZAVAREEI LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
Email: apersinger@tzlegal.com

Andrew C. Stone
Seth T. Goertz
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016

Andrew W. Knox
Wolpert Vernon & Gordon LLP
5 Walnut Grove Drive, Suite 130
Horsham, PA 19044
aknox@wvgllp.com

Email: stone.andy@dorsey.com
goertz.seth@dorsey.com

Keith T. Vernon
Wolpert Vernon & Gordon LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Email: kvernon@wvgllp.com

*Counsel for Plaintiffs*

__X__ **BY ELECTRONIC TRANSMISSION:** By causing the document(s) to be transmitted via the Court's ECF System to the e-mail addresses of the individuals as indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 29, 2026**, in Los Angeles, California.

*/s/ David A. Yudelson*
David A. Yudelson