Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

*Counsel for Plaintiffs*

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

N.Z., R.M., B.L., S.M., and A.L., individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FENIX INTERNATIONAL LIMITED, FENIX INTERNET LLC, BOSS BADDIES LLC, MOXY MANAGEMENT, UNRULY AGENCY LLC (also d/b/a DYSRPT AGENCY), BEHAVE AGENCY LLC, A.S.H. AGENCY, CONTENT X, INC., VERGE AGENCY, INC., AND ELITE CREATORS LLC,

Defendants.

Case No. 8:24-cv-01655-FWS-SSC

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THE FOURTH AMENDED CLASS ACTION COMPLAINT**

Judge: Hon. Fred W. Slaughter
Courtroom: 10D
Date: October 22, 2026
Time: 10:00 a.m.

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiffs have shown good cause. .......... 1

B. Plaintiffs have shown that the requirements of Rule 15 have been met. .......... 6

1. Plaintiffs' request to amend is not made in bad faith. .......... 6

2. The amendments are not futile. .......... 9

a. It is not futile to add two new California plaintiffs. .......... 9

b. It is not futile for Plaintiffs to amend back in the promissory estoppel claim. .......... 11

3. There is no prejudice to Defendants. .......... 15

4. There is no undue delay. .......... 17

C. Plaintiffs' request to amend back in the promissory estoppel claim is proper. .......... 19

III. CONCLUSION .......... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilera v. Unocal Corp.*, No. 22-CV-01394, 2023 WL 6369703 (C.D. Cal. Aug. 4, 2023) ..... 4

*AMC Technology, LLC v. Cisco Systems, Inc.*, No. 11-CV-03403, 2012 WL 174949 (N.D. Cal. Jan. 20, 2012) ..... 11

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006) ..... 16, 17

*Arias v. Bird Glob., Inc.*, No. 22-CV-08406, 2026 WL 1719422 (C.D. Cal. June 11, 2025) ..... 10

*Avidity Partners, LLC v. State of California*, 165 Cal. Rptr. 3d 299 (Ct. App. 2013) ..... 15

*Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940 (N.D. Cal. 2010) ..... 13, 14, 15

*Brett v. Brooks Brothers Group*, No. CV 17-4309, 2018 WL 8806668 (C.D. Cal. Sept. 6, 2018) ..... 5, 6

*Burmayan v. Garfield Beach CVS, LLC*, No. CV 23-1788, 2025 WL 4036422 (C.D. Cal. Oct. 14, 2025) ..... 5

*China Agritech v. Michael H. Resh*, 584 U.S. 732 (2018) ..... 4, 10

*Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877 (9th Cir. 1999) ..... 6, 8

*Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) ..... 17, 18

*JMP Sec. LLP v. Altair Nanotechnologies Inc.*,
880 F. Supp. 2d 1029 (N.D. Cal. 2012)........................................................ 14

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992)........................................................................ 4

*Juarez v. Jani-King of California, Inc.*,
No. 09-CV-03495,
2019 WL 2548691 (N.D. Cal. June 20, 2019) ............................................. 17

*Kempf v. Apple Inc.*,
No. 25-CV-05244,
2026 WL 765332 (N.D. Cal. Mar. 18, 2026) ............................................... 10

*Kendon Indus. LLC v. Towblazer, Inc.*,
No. 23-CV-00732,
2024 WL 4800490 (C.D. Cal. Oct. 20, 2024) ................................................ 5

*Kilroy v. Los Angeles Unified Sch. Dist. Bd. of Educ.*,
No. CV 13-6373,
2016 WL 11758314 (C.D. Cal. Feb. 29, 2016)............................................... 8

*Lockheed Martin Corp. v. Network Sols., Inc.*,
175 F.R.D. 640 (C.D. Cal 1997) .................................................................. 18

*Louis v. Cnty. of Ventura*,
No. 2:22-CV-00493,
2023 WL 6890766 (C.D. Cal. July 26, 2023) ................................................ 4

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988)........................................................................ 18

*Mendia v. Garcia*,
165 F. Supp. 3d 861 (N.D. Cal. 2016).............................................................. 6

*Metabyte, Inc. v. Technicolor S.A.*,
312 Cal. Rptr. 3d 129 (Ct. App. 2023)......................................................... 11

*Meyer v. Glenmoor Homes, Inc.*,
54 Cal. Rptr. 786 (Ct. App. 1966)................................................................. 14

*Mobile Emergency Housing Corp. v. HP, Inc.*,
No. 20-CV-09157,
2022 WL 18098217 (N.D. Cal. Dec. 7, 2022) ................................................ 8

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967, 2013 WL 4830967 (N.D. Cal. Sept. 10, 2013) .......... 4

*Optivus Tech., Inc. v. Ion Beam Applications S.A.*, No. CV 03-2052, 2004 WL 5543277 (C.D. Cal. Dec. 29, 2004) .......... 18

*Oster v. Caithness Corp.*, No. 16-CV-03164, 2017 WL 3727174 (N.D. Cal. Aug. 30, 2017) .......... 15

*Perez v. JPMorgan Chase Bank*, No. CV-20-1692, 2020 WL 9259703 (C.D. Cal. Sept. 23, 2020) .......... 12

*Philadelphia Indem. Ins. Co. v. IEC Corp.*, No. SACV-16-0295, 2017 WL 5664988 (C.D. Cal. July 27, 2017) .......... 5

*Poe v. Nw. Mut. Life Ins. Co.*, No. 21-CV-02065, 2023 WL 4155379 (C.D. Cal. Jan. 20, 2023) .......... 15, 16

*Renovatio Tecnologia Digital Ltd. v. Dolphin Imaging & Management Solutions*, No. 24-CV-02389, 2024 WL 3511402 (C.D. Cal. July 23, 2024) .......... 12

*Replenium Inc. v. Albertsons Companies, Inc.*, No. 24-CV-01281, 2025 WL 460057 (W.D. Wash. Feb. 11, 2025) .......... 13

*Roberts v. JP Morgan Chase Bank, N.A.*, No. 09-CV-01855, 2011 WL 4479455 (N.D. Cal. Sept. 26, 2011) .......... 8

*Santillan v. USA Waste of California, Inc.*, 853 F.3d 1035 (9th Cir. 2017) .......... 5

*SIC Metals, Inc. v. Hyundai Steel Co.*, No. SACV-18-00912, 2018 WL 6842958 (C.D. Cal. Nov. 14, 2018) .......... 14

*Spindler v. City of Los Angeles*,
No. CV 17-250,
2019 WL 2164196 (C.D. Cal. May 10, 2019) .......... 8

*Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*,
No. CV 19-3059,
2019 WL 6879744 (C.D. Cal. Aug. 20, 2019) .......... 7

*Supermail Cargo, Inc. v. United States*,
68 F.3d 1204 (9th Cir. 1995) .......... 11

*In re Syntex Corp. Sec. Litig.*,
95 F.3d 922 (9th Cir. 1996) .......... 10

*Tehranian v. Mercedes-Benz USA, LLC*,
No. 24-CV-02037,
2025 WL 1543626 (C.D. Cal. May 7, 2025) .......... 4

*Tommy Alastra Prods., Inc. v. McDonaugh*,
No. 25-CV-01257,
2025 WL 2427999 (C.D. Cal. July 9, 2025) .......... 12

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
No. CV-14-3466,
2015 WL 12746208 (C.D. Cal. Oct. 30, 2015) .......... 2

*United States v. Webb*,
655 F.2d 977 (9th Cir. 1981) .......... 18

*Van Steenwyk v. Van Steenwyk*,
No. 20-CV-02375,
2021 WL 12295262 (C.D. Cal. June 29, 2021) .......... 4

*Walker v. KFC Corp.*,
728 F.2d 1215 (9th Cir. 1984) .......... 14

*Ward v. Crow Vote LLC*,
No. 21-CV-01110,
2022 WL 17882162 (C.D. Cal. Oct. 11, 2022) .......... 18

*Wilshire Assocs., Inc. v. Ashland Partners & Co., LLP*,
No. CV-08-03008,
2010 WL 11505571 (C.D. Cal. Sept. 7, 2010) .......... 14

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645 (W.D. Wash. 2015) .......... 6

*Yablonsky v. California Dep't of Corr. & Rehab.*, No. 18-CV-1122, 2021 WL 2952934 (S.D. Cal. July 13, 2021) .......... 9

**Statutes**

47 U.S.C. § 230 .......... 2

**Rules**

Fed. R. Civ. P. 15 .......... 1, 6, 9, 10

Fed. R. Civ. P. 16 .......... 1, 2

# I. INTRODUCTION

In moving for leave to amend the Fourth Amended Class Action Complaint (Dkt. 268, "Motion"), Plaintiffs have met both the requirements of Rule 15 and the good cause requirement of Rule 16. Plaintiffs have shown they were diligent in seeking their amendments, that there is no undue prejudice, bad faith, or undue delay. As such, the Court should grant Plaintiffs' Motion.

# II. ARGUMENT

## A. Plaintiffs have shown good cause.

In opposing Plaintiffs' Motion, no Defendant disputes that the scheduling order must be amended or that all the dates will have to be moved. Rather, they only object to amending a single deadline—the deadline to amend the complaint or add parties. In doing so, they argue Plaintiffs had all the information they needed to amend their claims by April 2025, or at least by the scheduling order deadline, citing the Court's April 9, 2025 Order ("April 9 Order") and the Defendants' various motions. Dkts. 277 at 8–10; 278 at 8; 279 at 3–4; 287 at 1–2. The Court's April 9 Order merely found that the non-California Plaintiffs could not assert claims against the Fenix Defendants ("Fenix"). Dkt. 117 at 16–17. Fenix, who cites the Court's April 9 Order, does not explain what that order has to do with either a promissory estoppel claim against Fenix or the addition of new California plaintiffs for the VPPA and UCL claims against the Agency Defendants. Additionally, the various motions to dismiss that Defendants filed are not notices of deficiency that should have prompted Plaintiffs to amend, as Defendants claim.[1] Defendants asserted several arguments across those motions that have been rejected, yet they maintain that Plaintiffs were supposed to guess which arguments would be

[1] All of the cases Defendants cite to support this argument involve a plaintiff naming the wrong defendant. As shown below, those cases have no application here.

successful and put them on notice of unknown deficiencies. *See* Dkts. 117 at 16–17 and 208 at 7 (denying Fenix's request to dismiss N.Z. and R.M. under the forum selection clause); Dkts. 209 at 17 and 251 at 22 (rejecting that § 230 bars Plaintiffs' claims against Fenix for its own representations); Dkt. 209 at 22 (rejecting argument that Defendants are not video tape service providers); Dkt. 251 at 28 (rejecting that the ordinary course of business exception applies under the VPPA). Defendants have not shown that Plaintiffs were on notice of the needed amendments sooner.

Defendants essentially argue that Plaintiffs did not properly grapple with the Rule 16 diligence requirement.[2] Dkts. 277 at 7–8; 278 at 6–8; 279 at 3–5. This is inaccurate. As cited in Plaintiffs' Motion (Dkt. 268 at 7), "the focus of the good cause inquiry is not on whether modification of the schedule could have been avoided by diligence, but rather whether delay could have been avoided by diligence. Not all modifications of a scheduling order are the same; if the movant's lack of diligence necessitates *a greater modification of the case management schedule* than would have been required had the movant acted diligently, the movant has not shown good cause to modify the schedule." *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, No. CV-14-3466, 2015 WL 12746208, at *9 (C.D. Cal. Oct. 30, 2015) (emphasis added) (citation modified). Defendants criticize Plaintiffs for citing *UMG* because the court declined to grant the motion to amend. Dkts. 277 at 8; 278 at 8. But Defendants missed the point—in *UMG* if the counterclaimant had been diligent in moving to amend "a modification of the scheduling order would have been required, but it would have been a less substantial modification." *UMG Recordings*, 2015 WL 12746208, at *9. Here, the entire scheduling order must be moved and allowing Plaintiffs to amend their complaint does not require a

[2] Verge accuses Plaintiffs of flagrantly misrepresenting the standard. Dkt. 279 at 3. As Plaintiffs quoted the full standard in their Motion (Dkt. 268 at 6–7), this argument is not made in good faith.

more substantial modification. Defendants do not articulate why allowing this amendment would require a more substantial modification, instead arguing generally that an amendment will require another round of Rule 12(b)(6) briefing. Defendants ignore that is the precise purpose of the futility analysis. The Court will determine whether the amendments are futile. Defendants are not required to file a motion to dismiss, and they cannot claim delay if they choose to file a motion that is adverse to any futility determination the Court will make.

Additionally, Plaintiffs laid out why they were diligent in seeking their requested amendments. Dkt. 268 at 7–8. They not only laid out why the scheduling order had to be amended,[3] but why this was the first time they sought leave to add two plaintiffs and add back in the promissory estoppel claim. *Id.* In moving to add two new plaintiffs, Plaintiffs were responding directly to the Court's May 19, 2026 Order (Dkt. 251, "May 19 Order") that their UCL claim against the Agency Defendants was insufficient because "Plaintiffs do not specify which representations were made and relied on, or the particular circumstances surrounding such representations." Dkt. 251 at 35 (citation modified). They amended the UCL claim in multiple ways, by adding additional factual allegations where available and an omission claim for the unfair prong, as well as adding an unlawful prong based on the VPPA claim that the Court found viable. Dkt. 262 ¶¶ 625–627(d), 631–632. In doing so, they are seeking to add two new California plaintiffs who provide additional factual support for the UCL unfair prong, as well as support for the unlawful prong of the UCL relying on the VPPA. Dkt. 268-2 ¶¶ 493–537.

Defendants argue that Plaintiffs do not explain when they learned of the existence of these new plaintiffs. But that argument is nonsensical in the Class

---

[3] Plaintiffs included the information about how no discovery had been taken to establish that the entire schedule had to be amended, not to argue that the lack of discovery was the reason for the delay, as Fenix argues. Dkt. 277 at 10 n.5.

context as it is not the same as gaining knowledge of the new claim or unnamed defendant. Rather, class representatives are encouraged to come forward. *China Agritech v. Michael H. Resh*, 584 U.S. 732, 740 (2018). Bringing in class representatives now is preferable to filing separate claims, as joining such plaintiffs furthers the purpose of the class action mechanism. *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967, 2013 WL 4830967, at *3 (N.D. Cal. Sept. 10, 2013) (Allowing the addition of four new plaintiffs, explaining that "[c]lass actions, for logistical reasons, often involve multiple named plaintiffs as proposed class representatives. Courts have broad discretion to permit joinder of new parties.").

Defendants' cited cases are generally inapposite. The vast majority of the cited cases involve requests to add a defendant, well after the plaintiffs were aware of the identity of that defendant. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (affirming denial of leave to amend to add defendant where discovery responses indicated plaintiff had sued the wrong party and defendant's "counsel had sent a letter explicitly offering to stipulate to a substitution of the 'proper defendant'"); *Louis v. Cnty. of Ventura*, No. 2:22-CV-00493, 2023 WL 6890766, at *2 (C.D. Cal. July 26, 2023) (denying motion to add defendants where "eleven months passed between the time Plaintiff learned of the deputies' involvement and the time Plaintiff sought to amend the Complaint"); *Tehranian v. Mercedes-Benz USA, LLC*, No. 24-CV-02037, 2025 WL 1543626, at *2–3 (C.D. Cal. May 7, 2025) (denying motion to amend to add a defendant where the plaintiff had known the identity of the defendant "since at least August 22, 2024," was given until "March 13, 2025" to amend, failed to meet that deadline, and failed to comply with local rules and court orders); *Van Steenwyk v. Van Steenwyk*, No. 20-CV-02375, 2021 WL 12295262, at *2–3 (C.D. Cal. June 29, 2021) (denying leave to amend to add new defendants where plaintiff failed to show the facts were new or unknown to plaintiff); *Aguilera v. Unocal Corp.*, No.

22-CV-01394, 2023 WL 6369703, at *3 (C.D. Cal. Aug. 4, 2023) (denying motion to add new defendant where existing defendants "repeatedly informed Plaintiffs they were not the proper defendants"). The rest of the cases cited by Defendants involve requests to add claims or defenses after significant developments in the case, well after the party seeking amendment was aware of the facts leading to amendment. *See Kendon Indus. LLC v. Towblazer, Inc.*, No. 23-CV-00732, 2024 WL 4800490, at *1, *3–4 (C.D. Cal. Oct. 20, 2024) (denying motion for leave to amend answer where all fact discovery was completed, the deadline to amend the answer was a year earlier, and defendant did not provide new facts supporting amendment); *Santillan v. USA Waste of California, Inc.*, 853 F.3d 1035, 1048 (9th Cir. 2017) (affirming district court's denial of oral motion to amend complaint to add a breach of contract claim made at the summary judgment hearing); *Philadelphia Indem. Ins. Co. v. IEC Corp.*, No. SACV-16-0295, 2017 WL 5664988, at *4–5 (C.D. Cal. July 27, 2017) (denying motion to amend a factual allegation in the complaint where the plaintiff knew of the information from the outset, but granting motion to amend discovery response after the close of fact discovery); *Burmayan v. Garfield Beach CVS, LLC*, No. CV 23-1788, 2025 WL 4036422, at *2 (C.D. Cal. Oct. 14, 2025) (denying motion to add cause of action two years after deadline to amend and a year after the close of discovery, where plaintiff did not identify any new evidence justifying amendment).

Last, Defendants cite a single case about the addition of new plaintiffs to a class action, *Brett v. Brooks Brothers Group*, No. CV 17-4309, 2018 WL 8806668 (C.D. Cal. Sept. 6, 2018). There, the court found that it lacked subject matter jurisdiction over the case and gave the plaintiff leave to add the factual allegations to support jurisdiction. *Id.* at *1. Instead of addressing those factual allegations, the first plaintiff dismissed his claim and two new plaintiffs were added, without seeking leave to amend. *Id.* In dismissing the case, the court found several errors, including the fact that the court did not grant the first plaintiff "leave to substitute or

add named plaintiffs," the facts and arguments "that served as the basis for leave to amend" were absent from the amended complaint, and the plaintiff "voluntarily dismissed his claims." *Id.* at *2. But the court did not stop the analysis there, it determined whether the new plaintiffs had standing and only granted the motion to dismiss for lack of subject matter jurisdiction because the new plaintiffs lacked standing. *Id.* at *3–5. Here, Plaintiffs agreed to move to amend in the new plaintiffs and are not making new arguments to the Court but instead direct their amendments to the deficiencies the Court identified.

**B. Plaintiffs have shown that the requirements of Rule 15 have been met.**

**1. Plaintiffs' request to amend is not made in bad faith.**

Fenix and Verge argue that the request was made in bad faith. Neither Defendant has shown Plaintiffs acted in bad faith.

Verge first argues Plaintiffs are adding a claim against it late in the litigation, which shows a bad faith effort to keep the litigation going. Dkt. 279 at 5. Not only is this case still in the pleadings stage, it is not bad faith for Plaintiffs to ensure that their existing UCL claim covers all possible named Defendants. Verge's cited cases do not support a finding of bad faith, as the courts there did not find bad faith. *Mendia v. Garcia*, 165 F. Supp. 3d 861, 873 (N.D. Cal. 2016) ("nor does the record before the Court indicate a bad faith purpose"); *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (finding "no evidence of conscious doing of a wrong, dishonest purpose or moral obliquity, or furtive design or ill will" and finding "delay alone does not amount to bad faith" (citation modified)); *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) ("no evidence in the record that his subsequent amended complaint would have been filed in bad faith" (emphasis omitted)).

Verge argues that Plaintiffs are improperly trying to keep it as a party to this lawsuit. Dkt. 279 at 5. This is nonsensical as Verge is already a party to the litigation and the Court previously found that Plaintiffs had sufficiently alleged a

VPPA claim against the Agency Defendants. Dkt. 251 at 27–28, 37. Nothing excluded Verge from that order. And the VPPA claim forms the basis of the UCL unlawful claim. Verge's recycled claims about the forum clause do not change the result. The Court already determined that the forum clause did not prevent non-California plaintiffs from bringing claims against the Agency Defendants. *Id.* at 18–19, 37.

Fenix argues that Plaintiffs' Motion is in bad faith because it has disregarded prior Court rules and orders. Dkt. 277 at 12–13. Fenix cites Plaintiffs' "two" *ex parte* motions and the Rule 11 sanctions issued against Plaintiffs' counsel. *Id.* Filing motions that were denied is not proof of bad faith. And nothing in the Court's orders on those motions indicated that the Court believed Plaintiffs were acting in bad faith.[4] Additionally, Fenix's continued efforts to remind the Court that Plaintiffs' counsel erred by not checking their co-counsel's work—a mistake they immediately acknowledged, took responsibility for, and tried to correct—is inappropriate. In arguing Rule 11 sanctions constitute a showing of bad faith (Dkt. 277 at 13), Fenix ignores that this Court specifically determined Plaintiffs' counsel did not act in bad faith. Dkt. 207 at 6. And Plaintiffs agreeing to move to amend out of an abundance of caution—rather than have Fenix draft a motion for sanctions and have the Court rule—is not evidence of bad faith, but evidence that Plaintiffs take the meet and confer process seriously.[5]

---

[4] Plaintiffs only filed one *ex parte* motion, which the Court denied because it found Plaintiffs did not act with diligence and had not shown it would be prejudiced. Dkt. 83 at 4. The second motion was not filed as an *ex parte* motion, but treated as one by the Court, where the Court again found that Plaintiffs did not establish the requisite diligence in seeking the continuance or meet the good cause standard. Dkt. 184 at 6.

[5] "The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the court's, and the taxpayers' limited time,

Even if Plaintiffs had previously acted in bad faith—they have not—that would not establish bad faith here. *See Griggs*, 170 F.3d at 881 (finding that even if plaintiff's "*previous* amended complaints might (but need not) have been filed in bad faith . . . there is no evidence in the record that his *subsequent* amended complaint would have been filed in bad faith"). Fenix cites nothing in the current record to show Plaintiffs are acting in bad faith here. Fenix's citation to *Mobile Emergency Housing Corp. v. HP, Inc.*, No. 20-CV-09157, 2022 WL 18098217, at *5 (N.D. Cal. Dec. 7, 2022), is not helpful. There, more than eight months after the defendant answered the class action complaint, plaintiffs moved to amend the complaint to add a plaintiff *and* significantly "expand the class definitions." *Id.* at *3–5. Here, Plaintiffs are moving to add plaintiffs during the pleadings phase, are not seeking to expand the case, and no class definition was altered.

Fenix's other cases are similarly unavailing, as they all involve failures to comply with court orders. *See Spindler v. City of Los Angeles*, No. CV 17-250, 2019 WL 2164196, at *15 (C.D. Cal. May 10, 2019) (denying leave to amend where Plaintiffs failed to correct deficiencies identified by the court and in continuing to assert claims that were "legally insufficient or have been dismissed without leave to amend"); *Roberts v. JP Morgan Chase Bank, N.A.*, No. 09-CV-01855, 2011 WL 4479455, at *6 (N.D. Cal. Sept. 26, 2011) (denying leave to amend where plaintiff added new causes of action where the court's order specifically stated she could not add new claims, and only moved for leave to amend after the amended complaint was filed); *Kilroy v. Los Angeles Unified Sch. Dist. Bd. of Educ.*, No. CV 13-6373, 2016 WL 11758314, at *1–3 (C.D. Cal. Feb. 29, 2016) (finding bad faith where court granted leave to amend "but admonished

---

money, and resources." *Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, No. CV 19-3059, 2019 WL 6879744, at *2 (C.D. Cal. Aug. 20, 2019) (quoting *Aniel v. GMAC Mortg. LLC*, No. C 12-04201, 2013 WL 2467929 (N.D. Calif. June 7, 2013)), aff'd, 830 F. App'x 821 (9th Cir. 2020).

plaintiff not to add additional claims or parties" and the plaintiff added new defendants, added new claims, and realleged claims dismissed with prejudice); *Yablonsky v. California Dep't of Corr. & Rehab.*, No. 18-CV-1122, 2021 WL 2952934, at *4 (S.D. Cal. July 13, 2021) (finding bad faith where plaintiff tried to plead the same claim three times and the court warned "no further leave to amend will be granted").

**2. The amendments are not futile.**

The Agency Defendants argue that it would be futile to add new plaintiffs, and Fenix argues the promissory estoppel claim is futile. Both arguments fail.

**a. It is not futile to add two new California plaintiffs.**

Adding two new California plaintiffs is not futile because neither the VPPA claim, nor the UCL claim, are futile. Each of the Agency Defendants argues that the amended UCL claim is insufficient. Dkts. 278 at 9–10; 279 at 9–10; Dkt. 287 at 2. But Plaintiffs sought to amend the UCL claim in three ways: (1) they added more specific allegations to meet the Rule 9(b) requirements for the unfair prong; (2) they added an omission claim under the unfair prong; and (3) they added a violation under the unlawful prong, relying on the VPPA claim. While Plaintiffs maintain they added sufficient specificity under Rule 9(b) for the misrepresentation claim, if the Court finds they did not, the omission claim under the unfair prong and violation of the unlawful prong are properly alleged. As set forth in Plaintiffs' responses to the Agency Defendants' motions to dismiss, Plaintiffs' claims under the UCL are properly pleaded. Dkts. 282 at 6–11; 283 at 13–20. Verge and Content X also argue that the VPPA claim fails (Dkts. 279 at 10; 287 at 3), but that argument was previously rejected by this Court (Dkt. 251 at 37).

Verge and Content X also argue the new plaintiffs' claims are time-barred. Dkts. 279 at 10; 287 at 3. Defendants ignore that the new plaintiffs' claims are not time-barred under both the relation back doctrine and the delayed discovery rule. Rule 15 specifies that the relation back doctrine applies when "the amendment

asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Here, the claim arises out of the same conduct set forth in the original complaint. Verge's cited case is unhelpful because the plaintiff was seeking to add an entirely new claim on behalf of a completely different class and different factual allegations. *Arias v. Bird Glob., Inc.*, No. 22-CV-08406, 2026 WL 1719422, at *4–5 (C.D. Cal. June 11, 2025) (finding claim time barred where the original securities fraud claim "arises from the drop in share value after the discovery of . . . accounting errors and financial reporting" belonging to one company's shareholders and the new claim "arises from alleged misstatements in the Merger Proxy Materials" belonging to a different company's shareholders). Content X cites *Kempf v. Apple Inc.*, but the court did not apply the relation back doctrine because "relation back under Rule 15(c) does not apply to consolidated cases," and because "Plaintiffs seek to bring claims under different state laws on behalf of different state classes after the denial of class certification" of the earlier case.[6] No. 25-CV-05244, 2026 WL 765332, at *9 (N.D. Cal. Mar. 18, 2026).

Additionally, the claims are timely. Plaintiffs have alleged the delayed discovery rule applies to their claims, and proposed plaintiff N.T. states that he did not know he was speaking to Chatters until after Plaintiffs filed the original

---

[6] Content X also cites several cases related to equitable tolling of successive class actions. Dkt. 287 at 3–4 n.1. Those cases have no applicability here, as this is not a successive class action that seeks to toll claims. *See In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 936 (9th Cir. 1996) ("proposed plaintiffs wanted to expand the class in order to become class members"); *China Agritech*, 584 U.S. at 748 (2018) (rejecting the application of "*American Pipe* tolling to successive class actions"). If anything, as stated above, *China Agritech*, supports that new plaintiffs should come forward now to act as class representatives. 584 U.S. at 740 ("With class claims, on the other hand, efficiency favors early assertion of competing class representative claims. If class treatment is appropriate, and all would-be representatives have come forward, the district court can select the best plaintiff with knowledge of the full array of potential class representatives and class counsel.").

complaint. Dkt. 268-2 ¶¶ 532, 613–20. As the original complaint was filed on July 29, 2024, and Plaintiffs moved to amend on July 21, 2026, the new plaintiffs brought their claims within two years, making both the VPPA claim and the UCL claim timely. And resolution of statutes of limitations defenses is generally an issue of fact and therefore not appropriate for a motion to dismiss. *Metabyte, Inc. v. Technicolor S.A.*, 312 Cal. Rptr. 3d 129, 145 (Ct. App. 2023) ("resolution of the statute of limitations issues, including delayed discovery, is normally a question of fact"); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). If there is any dispute about when these new plaintiffs learned of their claims, that would be an issue of fact to be decided later.

**b. It is not futile for Plaintiffs to amend back in the promissory estoppel claim.**

Fenix argues that allowing Plaintiffs to amend back in the promissory estoppel claim would be futile. Fenix makes multiple arguments about futility, specifically that the TOS's integration clause bars the promissory estoppel claim, the promissory estoppel claim contradicts the TOS, the promissory estoppel claim fails because the breach of contract claim failed, there was consideration barring the breach of contract claim, and any reliance was unreasonable. Ignoring that some of Fenix's arguments are inconsistent, they all fail.

First, Fenix argues that the promissory estoppel claim is barred by the TOS, citing their arguments in moving to dismiss the contract claims.[7] Dkt. 277 at 18. But

[7] In finding Plaintiffs' promissory estoppel claim failed, the Court relied both on its December 12, 2025 Order, as well as Plaintiffs' lack of response. Dkt. 251 at 29 & n.7. But Plaintiffs had not alleged a cause of action for promissory estoppel until they filed their Second Amended Complaint on January 2, 2026. Dkt. 218. The only thing in the December 12, 2025 Order related to promissory estoppel was a parenthetical in the Court's citation to *AMC Technology, LLC v. Cisco Systems,*

a promissory estoppel claim is not barred by a contract unless that contract specifically addresses the same subject matter, as Fenix's cited cases demonstrate. *See Tommy Alastra Prods., Inc. v. McDonaugh*, No. 25-CV-01257, 2025 WL 2427999, at *6 (C.D. Cal. July 9, 2025) (promissory estoppel is not proper where there is a "binding, fully integrated agreement on the same subject matter as the representations at issue" and the contract at issue specifically addressed the parties' roles, reimbursement policies, and indemnification, which was the subject of the promissory estoppel claim); *Perez v. JPMorgan Chase Bank*, No. CV-20-1692, 2020 WL 9259703, at *4 (C.D. Cal. Sept. 23, 2020) (finding "promissory estoppel claim . . . was superfluous" because the agreement "completely covered Defendant's subsequent, verbal assurance"). While Fenix points to its general integration clause, it does not identify anything in the TOS that covers Fenix's explicit promise that Fans would be direct messaging with Creators. Fenix argues *Renovatio Tecnologia Digital Ltd. v. Dolphin Imaging & Management Solutions*, is instructive, but there the promissory estoppel claim was premised on the defendant's promise to continue to support the plaintiff as a distributor. No. 24-CV-02389, 2024 WL 3511402, at *6 (C.D. Cal. July 23, 2024). But the contract there explicitly "contemplate[d] the circumstances under which the parties' business relationship may continue or cease." *Id.*

---

*Inc.*, No. 11-CV-03403, 2012 WL 174949, at *6 (N.D. Cal. Jan. 20, 2012). Dkt. 209 at 28. But in *AMC Technology*, the promissory estoppel claim was based on prior and contemporaneous promises on the same subject, and the contract had an integration clause that "supersedes and replaces all prior and contemporaneous understandings or agreements." 2012 WL 174949, at *6. Here, the integration clause states that it "supersede[s] any and all prior oral or written understandings or agreements." Dkt. 60-1 at 21–22, ¶ 15(h). But unlike the promises in *AMC*, the promissory estoppel claim here is not based on "a prior oral or written" agreement on the same subject matter, but a subsequent promise Fenix chose to make to every Fan, including Plaintiffs.

Next, Fenix argues that the promissory estoppel claim is barred because it contradicts the TOS, but it fails to identify any provision of the TOS that the direct messaging promise contradicts. Dkt. 277 at 19. As Plaintiffs previously argued, that subsequent promise can form the basis of a promissory estoppel claim. *See Replenium Inc. v. Albertsons Companies, Inc.*, No. 24-CV-01281, 2025 WL 460057, at *15 (W.D. Wash. Feb. 11, 2025) (finding plaintiffs pleaded promissory estoppel claim where the defendant made an additional promise not included in the contract and that "does not contradict their terms"). To the extent that Fenix is arguing the presence of the integration clause alone is contradictory, that is a misstatement of the law.

Fenix next argues that the promissory estoppel claim fails because the breach of contract claim failed. But the breach of contract claim failed because the Court found any extra-contractual promises were barred because the TOS "form[ed] the entire agreement between [the parties]." Dkt. 251 at 30. Nothing in the Court's analysis found that the promise was a bargained for exchange, forming a contract. "Promissory estoppel requires: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." *Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010). Plaintiffs have met all four elements. Fenix promised Fans could direct message with the Creators, Plaintiffs relied on that promise, the reliance was reasonable and foreseeable, and Plaintiffs were injured.

Despite this, Fenix argues the elements of promissory estoppel are not met because there is consideration, specifically that Plaintiffs relied on the direct messaging promise and subscribed. Dkt. 277 at 20–21. This is nonsensical. If reliance alone was proof of consideration—and the Court ignores that reliance is an element of promissory estoppel—a party could never state a claim for promissory

estoppel. "The purpose of th[e promissory estoppel] doctrine is to make a promise that lacks consideration (in the usual sense of something bargained for and given in exchange) binding under certain circumstances." *Boon Rawd Trading Int'l Co.*, 688 F. Supp. 2d at 953 (citing *Youngman v. Nevada Irrigation Distric*t, 449 P.2d 462, 468 (Cal. 1969)). Consideration "is something actually bargained for and given in exchange for a promise." *Wilshire Assocs., Inc. v. Ashland Partners & Co., LLP*, No. CV-08-03008, 2010 WL 11505571, at *26 (C.D. Cal. Sept. 7, 2010). Consideration "depends upon the manifested intention of the parties. The fact that the promisee relies on the promise to his injury, or the promisor gains some advantage therefrom, does not establish consideration without the element of bargain or agreed exchange." *Meyer v. Glenmoor Homes, Inc.*, 54 Cal. Rptr. 786, 798 (Ct. App. 1966) (quoting Restatement of Contracts) (citation modified). Fenix's argument, that there was a bargained for exchange, is contradicted by its arguments and the Court's finding that the TOS specifically excludes or contradicts the promise.[8]

Each of Fenix's cited cases is inapposite because the promises were part of the bargained for exchange. *See Walker v. KFC Corp.*, 728 F.2d 1215, 1219 (9th Cir. 1984) ("plaintiffs were providing the consideration that induced [defendant] to enter into the written agreements"); *SIC Metals, Inc. v. Hyundai Steel Co.*, No. SACV-18-00912, 2018 WL 6842958, at *7 (C.D. Cal. Nov. 14, 2018) ("purported promise to purchase steel from R-Techo stem from two bargained-for contracts supported by consideration"); *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1041 (N.D. Cal. 2012) (both of the "detrimental acts" were

[8] Fenix argues that the Court already rejected Plaintiffs' arguments about subsequent promises. But the integration clause in the TOS is explicit that it only "supersede[s] any and all prior oral or written understandings or agreements." Dkt. 60-1 at 21–22, ¶ 15(h). This is a subsequent promise that was not part of the contract.

"required performance under the contract"); *Boon Rawd Trading Int'l Co.*, 688 F. Supp. 2d at 953–54 (the promises "were bargained for and given in exchange for performance"); *see also Avidity Partners, LLC v. State of California*, 165 Cal. Rptr. 3d 299, 324 (Ct. App. 2013) (promissory estoppel cannot be based on promises that "were never made").

Last, Fenix argues Plaintiffs cannot show reasonable reliance because the "direct message" representation was contrary to the express provisions of the TOS. Dkt. 277 at 21. Putting aside that Fenix is arguing that it is acceptable to make false promises to its customers because there was a contract excluding such reliance, it does not identify what in the TOS is contrary to its promise about direct messaging. And Fenix's cited case is distinguishable. There, the plaintiff argued she relied on a promise "that she would have a 'right to an equity interest in projects she led,'" but that promise did not appear in the employment agreement she later signed. *Oster v. Caithness Corp.*, No. 16-CV-03164, 2017 WL 3727174, at *13 (N.D. Cal. Aug. 30, 2017). There, plaintiff could not show reasonable reliance because the employment agreement did not include that term and included an integration clause. *Id.* Here, Fenix does not identify anything that would make Plaintiffs' reliance unreasonable, particularly where the TOS was entered into before the promise was made.

**3. There is no prejudice to Defendants.**

Defendants have not identified any prejudice they will suffer if leave to amend is granted. "Undue prejudice exists where the proposed claims 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Poe v. Nw. Mut. Life Ins. Co.*, No. 21-CV-02065, 2023 WL 4155379, at *3 (C.D. Cal. Jan. 20, 2023) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). No Defendant has identified any such prejudice.

First, Content X hints that it will be prejudiced because the Court previously dismissed the non-California Plaintiffs' claims against Content X, citing the Court's

December 12, 2025 Order on the forum selection clause. Dkt. 287 at 1–2. Content X completely ignores that the Court later reversed, finding that the forum selection clause did not apply to the Agency Defendants and that the non-California Plaintiffs had successfully stated a VPPA claim against all Agency Defendants. Dkt. 251 at 27–28, 37.

Next, Fenix and Verge both argue they are prejudiced because they will have to file another motion to dismiss.[9] But the futility analysis resolves whether the claim is viable. Fenix's and Verge's responses fully addressed whether the amendments are futile. Dkts. 277 at 18–21; 279 at 9–11. There is no necessity for either party to file another motion to dismiss. Assuming the Court determines the amendments are not futile, Defendants cannot be prejudiced by their own choice to file a motion that is unlikely to succeed. Verge cites a single case, *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006), arguing that any additional litigation fees would constitute prejudice.[10] Dkt. 279 at

---

[9] In making this argument, Fenix claims it filed five motions to dismiss, while Verge cites four. Both include in that count the motions to dismiss they withdrew. Dkt. 277 at 14 (citing Dkts. 60, 62, 121, 225, 265); Dkt. 279 at 9 (citing Dkts. 64, 128, 229, 271); Dkt. 70 (stipulation withdrawing defendants' motions to dismiss filed on October 25, 2024 (Dkts. 62, 64–67)). Defendants ignore that Plaintiffs had agreed the Court should decide the forum issues first and had stipulated to holding in abeyance the first motions to dismiss, but the Court did not approve that stipulation until after Defendants filed their motions. Dkts. 56, 68.

[10] Verge also criticizes Plaintiffs' cases on prejudice, arguing they are distinguishable because "neither of those cases involved substantial motion practice." The "substantial motion practice" that Verge points to are: (1) a withdrawn motion to dismiss (Dkts. 64, 70); (2) two motions arguing that the OnlyFans' forum selection applies, which the Court rejected (Dkts. 128, 229, 251); and a fourth motion rearguing the forum selection clause applies and the VPPA claim should be dismissed, which were both previously rejected by the Court (Dkts. 251, 271). Verge does not explain how its decision to continue to file the same failed motions is the fault of Plaintiffs. As the parties are still in the pleadings stage, it is still early in the litigation and no prejudice can be found. *Poe v. Nw. Mut. Life*

9. But there, the district court denied a motion to amend after the defendant "filed a motion for judgment on the pleadings and for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b)" on a counterclaim that was granted. *AmerisourceBergen*, 465 F.3d at 949. In upholding the district court, the Ninth Circuit found "to advance different legal theories and require proof of different facts at this stage in the litigation would have prejudiced [defendant] and unfairly delayed [defendant's] collection of a judgment worth approximately $2.2 million." *Id.* at 953 (citation modified). This is not a case that has been litigated to judgment.

Last, Verge claims that the amendment will prejudice Verge because it improperly expands the litigation. Dkt. 279 at 9. But the addition of new plaintiffs does not change the underlying claims or facts, it simply adds support for an existing VPPA claim against all Agency Defendants. And the UCL claim—particularly the unlawful prong—requires proof of many of the same facts as the VPPA claim, facts that have always been alleged against Verge. Verge's cited cases are inapplicable as both requested amendments came late in the litigation. In *Juarez v. Jani-King of California, Inc.*, the plaintiffs sought to add two new plaintiffs after the close of two rounds of discovery and "on the eve of briefing on the merits." No. 09-CV-03495, 2019 WL 2548691, at *2, *5 (N.D. Cal. June 20, 2019). And in *Jackson v. Bank of Hawaii*, the court denied leave to amend to add new claims after discovery closed and after the defendant moved for summary judgment (which the court granted). 902 F.2d 1385, 1387–88 (9th Cir. 1990). Plaintiffs are not improperly expanding the litigation.

**4. There is no undue delay.**

Verge argues that there is undue delay, largely repeating the arguments on diligence. Dkt. 279 at 6–7. Delay alone is not a reason to deny a motion to amend.

---

*Ins. Co.*, No. 21-CV-02065, 2023 WL 4155379, at *3 (C.D. Cal. Jan. 20, 2023) ("courts have often held that no prejudice exists when a motion for leave to amend is brought at an early stage in the proceedings" (citation modified)).

*United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). And Plaintiffs have established that the Motion was timely, as it was necessitated by the Court's May 19 Order. The cases Verge cites on undue delay both involve amendments that came late in the litigation and where no reason was provided for the delay. *See Jackson*, 902 F.2d at 1388 (finding undue delay where amendment was sought after close of discovery, after summary judgment motion had been filed, and motion was brought nine months after plaintiff learned of facts requiring amendment); *Lockheed Martin Corp. v. Network Sols., Inc.*, 175 F.R.D. 640, 644 (C.D. Cal. 1997) (denying leave to amend to add claim where parties "conducted considerable discovery and [defendant] had moved for summary judgment as to all claims" and plaintiff did not attempt "to explain why it waited . . . to add its new cause of action").[11]

Fenix merely argues that Plaintiffs should have known of the facts prompting the amendments, so there is delay, citing back to its diligence arguments. Dkt. 277 at 13. But Fenix does not explain how Plaintiffs should have known of the facts to seek leave to amend back in the promissory estoppel claim before the Court's May 19 Order. The cases Fenix cites also involve requests to amend that occurred late in the litigation. *See Optivus Tech., Inc. v. Ion Beam Applications S.A.*, No. CV 03-2052, 2004 WL 5543277, at *4–5 (C.D. Cal. Dec. 29, 2004) (finding undue delay where amendment was sought after the "discovery cut-off date and the motion cut-off date," two months after they learned of the facts supporting amendment); *Ward v. Crow Vote LLC*, No. 21-CV-01110, 2022 WL 17882162, at *1, *3 (C.D. Cal. Oct. 11, 2022) (finding undue delay where plaintiff waited until after the defendant

[11] Elite Creators does not make any separate arguments about undue delay, instead citing a single case. Dkt. 278 at 5. Like the cases cited by Verge, the request to add new claims in that case came late in the litigation and no reason for the delay was provided. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (plaintiffs waited until the original trial date was vacated to amend, after significant discovery, and at least six months after they became aware of the new claims).

filed a motion for summary judgment, more than a year after they were aware of facts supporting the new claim and damages model). There is no undue delay here.

**C. Plaintiffs' request to amend back in the promissory estoppel claim is proper.**

Fenix argues that the Motion is improper. In making this argument, Fenix first takes issue with Plaintiffs' characterization of the Court's May 19 Order, arguing "where, as here, '[t]he Court dismissed the claim without leave to amend and stated that any amendment of this claim 'would be futile'… dismissal without leave to amend is the same as dismissal with prejudice as to the claims and facts alleged.'" Dkt. 277 at 15 (quoting *Mahon v. Ent. One US LP*, 2022 WL 22931982, at *3 n.9 (N.D. Cal. July 5, 2022)). But there was no finding of futility as to the promissory estoppel claim, instead the Court dismissed it for the same reasons as the breach of contract claim and because Plaintiffs did not address Fenix's argument. Dkt. 251 at 29 n.7. As noted in Section II.B.2.b, *supra*, Plaintiffs have shown why the promissory estoppel claim is distinct and actionable.

Fenix also argues that it is improper to add back in a claim without seeking leave to amend, but that is precisely what Plaintiffs have done. Plaintiffs do not dispute that if the Court had explicitly dismissed the claim with prejudice or denied leave to amend, Fenix might have an argument. But the Court summarized its holding as follows: "Accordingly, the court DENIES LEAVE TO AMEND the claims for breach of contract regarding direct messaging representation and breach of contract regarding third-party beneficiary of Creator TOU."[12] Dkt. 251 at 38. At worst, the Court's May 19 Order is unclear, and Plaintiffs are seeking clarity. As Plaintiffs stated in their Motion, Plaintiffs seek leave to amend because the Court's

[12] The Court also stated that it would be futile to amend the direct messaging claim "because Plaintiffs have failed to adequately allege this claim twice and did not adequately address the deficiencies identified." Dkt. 251 at 37. But Plaintiffs only alleged the promissory estoppel claim once, in the Second Amended Complaint. Dkt. 218.

May 19 Order did not specifically dismiss the promissory estoppel claim with prejudice and the failure to address Fenix's arguments is curable. Dkt. 268 at 12–13. And as Fenix acknowledges, a promissory estoppel claim is distinct from a contract claim. Dkt. 277 at 20–21. It is not improper for Plaintiffs to seek leave to add back in their promissory estoppel claim.[13]

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to Amend their Fourth Amended Class Action Complaint.

DATED: September 29, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ *Robert B. Carey*

Robert B. Carey (*pro hac vice)*
Leonard W. Aragon (*pro hac vice*)
Michella A. Kras (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonarda@hbsslaw.com
michellak@hbsslaw.com

[13] Fenix cites multiple cases that find a court *may* decide not to address arguments that could have been made previously. Dkt. 277 at 16–17. But all that means is such a decision is left to the discretion of the trial court. It does not mean that the Court is barred from considering them here.

Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: christopherp@hbsslaw.com

Andrea R. Gold (*pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com

Keith T. Vernon (*pro hac vice*)
WOLPERT VERNON & GORDON, LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (202) 349-9864
Email: kvernon@wvgllp.com

Andrew W. Knox (*pro hac vice*)
WOLPERT VERNON & GORDON, LLP
5 Walnut Grove Drive, Suite 130
Horsham, PA 19044
Phone: (215) 540-2643
Email: aknox@wvgllp.com

Andrew C. Stone (*pro hac vice*)
Seth T. Goertz (*pro hac vice*)
DORSEY & WHITNEY LLP
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 735-2691
Facsimile: (602) 926-2471
Email: stone.andy@dorsey.com
goertz.seth@dorsey.com

Jonathan Shub (SBN 237708)
SHUB JOHNS & HOLBROOK LLP
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Phone: (610) 477-8380
Email: jshub@shublawyers.com

*Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6,995 words, which complies with the word limit of L.R. 11-6.1. The undersigned also certifies that all citations were checked and accurately reflect the propositions put forth, which complies with this Court's Order entered on December 12, 2025 (Dkt. 207).

Dated: September 29, 2026

HAGENS BERMAN SOBOL SHAPIRO LLP
*/s/ Robert B. Carey*
Robert B. Carey